**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONALD J. TRUMP FOR | ) | Civil Action |
| PRESIDENT, INC.; *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No.: 2-20-CV-966 |
| v. | ) | |
| | ) | |
| KATHY BOOCKVAR; *et al.,* | ) | |
| | ) | |
| Defendants. | ) | Judge J. Nicholas Ranjan |

**DEFENDANT CRAWFORD COUNTY BOARD OF ELECTIONS' RESPONSE
IN OPPOSITION TO PLAINTIFFS' MOTION FOR
<u>A SPEEDY DECLARATORY JUDGMENT HEARING AND EXPEDITED DISCOVERY</u>**

Defendant Crawford County Board of Elections ("Crawford County"), by and through its undersigned counsel, files this response to Plaintiffs' Motion for a Speedy Declaratory Judgment Hearing and expedited Discovery (the "Motion"). Importantly, Crawford County does not take the position that a speedy resolution of this matter is unwarranted. In fact, Crawford County believes that it is critical that the Court bring this matter to a final resolution sufficiently in advance of the November 3, 2020 election so that Crawford County is able to ensure a fair and free process. Nonetheless, the specific relief sought in Plaintiffs' Motion is untenable. First, the respective Plaintiffs' standing to assert any or all of the claims raised in the Complaint filed in this matter are questionable. Crawford County anticipates that one or more of the Defendants will challenge certain Plaintiffs' standing in this matter. Without standing to assert a claim against Crawford County, this Court cannot entertain Plaintiffs' requests for expedited discovery.

Second, Federal Rule of Civil Procedure 12(a) requires that the Court give a defendant no less than 21 days to respond to the Complaint, depending on the method of service of the summons. Crawford County is entitled to an opportunity to engage counsel to represent it in this matter and develop a strategy to respond to the claims. Third, Plaintiffs have not sufficiently specified the contents of their requests such that they are reasonably tailored for expedited discovery. Further, Crawford County is entitled to a reasonable amount of time to review potentially responsive documents for privileged or confidential information. Crawford County may be subject to various standards and federal laws which require it to protect the identity of individuals. Also, much of the information sought by Plaintiffs from each County is currently being compiled and submitted to the Pennsylvania Department of State (the "Department"). By law, the Department is to compile a report and release it publicly at a date certain in the first week of August. Crawford County should not be forced to expend resources lodging objections to written discovery and negotiating with Plaintiffs regarding information that will soon enough be publicly available.

Rather than grant the Plaintiffs' Motion, which demands discovery unlimited in scope on a truncated timeline that only works to the detriment of Defendants, Crawford County suggests that this Court set a scheduling conference to address any preliminary issues and discuss a plan for limited expedited discovery, provided that all defendants have been served with process.

A. **Jurisdictional issues preclude this Court from engaging in expedited discovery.**

Before the Court can proceed to expedited discovery, it must address a basic jurisdictional issue. "If a plaintiff lacks standing, the court lacks judicial power to entertain the claim presented." *Gariano v. CSC Insurance Co*., 845 F. Supp. 1074, 1077 (D.N.J. 1994). As stated in Paragraph 4 of the Complaint: "The right to vote includes not just the right to cast a ballot, but also the right to have it fairly counted if it is validly cast. An individual's right to vote

is infringed if his or her vote is cancelled by a fraudulent vote or diluted by a single person voting multiple times." Complaint, ¶ 4.

Standing is claim-specific. Plaintiffs here bring several claims solely under federal and state constitutional provisions, namely, the First and Fourteenth Amendments to the United States' Constitution, and the Equal Protection and the Free and Fair Election Clauses under the Pennsylvania Constitution. In essence, Plaintiffs allege that various counties applied different policies regarding voting by mail-in ballot and also prevented poll watchers from serving as poll watchers outside of their county of residence and prevented poll watchers from participating in the canvassing of mail-in ballots. Plaintiff Donald J. Trump for President, Inc. is the principal committee for the reelection campaign of Donald J. Trump, and the Republican National Committee is the political committee that leads the Republican Party (together, the "Organizational Plaintiffs"). Complaint, ¶¶ 8, 13. The Complaint also names as Plaintiffs several individuals, candidates for various elected offices and potential poll watchers, each of whom is a qualified elector in the state of Pennsylvania. Complaint, ¶¶ 9, 10, 11, 12, 14, 15. Plaintiffs Glen Thompson, Mike Kelly, John Joyce, Guy Reschenthaler, Melanie Stringhill Patterson, Clayton David Show, (together, the "Individual Plaintiffs") reside in Centre, Butler, Blair, Washington and Fayette counties. *Id.*

The Complaint brings all claims on behalf of all Plaintiffs against all Defendants. There are several issues regarding each Plaintiff's standing to bring claims against each Defendant:

- A political campaign or candidate does not have standing under the First or Fourteenth Amendments with respect to equal access to the right to vote and only has standing to challenge conduct which prevents the candidate from appearing on the ballot. *See Pierce v. Allegheny Cnty. Bd. of Elections*, 324 F. Supp. 2d 684 (W.D. Pa. 2003).

- A national political committee likewise does not have standing under the First or Fourteenth Amendments with respect to equal access to the right to vote. *Erfer v. Commonwealth*, 794 A.2d 325, 330 (Pa. 2002), *abrogated on other grounds*, *League of Women Voters v. Commonwealth*, 178 A.3d 737 (Pa. 2018).

Moreover, there is no support for the notion that an elector has standing to seek an injunction against a county board of elections in which the elector does not reside. The argument under the First and Fourteenth Amendments is that the government entity acts against the individual to dilute the voter's voting power and disparately treats the voter with respect to the voter's rights. Only the county in which the voter resided had jurisdiction over the voter's ballot. *Cf. Pierce v. Allegheny Cnty. Bd. of Elections*, 324 F.Supp.2d 684 W.D. Pa. 2003) (plaintiff's injury traceable to board of election's inconsistent application of policy in county where plaintiffs were voters). Other counties' policies do not apply to Plaintiffs who do not reside or vote there; rather, it is the Plaintiff's home county that applies a similar policy inconsistently and the state which accepts and certifies the statewide elections that allegedly dilutes Plaintiff's vote. *Id.* ("A *state* must impose uniform statewide standards in each county in order to protect the legality of a citizen's vote") (emphasis added).

That Plaintiffs do not have standing to challenge inconsistencies regarding counties in which they are not electors is demonstrated by the notion that their claims are based solely on their rights with respect to statewide application of the Election Code. There is no harm to the right to vote or violation of the Equal Protection clause when different counties implement different policies with respect to strictly local elections. *Id.* at 699. Notably, the Individual Plaintiffs seek to regulate each county's elections regardless of whether they are strictly local or

statewide. Individual Plaintiffs are not aggrieved by other counties' conduct with respect to local elections in which the Individual Plaintiffs' cannot vote.

Here, Plaintiffs seek to require the state and 67 different county boards of elections to produce records generally regarding claims of voter fraud. Individual Plaintiffs make no specific allegations that the counties in which they are electors (Blair, Washington, Butler, Fayette, or Center) violated the Election Code or diluted the power of their votes.

If any Plaintiff lacks standing, this Court lacks authority to order expedited discovery on Plaintiffs' behalf. *Cf. Stein v. Boockvar*, 2020 WL 2063470, *3 (E.D. Pa. Apr. 29, 2020) (noting that court dismissed plaintiff's first complaint and motion for preliminary injunction because of "threshold defects" including plaintiff's lack of standing). Thus, the Court should allow Defendants an opportunity to fully develop these issues in an initial response to the Complaint via Rule 12(b)(2).

**B. The Federal Rules of Civil Procedure do not authorize the Court to shorten Crawford County's time to file a responsive pleading to the Complaint in the manner sought by Plaintiffs.**

This Court should deny Plaintiff's request to require that County file an answer to the Complaint within 14 days of service of the summons. While rule 26(d) may allow a court to order discovery prior to the Rule 26(f) conference, Rule 12(a) does not give such discretion to modify the time to file a responsive pleading. Under Rule 12(a), a defendant is afforded 21 days to answer a complaint if served by summons and 60 days if the defendant accepts service. That rule is set "unless another time is specified by this rule or a federal statute." Here, Plaintiff seeks an order requiring Crawford County to file an answer with in fourteen days of service of the summons and complaint. Defendants are entitled by Rule of Court to at least 21 days.

Further, Plaintiffs' blind conclusion that granting their request for expedited discovery will not cause any prejudice is without merit. Granting the specific relief requested by Plaintiffs

will indeed cause significant prejudice and hardship to Crawford County.  Crawford County will be prejudiced in that Plaintiffs seek to limit the time under Fed. R. Civ. P. 12(a) that Crawford County has to acquire counsel, gather information, and develop defenses before filing a responsive pleading. Plaintiffs have had time to prepare their strategy and approach to this litigation, having initiated this action when they were ready, and it is a basic tenet of this Court that Defendants be afforded with the same opportunity.

### C.  Plaintiffs have not sufficiently identified and limited their requests for expedited discovery.

Notably, Plaintiffs have failed to attach copies of or provide the contents of the specific requests they intend to issue to Crawford County. Instead, they have identified 11 broad categories of information they intend to seek.  This is far from a limited approach. While Plaintiffs cite several cases which refer to the Court's general discretion to engage in expedited discovery once a plaintiff has shown "good cause" to engage in such, they fail to acknowledge that when the Court does exercise its discretion, it must implement protections for the party against whom discovery is sought. *Temple v. Novo Nordisk, Inc.*, 2016 WL 5691881, 2016 U.S. Dist. LEXIS 136719 (W.D. Pa. Oct. 3, 2016) (while court granted expedited discovery, it required the parties to meet and confer to determine the scope of expedited discovery); *Malibu Media LLC v. Doe*, 2015 U.S. Dist. LEXIS 78912, 2015 WL 3795948 (M.D. Pa. June 18, 2015) (citing other districts who have expressed concerns about the "unavoidable *ex parte* nature" of a request for expedited discovery and thus incorporating protective limitations such that plaintiff could only serve a subpoena limited to the issue of identifying the user of the assigned IP address).

Plaintiffs cannot and should not be permitted to engage in unrestricted discovery on an expedited basis. *Philadelphia Newspapers, Inc. v. Gannett Satellite*, 1998 WL 404820 (E.D. Pa.

July 15, 1998)  ("Without reasonable boundaries, the court will not order time-consuming discovery before the period prescribed in Rule 26(d)"). Further, a "broadside not reasonably tailored to the time constraints under which both parties must proceed or the specific issues that will be determined at the [expedited] hearing" should be denied. *Id.* (quoting *Irish Lesbian & Gay Org. v. Giuliana*, 918 F. Supp. 728, 730-31 (S.D.N.Y. 1996). Plaintiffs have only identified general topics for discovery arguably related to their claims. Plaintiffs ask the Court to give them free reign to cover these topics and then require Crawford County to respond within a truncated timeline. Citing general topics for discovery, however, does not provide any limitations on the scope—the number of written requests, whether Plaintiffs will want to depose every employee or individual with information related to those topics, whether Plaintiffs want all documents referring to certain individuals or topics, the period of time to be covered, and the like. If Plaintiffs' requests were truly limited, Plaintiffs would have provided the specific language of the requests for information for at least some of the intended discovery to the Court to offer some assurance of protection for the Defendants.

**D. Requiring Crawford County to identify and produce unspecified amounts of documents in a short period of time will cause undue hardship.**

     The Motion indicates that Plaintiff intends to seek both written responses and production of all non-privileged documents. Plaintiffs have indicated that they intend to seek discovery "related to" multiple topics, some without temporal limitations, without indicating whether they only seek information or also documents "relating to" those topics. Producing this information could require extensive searching and manpower. Additionally, fourteen days is not a significant amount of time to even ascertain the universe of documents that might be responsive to a request and then review sample documents for potential privilege, including the attorney-client privilege or withhold documents based on an ongoing criminal investigation, or redact information subject

to a privacy statute such as the Criminal History Records Information Act, 18 Pa. C.S.A. § 9125 *et seq.* ("CHRIA"), or the Driver Privacy Protection Act, 18 U.S.C. § 2721 *et seq.*, ("DPPA"). Crawford County may need additional time to consult with federal and state agencies such as the Pennsylvania Department of Transportation ("PENNDOT") regarding Crawford County's obligations to protect individual voter and driver records.

### E. Requiring Crawford County to produce information that the Pennsylvania Department of State is required by law to make publicly available in the beginning of August is unreasonable and unnecessary.

Moreover, much of what Plaintiff seeks through "expedited discovery" will be publicly available on or before August 2, 2020 pursuant to 71 P.S. § 279.6, titled "Report on implementation of 2020 general primary election." Under subsection (c), Crawford County has until July 17, 2020 to compile and submit information to the Department.  The Department is then required to compile the information, issue a report to the Pennsylvania Senate State Government Committee, and make the report publicly available on the Department's website. The Department must issue the report within 60 days of the primary election, or August 2, 2020. 71 P.S. §279.6.

To require Crawford County to review, object, and respond to detailed written requests from Plaintiffs before the Department makes this information publicly available as required by law is an unnecessary expense and thus a hardship. A party responding to discovery is typically not required to put that information in a format suitable to the requesting party where the information is otherwise already accessible. To require Crawford County to draft written responses to requests, which Crawford County will need to do to preserve any objections to Plaintiffs yet-to-be-disclosed requests, just to have the information released publicly, is a waste of Crawford County's time and judicial resources. Additionally, requiring the relief sought will

cause undue hardship in that it will divert the County Defendants and the Department's

manpower resources from its obligations to the public under 71 P.S. §279.6.

**F.  The requests in Plaintiffs' Motion should be denied.**

      For the reasons set forth in this Response, Crawford County requests that this Court deny

Plaintiffs' Motion for Speedy Declaratory Judgment Hearing and Expedited Discovery. In the

alternative, Crawford County respectfully requests that this Court set a conference with all

parties and the Court to discuss a swift but reasonable timeline to address the issues in this

matter.

                                  Respectfully submitted,


                                  By: /s/ Keith A. Button, Esq.
                                  Keith A. Button, Esq.
                                  Pa. ID #78258
                                  SHAFER LAW FIRM, PC
                                  890 Market St.
                                  Meadville, PA 16335
                                  814-724-4540 (Phone)
                                  814-724-4545 (Fax)
                                  kbutton@shaferlaw.com
                                  Attorney for Respondent
                                  Crawford County Board of Elections


Date: July 13, 2020

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, July 13, 2020, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system or by first-class mail, as indicated below:

*Service on all parties by Electronic Filing System*

Respectfully submitted,

By: <u>/s/ Keith A. Button, Esq.</u>
Keith A. Button, Esq.
Pa. ID #78258
SHAFER LAW FIRM, PC
890 Market St.
Meadville, PA 16335
814-724-4540
kbutton@shaferlaw.com
Attorney for Respondent
Crawford County Board of Elections

Date: July 13, 2020