**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC.; *et al.*, | ) | Civil Action |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.: 2-20-CV-966-NR |
| | ) | |
| KATHY BOOCKVAR; *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | Judge J. Nicholas Ranjan |

**SECRETARY OF THE COMMONWEALTH KATHY BOOCKVAR'S RESPONSE TO PLAINTIFFS' MOTION FOR A SPEEDY DECLARATORY JUDGMENT HEARING AND EXPEDITED DISCOVERY**

The Commonwealth of Pennsylvania has a long and proud history of conducting fair and free elections.  Pennsylvania law establishes the opportunity for citizens to exercise their constitutional right to vote in-person, by mail, by accessible means for citizens with disabilities, or absentee (including military and overseas voters).  Even during the unprecedented challenges of a worldwide pandemic, the Commonwealth has continued to assure its citizens the right to exercise that right to vote in free and fair primary elections.  The Commonwealth is presently working hard to guarantee that free and fair, secure and accessible elections will occur in November 2020 as well.

In their Complaint, Plaintiffs seek declaratory relief concerning various election practices related to the November 2020 General Election.  Although the parties disagree on the viability of the claims, just like Plaintiffs, Secretary of the Commonwealth Kathy Boockvar looks forward to resolving this lawsuit expeditiously and in advance of the November election.  But that does not mean, as Plaintiffs argue, that the proverbial cart should be put in front of the horse or other

extraordinary procedures be put in place to the detriment of the government Defendants.  Instead of Plaintiffs' proposal,  Secretary Boockvar proposes that motions to dismiss be filed and briefed sooner than required by the Rules; and, the Court and parties can address and tailor scheduling and discovery, if necessary, thereafter, leading to summary judgment or a "summary hearing" as provided by Rule 57.  Plaintiffs' motion seeks the Court to order out-of-the-the-ordinary expedited procedures, including rushed discovery, before the pleadings are closed, and before Secretary Boockvar and the other 67 Defendants have the opportunity to challenge the legal sufficiency of the complaint.  Notwithstanding the pending election, there is still ample time to hear any threshold motions, including any motions to transfer venue under 28 U.S.C. § 1404; to brief motions to dismiss that stand to eliminate, clarify, or narrow Plaintiffs' claims; and to then conduct focused discovery and hold a hearing to adjudicate any issues that may remain after Rule 56 motions are resolved.  As the General Election is still almost four months away, and in accordance with Pennsylvania law, Defendants have not even finalized plans for that election.  In the absence of such final plans and procedures, Plaintiffs do not face either a certain or imminent harm demanding expedited consideration of their claims as Plaintiffs propose.

Against that background, Plaintiffs' motion should be denied.  *First,* Plaintiffs' request for a "speedy hearing" is premature.  In fact, Plaintiffs do not seek a specific speedy hearing date, but an expedited schedule and a host of expedited discovery.  Secretary Boockvar submits that it would be more efficient to set a shortened briefing schedule on motions to dismiss, and, after resolution of those motions, the parties can confer and the Court can tailor an appropriate schedule for what, if anything, remains.  Even Plaintiffs "recognize that the current length of time until the upcoming 2020 General Election counsels against the filing of a preliminary injunction motion if other means of case expedition will lead to the necessary relief in a timely manner."  (ECF No. 6, ¶ 9 n.3.)

Here, resolving any motions to dismiss will not prevent the case from being adjudicated in a timely fashion, but rather, will serve to streamline and narrow the issues so this dispute can be resolved in time for the November election.  *Second,* Plaintiffs' request to serve broad discovery on an expedited timeline—the crux of Plaintiffs' motion—is especially inappropriate.  Burdensome discovery before the viability of Plaintiffs' claims is tested is counterproductive here and inefficient, especially when motions to dismiss can be briefed and decided on a shortened schedule. These concerns are particularly evident here.  Defendants are currently operating at full capacity to prepare for the November General Election, and ordering expedited discovery as Plaintiffs propose would unnecessarily divert critical pre-Election resources, which are vital to safeguarding the Election's integrity.  At this very moment, the County Boards of Elections are working diligently to submit the data necessary to complete the Secretary's report on the implementation of the Primary Election, as required by 71 P.S. § 279.6.  That report, set to be published on August 1, will not only provide some of the critical information necessary to administer a fair election, but will have the added benefit of addressing a number of Plaintiffs' discovery requests.  Plaintiffs' efforts will interfere with the important work of election administration before they have made out their prima facie case and are counterproductive.

In the end, Plaintiffs' motion for a speedy hearing and expedited discovery should be denied.  Instead, Secretary Boockvar respectfully submits that the Court should issue a compressed briefing schedule on motions to dismiss and then set a schedule to resolve any remaining claims once the motions are decided.

## **ARGUMENT**

In their motion, Plaintiffs seek a "speedy hearing" and "expedited discovery."  Both requests should be denied.  Plaintiffs admit it would not be appropriate to seek preliminary injunctive relief at this time and do not propose other specifics in support of a "speedy hearing."

The Court should enter a briefing schedule on motions to dismiss and then set a schedule leading to resolution of any issues that may remain after resolution of those motions.  The crux of Plaintiffs' motion is their request to seek expedited discovery before the viability of their claims are tested or other case-focusing procedures are followed.  But that is plainly improper where, as here, Plaintiffs' claims will likely be subject to dismissal.  For example, Plaintiffs' claims regarding poll watchers were already rejected in another litigation and their other claims will fail as well, including but not limited to the fact that they challenge voting practices for the November 2020 General Election that have not even been finalized yet under Pennsylvania law.  Indeed, Plaintiffs' demands are particularly inappropriate and unnecessary here, where motions to dismiss can be briefed on a compressed schedule (as set forth below), which stands to focus this case in a timely manner.

I.      **Plaintiffs' Motion for a Speedy Hearing Is Neither Appropriate Nor Necessary.**

As a threshold matter, Plaintiffs' motion for a speedy hearing is a calculated attempt to circumvent the more stringent preliminary injunction standard—which would require Plaintiffs to demonstrate, among other things, a substantial likelihood of success on the merits.  *See Associated Elec. & Gas Ins. Servs., Ltd. v. Rigas*, 382 F. Supp. 2d 685, 692 (E.D. Pa. 2004) (noting there is a "higher standard for a preliminary injunction" than a declaratory judgment).  As explained below—and as Secretary Boockvar is prepared to demonstrate in a motion to dismiss under Rule 12—Plaintiffs cannot make that showing.  Plaintiffs explicitly recognized that a preliminary injunction would be inappropriate because there is enough time for this Court to decide this case without one.  (ECF No. 6, ¶ 9 n.3 ("Plaintiffs recognize that the current length of time until the upcoming 2020 General Election counsels against the filing of a preliminary injunction motion. . . .").)  Plaintiffs' Rule 57 motion merely attempts to end run the obvious flaws in the merits of

their claims as well as the lack of imminent harm here by pursuing a preliminary injunction schedule without actually seeking such an injunction.

Moreover, the filing of a declaratory judgment action should not upend normal processes or overrun Secretary Boockvar's right to file a motion to dismiss.  Simply put, a speedy hearing motion is neither a mechanism to avoid this Court's scrutiny of Plaintiffs' claims nor Plaintiffs' burden to plead facts that plausibly show that they are entitled to the relief they seek.  Indeed, a speedy hearing motion is premature where a responsive pleading has not yet been filed.  *See, e.g.*, *Drinan v. Nixon*, 364 F. Supp. 853, 854 (D. Mass. 1973) ("Implicit in [Rule 57], however, is the assumption that prior to such order for a speedy hearing, the matter in issue will have been joined by the filing of a responsive pleading."); *Perry v. Correct Care Sol'ns*, LLC, No. 1:17CV586 (LO/IDD), 2017 WL 11519168, at *3 (E.D. Va. June 2, 2017) ("Plaintiff's request for expedited review under Federal Rule of Civil Procedure 57 must also be denied as premature. . . . Implicit in Rule 57 . . . is the assumption that prior to any such order, the matter in issue will have been joined by the filing of a responsive pleading." (internal quotation marks omitted)).  Determination of Secretary Boockvar's motion to dismiss will give this Court the opportunity to assess what legal issues remain, if any, and what discovery is necessary regarding those remaining claims, if any.  Put differently, a prompt ruling by the Court on the motions to dismiss will efficiently accomplish what Plaintiffs claim they seek:  a way to "streamline and narrow issues for discovery and trial" (ECF No. 6, ¶ 12 (internal quotation marks omitted) and "conserve judicial resources" (*id*. ¶ 9 n.3).

## II.     Plaintiffs' Request for Expedited Discovery Should Be Denied.

Plaintiffs' motion is an attempt to seek expedited discovery before their claims are tested by motions to dismiss and to substantially expedite ordinary litigation processes when the Defendants are working very hard to prepare for the very elections about which Plaintiffs express concern.  It would not be fair or orderly to permit broad discovery before the claims are tested,

especially when Defendants are willing to brief the matter on a schedule shorter than called for by the Rules and before final plans and procedures for the general election are in place. Plaintiffs' requests are also needlessly hasty as a factual matter. Pursuant to 71 P.S. § 279.6, Secretary Boockvar will issue a report on August 1 regarding the Primary Election that will include detailed statistics about mail-in and absentee voting and will provide information that several of Plaintiffs' discovery requests seek.

Discovery is not appropriate until the viability of the asserted claims is resolved in this matter. At that point, the parties should confer on what discovery, if any, needs to be taken and what discovery needs to be expedited. Deferring discovery until a motion to dismiss has been decided is particularly appropriate here because Plaintiffs' claims face serious challenges, including, for example, whether they seek an impermissible advisory opinion from this Court. The crux of Plaintiffs' Complaint is that Defendants' *prior* administration of Pennsylvania's June 2020 primary elections was improper and so their *future* administration of the law in the General Election *may* likewise be unconstitutional.[1] The Commonwealth properly administered the Primary Election. Plaintiffs' alleged controversy is, at best, speculative. For the next several months and with the experience of the June Primary, Secretary Boockvar and the other Defendants are presently at work planning for the November General Election—all in accordance with the provisions and deadlines afforded by Pennsylvania law.

In addition, the purported claim of imminent harm is undermined by the nature of Plaintiffs' allegations. For example, Plaintiffs spill a lot of ink in their Complaint describing

---

[1] To the extent Plaintiffs are seeking redress for past harms that occurred during the June Primary Election, that issue cannot be resolved by a declaratory judgment action. As this Circuit has made clear, "[d]eclaratory judgments are inappropriate solely to adjudicate past conduct." *Corliss v. O'Brien,* 200 Fed. App'x 80, 84 (3d Cir. 2006).

perceived flaws and violations with regard to the June Primary Election, but notably do not allege any actual harm they suffered from that Primary, nor do their claims even concern that Primary.  Instead, Plaintiffs' claims appear to be premised on the General Election, which remains almost four months away and for which Defendants are still finalizing rules and procedures, including polling locations.  Indeed, by Plaintiffs' own allegations, the Election Code does not require the County Boards of Elections to provide public notice of the location of polling places until 20 days before an election is to be held—still more than three months from now.  (*See* ECF No. 4, ¶ 192 (citing Election Code Section 526(a) & (c), 25 P.S. § 2726(a) & (c)).)  Plaintiffs have even less urgency with respect to the Commonwealth's laws on poll watchers—as Plaintiffs allege, the residency requirement for poll watchers has been in place since 2004.  (*See* ECF No. 4, ¶ 118.) That is, the law has operated for *16* years, and was in fact the subject of an unsuccessful challenge before the last Presidential Election.  *See Republican Party of Pa. v. Cortes*, 218 F. Supp. 3d 396 (E.D. Pa. 2016).  Thus, as Plaintiffs' own allegations demonstrate, there is no need for a speedy hearing before potentially dispositive legal issues are resolved.

**III.    The Availability of Expedited Briefing Obviates the Need for a Speedy Hearing.**

Finally, as a practical matter, there is no reason to order an expedited trial before Defendants have filed motions to dismiss.  Rather than granting Plaintiffs' motion for a speedy trial, the Court can instead set a compressed briefing schedule for motions to dismiss and render a decision on such motions in sufficient time to allow for a hearing, if necessary, before the November 3 General Election.  As previously discussed, motions to dismiss could end this litigation or, if not, will likely narrow the issues in dispute and thus the breadth of any necessary factual inquiries.  Thereafter, if any of Plaintiffs' claims survive, discovery on those claims could proceed expeditiously and in a manner properly focused on any well-pled claims and viable issues that remain.  To that end, Secretary Boockvar proposes Defendants be required to file any motions

to dismiss on July 24—more than six weeks in advance of the September 8 deadline under the rules—with oppositions filed by August 6, any replies filed by August 12, and a hearing held some time during the week of August 24 so that any remaining issues can be decided in advance of the General Election.

## CONCLUSION

Defendants have a vested interest in conducting a free, fair, and orderly General Election in November and in maintaining public confidence in the Commonwealth's election procedures, and therefore share in the desire to efficiently resolve Plaintiffs' claims.   Plaintiffs' motion for a speedy hearing is procedurally improper, and Plaintiffs have not presented any facts to support their contention that either expedited discovery or an expedited hearing is necessary or appropriate here.   Accordingly, Secretary Boockvar respectfully requests that this Court deny Plaintiffs' Motion for a Speedy Hearing and Expedited Discovery.


Dated: July 13, 2020                            Respectfully submitted,

PENNSYLVANIA OFFICE OF                PENNSYLVANIA DEPARTMENT OF STATE
ATTORNEY GENERAL                        OFFICE OF CHIEF COUNSEL

By:   */s/ Karen M. Romano*              By:   */s/ Timothy E. Gates*
      Karen M. Romano                          Timothy E. Gates
      Kelli M. Neary                           Kathleen M. Kotula
      Howard G. Hopkirk                        306 North Office Building
      Nicole Boland                            Harrisburg, PA 1712-
      Stephen Moniak                           (717) 783-0736 (telephone)
      15th Floor, Strawberry Square            (717) 214-9899 (facsimile)
      Harrisburg, PA 17120                     tgates@pa.gov
      (717) 787-2727 (telephone)               kkotula@pa.gov
      (717) 772-4526 (facsimile)
      kromano@attorneygeneral.gov
      kneary@attorneygeneral.gov              */s/ Kenneth L. Joel*
      hhopkirk@attorneygeneral.gov            Kenneth L. Joel
      nboland@attorneygeneral.gov             M. Abbegael Giunta
      smoniak@attorneygeneral.gov             Governor's Office of General Counsel
                                              333 Market Street, 17th Floor
                                              Harrisburg, PA 17101
                                              (717) 787-9348 (telephone)
                                              (717) 787-1788 (facsimile)
                                              kennjoel@pa.gov
                                              magiunta@pa.gov


                                        *Counsel for Kathy Boockvar*
                                        *Secretary of the Commonwealth of Pennsylvania*

## CERTIFICATE OF SERVICE

I, Kenneth L. Joel, certify that on July 13, 2020, I served the foregoing Entry of Appearance by Notice of Docket Activity sent automatically by CM/ECF on all counsel who are registered as CM/ECF filing users who have consented to accepting electronic service through CM/ECF.

Date:  July 13, 2020                                      /s/ *Kenneth L. Joel*_____
                                                                    **Kenneth L. Joel**
                                                                    Deputy General Counsel
                                                                    Attorney ID No. 72370