**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC.; GLENN THOMPSON; MIKE KELLY; JOHN JOYCE; GUY RESCHENTHALER; REPUBLICAN NATIONAL COMMITTEE; MELANIE STRINGHILL PATTERSON; and CLAYTON DAVID SHOW, | Civil Action No. 2:20-CV-966 |
| | Honorable Judge J. Nicholas Ranjan |
| Plaintiffs, | |
| | *Filed Electronically* |
| v. | |
| KATHY BOOCKVAR, in her capacity as Secretary of the Commonwealth of Pennsylvania; WASHINGTON COUNTY BOARD OF ELECTIONS; *et al.*, | |
| Defendants. | |

**DEFENDANT WASHINGTON COUNTY BOARD OF ELECTIONS'**
**RESPONSE TO PLAINTIFFS' MOTION FOR A**
**SPEEDY DECLARATORY JUDGMENT HEARING AND EXPEDITED DISCOVERY**

AND NOW, comes the Defendant, Washington County Board of Elections, by and through its attorneys, Robert J. Grimm, Esquire and the law firm of Swartz Campbell, LLC, and files the within Response to Plaintiffs' Motion for a Speedy Declaratory Judgment Hearing and Expedited Discovery, setting forth and averring in support thereof the following:

**Introduction**

The Plaintiffs have filed a Motion for a Speedy Declaratory Judgment Hearing and Expedited Discovery.  The Plaintiffs' Motion was filed on July 1, 2020, within days of their filing a voluminous, multi-count Complaint against the Pennsylvania Secretary of State and the Boards of Elections of all 67 counties, including the Board of Elections of Washington County

1

(hereinafter, "Washington County").   As authorized by the Court's July 2, 2020 Order, Washington County now files the within response.

### A Speedy Declaratory Judgment Hearing/Deadline For Responsive Pleadings

Washington County acknowledges that the Plaintiffs' request for a speedy hearing and resolution of their declaratory judgment claims is motivated by the admittedly fast-approaching General Election.   Washington County shares in the emerging consensus that the Plaintiffs' claims should be resolved in advance of the General Election such that all of the Defendants can focus on preserving and promoting the franchise, while ensuring the security and integrity of election processes.   Washington County, however, opposes the Plaintiffs' request that the Court order it to "answer, move, or otherwise respond to the Complaint within fourteen (14) days of service of Plaintiffs' Complaint."   **See Proposed Order, at ¶ 3 (ECF 6-1).**   As elaborated upon below, Washington County likewise opposes the Plaintiffs' request for expedited discovery, especially on a timeline that would curtail if not entirely undermine its ability to mount an initial challenge to the legal viability of the Plaintiffs' claims.

The Plaintiffs' Complaint spans fully 56 pages and encompasses 204 discrete paragraphs. Despite its length, the Complaint is marked by a complete lack of specificity in terms of allegations against individual counties and their boards of elections, including Washington County and its Board of Elections.  In the place of specific allegations, the Complaint consists of countless citations to state and federal case law, state and federal statutes, and the Pennsylvania and United States Constitutions.  The Complaint is also replete with unsubstantiated accounts of election irregularities that purportedly plagued Pennsylvania's June 2, 2020 Primary Election— none of which apparently relate to Washington County.

Insomuch as the Complaint is devoid of specific allegations against Washington County, it plainly fails to give rise to a plausible claim for relief.  Washington County intends to file a

2

Motion to Dismiss on this basis, along with other potential grounds, including but not limited to the Plaintiffs' lack of standing to file this lawsuit (and, relatedly, pursue discovery) in the first instance. Additionally and/or in the alternative, Washington County intends to file a Motion for a More Definite Statement in view of the vague, ambiguous, and insufficiently specific allegations against it, which handicap Washington County's ability to properly frame an answer to the Complaint and defend itself in this action.

Washington County cannot reasonably be expected to file such Motions within fourteen (14) days of when it *was served* with a copy of the Plaintiffs' Complaint. The Complaint was only served on Washington County on July 6, 2020. Washington County promptly turned the Complaint over to its insurance company, which denied coverage. Washington County then immediately moved to retain its own counsel on July 9, 2020, with the undersigned entering his appearance on its behalf on July 10, 2020. Washington County requests an extension to allow it to completely review the Plaintiffs' Complaint and investigate the allegations; to conduct necessary legal research; and to prepare and file the Motions referenced herein. Accordingly, Washington County requests that the Court **DENY** the relief requested in Paragraph 3 of the Plaintiffs' Proposed Order and, instead, **GRANT** an extension until July 31, 2020, for Washington County to file the contemplated Motions.

### Expedited Discovery

In their Motion, the Plaintiffs identify eleven (11) different topics designated for "expedited" discovery. **See Motion, at ¶ 8(a)-(k) (ECF 6).** The Plaintiffs' Proposed Order asks the Court to order Washington County to provide written responses and to produce responsive documents within fourteen (14) days of receipt of formal discovery requests focused on these eleven (11) topics. **See Proposed Order, at ¶ 2 (ECF 6-1).** The Plaintiffs have not as yet propounded formal discovery requests, but if the topics identified in their Motion are any

3

indication, the requests will be potentially onerous, requiring a substantial amount of time and effort.  This is so given the breadth of the topics, the level of detail of the topics, and the fact that several of the topics relate to not only last month's Primary Election, but also previous years' Primary Elections.  **Id. at ¶ 8(a)&(f).**  Washington County, unlike some of Pennsylvania's larger and more populous counties, has fewer personnel and resources to dedicate to the task of responding to these discovery requests, only adding to the burdensome nature of the Plaintiffs' discovery requests.

Beyond the obvious burden imposed, Washington County opposes the Plaintiffs' request for expedited discovery because it amounts to putting the proverbial cart before the horse.  Washington County should not be required to respond to the Plaintiffs' discovery requests before (or even contemporaneous with) filing its Motion to Dismiss and/or Motion for a More Definite Statement.  After all, if the Plaintiffs' Complaint is dismissed entirely for want of standing or lack of jurisdiction, or if the Plaintiffs' Complaint as against Washington County is dismissed for failure to state a claim upon which relief can be granted, then no discovery by the Plaintiffs is or ever was authorized.  It only stands to reason, then, that Washington County should be permitted to file and obtain a ruling on the Motions mentioned above before being required to engage in discovery.  Accordingly, Washington County requests that the Court **DENY** the relief requested in Paragraph 2 of the Plaintiffs' Proposed Order and, instead, **GRANT** an extension of 14 days beyond the date of disposition of its Motions for Washington County to respond to the Plaintiffs' discovery requests.

WHEREFORE, the Defendant, Washington County Board of Elections, respectfully requests that this Honorable Court **DENY** the Plaintiffs' Motion and **GRANT** the Defendant the extensions sought herein.

Respectfully submitted,

SWARTZ CAMPBELL, LLC

By:    /s/Robert J. Grimm
           Robert J. Grimm, Esquire
           PA ID No. 55381
           436 7th Ave., Floors 7 & 8
           Koppers Building
           Pittsburgh, PA  15219
           (412) 232-9800
           rgrimm@swartzcampbell.com
           Attorneys for the Defendant,
           Washington County
           Board of Elections

<u>**CERTIFICATE OF SERVICE**</u>

I, Robert J. Grimm, Esquire, hereby certify that true and correct copies of the foregoing **Defendant Washington County Board of Elections' Response to Plaintiffs' Motion for a Speedy Declaratory Judgment Hearing and Expedited Discovery** have been served this 13th day of July, 2020, by ECF, to:

*All Counsel of Record*

Respectfully submitted,

SWARTZ CAMPBELL, LLC

By:    /s/Robert J. Grimm
        Robert J. Grimm, Esquire
        PA ID No. 55381
        436 7th Ave., Floors 7 & 8
        Koppers Building
        Pittsburgh, PA  15219
        (412) 232-9800
        rgrimm@swartzcampbell.com
        Attorneys for the Defendant,
        Washington County
        Board of Elections