**NEWMAN | WILLIAMS**
A PROFESSIONAL CORPORATION

BY: GERARD J. GEIGER, ESQUIRE
IDENTIFICATION NO. PA 44099
LAW OFFICES
712 MONROE STREET
P.O. BOX 511
STROUDSBURG, PA 18360-0511
(570) 421-9090 (voice)
(570) 424-9739 (fax)
ggeiger@newmanwilliams.com

ATTORNEY FOR: Carbon County, Monroe County, Pike County, and Snyder County Boards of Election

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, *et al.*,<br>　　　Plaintiffs,<br><br>v.<br><br>KATHY BOOCKVAR, *et al.*,<br>　　　Defendants | No. 2:20-CV-00966-NR<br><br>Judge J. Nicholas Ranjan<br><br>Electronically Filed Document |

Answer to Plaintiffs' Motion for Expedited Discovery (ECF No. 6) by Carbon County Board of Elections, Monroe County Board of Elections, Pike County Board of Elections, and Snyder County Board of Elections

The Defendants, Carbon County Board of Elections, Monroe County Board of Elections, Pike County Board of Elections, and Snyder County Board of Elections, answer Plaintiffs' Motion for Expedited Discovery as follows:

1. Denied. Defendants, Carbon County Board of Elections, Monroe County Board of Elections, Pike County Board of Elections, and

Snyder County Board of Elections ("C-M-P-S Counties") deny there have been serious deviations from the Pennsylvania Election Code in their Counties and deny that the responding Counties will conduct the November election in a manner inconsistent with either Pennsylvania law or the U.S. Constitution. In fact, plaintiffs have taken a shot-gun approach in their lawsuit, uniformly charging all counties with improprieties in the primary that simply do not apply to the C-M-P-S Counties. Had plaintiffs contacted the "C-M-P-S Counties prior to filing suit, they would have learned that. Notably, plaintiffs do not have standing to sue the responding Counties and thus expedited discovery is impermissible. A number of the plaintiffs are not running for election in the C-M-P-S Counties, do not reside in those Counties and thus have no standing to sue the "C-M-P-S Counties. Second, the standing of the plaintiff campaign to sue for federal constitutional violations is limited, which may provide the defendants with a basis for seeking the dismissal of the plaintiffs' lawsuit pursuant to Rule 12.  Third, the plaintiffs demand expedited discovery and the Court has required a response to the request without giving sufficient time to the Counties to retain counsel, determine what discovery is available, what may be protected by

attorney-client privilege, and without giving defense counsel an opportunity to conduct an investigation to determine what information is responsive. A formal response to the complaint is not even due because the summons against the defendant boards of election was not issued until June 30, 2020. Defense counsel was just retained by the C-M-P-S Counties and has not had adequate time to meet with each of the boards of election to formulate a response and adequately research the legal issues which may limit or bar the plaintiffs' requests. In terms of jurisdiction, the conduct of Pennsylvania elections is more properly an issue which is within the jurisdiction of the Pennsylvania Commonwealth Court which is the proper forum for this lawsuit. Finally, even if the plaintiffs' claims were a matter for federal District Court jurisdiction, the proper venue for this lawsuit is in the U.S. District Court for the Middle District of Pennsylvania. All of the C-M-P-S Counties are within the Middle District and should not have to defend a claim in the Western District.

2. Denied. Defendants deny this paragraph for the reasons set forth in paragraph 1. Additionally, at least some of the information sought by the plaintiffs relating to the primary election will be available from

the Commonwealth of Pennsylvania in early August. It is also difficult for the defense to provide a more comprehensive response given the inadequate time that has been given for defense counsel to meet with his clients and review the information plaintiffs seek. Plaintiffs should not be permitted to engage in unrestricted discovery on an expedited basis before defendants can even fully evaluate whether plaintiffs have a proper basis for a claim and can formulate a defense. This is a claim not just for injunctive relief but includes claims for attorney's fees. Allowing plaintiffs expedited and unlimited discovery without limitation will increase the defendants' exposure to attorneys' fees even before they have had a chance to challenge the claim and the scope of discovery.

3. Denied. Defendants deny they acted in violation of the Pennsylvania election laws in conducting the 2020 primary.

4. Denied. Defendants deny they acted in violation of the Pennsylvania election laws in conducting the 2020 primary.

5. Denied. The plaintiffs' lawsuit against the responding defendants is:

    a. Filed without consideration to how each responding County conducted its primary election and will conduct the general

   election and blaming the responding Counties for alleged improprieties that do not apply to them..

   b. Filed in the U.S. District Court for the Western District of Pennsylvania, which is an improper venue for the claims against the responding Counties;

   c. Filed in federal court instead of the Pennsylvania Commonwealth Court, which is the proper venue for a lawsuit based on Pennsylvania Election law.

   d. Filed without confirming what procedures are actually in place in the responding Counties.

6. Admitted in part and denied in part. Defendants agree on the importance of having a ruling on election procedures, if they are going to be changed, in sufficient time prior to the election to implement revised policies to the extent the Court orders them to be modified in a manner inconsistent with existing policies.

7. Denied.

8. Admitted in part and denied in part. Defendants admit plaintiff wants this discovery. However, defendants do not agree that discovery is

necessary to decide what policies must be followed to comply with Pennsylvania election law. If plaintiffs did not have the information they list in this paragraph when they accused the responding Counties of violating Pennsylvania election law, then this lawsuit was improperly filed. How the primary was handled is irrelevant to the court's ruling on how the November election should be held. Plaintiffs raise legal issues and discovery is unnecessary to decide those issues. This is not a claim for past money damages but a claim for prospective relief on what Pennsylvania election law requires.

9. Denied. The defendants deny this paragraph for the reasons set forth in their answer to paragraph 8.

10. Admitted in part and denied in part. Defendants admit the rule allows for a speedy hearing. Defendants deny plaintiffs are entitled to "speedy" discovery or any discovery at all.

11. Admitted. Defendants admit the rule allows for a speedy hearing. Defendants deny plaintiffs are entitled to "speedy" discovery or any discovery at all. Defendants also deny that the Western District is the appropriate venue for this case or that the federal court should

exercise jurisdiction over a voting case that belongs in the Commonwealth Court.

12. Denied. Defendants deny this paragraph as constituting conclusions of law.

13. Denied. Defendants deny this paragraph as constituting conclusions of law.

14. Denied. Defendants deny this paragraph as constituting conclusions of law.

15. Denied. Defendants deny this paragraph as constituting conclusions of law.

16. Denied. Defendants deny this paragraph as constituting conclusions of law. Additionally, no discovery is necessary to decide the issues raised in this complaint. Plaintiffs raise legal issues. Resolution of these legal issues does not require a factual record as to what happened in the primary election.

17. Denied. Defendants deny this paragraph as constituting conclusions of law. Additionally, no discovery is necessary to decide the issues raised in this complaint. Plaintiffs raise legal issues. Resolution of

these legal issues does not require a factual record as to what happened in the primary election.

18. Denied. Defendants deny this paragraph as constituting conclusions of law. Additionally, no discovery is necessary to decide the issues raised in this complaint. Plaintiffs raise legal issues. Resolution of these legal issues does not require a factual record as to what happened in the primary election.

19. Admitted. But plaintiffs filed this lawsuit against the responding parties in the wrong jurisdiction and venue and without a factual basis for claiming that the responding Counties violated Pennsylvania election law.

20. Denied. Defendants deny this paragraph as constituting conclusions of law. Additionally, no discovery is necessary to decide the issues raised in this complaint. Plaintiffs raise legal issues. Resolution of these legal issues does not require a factual record as to what happened in the primary election.

21. Denied. The responding defendants are being required to respond to discovery in a very limited time and in an improper jurisdiction in which they have no contact. In terms of fairness:

a. Plaintiffs accuse the responding Counties of improprieties that do not apply to these Counties. They make allegations as if every County had the same procedures;

b. Plaintiffs sue the responding Counties in the U.S. District Court for the Western District of Pennsylvania when all of the responding parties are situated in the Middle District;

c. Plaintiffs sue the responding Counties when the proper venue for an election law case is the Pennsylvania Commonwealth Court;

d. Plaintiffs demand attorney's fees against the responding parties for acts that did not occur;

e. The plaintiff politicians are not running for election in any of the responding Counties nor do the individual plaintiffs reside in the responding Counties.

f. Plaintiffs do not have standing to sue the responding Counties.

WHEREFORE, the defendants ask the Court to deny the plaintiffs' motion.

NEWMAN | WILLIAMS

By: /s Gerard J. Geiger
      Gerard J. Geiger, Esquire
      Attorney I.D. PA 44099

Date: July 13, 2020

## Certificate of Service

I hereby certify that, on this date, all counsel of record were served with a copy of this document via ECF.

                              NEWMAN | WILLIAMS

                              By: /s <u>Gerard J. Geiger</u>
                                     Gerard J. Geiger, Esquire
                                     Attorney I.D. PA 44099

Date: July 13, 2020