**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., *et al.*, | : | Civil Action |
| | : | |
| Plaintiffs, | : | |
| | : | No.: 2:20-cv-966 |
| v. | : | |
| | : | |
| KATHY BOOCKVAR, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge J. Nicholas Ranjan |

**CERTAIN DEFENDANT COUNTIES' RESPONSE
TO PLAINTIFFS' MOTION FOR A SPEEDY DECLARATORY
JUDGMENT HEARING AND EXPEDITED DISCOVERY**

Defendants Bedford County Board of Elections, Blair County Board of Elections, Centre County Board of Elections, Columbia County Board of Elections, Dauphin County Board of Elections, Fayette County Board of Elections, Indiana County Board of Elections, Lackawanna County Board of Elections, Mercer County Board of Elections, Northumberland County Board of Elections, and Union County Board of Elections (collectively the "Counties") hereby submit this Response to Plaintiffs' Motion for a Speedy Declaratory Judgment Hearing and Expedited Discovery ("Motion") (ECF No. 6) as follows:

**I.   INTRODUCTION**

The Counties believe that this matter should be decided in an expeditious manner to allow them and other counties to commit the resources necessary to properly implement the Commonwealth's absentee and mail-in ballot system before the November 3, 2020 election. While the Counties do not oppose expediting these proceedings generally, the accelerated disposition of this case should not include needless discovery promulgated by Plaintiffs when the majority of the requested information will be publicly available on or about August 1, 2020.

1

Plaintiffs' proposed discovery seeks detailed information within 14 days from each of Pennsylvania's 67 counties about the use of absentee and mail-in ballots in the June 2, 2020 primary election. (Proposed Order, ECF No. 6-1, ¶¶ 1-2). At the earliest, that deadline would be July 27, 2020 if this Court immediately grants Plaintiffs' Motion, which respectfully it should not do.

Both the discovery requests and Plaintiffs' proposed response time are unnecessary given the counties' and Commonwealth's absentee and mail-in ballot reporting requirements contained in the recently enacted Section 815 of Pennsylvania's Administrative Code. 71 P.S. Sec. 279.6; H.B. 2502, 203rd Gen. Assemb., Reg. Sess. (Pa. 2020) ("Section 815"), a copy of which is attached. Section 815, which was enacted less than two weeks after the June 2, 2020 primary, requires each of the 67 counties' election boards to provide the Department of State ("Department") with detailed absentee and mail-in ballot information from the June 2, 2020 primary election covering more than 25 different categories of requested information. The Department must publish that information in a report to the Legislature by August 1, 2020. That report will also be publicly available on the Department's website. Plaintiffs' proposed discovery seeks much of the same information that the counties and the Department will supply under Section 815. Accordingly, Plaintiffs' proposed discovery is largely duplicative and unnecessary, as the information will be available less than one week later than requested.

So long as Plaintiffs are not allowed to engage in needless discovery and any expedited discovery is made reciprocal, the Counties do not oppose the accelerated disposition of this case.

## II.   ARGUMENT

### a. Plaintiffs' request for Defendants' discovery responses within fourteen days should be denied as unreasonable and unnecessary since the information Plaintiffs seek will be publicly available on August 1, 2020.

Plaintiffs' Motion seeks to expedite both their declaratory judgment action and discovery in this matter.  As part of their request for expedited discovery, Plaintiffs ask the Court to require Defendants to provide discovery responses within fourteen days of the Court's Order granting their Motion. (Motion, ¶ 8; Proposed Order, ¶¶ 1-2).  Plaintiffs identify eleven topics for their proposed discovery requests related to absentee and mail-in ballots received in the June 2, 2020 election. (Motion, ¶ 8(a-k); Proposed Order, ¶ 1(a-k)).

District Courts within the Third Circuit generally require "the party seeking discovery to show 'good' cause for its motion, such that the request is 'reasonable' in light of the circumstances."  Samuel, Son & Co., Inc. v. Beach, CIV.A. 13-128, 2013 WL 4855325, at *3 (W.D. Pa. Sept. 11, 2013) (citing Kone Corp. v. ThyssenKrupp USA, Inc., 2011 WL 4478477, at *3-4 (D. Del. Sept. 26, 2011).

Plaintiffs' proposed discovery timeline is not reasonable under the circumstances.  If Plaintiffs' Motion is granted, Defendants' responses will be due as early as July 27, 2020. Plaintiffs will be able to publicly access much of the same information they seek in discovery no more than one week later.  The Counties and all other counties in the Commonwealth must comply with Section 815 titled "Report on Implementation of the 2020 General Primary Election." 71 P.S. § 279.6; H.B. 2502, 203rd Gen. Assemb., Reg. Sess. (Pa. 2020).  Section 815 provides that no later than sixty days after the 2020 general primary election, August 1, 2020, the Department shall issue a report, which will be made available on the Department's publicly accessible website. Id.

3

That report must include the answers submitted by County Boards of Election and Registration Commissions to twenty-five questions related to the administration of the 2020 general primary election.  Id.  Those twenty-five questions largely overlap with Plaintiffs' discovery requests.  For instance, Plaintiffs' discovery seeks the amount of applications for absentee and mail-in ballots for the June 2, 2020 primary election, the amount of voted absentee and mail-in ballots, and the amount of challenges to the absentee or mail-in ballots.  (See Motion, ¶ 8).  This information will all be provided as part of the Department's public report.  See 71 P.S. § 279.6.

Plaintiffs will suffer virtually no harm if they are required to wait no more than an additional week until August 1, 2020 to receive absentee and mail-in ballot information on all the Commonwealth's counties.  Thereafter, Plaintiffs can assess the Department's public report and, if necessary, request supplemental information from Defendants.  The Counties are willing to meet and confer with Plaintiffs to consider providing supplemental information, if warranted, on a reasonable expedited basis.  With this process, Plaintiffs will still likely get what they are entitled to and, most importantly, the parties will not have to undertake needless and expensive duplicative discovery.

### III.  CONCLUSION

The Counties do not oppose the accelerated disposition of this case.  However, Plaintiffs' Proposed Order must be modified to eliminate Plaintiffs' requested written discovery to avert the duplicative efforts it places on Defendants.  Accordingly, the Counties offer the attached proposed Order.

Respectfully submitted,

                          BABST, CALLAND, CLEMENTS
                          and ZOMNIR, P.C.

Date: July 13, 2020    */s/ Steven B. Silverman*
                          Steven B. Silverman
                          PA I.D. No. 56829
                          ssilverman@babstcalland.com
                          Elizabeth A. Dupuis
                          PA I.D. 80149
                          bdupuis@babstcalland.com
                          Sean R. Keegan
                          PA I.D. No. 316707
                          skeegan@babstcalland.com
                          Two Gateway Center, 6th Floor
                          Pittsburgh, PA 15222
                          412-394-5400

*Counsel for Defendants, Bedford County Board of Elections, Blair County Board of Elections, Centre County Board of Elections, Columbia County Board of Elections, Dauphin County Board of Elections, Fayette County Board of Elections, Indiana County Board of Elections, Lackawanna County Board of Elections, Mercer County Board of Elections, Northumberland County Board of Elections, and Union County Board of Elections*

                          */s/ Nathan W. Karn*
                          Nathan W. Karn
                          PA I.D. No. 86068
                          PACER: nkarn@eveyblack.com
                          Communication: Nkarn@blairco.org
                          401 Allegheny Street
                          PO Box 415
                          Hollidaysburg, PA 16648
                          814-695-7581

*Co-Counsel for Defendant, Blair County Board of Elections*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Entry of Appearance was filed electronically and served via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

                                                                    */s/  Steven B. Silverman*