IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., *et al.*, | Civil Action |
| Plaintiffs, | No. 2:20-CV-966 |
| v. | Judge J. Nicholas Ranjan |
| KATHY BOOCKVAR, *et al.*, | |
| Defendants. | |

**PHILADELPHIA COUNTY BOARD OF ELECTIONS'S
JOINDER IN RESPONSE OF DEFENDANTS BUCKS, CHESTER, AND
MONTGOMERY COUNTY BOARDS OF ELECTIONS TO PLAINTIFFS'
MOTION FOR A SPEEDY DECLARATORY JUDGMENT HEARING AND
EXPEDITED DISCOVERY**

The Philadelphia County Board of Elections joins the Response of Defendants Bucks, Chester, and Montgomery County Boards of Elections to Plaintiffs' Motion for a Speedy Declaratory Judgment Hearing and Expedited Discovery [ECF 76] and adopts those Defendants' arguments as if set forth herein.

The Philadelphia Board of Elections writes separately here to emphasize the particular burden that Plaintiffs' request would impose on Philadelphia. Philadelphia has been especially hard hit by the COVID-19 pandemic. It was the last county to move into the "Green" phase under the state's phased reopening, and even now remains in a modified "Green" phase. The closure of City offices during the pandemic complicates the Board's ongoing work. This includes providing data

to the Department of State regarding the recent primary election, processing voter registration applications, and preparing to conduct the November 2020 election in these unprecedented circumstances. Importantly, even where City offices are physically open, various employees continue to work remotely and in-person office responsibilities must occur in a manner that complies with social distancing guidelines. And because the primary was delayed, the timeline to prepare for the general election has been compressed.

All of this means that the wide-ranging expedited discovery sought by Plaintiffs would impose a significant burden on Philadelphia. This discovery would require that Board employees preparing for the general election be compelled to focus on collecting documents and data, some of which may not be accessible electronically, for discovery responses. And they would have to do so while the City remains in the midst of the pandemic. Broad and expedited discovery may impair the Philadephia Board of Elections' General Election preparations and certainly should not occur before the claims at issue are eliminated, narrowed, or otherwise clarified by motion practice.

For these reasons, the Philadelphia County Board of Elections respectfully requests that the Court deny Plaintiffs' Motion.

Respectfully submitted,

CITY OF PHILADELPHIA LAW DEPARTMENT
Marcel S. Pratt, City Solicitor

Date: July 13, 2020          By:     /s/ *Zachary Strassburger*
BENJAMIN H. FIELD, Esq.*
Divisional Deputy City Solicitor
ZACHARY STRASSBERGER, Esq. (PA 313991)
Assistant City Solicitor
1515 Arch St, 17th Floor
Philadelphia, PA  19102
Telephone: (215) 683-2998
Email: zachary.strassburger@phila.gov

*Attorneys for Philadelphia County Board of Elections*

\*  *Pro hac vice motion to be filed*

3

## CERTIFICATE OF SERVICE

I certify that on July 13, 2020, I caused a true and correct copy of the foregoing Joinder in Response to be electronically filed and served with the Court using the Electronic Case Filing System.

*/s/ Zachary Strassburger*
Zachary Strassburger
