Matthew J. Carmody
Lawrence J. Moran, Jr.
Regina M. Blewitt
**JOYCE, CARMODY & MORAN, P.C.**
9 N. Main Street, Suite 4
Pittston, PA 18640
Ph: (570) 602-3560
Fax: (570) 602-3561

Attorneys for Defendant
Luzerne County Board of Elections

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONALD J. TRUMP FOR PRESIDENT, INC., et al.,** | |
| **Plaintiffs,** | |
| **v.** | |
| **KATHY BOOCKVAR, et al.,** | |
| **Defendants.** | **No. 2:20-cv-966-NR** |

## RESPONSE OF DEFENDANT LUZERNE COUNTY BOARD OF ELECTIONS TO PLAINTIFFS' MOTION FOR A SPEEDY DECLARATORY JUDGMENT HEARING AND EXPEDITED DISCOVERY

Defendant Luzerne County Board of Elections, by and through the undersigned counsel, files the instant Response in Opposition to Plaintiffs' Motion for a Speedy Declaratory Judgment Hearing and Expedited Discovery in the above captioned matter.

### I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In their Complaint, Plaintiffs allege that the Defendants' administration of Pennsylvania's June 2, 2020 Primary Election, which was the first election following the General Assembly's enactment of Act 77 on October 31, 2019, resulted in presumed violations of state and federal law from Defendants hastily moving to a

mail-in voting system.  See Complaint, generally.  Plaintiffs' Complaint is premised on an assumption that Defendants will administer the upcoming November 3, 2020 General Election in a manner identical to the June 2, 2020 Primary Election[1], and to that end seeks orders, declarations, and/or injunctions seeking to "prevent Defendants from making the same mistake twice."  See Complaint at ⁋ 144.

Plaintiffs' underlying Motion seeks a speedy declaratory judgment hearing on Plaintiffs' claims and expedited discovery.  Plaintiffs' requested relief is unnecessary and inappropriate for the reasons set forth below.  The Motion is premature in that Defendants have not yet filed Motions to Dismiss pursuant to Rule 12(b).  Plaintiffs' claims do not lend themselves to declaratory relief on any basis, and particularly not on an expedited basis.  Thus, Plaintiffs fail to meet the standard for declaratory relief upon which their request for expedited discovery is predicated.  Furthermore, Plaintiffs independently fail to meet the standard for expedited discovery.

---

[1] Pennsylvania's Primary Election took place on June 2, 2020 "amid civil unrest, a pandemic, the introduction of new voting machines in some counties and the debut of mail-in balloting that pushed county election bureaus to their limits."  See M. Scolforo, "Trump, Biden Win Pennsylvania Primary Amid Unrest, Pandemic," Associated Press, Wire Service Content (Jun. 2, 2020) (available at https://www.usnews.com/news/best-states/pennsylvania/ articles/ 2020-06-02/pennsylvania-primary-begins-despite-unrest-pandemic) (accessed July 13, 2020).

## II.    ARGUMENT

### A. Plaintiffs' Underlying Motion is Premature.

Plaintiffs' request is premature because the Plaintiffs have not demonstrated that any of their pleaded claims can withstand the forthcoming Motions to Dismiss pursuant to Rule 12(b).  Plaintiffs' Complaint presents significant issues ripe for 12(b) Motions, including those regarding the standing of the Plaintiffs in this action, the propriety of the venue, and whether Plaintiffs have pleaded valid claims.

Furthermore, a speedy hearing motion is premature where a responsive pleading has not yet been filed. See, e.g., Drinan v. Nixon, 364 F. Supp. 853, 854 (D. Mass. 1973) ("Implicit in [Rule 57], however, is the assumption that prior to such order for a speedy hearing, the matter in issue will have been joined by the filing of a responsive pleading."); Perry v. Correct Care Sol'ns, LLC, No. 1:17CV586 (LO/IDD), 2017 WL 11519168, at *3 (E.D. Va. June 2, 2017) ("Plaintiff's request for expedited review under Federal Rule of Civil Procedure 57 must also be denied as premature. . . . Implicit in Rule 57 . . . is the assumption that prior to any such order, the matter in issue will have been joined by the filing of a responsive pleading." (internal quotation marks omitted)).

### B. Plaintiffs' Claims Do Not Lend Themselves to Declaratory Relief.

Plaintiffs' claims do not lend themselves to declaratory relief because Plaintiffs essentially seek an impermissible advisory opinion from this Court in the

form of a declaration that the Defendants' past conduct, specifically the administration of the June 2, 2020 Primary Election, was illegal.  See Corliss v. Obrien, 200 Fed. Appx. 80 (3d. Cir. 2006) (A request for declaratory relief is not an appropriate avenue to challenge violations of rights that have already occurred.)

Plaintiffs' requested relief not only asks this Honorable Court  to issue an impermissible advisory opinion, but further asks this Court to make the faulty assumption that the Defendants will administer the November 3, 2020 General Election in the same manner that they administered the June 2, 2020 Primary Election -  a supposition which is legally and logically faulty.   The circumstances leading up to and during the June 2, 2020 Primary Election were unprecedented and included civil unrest, a global pandemic, the introduction of new voting machines in 22 counties and the debut of mail-in balloting.  See M. Scolforo, "Trump, Biden Win Pennsylvania Primary Amid Unrest, Pandemic," Associated Press, Wire Service Content (Jun. 2, 2020) (available at https://www.usnews.com/news/best-states/pennsylvania/ articles/ 2020-06-02/pennsylvania-primary-begins-despite-unrest-pandemic).

Further, Plaintiffs' will apparently ask the court to make this supposition, that Defendants will administer the November 3, 2020 General Election in the same manner as the June 2, 2020 Primary Election, without having requested in discovery any evidence to support their claim.  Plaintiffs' Motion identifies eleven (11) 'topics'

4

for their proposed expedited discovery.  Each of the eleven (11) discovery 'topics' relates to information about Defendants' past elections statistics, administration, practices, and procedures.  None of Plaintiffs' requested discovery topics seek prospective information about practices and procedures that Defendants will use to administer the November 3, 2020 General Election.

Accordingly, Plaintiffs' Motion improperly seeks declaratory relief and their request for such relief should be denied.

### C. Any Claim that Might Lend Itself to Declaratory Relief Should Not be Afforded an Expedited Hearing.

Although it is Defendant's position that none of Plaintiffs' claims are proper for declaratory relief, if this Honorable Court should find that one or more of Plaintiffs' claims are proper for declaratory relief, Defendant argues that Plaintiffs should not be afforded an expedited hearing.

While Rule 57 gives this Court the discretion to determine whether some or all of Plaintiffs' requests for a speedy declaratory judgment hearing are appropriate, an examination of the factors that district courts look to when making such a determination establishes that none of Plaintiffs' claims warrant a speedy hearing. One such factor is whether an expedited declaratory judgment "will streamline and narrow issues for discovery and trial…"  See County of Butler v. Wolf, 2:20-cv-677 Slip Copy (2020), 2020 WL 2769105, at *4.  Plaintiffs' concurrent requests for a speedy declaratory judgment hearing alongside their requests for overly broad and

unduly burdensome discovery related to eleven (11) identified topics upends the spirit of this factor.  Plaintiffs do not seek to narrow issues for trial, rather, Plaintiffs seek overly broad expedited discovery and a speedy declaratory judgment hearing.

Another factor which may support a speedy declaratory judgment hearing is "when a determination is largely one of law and factual issues are not predominant." See id.  The sheer volume of overly broad and unduly burdensome discovery and lack of substantive factual information as pleaded in Plaintiffs' Complaint demonstrates that Plaintiffs' requested determinations are largely factual in nature. Thus, a speedy declaratory judgment hearing is improper.

### D. Plaintiffs' Request for Expedited Discovery Should Be Denied.

Plaintiffs' request for expedited discovery should be denied because the request is premature, and expedited discovery is unwarranted and unnecessary.

This Court "should decide a motion for expedited discovery 'on the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances, Bancroft Life & Casualty ICC, Ltd. v. Intercontinental Captive Mgmt., Ltd., 10-0704, 2010 WL 11566472, at *2 (W.D. Pa 2010).  In its determination, this Court may consider "the timing between the start of formal discovery and the date of the motion, how broadly or narrowly the discovery requests are posed, the plaintiff's purpose in requesting early discovery, the possible burden

of early discovery on the defendant, and the ability of the defendant to respond to the requests in an expedited manner." See id. (internal citations omitted).

Discovery on an expedited basis at this time is premature, as the Defendants have not yet had an opportunity to file Motions to Dismiss Plaintiffs' claims. A determination on such motions will serve to narrow any remaining claims such that meaningful discovery that is appropriately tailored can be exchanged between the parties.

Plaintiffs' Motion identifies that they intend to serve overly broad and unduly burdensome discovery related to eleven (11) identified 'topics' which, upon review, are exclusively about past elections and related statistics, administration, practices, and procedures. Many of the identified topics have no reasonable limitations on the time or scope of the proposed topic of request. In contrast, Plaintiffs' underlying Complaint and the requested declaratory judgment hearing relate to the upcoming November 3, 2020 General Election. The discovery sought is not appropriately tailored or proportional to the claims contained in Plaintiffs' Complaint and it is improper for Plaintiffs to seek such irrelevant, broad, and burdensome discovery on any basis, particularly an expedited basis.

This is particularly so given that much of the discovery Plaintiffs seek is already being compiled by Defendants and is anticipated to be publicly available on August 2, 2020 pursuant to 71 P.S. § 279.6, titled "Report on implementation of

2020 general primary election." Under subsection (c), Luzerne County has until July 17, 2020 to compile and submit information to the Department of State. The Department is then required to compile the information, issue a report to the Pennsylvania Senate State Government Committee, and make the report publicly available on the Department's website. The Department must issue the report within 60 days of the primary election, or August 2, 2020. See 71 P.S. §279.6.

To require Luzerne County to review, object, and respond to detailed written requests from Plaintiffs before the Department makes this information publicly available as required by law is an unnecessary expense and thus a hardship. A party responding to discovery is typically not required to put that information in a format suitable to the requesting party where the information is otherwise already accessible. To require Luzerne County to draft written responses to requests, which Luzerne County will need to do to preserve any objections to Plaintiffs' yet-to-be-disclosed requests, just to have the information released publicly, is a waste of Luzerne County's time and judicial resources. Additionally, requiring the relief sought will cause undue hardship in that it will divert the County Defendants and the Department's manpower resources from its obligations to the public under 71 P.S. §279.6. Consequently, Plaintiffs' request for expedited discovery should be denied.

### III. CONCLUSION

In light of the above, Defendant Luzerne County Board of Elections respectfully submits that neither a speedy Declaratory Judgment hearing nor expedited discovery is warranted in this matter until such time as the Defendants have had an opportunity to file the necessary Motions to Dismiss, and the Court has ruled on those Motions.  To the extent that any of Plaintiffs' claims remain thereafter, limited discovery may proceed on an expedited basis, if this Honorable Court deems it necessary and appropriate.

To that end, Defendant Luzerne County Board of Elections respectfully requests that this Honorable Court deny Plaintiffs' Motion and instead consider entering an order establishing an expedited briefing schedule for Motions to Dismiss to be followed by a conference of all parties to determine the best manner and timeline for efficient and timely disposition of any remaining claims.

DATED:  July 13, 2020

Respectfully submitted,

*s/ Matthew J. Carmody*

Matthew J. Carmody, I.D. No. 206781
Lawrence J. Moran, Jr., I.D. No. 316253*
Regina M. Blewitt, I.D. 205644*
**JOYCE, CARMODY & MORAN, P.C.**
9 N. Main Street, Suite 4
Pittston, PA 18640
Phone:  570-602-3560
E-mail:  mjc@joycecarmody.com
        Attorneys for Defendant
        Luzerne County Board of Elections

*Applications for Admission to the Western District of Pennsylvania
will be filed upon receipt of Certificates of Good Standing

Matthew J. Carmody
Lawrence J. Moran, Jr.
Regina M. Blewitt
**JOYCE, CARMODY & MORAN, P.C.**
9 N. Main Street, Suite 4
Pittston, PA 18640
Ph: (570) 602-3560                           Attorneys for Defendant
Fax: (570) 602-3561                          Luzerne County Board of Elections

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONALD J. TRUMP FOR PRESIDENT, INC., et al.,** | |
| **Plaintiffs,** | |
| **v.** | |
| **KATHY BOOCKVAR, et al.,** | |
| **Defendants.** | **No. 2:20-cv-966-NR** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Response of Defendant Luzerne County Board of Elections in Opposition to Plaintiffs' Motion for a Speedy Declaratory Judgment Hearing and Expedited Discovery was filed electronically and served via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

*s/ Matthew J. Carmody*
Matthew J. Carmody

DATED: July 13, 2020