UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC.; *et al.*,<br><br>    *Plaintiffs,*<br><br>v.<br><br>KATHY BOOCKVAR; *et al.*,<br><br>    *Defendants*. | Civil Action<br><br>No. 2:20-cv-966 (NR)<br><br>Judge J. Nicholas Ranjan |

### MOTION TO INTERVENE BY NON-PARTIES NAACP PENNSYLVANIA STATE CONFERENCE, COMMON CAUSE PENNSYLVANIA, LEAGUE OF WOMEN VOTERS OF PENNSYLVANIA, PATRICIA DEMARCO, DANIELLE GRAHAM ROBINSON, AND KATHLEEN WISE

The National Association for the Advancement of Colored People ("NAACP") Pennsylvania State Conference, Common Cause Pennsylvania, League of Women Voters of Pennsylvania, Patricia DeMarco, Danielle Graham Robinson, and Kathleen Wise (collectively, "Proposed Intervenors") respectfully move to intervene and become Defendants as of right pursuant to Fed. R. Civ. P. 24(a)(2) or, in the alternative, permissibly under Fed. R. Civ. P. 24(b)(1). A memorandum in support of this Motion to Intervene is filed herewith.

Proposed Intervenors include nonpartisan organizations committed to, *inter alia*, ensuring that all eligible Pennsylvania voters are given a full and equal opportunity to exercise their fundamental right to vote. They conduct voter registration, voter education, and voter turnout efforts in Pennsylvania. In addition, Proposed Intervenors include organizations whose members are Pennsylvania voters who would face unreasonable burdens on their right to vote should Plaintiffs obtain their sought-after relief. Proposed Intervenors Ms. DeMarco, Ms. Robinson, and Ms. Wise are each qualified registered voters in Allegheny County who would face unreasonable

1

burdens on their right to vote should Plaintiffs obtain their requested relief.  Proposed Intervenors are entitled to intervene as of right under Rule 24(a) because they have (1) filed a timely motion to intervene; and (2) have an interest in the present litigation, that (3) stands to be impaired or affected by the resolution of this case, and (4) are not adequately represented by the existing parties.  *See Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005); Fed. R. Civ. P. 24(a).  Proposed Intervenors may also be allowed to intervene permissibly under Rule 24(b) because they have "claims or defense[s] that share[] with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).

Proposed Intervenors further respectfully request leave to file a responsive pleading on the same schedule as the current Defendants, or within 3 business days of the Court's order granting this motion, whichever is later.  This Court has discretion to grant this motion to intervene without the inclusion of a pleading where no prejudice will result to the other parties.  *See, e.g.*, *Amalgamated Transit Union, Local 1729 v. First Grp. Am. Inc*., 2016 WL 520989, at *1 (W.D. Pa. Feb. 10, 2016) (granting motion to intervene that did not include a pleading where no party would be prejudiced); *U.S. ex rel. Frank M. Sheesley Co. v. St. Paul Fire & Marine Ins. Co*., 239 F.R.D. 404, 411 (W.D. Pa. 2006) (same).  Because this motion is being filed at the initial stages of the litigation, granting this motion will not delay or prejudice the adjudication of any party's rights, as not all Defendants have yet filed a responsive pleading and this motion and memorandum provide sufficient notice of the basis for intervention and relief the Proposed Intervenors will seek.

Proposed Intervenors' counsel have contacted counsel for all other parties who have entered appearances in this case to ascertain whether there is any opposition to this motion.  Counsel for Plaintiffs have advised that the Plaintiffs do not consent to the Proposed Intervenors' motion.  No Defendant currently opposes Proposed Intervenors' intervention.  Counsel for 19

Defendants—Allegheny County Board of Elections, Blair County Board of Elections, Bucks County Board of Elections, Chester County Board of Elections, Crawford County Board of Elections, Montgomery County Board of Elections, Bedford County Board of Elections, Blair County Board of Elections, Centre County Board of Elections, Columbia County Board of Elections, Dauphin County Board of Elections, Fayette County Board of Elections, Indiana County Board of Elections, Lackawanna County Board of Elections, Lancaster County Board of Elections, Mercer County Board of Elections, Northumberland County Board of Elections, Potter County Board of Elections, and Union County Board of Elections—do not oppose Proposed Intervenors' intervention. Counsel for two Defendants—Lycoming County Board of Elections, and Westmoreland County Board of Elections—have advised that they take no position on Proposed Intervenors' intervention. The remaining 19 Defendants whose counsel have appeared in this case—Kathy Boockvar, Beaver County Board of Elections, Berks County Board of Elections, Carbon County Board of Elections, Clarion County Board of Elections, Clearfield County Board of Elections, Franklin County Board of Elections, Huntingdon County Board of Elections, Jefferson County Board of Elections, Lawrence County Board of Elections, Luzerne County Board of Elections, McKean County Board of Elections, Northampton County Board of Elections, Philadelphia County Board of Elections, Monroe County Board of Elections, Pike County Board of Elections, Snyder County Board of Elections, Washington County Board of Elections, and York County Board of Elections—have not responded with their position as of the time of this filing. Counsel for Proposed Intervenors the Pennsylvania State Democratic Party, and individual candidates and voters (*see* Dkt. 83), also do not oppose Proposed Intervenors' intervention.

WHEREFORE, Proposed Intervenors respectfully request that the Court grant their motion to intervene as of right or, in the alternative, grant their motion under the standard for permissive

intervention, and request that the Court grant leave for Proposed Intervenors to file a responsive pleading on the same schedule as the Defendants or within 3 business days of the Court's order granting this motion.

Dated: July 15, 2020

Respectfully submitted,

*/s/ Witold J. Walczak*

Lori A. Martin+ (PA No. 55786)
Christopher R. Noyes*
Eleanor Davis*
Jared Grubow*
WILMER CUTLER PICKERING HALE
  AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
Lori.Martin@wilmerhale.com
Christopher.Noyes@wilmerhale.com
Eleanor.Davis@wilmerhale.com
Jared.Grubow@wilmerhale.com

Jason H. Liss*
WILMER CUTLER PICKERING HALE
  AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6699
Jason.Liss@wilmerhale.com

Samantha K. Picans*
WILMER CUTLER PICKERING HALE
  AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
(720) 598-3477
Sam.Picans@wilmerhale.com

David P. Yin*
WILMER CUTLER PICKERING HALE
  AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6677

Witold J. Walczak (PA No. 62976)
AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA
P.O. Box 23058
Pittsburgh, PA 15222
Tel.: (412) 681-7736
vwalczak@aclupa.org

Adriel I. Cepeda Derieux*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
acepedaderieux@aclu.org

Sarah Brannon*++
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th Street, NW
Washington, DC 20005
Tel: (202) 210-7287
sbrannon@aclu.org

Ezra Rosenberg*
John Powers*
Voting Rights Project
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street NW, Suite 900
Washington, DC 20005
Tel: (202) 662-8300
erosenberg@lawyerscommittee.org
jpowers@lawyerscommittee.org

Mary M. McKenzie* (PA No. 47434)
Benjamin D. Geffen* (PA No. 310134)
PUBLIC INTEREST LAW CENTER
1500 JFK Blvd., Suite 802
Philadelphia PA 19102
Tel: (215) 627-7100
Fax: (215) 627-3183

4

David.Yin@wilmerhale.com

mmckenzie@pubintlaw.org
bgeffen@pubintlaw.org

*Counsel for NACP Pennsylvania State Conference, Common Cause Pennsylvania, League of Women Voters of Pennsylvania, Patricia DeMarco, Danielle Graham Robinson, and Kathleen Wise*

[+] Admission forthcoming.
[*] *Pro hac vice* forthcoming.
[++] Not admitted in DC; DC practice limited to federal court only.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, the foregoing Motion to Intervene, Proposed Order, Memorandum in Support, and exhibits thereto were filed electronically and served on all counsel of record via the ECF system of the U.S. District Court for the Western District of Pennsylvania.

Dated: July 15, 2020

*/s/ Witold J. Walczak*
_____
Witold J. Walczak