IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC.; *et al.*, | ) Civil Action<br>)<br>) |
| Plaintiffs, | )<br>) No.: 2-20-CV-966 |
| v. | )<br>) |
| KATHY BOOCKVAR; *et al.*, | )<br>) |
| Defendants. | ) Judge J. Nicholas Ranjan |

**DEFENDANT WARREN COUNTY'S RESPONSE
IN OPPOSITION TO PLAINTIFFS' MOTION FOR
A SPEEDY DECLARATORY JUDGMENT HEARING AND EXPEDITED DISCOVERY**

Defendant WARREN COUNTY Board of Elections ("Answering County" or "Warren County"), by and through its undersigned counsel, files this response to Plaintiffs' Motion for a Speedy Declaratory Judgment Hearing and expedited Discovery (the "Motion"). Importantly, Warren County does not take the position that a speedy resolution of this matter is unwarranted. In fact, Warren County believes that it is critical that the Court bring this matter to a final resolution sufficiently in advance of the November 3, 2020 election so that Warren County is able to ensure a fair and free process.

Nonetheless, the specific relief sought in Plaintiffs' Motion is untenable. Federal Rule of Civil Procedure 12(a) requires that the Court give a defendant no less than 21 days to respond to the Complaint, depending on the method of service of the summons. Warren County is entitled to an opportunity to review the facts and legal arguments of Plaintiffs' Complaint in depth and develop a strategy to respond to the claims.

Secondly, Plaintiffs have not sufficiently specified the contents of their discovery requests such that they are reasonably tailored for expedited treatment. Further, Warren County

is entitled to a reasonable amount of time to review potentially responsive documents for privileged or confidential information. Warren County may be subject to various standards and federal laws which require it to protect the identity of individuals.

Third, much of the information sought by Plaintiffs from each County is currently being compiled and submitted to the Pennsylvania Department of State (the "Department"). By law, the Department is to compile a report and release it publicly at a date certain in the first week of August. Warren County should not be enforced to expend resources lodging objections to written discovery and negotiating with Plaintiffs regarding information that will soon enough be publicly available.

Rather than grant the Plaintiffs' Motion, which demands discovery unlimited in scope on a truncated timeline that only works to the detriment of Defendants, Warren County suggests that this Court set a scheduling conference to address any preliminary issues and discuss a plan for limited expedited discovery, provided that all defendants have been served with process.

### A. The Federal Rules of Civil Procedure do not authorize the Court to shorten Warren County's time to file a responsive pleading to the Complaint in the manner sought by Plaintiffs.

This Court should deny Plaintiff's request to require that County file an answer to the Complaint within 14 days of service of the summons. While Rule 26(d) may allow a court to order discovery prior to the Rule 26(f) conference, Rule 12(a) does not give such discretion to modify the time to file a responsive pleading. Under Rule 12(a), a defendant is afforded 21 days to answer a complaint if served by summons and 60 days if the defendant accepts service. That rule is set "unless another time is specified by this rule or a federal statute." Here, Plaintiff seeks an order requiring Warren County to file an answer with in fourteen days of service of the summons and complaint. Defendants are entitled by Rule of Court to at least 21 days.

Further, Plaintiffs' blind conclusion that granting their request for expedited discovery will not cause any prejudice is without merit. Granting the specific relief requested by Plaintiffs will indeed cause significant prejudice and hardship to Warren County. Warren County will be prejudiced in that Plaintiffs seek to limit the time under Fed. R. Civ. P. 12(a) that Warren County has to acquire counsel, gather information, and develop defenses before filing a responsive pleading. Plaintiffs have had time to prepare their strategy and approach to this litigation, having initiated this action when they were ready, and it is a basic tenant of this Court that Defendants be afforded with the same opportunity.

### B. Plaintiffs have not sufficiently identified and limited their requests for expedited discovery.

Notably, Plaintiffs have failed to attach copies of or provide the contents of the specific requests they intend to issue to Warren County. Instead, they have identified 11 broad categories of information they intend to seek. This is far from a limited approach. While Plaintiffs cite several cases which refer to the Court's general discretion to engage in expedited discovery once a plaintiff has shown "good cause" to engage in such, they fail to acknowledge that when the Court does exercise its discretion, it must implement protections for the party against whom discovery is sought. *Temple v. Novo Nordisk, Inc.*, 2016 WL 5691881, 2016 U.S. Dist. LEXIS 136719 (W.D. Pa. Oct. 3, 2016) (while court granted expedited discovery, it required the parties to meet and confer to determine the scope of expedited discovery); *Malibu Media LLC v. Doe*, 2015 U.S. Dist. LEXIS 78912, 2015 WL 3795948 (M.D. Pa. June 18, 2015) (citing other districts who have expressed concerns about the "unavoidable *ex parte* nature" of a request for expedited discovery and thus incorporating protective limitations such that plaintiff could only serve a subpoena limited to the issue of identifying the user of the assigned IP address).

Plaintiffs cannot and should not be permitted to engage in unrestricted discovery on an expedited basis. *Philadelphia Newspapers, Inc. v. Gannett Satellite*, 1998 WL 404820 (E.D. Pa. July 15, 1998) ("Without reasonable boundaries, the court will not order time-consuming discovery before the period prescribed in Rule 26(d)"). Further, a "broadside not reasonably tailored to the time constraints under which both parties must proceed or the specific issues that will be determined at the [expedited] hearing" should be denied. *Id.* (quoting *Irish Lesbian & Gay Org. v. Giuliana*, 918 F. Supp. 728, 730-31 (S.D.N.Y. 1996). Plaintiffs have only identified general topics for discovery arguably related to their claims. Plaintiffs ask the Court to give them free reign to cover these topics and then require Warren County to respond within a truncated timeline. Citing general topics for discovery, however, does not provide any limitations on the scope—the number of written requests, whether Plaintiffs will want to depose every employee or individual with information related to those topics, whether Plaintiffs want all documents referring to certain individuals or topics, the period of time to be covered, and the like. If Plaintiffs' requests were truly limited, Plaintiffs' would have provided the specific language of the requests for information for at least some of the intended discovery to the Court to offer some assurance of protection for the Defendants.

### C. Requiring Warren County to identify and produce unspecified amounts of documents in a short period of time will cause undue hardship.

The Motion indicates that Plaintiff intends to seek both written responses and production of all non-privileged documents. Plaintiffs have indicated that they intend to seek discovery "related to" multiple topics, some without temporal limitations, without indicating whether they only seek information or also documents "relating to" those topics. Producing this information could require extensive searching and manpower. Additionally, fourteen days is not a significant amount of time to even ascertain the universe of documents that might be responsive to a request

4

and then review sample documents for potential privilege, including the attorney-client privilege or withhold documents based on an ongoing criminal investigation, or redact information subject to a privacy statute such as the Criminal History Records Information Act, 18 Pa. C.S.A. § 9125 *et seq.* ("CHRIA"), or the Driver Privacy Protection Act, 18 U.S.C. § 2721 *et seq.*, ("DPPA"). Warren County may need additional time to consult with federal and state agencies such as the Pennsylvania Department of Transportation ("PENNDOT") regarding Warren County's obligations to protect individual voter and driver records.

### D. Requiring Warren County to produce information that the Pennsylvania Department of State is required by law to make publicly available in the beginning of August is unreasonable and unnecessary.

Moreover, much of what Plaintiff seeks through "expedited discovery" will be publicly available on or before August 2, 2020 pursuant to 71 P.S. § 279.6, titled "Report on implementation of 2020 general primary election." Under subsection (c), Warren County has until July 17, 2020 to compile and submit information to the Department. The Department is then required to compile the information, issue a report to the Pennsylvania Senate State Government Committee, and make the report publicly available on the Department's website. The Department must issue the report within 60 days of the primary election, or August 2, 2020. 71 P.S. §279.6. Further, it is Warren County's understanding that one or more of the Individual Plaintiffs have submitted Right-to-Know Law requests to one or more the Defendants to obtain the same information referenced in the Motion.

To require Warren County to review, object, and respond to detailed written requests from Plaintiffs before the Department makes this information publicly available as required by law is an unnecessary expense and thus a hardship. A party responding to discovery is typically not required to put that information in a format suitable to the requesting party where the information is otherwise already accessible. To require Warren County to draft written responses

5

to requests, which Warren County will need to do to preserve any objections to Plaintiffs yet-to-be-disclosed requests, just to have the information released publicly, is a waste of the resources of Warren County and judicial resources. Additionally, requiring the relief sought will cause undue hardship in that it will divert the County Defendants and the Department's manpower resources from its obligations to the public under 71 P.S. §279.6.

**The requests in Plaintiffs' Motion should be denied.** For the reasons set forth in this Response, Warren County requests that this Court deny Plaintiffs' Motion for Speedy Declaratory Judgment Hearing and Expedited Discovery. In the alternative, Warren County respectfully requests that this Court set a conference with all parties and the Court to discuss a swift, but reasonable timeline to address the issues in this matter.

Respectfully Submitted,

By _____

Nathaniel J. Schmidt, Esquire
Pennsylvania Supreme Court No. 201508
Solicitor for Warren County
315 Second Avenue, Suite 704
P. O. Box 746
Phone: 814-723-8665
Email: contact@theschmidtlawfirm.com
Attorney for Warren County Board of Elections

Date: July 14, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system or by first-class mail, as indicated below:

                                      Nathaniel J. Schmidt, Esquire
                                      Solicitor for Warren County

                                      By: _____

Date: July 14, 2020                    *Attorney for Warren County Board of Elections*