**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC.; *et al.*, | ) ) ) | Civil Action |
| Plaintiffs, | ) ) | No.: 2-20-CV-966 |
| v. | ) ) | |
| KATHY BOOCKVAR; *et al.*, | ) ) | Judge J. Nicholas Ranjan |
| Defendants. | ) | |

**REPLY BRIEF IN SUPPORT OF MOTION FOR**
**A SPEEDY DECLARATORY JUDGMENT HEARING AND EXPEDITED DISCOVERY**

Plaintiffs are asking for a prompt resolution of this matter so that the upcoming election is carried out in compliance with the United States Constitution and the Pennsylvania Election Code, and all qualified voters can vote and have their votes counted and undiluted by fraudulent ballots. Several of the Defendants are attempting to delay any such obligation to abide by the law by kicking the can down the road, as is evident in the filed Responses wherein nearly all of them say expedited consideration is not necessary because their time to file motions to dismiss has not expired; but only one such Defendant identifies the theories that *may* be asserted if such a motion is filed. The other roadblocks set up by the Responding Defendants are similarly lacking in justification or support. Accordingly, Plaintiffs ask this Court to grant their July 1, 2020 Motion (ECF #6), permit expedited discovery, and conduct a speedy hearing so that the upcoming general election can be conducted fairly, openly, transparently, and legally.

**I.      Rule 57 Does Not Require Responsive Pleadings To Be Filed Before Expedited Discovery And A Declaratory Judgment Hearing Occur.**

Nearly every Response or Joinder filed in Opposition to Plaintiffs' Motion contains an argument that the requested expedited hearing should not be granted because responsive pleadings have not been filed yet. *See, e.g.,* Secretary Kathy Boockvar's Response (ECF #48), p. 5. But,

each Responding Defendant[1] supports this argument with a citation to only two cases:  *Perry v. Correct Care Sols., LLC*, 2017 U.S. Dist. LEXIS 229393, at *7 (E.D. Va. June 2, 2017); and *Drinan v. Nixon*, 364 F. Supp. 853, 854 (D. Mass. 1973).  Neither of these cases, though, contains any reasoned support for the conclusion that Rule 57's expedited consideration applies only after a responsive pleading has been filed.  The *Perry* case simply cites the *Drinan* case as its support. *See Perry,* 2017 U.S. Dist. LEXIS 229393, at *7.  And the *Drinan* case simply bases its conclusion on an implication and assumption.  *See Drinan*, 364 F. Supp. at 854 ("Implicit in such provision, however, is the assumption that prior to such order for a speedy hearing, the matter in issue will have been joined by the filing of a responsive pleading.").

The Honorable William S. Stickman IV of this Court, fewer than two months ago, rejected the argument advanced by the Responding Defendants here and ordered in another case expedited discovery and an expedited hearing prior to the defendant's filing of a responsive pleading. *Compare Cty of Butler v. Wolf*, Case No. 2:20-cv-00677-WSS, Doc. 13, pp.5-6 (arguing lack of responsive pleading made requested hearing premature) *with Cty. of Butler v. Wolf*, 2020 U.S. Dist. LEXIS 93484, at *15-17 (W.D. Pa. May 28, 2020) (Stickman, IV, J.) (ordering expedited discovery and hearing); *see also* Practices and Procedures of Judge Ranjan (rev. 1/6/20), Section II(c) (discovery normally not stayed if a Rule 12 motion filed).  This Court should follow the lead of Judge Stickman and reject the Responding Defendants' argument which serves only to stymie a Rule that expressly allows for speedy consideration and would run contrary to Rule 1.

---

[1] Not all Defendants filed a response or joinder in opposition to Plaintiffs' Motion.  Instead, out of the sixty-eight (68) defendants, only 38 have filed or served a response or joinder.  *See* ECF ## 43, 46, 48, 51, 59, 61, 63, 64, 65, 66, 67, 69, 70, 71, 73, 74, 76, 77, 80, 81, 82, 84, & 106; Adams County Board of Elections' Response (unfiled).  Accordingly, the remaining 30 defendants do not oppose the relief sought by Plaintiffs in their Motion.  Moreover, one of the Responding Defendants, Huntingdon County Board of Elections, filed its Answer to the Complaint without raising any affirmative defenses or other issue concerning Plaintiffs' standing.  *See* ECF #36.

II.    **Plaintiffs Have Standing to Pursue their Claims.**

Several of the Responding Defendants argue that discovery and other proceedings in this matter should not be expedited because Plaintiffs purportedly lack standing. *See, e.g.*, Defendant Crawford County Board of Elections' Response (ECF #46), pp. 2-5.  The Responding Defendants' argument is not well-taken for several reasons.

"The standing inquiry ... focuse[s] on whether the party invoking jurisdiction ha[s] the requisite stake in the outcome when the suit [i]s filed." *Davis v. FEC*, 554 U.S. 724, 734 (2008). "To establish that stake, a plaintiff must show three elements: injury-in-fact, causation, and redressability." *Constitution Party v. Aichele*, 757 F.3d 347, 360 (3d Cir. 2014).  Consequently, "[a] plaintiff has standing in federal court if the party can allege an injury in fact caused by the defendant that can be redressed by the courts." *Pierce v. Allegheny County Board of Elections*, 324 F. Supp. 2d 684, 692-93 (W.D. Pa. 2003).

A.    **The RNC and the Trump Campaign have Standing to Pursue Their Claims in this Action.**

It is beyond peradventure that political parties and committees have standing to ensure that elections are conducted in conformity with the law. *See, e.g., Sandusky County Democratic Party v. Blackwell*, 387 F.3d 565, 573-74 (6th Cir. 2004); *Pa. Democratic Party v. Republican Party of Pa.*, 2016 U.S. Dist. LEXIS 153944, at *8-9 (E.D. Pa. Nov. 7, 2016); *Democratic Exec. Comm. v. Detzner*, 347 F. Supp. 3d 1017, 1025 (N.D. Fl. 2018); *Orloski v. Davis*, 564 F. Supp. 526, 530-31 (M.D. Pa. 1983).  As the Pennsylvania Middle District court in *Orloski* explained, because political parties "endorse[] and support[] candidates for statewide [] office in the Commonwealth," "represent all [their party] electors of the Commonwealth and [their endorsed] candidates for [office]," and sought to protect an interest that "is germane to [their] organizational purpose" and

did not "require[] participation of individual members," political parties suffer an injury for which they have standing to sue in federal court.  *Orloski*, 564 F. Supp. at 531.

Similar to the challenge in *Orliski*, where the election process itself was at issue, the Republican National Committee, as a national political committee that leads the Republican Party of the United States, has an interest in protecting both its organizational interests and the interests of its members, voters and candidates in the upcoming November 4, 2020 General Election.  *See* Verified Complaint (ECF#4), ¶ 13.  Moreover, the relief sought by the RNC in this lawsuit seeks to redress the injury suffered by the RNC and its members, voters, and endorsed and nominated candidates as a result of Defendants' unconstitutional misadministration of the Pennsylvania Election Code's provisions involving absentee and mail-in voting and poll watching.  *Id.* at ¶¶ 18-204.  Accordingly, the RNC has standing to bring this action.

As for the Trump Campaign, it is well recognized that "after the primary election, a candidate steps into the shoes of his party, and their interests are identical."  *Tex. Democratic Party v. Benkiser,* 459 F.3d 582, 587-588 (5th Cir. 2006).  Thus, much like the RNC, the Trump Campaign also has standing to bring this action.

Without addressing the above authority, the Responding Defendants contend that the RNC and Trump Campaign lack standing, citing *Erfer v. Commonwealth*, 794 A.2d 325, 330 (Pa. 2002), *abrogated on other grounds,* League of Women Voters v. Commonwealth, 178 A.2d 737 (Pa. 2018).  However, *Erfer,* limited to "the law of standing in reapportionment matters," was decided under Pennsylvania state law and not federal standing requirements.  *Erfer*, 794 A.2d at 329-30.  Consequently, *Erfer* is not controlling.

**B.     The Congressmen and Individual Voter Plaintiffs, as Qualified Electors, have Standing to Pursue the Claims in this Action.**

Like political committees, voters are recognized as having standing to pursue litigation to ensure an election is conducted in accordance with the relevant laws and constitutional provisions. *See, e.g., Pierce, 324 F. Supp. 2d at 692-93.* In *Pierce,* which involved substantially similar claims of unconstitutional misadministration of the Pennsylvania Election Code's absentee ballot law, this Court ruled that voters had standing to pursue their constitutional claims in federal court because they met all three requirements for federal standing. *Id.* The holding in *Pierce* supports the existence of standing by the Plaintiff voters in this case.

However, in their opposition to Plaintiffs' Motion, the Responding Defendants suggest that *Pierce* stands for the proposition that for voters to have standing, they must be from the counties that are allegedly violating the Election Code. *See, e.g.,* Defendant Crawford County Board of Elections' Response (ECF #46), pp. 4-5 ("there is no support for the notion that an elector has standing to seek an injunction against a county board of elections in which the elector does not reside"). Yet, what these Responding Defendants ignore is that the upcoming November 4, 2020 election is a general election, with statewide and federal candidates on the ballot, and not a local election involving only candidates in that particular county. *See* Verified Complaint (ECF#4), ¶¶ 1, 8-12. As this Court noted in *Pierce*, when different standards are employed in different counties across the Commonwealth of Pennsylvania to determine whether a ballot has been properly cast and should be counted in a federal or statewide election, such "disparate treatment implicates the [federal] equal protection clause because uniform standards will not be used statewide to discern the legality of a vote in a statewide election." *Pierce, 324 F. Supp. 2d at 699*.

Voters in a statewide Pennsylvania election have federal court standing to sue any county election board which improperly administers the provisions of the Pennsylvania Election Code in

a manner that causes improperly or illegally cast votes to dilute the votes of those who have properly cast their ballots.  The voters' residency is irrelevant to their federal court standing to challenge such counties' infringement of their fundamental rights under the United States Constitution.  Accordingly, the Plaintiff voters have standing to pursue the claims in this action.

      **C.**    **All Plaintiffs have Standing to Pursue the Poll Watching Claims in this Action.**

Finally, all political parties and candidates have standing to pursue litigation involving poll watchers as they are the ones designated under Pennsylvania's Poll Watching statute with the authority to appoint poll watchers to represent them on Election Day, at sessions of the county election boards, and during any recount or recanvasss.  *See* 25 P.S. §§ 2650(a) & (c), 2687. Because all political parties and candidates have the right to appoint poll watchers in the upcoming November 4, 2020 General Election, they have federal court standing to pursue claims that unconstitutionally infringe upon that right.   In their opposition to Plaintiffs' Motion, the Responding Defendants do not explain why such standing does not allegedly exist.  Such lack of explanation is telling and compels the conclusion that the Plaintiffs have federal court standing to assert their constitutional challenges to that statute.

In the end, Plaintiffs have standing to pursue their claims in this action.

**III.**    **The Existence Of Other Pending Lawsuits Is Irrelevant.**

Some of the Responding Defendants claim that Plaintiffs' Complaint should be dismissed because other lawsuits are pending that raise allegedly similar claims.  *See* ECF #76, pp. 3-4. Relatedly, these same Responding Defendants claim this Court should abstain from deciding this case due to the pending claims in state courts.  *Id.*  Neither claim is relevant; nor does either claim mean this Court should not address the federal constitutional claims raised in this lawsuit.

First, "abstention is appropriate where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings; state nuisance proceedings antecedent to a criminal prosecution, which are directed at obtaining the closure of places exhibiting obscene films; or collection of state taxes." _Colorado River Water Conservation Dist. v. United States_, 424 U.S. 800, 816 (1976) (citations omitted).  As Plaintiffs' Complaint does not involve a criminal or nuisance proceeding a tax collection matter, abstention is not warranted.  _Id._ at 816.

Second, abstention may be appropriate "in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law." _Colorado River,_ 424 U.S. at 814 (citation omitted).  However, "the state has no right to an unconstitutional policy, coherent or otherwise." _Allstate Ins. Co. v. Sabbagh,_ 603 F.2d 228, 232 (1st Cir. 1979); _see also Fireman's Fund Ins. Co v. Quackenbush,_ 87 F.3d 290, 297 (9th Cir. 1996).  Moreover, abstention is improper where the state law issue is relatively clear or where it is unlikely that the state statute can be interpreted so as to avoid the constitutional issue. _Baggett v. Bullitt,_ 377 U.S. 360, 375-77 (1964).

Third, abstention is appropriate only when "exceptional circumstance" exist. _O'Neill v. United States,_ 50 F.3d 677, 688 (9th Cir. 1995), _cert. denied,_ 116 S. Ct. 672 (1995). Relevant factors to be considered include whether the state and federal suits are substantially similar, _Nakash v. Marciano,_ 882 F.2d 1411, 1416 (9th Cir. 1989); the inconvenience of the federal forum or the forum in which jurisdiction was first obtained, _Colorado River,_ 424 U.S. at 818; whether state or federal law provides the rule of the decision on the merits, _Youell v. Exxon Corp.,_ 74 F.3d 373, 375 (2d Cir. 1996); and the risk of conflicting results, _Colorado River,_ 424 U.S. at 818.  "The presence of state law issues … is not generally a valid justification for granting a stay under

the *Colorado River* doctrine." *Intel Corp. v. Advanced Micro Devices, Inc.,* 12 F.3d 908, 915 (9th Cir. 1993).

Here, one of the suits pointed-to by Responding Defendants (*Pennsylvania Democratic Party v. Boockvar*) was filed after this lawsuit and does not name all the same parties in this lawsuit and not seek the same relief requested by this action. The other two lawsuits involve claims arising only under state law, not the federal constitution, and have been brought by parties that lack standing to pursue them. In contrast, Plaintiffs' Complaint invokes federal question jurisdiction because the action arises under the United States Constitution and the laws of the United States and involves a federal election, and has been brought by those who have standing to do so. *See* Verified Complaint (ECF#4), ¶ 6; *supra.*, pp. 4-10.

Moreover, the suggested abstention doctrine is not applicable as the law Plaintiffs are seeking to enforce is not complex and there is no realistic contest to the meaning of the statutes at issue. For example, the Pennsylvania Election Code expressly prohibits third-party delivery or other ballot harvesting. *See* 25 P.S. §§ 3146.6(a) & 3150.16(a). *See also In re Canvass of Absentee Ballots of Nov. 4, 2003 Gen. Election*, 843 A.2d 1223, 1231-32, 1234 (Pa. 2004). Yet, some counties allowed third-parties to deliver absentee and mail-in ballots for non-disabled voters in the June 2, 2020 Primary Election and are likely to allow the same in the General Election.

Under such circumstances, abstention is inappropriate. *See, e.g., Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 14 (1983) (emphasizing abstention is only appropriate in rare cases); *see also* ECF #108, ¶7(d) (collecting cases). Accordingly, abstention does not warrant a denial of Plaintiff's Motion.

**IV.     Exclusive Jurisdiction Does Not Rest in the Commonwealth Court.**

Some Responding Defendants also erroneously claim that this Court does not possess jurisdiction over this matter or that the venue of this matter resides in the Commonwealth Court.  This court has jurisdiction to hear matters involving claims arising under the U.S. Constitution.  *See* 28 USCS § 1331.  Further, if a federal court could not hear constitutional challenges to various aspects of the election code, the numerous federal cases cited in this brief (let alone the myriad decisions issued but not cited herein) would not exist.  *See also Constitution Party of Pa. v. Cortes,* 116 F. Supp. 3d 486, 491 (E.D. Pa. 2015) (recognizing that the Commonwealth Court has exclusive jurisdiction over matters related to statewide office but entering substantive decision on claims that certain actions under the election code violated the U.S. Constitution).  Venue is proper in this district given that  a substantial part of the events giving rise to the claim occurred within Allegheny County, which is within this judicial district.  *See* 28 U.S.C. § 1391(b)(2).

Relatedly, some Responding Defendants argue that they should not be parties to the litigation because the Complaint does not contain allegations that illegal conduct occurred in their county during the primary election and, therefore, will not occur in the general election. But, unless all counties follow the same process and follow the law the same way, as there is a need to ensure the process followed in each county is the same and that all counties follow the law, equal protection principles are implicated.  *See, e.g., In re Canvass of Absentee Ballots of Nov. 4, 2003 Gen. Election,* 843 A.2d at 1227 (noting federal court, relying on equal protection grounds, entered injunction preventing counting of ballots delivered by third party in Allegheny County because other counties were not counting such ballots); *Bush v. Gore,* 531 U.S. 98, 104-105 (2000) ("Equal protection applies as well to the manner of its exercise.  Having once granted the right to vote on

equal terms, the State may not, by later arbitrary and disparate treatment, value one person's vote over that of another."). Thus, all counties are indispensable parties and properly before this Court.

**V.    The Discovery Sought by Plaintiffs Is Not Burdensome Or Time-Consuming,**

Most of the Responding Defendants admit that they are a long way towards collecting the discovery material identified by Plaintiffs. *See, e.g.,* Defendant Crawford County Board of Elections' Response (ECF #46), pp. 6-9. Thus, it is hard to believe the discovery requests would be burdensome as alleged, let alone unduly burdensome. *See, e.g., Western Acceptance, LLC v. Gen. Agric. Inc.*, No. 20-cv-00052, 2020 U.S. Dist. LEXIS 119529, at *16-17 (D. Colo., Jul. 8, 2020) (even significant discovery burdens are "well within the normal range" because parties always are burdened by discovery under our judicial system).

But, to the extent there is a viable burdensomeness objection, Plaintiffs are amenable to a requirement that the parties meet-and-confer on the discovery topics and report the results of the same to the Court on an expedited basis. *See, e.g., Cty. of Butler*, 2020 U.S. Dist. LEXIS 93484, at *16 ("[T]he Court hereby ORDERS the parties to meet and confer on the following topics:  1) The type and extent of discovery sought by each party.  To the extent that discovery is necessary, the Court will issue a case management order with condensed discovery deadlines; … .").

**VI.    Conclusion**

Accordingly, Plaintiffs ask this Court to grant their July 1, 2020 Motion (ECF #6), permit expedited discovery, and conduct a speedy hearing so that the upcoming general election can be conducted fairly, openly, transparently, and legally.

Respectfully submitted,

PORTER WRIGHT MORRIS & ARTHUR LLP

Date:  July 17, 2020      By:  */s/ Ronald L. Hicks, Jr.*
Ronald L. Hicks, Jr. (PA #49520)
Jeremy  A. Mercer (PA #86480)
Russell D. Giancola (PA #200058)
Six PPG Place, Third Floor
Pittsburgh, PA 15222
(412) 235-4500 (Telephone)
(412) 235-4510 (Fax)
rhicks@porterwright.com
jmercer@porterwright.com
rgiancola@porterwright.com

and

Matthew E. Morgan (DC #989591)
(admitted pro hac vice – ECF #10)
Justin Clark (DC #499621)
(pro hac vice motion pending – ECF #27)
Elections, LLC
1000 Maine Ave., SW, 4th Floor
Washington, DC 20224
(202) 844-3812 (Telephone)
matthew.morgan@electionlawllc.com
justin.clark@electionlawllc.com

*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a true and correct copy of the foregoing Reply Brief to be filed this 17th day of July, 2020, via ECF, which system will serve notice of same on all parties registered to receive same via the ECF system.  For any party who has yet to enter an appearance, the undersigned certifies that a copy of the foregoing filing will be served on that party via U.S. Mail and a copy sent to the County Solicitor, if known, via email or fax.

Respectfully submitted,

PORTER WRIGHT MORRIS & ARTHUR LLP

By:  */s/ Ronald L. Hicks, Jr.*
Ronald L. Hicks, Jr. (PA #49520)
Jeremy  A. Mercer (PA #86480)
Russell D. Giancola (PA #200058)
Six PPG Place, Third Floor
Pittsburgh, PA 15222
(412) 235-4500 (Telephone)
(412) 235-4510 (Fax)
rhicks@porterwright.com
jmercer@porterwright.com
rgiancola@porterwright.com

and

Matthew E. Morgan (DC #989591)
(admitted pro hac vice – ECF #10)
Justin Clark (DC #499621)
(pro hac vice motion pending – ECF #27)
Elections, LLC
1000 Maine Ave., SW, 4th Floor
Washington, DC 20224
(202) 844-3812 (Telephone)
matthew.morgan@electionlawllc.com
justin.clark@electionlawllc.com

*Counsel for Plaintiffs*

13492816v2