## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONALD J. TRUMP FOR
PRESIDENT, INC., et al.,

        Plaintiffs,

   v.

KATHY BOOCKVAR, et al.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

2:20-cv-966-NR

## SCHEDULING ORDER

The parties in this lawsuit assert that they share a mutual interest in ensuring that the November 2020 general election be free and fair, and that the voting procedures in place be safe, secure, and accessible to the voters of this Commonwealth.  The dispute here, of course, is how to go about doing that, especially in light of the current public-health pandemic.

The parties appear to have different views as to whether and how to implement any mail-in voting procedures in November, with Plaintiffs contending that the mail-in voting procedures in the primaries resulted in "disenfranchisement of voters, questions about the accuracy of election results, and ultimately chaos."  As such, Plaintiffs, who are candidates or electors in the upcoming election, filed this lawsuit and have moved for a speedy hearing on their declaratory claims (with expedited discovery), so that any of the past problems can be resolved before November.

Defendants are election officers and boards of elections, and they oppose the motion for a speedy hearing.  Many of them claim that they intend to move to dismiss this case for fundamental legal defects in the complaint; they also argue that the proposed discovery is burdensome, and say, in any event, much

of the relevant information will be made available on August 1, 2020, as part of the statutorily required report on the primary election.

After carefully considering all of the parties' arguments, the Court will grant in part and deny in part the motion for a speedy hearing and expedited discovery. The Court orders that a speedy hearing is proper and authorized by federal law in this context, and, accordingly, schedules one to begin on September 22, 2020. *See Cty. of Butler v. Wolf*, No. 2:20-CV-677, 2020 WL 2769105, at *5-6 (W.D. Pa. May 28, 2020) (Stickman, J.). Specifically, an expedited timeline is necessary in this case to allow for the resolution of Plaintiffs' claims in advance of the November general election.

The Court is also mindful, however, of the need to ensure proportionality in discovery, especially in light of the expedited timeline, and Defendants' competing obligations to administer the upcoming general election. As such, the Court will encourage early filing of all dispositive motions, and narrow the scope of any expedited discovery to mainly focus on the information in the August 1, 2020, report on the primary election, which is information that Defendants have stated that they can readily provide.

The Court ORDERS as follows:

## I.     Evidentiary Hearing

(1)     An evidentiary hearing on Plaintiffs' Motion for Speedy Declaratory Judgment [ECF 6] will be held on **September 22 and 23, 2020**, commencing at **9:30 AM** each day.

(2)     The tentative plan is to hold the hearing in person. If public-health risks exist at that time, the Court may convert the hearing to a remote one, using videoconferencing technology.

## II.   Motions to Dismiss

(3)    All Defendants are authorized to file Rule 12 motions in the ordinary timeframe contemplated by Rule 12(a).   However, the Court encourages Defendants who wish to expedite the process to file Rule 12 motions by **July 24, 2020**.  Indeed, if Defendants raise threshold standing or abstention arguments, motions to dismiss on those grounds should be filed as quickly as possible.  For all Rule 12 motions, briefs shall be limited to 20 pages.

(4)    Plaintiffs shall have seven days to respond to all motions to dismiss.  Thus, if a motion is filed on **July 24, 2020**, responses are due **July 31, 2020**.  Response briefs shall be limited to 20 pages.

(5)    Reply briefs in support of motions to dismiss are optional and must be filed within three days of a response brief.  They are limited to 5 pages.  No sur-replies will be authorized, given the compressed schedule.

(6)    Consistent with the Court's Practices and Procedures Section II(c), discovery will not be stayed pending resolution of the Rule 12 motions.

(7)    Regarding motions to dismiss, as well as all other motions, all parties are entitled to file their own briefs.  However, if the purpose of the brief is to restate those arguments made by another party, a party is encouraged not to file a brief.   Rather, that party should file a one-sentence document specifying which filing is being joined.  This document should be labeled a "Joinder" on the ECF system, rather than a "Motion for Joinder."

## III.   Discovery Deadlines

### A.   Preliminary Matters

(8)    Discovery will be limited to serving written interrogatories, requests for production of documents, and conducting depositions as set forth below.

**B.      Interrogatories, Requests for Production & Rule 502 Order**

(9)      Each party will be limited to **15** interrogatories and **15** requests for production per party, per each target of that discovery, including subparts.  No requests for admission will be permitted.

(10)      The parties shall meet and confer by **July 22, 2020** as to the scope of relevant discovery, taking into account the information that will be disclosed with the August 1, 2020, report of the primary election.  To provide guidance to the parties regarding that conference, the Court notes that, at a minimum, the August 1, 2020, report, and the data submissions under 71 P.S. § 279.6(c), should be produced by Defendant Secretary Boockvar to all other parties (including any Intervenors).  Any additional discovery beyond that must: (i) not be duplicative of materials received in connection with the report; and (ii) be narrowly tailored to the implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election.

(11)      All written discovery requests must be served by **July 24, 2020**.

(12)      All responses to written discovery, including producing all items and documents, shall be made by **August 5, 2020**.

> a. The parties shall not serve boilerplate interrogatories and document requests, and their written responses shall not contain boilerplate general objections.  Any objections must be stated with specificity as to a particular request or will otherwise be deemed waived.

(13)      To the extent that there are disputes regarding the scope of fact discovery, the parties must meet and confer to attempt to resolve those disputes.  The Court will hold a telephonic status conference on **August 6,**

**2020**, at **2:00 PM** to discuss the status of fact discovery, resolve any initial disputes, and discuss any requests to alter this order.  If future disputes arise, the parties must adhere to the process set forth in the Court's Practices and Procedures Section II(e).

(14)   Pursuant to Local Rule 16.1(D), and to aid in the implementation of Fed. R. Evid. 502, the following is ordered in the event of an inadvertent disclosure of any privileged or trial preparation/attorney work product material:

> a.  The producing party shall promptly notify all receiving parties of the inadvertent production of any privileged or trial preparation material.  Any receiving party who has reasonable cause to believe that it has received privileged or trial preparation material shall promptly notify the producing party.

> b.  Upon receiving notice of inadvertent production, any receiving party shall immediately retrieve all copies of the inadvertently disclosed material and sequester such material pending a resolution of the producing party's claim either by the Court or by agreement of the parties.

> c.  If the parties cannot agree as to the claim of privilege, the producing party shall move the Court for a resolution within 30 days of the notice set forth in subparagraph (a). Nothing herein shall be construed to prevent a receiving party from moving the Court for a resolution, but such motion must be made within the 30-day period.

## C.   Depositions

(15)   Each "side"—(1) Plaintiffs; (2) Defendants; and (3) Intervenors—shall be permitted to conduct no more than **30 hours** of depositions per side prior to the hearing.

> a.  Given the ongoing public-health crisis, all depositions must be conducted by remote means, unless all attendees and the deposition witness agree to conduct the deposition in person.
>
> b.  Each "side" shall confer amongst themselves to agree on how to divide their 30 hours of deposition time.
>
> c.  The party taking the deposition must "keep the clock"; recesses do not count against the time.
>
> d.  The time limits for depositions shall not include any expert depositions.
>
> e.  Any party may seek leave for additional deposition time, upon filing a motion explaining the need for the deposition testimony.
>
> f.  All fact-witness depositions must be completed by **August 26, 2020.**

## D.   Expert Reports

(16)   All affirmative expert reports shall be completed and simultaneously produced by **August 12, 2020**.  Rebuttal expert reports shall be completed and produced by **August 19, 2020**.  All expert depositions shall be completed by **August 26, 2020**.

## E.   Modifications to Discovery Schedule

(17)   The discovery deadlines set forth above may be modified only by leave of Court.

## IV. **Pre-Hearing Briefing**

(18)   The parties shall submit pre-hearing briefs, not to exceed 20 pages, by **September 15, 2020 by 5:00 PM**.  Though it is not mandatory, it would be helpful for the parties to submit tentative proposed findings of fact, which can be referred to during the hearing to guide the Court as it considers witness testimony.

(19)   The parties shall submit motions *in limine* and *Daubert* motions by **September 15, 2020 by 5:00 PM**.  Reponses to motions *in limine* and *Daubert* motions must be submitted by **September 18, 2020 by 5:00 PM**. Moving and response briefs shall not exceed 10 pages.  No reply briefs are permitted.

## V. **Exhibit & Witness Lists**

(20)   The parties shall exchange exhibits and provide the Court with electronic copies of exhibits by **September 15, 2020 by 5:00 PM**.  Exhibits should be pre-marked and e-mailed to the Court's courtroom deputy at alexander_vahlsing@pawd.uscourts.gov.  The Court prefers to receive each exhibit as a separately labeled document or file.

(21)   The parties shall exchange witness lists by **September 15, 2020 by 5:00 PM** and e-mail the Court their witness lists, as well.  The parties shall include proposed time limits for the testimony of each witness.

(22)   All direct testimony (*i.e.*, testimony of non-adverse witnesses) shall be entered by written declarations, such that the hearing can focus mostly on cross-examination of witnesses.  The parties must file witness declarations by **September 15, 2020 by 5:00 PM.**

## VI. **Pre-Hearing Teleconference**

(23)   A pre-hearing teleconference will take place on **September 10, 2020 at 3:00 PM**.  The parties shall confer ahead of time as to the proposed

- 7 -

time parameters for each side in presenting its case, and be prepared to discuss that on the call.

## VII.   **Hearing Procedures**

(24)   **Hours.**   Unless otherwise ordered, court will be in session from 9:30 AM to 6:00 PM, with a short break for lunch.

(25)   **No Opening Statements.**   Because the parties will have already submitted pre-hearing briefs, opening statements will not be necessary.   The parties should assume that the Court has carefully reviewed their submissions prior to the hearing and is familiar with their respective positions.

(26)   **Closing Arguments.**   Closing arguments will be authorized, with each side being allotted no more than 30 minutes per side.   Counsel may use exhibits, PowerPoints, or other demonstratives in closings, provided that the same have been given to opposing counsel beforehand.

(27)   **Use of Exhibits.**   Because counsel will have previously marked and exchanged all exhibits and provided copies to the Court, it is not necessary to show exhibits to opposing counsel prior to using them.   When presenting a new exhibit, counsel should clearly identify the exhibit they are referring to.

(28)   **Examination of Witnesses.**   Co-counsel are not permitted to split up the examination of a witness.

(29)   **Objections.**   Counsel should state the legal basis for any objection in a summary fashion (*e.g.* hearsay, lacks foundation, etc.).   Speaking objections are not permitted.   The Court will prompt counsel if further explanation or argument is required to resolve an objection.

(30)   **Use of Technology.**   The parties should use trial presentation technology, courtroom technology, and trial exhibit summaries pursuant to Fed. R. Evid. 1006 to the fullest extent possible.   This includes where counsel is using a deposition transcript or written statement to impeach a witness.

Plaintiffs' counsel is instructed to serve a copy of this order by overnight mail (and email, if feasible) on all Defendants (or their counsel) who have not yet entered appearances in this case.

Dated:  July 17, 2020          BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge