IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC.; et al., | ) ) ) | Civil Action |
| Plaintiffs, | ) ) | |
| | ) | No.: 2-20-CV-966 |
| v. | ) ) | |
| KATHY BOOCKVAR; et al., | ) ) | |
| Defendants. | ) | Judge J. Nicholas Ranjan |

BRIEF IN SUPPORT OF
DEFENDANT POTTER COUNTY ELECTION BOARD'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendant, Potter County Board of Elections ("Potter County"), by and through its attorneys, Thomas R. Shaffer and Glassmire & Shaffer Law Offices, P.C., submits this Brief in Support of its Motion Court to dismiss Plaintiffs Complaint in accordance with Federal Rule of Civil Procedure 12(b)(6).

As this is a complex matter with many parties and many potential issues, Potter County will be brief. As set forth in greater detail in the Motion, Plaintiffs have failed completely to set forth any facts which relate to any conduct (good or bad) which relates in any manner to Potter County.

The current standard for an adequately pled complaint was set out in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007). Under Twombly, to state a claim, a party's factual allegations must raise a right to relief above the speculative level. Philips v. County of Allegheny, 515 F.3d 224, 232 (3rd Cir. 2008).(citing *Twombly*, 550 U.S. At 555). The Supreme Court reaffirmed and clarified the

Twombly standard in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Iqbal Court explained that although a plaintiff was not required to make "detailed factual allegations, . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of elements of a cause of action will not do." Id. At 1949.

Thus, in considering a 12(b)(6) motion to dismiss for failure to state a claim the Court should consider a two-part analysis.  First, the Court "must accept all of the complaint's well-pleaded facts as, true, but may disregard any legal conclusions."  *Fowler v. UPMC*, 578 F.3d, 210011 (3rd Cir. 2009), citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Next, the Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief'" *Id*. At 211, quoting *Iqbal*, 556 U.S. At 679.  To be "plausible," a claimant's factual allegations must "permit the court to infer more than the mere possibility of misconduct" *Id*.  That is, a "complaint must do more than allege the plaintiff's entitlement to relief," it "has to 'show' such an entitlement with its facts." *Id*.  If the court can only infer misconduct, the complaint must be dismissed because it has alleged, but has failed to show, that the pleader is entitled to relief. *Id*.

Applying this test to the factual allegations against Potter County is a very simply matter.  There are no factual allegations against Potter County and thus there is no "plausible claim for relief."  Do the Plaintiffs seek a declaration that Potter County should keep on doing what it is doing or change what it is doing?  How could the Court know what to declare as there are no facts whatsoever alleged as to what Potter County has done?  Do the Plaintiffs seek to enjoin Potter County from some action it has done in the past?  Again, how could the Court know what to enjoin as there are absolutely no facts pled as to any allegation of improper activities?  Has Potter County violate the rights or disenfranchised any of its voters?  Again, with no facts alleged, there is no possible way to state a plausible claim for relief.

Potter County takes no position with respect to actions or in-actions of the Secretary of State or of the twenty (20) counties for which at least some factual allegations have been made.  With respect to

Potter County, with no facts alleged, Plaintiffs might (at best and being most generous) have some vague speculation or some mere possibility of misconduct on the part of Potter County. This clearly not enough to survive a motion to dismiss. Accordingly, Potter County Board of Elections prays that this Honorable Court dismiss the Plaintiffs' Complaint against it.

    WHEREFORE, it is respectfully requested that the Complaint against the Potter County Board of Elections be dismissed under Rule 12 (b) (6) of the Federal Rules of Civil Procedure.

    Respectfully submitted,

    GLASSMIRE & SHAFFER LAW OFFICES, P.C.


By:   */Thomas R. Shaffer/*
       Thomas R. Shaffer,
       Pa. I.D. No. 37503
       Solicitor for Potter
       County Board of Elections

       5 East Third Street
       Coudersport, PA 16915
       (814) 274-7292

**CERTIFICATE OF SERVICE**

    I hereby certify that on this day, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system, pursuant to the Federal Rules of Civil Procedure.

                                                      GLASSMIRE & SHAFFER LAW OFFICES, P.C.

                                  By:   */Thomas R. Shaffer/*
                                              Thomas R. Shaffer,
                                              Pa. I.D. No. 37503
                                              Solicitor for Potter
                                              County Board of Elections

                                              5 East Third Street
                                              Coudersport, PA 16915
                                              (814) 274-7292

Dated: 07/18/2020