**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC.;  *et al.*, | ) ) ) | |
| | ) | Civil Action |
| Plaintiffs, | ) | |
| | ) | No.: 2-20-CV-966 |
| v. | ) | |
| | ) | |
| KATHY BOOCKVAR; *et al.*, | ) | |
| | ) | Judge J. Nicholas Ranjan |
| Defendants. | ) | |

**RESPONSE IN OPPOSITION TO**
**NON-PARTIES' MOTION TO INTERVENE (ECF #103)**

At issue in this action is whether Defendants' inconsistent and arbitrary administration of Pennsylvania's newly-enacted no-excuse mail-in voting law not only violates the legislative mandates designed by the General Assembly to prevent the dilution of legitimately cast ballots by ineligible or fraudulent ballots but also infringes Plaintiffs' federal and state constitutional rights to free, fair, transparent, and verifiable elections.  The Proposed Intervenors[1] request to intervene as defendants in this action, but they fail to include a "pleading that sets out the claim or defense for which the intervention is sought" as required by Federal Rule of Civil Procedure 24(c).  Nor do they identify a "claim or defense" to which they are a proper party.  Indeed, although they provide detailed affidavits of their activities in conducting voter registration, voter education, and voter turnout, the Proposed Intervenors fail to identify any interest in the actual conduct of elections or any authority under the Pennsylvania Election Code giving them the right to handle third-party ballots or otherwise play any role in the administration and monitoring of elections.  The reason for

---

[1] The National Association for the Advancement of Colored People Pennsylvania State Conference, Common Cause of Pennsylvania, League of Women Voters of Pennsylvania, Patricia DeMarco, Danielle Graham Robinson, and Kathleen Wise.  *See* Motion to Intervene (ECF #103), p. 1.

such failure is because no such right or authority exists, and thus the Proposed Intervenors lack a substantial interest to be a party in this litigation.

The Proposed Intervenors' Motion falls woefully shy of what Rule 24 requires for intervention as a matter of right or by permission. Not only have they failed to attach a pleading or otherwise identify the claims or defenses for which intervention is sought, the Proposed Intervenors lack a discrete, substantial, legally protectable interest in the outcome of this suit and they cannot overcome the presumption that Defendants and/or other intervened parties are adequately representing their interests. Moreover, their involvement will bog down an otherwise straightforward challenge by political parties, candidates and voters who have been and will be injured by Defendants' misadministration of the Pennsylvania Election Code and its new no-excuse mail-in voting. Accordingly, Plaintiffs request this Court to deny the Proposed Intervenors' Motion (ECF #103).

## ARGUMENT

**I.     A MOTION TO INTERVENE MUST BE ACCOMPANIED BY A PLEADING OR OTHER STATEMENT THAT IDENTIFIES THE CLAIM OR DEFENSE FOR WHICH INTERVENTION IS SOUGHT.**

Rule 24(c) is mandatory and requires a party to attach to its motion a pleading that includes the defenses to be asserted. The command of Rule 24(c) is clear and unambiguous: "A motion to intervene *must* ... be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c) (emphasis added); *see also Public Citizen v. Liggett Group, Inc.,* 858 F.2d 775, 783-84 (1st Cir. 1988) ("The language of [Rule 24(c)] is mandatory, not permissive, and the rule sets forth reasonable procedural requirements to insure that claims for intervention are handled in an orderly fashion."). Rule 24(c)'s procedural requirements serve to "enable the court to properly frame the issues, and to inform the parties against whom some right

is asserted or relief sought." *Abbent v. Eastman Kodak Co. (In re Pantopaque Prods. Liab. Litig.),* 938 F. Supp. 266, 274 (D.N.J. 1996). Accordingly, an intervenor who fails to proffer a proposed pleading which identifies the "claim or defense" upon which intervention is sought cannot intervene even if that party claims to have an "interest" in the outcome of the litigation. *See, e.g., Pin v. Texaco, Inc.,* 793 F.2d 1448, 1450 (5th Cir. 1986) ("[I]ntervention under Rule 24 is conditioned by the Rule 24(c) requirement that the intervenor state a *well pleaded claim or defense to the action*.") (citation omitted; emphasis added)).

Here, the Proposed Intervenors' Motion contains neither the pleading that Rule 24(c) requires nor the identification of the "claim" or "defense" they intend to assert.[2] Accordingly, without a "pleading" or other statement of "the claim or defense for which intervention is sought," the Proposed Intervenors' Motion is procedurally deficient and should be denied. *See, e.g., Township of South Fayette v. Allegheny County Housing Authority,* 183 F.R.D. 451, 453 (W.D. Pa. 1998), *aff'd sub nom.,* 185 F.3d 863 (3d Cir. 1999) ("Because movants have not submitted pleadings 'setting forth the claim or defense for which intervention is sought,' their motions to intervene are subject to dismissal for failure to comply with the mandate of Rule 24(c)."); *School District of Philadelphia v. Pennsylvania Milk Marketing Board,* 160 F.R.D. 66, 67 (E.D. Pa. 1995) ("PAMD has not, however, attached a 'pleading setting forth the claim or defense for which intervention is sought' as required by Rule 24(c). Accordingly, PAMD has not properly moved this Court for intervention, and so PAMD's motion to intervene either as of right or by permission

---

[2] The Proposed Intervenors have not identified whether they intend to assert a "claim" in this litigation similar to the relief the NAACP has sought before the Pennsylvania Commonwealth Court. *See NAACP Pennsylvania State Conference v. Boockvar*, No. 364 MD 2020 (Pa. Commw. Ct.). But, the Proposed Intervenors have not asserted a "defense" because none of the requested relief would impose any legal obligations on the Proposed Intervenors. And there is no conceivable "defense" for the Proposed Intervenors to assert, because they will not be required to do anything or be restrained from doing anything by the relief that Plaintiffs are seeking.

must be DENIED."); *Waudby v. Verizon Wireless Services, LLC,* 248 F.R.D. 173, 175 (D.N.J. 2008) ("A proposed intervenor must comply with the requirements of Rule 24(c).").

Proposed Intervenors' attempt to overcome their failure is unavailing.  In their Motion, the Proposed Intervenors assert that "[t]his Court has discretion to grant [their] motion to intervene without the inclusion of a pleading where no prejudice will result to the other parties."  *See* Proposed Intervenors' Motion (ECF #103), p. 2.  In support of this assertion, the Proposed Intervenors cite *Amalgamated Transit Union, Local 1729 v. First Grp. Am. Inc.*, No. 2:15-cv-806, 2016 WL 520989, 2016 U.S. Dist. LEXIS 16167 (W.D. Pa., Feb. 10, 2016), and *U.S. ex rel. Frank M. Sheesley Co. v. St. Paul Fire & Marine Ins. Co.*, 239 F.R.D. 404 (W.D. Pa. 2006).  However, in *Amalgamated Transit*, the intervention motion set forth in the motion itself the very defenses the intervening party intended to raise to the plaintiff's claims.  *Amalgamated Transit*, 2016 U.S. Dist. LEXIS 16167, at *3.  Similarly, in *Frank M. Sheesley*, although the intervention motion contained no "pleading," it did attach "a motion to compel arbitration and stay the proceedings" which sufficiently alerted the parties to the defenses being raised by the party seeking to intervene.  *Frank M. Sheesley Co. v. St. Paul Fire & Marine Ins. Co.*, 239 F.R.D. at 411-12.  Here, the Proposed Intervenors' Motion is devoid of any proposed pleading to be filed by them and of any explanation or other identification of the defenses or claims they seek to assert.  Under such circumstances, this Court lacks discretion to ignore Rule 24(c)'s clear and unambiguous notice and pleading mandate.  *See, e.g., Dickerson v. U.S. Steel Corp.*, 582 F.2d 827, 832 (3d Cir. 1978) ("Furthermore, the class-member witnesses have not complied with Rule 24(c) which sets forth the procedure for intervention: service of a motion on the parties which shall state the grounds therefor and a pleading setting forth the claim. We conclude, then, that there is no authority in Rule 24 for the 'equitable intervention' attempted in this case."); *SEC v. Investors' Security Leasing Corp.,* 610 F.2d 175, 178 (3d Cir. 1979)

("Because the requirements of rule 24(c) were not complied with, the owners were not proper parties in the district court.").

Because the Proposed Intervenors' Motion fails to comply with Rule 24(c)'s notice and pleading requirement, it is procedurally improper and should be denied.

## II.   To the Extent They Seek Any Affirmative Relief, The Proposed Intervenors Lack Article III Standing to Intervene.

To the extent they intend to seek any affirmative relief, Proposed Intervenors must prove they have standing to be a party in this litigation.  One essential aspect of an Article III court's jurisdiction is that "any person invoking the power of a federal court must demonstrate standing to do so." *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013).  In 2017, the United States Supreme Court resolved a split of authority between the circuits "by adopting the minority view and requiring a litigant to possess Article III standing in order to intervene as of right," if they seek to introduce any new claims or seek affirmative or different relief.[3] *Seneca Res. Corp. v. Highland Twp.*, No. 17-4540, 2017 WL 4168472, 2017 U.S. Dist. LEXIS 152737, at *7 (W.D. Pa., Sept. 20, 2017) (citing *Town of Chester, N.Y. v. Laroe Estates, Inc.*, ___ U.S. ___, 137 S. Ct. 1645, 1651 (2017)).  Accordingly, "[b]ecause standing is a question of subject matter jurisdiction, if the proposed intervenors do not have standing, the Court does not have jurisdiction and accordingly a motion to intervene fails." *Seneca Res. Corp.*, 2017 U.S. Dist. LEXIS 152737, at *7 (citing *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007) ("standing is a jurisdictional matter."); *Public Interest Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111,

---

[3] As the Third Circuit recently explained, proof of Article III standing is only necessary when a proposed defendant intervenor is seeking relief beyond that requested by the originally named defendants.  *Commonwealth v. Trump*, 888 F.3d 52, 57 n. 2 (3d Cir. 2018)  ("Because the Little Sisters moved to intervene as defendants and seek the same relief as the federal government, they need not demonstrate Article III standing.") (citations omitted).

117 (3d Cir.1997) (Article III standing is a "threshold jurisdictional requirement" for any case in federal court)). *See also Alexander v. Rendell,* 246 F.R.D. 220, 225 (W.D. Pa. 2007) ("until a precedential appellate decision of this question is issued, the Court will assume that the existence of standing, whether constitutional or prudential in its basis, is a requirement for either intervention as of right or permissive intervention."); *Flying J, Inc. v. Van Hollen,* 578 F.3d 569, 571, 573 (7th Cir. 2011) (discussing, specifically, that standing is required for both mandatory and permissive intervention).

If they intend to pursue new claims or seek affirmative or different relief, Proposed Intervenors bear the burden of establishing the elements of standing. *Spokeo, Inc. v. Robins,* ___ U.S. ___, 136 S.Ct. 1540, 1547 (2016). To demonstrate Article III standing, a prospective intervenor must show that it has:

1) suffered an "injury in fact;"
2) that is fairly traceable to the challenged action of the [opposing party] ...; and
3) that is likely to be redressed by a favorable judicial decision."

*Spokeo,* 136 S.Ct. at 1547. *See also Pennsylvania Psych. Soc. v. Green Spring Health Services, Inc.,* 280 F.3d 278, 283, 287-289 (3d Cir. 2002) (Associational or third-party standing "requires the satisfaction of three preconditions: 1) the plaintiff must suffer injury; 2) the plaintiff and the third party must have a 'close relationship'; and 3) the third party must face some obstacles that prevent it from pursuing its own claims.") (citations omitted).

The injury requirement of standing is not met just because the Proposed Intervenors have an interest in the subject matter of the litigation. A party's "mere 'interest in a problem,' no matter how longstanding the interest and no matter how qualified the organization is in evaluating the problem, is not sufficient by itself" to establish standing.

405 U.S. 727, 739 (1972).  *See also Hollingsworth*, 133 S.Ct. at 2662 (a "generalized grievance, no matter how sincere, is insufficient to confer standing."); *Diamond v. Charles,* 476 U.S. 54, 66 (1986) ("Article III requires more than a desire to vindicate value interests."); *Dillard v. Chilton Cty. Comm'n,* 495 F.3d 1324, 1333 (11th Cir. 2007) ("[G]eneralized grievances asserted by [individual] Intervenors ... do not assert a concrete and personalized injury").  Instead, to support standing, a proposed intervenor must "claim 'the invasion of a concrete and particularized legally protected interest' resulting in harm 'that is actual or imminent, not conjectural or hypothetical.'" *Seneca Res. Corp.,* 2017 U.S. Dist. LEXIS 152737, at *10 (citing *Prince v. United States Gov't,* 697 F.App'x 134 (3d Cir. 2017) (quoting *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 278 (3d Cir. 2014)).

For an "injury" to be sufficient to establish standing, Proposed Intervenors must show both a specific *and* actual injury.  "Concreteness and particularity are separate requirements" in that "[f]or an injury to be particular, 'it must affect the [litigant] in a personal and individual way[;]' ... [m]eanwhile, a concrete injury 'must be "de facto"; that is it must actually exist.'" *Seneca Res. Corp.,* 2017 U.S. Dist. LEXIS 152737, at *10 (citations and quotations omitted).  Moreover, "[w]here, as here, the alleged injury is heightened risk of future harm, the allegations must 'entail a degree of risk sufficient to meet the concreteness requirement.'" *Id.* at *11 (quoting *Kamal v. J. Crew Grp., Inc.*, 2016 U.S. Dist. LEXIS 145392, 2016 WL 6133827, at *2 (D.N.J. Oct. 20, 2016)) (quotations and citations omitted).  *See also Alfa Int'l Seafood v. Ross*, 321 F.R.D. 5, 8 (D.C. D.C. 2017) ("[W]here standing is premised on future injury, the party must demonstrate a realistic danger of sustaining a direct injury.").  Finally, "[n]ot every diversion of resources to counteract the defendant's conduct, however, establishes an injury in fact." *N.A.A.C.P. v. City of Kyle, Texas*, 626 F.3d 233, 238 (5th Cir. 2010).

As Plaintiffs have noted previously, the Proposed Intervenors have not attached a pleading to their Motion; therefore, it is unknown whether they intend to seek any relief beyond that asserted by the original Defendants.[4]  However, to the extent they seek any relief beyond that requested by the originally named Defendants, the Proposed Intervenors have failed to allege or identify any concrete and particularized injury that they are seeking to redress as part of their intervention.  *See* Motion to Intervene (ECF #103), pp. 1-3.  Indeed, in their supporting legal memorandum, although they state in a conclusory fashion they have Article III standing, the Proposed Intervenors focus entirely on their allegedly "sufficient interest" or "significantly protectable interest in the litigation" rather than on any concrete and particularized injury-in-fact.  *See* Memorandum in Support of Motion to Intervene (ECF #104), pp. 11-14 & n. 16.[5]  "The 'sufficient  interest' contemplated in Rule 24 is not equivalent to the injury-in-fact element of standing."  *Seneca Res. Corp.,* 2017 U.S. Dist. LEXIS 152737, at *11-12.  Moreover, although they all claim an interest in "ensuring that eligible voters have access to the ballot box," none of the Proposed Intervenors have any responsibilities under the Pennsylvania Election Code in the conduct or administration of elections, which is the focus of Plaintiffs' complaint.  And although the non-profit organizations tout their voter registration and voter education activities, Plaintiffs' claims in this case do not impact those interests.

---

[4] As of the date of this Response, only one Defendant has filed an answer (ECF #36), and that pleading does not assert any affirmative defenses or any counter or cross claims.

[5] The fact that the Proposed Intervenors argue in footnote 16 of their Memorandum that they "have Article III standing to participate in the litigation as defendants, whether on behalf of their members or in their own right, to pursue relief that is different from that sought by the parties" is a strong indication that the Proposed Intervenors intend to pursue claims or seek relief beyond that to be requested by the other Defendants.  *See* Memorandum in Support of Motion to Intervene (ECF #104 ), p. 11, n. 16.

At best, the Proposed Intervenors have alleged nothing more than a generalized interest in Pennsylvania's election laws which does not suffice to create Article III standing.  *See, e.g., Ind. Democratic Party v. Rokita,* 458 F. Supp. 2d 775, 810 (S.D. Ind. 2006) (general interest in one state's election laws does not create standing; "[o]therwise there would be universal standing: anyone could contest any public policy or action he disliked. There must be a concrete injury.") (citations and quotations omitted).  Instead, this is precisely the type of abstract, generalized interest that the United States Supreme Court has repeatedly held does not confer standing.  *See, e.g., Hollingsworth,* 133 S. Ct. at 2662 (intervenor's interest in "vindicat[ing] the validity of a generally applicable California law … insufficient to confer Article III standing"); *Diamond,* 476 U.S. at 66 (although individual physician's standing allegation "may be cloaked in the nomenclature of a special professional interest, it is simply the expression of a desire that the Illinois Abortion Law as written be obeyed. Article III requires more than a desire to vindicate value interests."); *Common Cause Ind. v. Lawson,* No. 1:17-cv-03936-TWP-MPB, 2018 WL 1070472, 2018 U.S. Dist. LEXIS 30917, at *9-*10 (S.D. Ind., Feb. 27, 2018) (public interest foundation's  "mission to ensure that states and counties properly maintain voter-registration lists as required under federal law and its actions, including list-maintenance activities of states and counties" and its purpose of "protect[ing] the integrity of each citizen's right to vote from impingement by inadequate election administration" are too generalized to support Article III standing).

Accordingly, this Court should deny the Proposed Intervenors' Motion for lack of standing.

## III.   The Proposed Intervenors Have Failed to Prove They Are Entitled to Intervention as a Matter of Right.

The Proposed Intervenors have failed to meet either of Rule 24's requirements for intervention as a matter of right.  Under the first subsection of that Rule, a party may move to

intervene in ongoing litigation as a matter of right if it possesses "an unconditional right to intervene by a federal statute," or the prospective intervenor "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(1) & (2).  In neither their Motion nor their supporting memorandum do the Proposed Intervenors rely on any unconditional, federal statutory right to intervene.  Thus, the Proposed Intervenors have no right to intervene under Rule 24(a)(1).

Proposed Intervenors also fail to establish intervention as of right under Rule 24(c)(2).  To intervene by right under Rule 24(a)(2), an applicant must satisfy the following four requirements: (1) timely application, (2) the applicant has a significantly protectable interest in the pending lawsuit, (3) disposition of the lawsuit may impair or impede his ability to protect applicant's interest absent intervention, and (4) the existing parties do not adequately represent applicant's interest.  Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 220 (3d Cir. 2005).  Each of these requirements must be met for a non-party to intervene as of right.  Liberty Mut. Ins., 419 F.2d at 220; Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 366 (3d Cir. 1995).  If an applicant cannot meet one of the four criteria, then intervention as of right must be denied.  Reid L. v. Ill. State Bd. of Educ., 289 F.3d 1009, 1017 (7th Cir. 2002).

For the second through fourth requirements, the "interest" must be a direct interest.  Regarding Rule 24 intervention motions, the Third Circuit has stated:

> [T]he polestar for evaluating a claim for intervention is always whether the proposed intervenor's interest is direct or remote.  Due regard for efficient conduct of the litigation requires that intervenors should have an interest that is specific to them, is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought. The interest may not be remote or

> attenuated.  The facts assume overwhelming importance in each
> decision.

*Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 972 (3d Cir. 1998).  The Third Circuit has also stated:

"In general, a mere economic interest in the outcome of the litigation is insufficient to support a

motion to intervene."  *Mountain Top Condo.*, 72 F.3d at 366.

Here, the Proposed Intervenors fail to satisfy the second through fourth requirements of

Rule 24(a)(2).  More specifically, the Proposed Intervenors lack a direct and substantial interest

relating to the subject matter of this litigation; their purported interest will not be impaired without

their involvement; and their interests are adequately represented by the named Defendants.

Therefore, their request for intervention as matter of right should be denied.

A.     **The Proposed Intervenors Lack a Direct and Substantial Interest in the Subject Matter of the Litigation to Justify Intervention under Rule 24(a)(2).**

Without a direct interest in the competitive structure of Pennsylvania's elections or a role,

the Proposed Intervenors cannot meet the second requirement for intervention as of right.  Our

United States Supreme Court has ruled that under Rule 24(a)(2), a prospective intervenor's

interest must be one that is "significantly protectable" in the pending litigation.  *Donaldson v.*

*United States*, 400 U.S. 517, 531 (1970).  Under this requirement, an intervenor must have more

than a general interest in the issues raised in the litigation.  *See Harris v. Pernsley*, 820 F.2d 592,

601 (3d Cir. 1987) ("… to have an interest sufficient to intervene as of right, the interest must be

a legal interest as distinguished from interests of a general and indefinite character."), *cert. denied*

*sub nom.*, *Castille v. Harris*, 484 U.S. 947 (1987) (quotations and citations omitted).  Rather, the

intervenor's interest must be of such a sufficient nature that "the action will have a *stare decisis*

effect on the intervenor's rights."  *Harris,* 820 F.2d at 601.  Consequently, where a prospective

intervenor (like Proposed Intervenors here) has no authority or involvement in the administrative

function which is the subject of the action, intervention as of right must be denied.  *Id.* at 601-02.

The decision in *Harris* is illustrative of this point.  In that case, the then Philadelphia district attorney argued he had an absolute right to intervene as a defendant to litigate the constitutionality of the conditions of the Philadelphia prison system and the relief, if any, to which the plaintiffs may be entitled.  *Id.* at 596.  As for his particularized interest to justify intervention, the district attorney asserted that the suit's attempt to impose a ceiling on the prison population would limit his ability to carry out his duties as a law enforcement officer.  *Id.* at 601. In affirming the district court's denial of his intervention petition, the Third Circuit held that because the district attorney did not administer the prison, and the consent decree placing a ceiling on the prison population would only tangentially affect his ability to prosecute, he "[did] not have a sufficient interest to intervene of right as a party in [the] action[.]"  *Id.* at 602-603.

Here, none of the Proposed Intervenors' claimed interests[6] constitute a "direct, significant legally protectable interest" in this lawsuit sufficient to justify intervention as of right under Rule 24(a)(2).  At issue in this action is whether the named Defendants' inconsistent administration of Pennsylvania's newly-enacted no-excuse mail-in voting law not only violates the General Assembly's legislative mandates that were put in place to prevent the casting and counting of ineligible or fraudulent ballots that dilute the votes of legitimately cast ballots but also infringes Plaintiffs' federal and state constitutional rights to vote and to free, fair, transparent, and verifiable

---

[6] Those interests are, among others, "protecting their own and their members' rights to vote safely in the midst of a pandemic, and to protect their access to mail-in and absentee ballots, and readily accessible secure drop-boxes," "protecting their members' rights to access the ballot box and ensuring that eligible voters are not improperly prevented or otherwise hindered from voting," and "expend[ing] considerable resources towards ensuring that eligible voters in Pennsylvania can exercise their right to vote."  *See* Memorandum in Support of Motion to Intervene (ECF #104), pp. 11-13.

elections.  Also, this lawsuit raises the issue of whether the poll watching statute is constitutional in light of the expansion of mail-in voting and the inability to monitor such voting through traditional poll watching.

Moreover, none of the Proposed Intervenors have any involvement in the administration or monitoring of elections because they are not the county boards of elections, political parties, or candidates.  *See, e.g., Tiryak v. Jordan, 472 F. Supp. 822, 823-24 (E.D. Pa. 1979)* ("Although the [Commonwealth] is ultimately responsible for the conduct and organization of elections, the statutory scheme [promulgated by the Election Code] delegates aspects of that responsibility to the political parties.  This delegation is a legislative recognition of the 'critical role played by political parties in the process of selecting and electing candidates for state and national office.'") (quoting *Marchioro v. Chancy, 442 U.S. 191, 195 (1979))*.  *See also* 25 P.S. § 2642(f)-(i) and (k).  Nor do any of the Proposed Intervenors have any authority under the Pennsylvania Election Code to appoint poll watchers or otherwise monitor elections.  *See* 25 P.S. § 2687(a).  Instead, the Pennsylvania Election Code limits the appointment of poll watchers and the monitoring of the Defendants' administration of elections, including the casting and counting of ballots, to political parties and their candidates.  *Id.* at §§ 2687(a)-(b), 3060(a) & (d), 3050(d), & 3146.8(e).

Much like the district attorney in *Harris*, the Proposed Intervenors have only a generalized interest in having the Pennsylvania Election Code interpreted, contrary to its terms, to permit ballot harvesting and/or to allow for the use drop-boxes, mobile collection sites, and other unmonitored means to return absentee and mail-in ballots outside the presence of poll watchers.   The Proposed Intervenors lack a direct, substantial interest in this lawsuit.  Therefore, intervention as of right should be denied.

**B.    The Proposed Intervenors Have Not Shown Any Impairment of Their "Interests" By Disposition of this Action Without Their Involvement.**

Even if an applicant proves that he or she possesses a sufficient legal interest in the underlying dispute, intervention as of right remains improper if the applicant fails to demonstrate that its interest is in jeopardy in the lawsuit in its absence. *Mountain Top Condo.*, 72 F.3d at 368; *Brody v. Spang*, 957 F.2d 1108, 1122 (3d Cir. 1992). To meet this element, a party seeking to intervene must demonstrate that its legal interests "may be affected or impaired, as a practical matter by the disposition of the action." *Brody*, 957 F.2d at 1122 (quoting *Harris*, 820 F.2d at 596). In making this determination, a court must assess "the practical consequences of the litigation," and "'may consider any significant legal effect on the applicant's interest.'" *Harris*, 820 F.2d at 601 (quoting *National Resources Defense Council, Inc. v. United States Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1345 (10th Cir. 1978)). But, "[i]t is not sufficient that the claim be incidentally affected; rather, there must be 'a tangible threat' to the applicant's legal interest." *Brody*, 957 F.2d at 1123 (quoting *Harris*, 820 F.2d at 601).

Here, the Proposed Intervenors have not proven any impairment of their particular legal interests. Where a party seeking to intervene as a defendant lacks a sufficient interest in the subject matter of the litigation, it necessarily fails to prove the requisite impairment for mandatory intervention. *Alexander*, 246 F.R.D. at 236. Moreover, the Proposed Intervenors have asserted only an alleged impairment of what they believe the General Assembly should have permitted in terms of mail-in voting, which Plaintiffs contend the General Assembly has not enacted. *See* Memorandum in Support of Motion to Intervene (ECF #104), pp. 14-15. But impairment does not exist when the relief sought is merely the enforcement of the laws as written. Consequently, the Proposed Intervenors have failed to prove the third element of intervention as of right.

### C.       The Proposed Intervenors' Interests Are Adequately Represented by Others.

The final requirement under Rule 24(c)(2) is whether the interests of the Proposed Intervenors are inadequately represented by the existing parties. *United States v. Territory of Virgin Islands*, 748 F.3d 514, 519-20 (3d Cir. 2014). Like the other elements, proving inadequate representation rests on the party seeking intervention as a matter of right. *Delaware Valley Citizens' Council for Clean Air v. Commonwealth of Pennsylvania*, 674 F.2d 970, 974 (3d Cir. 1982) ("The burden is on the proposed intervenor to show that his interests are not adequately represented.").

The Third Circuit has set out a three-part test for determining if representation is inadequate to support mandatory intervention.

> Representation will be considered inadequate on any of the following three grounds: (1) that although the applicant's interests are similar to those of a party, they diverge sufficiently that the existing party cannot devote proper attention to the applicant's interests; (2) that there is collusion between the representative party and the opposing party; or (3) that the representative party is not diligently prosecuting the suit.

*Brody*, 957 F.2d at 1123 (citing *Hoots v. Pennsylvania*, 672 F.2d 1133, 1135 (3d Cir.1982)).

"Representation is generally considered adequate if no collusion is shown between the representative and an opposing party, if the representative does not represent an interest adverse to the proposed intervenor and if the representative has been diligent in prosecuting the litigation." *Delaware Valley*, 674 F.2d at 973. *See also Martin v. Kal-var Corp.*, 411 F.2d 552, 553 (5th Cir. 1969) ("The rule is that representation is adequate if no collusion is shown between the representative and an opposing party, if the representative does not have or represent an interest adverse to the proposed intervenor and if the representative does not fail in the fulfillment of his duty."); *Solid Waste Agency v. U.S. Army Corps of Eng'rs*, 101 F.3d 503,

- 15 -

508 (7th Cir. 1996) ("Where the interests of the original party and of the intervenor are identical—where in other words there is no conflict of interest—adequacy of representation is presumed.").

Also, a presumption of adequate representation exists when the representative is a governmental body or officer charged by law with representing the interests of the absentee. *Commonwealth of Pennsylvania v. Rizzo*, 530 F.2d 501, 505 (3d Cir. 1976) (citations omitted). *See also Benjamin ex rel. Yock v. Dep't of Public Welfare of Pennsylvania*, 701 F.3d 938, 958 (3d Cir. 2012) ("There is a general presumption that a government entity is an adequate representative."). As the Third Circuit noted years ago: "Where official policies and practices are challenged, it seems unlikely that anyone could be better situated to defend than the governmental department involved and its officers." *Rizzo*, 530 F.2d at 505. Accordingly, a proposed intervenor can only overcome the presumption against inadequacy by "mak[ing] a 'compelling showing' as to why [its] interests are not so represented." *Territory of Virgin Islands*, 748 F.3d at 520 (citing *Mountain Top Condo.*, 72 F.3d at 369).

Here, the Proposed Intervenors make no argument of any collusion, lack of diligence, or that the named Defendants represent an interest adverse to the Proposed Intervenors. Instead, the Proposed Intervenors merely speculate that their interests differ from that of Defendant Secretary Boockvar and the Defendant county boards of elections. *See* Memorandum in Support of Motion to Intervene (ECF #104), pp. 15-17. But the Proposed Intervenors offer no evidence of such differences. Moreover, both Defendant Secretary Boockvar and twenty of Defendant county boards of elections advocated for the use in the June 2, 2020 Primary Election of drop-boxes and other collection sites and the other casting and counting procedures sought by the Proposed Intervenors. The Proposed Intervenors have offered no evidence that these Defendants intend to change their position on these procedures and practices for the upcoming General Election. Thus, without such evidence, the Proposed Intervenors have failed to prove that the interests of the

Proposed Intervenors are inadequately represented by the other parties.  *See, e.g., Common Cause Ind.*, 2018 U.S. Dist. LEXIS 30917, at *15-*17 (absent evidence that the State will not zealously defend the lawsuit, any "differences" between the State's interest and those of a public interest foundation are "so small that the Foundation's interests do not require separate representation[,]" especially where "the central objective of the lawsuit is to determine whether Senate Enrolled Act 442 complies with the requirements of the NVRA and, in that respect, the litigation does not call into question the Foundation's entire mission.").

The Proposed Intervenors have failed to satisfy the second through fourth requirements of Rule 24(a)(2).  Therefore, their request for intervention as a matter of right should be denied.

## IV.    The Proposed Intervenors Have Failed to Prove That Permissive Intervention is Warranted.

Alternatively, the Proposed Intervenors argue erroneously that permissive intervention is warranted under Rule 24(b).  *See* Memorandum in Support of Motion to Intervene (ECF #104), pp. 17-20.  In making this argument, the Proposed Intervenors do not assert that intervention is proper based on a "conditional right to intervene by a federal statute."  Fed. R. Civ. P. 24(b)(1). Instead, they claim only that they have defenses which "share[] with the main action a common question of law or fact," such that this Court should exercise its discretion to allow the Proposed Intervenors to intervene as party defendants.  *See* Memorandum in Support of Motion to Intervene (ECF #104), pp. 17-20.  The Proposed Intervenors' assertion is not well-taken for three reasons.

First, "if intervention as of right is not available, the same reasoning would indicate that it would not be an abuse of discretion to deny permissive intervention as well."  *Brody*, 957 F.2d at 1124 (quoted with approval in *Territory of Virgin Islands,* 748 F.3d at 525).

Second, the Proposed Intervenors fail to explain what their alleged defenses are.  Instead, in their papers, the Proposed Intervenors identify only two common questions of law and fact which purportedly justify their request for permissive intervention (*i.e.*, "(1) whether the use of drop-box locations denies or dilutes Plaintiffs' or Plaintiffs' members' right to vote; and (2) whether the burden that the use of drop-box locations places on Plaintiffs' or Plaintiffs' members' right to vote, if any, is outweighed by the counties' justifications, including protection of the public health and all Pennsylvanians' right to vote safely.")  *See* Memorandum in Support of Motion to Intervene (ECF #104), p. 18.  Even assuming these assertions are viable defenses to the claims asserted by Plaintiffs in their complaint, nowhere in their papers do the Proposed Intervenors explain what their actual defenses are.  Indeed, in their supporting memorandum, the Proposed Intervenors concede that "their views will likely complement or amplify Defendants' arguments against Plaintiffs' claims."  *See* Memorandum in Support of Motion to Intervene (ECF #104, p. 18).  Without attaching a proposed pleading as required by Rule 24(c), this Court cannot determine whether the Proposed Intervenors' defenses actually share a common question of law or fact, or whether they intend to assert any claims, including counterclaims or cross-claims, against Plaintiffs or the other Defendants.  Under such circumstances, courts have denied permissive intervention.  *See, e.g., Wisconsin Right to Life Political Action Comm. v. Brennan*, No. 09-CV-764-VIS, 2010 WL 933809, 2010 U.S. Dist. LEXIS 22863 *7 & *10-11 (W.D. Wis. Mar. 11, 2010) (denying permissive intervention to proposed intervenors who asserted only "generalized, public policy interests" in support of the challenged law because "adding them as defendants makes this case unnecessarily more complicated and increases the likelihood of delay" and they "can adequately present their position as *amicus curaie*").

Third, the Proposed Intervenors seek to expand the scope of the claims asserted in this lawsuit.  Plaintiffs' claims are not premised on what effect the COVID-19 pandemic will have on

- 18 -

the upcoming 2020 General Election.  Instead, Plaintiffs' claims seek only to require Defendant Secretary Boockvar and the Defendants county boards of elections to uniformly administer all elections in the manner proscribed by the General Assembly and to bar them from re-writing the Election Code and engaging in other exercises of legislative power.  By relying on their alleged "national experience," other history, and COVID-19, the Proposed Intervenors seek to expand the scope of the lawsuit to provide relief and raise issues that go beyond that which is at issue in this litigation.  Faced with similar assertions as those raised by the Proposed Intervenors, this Court has found that permissive intervention is "inappropriate."  *See, e.g.,* *Alexander*, 246 F.R.D. at 238-39.

## VI.    Conclusion.

The Proposed Intervenors' Motion falls to comply with Rule 24 or otherwise establish that mandatory or permissive intervention is appropriate.  Not only have they failed to attach a pleading or otherwise identify the claims or defenses for which intervention is sought, the Proposed Intervenors lack Article III standing to join this suit.  Also, the Proposed Intervenors lack a direct, substantial interest in this lawsuit, and they cannot overcome the presumption that Defendants and/or other intervened parties are adequately representing their interests.  Moreover, their involvement will bog down an otherwise straightforward challenge by political parties, candidates and voters who have been injured by Defendants' misadministration of the Pennsylvania Election Code and its new no-excuse mail-in voting.  Accordingly, Plaintiffs request that this Court deny the Proposed Intervenors' Motion.

Respectfully submitted,

PORTER WRIGHT MORRIS & ARTHUR LLP

Date:  July 23, 2020                  By:   */s/ Ronald L. Hicks, Jr.*
                                            Ronald L. Hicks, Jr. (PA #49520)
                                            Jeremy  A. Mercer (PA #86480)
                                            Russell D. Giancola (PA #200058)
                                            Six PPG Place, Third Floor
                                            Pittsburgh, PA 15222
                                            (412) 235-4500 (Telephone)
                                            (412) 235-4510 (Fax)
                                            rhicks@porterwright.com
                                            jmercer@porterwright.com
                                            rgiancola@porterwright.com

                                            and

                                            Matthew E. Morgan (DC #989591)
                                            (admitted pro hac vice – ECF #10)
                                            Justin Clark (DC #499621)
                                            (pro hac vice motion pending – ECF #27)
                                            Elections, LLC
                                            1000 Maine Ave., SW, 4th Floor
                                            Washington, DC 20224
                                            (202) 844-3812 (Telephone)
                                            matthew.morgan@electionlawllc.com
                                            justin.clark@electionlawllc.com

                                            *Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a true and correct copy of the foregoing Response to be filed this 23th day of July, 2020, via ECF, which system will serve notice of same on all parties registered to receive same via the ECF system.  For any party who has yet to enter an appearance, the undersigned certifies that a copy of the foregoing filing will be served on that party via U.S. Mail and a copy sent to the County Solicitor, if known, via email or fax.

Respectfully submitted,

PORTER WRIGHT MORRIS & ARTHUR LLP

By: */s/ Ronald L. Hicks, Jr.*
Ronald L. Hicks, Jr. (PA #49520)
Jeremy  A. Mercer (PA #86480)
Russell D. Giancola (PA #200058)
Six PPG Place, Third Floor
Pittsburgh, PA 15222
(412) 235-4500 (Telephone)
(412) 235-4510 (Fax)
rhicks@porterwright.com
jmercer@porterwright.com
rgiancola@porterwright.com

and

Matthew E. Morgan (DC #989591)
(admitted pro hac vice – ECF #10)
Justin Clark (DC #499621)
(pro hac vice motion pending – ECF #27)
Elections, LLC
1000 Maine Ave., SW, 4th Floor
Washington, DC 20224
(202) 844-3812 (Telephone)
matthew.morgan@electionlawllc.com
justin.clark@electionlawllc.com

*Counsel for Plaintiffs*

13505587v2