IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC.; GLENN THOMPSON; MIKE KELLY; JOHN JOYCE; GUY RESCHENTHALER; REPUBLICAN NATIONAL COMMITTEE; MELANIE STRINGHILL PATTERSON; and CLAYTON DAVID SHOW, <br><br>Plaintiffs, <br><br>v. <br><br>KATHY BOOCKVAR, in her capacity as Secretary of the Commonwealth of Pennsylvania; WASHINGTON COUNTY BOARD OF ELECTIONS; *et al.*, <br><br>Defendants. | Civil Action No. 2:20-CV-966 <br><br>Honorable Judge J. Nicholas Ranjan <br><br>*Filed Electronically* |

**DEFENDANT WASHINGTON COUNTY BOARD OF ELECTIONS'
BRIEF IN SUPPORT OF MOTION TO DISMISS, OR, ALTERNATIVELY,
MOTION FOR A MORE DEFINITE STATEMENT AND/OR MOTION TO STRIKE**

AND NOW, comes the Defendant, Washington County Board of Elections, by and through its attorneys, Robert J. Grimm, Esquire and the law firm of Swartz Campbell, LLC, and files the instant Brief in Support of Motion to Dismiss, or, alternatively, Motion for a More Definite Statement and/or Motion to Strike, setting forth and averring in support thereof the following:

**I.   FACTS & PROCEDURE**

The Plaintiffs, consisting of the President's reelection campaign, the Republican National Committee, and various elected officials and registered electors (collectively, "the Plaintiffs"), have brought suit against the Defendants, consisting of Kathy Boockvar, the Secretary and Chief Elections Officer of the Commonwealth of Pennsylvania and the Boards of Elections of

1

Pennsylvania's 67 Counties, including the Washington County Board of Elections ("Washington County"). The Plaintiffs' Complaint recounts purported election irregularities surrounding Pennsylvania's June 2, 2020 Primary Election and raises the specter of the same plaguing the November 3, 2020 General Election. According to the Plaintiffs, these irregularities are a direct result of the inconsistent and imperfect implementation of Act 77, the mail-in voting law enacted by the General Assembly in the fall of 2019. The Plaintiffs target and challenge specific practices, including the return of absentee and mail-in ballots to locations other than the respective offices of the Counties' Boards of Elections; the counting of "noncompliant" absentee and mail-in ballots, such as those lacking a secrecy envelope; and residency requirements and restrictions imposed on poll watchers. The Plaintiffs seek declaratory and/or injunctive relief with respect to these practices.

Notably, where Washington County is concerned, the Plaintiffs have not attributed any such practices to it. Put another way, the Plaintiffs have not advanced any allegations of impropriety relating to Washington County's retroactive or prospective conduct of elections. The Plaintiffs, therefore, have failed to state any claims against Washington County upon which relief can be granted and their Complaint against it should be dismissed. In the alternative, the Plaintiffs should be ordered to file an amended pleading that both supplies a more definite statement of their allegations against Washington County, while also omitting other allegations struck by the Court.

## II. ARGUMENT IN SUPPORT OF MOTION TO DISMISS

It is well-settled that in reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "[t]he applicable standard of review requires the court to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." Rocks v. City of Philadelphia, 868

F.2d 644, 645 (3d Cir. 1989).  Under the United States Supreme Court's decision in Bell Atlantic Corp. v. Twombly, dismissal of a complaint pursuant to Rule 12(b)(6) is proper where the averments of the complaint demonstrably fail to raise directly or inferentially the material elements necessary to obtain relief under a viable legal theory of recovery.  550 U.S. 544 (2007).  In other words, the allegations of the complaint must be grounded on adequate factual and legal bases such as to move the claim from the realm of mere possibility to one that shows entitlement by presenting "a claim to relief that is plausible on its face."  Id. at 570.  "The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'"  Marangos v. Swett, 341 F. App'x 752, 755 (3d Cir. 2009) (citing Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009)).  A complaint that does not establish entitlement to relief under any interpretation is properly dismissed without leave to amend.  Grayson v. Mayview State Hosp., 293 F.3d 103, 106 (3d Cir. 2002).

The Plaintiffs' Complaint as against Washington County does not satisfy the standard announced by Twombly and its progeny.  Washington County receives only a passing reference in the Complaint, appearing in the caption and listed as a Defendant under the "Parties" section of the Complaint, along with 66 other Counties.  **See Pls.' Compl. at ¶ 17.**  What is more, the Complaint is absolutely devoid of any allegations implicating Washington County in the practices of which the Plaintiffs complain.  To be sure, the Complaint contains discrete and substantive allegations directed at Allegheny County and Philadelphia County.  **Id. at ¶¶ 2, 102, 104, 111, 113.**  Furthermore, the Complaint contains allegations generally directed at twenty (20) unidentified Counties.  **Id. at ¶¶ 2, 103, 106.**  The Complaint does not, however, contain a single allegation—general or specific—against Washington County.

The entire premise of the Plaintiffs' Complaint is that achieving the objective of a "free and fair" election on November 3, 2020 is only possible if the election is administered in conformity with the letter and spirit of Act 77 and Pennsylvania's other election laws.  The Plaintiffs do not charge Washington County with deviating from or violating Act 77 or any other election laws.  Specifically, the Plaintiffs do not allege that Washington County endorsed or engaged in the collection of absentee and mail-in ballots at locations other than the office of the Board of Elections; improperly counted absentee and mail-in ballots that should not have been counted for want of a secrecy envelope; or excluded poll watchers who were not residents of Washington County.  Thus, even accepting as true the allegations and inferences of the Plaintiffs' Complaint, it is evident that those allegations and inferences do not elevate the Plaintiffs' claims against Washington County from the realm of possibility to that of plausibility.  Simply stated, the Plaintiffs have not stated any claims against Washington County upon which the Court can grant relief, and, as such, Washington County should be dismissed.

### III. ARGUMENT IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT

In the event the Court declines to grant dismissal, it should, in the alternative and at a minimum, order the Plaintiffs to file an amended pleading that remedies the woeful insufficiency of their allegations with respect to Washington County.  Federal Rule of Civil Procedure 12(e) authorizes a party to make a motion for a more definite statement if a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e). "Motions for more definite statements arise in . . . 'cases where because of the vagueness and ambiguity of the pleading the answering party will not be able to frame a responsive pleading.'" Schaedler v. Reading Eagle Publ'ns, Inc., 370 F.2d 795, 798 (3d Cir. 1967).  "Motions for [a] more definite statement . . . should [be granted . . .] if a pleading is unintelligible, making it

virtually impossible for the opposing party to craft a responsive pleading." Synagro-WWT v. Rush Twp., Penn., 204 F. Supp. 827, 849-50 (M.D. Pa. 2002).

The Plaintiffs' Complaint is plainly insufficient in terms of allegations involving Washington County. On the one hand, the Complaint is excessively long and verbose, spanning 56 pages and consisting of 204 paragraphs. On the other hand, and notwithstanding its length and verbosity, the Complaint is remarkable for the absence of any concrete factual allegations touching upon Washington County. Indeed, the Complaint does not include even a solitary allegation that Washington County permitted ballots to be returned to locations other than the office of the Board of Elections; processed and counted ballots returned without a secrecy envelope; or barred poll watchers from Counties other than Washington County. In view of the vague, ambiguous, and insufficiently specific allegations against it, Washington County is prejudiced in its ability to answer the Complaint and to meaningfully defend itself in this action. Consequently, the Court should order the Plaintiffs to file an amended pleading articulating a more definite statement of the Plaintiffs' allegations and claims against Washington County.

### IV. ARGUMENT IN SUPPORT OF MOTION TO STRIKE

Consistent with ordering the Plaintiffs to furnish a more definite statement of their allegations, the Court should also strike the many superfluous and inappropriate allegations and ancillary matter that characterize much of the Plaintiffs' Complaint. Federal Rule of Civil Procedure 12(f) permits a motion to strike, whereby a party may move the Court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). This Court has stated:

> A decision to grant or deny a motion to strike a pleading is vested in the trial court's discretion. "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters."

United States v. Educ. Mgmt. Corp., 871 F. Supp. 2d 433, 460 (W.D. Pa. 2012) (citing and quoting Simmons v. Nationwide Mut. Fire Ins. Co., 788 F. Supp. 2d 404, 407 (W.D. Pa. 2011)).

Inasmuch as motions to strike are designed to "clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters," they find additional support under Federal Rule of Civil Procedure 8, which requires a plaintiff to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In Wallace v. Fed. Employees of U.S. Dist. Court, the Eastern District Court observed:

> Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint setting forth a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and the plaintiff is limited to a "short and plain statement" in order to give the defendant fair notice of the plaintiff's claims and the bases thereof. Where plaintiffs have filed voluminous complaints containing arguments, recitations of the law, and otherwise unnecessary detail, courts have dismissed their complaints pursuant to Rules 8 and 12(f), which provides that the court, on its own or pursuant to a motion by a party, "may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter."

Wallace v. Fed. Employees of U.S. Dist. Court, No. CIV.A. 07-1132 NLH, 2008 WL 1886107, at *3, n. 4 (E.D. Pa. Apr. 28, 2008), aff'd sub nom. Wallace v. Fed. Employees of U.S. Dist. Court, EDPA, 325 F. App'x 96 (3d Cir. 2009).

As already noted, the Plaintiffs' Complaint is 56 pages in length and features 204 paragraphs, some with subparts. Surely the Court can discern for itself that the Complaint is rife with anecdotal and unsubstantiated accounts of election irregularities which fit the very definition of immaterial or impertinent. See Hoffer v. Grange Ins. Co., No. 1:14-CV-0262, 2014 WL 2177589, at *3 (M.D. Pa. May 23, 2014) ("Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question."). What is more, the Complaint presents needless argumentation and is peppered with an inordinate number of citations to state and federal cases, state and federal statutes, and the Pennsylvania and United States

Constitutions. In sum, the Plaintiffs' Complaint is anything but a short and plan statement of their grievances and the relief they court. Accordingly, the Court, under the auspices of Rule 12(f), should strike from the Plaintiffs' Complaint all of the allegations it deems contrary to the pleading standard prescribed by Rule 8(a)(2).

## V. JOINDER IN AND INCORPORATION OF OTHER DEFENDANTS' MOTIONS

Washington County joins in and incorporates by reference the Motions to Dismiss and other Motions of the various Defendants, including but not limited to the Motions filed by Secretary Boockvar. Washington County joins in and incorporates these Motions to Dismiss and other Motions both to the extent they align with Washington County's own Motions and to the extent they introduce additional and/or alternative grounds for relief, including but not limited to those relating to the Plaintiffs' standing, the existence of jurisdiction, the propriety of venue, and the applicability of the Pullman abstention doctrine.

## VI. CONCLUSION

Washington County moves the Court to dismiss the Plaintiffs' Complaint against it for failure to state a claim upon which relief can be granted. The Plaintiffs cannot, as a matter of law, be entitled to any relief from Washington County where they have failed completely to make allegations against Washington County warranting any such relief. Alternatively, Washington County moves the Court to order the Plaintiffs to file an amended pleading curing the pleading deficiencies discussed above and omitting all allegations struck by the Court.

WHEREFORE, the Defendant, Washington County Board of Elections, respectfully requests that this Honorable Court **GRANT** the within Motion, thereby dismissing the Plaintiffs' Complaint and all claims set forth therein against the Defendant, Washington County Board of Elections, in their entirety and with prejudice.

        Respectfully submitted,

        SWARTZ CAMPBELL, LLC

By:    /s/Robert J. Grimm
        Robert J. Grimm, Esquire
        PA ID No. 55381
        436 7th Ave., Floors 7 & 8
        Koppers Building
        Pittsburgh, PA  15219
        (412) 232-9800
        rgrimm@swartzcampbell.com
        Attorneys for the Defendant,
        Washington County
        Board of Elections

## CERTIFICATE OF SERVICE

I, Robert J. Grimm, Esquire, hereby certify that true and correct copies of the foregoing **Defendant Washington County Board of Elections' Brief in Support of Motion to Dismiss, or, alternatively, Motion for a More Definite Statement and/or Motion to Strike**, have been served this 24th day of July, 2020, by ECF, to:

*All Counsel of Record*

        Respectfully submitted,

        SWARTZ CAMPBELL, LLC

        By:    /s/Robert J. Grimm
                  Robert J. Grimm, Esquire
                  PA ID No. 55381
                  436 7th Ave., Floors 7 & 8
                  Koppers Building
                  Pittsburgh, PA  15219
                  (412) 232-9800
                  rgrimm@swartzcampbell.com
                  Attorneys for the Defendant,
                  Washington County
                  Board of Elections