IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC.; *et al.*, | ) ) ) Civil Action ) ) No.: 2-20-CV-966 ) ) ) ) Judge J. Nicholas Ranjan ) |
| Plaintiffs, | |
| v. | |
| KATHY BOOCKVAR; *et al.*, | |
| Defendants. | |

**BRIEF IN OPPOSITION TO
POTTER COUNTY BOARD OF ELECTIONS' MOTION TO DISMISS**

The Rule 12 Motion to Dismiss filed by Defendant Potter County Board of Elections (ECF#127 – Motion) should be denied for two reasons.  First, in violation of this Court's published procedures and practices, counsel for the Potter County Election Board failed to meet and confer with Plaintiffs' counsel in advance of filing its Rule 12 Motion.  Second, the Potter County Election Board is an indispensable party to this litigation as all of Pennsylvania's county boards of elections are charged with administering elections, which under both the United States and Pennsylvania constitutions, require that all boards conduct the upcoming election pursuant to the same standards and procedures.  Accordingly, Plaintiffs respectfully request that this Court deny the Potter County Election Board's Rule 12 Motion.

**I.     STANDARD OF REVIEW**

This Court is well aware of the standard of review for a Rule 12 motion to dismiss, *see, e.g., Rosfeld v. Univ. of Pittsburgh,* 2020 U.S. Dist. LEXIS 83187, at *8 (W.D. Pa. May 12, 2020) (Ranjan, J.), so Plaintiffs will not belabor the issue in this Brief.  The one point Plaintiffs will emphasize, though, is that the "burden of establishing that no plausible claim has been presented lies with the defendant." *Id*.

## II. THE COURT SHOULD DENY THE POTTER COUNTY ELECTION BOARD'S RULE 12 MOTION BECAUSE COUNSEL FAILED TO COMPLY WITH THIS COURT'S MANDATORY MEET-AND-CONFER AND CERTIFICATION REQUIREMENTS.

The Potter County Election Board's counsel failed to meet and confer with Plaintiffs' counsel prior to filing the Rule 12 Motion. Nor does the Rule 12 motion include a certificate stating that the defendant made a good-faith effort to confer with Plaintiffs concerning any alleged curable deficiencies in their complaint. Thus, per this Court's published procedures and practices, the Motion should be denied.

This Court's published procedures and practices mandate that any counsel who files a Rule 12 motion "must meet and confer with plaintiff's counsel before filing to determine whether any purported defects with the complaint can be cured." *See* Practices and Procedures of Judge Ranjan (rev. 1/6/20), Section II(c). Further, those same procedures and practices command that "[a]ny motion to dismiss must come with a certificate stating that the defendant has made good-faith efforts to confer with the plaintiff to determine whether the identified pleading deficiencies properly may be cured by amendment." *Id.*. Finally, this Court's procedures and practices make clear that one's failure to comply with the meet-and-confer and certification requirements will result in a denial of the Rule 12 motion. *Id.* ("Motions to dismiss that do not contain the required certification will be denied.").

This Court's Local Rules provide that an assigned judge's published procedures and practices are binding. *See* L.R. 7.A (any motion filed "shall comply with the … practices and procedures of the assigned Judge that are posted at the following internet link: http://www.pawd.uscourts.gov/pages/chamber.htm."). Moreover, this Court referenced its published procedures and practices in the Scheduling Order issued July 17, 2020. *See* ECF#124, ¶ 6. Therefore, all parties and their counsel have notice of this Court's procedures and practices.

The Potter County Election Board's Rule 12 motion fails to comply with this Court's meet-and-confer and certification requirements.  The Potter County Election Board's counsel did not reach out to Plaintiffs' counsel for a meet-and-confer prior to filing the Motion.  *See* attached Certification.  Nor does the Motion include the required Rule 12 motion certificate.  *See generally* ECF#127.

Accordingly, consistent with this Court's published procedures and practices, this Court should deny the Potter County Election Board's Rule 12 Motion.

### III. THE POTTER COUNTY ELECTION BOARD IS AN INDISPENSABLE PARTY; THUS, THE COURT SHOULD DENY ITS RULE 12 MOTION.

Because this action alleges federal and state constitutional violations due to a patchwork of different rules and practices from county-to county in a statewide election involving federal and state candidates, the Potter County Election Board is an indispensable party.  Thus, its Rule 12 Motion should be denied.

Rule 19 of the Federal Rules of Civil Procedure provides the test for determining whether a party is indispensable in a federal action.  *See* Fed. R. Civ. P. 19.  A party is indispensable if they are needed to resolve the matter.  *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 421 (3d Cir. 2010) ("parties are indispensable if 'in the circumstances of the case [they] must be before the court.'") (citation omitted).  "In other words, indispensable parties are '"[p]ersons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience."'"  *Zambelli Fireworks*, 592 F.3d at 421 (citations omitted).

As Plaintiffs state in their Complaint, it is the county boards of elections that are required to enforce the election laws at issue in this litigation.  *See* Complaint (ECF # 4), ¶ 17.  For example, under Pennsylvania law, county boards are responsible for administering virtually all aspects of

- 3 -

the primary and general elections.  *See* 25 P.S. § 2641(a) ("There shall be a county board of elections in and for each county of this Commonwealth, which shall have jurisdiction over the conduct of primaries and elections in such county[.]"); 25 P.S. § 2642 ("The county boards of elections, within their respective counties, shall exercise, in the manner provided by this act, all powers granted to them by this act, and shall perform all the duties imposed upon them by this act, which shall include" 16 different subparagraphs).[1]  Indeed, county boards of elections, rather than the Secretary of State, are responsible to mail out, receive, count, and verify absentee and mail-in ballots.  *See, e.g.*, 25 P.S. §§ 3146.5, 3146.6(a) & (c), 3146.8(g)(3), 3150.15, 3150.16(a) & (c).  The county boards of election also are the entities to issue "certificates of appointment to watchers at primaries and elections."  25 P.S. § 2642(e).  Finally, county boards of elections are responsible for "instruct[ing] election officers in their duties … to the end that primaries and elections may be honestly, efficiently, and *uniformly* conducted."  25 P.S. § 2642(g) (emphasis added).  Thus, any order or judgment entered by this Court regarding the administration of the upcoming general election would need to be directed to each county board of elections to have the necessary effect.  *See, e.g., Adamietz v. Smith*, 273 F.2d 385, 387 (3d. Cir. 1960) ("[T]he question of indispensability of parties is dependent not on the nature of the decision attacked but on the ability and authority of the defendant before the court to effectuate the relief which the party seeks.").

The U.S. Constitution[2] requires that elections, at least those with statewide and national candidates/issues, be conducted pursuant to the same standards across the Commonwealth.  The

---

[1] The Secretary of the Commonwealth's role in the election process is set out in 25 P.S. § 2621 and does not include any role that allows her to oversee the county boards, except the authority to order a recount or recanvass in limited situations.  *See also* Complaint (ECF # 4), ¶ 16.

[2] In statewide elections involving federal candidates, "a State's regulatory authority springs directly from the United States Constitution."  *Project Vote v. Kelly*, 805 F. Supp. 2d 152, 174 (W.D. Pa. 2011) (citing *Cook v. Gralike*, 531 U.S. 510, 522-523 (2001)*; U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779, 805 (1995)).

right of qualified citizens to vote in a state election involving federal candidates is recognized as a fundamental right under the Fourteenth Amendment of the United States Constitution. *See Bush v. Gore*, 531 U.S. 98, 104-105 (2000) ("Equal protection applies as well to the manner of its exercise. Having once granted the right to vote on equal terms, the State may not, by later arbitrary and disparate treatment, value one person's vote over that of another."); *Harper v. Virginia State Board of Elections*, 383 U.S. 663, 665 (1966); *Reynolds v. Sims*, 377 U.S. 533, 554 (1964).

Indeed, ever since the *Slaughter-House Cases*, 83 U.S. 36 (1873), the United States Supreme Court has held that the Privileges and Immunities Clause of the Fourteenth Amendment protects certain rights of federal citizenship from state interference, including the right of citizens to directly elect members of Congress. *See Twining v. New Jersey*, 211 U.S. 78, 97 (1908) (citing *Ex parte Yarbrough*, 110 U.S. 651, 663-64 (1884)). *See also Oregon v. Mitchell*, 400 U.S. 112, 148-49 (1970) (Douglas, J., concurring) (collecting cases). Similarly, once "the state legislature vests the right to vote for President in its people, the right to vote ... is fundamental ...," *Bush*, 531 U.S. at 104, such that "[a] significant departure from the legislative scheme for appointing Presidential electors presents a federal constitutional question." *Bush*, 531 U.S. at 113 (Rehnquist, J., concurring). *See also Smiley v. Holm*, 285 U.S. 355, 365 (1932). Further, "[e]very voter in a federal … election, … has a right under the Constitution to have his vote fairly counted, without its being distorted by fraudulently cast votes." *Anderson v. United States*, 417 U.S. 211, 227 (1974). *See also Reynolds*, 377 U.S. at 555 ("the right of suffrage can be denied by a debasement or dilution of the weight of a citizen's vote just as effectively as by wholly prohibiting the free exercise of the franchise"); *id.* at 560 (*"*in statewide and in congressional elections, one person's vote must be counted equally with those of all other voters in a State").

Consequently, the Fourteenth Amendment requires states to "'avoid arbitrary and disparate treatment of the members of its electorate.'" *Charfauros v. Bd. of Elections*, 249 F.3d 941, 951

(9th Cir. 2001) (quoting *Bush*, 531 U.S. at 105); *see also Dunn v. Blumstein*, 405 U.S. 330, 336 (1972) ("[A] citizen has a constitutionally protected right to participate in elections on an equal basis with other citizens in the jurisdiction."); *Gray v. Sanders*, 372 U.S. 368, 380 (1963) ("The idea that every voter is equal to every other voter in his State, when he casts his ballot in favor of one of several competing candidates, underlies many of [the Supreme Court's] decisions."). "[T]reating voters differently" thus "violate[s] the Equal Protection Clause" when the disparate treatment is the result of arbitrary, ad hoc processes. *Charfauros*, 249 F.3d at 954. Indeed, a "minimum requirement for non-arbitrary treatment of voters [is] necessary to secure the fundamental right [to vote]." *Bush*, 531 U.S. at 105.

The use of "standardless" procedures can violate the United States Constitution. *Bush*, 531 U.S. at 103. "The problem inheres in the absence of specific standards to ensure … equal application" of even otherwise unobjectionable principles. *Id.* at 106. Any voting system that involves discretion by decision makers about how or where voters will vote must be "confined by specific rules designed to ensure uniform treatment." *Id.* Hence, allowing a patchwork of different rules from county to county in a statewide election involving federal and state candidates implicates equal protection concerns. *Pierce v. Allegheny County Bd. of Elections*, 324 F. Supp. 2d 684, 698-699 (W.D. Pa. 2003). *See also Gray*, 372 U.S. at 379-81 (a county unit system which weights the rural vote more heavily than the urban vote and weights some small rural counties heavier than other larger rural counties violates the Equal Protection Clause and its one person, one vote jurisprudence).

The Pennsylvania Constitution also bestows the right to vote upon qualified citizens and guarantees them equal protection in the enjoyment of that right. *See* Pa. Const. art. VII, § 1 & art. I, § 28. Further, Article I, Section 5 of the Pennsylvania Constitution, entitled "Elections" and commonly referred to as the "Free and Equal Elections Clause," provides that "[e]lections shall be

free and equal; and no power, civil or military, shall at any time interfere to prevent the free exercise of the right of suffrage." Pa. Const. art. I, § 5. Thus, much like the United States Constitution, the Pennsylvania Constitution protects against a patchwork of different rules from county to county in a statewide election involving federal and state candidates in violation of the one person, one vote jurisprudence. *League of Women Voters v. Commonwealth*, 178 A.3d 737, 810-11 (Pa. 2018).

In light of the manner in which elections are administered in Pennsylvania, the only way to ensure constitutional protection for Plaintiffs is to include each county board of elections as a party to this litigation. Plaintiffs represent one Presidential candidate, four Congressional candidates (who also are Pennsylvania registered voters), and two additional Pennsylvania registered voters who are seeking to serve as poll watchers in counties outside their residences. The uniformity requirements means that if even one county board of elections (such as the Potter County Election Board) was not required to follow the same law as it relates to administration of the election, this Court could not grant complete relief. *See* Fed. R. Civ. P. 19(a)(1)(A) (a party must be joined if "in that person's absence, the court cannot accord complete relief among existing parties."); *see also* Fed. R. Civ. P. 19(a)(1)(B)(ii) (a party must be joined if "in the person's absence," another party may be "subject to a substantial risk of … otherwise inconsistent obligations").

Accordingly, this Court should deny the Potter County Election Board's Motion.

### IV.   CONCLUSION

The Potter County Election Board's Motion fails to comply with this Court's published procedures and practices for the filing of a Rule 12 motion. Those procedures and practices expressly warn that failure to do so will result in the denial of the motion. Thus, this Court should deny the Potter County Election Board's Motion.

Alternatively, the Potter County Election Board is an indispensable party to this litigation. This case seeks to enforce the law throughout Pennsylvania as it relates to the conduct of the upcoming general election, which is necessary to ensure Plaintiffs' federal and state constitutional rights are guaranteed. The individual county boards of elections in Pennsylvania are responsible for administering virtually all aspects of the primary and general elections. Therefore, all county boards of elections are necessary parties.

Accordingly, this Court should deny the Rule 12 Motion filed by the Potter County Election Board. Plaintiffs attach a form Order granting this requested relief.

                              Respectfully submitted,

                              PORTER WRIGHT MORRIS & ARTHUR LLP

Date:  July 24, 2020         By:  */s/ Ronald L. Hicks, Jr.*
                                       Ronald L. Hicks, Jr. (PA #49520)
                                       Jeremy A. Mercer (PA #86480)
                                       Russell D. Giancola (PA #200058)
                                       Six PPG Place, Third Floor
                                       Pittsburgh, PA 15222
                                       (412) 235-4500 (Telephone)
                                       (412) 235-4510 (Fax)
                                       rhicks@porterwright.com
                                       jmercer@porterwright.com
                                       rgiancola@porterwright.com

                                       and

                                       Matthew E. Morgan (DC #989591)
                                       (admitted pro hac vice)
                                       Justin Clark (DC #499621)
                                       (pro hac vice motion pending – ECF #27)
                                       Elections, LLC
                                       1000 Maine Ave., SW, 4th Floor
                                       Washington, DC 20224
                                       (202) 844-3812 (Telephone)
                                       matthew.morgan@electionlawllc.com
                                       justin.clark@electionlawllc.com

                                       *Counsel for Plaintiffs*

**CERTIFICATION OF COUNSEL**

As counsel for Plaintiffs, we hereby certify, under penalty of perjury and 28 U.S.C. §1746, that counsel for the Potter County Board of Elections did not reach out to counsel for Plaintiffs to engage in the required meet and confer prior to filing the Motion.

Respectfully submitted,

PORTER WRIGHT MORRIS & ARTHUR LLP

Date: July 24, 2020        By:   */s/ Ronald L. Hicks, Jr.*
Ronald L. Hicks, Jr. (PA #49520)
Jeremy A. Mercer (PA #86480)
Russell D. Giancola (PA #200058)
Six PPG Place, Third Floor
Pittsburgh, PA 15222
(412) 235-4500 (Telephone)
(412) 235-4510 (Fax)
rhicks@porterwright.com
jmercer@porterwright.com
rgiancola@porterwright.com

and

Matthew E. Morgan (DC #989591)
(admitted pro hac vice)
Justin Clark (DC #499621)
(pro hac vice motion pending – ECF #27)
Elections, LLC
1000 Maine Ave., SW, 4th Floor
Washington, DC 20224
(202) 844-3812 (Telephone)
matthew.morgan@electionlawllc.com
justin.clark@electionlawllc.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Brief to be filed this 24th day of July, 2020, via ECF, which system will serve notice of same on all parties registered to receive same via the ECF system. For any party who has yet to enter an appearance, the undersigned certifies that a copy of the foregoing filing will be served on that party via Overnight Mail and a copy sent to the County Solicitor, if known, via email or fax.

        Respectfully submitted,

        PORTER WRIGHT MORRIS & ARTHUR LLP

By: */s/ Ronald L. Hicks, Jr.*
     Ronald L. Hicks, Jr. (PA #49520)
     Jeremy A. Mercer (PA #86480)
     Russell D. Giancola (PA #200058)
     Six PPG Place, Third Floor
     Pittsburgh, PA 15222
     (412) 235-4500 (Telephone)
     (412) 235-4510 (Fax)
     rhicks@porterwright.com
     jmercer@porterwright.com
     rgiancola@porterwright.com

     and

     Matthew E. Morgan (DC #989591)
     (admitted pro hac vice – ECF #10)
     Justin Clark (DC #499621)
     (pro hac vice motion pending – ECF #27)
     Elections, LLC
     1000 Maine Ave., SW, 4th Floor
     Washington, DC 20224
     (202) 844-3812 (Telephone)
     matthew.morgan@electionlawllc.com
     justin.clark@electionlawllc.com

     *Counsel for Plaintiffs*