**NEWMAN | WILLIAMS**

A PROFESSIONAL CORPORATION

Gerard J. Geiger, Esq.
IDENTIFICATION NO. PA44099
712 MONROE STREET
P.O. BOX 511
STROUDSBURG, PA 18360-0511
(570) 421-9090 (voice)
(570) 424-9739 (fax)
ggeiger@newmanwilliams.com

Attorneys for Defendants: Carbon County Board of Elections, Monroe County Board of Elections, Pike County Board of Elections, and Snyder County Board of Elections

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., *et al.*, Plaintiffs | No. 2:20-CV-00966-NR |
| v. | Judge J. Nicholas Ranjan |
| KATHY BOOCKVAR, *et al.*, Defendants | Electronically Filed Document |

Brief in Support of Motion to Dismiss on Behalf of Defendants, Carbon County Board of Elections, Monroe County Board of Elections, Pike County Board of Elections, Snyder County Board of Elections, and Wayne County Board of Elections

## I.     Procedural History

On June 29, 2020, the plaintiffs filed their complaint. (ECF No. 4).

The plaintiffs include the Trump Campaign and Congressmen who are running for reelection in other parts of the state but not in the moving Counties.

1

The moving Counties have no connection with the Western District. They are all in the Middle District.

On July 17, 2020 (ECF No. 124), the court issued a scheduling order encouraging that motions to dismiss be filed by July 24.

On July 24, 2020, concurrently with this supporting brief, Carbon, Monroe, Pike, Snyder, and Wayne Counties filed a motion to dismiss. This is their supporting brief.

## II.   Facts

The plaintiffs broadly claim that all the defendant boards of election have policies that disenfranchised voters in the primary, Complaint, ¶1, and that Defendants are unwilling to properly administer the Pennsylvania General Assembly's new mail-in voting law. Complaint, ¶2.

Their claim is against all Counties, although they allege that only 20 of Pennsylvania's 67 Counties allowed mail-in ballots to be mailed or delivered to locations other than the County boards of election. Complaint, ¶2.

Plaintiffs offer no facts as to the actions of the moving Counties.

The moving defendant Counties are all situated in the Middle District of Pennsylvania but have been sued in the Western District. They took no

actions in the Western District and should not be required to bring their witnesses to Pittsburgh.

Plaintiffs demand attorney's fees against the moving parties without describing what they allegedly did wrong in handling the primary election. They do not specify the statutory basis for their claim for attorneys' fees.

The Pennsylvania Democratic Party also filed a Petition for Declaratory and Injunctive Relief in the Pennsylvania Commonwealth Court raising similar issues but asking for opposite relief.[1]

As a result, if this Court retains jurisdiction, both this Court and the Commonwealth Court will be ruling on many of the same issues, very likely immediately before the election and before there is sufficient time for Pennsylvania Counties to decide which decision to follow, assuming they are not identical. If that occurs, the legitimacy of the Pennsylvania election will be called into question.

## III.  Issues

A. Venue: Carbon, Monroe, Pike, Snyder, and the Wayne County Boards of Election were sued in the Western District even though they are all situated in the Middle District. Is the Western District the proper venue for

---

[1] The movants attached a copy of the Commonwealth Court pleading as exhibit A to their underlying motion to dismiss.

this claim where the movants' acts were and will be entirely in the Middle District?

B. Abstention: Whether this Court should abstain under both the Pullman and Colorado River abstention doctrines given that the Pennsylvania Commonwealth Court is presently reviewing the same issues?

C. Failure to State a Claim: Whether plaintiffs state a claim against the moving Counties where they describe no acts by the moving Counties, no basis for attorney's fees and have no standing to sue the movants?

D. Whether plaintiffs have standing?

## IV.   Argument

### A.   Standard of Review

A claim may be dismissed for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), or when the Court lacks subject-matter jurisdiction, Fed. R. Civ. P. 12(b)(1). In reviewing a motion to dismiss the Court conducts a two-part analysis, first separating the factual and legal elements of a claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The Court "may disregard any legal conclusions," id., and then must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and

determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, the Court need not accept as true any unsupported conclusions, unsupported inferences, nor "threadbare recitals of elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

A plaintiff's factual allegations must "raise a right to relief above the speculative level" and state a "plausible claim for relief" to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "The plausibility standard is not akin to a "probability requirement," but it asks for more than the sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678; *Blank River Servs. v. TowLine River Serv.*, 395 F. Supp. 3d 589, 595-596, 2019 U.S. Dist. LEXIS 141753, *5-6, 2019 WL 3940837 (W.D. Pa. 2019).

B.     Venue

A motion filed pursuant to Fed. R. Civ. P. 12(b)(3) permits a party to move for dismissal when venue is improper. The pertinent statute—28 U.S.C. § 1391—provides in material part as follows:

"(b) Venue in general. —A civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . .; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."
28 U.S.C. § 1391.

28 U.S.C. § 1391(b)(2) makes clear that the events or omissions supporting a claim in each jurisdiction must be "substantial." *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 161 (3d Cir. 2012). "The test for determining venue is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim.'" *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994). Furthermore, "[e]vents or omissions that might only have some tangential connection with the dispute in litigation are not enough." Id. at 294. The substantiality requirement "preserves[s] the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." Id.; see also *Lepre v. Lukus*, 2013 U.S.

Dist. LEXIS 43070, *28-29, 2013 WL 1290989 (U.S. W.D. 2013) (Cercone, J.) (although plaintiff resided in the Western District, nothing occurred here and venue was proper only in the Middle District. Plaintiff's choice of forum was entitled to no deference).

When deciding a Rule 12(b)(3) motion, the district court must accept as true all factual allegations in the complaint, but the parties may submit affidavits in support of their positions. *Leone v. Cataldo*, 574 F. Supp. 2d 471, 483 (E.D. Pa. 2008). The defendant bears the burden of showing that venue is improper, and a plaintiff's choice of venue is generally afforded deference. *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 725, 19 V.I. 642 (3d Cir. 1982); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

When venue is improper, the district court must dismiss the action or, "if it be in the interest of justice," transfer the action to a proper venue. 28 U.S.C. § 1406(a). The decision to transfer lies in the district court's discretion and is often the preferred course of action to save the time and expense associated with refiling the suit elsewhere. *Corporate Air, LLC v. Davis*, 2:13-CV-729, 2014 U.S. Dist. LEXIS 15427, 2014 WL 516582, at *3 (W.D. Pa. Feb. 7, 2014); *Grigg v. O'Brien*, 2014 U.S. Dist. LEXIS 51003, *4-6, 2014 WL 1452752.

The plaintiffs have not alleged any facts that would support venue in the Western District.

The moving Counties are all located in eastern Pennsylvania. This is within the jurisdiction of the Middle District, not the Western District.

The Counties run their elections in their respective Counties and engaged in no actions in the Western District. Plaintiffs have not alleged otherwise.

The plaintiff Congressmen are not on the ballots in any of the moving Counties.

To bring witnesses to Pittsburgh from Pike County, for example, is over 300 miles and a 6-hour car ride, one-way.[1]

In the absence of proper venue, 28 U.S.C. § 1406(a) obligates the Court to either dismiss the case or transfer it to a district in which it could have been brought. A district court has broad discretion in deciding whether to transfer a case and should do so when it is in the interest of justice. *Decker v. Dyson*, 165 F. App'x 951, 954 n.3 (3d Cir. 2006).

Of course, a transfer on venue grounds could result in all three Federal Pennsylvania Districts deciding these election issues on a parallel track. Because of the inconsistency of such a result, we also ask the court to

---

[1] Data was taken from MapQuest in a link from the Court's website.

abstain from deciding this case on two abstention theories: Pullman abstention and Colorado River Abstention.[2]

### C.    Pullman Abstention

Pullman abstention holds that "when a federal court is presented with both a federal constitutional issue and an unsettled issue of state law whose resolution might narrow or eliminate the federal constitutional question, abstention may be justified under principles of comity in order to avoid needless friction with state policies." *Chez Sez III Corp. v. Township of Union*, 945 F.2d 628, 631 (3d Cir. 1991) (internal quotations and citations omitted), cert. denied, 503 U.S. 907, 117 L. Ed. 2d 493 (1992); *Pierce v. Allegheny County Bd. of Elections*, 324 F. Supp. 2d 684, 703, 2003 U.S. Dist. LEXIS 25569, *47 (W.D. Pa. 2003).

The Pullman doctrine requires courts to engage in a two-step process. Id. at 631.   The first step is determining whether the following special circumstances exist: (1) uncertain issues of state law underlying the federal constitutional claims brought in federal court; (2) state law issues amenable to a state court interpretation that would obviate the need for, or

---

[2] The doctrine of abstention applies only where the exercise of jurisdiction is otherwise proper in the federal forum. See, e.g., *Hamilton v. Bromley*, 862 F.3d 329, 332 (3d Cir. 2017) ("[A] federal court can abstain from exercising its jurisdiction only if it has jurisdiction to abstain from.").

substantially narrow, the scope of adjudication of the constitutional claims; and (3) the possibility that a federal court's erroneous construction of state law would be disruptive of important state policies. Id. (citing *D'Iorio v. County of Delaware*, 592 F.2d 681, 686 (3d Cir. 1978), overruled on other grounds. *Kershner v. Mazurkiewicz*, 670 F.2d 440, 448 (3d Cir. 1982) (*en banc*)). If the district court finds that all three of the "special circumstances" are present, it must then engage in the second step in the analysis which is to make a discretionary determination whether abstention is in fact appropriate under the circumstances of the particular case, based upon the weight of these criteria and other relevant factors. Id.; *Pierce v. Allegheny County Bd. of Elections*, 324 F. Supp. 2d 684, 703, 2003 U.S. Dist. LEXIS 25569, *48-49.

The parties agree that there have been recent changes to Pennsylvania election law. The Commonwealth Court has not been given an opportunity to address the arguments plaintiffs raise. That Court should be permitted to do since these are considerations of Pennsylvania law which depending on how the Commonwealth Court decides, may not implicate any federal constitutional rights at all.

D.        Colorado River Abstention

This Court should also abstain from hearing this case pursuant to the

Colorado River abstention doctrine.

Colorado River abstention, from *Colorado River Water Conservation*

*District v. United States*, 424 U.S. 800 (1976), comes into play where there

is parallel litigation, particularly where federal and state court proceedings

are simultaneously being carried out to determine the rights of parties with

respect to the same questions of law. Under such circumstances, it makes

little sense for two courts to expend the time and effort to achieve a

resolution of the question.

Whether abstention is appropriate under the Colorado River doctrine

is a two-part inquiry: a court must first determine whether the state-court

proceedings are "parallel," and if so, the court then "look[s] to a multi-

factor test to determine whether "extraordinary circumstances" meriting

abstention are present." *Nationwide Mut. Fire Ins. Co. v. George V.*

*Hamilton, Inc.*, 571 F.3d 299, 307-08 (3d Cir. 2009) (citation omitted). A

court need not determine whether a state-court proceeding is parallel if the

actions do not present the requisite "extraordinary circumstances"

warranting abstention. See id. at 308. A state-court proceeding is "parallel"

when it presents "substantially identical claims [and] nearly identical

allegations and issues." Id. at 307 (quoting *Yang v. Tsui*, 416 F.3d 199, 204 n.5 (3d Cir. 2005)) (alterations in original).

Courts in the Third Circuit consider the following six factors in determining whether a case presents "extraordinary circumstances" warranting abstention:

> "(1) [in an in rem case,] which court first assumed jurisdiction over [the] property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties."

*Hamilton*, 571 F.3d at 308 (quotation omitted) (alterations in original); *Blank River Servs. v. TowLine River Serv.*, 395 F. Supp. 3d 589, 596-597, 2019 U.S. Dist. LEXIS 141753, *6-8, 2019 WL 3940837 (W.D. Pa. 2019) (Hornak, J.).

The Commonwealth Court case filed by the Democratic party also seeks declaratory relief with respect to many of the same issues that are being litigated in this case.  Abstention is appropriate to allow the Pennsylvania Courts to determine the requirements of the State's own law, which have not previously been decided.

D.  Failure to State a Claim

The plaintiffs' allegations have been inconsistent. They broadly claim that all defendants engaged in acts in the primary that violated the plaintiffs' constitutional rights. Here is the problem with that claim:

1.     They know of only 20 Counties they claim acted unlawfully. Complaint, ¶2.

2.     They offer no specifics on what the moving Counties did wrong and what they claim they intend to do wrong in November.

3.     They offer no basis for their attorney's fees claim and yet they sue the Counties for attorney's fees without knowing what policies they implemented in the primary or how they intend to handle the national election.

In fact, had they asked, they would have learned that the moving defendants did act in accordance with Pennsylvania's election law. If the Court should decide that the Pennsylvania statute is unconstitutional, the Counties should not be held liable if they were acting in accordance with Pennsylvania statutory guidance, which it was not in their discretion to disobey.

E.      Standing

The plaintiffs also lack standing to sue the defendants.

A political campaign or candidate does not have standing under the First or Fourteenth Amendments with respect to equal access to the right to vote and only has standing to challenge conduct which prevents the candidate from appearing on the ballot. See *Pierce v. Allegheny County Board of Elections*, 324 F. Supp. 2d 684 (W.D. Pa. 2003).

A national political committee likewise does not have standing under the First or Fourteenth Amendments with respect to equal access to the right to vote. *Erfer v. Commonwealth*, 794 A.2d 325, 330 (Pa. 2002), abrogated on other grounds, *League of Women Voters v. Commonwealth*, 178 A.3d 737 (Pa. 2018).

Moreover, there is no support for the notion that an elector has standing to seek an injunction against a county board of elections in which the elector does not reside. The argument under the First and Fourteenth Amendments is that the government entity acts against the individual to dilute the voter's voting power and disparately treats the voter with respect to the voter's rights. Only the county in which the voter resids has jurisdiction over the voter's ballot. Cf. *Pierce v. Allegheny County Bd. of Elections*, 324 F.Supp.2d 684 W.D. Pa. 2003) (plaintiff's injury traceable to

board of election's inconsistent application of policy in county where plaintiffs were voters).

## V.    Conclusion

The defendants ask the Court to grant their motion and dismiss the plaintiffs' complaint.

NEWMAN|WILLIAMS

By: _____

Gerard J. Geiger, Esq.
Attorney I.D. # PA44099

Date: July 24, 2020

## Certificate of Service

I hereby certify that on this date, a copy of this document was served upon all counsel of record via the Court's CM/ECF system, which will provide electronic notice to all parties of record.

NEWMAN | WILLIAMS

By: _____
Gerard J. Geiger, Esq.
Attorney ID: PA44099

Date: July 24, 2020