**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONALD J. TRUMP FOR PRESIDENT, | : | |
| INC., et al. | : | NO. 2:20-CV-00966 |
|       Plaintiffs, | : | |
| | : | |
|       v. | : | JUDGE J. NICHOLAS RANJAN |
| | : | |
| KATHY BOOCKVAR, in her capacity as | : | |
| Secretary of the Commonwealth of | : | JURY TRIAL DEMANDED |
| Pennsylvania, et al. | : | |
|       Defendants. | : | |

---

**DEFENDANT BERKS COUNTY BOARD OF ELECTIONS' BRIEF IN
SUPPORT OF MOTION TO DISMISS, OR, ALTERNATIVELY, MOTION
FOR A MORE DEFINITE STATEMENT AND/OR MOTION TO STRIKE**

Defendant, Berks County Board of Elections, by and through its attorneys, Deasey, Mahoney & Valentini, Ltd., files the instant Brief in Support of Motion to Dismiss, or, alternatively, Motion for a More Definite Statement and/or Motion to Strike, setting forth and averring in support thereof the following:

**I.       FACTS/PROCEDURE**

The Plaintiffs, consisting of the President's reelection campaign, the Republican National Committee, and various elected officials and registered electors (collectively, "the Plaintiffs"), have brought suit against the Defendants, consisting of Kathy Boockvar, the Secretary and Chief Elections Officer of the Commonwealth of Pennsylvania and the Boards of Elections of Pennsylvania's 67 Counties, including the Berks County Board of Elections ("Berks County"). The Plaintiffs' Complaint recounts purported election irregularities surrounding Pennsylvania's June 2, 2020 Primary Election and raises the specter of the same plaguing the November 3, 2020 General Election. According to the Plaintiffs, these irregularities are a direct result of the inconsistent and imperfect implementation of Act 77, the mail-in voting law enacted by the

General Assembly in the fall of 2019.  The Plaintiffs target and challenge specific practices, including the return of absentee and mail-in ballots to locations other than the respective offices of the Counties' Boards of Elections; the counting of "noncompliant" absentee and mail-in ballots, such as those lacking a secrecy envelope; and residency requirements and restrictions imposed on poll watchers.  The Plaintiffs seek declaratory and/or injunctive relief with respect to these practices.

As for the conduct of Berks County, the Plaintiffs have not attributed any such practices surrounding Pennsylvania's June 2, 2020 Primary Election to it.  Put another way, the Plaintiffs have not alleged any allegations of impropriety relating to Berks County's retroactive or prospective conduct of elections.  The Plaintiffs, therefore, have failed to state any claims against Berks County upon which relief can be granted and their Complaint against it should be dismissed.  In the alternative, the Plaintiffs should be ordered to file an amended pleading that both supplies a more definite statement of their allegations against Berks County, while also omitting other allegations struck by the Court.

## II.    STANDARDS OF REVIEW

### A.    *Motion to Dismiss*

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "[t]he applicable standard of review requires the court to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989).  Under the United States Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, dismissal of a complaint pursuant to Rule 12(b)(6) is proper where the averments of the complaint demonstrably fail to raise directly or inferentially the material elements necessary to

obtain relief under a viable legal theory of recovery.  550 U.S. 544 (2007).  In other words, the allegations of the complaint must be grounded on adequate factual and legal bases such as to move the claim from the realm of mere possibility to one that shows entitlement by presenting "a claim to relief that is plausible on its face." *Id.* at 570.  "The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Marangos v. Swett*, 341 F. App'x 752, 755 (3d Cir. 2009) (*citing Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009)). A complaint that does not establish entitlement to relief under any interpretation is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

### B.    Motion for More Definite Statement

Federal Rule of Civil Procedure 12(e) authorizes a party to make a motion for a more definite statement if a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  "Motions for more definite statements arise in . . . 'cases where because of the vagueness and ambiguity of the pleading the answering party will not be able to frame a responsive pleading.'" *Schaedler v. Reading Eagle Publ'ns, Inc.*, 370 F.2d 795, 798 (3d Cir. 1967).  "Motions for [a] more definite statement . . . should [be granted . . .] if a pleading is unintelligible, making it virtually impossible for the opposing party to craft a responsive pleading." *Synagro-WWT v. Rush Twp., Penn.*, 204 F. Supp. 827, 849-50 (M.D. Pa. 2002).

### C.    Motion to Strike

Federal Rule of Civil Procedure 12(f) permits a motion to strike, whereby a party may move the Court to "strike from a pleading . . . any redundant, immaterial, impertinent, or

scandalous matter." Fed. R. Civ. P. 12(f).  This Court has stated:

> A decision to grant or deny a motion to strike a pleading is vested in the trial court's discretion. "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters."

*United States v. Educ. Mgmt. Corp.*, 871 F. Supp. 2d 433, 460 (W.D. Pa. 2012) (*citing and quoting Simmons v. Nationwide Mut. Fire Ins. Co.*, 788 F. Supp. 2d 404, 407 (W.D. Pa. 2011)).

Applying these standards, Berks County asserts it is entitled to judgment in its favor, and Plaintiffs' Complaint must be dismissed.  Alternatively, Berks County is entitled to an order that Plaintiffs file an amended pleading curing the pleading deficiencies discussed herein, and omitting all allegations struck by the Court.

## III.   ARGUMENT IN SUPPORT OF MOTION TO DISMISS

Plaintiffs' Complaint as alleged against Berks County does not satisfy the standard announced by *Twombly* and its progeny.  Berks County receives only a passing reference in the Complaint, appearing in the caption and listed as a Defendant under the "Parties" section of the Complaint, along with 66 other Counties.  (ECF 1, Pls.' Compl. at ¶ 17).  What is more, the Complaint is absolutely devoid of any allegations implicating Berks County in the practices of which Plaintiffs complain.  To be sure, the Complaint contains discrete and substantive allegations directed at Allegheny County and Philadelphia County.  *Id.* at ¶¶ 2, 102,104, 111, 113.  Furthermore, the Complaint contains allegations generally directed at twenty (20) unidentified Counties.  *Id.* at ¶¶ 2, 103, 106.  The Complaint does not, however, contain a single allegation—general or specific—against Berks County.

The entire premise of Plaintiffs' Complaint is that achieving the objective of a "free and fair" election on November 3, 2020 is only possible if the election is administered in conformity with the letter and spirit of Act 77 and Pennsylvania's other election laws.  Plaintiffs do not

accuse Berks County of deviating from or violating Act 77 or any other election laws. Specifically, Plaintiffs do not allege that Berks County endorsed or engaged in the collection of absentee and mail-in ballots at locations other than the office of the Board of Elections; improperly counted absentee and mail-in ballots that should not have been counted for want of a secrecy envelope; or excluded poll watchers who were not residents of Berks County. Thus, even accepting as true the allegations and inferences of Plaintiffs' Complaint, it is evident that those allegations and inferences do not elevate Plaintiffs' claims against Berks County from the realm of possibility to that of plausibility. Simply stated, Plaintiffs have not stated any claims against Berks County upon which the Court can grant relief, and, as such, Berks County should be dismissed.

## IV.   ARGUMENT IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT

In the event the Court declines to grant dismissal, it should, in the alternative and at a minimum, order Plaintiffs to file an amended pleading that remedies the woeful insufficiency of their allegations with respect to Berks County.

Plaintiffs' Complaint is plainly insufficient as to allegations involving Berks County. Although the Complaint is excessively long and verbose, spanning 56 pages and consisting of 204 paragraphs, concrete factual allegations involving Berks County are remarkably absent. Indeed, the Complaint does not include even a solitary allegation that Berks County permitted ballots to be returned to locations other than the office of the Board of Elections; processed and counted ballots returned without a secrecy envelope; or barred poll watchers from Counties other than Berks County. In view of the vague, ambiguous, and insufficiently specific allegations against it, Berks County is prejudiced in its ability to answer the Complaint and to meaningfully defend itself in this action. Consequently, the Court should order Plaintiffs to file an amended

pleading articulating a more definite statement of Plaintiffs' allegations and claims against Berks County.

**V.      ARGUMENT IN SUPPORT OF MOTION TO STRIKE**

Consistent with ordering Plaintiffs to furnish a more definite statement of their allegations, the Court should also strike the many superfluous and inappropriate allegations and ancillary matter that characterize much of Plaintiffs' Complaint.

Motions to strike are designed to "clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters," they find additional support under Federal Rule of Civil Procedure 8, which requires a plaintiff to make "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).   In *Wallace v. Fed. Employees of U.S. Dist. Court*, the Eastern District Court observed:

> Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint setting forth a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and the plaintiff is limited to a "short and plain statement" in order to give the defendant fair notice of the plaintiff's claims and the bases thereof. Where plaintiffs have filed voluminous complaints containing arguments, recitations of the law, and otherwise unnecessary detail, courts have dismissed their complaints pursuant to Rules 8 and 12(f), which provides that the court, on its own or pursuant to a motion by a party, "may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter."

*Wallace v. Fed. Employees of U.S. Dist. Cour*t, No. CIV.A. 07-1132 NLH, 2008 WL 1886107, at *3, n. 4 (E.D. Pa. Apr. 28, 2008), *aff'd sub nom. Wallace v. Fed. Employees of U.S. Dist. Court, EDPA*, 325 F. App'x 96 (3d Cir. 2009).

Plaintiffs' Complaint is 56 pages in length and features 204 paragraphs, some with subparts.  Surely the Court can discern for itself that the Complaint is rife with anecdotal and unsubstantiated accounts of election irregularities which fit the very definition of immaterial or

impertinent.  *See Hoffer v. Grange Ins. Co.*, No. 1:14-CV-0262, 2014 WL 2177589, at *3 (M.D. Pa. May 23, 2014) ("Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.").  What is more, the Complaint presents needless argument and is peppered with an inordinate number of citations to state and federal cases, state and federal statutes, and the Pennsylvania and United States Constitutions.  In sum, Plaintiffs' Complaint is anything but a short and plan statement of their grievances and the relief they seek. Accordingly, the Court, under the auspices of Rule 12(f), should strike from Plaintiffs' Complaint all of the allegations it deems contrary to the pleading standard prescribed by Rule 8(a)(2).

## VI.  JOINDER IN AND INCORPORATION OF OTHER DEFENDANTS' MOTIONS

Berks County joins in and incorporates by reference the Motions to Dismiss and other Motions of the various Defendants, including but not limited to the Motions filed by Secretary Boockvar.  Berks County joins in and incorporates these Motions to Dismiss and other Motions both to the extent they align with Berks County's own Motion and to the extent they introduce additional and/or alternative grounds for relief, including but not limited to those relating to the Plaintiffs' standing, the existence of jurisdiction, the propriety of venue, and the applicability of the Pullman and Burford abstention doctrines.

## VII.  CONCLUSION

Berks County moves the Court to dismiss Plaintiffs' Complaint against it for failure to state a claim upon which relief can be granted.  Plaintiffs cannot, as a matter of law, be entitled to any relief from Berks County where they have failed completely to make allegations against Berks County warranting any such relief.  Alternatively, Berks County moves the Court to order Plaintiffs to file an amended pleading curing the pleading deficiencies discussed above and

omitting all allegations struck by the Court.

**WHEREFORE**, the Defendant, Berks County Board of Elections, respectfully requests that this Honorable Court GRANT the within Motion, and dismiss Plaintiffs' Complaint and all claims set forth therein against the Defendant, Berks County Board of Elections, in their entirety and with prejudice.

Respectfully submitted,

**DEASEY, MAHONEY & VALENTINI, LTD.**

Date:  July 24, 2020                    BY:      */s/ Christine D. Steere, Esquire*
                                                         **CHRISTINE D. STEERE, ESQUIRE**
                                                         PA ID NO. 84066
                                                         103 Chesley Drive, Suite 101
                                                         Media, PA 19063
                                                         (610) 892-2732 Phone
                                                         (215) 587-9456 Fax
                                                         csteere@dmvlawfirm.com
                                                         *Attorney for Defendant,*
                                                         *Berks County Board of Elections*

<u>**CERTIFICATE OF SERVICE**</u>

I, Christine D. Steere, Esquire, attorney for Defendant, Berks County Board of Elections, hereby certify that a true and correct copy of the foregoing Motion to Dismiss, or, alternatively, Motion for a More Definite Statement and/or Motion to Strike with supporting Brief were filed electronically and served via the Court's ECF system to all counsel of record.


**DEASEY, MAHONEY & VALENTINI, LTD.**

Date: <u>July 24, 2020</u>          BY:     <u>*/s/ Christine D. Steere, Esquire*          </u>
                                                **CHRISTINE D. STEERE, ESQUIRE**