IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRUMP FOR PRESIDENT, INC., *et al.*, : | | |
| Plaintiffs : | No. 2:20-CV-0966-NR | |
| : | | |
| v.   : | | |
| : | *Complaint Filed 6/29/20* | |
| KATHY BOOCKVAR, in her capacity as : | | |
| Secretary of the Commonwealth of : | Electronically Filed | |
| Pennsylvania, *et al.*, : | | |
| Defendants  : | | |

## BRIEF IN SUPPORT OF DEFENDANT LEHIGH COUNTY ELECTION BOARD'S MOTION TO DISMISS THE COMPLAINT

### STATEMENT OF THE CASE

On June 29, 2020, the Plaintiffs have commenced this action against the Secretary of the Commonwealth of Pennsylvania and against all 67 Pennsylvania county boards of elections including the Lehigh County Board of Elections. Plaintiffs seek declaratory and injunctive relief on the basis of alleged election irregularities during the Pennsylvania Primary Election which occurred on June 2, 2020. Plaintiffs further allege that Pennsylvania's November 3, 2020 general election will also be impacted by such irregularities.

### ARGUMENT

1. **Plaintiffs' Complaint must be dismissed because Plaintiffs have failed to allege in any respect how the Lehigh County Board of Elections has violated or will violate their constitutional rights.**

Plaintiffs assert causes of action under 42 U.S.C. Section 1983. In pertinent part, Section 1983 provides as follows:

> Every person who, under color or any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District Of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

>jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress[.]

42 U.S.C. Section 1983.

Section 1983 is not a source of substantive rights; instead, it is an enabling statute that merely provides "a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393-94 (1989) (citation omitted). See also Gruenke v. Seip, 225 F.3d 290, 298 (3d Cir. 2000). To state a claim under Section 1983, the plaintiff must allege that the defendant, while acting under color of state law, deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Gruenke, 225 F.3d at 298.

"A defendant in a civil rights action must have personal involvement in the alleged wrongs …." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3rd Cir 1988) (citations omitted). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode, 845 F.2d at 1207. While Plaintiffs seek declaratory and injunctive relief on the basis of alleged election irregularities during the Pennsylvania Primary Election, and further allege that Pennsylvania's general election will also be impacted by such irregularities, Plaintiffs fail to attribute any such irregularities directly to Lehigh County Board of Elections or allege with any particularity how the Lehigh County Board of Elections has or will violate Plaintiffs' constitutional rights. Therefore, Plaintiffs have failed to state a cognizable Section 1983 claim against the Lehigh County Board of Elections.

2. **Plaintiffs' Complaint must be dismissed because Plaintiffs lack Article III standing, Plaintiffs' claims are barred by the Ripeness Doctrine, Plaintiffs claims are barred by the Abstention Doctrine, Plaintiffs have failed to state a claim upon which relief may be granted, and any other additional or alternative grounds raised by other Defendants to this action.**

The Lehigh County Board of Elections moves to dismiss Plaintiffs' Complaint on the basis that: (i) Plaintiffs lack Article III standing; (ii) Plaintiffs' claims are barred by the Ripeness Doctrine; (iii) Plaintiffs claims are barred by the Abstention Doctrine; (iv) Plaintiffs have failed to state a claim upon which relief may be granted; and (v) any additional or alternative grounds for relief raised by any of the other Defendants to this action.

In support of its motion to dismiss for the foregoing reasons, the Lehigh County Board of Elections joins in, and incorporates herein by this reference, the motion to dismiss the complaint and supporting legal memorandum filed by Secretary Boockvar (Doc. No. 185); and joins in, and incorporates herein by this reference, the motions to dismiss the complaint and legal memoranda filed by the other Defendant Boards of Election to the extent they align with the grounds for dismissal raised by the Lehigh County Board of Election's motion to dismiss the complaint, or to the extent that they introduce additional and/or alternative grounds for relief.

**CONCLUSION**

For the foregoing reasons, the Lehigh County Board of Elections requests that Plaintiffs' Complaint be dismissed and that judgment be entered in its favor and against the Plaintiffs.

Respectfully Submitted:

*Thomas M. Caffrey*
Thomas M. Caffrey, Esq.
Attorney I.D. No. 46558
PO Box A
Coplay, PA 18037-0200
Phone: (610) 434-4418
Fax: (610) 465-8776
tcaffrey@rcn.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRUMP FOR PRESIDENT, INC., *et al.*, : | | |
| Plaintiffs : | No. 2:20-CV-0966-NR | |
| : | | |
| v. : | | |
| : | *Complaint Filed 6/29/20* | |
| KATHY BOOCKVAR, in her capacity as : | | |
| Secretary of the Commonwealth of : | Electronically Filed | |
| Pennsylvania, *et al.*, : | | |
| Defendants : | | |

## CERTIFICATE OF SERVICE

I certify that I caused the foregoing document to be filed with the United States District Court for the Western District of Pennsylvania via the Court's CM/ECF system, which will provide electronic notice to all counsel and parties of record.

Dated: July 24, 2020                                 *Thomas M. Caffrey*
                                                                Thomas M. Caffrey, Esq.

4