IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC.; et al., | ) ) ) | Civil Action |
| Plaintiffs, | ) ) ) | No.: 2-20-CV-966 |
| v. | ) ) | |
| KATHY BOOCKVAR; et al., | ) ) | |
| Defendants. | ) | Judge J. Nicholas Ranjan |

**REPLY TO BRIEF IN OPPOSITION TO
POTTER COUNTY BOARD OF ELECTION'S
MOTION TO DISMISS**

Defendant, Potter County Board of Elections ("Potter County"), by and through its attorneys, Thomas R. Shaffer and Glassmire & Shaffer Law Offices, P.C., submits this Reply to Plaintiffs' Brief in Opposition to Potter County Board of Elections' Motion to Dismiss.

Plaintiffs' Opposition Brief [EFC#186] offers two reasons why they believe Potter County's Motion to Dismiss [EFC#127] should be denied. First, counsel for Potter County failed to comply with this Court's published procedures and practices requirement to "meet and confer" prior to filing its Motion to Dismiss. Second, Plaintiffs allege that Potter County is an indispensable party to the present litigation.

1

## I. POTTER COUNTY'S FAILURE TO
## MEET AND CONFER WAS INADVERTENT AND COUNSEL DID
## BELATEDLY MEET AND CONFER REGARING THE MOTION

Potter County's solicitor, while admitted to practice before this Honorable Court, has not practiced in the federal courts for nearly 30 years.  Potter County concedes that it failed to meet the Court's requirement to "meet and confer." Counsel hereby offers his sincere apology to the Court and again offers such apology to Plaintiffs' counsel for this oversight.  While Potter County agrees that this failure may be a basis for the Court to deny its motion, Potter County urges the Court to utilize its discretion, in the interest to justice and fairness, and to consider and rule on the merits of Potter County's motion.   It is submitted, that utilizing a technical violation the "meet and confer" provisions of the Court's published practices and procedures to preclude consideration of Potter County's motion would be overly harsh and unjust in the context of a lawsuit having a large number of parties, an "expedited timeline" and a "Scheduling Order [EFC# 124] which encourages early filing of Motions to Dismiss by Defendants who which to "expiate the process" and encouraging certain types of motions to dismiss to be filed "as quickly as possible" and where, as here, counsel did cordially meet and confer on Saturday July 25, 2020 to try to resolve this matter.

The solicitor position in Potter County is a part time position but includes many duties.   Among the duties of the solicitor is "to defend all actions or suits brought against the county."  16 P. S. § 902.  At the time of the filing of the Motion to Dismiss, counsel for Potter County was involved in a number of time consuming matters and unknowingly and inadvertently failed to recognize and comply with this requirement.   Because this suit did not address any alleged misconduct on the part of Potter County or even address or mention any of Potter County's election practices, it did not appear to be a wise use of very limited taxpayer funds for the County of Potter to hire outside counsel.  Hopefully, this Honorable

2

Court will not punish Potter County for the ignorance and inadvertent error of its solicitor regarding federal practice in the Western District of Pennsylvania. Additionally, while not relevant to counsel's failure to try, it is noted that various other counties which did comply with this "meet and confer" provision were unable to resolve their disputes and that Plaintiffs maintained that its Complaint did not need to be amended. Finally, upon learning of his failure to meet and confer, the undersigned did (belated) meet and confer in good faith but was unable to resolve the issues raised in the Motion.

## II.  POTTER COUNTY IS NOT AN INDISPENSABLE PARTY

Plaintiffs have cited a number of sections of Title 25 of Pennsylvania laws regarding elections. Potter County agrees that these are the state laws which Potter County must follow in its conduct of elections. As noted by Plaintiffs, the county boards of elections are required to exercise its powers "in the manner provided by this act" and to "perform all the duties imposed upon them by this act…". 25 P. S. § 2642. Perhaps a baseball analogy will illustrate Potter County's position. The election laws are akin to the rule book for a baseball game. The rule book is created by the governing body of the league and is agreed to by the teams who are competing. When the game is actually played, however, it is the umpire, with the rule book in his/her back pocket, who makes sure the game is playing according to the rules. Umpires (just like county boards of election) do not have the power or authority to changes the rules but rather must enforce the rules as written. In the present matter, it is like saying, a team cannot challenge a game or a call without suing all the umpires everywhere, even those who performed their function without objection from anyone. Because Plaintiffs allege that some counties have interpreted rules or enlarged rules in a manner that Plaintiffs' oppose, they insist that they must sue all the umpires. This contrary to the law of indispensable parties. Plaintiffs' cite *Adamietz v, Smith*, 273 F.2d 385, 387 (3rd Cir. 1960) apparently for support of the proposition that all county boards of election must be parties for an order or judgment to have the necessary effect. Plaintiffs' Brief p. 4 [ECF#186]. This

decision, however, does not support such position. *Adamietz,* 273 F.2d at 385 states: "This appeal raises the question whether the members of the Civil Service Commission are indispensable parties to an action by a discharged postal employee for reinstatement following dismissal by the local postmaster and affirmance by the Civil Service Commission." There the Civil Service Commission was an indispensable party but only because the Commission was the only entity which had the authority to reinstate the employee under the relevant statutes. In *Adamietz,* there was a party who was actually harmed (the dismissed employee). The harm was caused by an action on the part of the Civil Service Commission (affirming the dismissal). Thus, the Civil Service Commission was then an indispensable because it was the only entity that had the power to correct the harm.

Here it is not alleged that Plaintiffs have been or will be harmed in any way by Potter County nor is it alleged that Potter County would have the ability or the authority to effectuate any desired relief which Plaintiffs might seek. Potter County was just an umpire in the last election and will do the same in November. Plaintiffs have not alleged that Potter County has violated the rules in any way nor have they alleged that Potter County has made, tried to make or threaten to make up any new rules. Potter County has the rule book in its back pocket and intends to call the balls and strikes according to the rules to insure a fair election for all parties involved. If the legislature or the courts should change the rules or the interpretation of the rules, Potter County will comply with the current state of the law at the time of the November election.

### III. PLAINTIFFS FAIL TO EVEN ADDRESS THE ISSUES RAISED BY POTTER COUNTY'S MOTION TO DISMISS

Finally, Potter County will not repeat the facts and arguments of its motion [EFC#127] or brief in support thereof [EFC#128], but does find it very interesting that Plaintiffs have refused to deny, or address in any way, the substance of Potter County's argument. The reason for this is most likely that Plaintiffs have no facts which support any alleged harm (or even potential harm) by any of Potter

County's actions or in-actions. From the Compliant [EFC#001], in view of a compete absence of factual contentions, it also appears likely that no reasonable inquiry was ever conducted to determine if the claims against Potter County were warranted.

WHEREFORE, it is respectfully requested that the Complaint against the Potter County Board of Elections be dismissed under Rule 12 (b) (6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

GLASSMIRE & SHAFFER LAW OFFICES, P.C.

By: _/Thomas R. Shaffer/_
    Thomas R. Shaffer,
    Pa. I.D. No. 37503
    Solicitor for Potter
    County Board of Elections

    5 East Third Street
    Coudersport, PA 16915
    (814) 274-7292

Dated: 07/25/2020

## CERTIFICATE OF CONFERRAL

      Pursuant to Section II(c) of the Practices and Procedures of the Honorable J. Nicholas Ramjan. The undersigned counsel certifies that, upon learning of his earlier failure to meet and confer, the undersigned did speak with Plaintiffs' counsel, first to apologize for such his earlier failure and then to meet and confer with Plaintiff's counsel in good faith to see if the matters raised by Potter County's Motion [EFC#127] could be addressed by Plaintiff filing an amended complaint or otherwise. The parties were not able to resolve the matters raised in the Motion.

                                                              GLASSMIRE & SHAFFER LAW OFFICES, P.C.

                                                              By:   */Thomas R. Shaffer/*
                                                                            Thomas R. Shaffer,
                                                                            Pa. I.D. No. 37503
                                                                            Solicitor for Potter
                                                                            County Board of Elections

                                                                            5 East Third Street
                                                                            Coudersport, PA 16915
                                                                            (814) 274-7292

Dated: 07/25/2020

**CERTIFICATE OF SERVICE**

      I hereby certify that on this day, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system, pursuant to the Federal Rules of Civil Procedure.

                                GLASSMIRE & SHAFFER LAW OFFICES, P.C.


                                By:   /Thomas R. Shaffer/
                                        Thomas R. Shaffer,
                                        Pa. I.D. No. 37503
                                        Solicitor for Potter
                                        County Board of Elections

                                        5 East Third Street
                                        Coudersport, PA 16915
                                        (814) 274-7292

Dated: 07/25/2020