# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., *et al.*,<br>　　Plaintiffs<br><br>　　　　v.<br><br>KATHY BOOCKVAR, *et al.*,<br>　　Defendants | No. 2:20-CV-00966-NR<br><br>Judge J. Nicholas Ranjan<br><br>Electronically Filed Document |

## BRIEF IN SUPPORT OF MOTION TO DISMISS
## ON BEHALF OF DEFENDANT,
## NORTHAMPTON COUNTY BOARD OF ELECTIONS

　　Moving Defendant Northampton County Board of Elections joins in and adopts in their entirety the legal arguments set forth in the Brief in Support of Motion to Dismiss filed on behalf of Brief in Support of Motion to Dismiss on behalf of Defendants Monroe, Pike, Snyder, and Wayne County Boards of Election (Doc.#193); Brief in Support of Motion to Dismiss on behalf of Armstrong, Bedford, Blair, Centre, Columbia, Dauphin, Indiana, Mercer, Montour, Northumberland, Lackawanna, Lawrence, Venango, and York County Boards of Election(Doc #198); and the Brief in Support of Motion to Dismiss filed on behalf of Defendants Bucks, Chester, Montgomery and Philadelphia County Boards of Elections (Doc. #212), with respect to Moving Defendant's arguments on Lack of Standing and Jurisdiction, Venue, Failure to State Claim against Moving County, Pullman Abstention, and Colorado River Abstention.  (Moving

1

Defendant's Motion to Dismiss, ¶¶1-41).  Moving Defendant files this Brief in Support of its remaining two bases for its Motion to Dismiss.

## I. Nonjusticiable Political Question

Moving Defendant withdraws without prejudice its Motion to Dismiss on the issue of a nonjusticiable political question, and respectfully requests that this Court consider this argument withdrawn.  (Moving Defendant's Motion to Dismiss, ¶¶42-51).

## II. No Properly Pleaded Claim of Vote Devaluation

Moving Defendant incorporated the legal arguments made in Moving Defendant's Motion to Dismiss, ¶¶52-78) and, seeking not to duplicate its arguments, supplement its argument with this Brief.

Plaintiffs' Complaint implies an allegation that policy determinations of the Pennsylvania General Assembly violated their right to an equally weighted vote because of the potential for fraud or improper action.   Moving Defendant's citation to redistricting cases in *Kirkpatrick*, 394 U.S. at 530 (1969); *White v. Weiser*, 412 U.S. 783, 790 (1973); *Karcher v. Daggett*, 462 U.S. 725, 731 (1983), provide guidance for evaluating Plaintiffs' claims that alleged and inadequately specified deviations in how Pennsylvania's sixty-seven counties conducted the June 2 Primary Election violated the U.S. Constitution or Pennsylvania Constitution.

Plaintiffs' Complaint fails to sufficiently plead a deviation among the counties that was avoidable or violative of the U.S. Constitution or Pennsylvania Constitution.  Although not precedential, the 3rd Circuit issued a decision in *Baldwin v. Cortes*, 378 Fed. Appx. 135, 2010 U.S. App. LEXIS 9304 (3rd Circ. 2010) (Not precedential opinion under Third Circuit Internal Operating Procedure Rule 5.7), upholding the Secretary of the Commonwealth extension of time to file nomination papers pursuant to consent decrees which apparently conflicted with an existing provision of the Election Code.  Finding that the Commonwealth of Pennsylvania was permitted to delegate the authority to administer the Commonwealth's election scheme to the Secretary of the Commonwealth, the plaintiffs in *Baldwin, supra* failed to show how a deviation from the Election Code – the extension of a deadline - exceeded the Secretary's delegated authority.

The Pennsylvania Election Code delegates to the county election boards certain powers and duties relating to administering elections.  See 25 P.S. §2641-2652.  There is an expectation in the Election Code that there would be some differences in how each individual county administered its elections.  Plaintiffs' Complaint fails to state how any alleged deviations violate the authority delegated to the Secretary of the Commonwealth and the county election boards, let alone the U.S. Constitution or Pennsylvania Constitution.

## III. Conclusion

Moving Defendant respectfully requests that this Court grant its Motion to Dismiss and dismiss Plaintiffs' Complaint for any of the grounds cited herein or in the Motions to Dismiss and Briefs filed by the Co-Defendants in this matter.

                                  COUNTY OF NORTHAMPTON

                                  By: /s/ BRIAN J. TAYLOR
                                         Brian J. Taylor, Esq.
                                         Attorney ID: 66601
                                         Assistant Solicitor
                                         County of Northampton
                                         669 Washington Street
                                         Easton, PA 18042
                                         610-829-6350
                                         btaylor@northamptoncounty.org

Date: July 27, 2020

## Certificate of Service

I hereby certify that on this date, a copy of this document was served upon all counsel of record via the Court's CM/ECF system, which will provide electronic notice to all parties of record.

                                        COUNTY OF NORTHAMPTON

                                      By: <u>/s/ BRIAN J. TAYLOR</u>
                                                Brian J. Taylor, Esq.
                                                Attorney ID: 66601

Date: July 27, 2020