IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC.; GLENN THOMPSON; MIKE KELLY; JOHN JOYCE; GUY RESCHENTHALER; REPUBLICAN NATIONAL COMMITTEE; MELANIE STRINGHILL PATTERSON; and CLAYTON DAVID SHOW,<br><br>Plaintiffs,<br><br>v.<br><br>KATHY BOOCKVAR, in her capacity as Secretary of the Commonwealth of Pennsylvania; WASHINGTON COUNTY BOARD OF ELECTIONS; *et al.*,<br><br>Defendants. | Civil Action No. 2:20-CV-966<br><br>Honorable Judge J. Nicholas Ranjan<br><br>*Filed Electronically* |

**DEFENDANT WASHINGTON COUNTY BOARD OF ELECTIONS'
BRIEF IN SUPPORT OF MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT, OR, ALTERNATIVELY,
MOTION FOR A MORE DEFINITE STATEMENT AND/OR MOTION TO STRIKE**

AND NOW, comes the Defendant, Washington County Board of Elections, by and through its attorneys, Robert J. Grimm, Esquire, Ryan M. Joyce, Esquire, and the law firm of Swartz Campbell, LLC, and files the instant Brief in Support of Motion to Dismiss Plaintiffs' Amended Complaint, or, alternatively, Motion for a More Definite Statement and/or Motion to Strike, setting forth and averring in support thereof the following:

### I. FACTS & PROCEDURE

The Plaintiffs—the President's reelection campaign, the Republican National Committee, and various elected officials and registered electors (collectively, "the Plaintiffs")—have filed an Amended Complaint against the Defendants—Kathy Boockvar, the Secretary and Chief

1

Elections Officer of the Commonwealth of Pennsylvania and the Boards of Elections of Pennsylvania's 67 Counties, including the Washington County Board of Elections ("Washington County"). The Plaintiffs' Amended Complaint again recounts purported election irregularities surrounding Pennsylvania's June 2, 2020 Primary Election and raises the specter of the same plaguing the November 3, 2020 General Election.

The Plaintiffs continue to insist that these irregularities are a direct result of the inconsistent and imperfect implementation of Act 77, the mail-in voting law enacted by the General Assembly in the fall of 2019. The Plaintiffs renew their challenge to specific practices, including the return of absentee and mail-in ballots to locations other than the respective offices of the Counties' Boards of Elections; the counting of "noncompliant" absentee and mail-in ballots, such as those lacking a secrecy envelope; and residency requirements and restrictions imposed on poll watchers. The Plaintiffs promote an additional challenge to some Counties' Boards of Elections' alleged mishandling of voters who, despite applying for and receiving absentee and mail-in ballots, ultimately opted to vote in person at a polling place rather than submit their ballot through the mail. The Plaintiffs maintain that they are entitled to declaratory and/or injunctive relief with respect to these and other practices.

Washington County filed a Motion to Dismiss the Plaintiffs' original Complaint because the Complaint contained no allegations specific to Washington County, especially with reference to any of the above-identified practices. Surprisingly, the Plaintiffs, in their Amended Complaint, have again failed to allege any election-related misconduct or wrongdoing on the part of Washington County. Consequently, the Plaintiffs persist in failing to state any claims against Washington County upon which relief can be granted, and so their Amended Complaint against it should be dismissed. In the alternative, the Plaintiffs must be ordered to file an amended pleading that once and for all supplies a more definite statement of their allegations against

Washington County, while also eliminating certain allegations which Washington County submits should be struck by the Court.

## II. ARGUMENT IN SUPPORT OF MOTION TO DISMISS

It is well-settled that in reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "[t]he applicable standard of review requires the court to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). Under the United States Supreme Court's decision in Bell Atlantic Corp. v. Twombly, dismissal of a complaint pursuant to Rule 12(b)(6) is proper where the averments of the complaint demonstrably fail to raise directly or inferentially the material elements necessary to obtain relief under a viable legal theory of recovery. 550 U.S. 544 (2007). In other words, the allegations of the complaint must be grounded on adequate factual and legal bases such as to move the claim from the realm of mere possibility to one that shows entitlement by presenting "a claim to relief that is plausible on its face." Id. at 570. "The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" Marangos v. Swett, 341 F. App'x 752, 755 (3d Cir. 2009) (citing Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009)). A complaint that does not establish entitlement to relief under any interpretation is properly dismissed without leave to amend. Grayson v. Mayview State Hosp., 293 F.3d 103, 106 (3d Cir. 2002).

The Plaintiffs' Amended Complaint, like their original Complaint, does not satisfy the standard announced by Twombly and its progeny with respect to Washington County. Washington County received only a passing reference in the original Complaint, appearing in the caption and listed as a Defendant under the "Parties" section of the Complaint, along with 66

3

other Counties.  **See Pls.' Compl. (ECF-1), at ¶ 17.**  The Amended Complaint is no different, including Washington County in the caption and again listing it along with all of the other Counties under the "Parties" heading, while otherwise omitting any meaningful reference to it.  **See Pls.' Am. Compl. (ECF-232), at ¶ 17.**

The Amended Complaint remains absolutely devoid of any allegations implicating Washington County in the practices of which the Plaintiffs complain.  The Amended Complaint contains the same discrete and substantive allegations leveled against Allegheny County and Philadelphia County as in the original Complaint.  **Id. at ¶¶ 2, 126-127, 135-136, 150-151, 158.**  None of these particularized allegations are made against Washington County.  Next, the Amended Complaint, in lieu of referring to twenty (20) unidentified Counties as the original Complaint had, now enumerates nineteen (19) different Counties that allegedly permitted the return of absentee and mail-in ballots to locations other than the offices of the Boards of Elections, such as shopping centers, parking lots, fairgrounds, parks, retirement homes, college campuses, fire halls, municipal government buildings, and elected officials' offices.  **Id. at ¶ 126.**  The nineteen (19) Counties are: Allegheny, Bedford, Bucks, Chester, Cameron, Carbon, Centre, Chester, Clinton, Crawford, Dauphin, Delaware, Elk, Erie, Luzerne, Montgomery, Philadelphia, Venango, and York.  **Id.**  Notably absent from the list: Washington County.

In point of fact, the Amended Complaint does not cure the legal insufficiency of the Plaintiffs' claim(s) against Washington County.  It does not include any additional or novel allegations against Washington County.  The Plaintiffs have had their second bite at the apple and should not be permitted a third or even fourth.  Indeed, federal courts routinely deny further opportunities to amend and, instead, grant dismissals *with prejudice* when plaintiffs repeat the same defects in subsequent pleadings.  See Milton Reg'l Sewer Auth. v. Travelers Cas. & Sur. Co. of Am., No. 4:13-CV-2786, 2014 WL 5529169, at *8, n. 2 (M.D. Pa. Nov. 3, 2014) ("For

4

instance, where the plaintiff had already amended plaintiff's complaint and yet failed to allege sufficient facts, the courts may find that '[t]hree bites at the apple is enough,' and conclude that it is proper to deny leave to replead."), aff'd, 648 F. App'x 215 (3d Cir. 2016); and see Jones v. Philadelphia Parking Auth., No. CIV.A. 11-4699, 2015 WL 1378737, at *3 (E.D. Pa. Mar. 26, 2015) ("Here, where plaintiff has been permitted to file at least four versions of his Complaint, each one failing to properly and sufficiently allege a claim for relief, dismissal of his Third Amended Complaint is with prejudice, in light of his 'repeated failure to cure deficiencies by amendments previously allowed,' as well as the futility of giving plaintiff a fifth bite at the apple."). The Plaintiffs' abject failure to introduce any new allegations, to say nothing of legally sufficient allegations, against Washington County through the vehicle of their Amended Complaint justifies dismissal with prejudice.

The entire premise of the Plaintiffs' Amended Complaint, like their original Complaint, is that achieving the objective of a "free and fair" election on November 3, 2020 is only possible if the election is administered in conformity with the letter and spirit of Act 77 and Pennsylvania's other election laws. The Plaintiffs, in both their original Complaint and now their Amended Complaint, neglect to charge Washington County with deviating from or violating Act 77 or any other election laws. Specifically, the Plaintiffs do not allege that Washington County endorsed or engaged in the collection of absentee and mail-in ballots at locations other than the office of the Board of Elections; improperly counted absentee and mail-in ballots that should not have been counted for want of a secrecy envelope; excluded poll watchers who were not residents of Washington County; or, prevented eligible voters from casting an in-person ballot rather than voting by the absentee or mail-in ballot they had applied for and received.

It only stands to reason that if the Plaintiffs had evidence of Washington County committing any of these practices, then they would have now pleaded in their Amended

Complaint that Washington County committed these practices. This is their burden—a basic and fundamental one at that. This is especially so given that the Plaintiffs were "put on notice" by virtue of Washington County's Motion to Dismiss their original Complaint for want of any such allegations. Therefore, even accepting as true the allegations and inferences of the Plaintiffs' Amended Complaint, it remains very much the case that these allegations and inferences still do not elevate the Plaintiffs' claims against Washington County from the realm of possibility to that of plausibility. Simply stated, the Plaintiffs still have not stated any claims against Washington County upon which the Court can grant relief, and, as such, Washington County should be dismissed.

### III. ARGUMENT IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT

In the event the Court declines to grant dismissal, it should, in the alternative and at a minimum, grant the Plaintiffs one (and only one) further opportunity to file an amended pleading that remedies the ongoing insufficiency of their allegations with respect to Washington County. Federal Rule of Civil Procedure 12(e) authorizes a party to make a motion for a more definite statement if a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Motions for more definite statements arise in . . . 'cases where because of the vagueness and ambiguity of the pleading the answering party will not be able to frame a responsive pleading.'" Schaedler v. Reading Eagle Publ'ns, Inc., 370 F.2d 795, 798 (3d Cir. 1967). "Motions for [a] more definite statement . . . should [be granted . . .] if a pleading is unintelligible, making it virtually impossible for the opposing party to craft a responsive pleading." Synagro-WWT v. Rush Twp., Penn., 204 F. Supp. 827, 849-50 (M.D. Pa. 2002).

The Plaintiffs' Amended Complaint is plainly insufficient in terms of allegations involving Washington County. The Amended Complaint is somehow longer and more verbose

6

than the original Complaint, stretching 72 pages and topping out at 267 paragraphs—16 pages and 63 paragraphs more than the original Complaint.  Yet, notwithstanding all of its additional verbiage, the Amended Complaint is still remarkable for the absence of any concrete factual allegations directed at Washington County.  Indeed, the Amended Complaint (like the original Complaint before it) does not include a solitary allegation that Washington County permitted ballots to be returned to locations other than the office of the Board of Elections; processed and counted ballots returned without a secrecy envelope; barred poll watchers from Counties other than Washington County; or, turned away voters who had applied for and received absentee or mail-in ballots but, instead, chose to vote in person on election day.

The Plaintiffs' Amended Complaint also perpetuates a pleading defect that marred their original Complaint.  That is, the Plaintiffs continue to "lump" together practically of the Defendants—in particular, the Counties.  This is a practice that this and many other federal courts have admonished against time and again.  See Henderson v. Bickel, No. CV 17-98, 2018 WL 692095, at *3 (W.D. Pa. Feb. 2, 2018) (criticizing plaintiff's habit of "lumping multiple Defendants together"); Watkins v. ITM Records, No. CIV.A. 14-CV-01049, 2015 WL 4505954, at *3 (E.D. Pa. July 24, 2015) ("What's more, this lumping of different defendants together makes demonstrating a plausible claim for relief impossible."); and see Pagan v. Medina, No. 2:13-CV-01850 WJM, 2013 WL 3096916, at *3 (D.N.J. June 18, 2013) ("Instead, the Complaint lumps all of the Defendants together and merely recites the elements of the cause of action. This is insufficient to survive a motion to dismiss.").  The Plaintiffs should be required to differentiate their allegations as against individual Counties as this will enable all of the Counties, including Washington County, to properly frame a response to said allegations.

In view of the vague, ambiguous, non-differentiated, and insufficiently specific allegations against it, Washington County is prejudiced in its ability to answer the Amended Complaint and to successfully defend itself in this action. Consequently, the Court should order the Plaintiffs to file an amended pleading articulating a more definite statement of the Plaintiffs' allegations and claims against Washington County. If the Plaintiffs again fail to do so, then their claims against Washington County should be dismissed.

### IV. ARGUMENT IN SUPPORT OF MOTION TO STRIKE

Consistent with ordering the Plaintiffs to furnish a more definite statement of their allegations, the Court should also strike the many superfluous and inappropriate allegations and ancillary matter that characterize much of the Plaintiffs' Amended Complaint. Federal Rule of Civil Procedure 12(f) permits a motion to strike, whereby a party may move the Court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). This Court has stated:

> A decision to grant or deny a motion to strike a pleading is vested in the trial court's discretion. "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters."

United States v. Educ. Mgmt. Corp., 871 F. Supp. 2d 433, 460 (W.D. Pa. 2012) (citing and quoting Simmons v. Nationwide Mut. Fire Ins. Co., 788 F. Supp. 2d 404, 407 (W.D. Pa. 2011)).

Inasmuch as motions to strike are designed to "clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters," they find additional support under Federal Rule of Civil Procedure 8, which requires a plaintiff to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In Wallace v. Fed. Employees of U.S. Dist. Court, the Eastern District Court observed:

> Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint setting forth a claim for relief must contain "a short and plain statement of the claim showing that

8

> the pleader is entitled to relief," and the plaintiff is limited to a "short and plain statement" in order to give the defendant fair notice of the plaintiff's claims and the bases thereof. Where plaintiffs have filed voluminous complaints containing arguments, recitations of the law, and otherwise unnecessary detail, courts have dismissed their complaints pursuant to Rules 8 and 12(f), which provides that the court, on its own or pursuant to a motion by a party, "may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter."

Wallace v. Fed. Employees of U.S. Dist. Court, No. CIV.A. 07-1132 NLH, 2008 WL 1886107, at *3, n. 4 (E.D. Pa. Apr. 28, 2008), aff'd sub nom. Wallace v. Fed. Employees of U.S. Dist. Court, EDPA, 325 F. App'x 96 (3d Cir. 2009).

As already noted, the Plaintiffs' Amended Complaint is 72 pages in length and features 267 paragraphs, some with subparts.  Surely the Court can discern for itself that the Amended Complaint, even more than the original Complaint, is rife with anecdotal and unsubstantiated accounts of election irregularities which fit the very definition of immaterial or impertinent.  See Hoffer v. Grange Ins. Co., No. 1:14-CV-0262, 2014 WL 2177589, at *3 (M.D. Pa. May 23, 2014) ("Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.").  What is more, the Amended Complaint presents needless argumentation and is peppered with an inordinate number of citations to state and federal cases, state and federal statutes, and the Pennsylvania and United States Constitutions.  In sum, the Plaintiffs' Amended Complaint is anything but a short and plan statement of their grievances and the relief they court.  Accordingly, the Court, under the auspices of Rule 12(f), should strike from the Plaintiffs' Amended Complaint all of the allegations it deems contrary to the pleading standard prescribed by Rule 8(a)(2).

V. **JOINDER IN AND INCORPORATION OF OTHER DEFENDANTS' MOTIONS**

Washington County joins in and incorporates by reference the Motions to Dismiss and other Motions of the various Defendants, including but not limited to the Motions filed by

Secretary Boockvar, Allegheny County, Philadelphia County (and other Counties jointly represented along with it), and Centre County (and other Counties jointly represented along with it). Washington County joins in and incorporates these Motions to Dismiss and other Motions both to the extent they align with Washington County's own Motions and to the extent they introduce additional and/or alternative grounds for relief, including but not limited to those relating to the Plaintiffs' standing, the existence of jurisdiction, the propriety of venue, the applicability of the Pullman abstention doctrine, and immunity.

## VI. CONCLUSION

Washington County moves the Court to dismiss the Plaintiffs' Amended Complaint against it for failure to state a claim upon which relief can be granted. The Plaintiffs cannot, as a matter of law, be entitled to any relief from Washington County where they have failed completely to make allegations against Washington County warranting any such relief. Alternatively, Washington County moves the Court to order the Plaintiffs to file an amended pleading curing the pleading deficiencies discussed above and omitting all allegations struck by the Court.

WHEREFORE, the Defendant, Washington County Board of Elections, respectfully requests that this Honorable Court **GRANT** the within Motion, thereby dismissing the Plaintiffs' Amended Complaint and all claims set forth therein against the Defendant, Washington County Board of Elections, in their entirety and with prejudice.

Respectfully submitted,

SWARTZ CAMPBELL, LLC

By:   /s/Robert J. Grimm
      Robert J. Grimm, Esquire
      PA ID No. 55381
      Ryan M. Joyce, Esquire
      PA ID No. 309053

436 7th Ave., Floors 7 & 8
Koppers Building
Pittsburgh, PA  15219
(412) 232-9800
rgrimm@swartzcampbell.com
Attorneys for the Defendant,
Washington County
Board of Elections

11

## CERTIFICATE OF MEET-AND-CONFER

I, Ryan M. Joyce, Esquire, hereby certify that I contacted and spoke with Plaintiffs' counsel, Ronald L. Hicks, Jr., Esquire, by telephone on Tuesday, July 28, 2020, for the purpose of meeting and conferring with Plaintiffs' counsel in a good-faith effort to identify deficiencies in Plaintiffs' Amended Complaint relative to the Defendant, the Washington County Board of Elections. Despite this good-faith effort, the undersigned and Plaintiffs' counsel were unable to resolve their differences and agree on amendments to cure said deficiencies.

SWARTZ CAMPBELL, LLC

By: /s/Ryan M. Joyce
Ryan M. Joyce, Esquire
PA ID No. 309053

## CERTIFICATE OF SERVICE

We, Robert J. Grimm, Esquire and Ryan M. Joyce, Esquire, hereby certify that true and correct copies of the foregoing **Defendant Washington County Board of Elections' Brief in Support of Motion to Dismiss Plaintiffs' Amended Complaint, or, alternatively, Motion for a More Definite Statement and/or Motion to Strike**, have been served this 31st day of July, 2020, by ECF, on:

*All Counsel of Record*

                                                Respectfully submitted,

                                                SWARTZ CAMPBELL, LLC

                                      By:    /s/Robert J. Grimm
                                                     Robert J. Grimm, Esquire
                                                     PA ID No. 55381
                                                     Ryan M. Joyce, Esquire
                                                     PA ID No. 309053
                                                     436 7th Ave., Floors 7 & 8
                                                     Koppers Building
                                                     Pittsburgh, PA  15219
                                                     (412) 232-9800
                                                     rgrimm@swartzcampbell.com
                                                     Attorneys for the Defendant,
                                                     Washington County
                                                     Board of Elections