**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONALD J. TRUMP FOR | ) | Civil Action |
| PRESIDENT, INC.; et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No.: 2-20-CV-966 |
| v. | ) | |
| | ) | |
| KATHY BOOCKVAR; et al., | ) | |
| | ) | |
| Defendants. | ) | Judge J. Nicholas Ranjan |

**BRIEF IN SUPPORT OF DEFENDANT POTTER COUNTY**
**BOARD OF ELECTION'S MOTION TO DISMISS**
**PLAINTIFFS' AMENDED COMPLAINT AND MOTION FOR JOINDER**

Defendant, Potter County Board of Elections ("Potter County"), by and through its attorneys,

Thomas R. Shaffer and Glassmire & Shaffer Law Offices, P.C., submits this Brief in Support of its

Motion Court to dismiss Plaintiffs Amended Complaint in accordance with Federal Rule of Civil

Procedure 12(b)(6) and seeks to join in the motions and briefs of other certain defendants as set forth in

the motion and below.

**I.  THE AMENDED COMPLAINT**
**FAILS TO STATE A CLAIM AGAINST POTTER COUNTY**

As set forth in greater detail in the Motion, Plaintiffs have failed completely to set forth any

facts which relate to any conduct (good or bad) which relates in any manner to Potter County.

The current standard for an adequately pled complaint was set out in *Bell Atlantic Corp v.*

*Twombly*, 550 U.S. 544 (2007).  Under Twombly, to state a claim, a party's factual allegations must

raise a right to relief above the speculative level. Philips v. County of Allegheny, 515 F.3d 224, 232 (3rd Cir. 2008).(citing *Twombly*, 550 U.S. At 555). The Supreme Court reaffirmed and clarified the Twombly standard in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Iqbal Court explained that although a plaintiff was not required to make "detailed factual allegations, . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of elements of a cause of action will not do." Id. At 1949.

Thus, in considering a 12(b)(6) motion to dismiss for failure to state a claim the Court should consider a two-part analysis.  First, the Court "must accept all of the complaint's well-pleaded facts as, true, but may disregard any legal conclusions." *Fowler v. UPMC*, 578 F.3d, 210011 (3rd Cir. 2009), citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Next, the Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief'" *Id*. At 211, quoting *Iqbal*, 556 U.S. At 679.  To be "plausible," a claimant's factual allegations must "permit the court to infer more than the mere possibility of misconduct" *Id*.  That is, a "complaint must do more than allege the plaintiff's entitlement to relief," it "has to 'show' such an entitlement with its facts." *Id*.  If the court can only infer misconduct, the complaint must be dismissed because it has alleged, but has failed to show, that the pleader is entitled to relief. *Id*.

Applying this test to the factual allegations against Potter County is a very simple matter.  There are no factual allegations against Potter County and thus there is no "plausible claim for relief."  Do the Plaintiffs seek a declaration that Potter County should keep on doing what it is doing or change what it is doing?  How could the Court know what to declare as there are no facts whatsoever alleged as to what Potter County has done?  Do the Plaintiffs seek to enjoin Potter County from some action it has done in the past?  Again, how could the Court know what to enjoin as there are absolutely no facts pled as to any allegation of  improper activities?  Has Potter County violated the rights or disenfranchised

any of its voters?  Again, with no facts alleged, there is no possible way to state a plausible claim for relief.

With respect to Potter County, with no facts alleged, Plaintiffs might (at best and being most generous) have some vague speculation or some mere possibility of future misconduct on the part of Potter County.  This is clearly not enough to survive a motion to dismiss.  Accordingly, Potter County Board of Elections prays that this Honorable Court dismiss the Plaintiffs' Complaint against it.

## II.  POTTER COUNTY IS NOT AN INDISPENSABLE PARTY

Plaintiffs' Amended Complaint cites a number of sections of  Title 25 of Pennsylvania laws regarding elections.  Potter County agrees that these are the state laws which Potter County must follow in its conduct of elections.  As noted by Plaintiffs,  the county boards of elections are required to exercise its powers "in the manner provided by this act" and to "perform all the duties imposed upon them by this act…".  25 P. S. § 2642.  As admitted in Plaintiff's Amended Complaint, "the County Election Boards have no power to enact or adopt rules, policies, practices, and/or procedures that violate explicit directives of the Election Code, including those involving absentee and mail-in voting, on the pretext of pursuing a liberal construction [citations omitted]." (EFC#232. ¶ 108).  No such violation has been alleged against Potter County.

Perhaps a baseball analogy will illustrate Potter County's position.  The election laws are akin to the rule book for a baseball game.  The rule book is created by the governing body of the league and is agreed to by the teams who are competing.  When the game is actually played, however, it is the umpire, with the rule book in his/her back pocket, who makes sure the game is played according to the rules.   Umpires (just like county boards of election) do not have the power or authority to change the

3

rules but rather must enforce the rules as written.  In the present matter, it is like saying, a team cannot challenge a game or a call without suing all the umpires everywhere, even those who performed their function without objection from anyone.  Because Plaintiffs allege that some counties have interpreted rules or enlarged rules in a manner that Plaintiffs' oppose, they insist that they must sue all the umpires. This contrary to the law of indispensable parties.  Plaintiffs' earlier cited *Adamietz v, Smith*, 273 F.2d 385, 387 (3rd Cir. 1960) apparently for support of the proposition that all county boards of election must be parties for an order or judgment to have the necessary effect. Plaintiffs' Brief p. 4 [ECF#186].  This decision, however, does not support such position.  *Adamietz,* 273 F.2d at 385 states:  "This appeal raises the question whether the members of the Civil Service Commission are indispensable parties to an action by a discharged postal employee for reinstatement following dismissal by the local postmaster and affirmance by the Civil Service Commission."  There the Civil Service Commission was an indispensable party but only because the Commission was the only entity which had the authority to reinstate the employee under the relevant statutes.  In *Adamietz,* there was a party who was actually harmed (the dismissed employee).  The harm was caused by an action on the part of the Civil Service Commission (affirming the dismissal).  Thus, the Civil Service Commission was then an indispensable because it was the only entity that had the power to correct the harm.

Here it is not alleged that Plaintiffs have been or will be harmed in any way by Potter County nor is it alleged that Potter County would have the ability or the authority to effectuate any desired relief which Plaintiffs might seek.  Potter County was just an umpire in the last election and will do the same in November.  Plaintiffs have not alleged that Potter County has violated the rules in any way nor have they alleged that Potter County has made, tried to make or threaten to make up any new rules. Potter County has the rule book in its back pocket and intends to call the balls and strikes according to the rules to insure a fair election for all parties involved.   If the legislature or the courts should change

4

the rules or the interpretation of the rules, Potter County will comply with the current state of the law at the time of the November election.

Plaintiffs have also cited to Potter County the case of *Jacobson v. Florida Secretary of State,* 957 F.3d 1193 (11th Cir. 2020) as support for its position the Potter County should remain in this litigation.   While this case does include some dicta, which at first glance, might appear be helpful to Plaintiffs, this decision deals with Florida law and is non-binding authority upon this Court.  Further, the facts are easily distinguishable.  In *Jacobson,* the 11th Circuit found that the Plaintiff voters and organizations who brought the suit had no standing since they could not demonstrate that they would be harmed.  In essence, the Plaintiffs sought to declare unconstitutional the order which the state statute required names to be placed on the ballots.  Even if the Plaintiffs did have standing, the 11th Circuit, in dicta, found that the harm would not be traceable and redressable by the Secretary of State (the only Defendant) but would require all the local Supervisors, elected under Florida law, to be named parties since only they could implement the relief requested.  Thus, in *Jacobson,* the Plaintiffs were essentially asking that the Supervisors ignore and act contrary to the plain and unambiguous language of the Florida stature which had been in place for many years.  For relief to be effective,  ALL the Supervisors statewide would have to ignore the law and instead follow the District Court's decision even though they were not parties.   In *Jacobson*, at least there are some facts (or inferred facts) that ALL of the Supervisors would likely follow the existing law and thus would all be needed to be added as parties to provide the relief requested of effectuating a scheme different from what the state statute required.

In the case at bar, the facts are completely different.  The Plaintiffs are not requesting Potter County to violate the election laws but rather to follow them, which Potter County is already doing.  Thus, there is no harm even alleged to be traceable to Potter County yet alone redressable by Potter County.   Potter County is not alleged to have done anything contrary to existing law and is not being

asked to do anything it is not already doing.  It is noted that Plaintiffs only today, July 31, 2020, have

made an open records request to Potter County requesting information regarding its election

procedures.   Other than the discovery requests in this litigation, this is the first inquiry by Plaintiffs

into any Potter County election practices.   Potter County believes that this type of investigation should

have been conducted prior filing a federal suit and that Plaintiffs should have only named counties for

which Plaintiffs' had some factual evidence of at least some alleged wrongdoing or alleged harm.  With

this type of process (i.e. conduct at least some investigate prior to filing suit),  hypothetically, if

Plaintiff agreed that Potter County was not in any way harming Plaintiffs, then why would any Court

ordered declaration or injunction even be needed?   Potter County's motion to dismiss should e granted.


### III. MOTION FOR JOINDER REGARDING ALL OTHER ISSUES

Regarding all other issues, including but not limited to, abstention; standing; poll watcher

claims (Counts IV and V); failure to verify the identification and qualification of each applicant;

failure to reject ballots that are delivered in person by third parties for non-disabled voters; failure to

reject ballots that do not include a declaration signed by the elector; the claim that some counties failed

to allow voters to spoil their mail-in ballots at polling places; and that some counties improperly

allowed voters who had returned mail-in ballots to vote at polling places, Potter County joins in the

Motions (EFC#263  and EFC # 274) and Briefs (EFC#264 and EFC#275)  of Secretary Bookvar and

Armstrong County et al. (including the joinder of full the argument contained in the Bucks County

Memorandum that Plaintiffs' claims are barred by the doctrine of sovereign immunity.)

WHEREFORE, it is respectfully requested that the Amended Complaint against the Potter

County Board of Elections be dismissed under Rule 12 (b) (6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

GLASSMIRE & SHAFFER LAW OFFICES, P.C.

By:    /s/Thomas R. Shaffer
        Thomas R. Shaffer,
        Pa. I.D. No. 37503
        Solicitor for Potter
        County Board of Elections

        5 East Third Street
        Coudersport, PA 16915
        (814) 274-7292
        tomshaffer@verison.net

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this day, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system, pursuant to the Federal Rules of Civil Procedure.

GLASSMIRE & SHAFFER LAW OFFICES, P.C.

By:   _/s/Thomas R. Shaffer_
    Thomas R. Shaffer,
    Pa. I.D. No. 37503
    Solicitor for Potter
    County Board of Elections

    5 East Third Street
    Coudersport, PA 16915
    (814) 274-7292

Dated: 07/31/2020