Matthew J. Carmody
Regina M. Blewitt
Lawrence J. Moran, Jr.
**JOYCE, CARMODY & MORAN, P.C.**
9 N. Main Street, Suite 4
Pittston, PA 18640
Ph: (570) 602-3560
Fax: (570) 602-3561

Attorneys for Defendant
Luzerne County Board of Elections

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONALD J. TRUMP FOR PRESIDENT, INC., et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**KATHY BOOCKVAR, et al.,**<br><br>**Defendants.** | **Civil Action No. 2:20-cv-966-NR**<br><br><br><br>**JUDGE J. NICHOLAS RANJAN** |

## DEFENDANT LUZERNE COUNTY ELECTION BOARD'S BRIEF IN SUPPORT OF MOTION OF PURSUANT TO RULE 12

Defendant Luzerne County Board of Elections ("Defendant"), by and through the undersigned counsel, hereby files the instant Motion pursuant to Federal Rule of Civil Procedure 12, and moves this court to dismiss the Amended Complaint of Plaintiffs Donald J. Trump for President, Inc., et al., as follows:

## BACKGROUND

Plaintiffs commenced this lawsuit against the Secretary of the Commonwealth of Pennsylvania and the Boards of Elections of Pennsylvania's 67 Counties, including the instant Defendant Luzerne County Board of Elections.

In their Amended Complaint seeking declaratory and injunctive relief, Plaintiffs allege that the Defendants' administration of Pennsylvania's June 2, 2020

Primary Election, which was the first election following the General Assembly's October 31, 2019 enactment of Act 77, the mail-in voting law, resulted in presumed violations of state and federal law from Defendants' hastily moving to a mail-in voting system. <u>See</u> Amended Complaint, generally. Plaintiffs' Amended Complaint is premised on an assumption that Defendants will administer the upcoming November 3, 2020 General Election in a manner identical to the June 2, 2020 Primary Election[1], and to that end seeks orders, declarations, and/or injunctions seeking to "prevent Defendants from making the same mistake twice." <u>See</u> Amended Complaint ¶ 192.

## **ARGUMENT**

### I.    **Motion to Dismiss Plaintiffs' Claims as Moot**

Plaintiffs' Amended Complaint should be dismissed as moot as there is no live justiciable controversy. The factual underpinnings of Plaintiffs' Amended Complaint relate exclusively to the Defendants' administration of prior elections, including particularly the June 2, 2020 Primary Election. The Plaintiffs' Amended Complaint seeks relief by means of orders, declarations, and/or injunctions to direct and/or guide Defendants in their administration of the upcoming November 3, 2020

---

[1] Pennsylvania's Primary Election took place on June 2, 2020 "amid civil unrest, a pandemic, the introduction of new voting machines in some counties and the debut of mail-in balloting that pushed county election bureaus to their limits." <u>See</u> M. Scolforo, "Trump, Biden Win Pennsylvania Primary Amid Unrest, Pandemic," Associated Press, Wire Service Content (Jun. 2, 2020) (available at https://www.usnews.com/news/best-states/pennsylvania/ articles/ 2020-06-02/pennsylvania-primary-begins-despite-unrest-pandemic).

General Election before the Defendants have finalized or publicized policies for the November 3, 2020 General Election.

Article III of the United States Constitution specifies that the judicial power extends only to cases and controversies. Campbell–Ewald Co. v. Gomez, 136 S.Ct. 663, 669 (2016) (citing U.S. Const. art. III, § 2). A case becomes moot when (1) "the issues presented are no longer 'live,'" or (2) "the parties lack a legally cognizable interest in the outcome." Chafin v. Chafin, 133 S. Ct. 1017 (2013) (quoting Already, LLC v. Nike, Inc., 133 S. Ct. 721 (2013)).

While the Third Circuit has recognized that there are exceptions to the mootness doctrine, no such exception applies here. Specifically, Plaintiffs are unable to demonstrate that their claims are excepted from mootness because they are unable to demonstrate "that (1) the challenged action was too short in duration to be fully litigated to its expiration, and (2) there is a reasonable likelihood [the same complaining party] will be subjected to the same action again. See Green Party of Pennsylvania v. Aichele, 103 F. Supp. 3d 681, 694 (E.D. Pa. 2015) (citing Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001)).

The substantive issues of a claim are only justiciable to the extent that Plaintiffs demonstrate a likelihood that "the acts complained of will be repeated." See N.J. Tpk. Auth. v. Jersey Cent. Power & Light, 772 F.2d 25, 32 (3d Cir. 1985). ('Capable of repetition' is not a synonym for 'mere speculation.'). "Regarding

repetition, the United States Supreme Court has said that there must be a 'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the same complaining party." Little v. Tube City Renaissance, No. 2:19-CV-00172-MJH, 2020 WL 436616, at *1 (W.D. Pa. Jan. 28, 2020) (citing Murphy v. Hunt, 455 U.S. 478, 482, 102 S. Ct. 1181, 1184 (1982)).

Here, Plaintiffs fail to plead that they were specifically subject to any concrete injury resulting from Defendants' administration of the June 2, 2020 primary election.  Significantly, Plaintiffs also fail to plead and are unable to demonstrate that there is any reasonable likelihood that they will be subjected to the same complained of actions again in the June 2, 2020 General Election or, put differently, that they can demonstrate a likelihood that "the acts complained of will be repeated." See N.J. Tpk. Auth. v. Jersey Cent. Power & Light, 772 F.2d 25, 32 (3d Cir. 1985).

In this regard, Plaintiffs' Amended Complaint merely states that "*there is no reason to believe things will be different* [from the June 2, 2020 Primary Election] during the November 3, 2020 General Election" and that "*Plaintiffs believe that Defendants intend to repeat this practice* in the upcoming November 3, 2020 General Election."  See Amended Complaint ¶¶ 190, 244 (emphasis added.) Plaintiffs Amended Complaint fails to advance any specific facts in support of their contention that the November 3, 2020 General Election will be administered identically to the June 2, 2020 Primary Election.  Plaintiffs' mere belief or

4

speculation is insufficient to exempt Plaintiffs' claims from the mootness doctrine. Accordingly, the Plaintiffs' claims are moot, not justiciable, and should be dismissed.

Plaintiffs here essentially seek an impermissible advisory opinion from this Court in the form of a declaration that the Defendants' past conduct, specifically that the administration of the June 2, 2020 Primary Election, was illegal.  See Corliss v. Obrien, 200 Fed. Appx. 80 (3d. Cir. 2006) (A request for declaratory relief is not an appropriate avenue to challenge violations of rights that have already occurred.)

 Plaintiffs' requested relief not only asks this Honorable Court  to issue an impermissible advisory opinion, but further asks this Court to make the faulty assumption that the Defendants will administer the November 3, 2020 General Election in the same manner that they administered the June 2, 2020 Primary Election -  a supposition which is legally and logically faulty and lacks any support in Plaintiffs' Amended Complaint.   The circumstances leading up to and during the June 2, 2020 Primary Election were unprecedented and included civil unrest, a pandemic, the introduction of new voting machines in 22 counties and the debut of mail-in balloting.  See M. Scolforo, "Trump, Biden Win Pennsylvania Primary Amid Unrest, Pandemic," Associated Press, Wire Service Content (Jun. 2, 2020) (available at   https://www.usnews.com/news/best-states/pennsylvania/   articles/   2020-06-02/pennsylvania-primary-begins-despite-unrest-pandemic).  Plaintiffs have failed to

plead that there exists a demonstrated probability that the controversy alleged with respect to the factual and circumstantially unique June 2, 2020 Primary Election will be repeated in the November 3, 2020 General Election. This is because the Defendants have not yet finalized or publicized the policies for the administration of the November 3, 2020 General Election.

Accordingly, the Plaintiffs' claims are moot, not justiciable, and should be dismissed.

## II.   Joinder in Defendants' Motions to Dismiss and Supportive Briefs

Pursuant to the Court's July 17, 2020 Scheduling Order (Doc. #124), Defendant Luzerne County Board of Elections joins in and adopts in their entirety the legal arguments set forth in the Motions to Dismiss and accompanying briefs filed on behalf of Defendant Kathy Boockvar, the Secretary of the Commonwealth of Pennsylvania (Docs. #263 and 264); Defendants Armstrong, Bedford, Blair, Centre, Columbia, Dauphin, Fayette, Indiana, Lackawanna, Lawrence, Mercer, Montour, Northumberland, Venango and York County Boards of Elections (Docs. #274 and 275); and Defendants Bucks, Chester, Montgomery and Philadelphia County Boards of Elections which will be filed on this date as the legal arguments of Luzerne County Board of Elections in support of its Motion to Dismiss the Plaintiffs' Amended Complaint and supportive brief.

## CONCLUSION

For the foregoing reasons, and for those reasons as set forth in the motions and/or briefs in which Defendant joins, Defendant Luzerne County Board of Elections respectfully requests that this Court dismiss the Amended Complaint of Plaintiffs Donald J. Trump for President, Inc., et al.


Respectfully submitted:

*s/ Regina M. Blewitt*
Lawrence J. Moran, Jr. (PA ID No. 316253)
Regina M. Blewitt (PA ID No. 205644)
Matthew J. Carmody (PA ID No. 206781)
**JOYCE, CARMODY & MORAN, P.C.**
9 N. Main Street, Suite 4
Pittston, PA 18640
Phone:  570-602-3560
Fax:  570-602-3561
E-mail:  ljm@joycecarmody.com

Attorneys for Defendant
Luzerne County Board of Elections

DATED:   __July 31, 2020__

Matthew J. Carmody
Regina M. Blewitt
Lawrence J. Moran, Jr.
**JOYCE, CARMODY & MORAN, P.C.**
9 N. Main Street, Suite 4
Pittston, PA 18640
Ph: (570) 602-3560                                              Attorneys for Defendant
Fax: (570) 602-3561                                            Luzerne County Board of Elections

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONALD J. TRUMP FOR PRESIDENT, INC., et al.,** | |
| **Plaintiffs,** | **Civil Action No. 2:20-cv-966-NR** |
| **v.** | |
| **KATHY BOOCKVAR, et al.,** | **JUDGE J. NICHOLAS RANJAN** |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a true and correct copy of the foregoing Brief in Support of the Motion of Defendant Luzerne County Board of Elections Pursuant to Rule 12 was filed electronically and served via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.


                                                    *s/ Regina M. Blewitt*
                                                    Regina M. Blewitt

DATED:    July 31, 2020