**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., et al. | : | NO. 2:20-CV-00966 |
| Plaintiffs, | : | |
| | : | |
| v. | : | JUDGE J. NICHOLAS RANJAN |
| | : | |
| KATHY BOOCKVAR, in her capacity as | : | |
| Secretary of the Commonwealth of | : | JURY TRIAL DEMANDED |
| Pennsylvania, et al. | : | |
| Defendants. | : | |

_____

**DEFENDANT BERKS COUNTY BOARD OF ELECTIONS' BRIEF IN**
**SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT, OR,**
**ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT AND JOINDER**

Defendant, Berks County Board of Elections, by and through its attorneys, Deasey, Mahoney & Valentini, Ltd., files the instant Brief in Support of Motion to Dismiss, or, alternatively, Motion for a More Definite Statement and/or Motion to Strike, and to join in those arguments of Defendants Boards of Elections of Armstrong, Bedford, Blair, Centre, Columbia, Dauphin, Fayette, Huntingdon, Indiana, Lackawanna, Lawrence, Lebanon, Mercer, Montour, Northumberland, Venango, York (ECF 274, 275), Bucks, Chester, Montgomery, and Philadelphia Counties (ECF 283, 284), and Defendant Secretary of the Commonwealth Kathy Boockvar (ECF 263, 264)  as set forth below:

I.      **FACTS/PROCEDURE**

Plaintiffs, the President's reelection campaign, the Republican National Committee, and various elected officials and registered electors (collectively "the Plaintiffs"), have brought suit against the Defendants, including the Secretary of the Commonwealth of Pennsylvania and the Boards of Elections of Pennsylvania's 67 Counties, including Berks County Board of Elections ("Berks County").  The Plaintiffs' Amended Complaint continues to recount purported election

irregularities surrounding Pennsylvania's June 2, 2020 Primary Election and raises the specter of the same plaguing the November 3, 2020 General Election.  According to the Plaintiffs, these irregularities are a direct result of the inconsistent and imperfect implementation of Act 77, the mail-in voting law enacted by the General Assembly in the fall of 2019.  The Plaintiffs continue to target and challenge specific practices, including the return of absentee and mail-in ballots to locations other than the respective offices of the Counties' Boards of Elections; the counting of "noncompliant" absentee and mail-in ballots, such as those lacking a secrecy envelope; and residency requirements and restrictions imposed on poll watchers.  The Plaintiffs continue to seek declaratory and/or injunctive relief with respect to these practices.

Berks County filed a Motion to Dismiss Plaintiffs' original Complaint because the Complaint contained no allegations specific to Berks County or its conduct during the Primary June 2020 election, especially with reference to any of the above-identified practices.  In the Amended Complaint, Plaintiff have again failed to allege any election related misconduct or wrongdoing on the part of Berks County, and, as such, have failed to state any plausible claims against it.  Accordingly, Berks County seeks dismissal and/or other relief as specified herein.

In the alternative, Plaintiffs should be ordered to file only one more amended pleading that both supplies a more definite statement of their allegations against Berks County.

## II.      STANDARDS OF REVIEW

### A.      *Motion to Dismiss*

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "[t]he applicable standard of review requires the court to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir.

1989).  Under the United States Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, dismissal of a complaint pursuant to Rule 12(b)(6) is proper where the averments of the complaint demonstrably fail to raise directly or inferentially the material elements necessary to obtain relief under a viable legal theory of recovery.  550 U.S. 544 (2007).  In other words, the allegations of the complaint must be grounded on adequate factual and legal bases such as to move the claim from the realm of mere possibility to one that shows entitlement by presenting "a claim to relief that is plausible on its face."  *Id.* at 570.  "The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'"  *Marangos v. Swett*, 341 F. App'x 752, 755 (3d Cir. 2009) (*citing Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009)). A complaint that does not establish entitlement to relief under any interpretation is properly dismissed without leave to amend.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

### B.      Motion for More Definite Statement

Federal Rule of Civil Procedure 12(e) authorizes a party to make a motion for a more definite statement if a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  "Motions for more definite statements arise in . . . 'cases where because of the vagueness and ambiguity of the pleading the answering party will not be able to frame a responsive pleading.'" *Schaedler v. Reading Eagle Publ'ns, Inc.*, 370 F.2d 795, 798 (3d Cir. 1967).  "Motions for [a] more definite statement . . . should [be granted . . .] if a pleading is unintelligible, making it virtually impossible for the opposing party to craft a responsive pleading." *Synagro-WWT v. Rush Twp., Penn.*, 204 F. Supp. 827, 849-50 (M.D. Pa. 2002).

Applying these standards, Berks County asserts it is entitled to judgment in its favor, and Plaintiffs' Amended Complaint must be dismissed.  Alternatively, Berks County is entitled to an order that Plaintiffs file an amended pleading curing the pleading deficiencies discussed herein.

## III.     ARGUMENT IN SUPPORT OF MOTION TO DISMISS

Plaintiffs' Amended Complaint as alleged against Berks County does not satisfy the standard announced by *Twombly* and its progeny.  As in the original Complaint, Berks County receives only passing references in the Amended Complaint, only appearing in the caption and listed as a Defendant under the "Parties" section of the Amended Complaint, along with 66 other Counties.  (ECF 232, Pls.' Amended Compl. at ¶ 17).  What is more, the Amended Complaint is absolutely devoid of any allegations implicating Berks County in the practices of which Plaintiffs complain.  To be sure, the Amended Complaint contains discrete and substantive allegations directed at Allegheny County and Philadelphia County.  *Id.* at ¶¶ 2, 126-127, 135-136, 150-151, 158.   Furthermore, the Amended Complaint contains allegations directed at nineteen (19) Counties: Allegheny, Bedford, Bucks, Chester, Cameron, Carbon, Centre, Chester, Clinton, Crawford, Dauphin, Delaware, Elk, Erie, Luzerne, Montgomery, Philadelphia, Venango, and York.  *Id.* at ¶ 126.  Notably absent from this list is Berks County.  Indeed, the Amended Complaint does not contain a single allegation—general or specific—against Berks County.

The Amended Complaint also does not cure the legal insufficiency of the Plaintiffs' original claim(s) levied against Berks County, in that it does not include any additional or novel allegations against Berks County.  Plaintiffs have had their second bite at the apple and should not be permitted a third.  *See Milton Reg'l Sewer Auth. v. Travelers Cas. & Sur. Co. of Am.*, No. 4:13-CV-2786, 2014 WL 5529169, at *8, n. 2 (M.D. Pa. Nov. 3, 2014) ("For instance, where the

plaintiff had already amended plaintiff's complaint and yet failed to allege sufficient facts, the courts may find that '[t]hree bites at the apple is enough,' and conclude that it is proper to deny leave to replead."), *aff'd*, 648 F. App'x 215 (3d Cir. 2016); *and see Jones v. Philadelphia Parking Auth.*, No. CIV.A. 11-4699, 2015 WL 1378737, at *3 (E.D. Pa. Mar. 26, 2015) ("Here, where plaintiff has been permitted to file at least four versions of his Complaint, each one failing to properly and sufficiently allege a claim for relief, dismissal of his Third Amended Complaint is with prejudice, in light of his 'repeated failure to cure deficiencies by amendments previously allowed,' as well as the futility of giving plaintiff a fifth bite at the apple.").  The Plaintiffs' total failure to introduce any new legally sufficient allegations against Berks County in the Amended Complaint justifies dismissal with prejudice.

Plaintiffs, in both their original Complaint and now their Amended Complaint, neglect to charge Berks County with deviating from or violating Act 77 or any other election laws. Specifically, the Plaintiffs do not allege that Berks County endorsed or engaged in the collection of absentee and mail-in ballots at locations other than the office of the Board of Elections; improperly counted absentee and mail-in ballots that should not have been counted for want of a secrecy envelope; excluded poll watchers who were not residents of Berks County; or, prevented eligible voters from casting an in-person ballot rather than voting by the absentee or mail-in ballot they had applied for and received.  It only stands to reason that if the Plaintiffs had evidence of Berks County committing any of these practices, then they would have now pleaded in their Amended Complaint that Berks County committed these practices.  This is especially so given that the Plaintiffs were "put on notice" by virtue of Berks County's Motion to Dismiss their original Complaint for want of any such allegations.

Thus, even accepting as true the allegations and inferences of Plaintiffs' Amended

Complaint, it is evident that those allegations and inferences still do not elevate Plaintiffs' claims against Berks County from the realm of possibility to that of plausibility.   Simply stated, Plaintiffs have not stated any claims against Berks County upon which the Court can grant relief, and, as such, Berks County should be dismissed.

## IV.   ARGUMENT IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT

In the event the Court declines to grant dismissal, it should, in the alternative, only afford Plaintiffs one more opportunity to file an amended pleading that remedies the woeful insufficiency of their allegations with respect to Berks County.

Plaintiffs' Amended Complaint is plainly insufficient as to allegations involving Berks County.   Although the Complaint is excessively long and verbose, spanning 72 pages and consisting of 267 paragraphs, concrete factual allegations involving Berks County are remarkably absent for a second time.   Indeed, the Amended Complaint does not include even a solitary allegation that Berks County permitted ballots to be returned to locations other than the office of the Board of Elections; processed and counted ballots returned without a secrecy envelope; or barred poll watchers from Counties other than Berks County.   In light of the continued absence of allegations against Berks County, coupled with the vague and ambiguous character of Plaintiffs' allegations overall, the Court should, at best, allow Plaintiffs one more opportunity to file an amended pleading supplying a more definite statement of Plaintiffs' claims against Berks County.

## V.   JOINDER IN AND INCORPORATION OF OTHER DEFENDANTS' MOTIONS

Berks County joins in and incorporates by reference in their entirety as part of its Motion to Dismiss all other legal grounds for dismissal of the Plaintiffs' Amended Complaint asserted in

the motion to dismiss and accompanying briefs filed today with the Court on behalf of the Bucks, Chester, Montgomery and Philadelphia County Boards of Elections (ECF 283, 284), in the motion to dismiss and accompanying brief filed today with the Court on behalf of the Armstrong, Bedford, Blair, Centre, Columbia, Dauphin, Fayette, Indiana, Lackawanna, Lawrence, Mercer, Montour, Northumberland, Venango, and York County Boards of Elections (ECF 274, 275), and in the motion to dismiss and accompanying brief filed today with the Court on behalf of Kathy Boockvar, the Secretary of the Commonwealth of Pennsylvania (ECF 263, 264). Berks County joins in and incorporates these Motions to Dismiss and other Motions both to the extent they align with Berks County's own Motions and to the extent they introduce additional and/or alternative grounds for relief, including but not limited to those relating to the Plaintiffs' standing, the existence of jurisdiction, the propriety of venue, and the applicability of the Pullman and Burford abstention doctrines.

## VI.    CONCLUSION

Berks County moves the Court to dismiss Plaintiffs' Amended Complaint against it for failure to state a claim upon which relief can be granted. Plaintiffs cannot, as a matter of law, be entitled to any relief from Berks County where they have failed completely to make allegations against Berks County warranting any such relief. Alternatively, Berks County moves the Court to order Plaintiffs to file an amended pleading curing the pleading deficiencies discussed above.

**WHEREFORE**, the Defendant, Berks County Board of Elections, respectfully requests that this Honorable Court GRANT the within Motion, and dismiss Plaintiffs' Amended Complaint and all claims set forth therein against the Defendant, Berks County Board of Elections, in their entirety and with prejudice.

Respectfully submitted,

**DEASEY, MAHONEY & VALENTINI , LTD.**

Date:  <u>July 31, 2020</u>           BY:     <u>*/s/ Christine D. Steere, Esquire*</u>
                                               **CHRISTINE D. STEERE, ESQUIRE**
                                               PA ID NO. 84066
                                               103 Chesley Drive, Suite 101
                                               Media, PA 19063
                                               (610) 892-2732 Phone
                                               (215) 587-9456 Fax
                                               csteere@dmvlawfirm.com
                                               *Attorney for Defendant,*
                                               *Berks County Board of Elections*

8

## CERTIFICATE OF SERVICE

I, Christine D. Steere, Esquire, attorney for Defendant, Berks County Board of Elections, hereby certify that a true and correct copy of the foregoing Motion to Dismiss, or, alternatively, Motion for a More Definite Statement and Joinder with supporting Brief were filed electronically and served via the Court's ECF system to all counsel of record.

DEASEY, MAHONEY & VALENTINI , LTD.

Date:  July 31, 2020                    BY:    /s/ Christine D. Steere, Esquire
                                               CHRISTINE D. STEERE, ESQUIRE