IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., et al., | ) ) ) |
| | ) 2:20-cv-966-NR |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| KATHY BOOCKVAR, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM ORDER

### J. Nicholas Ranjan, United States District Judge

Before the Court are four motions to intervene, brought by: the Pennsylvania State Democratic Party and various candidates and non-candidate legislators [ECF 83]; the NAACP Pennsylvania State Conference, Common Cause Pennsylvania, League of Women Voters of Pennsylvania, and several individual electors [ECF 103]; Citizens for Pennsylvania's Future and the Sierra Club [ECF 137]; and the Pennsylvania Alliance for Retired Americans and several individual electors [ECF 199].

Plaintiffs have opposed three of the four motions,[1] arguing that the proposed intervenors do not possess a sufficient legal interest in the present dispute and that they have failed to identify the claims and defenses to which they are proper parties. After careful consideration of the arguments, and for the following reasons, the proposed intervenors' motions will be granted.

---

[1] Plaintiffs filed no opposition to the motion to intervene brought by the State Democratic Party and various candidates and non-candidate legislators [ECF 83]. The Court will grant the motion as unopposed.

- 1 -

## BACKGROUND

On June 29, 2020, Plaintiffs, who are Republican candidates or electors in the upcoming November 2020 general election, filed this lawsuit seeking declaratory and injunctive relief in advance of the election. [ECF 4]. They subsequently amended their complaint on July 27, 2020. [ECF 234]. Defendants are the Secretary of the Commonwealth, as well as the boards of elections for all 67 counties in Pennsylvania.

Two weeks after the lawsuit was filed, on July 13, 2020, the Pennsylvania State Democratic Party and various Democratic candidates and non-candidate legislators filed a motion to intervene, arguing that they have a distinct interest in "protecting Democratic candidates in competing in a free and fair election and further protecting registered Democratic voters' rights to an effective vote." [ECF 85, p. 14].

On July 15, 2020, the NAACP Pennsylvania State Conference, Common Cause Pennsylvania, League of Women Voters of Pennsylvania, and several individual electors moved to intervene, arguing that they have a distinct interest in "protecting their own and their members' rights to vote safely in the midst of a pandemic[.]" [ECF 104, p. 19].

On July 20, 2020, Citizens for Pennsylvania's Future and the Sierra Club filed their motion to intervene, arguing that they have a distinct interest "in empowering traditionally underrepresented communities to participate in the electoral process" through mail-in voting. [ECF 138, p. 12].

Finally, on July 24, 2020, the Pennsylvania Alliance for Retired Americans and several retired voters moved to intervene, arguing that they have a distinct interest in "safely exercis[ing] their right to vote through the use of mail ballots" delivered to drop-boxes. [ECF 200, p. 15].

All proposed intervenors have argued that they are entitled to intervene as of right or permissively under Federal Rule of Civil Procedure 24.

Plaintiffs have opposed the final three motions to intervene [ECF 103; ECF 137; ECF 199], advancing essentially the same arguments in each brief. They argue that the proposed intervenors fail to meet Rule 24's requirements for intervention as a matter of right or by permission, since proposed intervenors "lack a discrete, substantial, legally protectable interest in the outcome of this suit, and they cannot overcome the presumption that Defendants and/or other intervening parties are adequately representing their interests." [ECF 177, p. 2; ECF 224, p. 2; ECF 304, p. 2]. They also argue that the proposed intervenors fail to identify the claims and defenses to which they are a proper party as required by Rule 24(c). [ECF 177, p. 1; ECF 224, p. 1; ECF 304, p. 1].

The motions are fully briefed and ready for disposition. After considering the papers, the Court finds, in its discretion, that all proposed intervenors should be granted leave to permissively intervene.

## DISCUSSION & ANALYSIS

Rule 24 provides two procedural avenues for an entity that was not named as a party to a lawsuit to seek to insert itself into the proceedings. Those are designated under the Rule as "intervention of right," Fed. R. Civ. P. 24(a), and "permissive intervention," Fed. R. Civ. P. 24(b).

To intervene as a matter of right under Rule 24(a)(2), the proposed intervenor must demonstrate: "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the

litigation." *In re Cmty. Bank of N. Virginia*, 418 F.3d 277, 315 (3d Cir. 2005) (quoting *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987)).

Permissive intervention under Rule 24(b), on the other hand, allows for intervention under more relaxed conditions. The Rule permits a party to intervene by demonstrating: (1) a timely application for intervention; and (2) that the party's claim or defense shares a common question of law or fact with the underlying action. *See* Fed. R. Civ. P. 24(b)(1)(B). When reviewing a request for permissive intervention, the court must also consider whether permissive intervention would "unduly delay or prejudice the adjudication of the rights of the original parties." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 779 n. 6 (3d Cir.1994) (quoting Fed. R. Civ. P. 24(b)(3)).

"Whether to allow a party to permissively intervene is left to the sound discretion of the Court." *Worthington v. Bayer Healthcare, LLC*, Civ. No. 11–2793(ES)(CLW), 2011 WL 6303999, at *8 (D.N.J. Dec. 15, 2011) (citation omitted); *Brody By & Through Sugzdinis v. Spang*, 957 F.2d 1108, 1124 (3d Cir. 1992) ("[A]s the doctrine's name suggests, [it] is within the discretion of the district court" whether to grant permissive intervention) (citation omitted). "The purpose of permissive intervention is to avoid a multiplicity of suits by settling related controversies in a single action." *Wolf by Wolf v. Procter & Gamble Co.*, 555 F.Supp. 613, 627–28 (D.N.J. 1982) (citation omitted).

Here, the Court need not address intervention by right, since permissive intervention is appropriate—the proposed intervenors' requests to intervene are timely, the grounds they present share a common question of law or fact with the underlying action, and there is no undue delay or prejudice involved.

First, the proposed intervenors meet the threshold inquiry of whether their motions are timely. *See NAACP v. New York*, 413 U.S. 345, 365 (1973).

"Rule 24 does not set forth a specific time limit governing the filing of a motion to intervene. Therefore, the determination of whether the motion has been timely filed is left to the discretion of the trial court." *League of Women Voters of Haverford Twp. v. Bd. of Comm'rs. of Haverford Twp.*, No. CIV.A. 86-0546, 1986 WL 3868, at *2 (E.D. Pa. Mar. 27, 1986). Here, it is apparent that all proposed intervenors moved in a timely way; indeed, they all moved in the few weeks between when Plaintiffs filed the initial complaint and when they amended. *See id.* ("There is no question that the applicants have made a timely motion to intervene having filed their motion within one month of the filing of plaintiff's complaint. This is not a case where the applicants have sat on their rights or failed to protect their interests."); *Ass'n for Fairness in Bus., Inc. v. New Jersey,* 193 F.R.D. 228, 232 (D.N.J. 2000) (permissive intervention granted where case was in preliminary stage of litigation).

Second, the proposed intervenors' interests have a question of law or fact in common with this lawsuit. Namely, the proposed intervenors' interest in the constitutionality of Pennsylvania's voting procedures, mainly through the use of drop-boxes for mail-in voting, goes to the heart of Plaintiffs' action. *See League of Women Voters*, 1986 WL 3868, at *2 (residents of township who were registered to vote permissively allowed to intervene since "[t]heir claim concerning the Board of Commissioners' failure to redistrict is identical to the claim raised by the original parties"); *Pierce v. Allegheny County Bd. of Elections*, 324 F. Supp. 2d 684, 688 (W.D. Pa. 2003) (Conti, J.) (noting intervention of the Pennsylvania Democratic State Committee to Republican political candidates' challenge against county board of elections regarding third-party delivery of absentee ballots); *Stein v. Cortes*, 223 F. Supp. 3d 423, 429 (E.D. Pa. 2016) (noting the intervention of the Republican Party to a lawsuit demanding a recount for the 2016 general election).

Third, intervention at this time will not unduly delay or prejudice the adjudication of the rights of Plaintiffs, since the case has not progressed to a stage where intervention would be burdensome. Indeed, Plaintiffs only filed their amended complaint last week. *See League of Women Voters*, 1986 WL 3868, at \*2; *E.E.O.C. v. Northwestern Human Servs.*, No. Civ.A. 04–CV–4531, 2005 WL 2649324, at \*4 (E.D. Pa. Oct. 14, 2005) ("Defendant is unlikely to experience any undue delay or prejudice. Discovery is ongoing[.]"). While the hearing on Plaintiffs' requests for declaratory relief is about two months away, the proposed intervenors will nonetheless be able to fully comply with this Court's pre-hearing scheduling order, without delaying or prejudicing Plaintiffs' rights, including preparation for the hearing.

Finally, the Court notes that Plaintiffs argue that some of the proposed intervenors violated Rule 24(c). Rule 24(c) provides that a proposed intervenor must set forth a "pleading that sets out the claim or defense for which intervention is sought." However, the Court finds that the proposed intervenors' failure to attach such a document is not fatal to their motions "because 'the failure to comply with the Rule 24(c) requirement for a pleading is a purely technical defect which does not result in the disregard of any substantial right.'" *PPL Energyplus, LLC v. Solomon*, No. CV 11-745 (PGS), 2011 WL 13128622, at \*3 (D.N.J. July 19, 2011) (quoting *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009)). Noncompliance with Rule 24(c) is not fatal if the potential intervenor clearly states the grounds for intervention, which is what each proposed intervenor has done here. *See Pereira v. Foot Locker, Inc.*, No. 07-cv-2157, 2009 WL 4673865, at \*5 (E.D. Pa. Dec. 7, 2009) ("The interpretation of this rule is generally liberal, particularly when the actions of the movant have provided the basis and nature for their intervention.") (citation omitted).

Under these circumstances, permissive intervention is appropriate.

## **CONCLUSION**

AND NOW, this 3rd day of August, 2020, the Court hereby **ORDERS** that proposed intervenors' motions to intervene, [ECF 83; ECF 103; ECF 137; ECF 199], are **GRANTED.**

BY THE COURT:

*/s/ J. Nicholas Ranjan*
United States District Judge