IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., et al., | ) ) ) |
| Plaintiffs, | ) 2:20-cv-966-NR ) ) |
| v. | ) ) |
| KATHY BOOCKVAR, et al., | ) ) |
| Defendants. | ) ) |

**AMENDED SCHEDULING ORDER**

A telephonic status conference having been held August 6, 2020, it is hereby ORDERED that the prior scheduling order [ECF 124] is modified in the following respects:

**I.    Evidentiary Hearing**

(1)    Due to the ongoing public-health crisis related to COVID-19, the Court is now inclined to conduct the hearing by video, with all counsel, witnesses, and the Court participating remotely. The Court will evaluate the current public-health conditions and make a final decision on whether to hold the hearing remotely or in person by **August 27, 2020**.

**II.    Discovery Scope and Deadlines**

(2)    The Court notes that, at a minimum, the August 1, 2020, report, and the data submissions under 71 P.S. § 279.6(c), should have been produced by Defendant Secretary Boockvar to all other parties (including the Intervenors). Additionally, all documents that any party intends to rely upon in support of its claims or defenses at summary judgment, the evidentiary hearing, or trial must be produced. Any additional discovery beyond that must: (i) not be duplicative of materials received in connection with the report; and

(ii) be narrowly tailored to the implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election. To the extent there is disagreement among any parties regarding the meaning of "implementation of the mail-in and poll-watching procedures" as it pertains to the amended complaint, those parties must meet and confer. If no resolution is reached by **Sunday, August 9, 2020**, then a party seeking relief must file a motion to compel by **Monday, August 10, 2020**. Reponses are due by **Tuesday, August 11, 2020**. Moving and response briefs shall not exceed 10 pages. No reply briefs are permitted. The motion and response should include proposed orders, and include a specific amount for incurred attorneys' fees, as the Court intends to award attorneys' fees if authorized by Rule 37.

(3) A party responding to written discovery requests must serve written responses (and documents, if applicable) on the party that propounded those requests, as well as all other parties in this action.

(4) All responses to written discovery, including producing all items and documents, shall be made by **August 10, 2020 at 12:00 PM**. The parties may agree among themselves to a short extension of this deadline.

(5) Those parties seeking a protective order in this case must confer and file a joint motion for entry of protective order by **August 10, 2020 at 10:00 AM**.

(6) All affirmative expert reports shall be completed and simultaneously produced by **August 26, 2020**. Rebuttal expert reports shall be completed and produced by **September 2, 2020**. All expert depositions shall be completed by **September 9, 2020**.

### III. <u>Summary-Judgment Briefing</u>

(7) To the extent any party wishes to file a motion for summary judgment, it must be filed by **September 4, 2020**. Responses must be filed by **September 11, 2020**. Moving and response briefs shall not exceed 30 pages. No reply briefs are permitted.

(8) As set forth in Local Rule of Civil Procedure 56(a), the Court, in its discretion, may establish its own requirements for motions for summary judgment. Pursuant to that discretion, the Court instructs the parties not to separately file concise statements of material facts. Instead, the parties should include a "facts" section in their briefs setting forth a narrative of the facts that the filing party contends are undisputed and material, including any facts which for purposes of the summary judgment motions only are assumed to be true. The parties must cite to a particular pleading, deposition, answer to interrogatory, admission on file, or other part of the record supporting each statement of fact in the brief. All cited documents must be compiled in a separately filed appendix (with each exhibit in the appendix being a separate PDF document).

Unless otherwise modified above, the terms of the prior scheduling order [ECF 124] remain in effect.

Dated: August 6, 2020                    BY THE COURT:

                                         /s/ *J. Nicholas Ranjan*
                                         United States District Judge