IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., *et al.*, | : | Civil Action |
| | : | |
| Plaintiffs, | : | |
| | : | No.: 2:20-cv-966 |
| v. | : | |
| | : | |
| KATHY BOOCKVAR, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge J. Nicholas Ranjan |

**CERTAIN DEFENDANT COUNTIES' REPLY BRIEF
IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

Defendants Boards of Elections of Armstrong, Bedford, Blair, Centre, Columbia, Dauphin, Fayette, Huntingdon, Indiana, Lackawanna, Lawrence, Lebanon, Montour, Northumberland, Venango, and York Counties (collectively the "Counties") file this Reply Brief in Support of their Motion to Dismiss Plaintiffs' Amended Complaint.

**I.    INTRODUCTION**

The Counties' Motion to Dismiss (ECF No. 274) and Brief in Support (ECF No. 275) argue that Plaintiffs' Amended Complaint (ECF No. 232) fails to sufficiently establish constitutional and prudential standing, and fails to plead its new claims with sufficient specificity. Plaintiffs' Omnibus Brief in Opposition to Defendants' Rule 12 Motions (ECF No. 320) does not overcome the Counties' arguments.

**II.   REPLY**

**A.    Plaintiffs Do Not Sufficiently Plead an Injury-in-Fact**

Plaintiffs still fail to articulate a single concrete and particularized harm. Plaintiffs, recognizing that they have not properly pled fraud as a harm, now completely rely on Defendants' alleged "inconsistent enforcement of the Election Code" at the Primary Election to

argue they have sufficient harm for constitutional standing. (See Brief in Opposition, p. 14). Plaintiffs' corresponding relief seeks to "prevent" the same alleged improprieties that occurred during the Primary Election from occurring in the General Election. (Brief in Opposition, p. 15). However, no matter how Plaintiffs spin their allegations, they can only speculate without any certainty that these alleged improprieties will actually occur in the future and will actually cause concrete harm. Because of this, Plaintiffs alleged harm is not concrete and particularized, nor actual and imminent, and the Amended Complaint must be dismissed for lack of standing.

Plaintiffs primarily rely on two cases to combat Defendants' failure to plead sufficient harm arguments: Pierce v. Allegheny Cty. Bd. of Elections, 324 F.Supp.2d 684 (W.D. Pa. 2003) and Sandusky Cty. Democratic Party v. Blackwell, 387 F.3d 565 (6th Cir. 2004). These cases are inapposite because, unlike here, the harm in both was readily apparent and imminent.

Pierce was brought *after* the harm was explicitly apparent (the acceptance of 937 hand-delivered absentee ballots) and the decision was *post*-election. In other words, the alleged inconsistency in Pierce was specifically pled, and the redress plaintiffs sought was specifically limited to those 937 absentee ballots. Id. at 707-08. Here, Plaintiffs can only allege the mere *possibility* of future harm that may never occur. Plaintiffs point to the implementation of policies and alleged inconsistent practices that occurred during the Primary Election but only hypothetically connect those to the General Election. Because Plaintiffs must guess at what inconsistencies may occur in the General Election, if any, they seek overly broad relief that is not tailored to redress an actual, concrete harm.

In Sandusky, the Sixth Circuit held the alleged injury was sufficiently imminent because some voters would be denied the right to vote. 387 F.3d at 574. Sandusky is not a case about the alleged potential inconsistent application of an election code like this case, but rather, it is a case challenging a policy that uniformly precluded certain people from voting, which the court

2

considered a real and imminent harm on the eve of the election. Plaintiffs here are not asserting that Defendants are denying people the right to vote, but rather claim a *potential* risk of voter dilution in the General Election through either malfeasance or an inconsistent interpretation or application of the Election Code. The Sixth Circuit distinguished Sandusky for similar reasons in Shelby Advocates for Valid Elections v. Hargett, 947 F.3d 977, 983 (6th Cir. 2020) ("In Sandusky, the challenged policy—which violated a federal statute—made it "inevitable" that the defendants would deny individuals their voting rights. Here, by contrast, plaintiffs allege only policies that add risk to the ever present possibility that an election worker will make a mistake. No injury may occur at all.").

In sum, even if Plaintiffs sufficiently plead that a concrete harm happened at the Primary Election, which they do not for the reasons stated in the Counties' and other Moving Defendants' Motions to Dismiss, the harm asserted by Plaintiffs is, at the very least, not sufficiently imminent. Plaintiffs cannot establish that it is likely that the same alleged harm will be replicated at the General Election and their Amended Complaint must be dismissed.

B. **Plaintiffs Do Not Sufficiently Plead Redressability**

Plaintiffs claim they "easily" satisfy the redressability prong of constitutional standing relying on their argument that it is erroneous that their claims are based on fraud. (Brief in Opposition, p. 25). Whether Plaintiffs allege fraud or inconsistent application of the Election Code, it does not change that Plaintiffs improperly ask this Court to "prevent" future problems that may not happen. (See AC ¶ 191). Plaintiffs' proposed relief is a request for the Court to advise Defendants how to apply the Election Code in the General Election without regard for any guidance or changes from the General Assembly, Department of State, or Boards of Elections in the upcoming months. Plaintiffs cannot seek an advisory opinion "based on a hypothetical set of facts." Constitution Party v. Cortes, 712 F. Supp. 2d 387, 397 (E.D. Pa. March 31, 2010).

### C. Plaintiffs Do Not Sufficiently Plead Prudential Standing

Plaintiffs acknowledge that prudential standing requires them to present claims that are not "abstract questions of wide public significance which amount to generalized grievances shared and most appropriately addressed in the representative branches." (Brief in Opposition, p. 26). However, Plaintiffs do not sufficiently explain how the claims they present are more than generalized grievances that could be raised by any Pennsylvania voter, especially in light of their position that they are not claiming election fraud. If Plaintiffs have prudential standing because of their assertions of potential voter dilution in a future election, any Pennsylvania voter will have the ability to bring a similar suit prior to any election by simply citing the inevitable mistakes, errors, and inconsistencies of prior elections. Plaintiffs seek to make prudential standing meaningless and invite courts to administer elections rather than the states themselves.

Plaintiffs admit that one of their alleged errors and inconsistencies was already addressed by the General Assembly. (Brief in Opposition, p. 12, fn. 2). This perfectly demonstrates that Plaintiffs harms are more appropriately addressed by the legislature.

### D. Plaintiffs' New Allegations Fail to State Claims Upon Which Relief Can Be Granted

Lastly, Plaintiffs fail to address the Counties' specific Rule 12(b)(6) arguments pertaining to the new allegations in the Amended Complaint. (See Brief in Support of Motion to Dismiss Amended Complaint, ECF No. 275, pp. 15-20). Plaintiffs generally state that they should defeat all Defendants' 12(b)(6) Motions because they are not required to assert fraud and their allegations concerning the existence of a patchwork of county-to-county different rules are sufficient. (Brief in Opposition, pp. 44-47). These general statements do not address the Counties' lack of specificity arguments. Consequently, the Counties' failure to state a claim

arguments asserted on pages 15 to 20 of their Brief in Support of Motion to Dismiss Amended Complaint, ECF No. 275, are essentially unopposed.

As fully argued in the Counties' Brief in Support, Plaintiffs do not even sufficiently allege the improper practices associated with their new allegations exist. Specifically, the relief requested in (E) and (J) of the Amended Complaint must be dismissed and stricken because Plaintiffs fail to make any specific allegations that any Defendants failed to perform the requisite verification for applications for absentee or mail-in ballots, let alone any allegations that this practice will continue in the General Election. Plaintiffs' allegations rely on an implausible conclusion that the Department of State's guidance meant "the County Boards should just approve all submitted applications." (AC ¶ 118, 120; January 10, 2020 Guidelines, pp. 3-4). Plaintiffs have no allegations that any county interpreted the guidance this way.

Likewise, the relief requested in (C) and (H) of the Amended Complaint must be dismissed and stricken because Plaintiffs fail to specifically allege that any third parties actually delivered any ballots for voters, or that any Defendants actually counted any such ballots. Plaintiffs also fail to allege adequate facts that this is likely to happen in the General Election. In addition, there are no allegations that ballots without the required declarations were actually counted. Plaintiffs are seeking relief based on conduct and harm they did not allege.

Lastly, this Court should dismiss and strike the relief requested in (F) and (K) of the Amended Complaint. Plaintiffs acknowledge that the claims associated with this relief are resolved by legislation effective with the General Election. (Brief in Opposition, p. 12, fn. 2). Consequently, Plaintiffs' claims are moot.

### III.   CONCLUSION

For the reasons set forth above, and for the reasons set forth in the Counties' Motion to Dismiss and Brief in Support, the Amended Complaint should be dismissed with prejudice.

Respectfully submitted,

BABST, CALLAND, CLEMENTS
and ZOMNIR, P.C.

*/s/  Sean R. Keegan*
Steven B. Silverman
PA I.D. No. 56829
ssilverman@babstcalland.com
Elizabeth A. Dupuis
PA I.D. No. 80149
bdupuis@babstcalland.com
Molly E. Meacham
PA I.D. No. 318272
mmeacham@babstcalland.com
Sean R. Keegan
PA I.D. No 316707
skeegan@babstcalland.com
Two Gateway Center, 6th Floor
Pittsburgh, PA  15222
412.394.5400
*Counsel for Defendants, Armstrong County Board of Elections, Bedford County Board of Elections, Blair County Board of Elections, Centre County Board of Elections, Columbia County Board of Elections, Dauphin County Board of Elections, Fayette County Board of Elections, Huntingdon County Board of Elections, Indiana County Board of Elections, Lackawanna County Board of Elections, Lawrence County Board of Elections, Lebanon County Board of Elections, Montour County Board of Elections, Northumberland County Board of Elections, Venango County Board of Elections, and York County Board of Elections*


*/s/ Nathan W. Karn*
Nathan W. Karn
PA I.D. No. 86068
PACER: nkarn@eveyblack.com
Communication: Nkarn@blairco.org
401 Allegheny Street, PO Box 415
Hollidaysburg, PA 16648
814-695-7581
*Co-Counsel for Defendant, Blair County Board of Elections*

6

        */s/ Joseph A. Curcillo, III*
        Joseph A. Curcillo, III
        PA I.D. No. 44060
        JCurcillo@dauphinc.org
        2 South Second Street
        Harrisburg, PA 17101
        717-645-4930
        *Co-Counsel for Defendant, Dauphin County Board of Elections*


        */s/ Michélle Pokrifka*
        Michélle Pokrifka
        PA I.D. No. 66654
        mpokrifka@yorkcountypa.gov
        28 East Market Street, 2nd Floor
        York, PA 17401
        717-771-4777
        *Co-Counsel for Defendant, York County Board of Elections*


        */s/ Thomas W. Leslie*
        Thomas W. Leslie
        PA I.D. No. 43238
        tleslie@co.lawrence.pa.us
        116 N Mercer St
        New Castle, PA 16101
        (724) 654-8101
        *Co-Counsel for Defendant, Lawrence County Board of Elections*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., *et al.*, | : | Civil Action |
| | : | |
| Plaintiffs, | : | |
| | : | No.: 2:20-cv-966 |
| v. | : | |
| | : | |
| KATHY BOOCKVAR, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge J. Nicholas Ranjan |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Reply Brief was filed electronically and served via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

                                                                 */s/  Sean R. Keegan*