Matthew J. Carmody
Regina M. Blewitt
Lawrence J. Moran, Jr.
**JOYCE, CARMODY & MORAN, P.C.**
9 N. Main Street, Suite 4
Pittston, PA 18640
Ph: (570) 602-3560
Fax: (570) 602-3561

Attorneys for Defendant
Luzerne County Board of Elections

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONALD J. TRUMP FOR PRESIDENT, INC., et al.,** | |
| **Plaintiffs,** | **Civil Action No. 2:20-cv-966-NR** |
| **v.** | |
| **KATHY BOOCKVAR, et al.,** | **JUDGE J. NICHOLAS RANJAN** |
| **Defendants.** | |

## DEFENDANT LUZERNE COUNTY ELECTION BOARD'S REPLY BRIEF IN SUPPORT OF ITS MOTION PURSUANT TO FRCP 12

Plaintiffs' Amended Complaint and Omnibus Brief in Opposition to Defendants' Rule 12 Motions fail to demonstrate a reasonable expectation that the alleged controversy in the Amended Complaint will be repeated in the November 3, 2020 General Election. Rather than alleging specific offending policies or guidelines that caused Plaintiffs' alleged injuries arising from Defendants' administration of the June 2, 2020 Primary Election which are also reasonably likely to adversely affect Plaintiffs in the November 3, 2020 General Election, Plaintiffs rely on nothing more than speculation and mere theoretical possibilities about contingent future events that may not occur as Plaintiffs' anticipate, or may not occur at all. As such, the Court should GRANT Defendant's Rule 12 motion and dismiss the Amended Complaint as moot and not justiciable.

## ARGUMENT

**I.** **Plaintiffs' Conclusory Statements Regarding the Administration of the November 3, 2020 General Election Do Not Satisfy the 'Capable of Repetition' Prong of the Mootness Exception**

The "capable of repetition yet evading review" exception to the mootness doctrine requires plaintiffs to satisfy a two prong test: "(1) the challenged action is, in its duration, too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." See Pls.' Omnibus Br. in Opp'n to Defs.' Rule 12 Mots. ("Opp'n") (ECF No. 320) at 34-35 quoting Merle v. U.S., 351 F.3d 92, 95 (3d Cir. 2003).

Plaintiffs' Opposition attempts to establish that their claims meet the 'capable of repetition yet evading review' prong of this analysis, arguing that "there is a reasonable expectation that the same complaining party will be subject to the same action again." See "Opp'n" at 34-35. Plaintiffs, however, carry the burden of establishing that a contested issue is 'capable of repetition yet evading review.' N.J. Tpk. Auth. v. Jersey Cent. Power & Light, 772 F.2d 25, 33 (3d Cir. 1985). "Capable of repetition" is a "substantive term on which [plaintiffs] must provide a reasonable quantity of proof – perhaps even by the preponderance of the evidence." Id. Plaintiffs fail to meet this burden.

The Third Circuit has adopted the Supreme Court's analysis in Murphy for examining whether there is "a reasonable expectation that the complaining party...will again be embroiled in the same controversy." N.J. Tpk. Auth., 772 F.2d 25, 32. The Supreme Court found that a mere physical or theoretical possibility was insufficient to satisfy the capable of repetition test, otherwise "'virtually any matter of short duration would be reviewable.'" N.J. Tpk. Auth., 772 F.2d at 32 (quoting Murphy v. Hunt, 455 U.S. 478, 482 (1982). Murphy requires the court "to determine whether there is a 'demonstrated probability', or a 'reasonable expectation,' as distinct from a 'mere physical or theoretical possibility'" that the complained of conduct will recur. Id. at 33.

As an initial matter, the Amended Complaint fails to allege that each identified *Plaintiff* was actually adversely affected by any of the complained of actions in the June 2, 2020 Primary Election.  Plaintiffs, therefore, cannot establish any demonstrated probability that the same complaining party-Plaintiffs will similarly be adversely affected by the Defendants in the November 3, 2020 General Election.  Id. at 32.

Even if Plaintiffs survive this initial hurdle, their Amended Complaint should be dismissed because Plaintiffs fail to identify any particular policy from which to evaluate any "demonstrated probability" or a "reasonable expectation" that "the same controversy will occur."

Plaintiffs attempt a weak argument that "it was Defendants' policies that caused those same injuries to occur in the June 2020 Primary Election, and those policies remain in effect today, just three months from the General Election. See ECF#234 [Plaintiffs' Amended Complaint "ECF#234"], ¶190 ("The current voting regime as employed by Defendants, including the January 10, 2020, January 30, 2020, and the March 5, 2020 Guidelines, and the May 28, 2020 Directive, remain in place …..")."  See "Opp'n" at 34.

Plaintiffs' argue that the "Defendants have deliberately adopted and enforced policies and procedures in contravention of the Election Code and the federal and state constitution...".  See "Opp'n" at 20, citing generally ECF#234.)  Plaintiffs further argue that because four 'guidelines' and one 'directive', all pre-dating the June 2, 2020 Primary, "remain in place" is proof that "[i]t is not speculative to assume that these polices will remain unchanged for the November election." "Opp'n" at 34; ECF#234Am. Cmplt. ¶190 ("Absent judicial intervention, there is no reason to believe things will be different during the November 3, 2020 General Election.").  This is the basis Plaintiffs' argument that the 'capable of repetition yet evading review' exception to the mootness doctrine applies.

This conclusion, however, is nothing more than a mere theoretical possibility that is unsupported by any factual allegations.  Neither Plaintiffs' Amended Complaint nor its Response in Opposition identifies any specific offending policy, procedure, or guideline provision, rendering the court unable to even undertake a 'capable of repetition' analysis.  Without the identification of a particular policy, procedure, or guideline from any of these generally referenced documents, a determination of the likelihood that it will remain unchanged or be identically implemented or followed by Defendants in the November 2020 General election is impossible.

State and local governments across the country, including in Pennsylvania, have been forced to make numerous adjustments to their election policies to account for the current Covid-19 pandemic and to protect citizens' constitutional right to vote in the November 3, 2020 election. Luzerne and other Pennsylvania Counties receive more information about Covid-19 every day, which will help Defendants make decisions on what is best for the General Election and timely evolve their election policies accordingly.  Filing a complaint more than three months in advance of the General Election about theoretical election policies that are subject to revision fails to establish a reasonable expectation that the alleged controversies from the June 2, 2020 Primary Election will recur in the November 3, 2020 General Election.

Additionally, the cases cited by Plaintiffs in support of their position are inapposite to the instant case.  Plaintiffs' cited cases in which the mootness exception applies deal with specific statutory provisions or formal policies that can reliably be evaluated as likely to remain enacted or in force such that the alleged injury would be repeated in the future.  See e.g. De La Fuente v. Cortes, 261 F. Supp. 3d 543, 549 (M.D. Pa. 2017) (finding that "**binding election law in Pennsylvania** blocked Plaintiff's  efforts to continue his campaign in 2016, and those laws would have a similar effect on Plaintiff's intended 2020 campaign.") (emphasis added).

We do not have similar allegations here.  Plaintiffs here do not allege that they suffered an injury as a result of binding law or formal policy which is likely to remain in place during the November 2020 General Election.  Instead, Plaintiffs generally reference multiple evolving guidance documents issued by the Pennsylvania Department of State without specific reference to any particular page or paragraph.  Such allegations fail to give the Court enough information to begin an evaluation of the likelihood that the referenced guidance will be unchanged or that each Defendant will (or will not) implement, follow, or take the guidance in the November 2020 General election the same  manner as it did in the June 2020 Primary Election.  As such, Plaintiffs have failed to meet their burden of proving the 'capable of repetition' prong of the exception.

Finally, Plaintiffs argue that if their claims are deemed moot, they would be "forced to wait until the eve of the election to sue, when, at that time, it is too late to fully litigate Plaintiffs' claims and obtain relief."  See "Opp'n" at 37.  While Defendants do not necessarily agree with Plaintiffs' characterization, even if true, this would only apply to the 'evades review' prong the analysis and would have no bearing on a determination of the 'capable of repetition' prong.  Furthermore, the considerable public interest and import of this matter have no bearing on the determination at hand.  See New Jersey Tpk. Auth., 772 F.2d at 30–34 (citing U.S. v. W.T. Grant Co., 73 S.Ct. 894, 897 (1953))  ("Although we recognize that the substantive issues are of considerable public interest, we believe that this alone does not impart Article III justiciability when there is "no reasonable expectation that the wrong will be repeated.")

## CONCLUSION

For the foregoing reasons, and for those reasons as set forth in the motions and/or briefs in which Defendant joins, Defendant Luzerne County Board of Elections respectfully requests that this Court dismiss the Amended Complaint of Plaintiffs Donald J. Trump for President, Inc., et al.

Respectfully submitted:

<div style="margin-left: 40%;">

_s/ Regina M. Blewitt_

Lawrence J. Moran, Jr. (PA ID No. 316253)
Regina M. Blewitt (PA ID No. 205644)
Matthew J. Carmody (PA ID No. 206781)
**JOYCE, CARMODY & MORAN, P.C.**
9 N. Main Street, Suite 4
Pittston, PA 18640
Phone:  570-602-3560
Fax:  570-602-3561
E-mail:  ljm@joycecarmody.com

Attorneys for Defendant
Luzerne County Board of Elections

</div>

DATED:   _____August 7, 2020_____

Matthew J. Carmody
Regina M. Blewitt
Lawrence J. Moran, Jr.
**JOYCE, CARMODY & MORAN, P.C.**
9 N. Main Street, Suite 4
Pittston, PA 18640
Ph: (570) 602-3560                                        Attorneys for Defendant
Fax: (570) 602-3561                                       Luzerne County Board of Elections

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONALD J. TRUMP FOR PRESIDENT, INC., et al.,** | |
| **Plaintiffs,** | **Civil Action No. 2:20-cv-966-NR** |
| **v.** | |
| **KATHY BOOCKVAR, et al.,** | |
| **Defendants.** | **JUDGE J. NICHOLAS RANJAN** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a true and correct copy of the foregoing Reply Brief in Support of the Motion of Defendant Luzerne County Board of Elections Pursuant to Rule 12 was filed electronically and served via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

*s/ Regina M. Blewitt*
Regina M. Blewitt

DATED: ____August 7, 2020____