**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., *et al.*, | ) ) ) |
| | ) |
| Plaintiffs, | ) ) |
| | ) |
| v. | ) Civil Action No. 2:20-cv-00966-NR |
| | ) |
| KATHY BOOCKVAR, in her capacity as Secretary of the Commonwealth of Pennsylvania, *et al.*, | ) Judge J. Nicholas Ranjan ) ) ) |
| | ) |
| Defendants. | ) ) ) |

**PROTECTIVE ORDER**

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, the Court enters the following Protective Order ("Order") limiting the disclosure of discovered information and limiting the use of such information as hereinafter provided.

IT IS HEREBY ORDERED that:

1.      This Order shall govern the treatment of pleadings, correspondence, legal memoranda, written discovery, documents, testimony, transcripts, depositions and deposition exhibits, expert reports, recorded or graphic matter, electronically stored information ('ESI"), tangible things and any other information or written materials (regardless of the medium or manner generated, stored, or maintained) which have been or will be filed, exchanged, served, produced or received by the Parties during discovery in this case, as well as any and all copies, abstracts and summaries (the "Discovery Materials").

2.      **Scope**.

(a)      <u>Confidential Information.</u> As used in this Order, "Confidential Information" means information designated as "Confidential" by the producing party that

falls within one or more of the following categories: (i) information prohibited from disclosure by statute; (ii) information that reveals trade secrets; (iii) sensitive information concerning election and/or voter database infrastructure; (iv) medical information concerning any individual; (v) personal identity information of a Party or a third-party; (vi) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (vii) personnel or employment records of a Party or a third-party; (viii) personal credit and/or collection information of a Party or a third-party; (ix) the non-public personal information of third parties, including information that identifies the personal or financial information of a third party (such as name, address, social security number, account number, telephone number, etc.); or (x) any other confidential research, technical, business, development, or commercial information.

(b)     Reproduced Discovery Material. The Order also designates as "Confidential Information" any document or other Discovery Material produced in this case pursuant to an agreement or order requiring its reproduction from other litigations or proceedings (the "Reproduced Discovery Material") where such Reproduced Discovery Material was marked or designated confidential (or a similar designation) in the litigation or proceeding in which it was originally produced.

(c)     All documents and information furnished by a Party in conjunction with this litigation which contain or refer to information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) may be designated Confidential Information by that Party and furnished to the other Parties pursuant to the terms of this Order. The Party receiving designated Confidential Information shall treat it as proprietary information and shall not use or disclose the information except for the purposes set forth in this Order or such orders as

may be issued by the Court during the course of this litigation. The provisions of this Order extend to all designated Confidential Information regardless of the manner in which it is disclosed, including but not limited to documents, written discovery responses, deposition transcripts and exhibits, and any other discovery materials produced by a Party in response to or in connection with any discovery conducted in this case, and any copies, notes, abstracts or summaries of the foregoing materials.

      3.    **Designation of Confidentiality**. Pursuant to paragraph 2 above, documents or information may be designated CONFIDENTIAL within the meaning of this Order in the following ways:

      (a)    <u>Documents or TIFF Images:</u>  Documents or TIFF images may be designated as Confidential by placing the legend "CONFIDENTIAL", or an equivalent thereof, on any such document or image. Unless the Parties otherwise agree, such legend shall be placed upon every page of each document or image containing Confidential Information. In lieu of marking the originals of documents, the disclosing party may mark the copies that are produced or exchanged. Notwithstanding the foregoing, Excel documents or any other type of electronically stored information ("ESI") produced in native format (together, "Natively Produced ESI") containing Confidential Information need not be produced using a means sufficient to ensure that every page of such document, when printed, contains the appropriate mark or stamp. Instead, the producing party shall use reasonable means to designate as Confidential such Natively Produced ESI, including, where applicable and/or practicable, by (i) producing a TIFF placeholder image corresponding to the Natively Produced ESI that includes the "CONFIDENTIAL" mark; (ii) including "CONFIDENTIAL" in the file name of the Natively Produced ESI; or (iii) including "CONFIDENTIAL" on the label of the media or in the production letter for the Natively Produced ESI.

(b)      <u>Non-Paper Media:</u>  When Confidential Information is produced in a

non-paper medium (*e.g.*, video tape, audio tape, computer disks, etc.) that does not include

TIFF images, the appropriate confidentiality notice as described in Paragraph 3(a) above

should be placed on the face of both the medium, if possible, and its container, if any, so as to

give clear notice of the designation. To the extent that any receiving party prints any of the

information contained on non-paper media that is designated as containing Confidential

Information, such printouts will be marked as described in Paragraph 3(a) above by the

receiving party.

(c)      <u>Physical Exhibits:</u>  The confidential status of a physical exhibit shall be

indicated by placing a label on said physical exhibit with the appropriate confidentiality notice

as described in Paragraph 3(a) above.

(d)      <u>Written Discovery:</u>  In the case of Confidential Information incorporated

in answers to interrogatories, responses to requests for admission, or other written discovery,

the appropriate confidentiality designation as described in Paragraph 3(a) above shall be placed

on the first page of the document and on each page containing answers or responses that

contain Confidential Information.

(e)      <u>Depositions and Exhibits:</u> In the case of depositions and the

information contained in depositions (including exhibits), designation of the portions of the

transcript (including exhibits) which contain Confidential Information shall be made by a

letter setting forth the specific pages and lines which disclose Confidential Information from

counsel for the Party or witness producing such information within thirty days of receipt of

the deposition transcript or copy thereof (or written notification that the transcript is

available). During the deposition if such counsel makes a statement to the effect that the

witness is disclosing Confidential Information, the entire deposition transcript (including

exhibits) shall be treated as Confidential under this Order until the expiration of the above-referenced thirty-day period for designation by letter, except that the deponent may review the transcript of his or her own deposition during this thirty-day period. The following legend shall appear on the first page of the transcript and each copy of the transcript containing Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION." If part of a videotaped deposition is designated as CONFIDENTIAL, the DVD shall be labeled with the legend provided for in paragraph 3(a) above, provided that a transcript of deposition which meets the requirements of this Protective Order is produced to the Parties.

(f)      Expert Reports: For reports created by an expert or consultant relying on or incorporating Confidential Information in whole or in part, the Party responsible for its creation shall include the confidentiality designation ("CONFIDENTIAL") on the report.

(g)      Upward designation. A Party may designate as Confidential any document or information produced by another producing party that lacks a designation provided that such document or information contains the upward designating Party's own Confidential Information as defined in paragraph 2 above.  Any such upward designation by a Party will be subject to the terms of this Stipulation and Order as if the documents or information upwardly designated were produced by the Party in the first instance.

(h)      Court submissions. All documents and materials filed with the Court containing or reflecting the contents of Confidential Information shall be filed pursuant to the Local Rules and the Court's Rules, Standing Orders, and Guidelines.

4.      **Timing of designation.** Documents may be designated as Confidential at any time. Without limiting the foregoing sentence in any way, a producing party may designate a document as Confidential after it was earlier produced without such a designation, and such

production, in and of itself, shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of confidentiality to which the producing party would otherwise be entitled. Any documents designated as Confidential prior to entry of this Order shall be treated the same in all respects as documents designated as Confidential after the entry of this Order. This Order also treats as Confidential oral communications designated as confidential either orally (provided that such designation was recorded by a court reporter) or in writing.

5.      **Use of Confidential Information.**  Any Confidential Information received by a Party shall be used by that Party solely for the purpose of conducting this litigation, including any appeals thereof, and shall in no event be used for any business, competitive, personal, private, public or other purpose, except as required by law or by consent from the producing party. If the use of Confidential Information is required by law, the person using such information shall give notice to counsel for the designating Party in accordance with paragraph 12 below. In no event shall any disclosure of Confidential Information be made to any competitor of any Party, or to any person who, upon reasonable and good faith inquiry, could be determined to be an employee of any competitor of any Party irrespective of whether they are retained as an expert in this action. Notwithstanding any provision contained herein, nothing in this Order shall restrict in any way the right of a Party to make use of its own Discovery Material in any way it deems fit.

6.      **Access to Confidential Information.** Access to information designated CONFIDENTIAL pursuant to this Order and in accordance with paragraph 5 above shall be limited to the following:

(a)      Outside or in-house counsel for the Parties (including members or attorneys of such counsel's firm), as well as their paralegal, investigative, secretarial, clerical, and other staff employed or retained by the Parties or their respective counsel who are assisting

in the conduct of this case;

(b)     those officers, directors, and representatives (including legal representatives) of the Parties deemed necessary to aid counsel in the conduct of this case;

(c)     individual parties and employees of a party but only to the extent that the employees' assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(d)     witnesses and their counsel during or in preparation for any deposition or hearing in this case, *provided, however*, that the witness shall not retain any documents marked as Confidential;

(e)     consultants, experts, and investigators (including their professional staffs) retained by the Parties, or their respective counsel, as they in good faith deem necessary to provide assistance in connection with the conduct of the case;

(f)     the Court, court personnel, and jurors, potential jurors, or alternate jurors;

(g)     court reporters and videographers used in connection with the conduct of this case;

(h)     contract lawyers, contract paralegals, or other third parties hired to assist with the review of documents or electronically stored information;

(i)     outside photocopying services, graphic production services, litigation support services, and document hosting vendors retained by the Parties, or their respective counsel, as they in good faith deem necessary to provide assistance in connection with the conduct of this case;

(j)     persons who are or were authors or recipients of the Confidential Information;

(k)     other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

7.     **Notification of Protective Order.** Confidential Information shall not be disclosed to any person described in sections 6 (d), (e), and (l) above unless and until such person has executed an Agreement of Confidentiality ("Agreement") in substantially the form attached hereto as Exhibit A, although no Exhibit A shall be required from persons or entities that receive only such Confidential Information to which they are reasonably believed to have had prior access. The originals of such Agreements shall be maintained by counsel for the Party who obtained them until sixty-three (63) days after the final resolution of this litigation, including exhaustion of any appeals. Agreements shall not be subject to discovery except upon agreement of the Parties or further order of the Court after application upon notice and good cause shown.

8.     **Objections to Designations.** A Party shall not be obligated to challenge the propriety of designation of Confidential Information at the time made and a failure to do so shall not preclude a subsequent challenge thereto, either pursuant to the process herein, or the Local Rules or the Court's Rules, Standing Orders or Practices.

(a)     A Party that elects to initiate a challenge to a designating Party's confidentiality designation must do so in good faith and must begin the process by notifying the designating Party in writing, copying all other Parties in writing or by e-mail, of its challenge, identifying the challenged material, e.g. by Bates number and paragraph.

(b)     The designating Party shall respond within ten business days whether it no longer wishes to designate the information as Confidential Information or shall respond in writing to the objection specifying the reason or reasons for each continued designation

in sufficient detail to allow a meaningful meet and confer between the objecting and designating Parties.

(c)     Within ten (10) business days of the responsive writing, the Parties shall meet and confer regarding any remaining objection. After the meet and confer if the Parties are unable to reach an accord as to the proper designation of the material, the objecting Party may apply to the Court for a ruling that the material shall not be so treated. Such motion shall comply with Local Rules and the Court's Standing Orders and Guidelines. If such a motion is made, the designating Party has the burden to establish that the designation is proper. If no such motion is made, the material will remain as designated. Any documents or other materials that have been designated Confidential shall be treated as confidential until such time as the Court or any magistrate to whom this matter is assigned rules that such material should not be treated as Confidential.

(d)     An objection to the designation of information as "Confidential" shall constitute a representation that counsel to the objecting Party has reviewed such document, material, or information and that there is a good faith basis for such an objection.

9.     **Use of Confidential Information at Trial or Hearing.**  Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

10.     **Inadvertent Disclosure of Confidential Information.**  If any receiving party inadvertently discloses Confidential Information in violation of this Order, counsel for the

receiving party shall make all reasonable efforts to retrieve the Confidential Information and to obtain the agreement of persons to whom inadvertent disclosure was made to treat the Confidential Information in accordance with the terms of the Order. Such disclosure shall also promptly be reported in writing, via overnight delivery service or email, to the producing party who produced the Confidential Information, and in no event later than three (3) business days from the discovery of such disclosure.

11.     **Breach of Confidentiality.**  In the event that the Court determines that there is an actual or threatened violation of this Order, the Parties agree that the producing party would not have an adequate remedy at law and would be entitled to specific performance, and/or injunctive relief, to enforce the terms of the Order, in addition to any other remedy to which the producing party may be entitled at law or in equity.

12.     **Subpoenas and Process.** Any Party or person who has been furnished with documents designated Confidential Information pursuant to this Order who receives a subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) who is not a Party to this Order, which subpoena seeks productions or other disclosure of such Confidential Information, shall promptly and in any case by the close of the next business day give telephonic notice and written notice by overnight delivery, facsimile, or email to counsel for the Party who produced or designated the materials as confidential, identifying the material sought and enclosing a copy of the subpoena or other process. The Party or person receiving the subpoena shall also inform the person seeking the Confidential Information that such Information is subject to this Order. No production or other disclosure of such information pursuant to the subpoena or other process shall occur before the longer of (a) fourteen (14) days following the date on which notice is given or (b) the return date of

the subpoena. Should a Party seek a protective order or other court-ordered relief, then the receiving party shall not produce any of the subpoenaed Confidential Information until the motion is resolved.

13. **Clawback of Protected Produced Documents.** Upon notification that a document or other Discovery Material has been inadvertently produced and/or that a claim of attorney-client privilege, attorney work product, or other applicable privilege or protection will be made with regard to such document or other Discovery Material, the Party receiving such notice shall promptly return or, at the producing party's option, destroy any and all copies of such document or other Discovery Material and shall refrain from reading or reviewing said document or Discovery Material beyond the extent necessary to identify it as the inadvertently produced material, or from utilizing it in any manner or form including without limitation, use during the course of a deposition, review with witnesses, use by counsel or otherwise to prosecute or defend this case or any other action, or any other use, disclosure, or review whatsoever. The receiving party shall also remove all references to the substance of such material from any attorney work product. The inadvertent production of any document or Discovery Material that is subsequently retrieved or destroyed pursuant to this Paragraph shall not be deemed to be a waiver of the claim of privilege or protection asserted in this case or in any other proceeding, including in federal or state proceedings. Notwithstanding the foregoing, nothing in this Paragraph shall prevent a receiving party, after promptly returning or destroying the document or Discovery Material, from challenging the producing party's designation of the document or Discovery Material as subject to attorney-client privilege, attorney work product, or other applicable privilege or protection or otherwise not subject to production, provided that (a) such challenge complies with the relevant local rules, (b) any review by the Court of the materials in question is conducted *in camera*, and (c) the challenge shall not assert as a ground

or basis that the producing party waived any privilege or protection because of the inadvertent disclosure. This Protective Order is, and shall be construed as, an order under Rule 502(d) of the Federal Rules of Evidence.

14. **Non-Parties.** Non-parties who are obliged in this litigation to provide discovery by deposition, production of documents or otherwise, may request the protection of this Order as to their own Confidential Information. The provisions of this Order shall be binding on the non-party requesting the protection of this Order.

15. **Final Disposition.** Except as provided by law or other regulatory authority, or unless otherwise ordered or agreed to in writing by the producing party, within sixty (60) days after final termination of this case, including any appeals or petitions for *certiorari* or discretionary review, each receiving party must, at its option, take commercially reasonable efforts to either return all Confidential Information to the producing party, or destroy it. The Parties acknowledge that the electronic nature of the documents produced in this action makes full and absolute compliance with this provision difficult, and therefore counsel for all Parties shall use their best efforts to locate and either return or destroy all Confidential Information produced in this litigation (other than exhibits at the official court of record). The Parties further acknowledge that their duty to return or destroy all Confidential Information is a continuing duty and the Parties agree to destroy or return any such information found in the future. Notwithstanding this provision, counsel for the Parties may retain an archival copy of all pleadings, motion papers, transcripts and their associated exhibits, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Order until the producing party agrees

otherwise in writing or this Court orders otherwise.

16.     **Continued Binding Effect.** This Order is binding on all Parties to this litigation and on all non-parties who have been served with a copy of this Order, and shall remain in force and effect until modified, superseded, or terminated by consent of the Parties or by Order of the Court. This Court expressly retains jurisdiction over this case for the purpose of enforcing the provisions of this Order following the final resolution of this litigation.

17.     **Amendment or Modification.** The Parties may jointly seek to amend or modify the Stipulation and this Order, subject to Court approval.  Any request for amendment or modification that would permit greater disclosure of Confidential Information than permitted hereunder shall be with reasonable notice to, and an opportunity to be heard by, any nonparty that has produced Confidential Information to the extent such request for amendment or modification will apply to Confidential Information produced by nonparties.

18.     **No Admission.** A Party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged or (c) admissible in evidence at trial. Nothing in this Order shall be deemed a waiver of any of the Parties' rights to oppose any discovery on any grounds or to object on any grounds to the admission in evidence of any fact or information.


Dated:  August 10 , 2020

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 2:20-cv-00966-NR |
| KATHY BOOCKVAR, in her capacity as Secretary of the Commonwealth of Pennsylvania, *et al.*, | Judge J. Nicholas Ranjan |
| Defendants. | |

**Exhibit A:**
**Agreement of Confidentiality**

I, _____, being duly sworn on oath, state the following:

I have read and understand the Protective Order to which this Agreement of Confidentiality is attached and I attest to my understanding that access to information designated "Confidential" may be provided to me and that such access is pursuant to the terms and conditions and restrictions of the Protective Order. I agree to be bound by the terms of the Protective Order. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Agreement of Confidentiality and the Protective Order.

I shall not use or disclose to others, except in accordance with the Protective Order, any Confidential Information. I also shall use my best efforts to return all Confidential Information to the party who provided it to me within sixty (60) days after the conclusion of this action, including the exhaustion of all appeals. If I fail to abide by the terms of this Agreement of Confidentiality or the Protective Order, I understand that I may be subject to

sanctions under the contempt power of this Court, which includes the power to impose

compensatory damages to remedy contemptuous conduct.

Dated: _____

_____
                                                            Signature

_____
                                                          Printed Name