# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC.; *et al.*, | ) ) ) Civil Action |
| Plaintiffs, | ) ) |
| | ) No.: 2-20-CV-966 |
| v. | ) ) |
| KATHY BOOCKVAR; *et al.*, | ) ) |
| | ) Judge J. Nicholas Ranjan |
| Defendants. | ) |

**PLAINTIFFS OBJECTIONS AND RESPONSE TO
DEMOCRATIC INTERVENORS' INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Local Rule 33, and the Court's July 17, 2020 Scheduling Order (ECF #124), Plaintiffs hereby provide the following objections and responses to the interrogatories and documents requests of Democratic Intervenors.

**GENERAL OBJECTIONS/STATEMENTS**

1.      Plaintiffs object to the Instructions to the extent that they can be construed to seek production or disclosure of any attorney-client privileged information, attorney work product, or other confidential/protected information.  Any substantive responses provided are being provided without disclosing or producing attorney-client privileged information, attorney work product, or other confidential/protected information.

2.      Plaintiffs object to Instruction #16, which attempts to impose upon Plaintiffs a supplemental obligation that is not co-extensive with that provided in Rule 26(e)(1).  Plaintiffs will comply with the provisions of Rule 26(e)(1), if necessary, not with the supplementation obligation contained in Instruction #16.

## INTERROGATORIES

**INTERROGATORY 1**: Identify and describe with specificity all facts concerning or relating to

every instance of "ballot harvesting" during the Primary Election as alleged in Paragraphs 1 and

72-76 of your complaint.

**ANSWER**:    Plaintiffs object to this Interrogatory on the ground that it seeks information on topics outside the limited scope of the expedited discovery ordered by the Court.  In response to objections by myriad defendants to the timing and scope of discovery, the Court entered an Order on July 17, 2020, (ECF #124) that allowed discovery on an expedited basis but only on a limited scope.  Any discovery beyond the scope of the reports to the Secretary of the Commonwealth by the County Election Boards as contemplated by 71 P.S. § 279.6(c) "must (i) not be duplicative of materials received in connection with the report, and (ii) be narrowly tailored to the implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election." ECF #124, p.4, ¶II.B.10.

This Interrogatory goes beyond the scope of the approved discovery in that it seeks information not about the "implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election," ECF #124, p.4, ¶II.B.10, but instead about Plaintiffs' contentions of the opportunities that fraudsters may have based on Defendants' inconsistent administration of the Primary Election.  Further, this Interrogatory appears to be duplicative of the reports that are to be provided by the County Election Boards, in that those reports are to include "a review of any action taken by the Department of State, county board of elections or registration commission in response to an incident under paragraph (23), including determinations made on the incident, legal actions filed and referrals to law enforcement." 71 P.S. § 279.6(b)(24).  Therefore, this Interrogatory is improper.

Further, Plaintiffs object to this Interrogatory on the ground that it is a contention interrogatory. Contention interrogatories this early in a litigation are disfavored, especially when the complaint is not facially infirm and the Defendants have control over much of the evidence of their misconduct. *See United States v. Educ. Mgmt. LLC*, 2013 U.S. Dist. LEXIS 104176, at *66, *71-73 (W.D. Pa. May 14, 2013).

Also, Plaintiffs object to this Interrogatory on the grounds that it mischaracterizes the claims in this action. Plaintiffs' Amended Complaint is asking the Court to issue relief in the form of, among other things, a declaratory and injunctive judgment that the Secretary of the Commonwealth and all of the County Election Boards follow the provisions of the Election Code in a uniform manner. As this Court noted years ago: "A state must impose uniform statewide standards in each county in order to protect the legality of a citizen's vote. Anything less implicates constitutional problems under the equal protection clause of the Fourteenth Amendment." *Pierce v. Allegheny County Bd. of Elections*, 324 F. Supp. 2d 684, 697 (W.D. Pa. 2003). Plaintiffs' claim is based upon the inconsistent enforcement of the Election Code requirements across the Commonwealth, which is a violation of Plaintiffs' constitutional rights.  Similarly, Plaintiffs' claim also is based upon the failure of the Secretary and all of the County Election Boards to follow the requirements under the Election Code for properly administering Pennsylvania's absentee and mail-in voting scheme, which also violates their constitutional rights.    The Pennsylvania General Assembly established the

requirements that must be followed for ballots to be cast legally, requirements the Pennsylvania Supreme Court has recognized are designed to reduce fraud.  Neither the Secretary of the Commonwealth nor the County Election Boards have the ability to ignore, modify, restrict, or expand upon those requirements.  Even if the Secretary or a County Election Board were to view those legislatively-enacted requirements as mere "technicalities," they still have an obligation to enforce those requirements.  As the Pennsylvania Supreme Court recently noted, "so-called technicalities of the Election Code are necessary for the preservation of secrecy and the sanctity of the ballot and must therefore be observed … ."  *In re Canvass of Absentee Ballots of Nov. 4, 2003 Gen. Election*, 843 A.2d 1223, 1234 (Pa. 2004); *see also id.* at 1231-32 (noting that "shall" in the Election Code, including its use in Section 3146.6(a) concerning absentee voting, is mandatory).  The same language that was interpreted in 2003 by the Pennsylvania Supreme Court was used and adopted by the General Assembly in Act 77.

Finally, Plaintiffs object on the grounds that much of the information needed to respond to this Interrogatory is in the possession/custody/control of propounding defendant or others.

Subject to the foregoing objections and without waiving them, Plaintiffs state that to the degree that evidence of voter fraud or any other election-related fraud is relevant to any questions before the Court, Plaintiffs will rely on, among other things, publicly available news reports and public records.  Plaintiffs refer to and incorporate the documents being produced.  *See* FED.R.CIV.P. 33(D).  Plaintiffs also retain the ability to introduce evidence regarding election-related fraud in the form of expert reports if necessary as this matter proceeds.

Moreover, discovery is in its nascent stages.  Accordingly, Plaintiffs reserve the right to amend and/or supplement this response if necessary and/or to the extent the information requested is relevant and authorized by the Court.

**INTERROGATORY 2**: Identify and describe with specificity all facts concerning or relating to

every instance of "manipulating and destroying ballots" in the Primary Election as alleged in

Paragraph 1 of your Complaint.

**ANSWER:**    Plaintiffs object to this Interrogatory on the ground that it seeks information on topics outside the limited scope of the expedited discovery ordered by the Court.  In response to objections by myriad defendants to the timing and scope of discovery, the Court entered an Order on July 17, 2020, (ECF #124) that allowed discovery on an expedited basis but only on a limited scope.  Any discovery beyond the scope of the reports to the Secretary of the Commonwealth by the County Election Boards as contemplated by 71 P.S. § 279.6(c) "must (i) not be duplicative of materials received in connection with the report, and (ii) be narrowly tailored to the implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election."  ECF #124, p.4, ¶II.B.10.

This Interrogatory goes beyond the scope of the approved discovery in that it seeks information not about the "implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election," ECF #124, p.4, ¶II.B.10, but instead about Plaintiffs' contentions of the opportunities that fraudsters may have based on Defendants' inconsistent administration of the Primary Election.   Further, this Interrogatory appears to be

duplicative of the reports that are to be provided by the County Election Boards, in that those reports are to include "a review of any action taken by the Department of State, county board of elections or registration commission in response to an incident under paragraph (23), including determinations made on the incident, legal actions filed and referrals to law enforcement." 71 P.S. § 279.6(b)(24). Therefore, this Interrogatory is improper.

Further, Plaintiffs object to this Interrogatory on the ground that it is a contention interrogatory. Contention interrogatories this early in a litigation are disfavored, especially when the complaint is not facially infirm and the Defendants have control over much of the evidence of their misconduct. *See United States v. Educ. Mgmt. LLC*, 2013 U.S. Dist. LEXIS 104176, at *66, *71-73 (W.D. Pa. May 14, 2013).

Also, Plaintiffs object to this Interrogatory on the grounds that it mischaracterizes the claims in this action. Plaintiffs' Amended Complaint is asking the Court to issue relief in the form of, among other things, a declaratory and injunctive judgment that the Secretary of the Commonwealth and all of the County Election Boards follow the provisions of the Election Code in a uniform manner. As this Court noted years ago: "A state must impose uniform statewide standards in each county in order to protect the legality of a citizen's vote. Anything less implicates constitutional problems under the equal protection clause of the Fourteenth Amendment." *Pierce v. Allegheny County Bd. of Elections,* 324 F. Supp. 2d 684, 697 (W.D. Pa. 2003). Plaintiffs' claim is based upon the inconsistent enforcement of the Election Code requirements across the Commonwealth, which is a violation of Plaintiffs' constitutional rights. Similarly, Plaintiffs' claim also is based upon the failure of the Secretary and all of the County Election Boards to follow the requirements under the Election Code for properly administering Pennsylvania's absentee and mail-in voting scheme, which also violates their constitutional rights. The Pennsylvania General Assembly established the requirements that must be followed for ballots to be cast legally, requirements the Pennsylvania Supreme Court has recognized are designed to reduce fraud. Neither the Secretary of the Commonwealth nor the County Election Boards have the ability to ignore, modify, restrict, or expand upon those requirements. Even if the Secretary or a County Election Board were to view those legislatively-enacted requirements as mere "technicalities," they still have an obligation to enforce those requirements. As the Pennsylvania Supreme Court recently noted, "so-called technicalities of the Election Code are necessary for the preservation of secrecy and the sanctity of the ballot and must therefore be observed … ." *In re Canvass of Absentee Ballots of Nov. 4, 2003 Gen. Election,* 843 A.2d 1223, 1234 (Pa. 2004); *see also id.* at 1231-32 (noting that "shall" in the Election Code, including its use in Section 3146.6(a) concerning absentee voting, is mandatory). The same language that was interpreted in 2003 by the Pennsylvania Supreme Court was used and adopted by the General Assembly in Act 77.

Finally, Plaintiffs object on the grounds that much of the information needed to respond to this Interrogatory is in the possession/custody/control of propounding defendant or others.

Subject to the foregoing objections and without waiving them, Plaintiffs state that to the degree that evidence of voter fraud or any other election-related fraud is relevant to any questions before the Court, Plaintiffs will rely on, among other things, publicly available news reports and public records. Plaintiffs refer to and incorporate the documents being produced. *See* FED.R.CIV.P. 33(D). Plaintiffs also retain the ability to introduce evidence regarding election-related fraud in the form of expert reports if necessary as this matter proceeds.

Moreover, discovery is in its nascent stages.  Accordingly, Plaintiffs reserve the right to amend and/or supplement this response if necessary and/or to the extent the information requested is relevant and authorized by the Court.

**INTERROGATORY 3**: Identify and describe with specificity all facts concerning or relating to

every instance of "duplicitous votes" in the Primary Election as alleged in Paragraph 1 of your

Complaint.

**ANSWER**:     Plaintiffs object to this Interrogatory on the ground that it seeks information on topics outside the limited scope of the expedited discovery ordered by the Court.  In response to objections by myriad defendants to the timing and scope of discovery, the Court entered an Order on July 17, 2020, (ECF #124) that allowed discovery on an expedited basis but only on a limited scope.  Any discovery beyond the scope of the reports to the Secretary of the Commonwealth by the County Boards of Election as contemplated by 71 P.S. § 279.6(c) "must (i) not be duplicative of materials received in connection with the report, and (ii) be narrowly tailored to the implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election." ECF #124, p.4, ¶II.B.10.

This Interrogatory goes beyond the scope of the approved discovery in that it seeks information not about the "implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election," ECF #124, p.4, ¶II.B.10, but about one result of the failure of the Secretary of the Commonwealth and County Boards of Election to enforce the procedures in the Election Code for valid voting to occur.  Also, this Interrogatory appears to be duplicative of the reports that are to be provided by the County Boards of Election, in that those reports are to include reports of actual or suspected incidents of certain types of voter fraud.  *See, e.g.,* 71 P.S. § 279.6(b)(9),(10),(19),(20),(23),(24).  Therefore, this Interrogatory is improper.

Further, Plaintiffs object to this Interrogatory on the ground that it is a contention interrogatory. Contention interrogatories this early in a litigation are disfavored, especially when the complaint is not facially infirm and the Defendants have control over much of the evidence of their misconduct.  *See United States v. Educ. Mgmt. LLC,* 2013 U.S. Dist. LEXIS 104176, at *66, *71-73 (W.D. Pa. May 14, 2013)

Additionally, Plaintiffs object to this Interrogatory on the ground of relevance.  Plaintiffs' Amended Complaint is asking the Court to issue relief in the form of, among other things, a declaratory and injunctive judgment that the Secretary of the Commonwealth and all of the County Election Boards follow the provisions of the Election Code in a uniform manner.  As this Court noted years ago: "A state must impose uniform statewide standards in each county in order to protect the legality of a citizen's vote.  Anything less implicates constitutional problems under the equal protection clause of the Fourteenth Amendment." *Pierce v. Allegheny County Bd. of Elections,* 324 F. Supp. 2d 684, 697 (W.D. Pa. 2003).  Plaintiffs' claim is based upon the inconsistent enforcement of the Election Code requirements across the Commonwealth, which is a violation of Plaintiffs' constitutional rights.  Similarly, Plaintiffs' claim also is based upon the failure of the Secretary and

all of the County Election Boards to follow the requirements under the Election Code for properly administering Pennsylvania's absentee and mail-in voting scheme, which also violates their constitutional rights. The Pennsylvania General Assembly established the requirements that must be followed for ballots to be cast legally, requirements the Pennsylvania Supreme Court has recognized are designed to reduce fraud. Neither the Secretary of the Commonwealth nor the County Election Boards have the ability to ignore, modify, restrict, or expand upon those requirements. Even if the Secretary or a County Election Board were to view those legislatively-enacted requirements as mere "technicalities," they still have an obligation to enforce those requirements. As the Pennsylvania Supreme Court recently noted, "so-called technicalities of the Election Code are necessary for the preservation of secrecy and the sanctity of the ballot and must therefore be observed … ." *In re Canvass of Absentee Ballots of Nov. 4, 2003 Gen. Election*, 843 A.2d 1223, 1234 (Pa. 2004); *see also id.* at 1231-32 (noting that "shall" in the Election Code, including its use in Section 3146.6(a) concerning absentee voting, is mandatory). The same language that was interpreted in 2003 by the Pennsylvania Supreme Court was used and adopted by the General Assembly in Act 77.

Finally, Plaintiffs object on the grounds that much of the information needed to respond to this Interrogatory is in the possession/custody/control of propounding defendant or others.

Subject to the foregoing objections and without waiving them, Plaintiffs state that to the degree that evidence of voter fraud or any other election-related fraud is relevant to any questions before the Court, Plaintiffs will rely on, among other things, publicly available news reports and public records. Plaintiffs refer to and incorporate the documents being produced. *See* FED.R.CIV.P. 33(D). Plaintiffs also retain the ability to introduce evidence regarding election-related fraud in the form of expert reports if necessary as this matter proceeds.

Moreover, discovery is in its nascent stages. Accordingly, Plaintiffs reserve the right to amend and/or supplement this response if necessary and/or to the extent the information requested is relevant and authorized by the Court.

**INTERROGATORY 4**: Describe with specificity all facts showing that Defendants were unwilling to properly administer Act 77 during the Primary Election and opted to "promote unlimited use of unmonitored mail-in voting" as alleged in Paragraph 2 of your Complaint.

**ANSWER**: Plaintiffs object to this Interrogatory on the ground that it seeks information on topics outside the limited scope of the expedited discovery ordered by the Court. In response to objections by myriad defendants to the timing and scope of discovery, the Court entered an Order on July 17, 2020, (ECF #124) that allowed discovery on an expedited basis but only on a limited scope. Any discovery beyond the scope of the reports to the Secretary of the Commonwealth by the County Boards of Election as contemplated by 71 P.S. § 279.6(c) "must (i) not be duplicative of materials received in connection with the report, and (ii) be narrowly tailored to the implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election." ECF #124, p.4, ¶II.B.10.

This Interrogatory goes beyond the scope of the approved discovery in that it seeks information not about the "implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election," ECF #124, p.4, ¶II.B.10, but about Plaintiffs' contentions concerning absentee and mail-in balloting during the 2020 Primary Election. Also, this Interrogatory appears to be duplicative of the reports that are to be provided by the County Boards of Election, in that those reports are to include reports of actual or suspected incidents of certain types of voter fraud. *See, e.g.,* 71 P.S. § 279.6(b)(9),(10),(19),(20),(23),(24). Therefore, this Interrogatory is improper.

Further, Plaintiffs object to this Interrogatory on the ground that it is a contention interrogatory. Contention interrogatories this early in a litigation are disfavored, especially when the complaint is not facially infirm and the Defendants have control over much of the evidence of their misconduct. *See United States v. Educ. Mgmt. LLC,* 2013 U.S. Dist. LEXIS 104176, at *66, *71-73 (W.D. Pa. May 14, 2013).

Finally, Plaintiffs object on the grounds that much of the information needed to respond to this Interrogatory in the possession/custody/control of propounding defendant or others.

Subject to the foregoing objections and without waiving them, Plaintiffs refer to and incorporate by reference Paragraphs 103 through 164 of Plaintiffs' Verified Amended Complaint. Plaintiffs also refer Propounding Defendants to the documents being produced for additional information. *See* Fed.R.Civ.P. 33(d).

By way of further answer, discovery is in its nascent stages. Accordingly, Plaintiffs reserve the right to amend and/or supplement this response if necessary and/or to the extent the information requested is relevant and authorized by the Court.

**INTERROGATORY 5**: Identify and describe with specificity every instance in which a Board

used or utilized an "unmonitored and/or unsecured 'drop-off boxes' and/or similar means" to

collect mail-in or absentee ballots during the as alleged in your complaint and in so doing, provide

the location of every such allegedly unmonitored and/or unsecured drop-off box.

**ANSWER:** Plaintiffs object to this Interrogatory on the ground that it seeks information on topics outside the limited scope of the expedited discovery ordered by the Court.  In response to objections by myriad defendants to the timing and scope of discovery, the Court entered an Order on July 17, 2020, (ECF #124) that allowed discovery on an expedited basis but only on a limited scope.  Any discovery beyond the scope of the reports to the Secretary of the Commonwealth by the County Boards of Election as contemplated by 71 P.S. § 279.6(c) "must (i) not be duplicative of materials received in connection with the report, and (ii) be narrowly tailored to the implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election." ECF #124, p.4, ¶II.B.10.

This Interrogatory goes beyond the scope of the approved discovery in that it seeks information not about the "implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election," ECF #124, p.4, ¶II.B.10, but about

Plaintiffs' contentions concerning absentee and mail-in balloting during the 2020 Primary Election. Also, this Interrogatory appears to be duplicative of the reports that are to be provided by the County Boards of Election, in that those reports are to include reports of actual or suspected incidents of certain types of voter fraud. *See, e.g.,* 71 P.S. § 279.6(b)(9),(10),(19),(20),(23),(24). Therefore, this Interrogatory is improper.

Further, Plaintiffs object to this Interrogatory on the ground that it is a contention interrogatory. Contention interrogatories this early in a litigation are disfavored, especially when the complaint is not facially infirm and the Defendants have control over much of the evidence of their misconduct. *See United States v. Educ. Mgmt. LLC,* 2013 U.S. Dist. LEXIS 104176, at \*66, \*71-73 (W.D. Pa. May 14, 2013).

Finally, Plaintiffs object on the grounds that much of the information needed to respond to this Interrogatory in the possession/custody/control of propounding defendant or others.

Subject to the foregoing objections and without waiving them, Plaintiffs refer to and incorporate by reference Paragraphs 103 through 164 of Plaintiffs' Verified Amended Complaint. Plaintiffs also refer Propounding Defendants to the documents being produced for additional information. *See* FED.R.CIV.P. 33(d).

Moreover, discovery is in its nascent stages. Accordingly, Plaintiffs reserve the right to amend and/or supplement this response if necessary and/or to the extent the information requested is relevant and authorized by the Court.

**INTERROGATORY 6**: Identify and describe with specificity all actions you have taken, including, but not limited to investigations, studies, audits, or drafting memoranda or research papers concerning or related to the allegation that "drop-off boxes" were "unsecure" or "unmonitored" and thus resulted in "ballot harvesting," "double voting," or "voter fraud" during the Primary Election and if you conducted such a study, investigation, audit or drafted a memoranda or research paper(s), please describe these documents and/or their conclusions.

**ANSWER:** Plaintiffs object to this Interrogatory on the ground that it seeks information on topics outside the limited scope of the expedited discovery ordered by the Court. In response to objections by myriad defendants to the timing and scope of discovery, the Court entered an Order on July 17, 2020, (ECF #124) that allowed discovery on an expedited basis but only on a limited scope. Any discovery beyond the scope of the reports to the Secretary of the Commonwealth by the County Boards of Election as contemplated by 71 P.S. § 279.6(c) "must (i) not be duplicative of materials received in connection with the report, and (ii) be narrowly tailored to the implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election." ECF #124, p.4, ¶II.B.10.

This Interrogatory goes beyond the scope of the approved discovery in that it seeks information not about the "implementation of the mail-in and poll-watching procedures in the 2020 primary

election, and the procedures for the 2020 general election," ECF #124, p.4, ¶II.B.10, but about Plaintiffs' "investigations, studies, audits, or drafting memoranda or research papers concerning or related to" drop-boxes or other collection locations. Plaintiffs read the scope of discovery as relating to the official implementation of the two noted procedures by the Secretary and/or the Counties. It is only the Counties who implement the mail-in procedures for the elections. Thus, the use of the conjunctive "and" can only mean that the poll-watching procedures referenced also are the official procedures implemented by the County. Moreover, it is the Secretary and the Counties who will bear the burden of demonstrating the procedures they implement and enforce are constitutional. Therefore, this Interrogatory is improper.

Further, Plaintiffs object to this Interrogatory on the grounds it seeks information protected by the attorney-client privilege, the work product doctrine, or by Federal Rule of Civil Procedure 26(b)(3).

Additionally, Plaintiffs object to this Interrogatory on the ground of relevance. Plaintiffs' Amended Complaint is asking the Court to issue relief in the form of, among other things, a declaratory and injunctive judgment that the Secretary of the Commonwealth and all of the County Election Boards follow the provisions of the Election Code in a uniform manner. As this Court noted years ago: "A state must impose uniform statewide standards in each county in order to protect the legality of a citizen's vote. Anything less implicates constitutional problems under the equal protection clause of the Fourteenth Amendment." *Pierce v. Allegheny County Bd. of Elections,* 324 F. Supp. 2d 684, 697 (W.D. Pa. 2003). Plaintiffs' claim is based upon the inconsistent enforcement of the Election Code requirements across the Commonwealth, which is a violation of Plaintiffs' constitutional rights. Similarly, Plaintiffs' claim also is based upon the failure of the Secretary and all of the County Election Boards to follow the requirements under the Election Code for properly administering Pennsylvania's absentee and mail-in voting scheme, which also violates their constitutional rights. The Pennsylvania General Assembly established the requirements that must be followed for ballots to be cast legally, requirements the Pennsylvania Supreme Court has recognized are designed to reduce fraud. Neither the Secretary of the Commonwealth nor the County Election Boards have the ability to ignore, modify, restrict, or expand upon those requirements. Even if the Secretary or a County Election Board were to view those legislatively-enacted requirements as mere "technicalities," they still have an obligation to enforce those requirements. As the Pennsylvania Supreme Court recently noted, "so-called technicalities of the Election Code are necessary for the preservation of secrecy and the sanctity of the ballot and must therefore be observed ... ." *In re Canvass of Absentee Ballots of Nov. 4, 2003 Gen. Election,* 843 A.2d 1223, 1234 (Pa. 2004); *see also id.* at 1231-32 (noting that "shall" in the Election Code, including its use in Section 3146.6(a) concerning absentee voting, is mandatory). The same language that was interpreted in 2003 by the Pennsylvania Supreme Court was used and adopted by the General Assembly in Act 77.

Further, Plaintiffs object to this Interrogatory on the ground that it is a contention interrogatory. Contention interrogatories this early in a litigation are disfavored, especially when the complaint is not facially infirm and the Defendants have control over much of the evidence of their misconduct. *See United States v. Educ. Mgmt. LLC,* 2013 U.S. Dist. LEXIS 104176, at *66, *71-73 (W.D. Pa. May 14, 2013).

Subject to the foregoing objections and without waiving them, Plaintiffs state that to the degree that evidence of voter fraud or any other election-related fraud is relevant to any questions before the Court, Plaintiffs will rely on, among other things, publicly available news reports and public

records. Plaintiffs refer to and incorporate the documents being produced. *See* FED.R.CIV.P. 33(D). Plaintiffs also retain the ability to introduce evidence regarding election-related fraud in the form of expert reports if necessary as this matter proceeds.

Moreover, discovery is in its nascent stages. Accordingly, Plaintiffs reserve the right to amend and/or supplement this response if necessary and/or to the extent the information requested is relevant and authorized by the Court.

**INTERROGATORY 7**: Identify and describe with specificity all facts concerning or related to every instance of "double voting" in the Primary Election as alleged in Paragraphs 4, 70-71, and 111-112 of your Complaint.

**ANSWER:** Plaintiffs object to this Interrogatory on the ground that it seeks information on topics outside the limited scope of the expedited discovery ordered by the Court. In response to objections by myriad defendants to the timing and scope of discovery, the Court entered an Order on July 17, 2020, (ECF #124) that allowed discovery on an expedited basis but only on a limited scope. Any discovery beyond the scope of the reports to the Secretary of the Commonwealth by the County Boards of Election as contemplated by 71 P.S. § 279.6(c) "must (i) not be duplicative of materials received in connection with the report, and (ii) be narrowly tailored to the implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election." ECF #124, p.4, ¶II.B.10.

This Interrogatory goes beyond the scope of the approved discovery in that it seeks information not about the "implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election," ECF #124, p.4, ¶II.B.10, but about one result of the failure of the Secretary of the Commonwealth and County Boards of Election to enforce the procedures in the Election Code for valid voting to occur. Also, this Interrogatory appears to be duplicative of the reports that are to be provided by the County Boards of Election, in that those reports are to include reports of actual or suspected incidents of certain types of voter fraud. *See, e.g.,* 71 P.S. § 279.6(b)(9),(10),(19),(20),(23),(24). Therefore, this Interrogatory is improper.

Additionally, Plaintiffs object to this Interrogatory on the ground of relevance. Plaintiffs' Amended Complaint is asking the Court to issue relief in the form of, among other things, a declaratory and injunctive judgment that the Secretary of the Commonwealth and all of the County Election Boards follow the provisions of the Election Code in a uniform manner. As this Court noted years ago: "A state must impose uniform statewide standards in each county in order to protect the legality of a citizen's vote. Anything less implicates constitutional problems under the equal protection clause of the Fourteenth Amendment." *Pierce v. Allegheny County Bd. of Elections,* 324 F. Supp. 2d 684, 697 (W.D. Pa. 2003). Plaintiffs' claim is based upon the inconsistent enforcement of the Election Code requirements across the Commonwealth, which is a violation of Plaintiffs' constitutional rights. Similarly, Plaintiffs' claim also is based upon the failure of the Secretary and all of the County Election Boards to follow the requirements under the Election Code for properly administering Pennsylvania's absentee and mail-in voting scheme, which also violates their constitutional rights. The Pennsylvania General Assembly established the requirements that must

be followed for ballots to be cast legally, requirements the Pennsylvania Supreme Court has recognized are designed to reduce fraud. Neither the Secretary of the Commonwealth nor the County Election Boards have the ability to ignore, modify, restrict, or expand upon those requirements. Even if the Secretary or a County Election Board were to view those legislatively-enacted requirements as mere "technicalities," they still have an obligation to enforce those requirements. As the Pennsylvania Supreme Court recently noted, "so-called technicalities of the Election Code are necessary for the preservation of secrecy and the sanctity of the ballot and must therefore be observed ... ." *In re Canvass of Absentee Ballots of Nov. 4, 2003 Gen. Election*, 843 A.2d 1223, 1234 (Pa. 2004); *see also id.* at 1231-32 (noting that "shall" in the Election Code, including its use in Section 3146.6(a) concerning absentee voting, is mandatory). The same language that was interpreted in 2003 by the Pennsylvania Supreme Court was used and adopted by the General Assembly in Act 77.

Further, Plaintiffs object to this Interrogatory on the ground that it is a contention interrogatory. Contention interrogatories this early in a litigation are disfavored, especially when the complaint is not facially infirm and the Defendants have control over much of the evidence of their misconduct. *See United States v. Educ. Mgmt. LLC*, 2013 U.S. Dist. LEXIS 104176, at *66, *71-73 (W.D. Pa. May 14, 2013).

Finally, Plaintiffs object on the grounds that much of the information needed to respond to this Interrogatory is in the possession/custody/control of propounding defendant or others.

Subject to the foregoing objections and without waiving them, Plaintiffs state that to the degree that evidence of voter fraud or any other election-related fraud is relevant to any questions before the Court, Plaintiffs will rely on, among other things, publicly available news reports and public records. Plaintiffs refer to and incorporate the documents being produced. *See* FED.R.CIV.P. 33(D). Plaintiffs also retain the ability to introduce evidence regarding election-related fraud in the form of expert reports if necessary as this matter proceeds.

Moreover, discovery is in its nascent stages. Accordingly, Plaintiffs reserve the right to amend and/or supplement this response if necessary and/or to the extent the information requested is relevant and authorized by the Court.

**INTERROGATORY 8**: Identify and describe with specificity all facts concerning or related to every instance of voter fraud from mail-in or absentee ballots that occurred during the Primary Election.

**ANSWER:** Plaintiffs object to this Interrogatory on the ground that it seeks information on topics outside the limited scope of the expedited discovery ordered by the Court. In response to objections by myriad defendants to the timing and scope of discovery, the Court entered an Order on July 17, 2020, (ECF #124) that allowed discovery on an expedited basis but only on a limited scope. Any discovery beyond the scope of the reports to the Secretary of the Commonwealth by the County Boards of Election as contemplated by 71 P.S. § 279.6(c) "must (i) not be duplicative of materials received in connection with the report, and (ii) be narrowly tailored to the

implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election." ECF #124, p.4, ¶II.B.10.

This Interrogatory goes beyond the scope of the approved discovery in that it seeks information not about the "implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election," ECF #124, p.4, ¶II.B.10, but about one result of the failure of the Secretary of the Commonwealth and County Boards of Election to enforce the procedures in the Election Code for valid voting to occur. Also, this Interrogatory appears to be duplicative of the reports that are to be provided by the County Boards of Election, in that those reports are to include reports of actual or suspected incidents of certain types of voter fraud. *See, e.g.,* 71 P.S. § 279.6(b)(9),(10),(19),(20),(23),(24). Therefore, this Interrogatory is improper.

Additionally, Plaintiffs object to this Interrogatory on the ground of relevance. Plaintiffs' Amended Complaint is asking the Court to issue relief in the form of, among other things, a declaratory and injunctive judgment that the Secretary of the Commonwealth and all of the County Election Boards follow the provisions of the Election Code in a uniform manner. As this Court noted years ago: "A state must impose uniform statewide standards in each county in order to protect the legality of a citizen's vote. Anything less implicates constitutional problems under the equal protection clause of the Fourteenth Amendment." *Pierce v. Allegheny County Bd. of Elections,* 324 F. Supp. 2d 684, 697 (W.D. Pa. 2003). Plaintiffs' claim is based upon the inconsistent enforcement of the Election Code requirements across the Commonwealth, which is a violation of Plaintiffs' constitutional rights. Similarly, Plaintiffs' claim also is based upon the failure of the Secretary and all of the County Election Boards to follow the requirements under the Election Code for properly administering Pennsylvania's absentee and mail-in voting scheme, which also violates their constitutional rights. The Pennsylvania General Assembly established the requirements that must be followed for ballots to be cast legally, requirements the Pennsylvania Supreme Court has recognized are designed to reduce fraud. Neither the Secretary of the Commonwealth nor the County Election Boards have the ability to ignore, modify, restrict, or expand upon those requirements. Even if the Secretary or a County Election Board were to view those legislatively-enacted requirements as mere "technicalities," they still have an obligation to enforce those requirements. As the Pennsylvania Supreme Court recently noted, "so-called technicalities of the Election Code are necessary for the preservation of secrecy and the sanctity of the ballot and must therefore be observed … ." *In re Canvass of Absentee Ballots of Nov. 4, 2003 Gen. Election,* 843 A.2d 1223, 1234 (Pa. 2004); *see also id.* at 1231-32 (noting that "shall" in the Election Code, including its use in Section 3146.6(a) concerning absentee voting, is mandatory). The same language that was interpreted in 2003 by the Pennsylvania Supreme Court was used and adopted by the General Assembly in Act 77.

Further, Plaintiffs object to this Interrogatory on the ground that it is a contention interrogatory. Contention interrogatories this early in a litigation are disfavored, especially when the complaint is not facially infirm and the Defendants have control over much of the evidence of their misconduct. *See United States v. Educ. Mgmt. LLC,* 2013 U.S. Dist. LEXIS 104176, at *66, *71-73 (W.D. Pa. May 14, 2013).

Finally, Plaintiffs object on the grounds that much of the information needed to respond to this Interrogatory is in the possession/custody/control of propounding defendant or others.

Subject to the foregoing objections and without waiving them, Plaintiffs state that to the degree that evidence of voter fraud or any other election-related fraud is relevant to any questions before the Court, Plaintiffs will rely on, among other things, publicly available news reports and public records. Plaintiffs refer to and incorporate the documents being produced. *See* FED.R.CIV.P. 33(D). Plaintiffs also retain the ability to introduce evidence regarding election-related fraud in the form of expert reports if necessary as this matter proceeds.

Moreover, discovery is in its nascent stages. Accordingly, Plaintiffs reserve the right to amend and/or supplement this response if necessary and/or to the extent the information requested is relevant and authorized by the Court.

**INTERROGATORY 9**: Identify and describe with specificity all actions You have taken, including, but not limited to investigations, studies, audits, or drafting memoranda or research papers concerning or related to the prevalence or scope of voter fraud from mail-in or absentee ballots during the Primary Election and if you conducted such a study, investigation, audit or drafted a memoranda or research paper(s), describe these documents and/or their conclusions.

**ANSWER**: Plaintiffs object to this Interrogatory on the ground that it seeks information on topics outside the limited scope of the expedited discovery ordered by the Court. In response to objections by myriad defendants to the timing and scope of discovery, the Court entered an Order on July 17, 2020, (ECF #124) that allowed discovery on an expedited basis but only on a limited scope. Any discovery beyond the scope of the reports to the Secretary of the Commonwealth by the County Boards of Election as contemplated by 71 P.S. § 279.6(c) "must (i) not be duplicative of materials received in connection with the report, and (ii) be narrowly tailored to the implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election." ECF #124, p.4, ¶II.B.10.

This Interrogatory goes beyond the scope of the approved discovery in that it seeks information not about the "implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election," ECF #124, p.4, ¶II.B.10, but about Plaintiffs' "investigations, studies, audits, or drafting memoranda or research papers concerning or related to" drop-boxes or other collection locations. Plaintiffs read the scope of discovery as relating to the official implementation of the two noted procedures by the Secretary and/or the Counties. It is only the Counties who implement the mail-in procedures for the elections. Thus, the use of the conjunctive "and" can only mean that the poll-watching procedures referenced also are the official procedures implemented by the County. Moreover, it is the Secretary and the Counties who will bear the burden of demonstrating the procedures they implement and enforce are constitutional. Therefore, this Interrogatory is improper.

Additionally, Plaintiffs object to this Interrogatory on the ground of relevance. Plaintiffs' Amended Complaint is asking the Court to issue relief in the form of, among other things, a declaratory and injunctive judgment that the Secretary of the Commonwealth and all of the County Election Boards follow the provisions of the Election Code in a uniform manner. As this Court

noted years ago: "A state must impose uniform statewide standards in each county in order to protect the legality of a citizen's vote. Anything less implicates constitutional problems under the equal protection clause of the Fourteenth Amendment." *Pierce v. Allegheny County Bd. of Elections*, 324 F. Supp. 2d 684, 697 (W.D. Pa. 2003). Plaintiffs' claim is based upon the inconsistent enforcement of the Election Code requirements across the Commonwealth, which is a violation of Plaintiffs' constitutional rights. Similarly, Plaintiffs' claim also is based upon the failure of the Secretary and all of the County Election Boards to follow the requirements under the Election Code for properly administering Pennsylvania's absentee and mail-in voting scheme, which also violates their constitutional rights. The Pennsylvania General Assembly established the requirements that must be followed for ballots to be cast legally, requirements the Pennsylvania Supreme Court has recognized are designed to reduce fraud. Neither the Secretary of the Commonwealth nor the County Election Boards have the ability to ignore, modify, restrict, or expand upon those requirements. Even if the Secretary or a County Election Board were to view those legislatively-enacted requirements as mere "technicalities," they still have an obligation to enforce those requirements. As the Pennsylvania Supreme Court recently noted, "so-called technicalities of the Election Code are necessary for the preservation of secrecy and the sanctity of the ballot and must therefore be observed … ." *In re Canvass of Absentee Ballots of Nov. 4, 2003 Gen. Election*, 843 A.2d 1223, 1234 (Pa. 2004); *see also id.* at 1231-32 (noting that "shall" in the Election Code, including its use in Section 3146.6(a) concerning absentee voting, is mandatory). The same language that was interpreted in 2003 by the Pennsylvania Supreme Court was used and adopted by the General Assembly in Act 77.

Further, Plaintiffs object to this Interrogatory on the ground that it is a contention interrogatory. Contention interrogatories this early in a litigation are disfavored, especially when the complaint is not facially infirm and the Defendants have control over much of the evidence of their misconduct. *See United States v. Educ. Mgmt. LLC*, 2013 U.S. Dist. LEXIS 104176, at *66, *71-73 (W.D. Pa. May 14, 2013).

Further, Plaintiffs object to this Interrogatory on the grounds it seeks information protected by the attorney-client privilege, the work product doctrine, or by Federal Rule of Civil Procedure 26(b)(3).

Subject to the foregoing objections and without waiving them, Plaintiffs state that to the degree that evidence of voter fraud or any other election-related fraud is relevant to any questions before the Court, Plaintiffs will rely on, among other things, publicly available news reports and public records. Plaintiffs refer to and incorporate the documents being produced. *See* FED.R.CIV.P. 33(D). Plaintiffs also retain the ability to introduce evidence regarding election-related fraud in the form of expert reports if necessary as this matter proceeds.

Moreover, discovery is in its nascent stages. Accordingly, Plaintiffs reserve the right to amend and/or supplement this response if necessary and/or to the extent the information requested is relevant and authorized by the Court.

**INTERROGATORY 10**: Identify and describe with specificity all facts concerning or related to

all instances where voters, candidates, and political committees were "unjustifiably burdened in

their attempts to locate available, qualified registered electors who can serve as poll watchers" as

alleged in Paragraph 132 of your Complaint.

**ANSWER**:    Plaintiffs object to this Interrogatory on the ground that it seeks information on topics outside the limited scope of the expedited discovery ordered by the Court.  In response to objections by myriad defendants to the timing and scope of discovery, the Court entered an Order on July 17, 2020, (ECF #124) that allowed discovery on an expedited basis but only on a limited scope.  Any discovery beyond the scope of the reports to the Secretary of the Commonwealth by the County Election Boards as contemplated by 71 P.S. § 279.6(c) "must (i) not be duplicative of materials received in connection with the report, and (ii) be narrowly tailored to the implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election." ECF #124, p.4, ¶II.B.10.

This Interrogatory goes beyond the scope of the approved discovery in that it seeks information not about the "implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election," ECF #124, p.4, ¶II.B.10, but instead Plaintiffs' investigation of Pennsylvania's poll watching statute.   Plaintiffs read the scope of discovery as relating to the official implementation of the two noted procedures by the Secretary and/or the Counties.   It is only the Counties who implement the mail-in procedures for the elections.   Thus, the use of the conjunctive "and" can only mean that the poll-watching procedures referenced also are the official procedures implemented by the County.   Moreover, it is the Secretary and the Counties who will bear the burden of demonstrating the procedures they implement and enforce are constitutional.   Therefore, this Interrogatory is improper.

Further, Plaintiffs object to this Interrogatory/Document Request on the ground that it is a contention interrogatory.   Contention interrogatories this early in a litigation are disfavored, especially when the complaint is not facially infirm and the Defendants have control over much of the evidence of their misconduct. *See United States v. Educ. Mgmt. LLC*, 2013 U.S. Dist. LEXIS 104176, at *66, *71-73 (W.D. Pa. May 14, 2013).

Further, Plaintiffs object to this Interrogatory on the grounds it seeks information protected by the attorney-client privilege, the work product doctrine, or by Federal Rule of Civil Procedure 26(b)(3).

In light of above objections, on which Plaintiffs stand, no substantive response will be provided.


**INTERROGATORY 11**: Identify and describe with specificity all facts concerning or related to

the efforts you, any Republican candidate, or any state or local Republican Party entity made to

recruit persons to serve as poll watchers in any county where there are more registered Democrats

than Republicans.

**ANSWER**: Plaintiffs refer to and incorporate by reference their response to Interrogatory No. 10.

**INTERROGATORY 12**: Identify all individuals who sought to serve as poll watchers in Pennsylvania for any Plaintiff or any state or local Republican Party organization at a location outside their county of residence during the Primary Election, and identify the location at which each such individual sought to serve as a poll watcher.

**ANSWER**: Plaintiffs refer to and incorporate by reference their response to Interrogatory No. 10.

**INTERROGATORY 13**: Identify and describe with specificity how permitting a poll watcher from outside of a county where he or she is registered to vote to poll watch at a polling location or ballot drop-box will catch or identify third-party delivery, "ballot harvesting," or voter fraud during the November 2020 General Election.

**ANSWER**: Plaintiffs refer to and incorporate by reference their response to Interrogatory No. 10.

**INTERROGATORY 14**: Identify and describe with specificity all Communications or Documents created by you or on behalf of any state or local Republican Party organization concerning or related to demographic characteristics of Pennsylvania mail-in and absentee voters and the potential affect of mail-in and absentee voting on voter turnout or election outcomes in the Primary Election or the upcoming November 2020 General Election in the Commonwealth of Pennsylvania.

**ANSWER**: Plaintiffs object to this Interrogatory on the ground that it seeks information on topics outside the limited scope of the expedited discovery ordered by the Court. In response to objections by myriad defendants to the timing and scope of discovery, the Court entered an Order on July 17, 2020, (ECF #124) that allowed discovery on an expedited basis but only on a limited scope. Any discovery beyond the scope of the reports to the Secretary of the Commonwealth by the County Boards of Election as contemplated by 71 P.S. § 279.6(c) "must (i) not be duplicative of materials received in connection with the report, and (ii) be narrowly tailored to the

implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election." ECF #124, p.4, ¶II.B.10.

This Interrogatory goes beyond the scope of the approved discovery in that it seeks information not about the "implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election," ECF #124, p.4, ¶II.B.10, but about Plaintiffs' communications with state or local Republican Party organizations concerning absentee or mail-in voting. Plaintiffs read the scope of discovery as relating to the official implementation of the two noted procedures by the Secretary and/or the Counties. It is only the Counties who implement the mail-in procedures for the elections. Thus, the use of the conjunctive "and" can only mean that the poll-watching procedures referenced also are the official procedures implemented by the County. Moreover, it is the Secretary and the Counties who will bear the burden of demonstrating the procedures they implement and enforce are constitutional. Therefore, this Interrogatory is improper.

Further, Plaintiffs object to this Interrogatory on the ground that it is a contention interrogatory. Contention interrogatories this early in a litigation are disfavored, especially when the complaint is not facially infirm and the Defendants have control over much of the evidence of their misconduct. *See United States v. Educ. Mgmt. LLC*, 2013 U.S. Dist. LEXIS 104176, at *66, *71-73 (W.D. Pa. May 14, 2013).

Further, Plaintiffs object to this Interrogatory on the grounds it seeks information protected by the attorney-client privilege, the work product doctrine, or by Federal Rule of Civil Procedure 26(b)(3).

In light of the above objections, on which Plaintiffs stand, no substantive response will be provided.


**INTERROGATORY 15**: Identify and describe with specificity all Communications from you or any state or local Republican Party organization to registered Republican voters in the Commonwealth between March 1, 2020 and the present referencing potential or actual "ballot harvesting," double voting, or voter fraud in the Commonwealth.

**ANSWER**:    Plaintiffs object to this Interrogatory on the ground that it seeks information on topics outside the limited scope of the expedited discovery ordered by the Court. In response to objections by myriad defendants to the timing and scope of discovery, the Court entered an Order on July 17, 2020, (ECF #124) that allowed discovery on an expedited basis but only on a limited scope. Any discovery beyond the scope of the reports to the Secretary of the Commonwealth by the County Boards of Election as contemplated by 71 P.S. § 279.6(c) "must (i) not be duplicative of materials received in connection with the report, and (ii) be narrowly tailored to the implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election." ECF #124, p.4, ¶II.B.10.

This Interrogatory goes beyond the scope of the approved discovery in that it seeks information not about the "implementation of the mail-in and poll-watching procedures in the 2020 primary

election, and the procedures for the 2020 general election," ECF #124, p.4, ¶II.B.10, but about Plaintiffs' communications with state or local Republican Party organizations concerning potential or actual "ballot harvesting," double voting, or voter fraud in the Commonwealth. Plaintiffs read the scope of discovery as relating to the official implementation of the two noted procedures by the Secretary and/or the Counties. It is only the Counties who implement the mail-in procedures for the elections. Thus, the use of the conjunctive "and" can only mean that the poll-watching procedures referenced also are the official procedures implemented by the County. Moreover, it is the Secretary and the Counties who will bear the burden of demonstrating the procedures they implement and enforce are constitutional. Therefore, this Interrogatory is improper.

Further, Plaintiffs object to this Interrogatory on the ground that it is a contention interrogatory. Contention interrogatories this early in a litigation are disfavored, especially when the complaint is not facially infirm and the Defendants have control over much of the evidence of their misconduct. *See United States v. Educ. Mgmt. LLC*, 2013 U.S. Dist. LEXIS 104176, at *66, *71-73 (W.D. Pa. May 14, 2013).

Further, Plaintiffs object to this Interrogatory on the grounds it seeks information protected by the attorney-client privilege, the work product doctrine, or by Federal Rule of Civil Procedure 26(b)(3).

In light of the above objections, on which Plaintiffs stand, no substantive response will be provided.

                Respectfully submitted,

                PORTER WRIGHT MORRIS & ARTHUR LLP

Date: August 5, 2020          By: */s/ Ronald L. Hicks, Jr.*
                      Ronald L. Hicks, Jr. (PA #49520)
                      Jeremy A. Mercer (PA #86480)
                      Russell D. Giancola (PA #200058)
                      Six PPG Place, Third Floor
                      Pittsburgh, PA 15222
                      (412) 235-4500 (Telephone)
                      (412) 235-4510 (Fax)
                      rhicks@porterwright.com
                      jmercer@porterwright.com
                      rgiancola@porterwright.com
                      and
                      Matthew E. Morgan (DC #989591)
                      Justin Clark (DC #499621)
                      (both admitted pro hac vice)
                      Elections, LLC
                      1000 Maine Ave., SW, 4th Floor
                      Washington, DC 20224
                      (202) 844-3812 (Telephone)
                      matthew.morgan@electionlawllc.com
                      justin.clark@electionlawllc.com
                      *Counsel for Plaintiffs*

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that I have reviewed the foregoing written answers and that the factual allegations are true and correct.

Date: August 5, 2020                    /s/ James J. Fitzpatrick
                                        James J. Fitzpatrick, PA EDO Director
                                        Donald J. Trump for President, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 5, 2020, a true and correct copy of the

foregoing **PLAINTIFFS OBJECTIONS AND RESPONSE TO DEMOCRATIC**

**INTERVENORS' INTERROGATORIES TO PLAINTIFFS** has been served upon the below-

identified propounding counsel via email and U.S. mail:

A. Michael Pratt
GREENBERG TRAURIG, LLP
1717 Arch Street, Suite 400
Philadelphia, PA 19103
(t) 215.972.5916
(f) 215.988.7801
prattam@gtlaw.com

Kevin M. Greenberg (*pro hac vice* pending)
Adam R. Roseman (*pro hac vice* pending)
George Farrell (*pro hac vice* pending)
GREENBERG TRAURIG, LLP
1717 Arch Street, Suite 400
Philadelphia, PA 19103
(t) 215.988.7818
(f) 215.988.7801
greenbergk@gtlaw.com

Clifford B. Levine
Alex Lacey
DENTONS COHEN & GRIGSBY P.C.
625 Liberty Avenue
Pittsburgh, PA 15222-3152
(t) 412.297.4998/4642
clifford.levine@dentons.com
alex.lacey@dentons.com

Lazar M. Palnick
1216 Heberton St.
Pittsburgh, PA 15206
(t) 412.661.3633
lazarpalnick@gmail.com

*All Counsel for Democratic Intervenors*

Respectfully submitted,

PORTER WRIGHT MORRIS & ARTHUR LLP

By:  /s/ Ronald L. Hicks, Jr.
       Ronald L. Hicks, Jr. (PA #49520)
       Jeremy A. Mercer (PA #86480)
       Russell D. Giancola (PA #200058)
       Six PPG Place, Third Floor
       Pittsburgh, PA 15222
       (412) 235-4500 (Telephone)
       (412) 235-4510 (Fax)
       rhicks@porterwright.com
       jmercer@porterwright.com
       rgiancola@porterwright.com

and

Matthew E. Morgan (DC #989591)
Justin Clark (DC #499621)
(both admitted pro hac vice)
Elections, LLC
1000 Maine Ave., SW, 4th Floor
Washington, DC 20224
(202) 844-3812 (Telephone)
matthew.morgan@electionlawllc.com
justin.clark@electionlawllc.com

*Counsel for Plaintiffs*