# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC.; *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KATHY BOOCKVAR; *et al.*, <br><br> Defendants. | Civil Action <br><br> No.: 2-20-CV-966 <br><br> Judge J. Nicholas Ranjan |

**PLAINTIFFS OBJECTIONS AND RESPONSE TO
DEMOCRATIC INTERVENORS' DOCUMENT REQUESTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Local Rule 34, and the Court's July 17, 2020 Scheduling Order (ECF #124), Plaintiffs hereby provide the following objections and responses to the interrogatories and documents requests of Democratic Intervenors.

**GENERAL OBJECTIONS/STATEMENTS**

1. Plaintiffs object to the Instructions to the extent that they can be construed to seek production or disclosure of any attorney-client privileged information, attorney work product, or other confidential/protected information. Any substantive responses provided are being provided without disclosing or producing attorney-client privileged information, attorney work product, or other confidential/protected information.

2. Plaintiffs object to Instruction #16, which attempts to impose upon Plaintiffs a supplemental obligation that is not co-extensive with that provided in Rule 26(e)(1). Plaintiffs will comply with the provisions of Rule 26(e)(1), if necessary, not with the supplementation obligation contained in Instruction #16.

## DOCUMENT REQUESTS

**REQUEST 1**: All Documents or Communications concerning or related to evidence or instances of "ballot harvesting," "manipulating and destroying ballots," double voting, and/or voter fraud from mail-in and absentee ballots during the Primary Election.

**RESPONSE**: Plaintiffs object to this Document Request on the ground that it seeks information on topics outside the limited scope of the expedited discovery ordered by the Court. In response to objections by myriad defendants to the timing and scope of discovery, the Court entered an Order on July 17, 2020, (ECF #124) that allowed discovery on an expedited basis but only on a limited scope. Any discovery beyond the scope of the reports to the Secretary of the Commonwealth by the County Election Boards as contemplated by 71 P.S. § 279.6(c) "must (i) not be duplicative of materials received in connection with the report, and (ii) be narrowly tailored to the implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election." ECF #124, p.4, ¶II.B.10.

This Document Request goes beyond the scope of the approved discovery in that it seeks information not about the "implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election," ECF #124, p.4, ¶II.B.10, but instead about Plaintiffs' contentions of the opportunities that fraudsters may have based on Defendants' inconsistent administration of the Primary Election. Further, this Document Request appears to be duplicative of the reports that are to be provided by the County Election Boards, in that those reports are to include "a review of any action taken by the Department of State, county board of elections or registration commission in response to an incident under paragraph (23), including determinations made on the incident, legal actions filed and referrals to law enforcement." 71 P.S. § 279.6(b)(24). Therefore, this Document Request is improper.

Also, Plaintiffs object to this Document Request on the grounds that it mischaracterizes the claims in this action. Plaintiffs' Amended Complaint is asking the Court to issue relief in the form of, among other things, a declaratory and injunctive judgment that the Secretary of the Commonwealth and all of the County Election Boards follow the provisions of the Election Code in a uniform manner. As this Court noted years ago: "A state must impose uniform statewide standards in each county in order to protect the legality of a citizen's vote. Anything less implicates constitutional problems under the equal protection clause of the Fourteenth Amendment." *Pierce v. Allegheny County Bd. of Elections,* 324 F. Supp. 2d 684, 697 (W.D. Pa. 2003). Plaintiffs' claim is based upon the inconsistent enforcement of the Election Code requirements across the Commonwealth, which is a violation of Plaintiffs' constitutional rights. Similarly, Plaintiffs' claim also is based upon the failure of the Secretary and all of the County Election Boards to follow the requirements under the Election Code for properly administering Pennsylvania's absentee and mail-in voting scheme, which also violates their constitutional rights. The Pennsylvania General Assembly established the requirements that must be followed for ballots to be cast legally, requirements the Pennsylvania Supreme Court has recognized are designed to reduce fraud. Neither the Secretary of the Commonwealth nor the County Election Boards have the ability to ignore, modify, restrict, or expand upon those requirements. Even if the Secretary or a County Election Board were to view those legislatively-enacted requirements as mere "technicalities," they still have an obligation to enforce those requirements. As the Pennsylvania Supreme Court

recently noted, "so-called technicalities of the Election Code are necessary for the preservation of secrecy and the sanctity of the ballot and must therefore be observed … ." *In re Canvass of Absentee Ballots of Nov. 4, 2003 Gen. Election*, 843 A.2d 1223, 1234 (Pa. 2004); *see also id.* at 1231-32 (noting that "shall" in the Election Code, including its use in Section 3146.6(a) concerning absentee voting, is mandatory). The same language that was interpreted in 2003 by the Pennsylvania Supreme Court was used and adopted by the General Assembly in Act 77.

Further, Plaintiffs object to this Document Request on the grounds it seeks information protected by the attorney-client privilege, the work product doctrine, or by Federal Rule of Civil Procedure 26(b)(3).

Finally, Plaintiffs object on the grounds that much of the information needed to respond to this Document Request is in the possession/custody/control of propounding defendant or others.

To the degree that evidence of voter fraud or any other election-related fraud is relevant to any questions before the Court, the Plaintiffs will rely on, among other things, publicly available news reports and public records. Plaintiffs also refer Propounding Defendants to the documents being produced. Plaintiffs further retain the ability to introduce evidence regarding election-related fraud in the form of expert reports if necessary as this matter proceeds.

Moreover, discovery is in its nascent stages. Accordingly, Plaintiffs reserve the right to amend and/or supplement this response if necessary and/or to the extent the information requested is relevant and authorized by the Court.

**REQUEST 2**: All Documents or Communications concerning or related to evidence or instances of Boards permitting or utilizing unmonitored and/or unsecured drop-off boxes to collect mail-in or absentee ballots during the Primary Election.

**RESPONSE**: Plaintiffs object to this Document Request on the ground that it seeks information on topics outside the limited scope of the expedited discovery ordered by the Court. In response to objections by myriad defendants to the timing and scope of discovery, the Court entered an Order on July 17, 2020, (ECF #124) that allowed discovery on an expedited basis but only on a limited scope. Any discovery beyond the scope of the reports to the Secretary of the Commonwealth by the County Boards of Election as contemplated by 71 P.S. § 279.6(c) "must (i) not be duplicative of materials received in connection with the report, and (ii) be narrowly tailored to the implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election." ECF #124, p.4, ¶II.B.10.

This Document Request goes beyond the scope of the approved discovery in that it seeks information not about the "implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election," ECF #124, p.4, ¶II.B.10, but about Plaintiffs' contentions concerning absentee and mail-in balloting during the 2020 Primary Election. Also, this Document Request appears to be duplicative of the reports that are to be provided by the County Boards of Election, in that those reports are to include reports of actual or suspected incidents of certain types of voter fraud. *See, e.g.,* 71 P.S. § 279.6(b)(9),(10),(19),(20),(23),(24). Therefore, this Document Request is improper.

Further, Plaintiffs object to this discovery request on the ground that it is a contention interrogatory. Contention interrogatories this early in a litigation are disfavored, especially when the complaint is not facially infirm and the Defendants have control over much of the evidence of their misconduct. *See United States v. Educ. Mgmt. LLC*, 2013 U.S. Dist. LEXIS 104176, at *66, *71-73 (W.D. Pa. May 14, 2013).

Finally, Plaintiffs object on the grounds that much of the information needed to respond to this Document Request in the possession/custody/control of propounding defendant or others.

Subject to the foregoing objections and without waiving them, Plaintiffs refer to and incorporate by reference Paragraphs 103 through 164 of Plaintiffs' Verified Amended Complaint. Plaintiffs refer to and incorporate the documents being produced. *See* FED.R.CIV.P. 33(d).

By way of further answer, discovery is in its nascent stages. Accordingly, Plaintiffs reserve the right to amend and/or supplement this response if necessary and/or to the extent the information requested is relevant and authorized by the Court.

**REQUEST 3**: All Documents or Communications concerning or related to the use of unsecure or unmonitored drop-off boxes by Boards leading to "ballot harvesting," double voting, or voter fraud during the Primary Election.

**RESPONSE**: Plaintiffs object to this Document Request on the ground that it seeks information on topics outside the limited scope of the expedited discovery ordered by the Court. In response to objections by myriad defendants to the timing and scope of discovery, the Court entered an Order on July 17, 2020, (ECF #124) that allowed discovery on an expedited basis but only on a limited scope. Any discovery beyond the scope of the reports to the Secretary of the Commonwealth by the County Boards of Election as contemplated by 71 P.S. § 279.6(c) "must (i) not be duplicative of materials received in connection with the report, and (ii) be narrowly tailored to the implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election." ECF #124, p.4, ¶II.B.10.

This Document Request goes beyond the scope of the approved discovery in that it seeks information not about the "implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election," ECF #124, p.4, ¶II.B.10, but about Plaintiffs' contentions concerning absentee and mail-in balloting during the 2020 Primary Election. Also, this Document Request appears to be duplicative of the reports that are to be provided by the County Boards of Election, in that those reports are to include reports of actual or suspected incidents of certain types of voter fraud. *See, e.g.,* 71 P.S. § 279.6(b)(9),(10),(19),(20),(23),(24). Therefore, this Document Request is improper.

Also, Plaintiffs object to this Document Request on the grounds that it mischaracterizes the claims in this action. Plaintiffs' Amended Complaint is asking the Court to issue relief in the form of, among other things, a declaratory and injunctive judgment that the Secretary of the Commonwealth and all of the County Election Boards follow the provisions of the Election Code in a uniform manner. As this Court noted years ago: "A state must impose uniform statewide standards in each county in order to protect the legality of a citizen's vote. Anything less implicates

constitutional problems under the equal protection clause of the Fourteenth Amendment." *Pierce v. Allegheny County Bd. of Elections,* 324 F. Supp. 2d 684, 697 (W.D. Pa. 2003). Plaintiffs' claim is based upon the inconsistent enforcement of the Election Code requirements across the Commonwealth, which is a violation of Plaintiffs' constitutional rights. Similarly, Plaintiffs' claim also is based upon the failure of the Secretary and all of the County Election Boards to follow the requirements under the Election Code for properly administering Pennsylvania's absentee and mail-in voting scheme, which also violates their constitutional rights. The Pennsylvania General Assembly established the requirements that must be followed for ballots to be cast legally, requirements the Pennsylvania Supreme Court has recognized are designed to reduce fraud. Neither the Secretary of the Commonwealth nor the County Election Boards have the ability to ignore, modify, restrict, or expand upon those requirements. Even if the Secretary or a County Election Board were to view those legislatively-enacted requirements as mere "technicalities," they still have an obligation to enforce those requirements. As the Pennsylvania Supreme Court recently noted, "so-called technicalities of the Election Code are necessary for the preservation of secrecy and the sanctity of the ballot and must therefore be observed … ." *In re Canvass of Absentee Ballots of Nov. 4, 2003 Gen. Election,* 843 A.2d 1223, 1234 (Pa. 2004); *see also id.* at 1231-32 (noting that "shall" in the Election Code, including its use in Section 3146.6(a) concerning absentee voting, is mandatory). The same language that was interpreted in 2003 by the Pennsylvania Supreme Court was used and adopted by the General Assembly in Act 77.

Further, Plaintiffs object to this Document Request on the grounds it seeks information protected by the attorney-client privilege, the work product doctrine, or by Federal Rule of Civil Procedure 26(b)(3).

Finally, Plaintiffs object on the grounds that much of the information needed to respond to this Document Request is in the possession/custody/control of propounding defendant or others.

Subject to the foregoing objections and without waiving them, Plaintiffs state that to the degree that evidence of voter fraud or any other election-related fraud is relevant to any questions before the Court, Plaintiffs will rely on, among other things, publicly available news reports and public records. Plaintiffs refer to and incorporate the documents being produced. *See* FED.R.CIV.P. 33(d). Plaintiffs also retain the ability to introduce evidence regarding election-related fraud in the form of expert reports if necessary as this matter proceeds.

Moreover, discovery is in its nascent stages. Accordingly, Plaintiffs reserve the right to amend and/or supplement this response if necessary and/or to the extent the information requested is relevant and authorized by the Court.

**REQUEST 4**: All Documents or Communications concerning or related to the prevalence or scope of voter fraud from mail-in or absentee ballots during the Primary Election.

**RESPONSE**: Plaintiffs object to this Document Request on the ground that it seeks information on topics outside the limited scope of the expedited discovery ordered by the Court. In response to objections by myriad defendants to the timing and scope of discovery, the Court entered an Order on July 17, 2020, (ECF #124) that allowed discovery on an expedited basis but only on a limited scope. Any discovery beyond the scope of the reports to the Secretary of the Commonwealth by the County Election Boards as contemplated by 71 P.S. § 279.6(c) "must (i)

not be duplicative of materials received in connection with the report, and (ii) be narrowly tailored to the implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election." ECF #124, p.4, ¶II.B.10.

This Document Request goes beyond the scope of the approved discovery in that it seeks information not about the "implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election," ECF #124, p.4, ¶II.B.10, but instead about Plaintiffs' contentions of the opportunities that fraudsters may have based on Defendants' inconsistent administration of the Primary Election. Further, this Document Request appears to be duplicative of the reports that are to be provided by the County Election Boards, in that those reports are to include "a review of any action taken by the Department of State, county board of elections or registration commission in response to an incident under paragraph (23), including determinations made on the incident, legal actions filed and referrals to law enforcement." 71 P.S. § 279.6(b)(24). Therefore, this Document Request is improper.

Also, Plaintiffs object to this Document Request on the grounds that it mischaracterizes the claims in this action. Plaintiffs' Amended Complaint is asking the Court to issue relief in the form of, among other things, a declaratory and injunctive judgment that the Secretary of the Commonwealth and all of the County Election Boards follow the provisions of the Election Code in a uniform manner. As this Court noted years ago: "A state must impose uniform statewide standards in each county in order to protect the legality of a citizen's vote. Anything less implicates constitutional problems under the equal protection clause of the Fourteenth Amendment." *Pierce v. Allegheny County Bd. of Elections,* 324 F. Supp. 2d 684, 697 (W.D. Pa. 2003). Plaintiffs' claim is based upon the inconsistent enforcement of the Election Code requirements across the Commonwealth, which is a violation of Plaintiffs' constitutional rights. Similarly, Plaintiffs' claim also is based upon the failure of the Secretary and all of the County Election Boards to follow the requirements under the Election Code for properly administering Pennsylvania's absentee and mail-in voting scheme, which also violates their constitutional rights. The Pennsylvania General Assembly established the requirements that must be followed for ballots to be cast legally, requirements the Pennsylvania Supreme Court has recognized are designed to reduce fraud. Neither the Secretary of the Commonwealth nor the County Election Boards have the ability to ignore, modify, restrict, or expand upon those requirements. Even if the Secretary or a County Election Board were to view those legislatively-enacted requirements as mere "technicalities," they still have an obligation to enforce those requirements. As the Pennsylvania Supreme Court recently noted, "so-called technicalities of the Election Code are necessary for the preservation of secrecy and the sanctity of the ballot and must therefore be observed ... ." *In re Canvass of Absentee Ballots of Nov. 4, 2003 Gen. Election,* 843 A.2d 1223, 1234 (Pa. 2004); *see also id.* at 1231-32 (noting that "shall" in the Election Code, including its use in Section 3146.6(a) concerning absentee voting, is mandatory). The same language that was interpreted in 2003 by the Pennsylvania Supreme Court was used and adopted by the General Assembly in Act 77.

Further, Plaintiffs object to this Document Request on the grounds it seeks information protected by the attorney-client privilege, the work product doctrine, or by Federal Rule of Civil Procedure 26(b)(3).

Finally, Plaintiffs object on the grounds that much of the information needed to respond to this Document Request is in the possession/custody/control of propounding defendant or others.

Subject to the foregoing objections and without waiving them, Plaintiffs state that to the degree that evidence of voter fraud or any other election-related fraud is relevant to any questions before the Court, Plaintiffs will rely on, among other things, publicly available news reports and public records. Plaintiffs refer to and incorporate the documents being produced. *See* FED.R.CIV.P. 33(d). Plaintiffs also retain the ability to introduce evidence regarding election-related fraud in the form of expert reports if necessary as this matter proceeds.

Moreover, discovery is in its nascent stages. Accordingly, Plaintiffs reserve the right to amend and/or supplement this response if necessary and/or to the extent the information requested is relevant and authorized by the Court.

**REQUEST 5**: All Communications between you and any individuals who sought to serve as poll watchers for you or any state or local Republican Party entity or organization at a location outside their county of residence during the Primary Election.

**RESPONSE**: Plaintiffs object to this Document Request on the ground that it seeks information on topics outside the limited scope of the expedited discovery ordered by the Court. In response to objections by myriad defendants to the timing and scope of discovery, the Court entered an Order on July 17, 2020, (ECF #124) that allowed discovery on an expedited basis but only on a limited scope. Any discovery beyond the scope of the reports to the Secretary of the Commonwealth by the County Election Boards as contemplated by 71 P.S. § 279.6(c) "must (i) not be duplicative of materials received in connection with the report, and (ii) be narrowly tailored to the implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election." ECF #124, p.4, ¶II.B.10.

This Document Request goes beyond the scope of the approved discovery in that it seeks information not about the "implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election," ECF #124, p.4, ¶II.B.10, but instead Plaintiffs' internal communications regarding potential poll watchers. Plaintiffs read the scope of discovery as relating to the official implementation of the two noted procedures by the Secretary and/or the Counties. It is only the Counties who implement the mail-in procedures for the elections. Thus, the use of the conjunctive "and" can only mean that the poll-watching procedures referenced also are the official procedures implemented by the County. Moreover, it is the Secretary and the Counties who will bear the burden of demonstrating the procedures they implement and enforce are constitutional. Therefore, this Document Request is improper.

In light of above objections, on which Plaintiffs stand, no substantive response will be provided.

**REQUEST 6**: All Documents or Communications concerning or related to the efforts you, any Republican candidate, or any state or local Republican Party entity or organization made to recruit persons to serve as poll watchers in any county where there are more registered Democrats than Republicans.

**RESPONSE**: Plaintiffs object to this Document Request on the ground that it seeks information on topics outside the limited scope of the expedited discovery ordered by the Court. In response to objections by myriad defendants to the timing and scope of discovery, the Court entered an Order on July 17, 2020, (ECF #124) that allowed discovery on an expedited basis but only on a limited scope. Any discovery beyond the scope of the reports to the Secretary of the Commonwealth by the County Election Boards as contemplated by 71 P.S. § 279.6(c) "must (i) not be duplicative of materials received in connection with the report, and (ii) be narrowly tailored to the implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election." ECF #124, p.4, ¶II.B.10.

This Document Request goes beyond the scope of the approved discovery in that it seeks information not about the "implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election," ECF #124, p.4, ¶II.B.10, but instead about Plaintiffs' poll watcher activities. Plaintiffs read the scope of discovery as relating to the official implementation of the two noted procedures by the Secretary and/or the Counties. It is only the Counties who implement the mail-in procedures for the elections. Thus, the use of the conjunctive "and" can only mean that the poll-watching procedures referenced also are the official procedures implemented by the County. Moreover, it is the Secretary and the Counties who will bear the burden of demonstrating the procedures they implement and enforce are constitutional. Therefore, this Document Request is improper.

Further, Plaintiffs object to this Document Request on the grounds it seeks information protected by the attorney-client privilege, the work product doctrine, or by Federal Rule of Civil Procedure 26(b)(3).

In light of above objections, on which Plaintiffs stand, no substantive response will be provided.

**REQUEST 7**: All Documents or Communications concerning or related to the demographic characteristics of Pennsylvania mail-in and absentee voters and the potential effect of mail-in and absentee voting on voter turnout or election outcomes in the Primary Election or the upcoming November 2020 General Election in Pennsylvania.

**RESPONSE**: Plaintiffs object to this Document Request on the ground that it seeks information on topics outside the limited scope of the expedited discovery ordered by the Court. In response to objections by myriad defendants to the timing and scope of discovery, the Court entered an Order on July 17, 2020, (ECF #124) that allowed discovery on an expedited basis but only on a limited scope. Any discovery beyond the scope of the reports to the Secretary of the Commonwealth by the County Boards of Election as contemplated by 71 P.S. § 279.6(c) "must (i) not be duplicative of materials received in connection with the report, and (ii) be narrowly tailored to the implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election." ECF #124, p.4, ¶II.B.10.

This Document Request goes beyond the scope of the approved discovery in that it seeks information not about the "implementation of the mail-in and poll-watching procedures in the 2020

primary election, and the procedures for the 2020 general election." ECF #124, p.4, ¶II.B.10. Instead it seeks information about the relationship between "mail and/or absentee voting" and "voter turnout or election outcomes."

Additionally, Plaintiffs object to this Document Request on the ground of relevance. The Election Code, as passed by the General Assembly, permits voting by mail (both mail-in and absentee)—as long as that voting complies with the statutory requirements. Thus, no matter who the voter (or what that voter's partisan group, demographic group, race, or age), that voter must comply with the statutory requirements before the ballot he/she casts is a valid one entitled to be counted. Plaintiffs are seeking to ensure the legislative requirements are enforced.

Plaintiffs' Amended Complaint is asking the Court to issue relief in the form of, among other things, a declaratory and injunctive judgment that the Secretary of the Commonwealth and all of the Boards of Election follow the provisions of the Election Code in a uniform manner. As this Court noted years ago: "A state must impose uniform statewide standards in each county in order to protect the legality of a citizen's vote. Anything less implicates constitutional problems under the equal protection clause of the Fourteenth Amendment." *Pierce v. Allegheny County Bd. of Elections*, 324 F. Supp. 2d 684, 697 (W.D. Pa. 2003). Plaintiffs' claim is based upon the inconsistent enforcement of the Election Code requirements across the Commonwealth, which is a violation of Plaintiffs' constitutional rights. Plaintiffs' claim also is based upon the failure of the Secretary and all of the County Election Boards to follow the requirements under the Election Code for properly administering Pennsylvania's absentee and mail-in voting scheme, which also violates their constitutional rights. The Pennsylvania General Assembly established the requirements that must be followed for ballots to be cast legally, requirements the Pennsylvania Supreme Court has recognized are designed to reduce fraud. Neither the Secretary of the Commonwealth nor the County Election Boards have the ability to ignore, modify, restrict, or expand upon those requirements. Even if the Secretary or a Board of Elections were to view those legislatively-enacted requirements as mere "technicalities," they still have an obligation to enforce those requirements. As the Pennsylvania Supreme Court recently noted, "so-called technicalities of the Election Code are necessary for the preservation of secrecy and the sanctity of the ballot and must therefore be observed … ." *In re Canvass of Absentee Ballots of Nov. 4, 2003 Gen. Election*, 843 A.2d 1223, 1234 (Pa. 2004).; *see also id.*, at 1231-32 (noting that "shall" in the Election Code, including its use in Section 3146.6(a) concerning absentee voting, is mandatory). The same language that was interpreted in 2003 by the Pennsylvania Supreme Court was used and adopted by the General Assembly in Act 77.

Further, Plaintiffs object to this Document Request on the grounds it seeks information protected by the attorney-client privilege, the work product doctrine, or by Federal Rule of Civil Procedure 26(b)(3).

In light of above objections, on which Plaintiffs stand, no documents will be produced.

**REQUEST 8**: All Documents or Communications concerning or related to the impact of the public-health pandemic and/or novel coronavirus (COVID-19) would or might affect mail-in and

absentee voting or election outcomes in the Primary Election or the upcoming November 2020 General Election in Pennsylvania.

**RESPONSE**: Plaintiffs object to this Document Request on the ground that it seeks information on topics outside the limited scope of the expedited discovery ordered by the Court. In response to objections by myriad defendants to the timing and scope of discovery, the Court entered an Order on July 17, 2020, (ECF #124) that allowed discovery on an expedited basis but only on a limited scope. Any discovery beyond the scope of the reports to the Secretary of the Commonwealth by the County Boards of Election as contemplated by 71 P.S. § 279.6(c) "must (i) not be duplicative of materials received in connection with the report, and (ii) be narrowly tailored to the implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election." ECF #124, p.4, ¶II.B.10.

This Document Request goes beyond the scope of the approved discovery in that it seeks information not about the "implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election," ECF #124, p.4, ¶II.B.10, but about COVID-19 and its impact on absentee and mail-in voting or election outcomes in the 2020 Primary Election and upcoming General Election. Plaintiffs read the scope of discovery as relating to the official implementation of the two noted procedures by the Secretary and/or the Counties. It is only the Counties who implement the mail-in procedures for the elections. Thus, the use of the conjunctive "and" can only mean that the poll-watching procedures referenced also are the official procedures implemented by the County. Moreover, it is the Secretary and the Counties who will bear the burden of demonstrating the procedures they implement and enforce are constitutional. Therefore, this Document Request is improper.

Additionally, Plaintiffs object to this Document Request on the grounds of relevance. Plaintiffs' lawsuit is premised upon the federal and state constitutional mandates that Pennsylvania must impose uniform statewide standards in all 67 counties in order to protect the legality of a citizen's vote and to ensure free, fair, and transparent elections, and those mandates cannot and should not be suspended during a pandemic or other crisis. There is no "pandemic exception" to the Election Code. Therefore, this Document Request seeks information that is not relevant to Plaintiffs' claims.

Further, Plaintiffs object to this Document Request on the grounds it seeks information protected by the attorney-client privilege, the work product doctrine, or by Federal Rule of Civil Procedure 26(b)(3).

In light of the above objections, on which Plaintiffs stand, no substantive response will be provided.

**REQUEST 9**: All Documents or Communications concerning or related to your allegation of Boards voiding or discarding mail-in and absentee ballots that lacked an "Official Election Ballot" inner envelope impacted the results of the Primary Election and/or could potentially impact the results of the November 2020 General Election in Pennsylvania.

**RESPONSE:** Plaintiffs object to this Document Request on the ground that it seeks information on topics outside the limited scope of the expedited discovery ordered by the Court. In response to objections by myriad defendants to the timing and scope of discovery, the Court entered an Order on July 17, 2020, (ECF #124) that allowed discovery on an expedited basis but only on a limited scope. Any discovery beyond the scope of the reports to the Secretary of the Commonwealth by the County Election Boards as contemplated by 71 P.S. § 279.6(c) "must (i) not be duplicative of materials received in connection with the report, and (ii) be narrowly tailored to the implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election." ECF #124, p.4, ¶II.B.10.

This Document Request goes beyond the scope of the approved discovery in that it seeks information not about the "implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election," ECF #124, p.4, ¶II.B.10, but instead Plaintiff's contention regarding the proper interpretation of Act 77 and its provisions relating to absentee and mail-in voting. Plaintiffs read the scope of discovery as relating to the official implementation of the two noted procedures by the Secretary and/or the Counties. It is only the Counties who implement the mail-in procedures for the elections. Thus, the use of the conjunctive "and" can only mean that the poll-watching procedures referenced also are the official procedures implemented by the County. Moreover, it is the Secretary and the Counties who will bear the burden of demonstrating the procedures they implement and enforce are constitutional. Therefore, this Document Request is improper.

Subject to these objections and without waiving, Plaintiffs state that the Pennsylvania General Assembly has provided the procedure for the proper return of absentee and mail-in ballots. *See* 25 P.S. § 3146.6; 25 P.S. §3150.16. That procedure includes, among other things, the requirement that the voter place his or her ballot inside the "Official Election Ballot" secrecy envelope. *See* 25 P.S. § 3146.6(a) ("the elector *shall*, in secret, proceed to mark the ballot only in black lead pencil, indelible pencil or blue, black or blue-black ink, in fountain pen or ball point pen, and then fold the ballot, enclose and securely seal the same in the envelope on which is printed, stamped or endorsed 'Official Election Ballot.' *This envelope shall* then be placed in the second one, on which is printed the form of declaration of the elector, and the address of the elector's county board of election and the local election district of the elector.") (emphasis added); 25 P.S. § 3150.16 ("the mail-in elector *shall*, in secret, proceed to mark the ballot only in black lead pencil, indelible pencil or blue, black or blue-black ink, in fountain pen or ball point pen, and then fold the ballot, enclose and securely seal the same in the envelope on which is printed, stamped or endorsed 'Official Election Ballot.' *This envelope shall* then be placed in the second one, on which is printed the form of declaration of the elector, and the address of the elector's county board of election and the local election district of the elector.") (emphasis added); *see also In re Canvass of Absentee Ballots of Nov. 4, 2003 Gen. Election,* 843 A.2d 1223, 1231-32 (Pa. 2004) (noting that "shall" in the Election Code is mandatory); *see also id.*, at 1234 (noting requirements in the Election Code are necessary for the preservation of secrecy, sanctity of the ballot, and to reduce fraud).

The Election Code also provides that only those ballots contained in "Official Election Ballot" secrecy envelopes, within the outer mailing envelop, shall be counted. *See* 25 PS. § 3146.8(g)(4)(ii)&(iii). Moreover, a ballot that is returned without an Official Election Ballot" secrecy envelope is a ballot that is capable of identification. *See* 25 P.S. § 3063(a) ("No ballot which is so marked as to be capable of identification shall be counted."); *see also* 25 P.S. § 3146.8(g)(4)(ii).

In 2003, the Pennsylvania Supreme Court explained, "so-called technicalities of the Election Code are necessary for the preservation of secrecy and the sanctity of the ballot and must therefore be observed … ." *In re Canvass of Absentee Ballots of Nov. 4, 2003 Gen. Election,* 843 A.2d 1223, 1234 (Pa. 2004); *see also id.* at 1231-32 (noting that "shall" in the Election Code, including its use in Section 3146.6(a) concerning absentee voting, is mandatory). The same language that was interpreted in 2003 by the Pennsylvania Supreme Court was used and adopted by the General Assembly in Act 77.

Subject to the foregoing objections and without waiving them, Plaintiffs state that to the degree that evidence of voter fraud or any other election-related fraud is relevant to any questions before the Court, Plaintiffs will rely on, among other things, publicly available news reports and public records. Plaintiffs refer to and incorporate the documents being produced. *See* FED.R.CIV.P. 33(d). Plaintiffs also retain the ability to introduce evidence regarding election-related fraud in the form of expert reports if necessary as this matter proceeds.

**REQUEST 10**: For all expert witnesses you intend to testify at the hearing in this case, produce his or her curriculum vitae ("CV") and/or resume, all reports he or she drafted for you related to this action, and all documents you provided to that expert related to any subject matter in this action.

**RESPONSE**: Plaintiffs object to this Discovery Request as it relates to the identification of any testifying expert as being premature. The Court's Scheduling Order requires production expert reports on August 12, 2020. *See* ECF#124, ¶16. There is no requirement to provide the identification of any retained, testifying expert in advance of that date.

Plaintiffs also object to this Discovery Request in that it seeks production of documents/things beyond that to which propounding defendants may be entitled. Plaintiffs will provide to all Defendants the required information for any testifying expert in accordance with the Federal Rules of Civil Procedure, the Scheduling Order (ECF#124), and any other applicable Order of this Court. Plaintiffs will not produce to Defendants any additional information beyond what they are required to produce.

In light of above objections, on which Plaintiffs stand, no substantive response will be provided.

Respectfully submitted,

PORTER WRIGHT MORRIS & ARTHUR LLP

Date: August 5, 2020      By: */s/ Ronald L. Hicks, Jr.*
                             Ronald L. Hicks, Jr. (PA #49520)
                             Jeremy A. Mercer (PA #86480)
                             Russell D. Giancola (PA #200058)
                             Six PPG Place, Third Floor
                             Pittsburgh, PA 15222

(412) 235-4500 (Telephone)
(412) 235-4510 (Fax)
rhicks@porterwright.com
jmercer@porterwright.com
rgiancola@porterwright.com
and
Matthew E. Morgan (DC #989591)
Justin Clark (DC #499621)
(both admitted pro hac vice)
Elections, LLC
1000 Maine Ave., SW, 4th Floor
Washington, DC 20224
(202) 844-3812 (Telephone)
matthew.morgan@electionlawllc.com
justin.clark@electionlawllc.com
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 5, 2020, a true and correct copy of the foregoing **PLAINTIFFS OBJECTIONS AND RESPONSE TO DEMOCRATIC INTERVENORS' DOCUMENT REQUESTS TO PLAINTIFFS** has been served upon the below-identified propounding counsel via email:

A. Michael Pratt
GREENBERG TRAURIG, LLP
1717 Arch Street, Suite 400
Philadelphia, PA 19103
(t) 215.972.5916
(f) 215.988.7801
prattam@gtlaw.com

Kevin M. Greenberg (*pro hac vice* pending)
Adam R. Roseman (*pro hac vice* pending)
George Farrell (*pro hac vice* pending)
GREENBERG TRAURIG, LLP
1717 Arch Street, Suite 400
Philadelphia, PA 19103
(t) 215.988.7818
(f) 215.988.7801
greenbergk@gtlaw.com

Clifford B. Levine
Alex Lacey
DENTONS COHEN & GRIGSBY P.C.
625 Liberty Avenue
Pittsburgh, PA 15222-3152
(t) 412.297.4998/4642
clifford.levine@dentons.com
alex.lacey@dentons.com

Lazar M. Palnick
1216 Heberton St.
Pittsburgh, PA 15206
(t) 412.661.3633
lazarpalnick@gmail.com

*All Counsel for Democratic Intervenors*

Respectfully submitted,

PORTER WRIGHT MORRIS & ARTHUR LLP

By: */s/ Ronald L. Hicks, Jr.*
Ronald L. Hicks, Jr. (PA #49520)
Jeremy A. Mercer (PA #86480)
Russell D. Giancola (PA #200058)
Six PPG Place, Third Floor
Pittsburgh, PA 15222
(412) 235-4500 (Telephone)
(412) 235-4510 (Fax)
rhicks@porterwright.com
jmercer@porterwright.com
rgiancola@porterwright.com

and

Matthew E. Morgan (DC #989591)
Justin Clark (DC #499621)
(both admitted pro hac vice)
Elections, LLC
1000 Maine Ave., SW, 4th Floor
Washington, DC 20224
(202) 844-3812 (Telephone)
matthew.morgan@electionlawllc.com
justin.clark@electionlawllc.com

*Counsel for Plaintiffs*