IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KATHY BOOCKVAR, in her capacity as Secretary of the Commonwealth of Pennsylvania, *et al.*, <br><br> Defendants. | Civil Action No. 2:20-cv-00966-NR <br><br> Judge J. Nicholas Ranjan |

**DEFENDANT-INTERVENORS CITIZENS FOR PENNSYLVANIA'S FUTURE AND SIERRA CLUB'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL DISCOVERY FROM PLAINTIFFS**

# INTRODUCTION

Plaintiffs chose to file an Amended Complaint replete with salacious allegations and dire warnings about the potential consequences if Pennsylvania and its counties are permitted to administer the 2020 election in a manner that Plaintiffs oppose. Plaintiffs chose to interlace these allegations of fraud and impropriety throughout their pleading, contending for example in the opening paragraph that Defendants' use of drop-boxes "provides fraudsters an easy opportunity to engage in ballot harvesting, manipulate or destroy ballots, manufacture duplicitous votes, and sow chaos[.]" Amended Complaint ¶1. These allegations of fraud continue throughout the Amended Complaint, culminating in causes of action explicitly premised on "Dilution of Vote by Fraud or Tampering." *See id*. ¶¶ 228. 229, 243. Apparently unwilling (or unable) to engage in discovery supporting these fraud-based allegations, Plaintiffs attempt to simply ignore them and focus only on their claims of statutory interpretation or equal protection (*see e.g.,* ¶¶ 206-267; *see* ECF 346 (MTD reply at1)). But Plaintiffs do not get to pick and choose which of their allegations are subject to discovery, and cannot decline to provide discovery concerning the alleged voter fraud or impropriety they pled so long as those allegations remain part of their Amended Complaint. Plaintiffs must either be compelled to provide discovery concerning their fraud-based allegations or be precluded from pursuing these claims going forward, including by not pursuing affirmative discovery of Defendants or third parties relating to claims of vote fraud.

# ARGUMENT

**I.      The Narrowed Discovery Sought By Defendant-Intervenors Is Carefully Targeted and Entirely Appropriate**

The Amended Complaint baldly asserts the existence of voter fraud through "invalid," "illegal" and "unreliable" voting that Plaintiffs allege will dilute votes and make the election unfair. Am. Compl. ¶¶ 24, 26. Plaintiffs target two aspects of Pennsylvania's election process—

the vote-by-mail procedures, including the use of drop boxes, and the eligibility rules for poll watchers. *E.g.*, Am. Compl. ¶¶ 1, 3, 103, 165. Plaintiffs presume—without any supporting facts or credible allegations—that the conduct they challenge will increase voter fraud and create equal protection violations, and that the remedies they seek will reduce it. Intervenors (and Defendants generally) are now entitled to test the accuracy and credibility of Plaintiffs' fraud-based allegations and assertions of purported injury, and Plaintiffs' objectives in pursuing the remedy they seek. (*See, e.g.*, ECF 297 (Intervenors' Motion to Dismiss)).

The discovery Intervenors seek is neither controversial nor disproportionate. Intervenors have requested documents relevant to the harms Plaintiffs allege, including the basis for their claims of voter fraud, vote dilution, and unequal treatment of voters, as well as documents that are likely to undermine these allegations. Fed. R. Civ. P. 26(b)(1) provides in relevant part: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Intervenors' discovery requests fall well within Rule 26's broad scope.

Nonetheless, based on the Court's August 11, 2020 guidance, Intervenors significantly narrowed their requests as detailed below, and met and conferred with Plaintiffs on the morning of August 12. With respect to Plaintiffs' allegations regarding vote-by-mail procedures, Intervenors confirmed that as to their RFP No. 1, they only seek documents concerning "vote-by-mail, absentee voting, and Drop Boxes," to the extent those documents relate to Plaintiffs' allegations of fraud.[1] That would include documents, data, analysis and communications relating only to the allegations Plaintiffs pled in their Amended Complaint concerning:

---

[1] In light of the Court's guidance, Intervenors have withdrawn RFP Nos. 2-6 as relates to expedited discovery, which sought a broader range of documents relating to various demographic

- non-uniform procedures concerning drop boxes in Pennsylvania. Am. Compl. ¶ 1 (alleging "inconsistently-enforced regulations of . . . unsecured drop-boxes"), ¶ 162 et seq.

- fraudulent voting resulting from the use of drop boxes, absentee ballots, or vote-by-mail in Pennsylvania (*id.* (alleging "threat" of counting of "fraudulent or otherwise ineligible ballots")), ¶¶ 202-03; 212, 225, 228-29, 243-46;

- fraud resulting from the use of third-party groups to collect absentee or mail ballots in Pennsylvania (*id.* ¶ 1 (warning of "fraudsters" who "engage in ballot harvesting, manipulate or destroy ballots, manufacture duplicitous votes, and sow chaos"), ¶¶ 73-77;

- the existence and/or prevalence of fraud, ballot harvesting, ballot manipulation or destruction, or duplicitous voting in Pennsylvania, *id.*;

- the prevalence and/or counting of absentee or mail ballots in Pennsylvania that lack a secrecy envelope, whose envelope contains any text, mark, or symbol which reveals the elector's identify, political affiliation, or candidate preference, or whose envelope does not include on the outside envelope a completed declaration signed by the elector, *id.*, ¶¶ 5, 91, 153.

Plaintiffs stated on this meet and confer that they would continue to resist discovery of these narrowed discovery categories, contending that the Court's guidance did not require them to provide any of the requested discovery concerning their fraud allegations. Plaintiffs also "reserved the right," however, to include factual disclosures relating to fraud at a later date as part of any expert reports, but maintained that they were not obligated to produce any such material now, as part of expedited discovery. There is no basis for Plaintiffs to avoid or defer their basic discovery obligations as to the allegations in the Amended Complaint.

---

information. *See* RFP No. 2 (documents concerning the demographic breakdown of voters who use or are likely to use vote-by-mail, absentee voting, and/or Drop Boxes); RFP Nos. 3 and 4 (concerning the partisan breakdown of voters who use or are likely to use vote-by-mail, absentee voting, and/or Drop Boxes); RFP Nos. 5 and 6 (relationship of such procedures to voter turnout and predicted electoral outcomes). Intervenors have also substantially narrowed RFP No. 15, and now seek only documents relating to allegations of fraud involving the collection of ballots by third parties.

3

Intervenors are unquestionably entitled to documents that support Plaintiffs' allegations in their Amended Complaint, as well as documents that undermine those same allegations. It is black letter law that Plaintiffs cannot only produce evidence supporting their litigation position. *See Masterfile Corp. v. Bigsy Music*, 2011 WL 13227712, at *6 (E.D. Pa. 2011) ("Rule 26 authorizes broad discovery;" "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense"). Plaintiffs must also, subject to principles of proportionality, produce documents that directly undermine the credibility and plausibility of their vote fraud allegations, including documents that discuss or suggest that Plaintiffs seek the relief requested here, not because they have evidence of fraud or impropriety, but because they are using such allegations as a pretext to impair voting in a way that may impact the outcome of the election. Although Plaintiffs may have a legitimate interest in combatting voter fraud, they may not "pretextually employ said interest to mask invidious aims." *North Carolina State Conference of NAACP v. Cooper*, 430 F. Supp.3d 15, 44 (M.D. N.C. 2019) (concerning voter identification laws that were "pretextual cures for problems that did not exist"). Discovery into the interests and objectives of Plaintiffs' lawsuit will "aid [the Court] in understanding the circumstances giving rise to the claim in this lawsuit," including the validity of Plaintiffs' claims of injury. *See, Riggs. v. Deutsche Bank Alex Brown, Inc.*, 2005 WL 8175065, at *1 (D.N.J. Sep. 6, 2005); *see also Arconic Inc. v. Novelis, Inc.*, 2018 WL 5660142, at *3 (W.D. Pa. 2018) (permitting discovery into the "motives for the . . . decision to file this lawsuit").[2]

Despite Intervenors' significant narrowing, Plaintiffs continue to refuse to provide any documents concerning their fraud-based allegations, asserting on both the parties' August 10 and

---

[2] Such discovery will also support Intervenors' defenses that instances of voter fraud are exceedingly rare and that Plaintiffs' desired relief in this case is unrelated to a purported concern over voter fraud.

August 12 meet and confers that their claims have nothing to do with voter fraud and solely relate to the non-uniform procedures counties may adopt in the upcoming general election, *see, e.g.* ECF 346, MTD reply at 1, and claims of equal protection, and that they thus had no obligation to produce discovery relating to their fraud allegations – whether supporting or undermining those allegations.[3] Notably, Plaintiffs' position stands in stark contrast to their posture in *seeking* discovery, where Plaintiffs have served and are pressing extensive requests on Defendants and third parties in this action. *See* Exhibit B (attaching a true and correct copy of Plaintiffs' discovery requests). Indeed at the same time Plaintiffs have been telling this Court such discovery should be off limits, just Monday Plaintiffs served a broad third-party subpoena on the nonpartisan good government group the Committee of Seventy, which seeks, among other categories, broad-based discovery concerning the motivation for and partisan implications of drop boxes.[4] Intervenors are entitled to the same, proportionate and reciprocal, discovery from the party that chose to commence this litigation.

There is no reason why Plaintiffs, having advanced the allegations and claims they have, should not be ordered to also produce materials relevant to their various allegations of fraud.

---

[3] With respect to Intervenors' requests concerning Plaintiffs' poll watcher claims, Plaintiffs confirmed that, in light of the Court's August 11 guidance, they would produce documents relating to plans for recruiting, training and staffing poll watchers applicable to Pennsylvania in the 2020 election. Plaintiffs confirmed that they would produce such materials that were applicable to Pennsylvania, whether formally denominated as such, addressing Intervenors' concern that Plaintiffs would not read the Court's guidance too narrowly. The Court's intervention is thus not required as to poll watching discovery at this time.

[4] *See* Exhibit C (Request 4 seeking "[a]ny and all communications with any political party or candidate for elected office regarding the use of drop boxes, mobile ballot collection centers, and/or similar collection/drop-off locations"; Request 6 seeking "[a]ny and all documents relating to the use of drop boxes, mobile ballot collection centers, and or similar collection/drop-off locations" during the 2020 primary and general elections.).

**II.     Plaintiffs Should Be Precluded From Asserting Claims and Seeking Related Discovery For Which They Refuse To Provide Discovery**

As Intervenors foreshadowed in their Motion to Dismiss Reply (ECF 346), Plaintiffs appear to have abandoned their allegations and claims based on vote fraud. While Plaintiffs' remaining "non uniform" equal protection claims are equally meritless and requires dismissal (*see id*.), if Plaintiffs have, in fact, abandoned their vote fraud allegations and claims and will refuse to provide any discovery concerning these claims and allegations, the Court may, pursuant to FRCP 37, preclude Plaintiffs from further pursuing these claims or seeking any discovery from any Defendant or third party related in any way to their vote fraud allegations and claims. Fed. R. Civ. P. 37(b)(2)(A) (expressly providing Court with right to prevent a party "from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."); s*ee In re Orthopedic Bone Screw Products Litigation,* 1998 WL 254038, at *5 (E.D. Pa. 1998) (applying discovery sanctions where "[t]he record evidences an ongoing difficulty experienced by the [moving party] in attempting to receive discoverable documents relating to the [moving party's] claims."). Intervenors respectfully submit that Plaintiffs' claims and allegations should be subject to reasonable discovery, and if not should be foreclosed.

Dated: August 12, 2020          Respectfully submitted,

/s/ Eliza Sweren-Becker

Myrna Pérez
Eliza Sweren-Becker
BRENNAN CENTER FOR JUSTICE
AT NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
Telephone: 646.292.8310
myrna.perez@nyu.edu
eliza.sweren-becker@nyu.edu

Sascha N. Rand (*pro hac vice* forthcoming)
David Cooper (*pro hac vice* forthcoming)
Ellison Merkel (*pro hac vice* forthcoming)
Owen Roberts (*pro hac vice* forthcoming)
QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: 212.849.7175
sascharand@quinnemanuel.com
davidcooper@quinnemanuel.com
ellisonmerkel@quinnemanuel.com
owenroberts@quinnemanuel.com

*Counsel for Proposed Defendant-Intervenors Citizens for Pennsylvania's Future and Sierra Club*

## CERTIFICATE OF SERVICE

I, Eliza Sweren-Becker, certify that I served the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT-INTERVENORS CITIZENS FOR PENNSYLVANIA'S FUTURE AND SIERRA CLUB'S MOTION TO COMPEL, which was sent automatically by CM/ECF to the following counsel who are registered as CM/ECF filing users who have consented to accepting electronic service through CM/ECF:

*All counsel of record*

Dated: August 12, 2020						Respectfully submitted,

							*/s/ Eliza Sweren-Becker*

							*Counsel for Proposed Defendant-Intervenors Citizens for Pennsylvania's Future and Sierra Club*