IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONALD J. TRUMP FOR PRESIDENT, INC.,   :
et al.,   :
  : CIVIL ACTION-LAW
        Plaintiffs,   : NO. 2:20-CV-966
  :
    vs.   :
  :
KATHY BOOCKVAR, et al.,   :
  :
        Defendants.   :

## DEFENDANT'S, CAMBRIA COUNTY BOARD OF ELECTIONS', ANSWER TO PLAINTIFFS' VERIFIED AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

AND NOW, comes the Defendant, Cambria County Board of Elections, by and through its attorney, William Gleason Barbin, and files the within Answer to Plaintiffs' Verified Amended Complaint for Declaratory and Injunctive Relief.

## INTRODUCTION

1.     Paragraph 1 states opinions and/or conclusions to which no reply is necessary. To the extent that a reply is deemed necessary, the same is hereby denied.

2.     Denied. Several averments in Paragraph 2 are directed to Defendants other than the Cambria County Board of Elections. Therefore, no response is required. To the extent that a response is deemed necessary, the remaining averments are denied.

3.     Paragraph 3 states opinions and/or conclusions to which no reply is necessary. To the extent that a reply is deemed necessary, the same is hereby denied.

4.     Paragraph 4 states opinions and/or conclusions to which no reply is necessary. To the extent that a reply is deemed necessary, the same is hereby denied.

5.      Admitted in part and denied in part.  It is admitted that the Plaintiffs have filed suit against the Defendants and seek certain relief.  However, it is denied that Plaintiffs are entitled to the relief being sought.

## JURISDICTION AND VENUE

6.      Admitted.

7.      Admitted.

## PARTIES

8.      Admitted.

9.      Admitted.

10.      Admitted.

11.      Admitted.

12.      Admitted.

13.      Admitted.

14.      Admitted.

15.      Admitted.

16.      Admitted.

17.      Admitted.

## FACTUAL ALLEGATIONS

**I.      Federal Constitutional Protections for Free and Fair Public Elections.**

18.      Paragraph 18 states opinions and/or conclusions to which no reply is necessary. To the extent that a reply is deemed necessary, the same is hereby denied.

19.      Paragraph 19 states opinions and/or conclusions to which no reply is necessary. To the extent that a reply is deemed necessary, the same is hereby denied.

**A.** *The Right to Vote in Federal Elections.*

20.     Paragraph 20 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

21.     Paragraph 21 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

22.     Paragraph 22 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

23.     Paragraph 23 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

24.     Paragraph 24 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

25.     Paragraph 25 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

26.     Paragraph 26 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

**B.** *The Equal Protection Clause of the Fourteenth Amendment.*

27.     Paragraph 27 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

28.     Paragraph 28 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

29.     Paragraph 29 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

30.     Paragraph 30 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

31.     Paragraph 31 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

32.     Paragraph 32 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

**C.     Constitutional Commitment of Federal Election Regulation to the State Legislature.**

33.     Paragraph 33 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

34.     Paragraph 34 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

35.     Paragraph 35 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

36.     Paragraph 36 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

37.     Paragraph 37 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

38.     Paragraph 38 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

39.     Paragraph 39 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

**II.**      **Pennsylvania Constitutional Protections for Free and Fair Public Elections.**

40.      Paragraph 40 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

41.      Paragraph 41 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

42.      Paragraph 42 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

43.      Paragraph 43 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

44.      Paragraph 44 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

45.      Paragraph 45 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

46.      Paragraph 46 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

**III.**      **Poll Watching Ensures Free and Fair Public Elections.**

47.      Paragraph 47 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

48.      Paragraph 48 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

49.      Admitted.

50.      Paragraph 50 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

51.     Paragraph 51 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

52.     Paragraph 52 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

53.     Paragraph 53 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

54.     Paragraph 54 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

55.     Paragraph 55 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

56.     Paragraph 56 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

57.     Paragraph 57 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

58.     Paragraph 58 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

59.     Paragraph 59 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

60.     Paragraph 60 states opinions and/or conclusions to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

61.     Paragraph 61 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

62.     Paragraph 62 states opinions and/or conclusions to which no reply is necessary. To the extent that a reply is deemed necessary, the same is hereby denied.

**IV.     The Perils of Hastily Moving to an Unmonitored Main-In Voting System.**

63.     Paragraph 63 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

64.     Paragraph 64 states opinions and/or conclusions to which no response is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

65.     Paragraph 65 states opinions and/or conclusions to which no response is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

66.     Paragraph 66 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

67.     Paragraph 67 states opinions and/or conclusions to which no response is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

68.     Paragraph 68 states a conclusion of law to which no reply is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

69.     Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.

70.     Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.

71.     Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.

72.     Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.

73.     Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.

74.     Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.

75.     Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.

76.     Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.

77.     Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.

78.     Paragraph 78 states opinions and/or conclusions to which no response is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

79.     Paragraph 79 states opinions and/or conclusions to which no response is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

80.     Paragraph 80 states opinions and/or conclusions to which no response is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

81.     Paragraph 81 states a conclusion of law to which no response is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

**V.     Pennsylvania Enacts All-Voter Main-In Voting.**

82.     Paragraph 82 states a conclusion of law to which no response is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

83.     Paragraph 83 states a conclusion of law to which no response is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

84.     Paragraph 84 states a conclusion of law to which no response is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

85.     Paragraph 85 states a conclusion of law to which no response is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

86.     Paragraph 86 states a conclusion of law to which no response is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

87.     Paragraph 87 states a conclusion of law to which no response is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

88.     Paragraph 88 states a conclusion of law to which no response is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

89.     Paragraph 89 states a conclusion of law to which no response is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

90.     Paragraph 90 states a conclusion of law to which no response is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

91.     Paragraph 91 states a conclusion of law to which no response is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

92.     Paragraph 92 states a conclusion of law to which no response is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

93.     Paragraph 93 states a conclusion of law to which no response is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

94.     Paragraph 94 states a conclusion of law to which no response is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

95.     Paragraph 95 states a conclusion of law to which no response is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

96.     Paragraph 96 states a conclusion of law to which no response is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

97.     Paragraph 97 states a conclusion of law to which no response is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

98.     Paragraph 98 states a conclusion of law to which no response is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

99.     Paragraph 99 states a conclusion of law to which no response is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

100.    Paragraph 100 states a conclusion of law to which no response is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

101.    Paragraph 101 states a conclusion of law to which no response is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

102.    Paragraph 102 states opinions and/or conclusions to which no response is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

**VI.     Defendants' Administration of Pennsylvania's 2020 Primary Election Resulted in Violations of the Election Code and Infringement of Constitutional Rights to Free, Fair, and Transparent Public Elections.**

103.    Paragraph 103 states a conclusion of law to which no response is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

104.    Paragraph 104 states a conclusion of law to which no response is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

105.    Paragraph 105 states a conclusion of law to which no response is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

106.    Paragraph 106 states a conclusion of law to which no response is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

107.    Paragraph 107 states a conclusion of law to which no response is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

108.    Paragraph 108 states a conclusion of law to which no response is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

109.    Paragraph 109 states a conclusion of law to which no response is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

110.    Paragraph 110 states a conclusion of law to which no response is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

111.    Paragraph 111 states a conclusion of law to which no response is necessary.  To the extent that a reply is deemed necessary, the same is hereby denied.

112.    Admitted.

113.    Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.

114.    Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.

115.    Denied.  Averments in Paragraph 115 are directed to Defendants other than the Cambria County Board of Elections.  Therefore, no response is required.

   A.   *Failure to Perform Proper Verification of Applicant's Qualifications and*
*Identity.*

116.   Defendant, Cambria County Board of Elections, is without sufficient information
to respond.  Therefore, the same is hereby denied.

117.   Admitted.

118.   Admitted.

119.   Paragraph 119 states a conclusion of law to which no response is necessary.  To
the extent that a reply is deemed necessary, the same is hereby denied.

120.   Paragraph 120 states opinions and/or conclusions to which no response is
necessary.  To the extent that a response is deemed necessary, the same is hereby denied.

121.   Defendant, Cambria County Board of Elections, is without sufficient information
to respond.  Therefore, the same is denied.  To the extent that the averments in Paragraph 121 are
directed to a party other than the Cambria County Board of Elections, no response is required.

   B.   *Use of Unmonitored Drop-Boxes and Other Ballot Collection Locations.*

122.   Admitted.

123.   Paragraph 123 states opinions and/or conclusions to which no response is
necessary.  To the extent that a response is deemed necessary, the same is hereby denied.

124.   Paragraph 124 states opinions and/or conclusions to which no response is
necessary.  To the extent that a response is deemed necessary, the same is hereby denied.

125.   Defendant, Cambria County Board of Elections, is without sufficient information
to respond.  Therefore, the same is hereby denied.

126.   Defendant, Cambria County Board of Elections, is without sufficient information
to respond.  Therefore, the same is hereby denied.  To the extent that the averments in Paragraph

126 are directed to a Defendant other than the Cambria County Board of Elections, no response is required.

127.     Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.  To the extent that the averments in Paragraph 127 are directed to a Defendant other than the Cambria County Board of Elections, no response is required.

128.     Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.  To the extent that the averments in Paragraph 128 are directed to a Defendant other than the Cambria County Board of Elections, no response is required.

129.     Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.  To the extent that the averments in Paragraph 129 are directed to a Defendant other than the Cambria County Board of Elections, no response is required.

130.     Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.  To the extent that the averments in Paragraph 130 are directed to a Defendant other than the Cambria County Board of Elections, no response is required.

131.     Paragraph 131 states a conclusion of law to which no response is necessary.  To the extent that a response is deemed necessary, the same is hereby denied.

132.     Paragraph 132 states a conclusion of law to which no response is necessary.  To the extent that a response is deemed necessary, the same is hereby denied.

133.    Paragraph 133 states opinions and/or conclusions to which no response is necessary.  To the extent that a response is deemed necessary, the same is hereby denied.

134.    Paragraph 134 states opinions and/or conclusions to which no response is necessary.  To the extent that a response is deemed necessary, the same is hereby denied.

**C.    *Issues Involving Duplicate or Unmailed Absentee and Mail-In Ballots.***

135.    Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.  To the extent that the averments in Paragraph 135 are directed to a Defendant other than the Cambria County Board of Elections, no response is required.

136.    Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.  To the extent that the averments in Paragraph 136 are directed to a Defendant other than the Cambria County Board of Elections, no response is required.

137.    Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.  To the extent that the averments in Paragraph 137 are directed to a Defendant other than the Cambria County Board of Elections, no response is required.

**D.    *Uneven Treatment of Electors Who Applied for but did not Vote an Absentee or Mail-In Ballot and Sought to Vote at their Polling Place on Election Day.***

138.    Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.

139.    Admitted.

140.    Admitted.

141.   Paragraph 141 states a conclusion of law to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

142.   Paragraph 142 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

143.   Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.

144.   Admitted.

145.   Admitted.

146.   Paragraph 146 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

147.   Paragraph 147 states a conclusion of law to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

148.   Paragraph 148 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

149.   Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.  To the extent that the averments in Paragraph 149 are directed to a Defendant other than the Cambria County Board of Elections, no response is required.

150.   Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.  To the extent that the averments in Paragraph 150 are directed to a Defendant other than the Cambria County Board of Elections, no response is required.

151.     Paragraph 151 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

152.     Paragraph 152 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

**E.       *Uneven Treatment of Absentee and Mail-In Ballots that Fail to Include a Secrecy Envelope as Mandated by the Election Code and Act 77.***

153.     Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.  To the extent that the averments in Paragraph 153 are directed to a Defendant other than the Cambria County Board of Elections, no response is required.

154.     Paragraph 154 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

155.     Admitted.

156.     Paragraph 156 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

157.     Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.  To the extent that the averments in Paragraph 157 are directed to a Defendant other than the Cambria County Board of Elections, no response is required.

158.     Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.  To the extent that the averments in Paragraph 158 are directed to a Defendant other than the Cambria County Board of Elections, no response is required.

159.     Paragraph 159 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

160.     Paragraph 160 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

161.     Paragraph 161 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

**F.     *Defendants' Inconsistent Administration and Uneven Treatment of Voters Represents an Unconstitutional Infringement of Plaintiffs' Fundamental Rights.***

162.     Paragraph 162 states a conclusion of law to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

163.     Paragraph 163 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

164.     Paragraph 164 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

**VII.   Pennsylvania's Poll Watching is Unconstitutionally Restrictive.**

165.     Paragraph 165 states a conclusion of law to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

166.     Paragraph 166 states a conclusion of law to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

167.     Paragraph 167 states a conclusion of law to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

168.     Paragraph 168 states a conclusion of law to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

169.    Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.

170.    Paragraph 170 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

171.    Paragraph 171 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

172.    Paragraph 172 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

173.    Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.

174.    Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.  To the extent that the averments in Paragraph 174 are directed to a Defendant other than the Cambria County Board of Elections, no response is required.

175.    Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.  To the extent that the averments in Paragraph 175 are directed to a Defendant other than the Cambria County Board of Elections, no response is required.

176.    Paragraph 176 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

177.    Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.

178.     Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.

179.     Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.

180.     Paragraph 180 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

181.     Paragraph 181 states a conclusion of law to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

182.     Paragraph 182 states a conclusion of law to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

183.     Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.

184.     Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.

185.     Paragraph 185 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

186.     Paragraph 186 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

187.     Paragraph 187 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

188.     Paragraph 188 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

189.     Paragraph 189 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

**VIII.   Need for Judicial Intervention.**

190.     Paragraph 190 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

191.     Paragraph 191 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

192.      Admitted in part and denied in part.  It is admitted that the Plaintiffs have filed suit against the Defendants and seek certain relief.  However, it is denied that Plaintiffs are entitled to the relief being sought.

## COUNT I

**First and Fourteenth Amendments**
**U.S. Const. Art. I §4, cl. 1; Art. II, §1, cl. 2; Amend. I and XIV, 42 U.S.C. §1983**
**Infringement of the Right to Vote Through Invalid Enactment of Regulations Affecting the Time, Place, and Manner of Election Day by Pennsylvania's Executive Branch**

193.     Paragraphs 1 through 192 above are incorporated herein by reference.

194.     Paragraph 194 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

195.     Paragraph 195 states a conclusion of law to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

196.     Paragraph 196 states a conclusion of law to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

197.     Paragraph 197 states a conclusion of law to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

198.     Paragraph 198 states a conclusion of law to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

199.     Paragraph 199 states a conclusion of law to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

200.     Paragraph 200 states a conclusion of law to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

201.     Denied.  To the extent that the averments in Paragraph 201 are directed to a party other than Defendant, Cambria County Board of Elections, no response is necessary.

202.     Paragraph 202 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

203.     Paragraph 203 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

204.     Paragraph 204 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

205.     Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.

## COUNT II

**Fourteenth Amendment**
**U.S. Const. Amend. XIV, 42 U.S.C. §1983**
**Denial of Equal Protection**
**Disparate Treatment of Nondisabled Absentee/Mail-In Voters Among Different Counties**

206.     Paragraphs 1 through 205 above are incorporated herein by reference.

207.     Paragraph 207 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

208.     Paragraph 208 states a conclusion of law to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

209.     Paragraph 209 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

210.     Paragraph 210 states a conclusion of law to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

211.     Denied.  To the extent that the averments in Paragraph 211 are directed to a party other than the Defendant, Cambria County Board of Elections, no response is necessary.

212.     Paragraph 212 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

213.     Denied.  To the extent that the averments in Paragraph 213 are directed to a party other than the Defendant, Cambria County Board of Elections, no response is necessary.

214.     Denied.  To the extent that the averments in Paragraph 214 are directed to a party other than the Defendant, Cambria County Board of Elections, no response is necessary.

215.     Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.

## COUNT III

**Pennsylvania Equal Protection and Free and Equal Elections**
**Pa. Const. Art. VII, §1, Art. I, §28, and Art. I, §5**
**Infringement of the Right to Vote Through Invalid Enactment of Regulations Affecting the Time, Place, and Manner of Election by Pennsylvania's Executive Branch and Denial of Equal Protection via Disparate Treatment of Absentee/Mail-In Voters Amongst Different Counties**

216.     Paragraphs 1 through 215 are incorporated herein by reference.

217.     Paragraph 217 states a conclusion of law to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

218.    Paragraph 218 states a conclusion of law to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

219.    Paragraph 219 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

220.    Denied.  To the extent that the averments in Paragraph 220 are directed to a party other than the Defendant, Cambria County Board of Elections, no response is necessary.

221.    Denied.  To the extent that the averments in Paragraph 221 are directed to a party other than the Defendant, Cambria County Board of Elections, no response is necessary.

222.    Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.

## COUNT IV

**First and Fourteenth Amendments**
**U.S. Const. Amend. I and XIV, 42 U.S.C. §1983**
**Infringement of the Right to Vote Through Failure to Sufficiently Safeguard Against Dilution of Vote by Fraud or Tampering:  Poll Watcher Residency Restriction and Polling Place Restrictions**

223.    Paragraphs 1 through 222 are incorporated herein by reference.

224.    Paragraph 224 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

225.    Paragraph 225 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

226.    Paragraph 226 states a conclusion of law to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

227.    Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.

228.    Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.

229.    Denied.  To the extent that the averments in Paragraph 229 are directed to a party other than the Defendant, Cambria County Board of Elections, no response is necessary.

230.    Paragraph 230 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

231.    Denied.  To the extent that the averments in Paragraph 231 are directed to a party other than the Defendant, Cambria County Board of Elections, no response is necessary.

232.    Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.

## COUNT V

**Pennsylvania Equal Protection and Free and Equal Elections**
**Pa. Const. Art. VII, §1, Art. I, §28, and Art. I, §5**
**Infringement of the Right to Vote Through Failure to Sufficiently Safeguard Against Dilution of Vote by Fraud or Tampering:  Poll Watcher Residency Restriction and Polling Place Restriction**

233.    Paragraphs 1 through 232 are incorporated herein by reference.

234.    Paragraph 234 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

235.    Denied.  To the extent that the averments in Paragraph 235 are directed to a party other than the Defendant, Cambria County Board of Elections, no response is necessary.

236.    Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.

## COUNTY VI

**First and Fourteenth Amendments**
**U.S. Const. Amend. I and XIV, 42 U.S.C. §1983**
**Infringement of the Right to Vote Through Failure to Sufficiently Safeguard Against**
**Dilution of Vote by Fraud or Tampering:  Failure to Notice Drop Box Location**

237.    Paragraphs 1 through 236 are incorporated herein by reference.

238.    Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.

239.    Denied.  To the extent that the averments in Paragraph 239 are directed to a party other than the Defendant, Cambria County Board of Elections, no response is necessary.

240.    Paragraph 240 states a conclusion of law to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

241.    Paragraph 241 states a conclusion of law to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

242.    Denied.  To the extent that the averments in Paragraph 242 are directed to a party other than the Defendant, Cambria County Board of Elections, no response is necessary.

243.    Denied.  To the extent that the averments in Paragraph 243 are directed to a party other than the Defendant, Cambria County Board of Elections, no response is necessary.

244.    Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.  To the extent that the averments in Paragraph 244 are directed to a Defendant other than the Cambria County Board of Elections, no response is required.

245.    Paragraph 245 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

246.     Denied.  To the extent that the averments in Paragraph 246 are directed to a party other than the Defendant, Cambria County Board of Elections, no response is necessary.

247.     Denied.  To the extent that the averments in Paragraph 247 are directed to a party other than the Defendant, Cambria County Board of Elections, no response is necessary.

248.     Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.

### COUNT VII

**Pennsylvania Equal Protection and Free and Equal Elections**
**Pa. Const. Art. VII, §1, Art. I, §28, and Art. I, §5**
**Infringement of the Right to Vote Through Failure to Sufficiently Safeguard Against Dilution of Vote by Fraud or Tampering, Failure to Notice Drop Box Location**

249.     Paragraphs 1 through 248 are incorporated herein by reference.

250.     Denied.  To the extent that the averments in Paragraph 250 are directed to a party other than the Defendant, Cambria County Board of Elections, no response is necessary.

251.     Denied.  To the extent that the averments in Paragraph 251 are directed to a party other than the Defendant, Cambria County Board of Elections, no response is necessary.

252.     Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.

### COUNT VIII

**First and Fourteenth Amendments**
**U.S. Const. Amend I and XIV, 42 U.S.C. §1983**
**Infringement of the Right to Vote Through Improper Voting at Polling Places**

253.     Paragraphs 1 through 252 are incorporated herein by reference.

254.     Paragraph 254 states a conclusion of law to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

255.     Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.  To the extent that the averments in Paragraph 255 are directed to a Defendant other than the Cambria County Board of Elections, no response is required.

256.     Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.  To the extent that the averments in Paragraph 256 are directed to a Defendant other than the Cambria County Board of Elections, no response is required.

257.     Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.  To the extent that the averments in Paragraph 257 are directed to a Defendant other than the Cambria County Board of Elections, no response is required.

258.     Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.  To the extent that the averments in Paragraph 258 are directed to a Defendant other than the Cambria County Board of Elections, no response is required.

259.     Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.  To the extent that the averments in Paragraph 259 are directed to a Defendant other than the Cambria County Board of Elections, no response is required.

260.     Paragraph 260 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

261.     Denied.  To the extent that the averments in Paragraph 261 are directed to a party other than the Defendant, Cambria County Board of Elections, no response is necessary.

262.     Denied.  To the extent that the averments in Paragraph 262 are directed to a party other than the Defendant, Cambria County Board of Elections, no response is necessary.

263.     Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.

## COUNT IX

**Pennsylvania Equal Protection and Free and Equal Elections**
**Pa. Const. Art. VII, §1, Art. I, §28, and Art. I, §5**
**Infringement of the Right to Vote Through Improper Voting at Polling Places**

264.     Paragraphs 1 through 263 are incorporated herein by reference.

265.     Paragraph 265 states opinions and/or conclusions to which no response is required.  To the extent that a response is deemed necessary, the same is hereby denied.

266.     Denied.  To the extent that the averments in Paragraph 266 are directed to a party other than the Defendant, Cambria County Board of Elections, no response is necessary.

267.     Defendant, Cambria County Board of Elections, is without sufficient information to respond.  Therefore, the same is hereby denied.

WHEREFORE, Defendant, Cambria County Board of Elections, for the reasons set forth herein, requests your Honorable Court to dismiss Plaintiffs' Verified Amended Complaint for Declaratory and Injunctive Relief and deny Plaintiffs' demand for costs, expenses, and attorneys' fees.

Respectfully submitted,


/s/ William Gleason Barbin, Esquire
William Gleason Barbin, Esquire
Cambria County Solicitor

Pa. I.D. No. 29294
Cambria County Courthouse
200 South Center Street
Ebensburg, PA  15931
(814) 472-1607
wgbarbin@atlanticbb.net

***Attorney for Cambria County Board of Elections***

## **CERTIFICATE OF SERVICE**

I hereby certify, on the 19th day of August, 2020, that a true and correct copy of the foregoing Answer to Plaintiffs' Verified Amended Complaint for Declaratory and Injunctive Relief was filed electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.

/s/ William Gleason Barbin, Esquire
William Gleason Barbin, Esquire
Cambria County Solicitor

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned hereby certifies that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts* that requires filing confidential information and documents differently that non-confidential information and documents.

Date:  August 19, 2020

/s/ William Gleason Barbin, Esquire
William Gleason Barbin, Esquire
Cambria County Solicitor