

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

_____

No. 2:20-cv-966
_____

DONALD J. TRUMP FOR PRESIDENT, INC., *et al.*,

                            Plaintiffs

v.

KATHY BOOCKVAR, in her capacity as Secretary of the Commonwealth of Pennsylvania, *et al.*,

                            Defendants.

_____

**ORDER**
_____

**AND NOW**, this **23rd day of August, 2020,** and as set forth more fully in the accompanying Opinion,

**IT IS HEREBY ORDERED** that the motions to dismiss filed by Defendants and the various Intervenors [ECF 246; ECF 260; ECF 261; ECF 263; ECF 272; ECF 274; ECF 278; ECF 280; ECF 282; ECF 283; ECF 287; ECF 288; ECF 289; ECF 294; ECF 296; ECF 298; ECF 321] are **GRANTED** in part. They are granted only to the extent the motions ask this Court to abstain from rendering a final decision on the merits under the doctrine set forth in *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941). Because the Court is abstaining under *Pullman*, it has not reached a determination on any other arguments raised in

- 2 -

Defendants' and Intervenors' motions, and therefore holds the remaining aspects of those motions in abeyance.

**IT IS FURTHER ORDERED** that the Court's July 17, 2020, Scheduling Order [ECF 124] is **VACATED**, and all remaining requirements and deadlines set forth in that order, including the evidentiary hearing scheduled for September 22 and 23, 2020, are hereby **CANCELLED**.

**IT IS FURTHER ORDERED** that the case is **STAYED**. The Court's entry of a stay is without prejudice to any party moving to lift the stay after either: (i) resolution of the unsettled state-law issues identified in the Court's Opinion by the Pennsylvania Commonwealth Court or the Pennsylvania Supreme Court; or (ii) a prolonged delay by the state courts in resolving the unsettled state-law issues (*i.e.,* if no decision has been entered by the state courts by October 5, 2020). Under the latter scenario, any motion to lift the stay shall be limited to the claims that are not based on unsettled issues of state law. That is, the movant could only ask to proceed on the following claims from the Amended Complaint [ECF 234]: (i) Plaintiffs' third-party ballot-delivery claims that are set forth as parts of Counts I, II and III; (ii) Plaintiffs' facial challenge to Pennsylvania's poll-watching residency restriction set forth in Counts IV and V; and (iii) Plaintiffs' claims for improper provisional voting as set forth in Counts VIII and IX.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge