# EXHIBIT A-4

## 25 P.S. § 3146.6

Pa.C.S. documents are current through 2020 Regular Session Act 77; P.S. documents are current through 2020 Regular Session Act 77

*Pennsylvania Statutes, Annotated by LexisNexis® > Pennsylvania Statutes > Title 25. Elections & Electoral Districts (Chs. 1 — 17) > Chapter 14. Election Code (§§ 2600 — 3591) > Article XIII. Voting by Qualified Absentee Electors (§§ 3091 — 3146.9)*

## § 3146.6. Voting by absentee electors

(a)Except as provided in paragraphs (2) and (3), at any time after receiving an official absentee ballot, but on or before eight o'clock P.M. the day of the primary or election, the elector shall, in secret, proceed to mark the ballot only in black lead pencil, indelible pencil or blue, black or blue-black ink, in fountain pen or ball point pen, and then fold the ballot, enclose and securely seal the same in the envelope on which is printed, stamped or endorsed "Official Election Ballot." This envelope shall then be placed in the second one, on which is printed the form of declaration of the elector, and the address of the elector's county board of election and the local election district of the elector. The elector shall then fill out, date and sign the declaration printed on such envelope. Such envelope shall then be securely sealed and the elector shall send same by mail, postage prepaid, except where franked, or deliver it in person to said county board of election.

(1)(Deleted by amendment).

(2)Any elector, spouse of the elector or dependent of the elector, qualified in accordance with the provisions of section 1301, subsections (e), (f), (g) and (h) to vote by absentee ballot as herein provided, shall be required to include on the form of declaration a supporting declaration in form prescribed by the Secretary of the Commonwealth, to be signed by the head of the department or chief of division or bureau in which the elector is employed, setting forth the identity of the elector, spouse of the elector or dependent of the elector.

(3)Any elector who has filed his application in accordance with section 1302 subsection (e) (2), and is unable to sign his declaration because of illness or physical disability, shall be excused from signing upon making a declaration which shall be witnessed by one adult person in substantially the following form: I hereby declare that I am unable to sign my declaration for voting my absentee ballot without assistance because I am unable to write by reason of my illness or physical disability. I have made or received assistance in making my mark in lieu of my signature.

(Date)                                                      (Mark)


(Complete Address of Witness)                     (Signature of Witness)

(b)

(1)Any elector who receives and votes an absentee ballot pursuant to section 1301 shall not be eligible to vote at a polling place on election day. The district register at each polling place shall clearly identify electors who have received and voted absentee ballots as ineligible to vote at the polling place, and district election officers shall not permit electors who voted an absentee ballot to vote at the polling place.

(2)An elector who requests an absentee ballot and who is not shown on the district register as having voted the ballot may vote by provisional ballot under section 1210(a.4)(1).

Ronald Hicks

**EXHIBIT**

**Marks 08/19/20 EX10**

25 P.S. § 3146.6

**(3)**Notwithstanding paragraph (2), an elector who requests an absentee ballot and who is not shown on the district register as having voted the ballot may vote at the polling place if the elector remits the ballot and the envelope containing the declaration of the elector to the judge of elections to be spoiled and the elector signs a statement subject to the penalties under *18 Pa.C.S. § 4904* (relating to unsworn falsification to authorities) in substantially the following form:

> I hereby declare that I am a qualified registered elector who has obtained an absentee ballot or mail-in ballot. I further declare that I have not cast my absentee ballot or mail-in ballot, and that instead I remitted my absentee ballot or mail-in ballot and the envelope containing the declaration of the elector to the judge of elections at my polling place to be spoiled and therefore request that my absentee ballot or mail-in ballot be voided.
>
> (Date)
>
> (Signature of Elector)...................... (Address of Elector)
>
> (Local Judge of Elections)

**(c)**Except as provided under *25 Pa.C.S. § 3511* (relating to receipt of voted ballot), a completed absentee ballot must be received in the office of the county board of elections no later than eight o'clock P.M. on the day of the primary or election.

## History

Act 1945-17, P.L. 29, § 10, approved Mar. 9, 1945, eff. immediately; Act 1951-1, P.L. 3, § 11, approved Mar. 6, 1951, eff. May 1, 1951; Act 1963-379, P.L. 707, § 22, approved Aug. 13, 1963, eff. Jan. 1, 1964; Act 1968-375 (H.B. 1908), P.L. 1183, § 8, approved Dec. 11, 1968, eff. immediately; *Act 1998-18* (H.B. 1760), P.L. 72, § 16, approved Feb. 13, 1998, eff. immediately; *Act 2006-137* (H.B. 469), P.L. 1330, § 2, approved Nov. 9, 2006, eff. immediately; *Act 2019-77* (S.B. 421), § 6, approved October 31, 2019, eff. October 31, 2019; *Act 2020-12* (S.B. 422), § 11, approved March 27, 2020, eff. March 27, 2020.

Annotations

## LexisNexis® Notes

## Notes

**Editor's Notes**

Section 17(2) of *Act 2020-12* provides that, "[T]he amendment or addition of the following shall apply to elections occurring on or after November 2, 2020: (iv) Section 1306(b)."

Section 5 of *Act 2006-137* provides that "[t]he amendment of sections 1302.1, 1306(a) and 1308(a) of the act shall apply to elections held on or after January 1, 2007."

**Amendment Notes**

The 2020 amendment substituted "Election" for "Absentee" in the first sentence of (a); and added (b)(3).

25 P.S. § 3146.6

The 2019 amendment substituted, in (a), in the first sentence, deleted "(1)" preceding "(2)" and substituted "eight o'clock P.M. the day of" for "five o'clock P.M. on the Friday prior to" and added the second through last sentences; deleted former (a)(1); deleted former (b); added (b)(1) and (b)(2); and added (c).

The 2006 amendment added "Except as provided in paragraphs (1), (2) and (3)" in (a); added the (a)(1) through (a)(3) designations; added the first sentence of (a)(1); deleted "Provided, however, That" at the beginning of (a)(2) and (a)(3); and made related and stylistic changes.

## Case Notes

Governments: Local Governments: Elections

Governments: State & Territorial Governments: Elections

### Governments: Local Governments: Elections

*25 P.S. § 3146.6(a)*'s "in person" delivery requirement was mandatory, and absentee ballots delivered in violation of the provision were invalid, notwithstanding the county elections board's erroneous instructions to the contrary; to ignore *25 P.S. § 3146.6(a)*'s clear instructions regarding in-person delivery would undermine the statute's very purpose as a safeguard against fraud. *In re Canvass of Absentee Ballots of Nov.4, 2003 Gen. Election, 577 Pa. 231, 843 A.2d 1223, 2004 Pa. LEXIS 431 (Pa. 2004)*.

Trial court did not err by counting challenged third-party hand-delivered absentee ballots in the statewide general election because absentee voters could not be held responsible for following the statutory requirements of *Pa. Stat. Ann. tit. 25, § 3146.6(a)* where the county elections board knowingly failed to abide by the statutory language regarding the delivery of absentee ballots, changed its policy to require voters to abide by the language, and then changed its policy back to its original stance that voters did not have to abide by the statutory language, thereby misleading absentee voters regarding delivery requirements, and under the circumstances, it was more important to protect the interest of the voters by not disenfranchising them than to adhere to the strict language of the statute. *In re Canvass of Absentee Ballots of November 4, 2003, 839 A.2d 451, 2003 Pa. Commw. LEXIS 963 (Pa. Commw. Ct. 2003)*, rev'd, in part, *577 Pa. 231, 843 A.2d 1223, 2004 Pa. LEXIS 431 (Pa. 2004)*.

### Governments: State & Territorial Governments: Elections

In plaintiff voters and candidates' challenge of 937 absentee ballots, abstention was appropriate under the Pullman doctrine because: (1) construction of *Pa. Stat. Ann. tit. 25, § 3146.6(a)*, was not clear regarding whether the absentee ballot provision requiring hand-delivery to be "in person" was mandatory or directory; (2) the construction of the provision by state courts as mandatory or directory could obviate the need to determine whether there had been a Fourteenth Amendment equal protection violation; and (3) erroneous construction of the provision could disrupt very important state voting rights policies. However, the federal court had a continuing duty to consider the motion for a temporary restraining order/preliminary injunction despite abstention, and the court issued a limited preliminary injunction whereby the 937 hand-delivered absentee ballots were set aside as "challenged" ballots subject to the election code challenge procedure. *Pierce v. Allegheny County Bd. of Elections, 324 F. Supp. 2d 684, 2003 U.S. Dist. LEXIS 25569 (W.D. Pa. 2003)*.

25 P.S. § 3146.6

## Opinion Notes

**OPINIONS OF ATTORNEY GENERAL**

Any voting official depriving any person of any of the above rights secured by the Federal Voting Rights Act Amendments of 1970 is subject to being fined up to $ 5,000 or being imprisoned up to five (5) years, or both., OFFICIAL OPINION No. 148, *1972 Pa. AG LEXIS 54*; *1972 Pa. Op. Att'y Gen. 129*.

## Research References & Practice Aids

**TREATISES AND ANALYTICAL MATERIALS**

*22 P.L.E. ELECTIONS § 85*, Pennsylvania Law Encyclopedia, Time for Voting, Copyright 2013, Matthew Bender & Company, Inc., a member of the LexisNexis Group.

*22 P.L.E. ELECTIONS § 87*, Pennsylvania Law Encyclopedia, Mode of Voting, Copyright 2013, Matthew Bender & Company, Inc., a member of the LexisNexis Group.

Pennsylvania Statutes, Annotated by LexisNexis®
Copyright © 2020 All rights reserved.

End of Document