# EXHIBIT A-6

Notes of Decisions

Presumptions and burden of proof　1
Supplementary military file　2

1. **Presumptions and burden of proof**

A resident who had never registered as a voter in township was presumptively not an eligible voter, and burden of overcoming the presumption rested on anyone claiming to the contrary but proof that placing of such person's name on military ballot list or presence at an election in his district on any election day during term of military service would not render such person a "qualified elector" within § 19092–312.2 of Title 53. Municipal and Quasi-Municipal Corporations, repealed, providing for the annexation by boroughs of land of contiguous township. In re Borough of Castle Shannon, Allegheny County, 51 A.2d 526, 160 Pa.Super. 475, 1947.

2. **Supplementary military file**

The County Board of Elections should establish a supplementary military file, and upon application of electors formerly in military service, enter their name, residence and local voting district thereon so that their name on said list would entitle them to vote at the general election. In re Registration of Lately Discharged Veterans from Armed Forces of U.S., 54 D. & C. 637, 8 Fay.L.J. 177, 7 Monroe L.R. 56, 1946.

### § 3146.8. Canvassing of official absentee ballots

(a) The county boards of election, upon receipt of official absentee ballots in such envelopes, shall safely keep the same in sealed or locked containers until they distribute same to the appropriate local election districts in a manner prescribed by the Secretary of the Commonwealth.

The county board of elections shall then distribute the absentee ballots, unopened, to the absentee voter's respective election district concurrently with the distribution of the other election supplies. Absentee ballots shall be canvassed immediately and continuously without interruption until completed after the close of the polls on the day of the election in each election district. The results of the canvass of the absentee ballots shall then be included in and returned to the county board with the returns of that district. No absentee ballot shall be counted which is received in the office of the county board of election later than five o'clock P.M. on the Friday immediately preceding the primary or November election.

(b) Watchers shall be permitted to be present when the envelopes containing official absentee ballots are opened and when such ballots are counted and recorded.

(b.1)(1) In the event that an electronic voting system provides for central tabulations of ballots, such absentee ballots shall be opened and deposited in the ballot box without being counted except as to the number of absentee ballots cast. The absentee ballots shall be counted along with the other ballots from the election district at the location and in the manner specified by the county board of elections and provided for by the electronic voting system utilized.

**EXHIBIT**
Marks 08/19/20 EX12

(2) In the event that an electronic voting system provides for tabulation of votes at the election district, such absentee ballots shall be opened, checked for write-in votes in accordance with section 1113–a¹ and then either hand-counted or counted by means of the automatic tabulation equipment, whatever the case may be.

(c) Deleted by amendment. 1968, Dec. 11, P.L. 1183, No. 375, § 8.

(d) Whenever it shall appear by due proof that any absentee elector who has returned his ballot in accordance with the provisions of this act has died prior to the opening of the polls on the day of the primary or election, the ballot of such deceased elector shall be rejected by the canvassers but the counting of the ballot of an elector thus deceased shall not of itself invalidate any nomination or election.

(e) At such time the local election board shall then further examine the declaration on each envelope not so set aside and shall compare the information thereon with that contained in the "Registered Absentee Voters File," the absentee voters' list and the "Military Veterans and Emergency Civilians Absentee Voters File." If the local election board is satisfied that the declaration is sufficient and the information contained in the "Registered Absentee Voters File," the absentee voters' list and the "Military Veterans and Emergency Civilians Absentee Voters File" verifies his right to vote, the local election board shall announce the name of the elector and shall give any watcher present an opportunity to challenge any absentee elector upon the ground or grounds (1) that the absentee elector is not a qualified elector; or (2) that the absentee elector was within the county of his residence on the day of the primary or election during the period the polls were open, except where he was in military service or except in the case where his ballot was obtained for the reason that he was unable to appear personally at the polling place because of illness or physical disability; or (3) that the absentee elector was able to appear personally at the polling place on the day of the primary or election during the period the polls were open in the case his ballot was obtained for the reason that he was unable to appear personally at the polling place because of illness or physical disability. Upon challenge of any absentee elector, as set forth herein the local election board shall mark "challenged" on the envelope together with the reason or reasons therefor, and the same shall be set aside for return to the county board unopened pending decision by the county board and shall not be counted. All absentee ballots not challenged for any of the reasons provided herein shall be counted and included with the general return of paper ballots or voting machines, as the case may be as follows. Thereupon, the local

election board shall open the envelope of every unchallenged absentee elector in such manner as not to destroy the declaration executed thereon. All of such envelopes on which are printed, stamped or endorsed the words "Official Absentee Ballot" shall be placed in one or more depositories at one time and said depository or depositories well shaken and the envelopes mixed before any envelope is taken therefrom. If any of these envelopes shall contain any extraneous marks or identifying symbols other than the words "Official Absentee Ballot," the envelopes and the ballots contained therein shall be set aside and declared void. The local election board shall then break the seals of such envelopes, remove the ballots and record the votes in the same manner as district election officers are required to record votes. With respect to the challenged ballots, they shall be returned to the county board with the returns of the local election district where they shall be placed unopened in a secure, safe and sealed container in the custody of the county board until it shall fix a time and place for a formal hearing of all such challenges and notice shall be given where possible to all absentee electors thus challenged and to every attorney, watcher or candidate who made such challenge. The time for the hearing shall not be later than seven (7) days after the date of said challenge. On the day fixed for said hearing, the county board shall proceed without delay to hear said challenges and, in hearing the testimony, the county board shall not be bound by technical rules of evidence. The testimony presented shall be stenographically recorded and made part of the record of the hearing. The decision of the county board in upholding or dismissing any challenge may be reviewed by the court of common pleas of the county upon a petition filed by any person aggrieved by the decision of the county board. Such appeal shall be taken, within two (2) days after such decision shall have been made, whether reduced to writing or not, to the court of common pleas setting forth the objections to the county board's decision and praying for an order reversing same. Pending the final determination of all appeals, the county board shall suspend any action in canvassing and computing all challenged ballots irrespective of whether or not appeal was taken from the county board's decision. Upon completion of the computation of the returns of the county, the votes cast upon the challenged official absentee ballots shall be added to the other votes cast within the county.

(f) Any person challenging an application for an absentee ballot or an absentee ballot for any of the reasons provided in this act shall deposit the sum of ten dollars ($10.00) in cash with the local election board, in cases of challenges made to the local election board and with the county board in cases of challenges made to the county board for which he shall be issued a receipt for each challenge made,

which sum shall only be refunded if the challenge is sustained or if the challenge is withdrawn within five (5) days after the primary or election. If the challenge is dismissed by any lawful order then the deposit shall be forfeited. All deposit money received by the local election board shall be turned over to the county board simultaneously with the return of the challenged ballots. The county board shall deposit all deposit money in the General Fund of the county.

Notice of the requirements of subsection (b) of section 1306[2] shall be printed on the envelope for the absentee ballot.

1937, June 3, P.L. 1333, art. XIII, § 1308, added 1951, March 6, P.L. 3, § 11. Amended 1963, Aug. 13, P.L. 707, § 24, effective Jan. 1, 1964; 1968, Dec. 11, P.L. 1183, No. 375, § 8; 1980, July 11, P.L. 600, No. 128, § 6, imd. effective.

[1] 25 P.S. § 3031.13.
[2] 25 P.S. § 3146.6.

### Historical and Statutory Notes

The 1980 amendment added subsec. (b.1).

### Library References

Elections ⇐257.
WESTLAW Topic No. 144.

C.J.S. Elections § 235.
P.L.E. Elections §§ 87, 101, 102.

### Notes of Decisions

In general 2
Board of elections 3
Challenges 5–11
   In general 5
   Burden of proof 8
   Evidence 9
   Findings 10
   Limitations and laches 6
   Review 11
   Standing 7
Deadline for receipt of ballot 4
Validity 1

#### 1. Validity

Electors, asserting that casting of certain absentee ballots would dilute their votes, possessed interest which was neither peculiar to them nor direct and which was too remote and too speculative to afford them, either in their individual capacities or in their claimed class representative capacity, standing to attack on constitutional grounds the validity of statutes permitting persons on vacations to cast absentee ballots and requiring a $10 deposit for each challenged absentee ballot in order to challenge ballots. Kauffman v. Osser, 271 A.2d 236, 441 Pa. 150, 1970.

This section providing for the canvassing of all absentee ballots received in any particular county by the county board of elections is not in contravention of provision of Const. Art. 7, § 14, authorizing Legislature to provide for the return and canvass of absentee ballots in election district in which respective voters reside, and it is not necessary that absentee ballots be canvassed in each election district of county by the respective district election boards. In re Canvass of Absentee Ballots of 1967 General Election, 245 A.2d 258, 431 Pa. 165, 1968.

#### 2. In general

There was no inconsistency between statute providing that no absentee ballot shall be counted which is received in the office of the county board of election later than five o'clock p.m. on the Friday immediately preceding the primary or November election and statute allowing an absentee voter to complete his ballot