# EXHIBIT A-7

## 25 P.S. § 3146.8

Pa.C.S. documents are current through 2020 Regular Session Act 77; P.S. documents are current through 2020 Regular Session Act 77

*Pennsylvania Statutes, Annotated by LexisNexis® > Pennsylvania Statutes > Title 25. Elections & Electoral Districts (Chs. 1 — 17) > Chapter 14. Election Code (§§ 2600 — 3591) > Article XIII. Voting by Qualified Absentee Electors (§§ 3091 — 3146.9)*

## § 3146.8. Canvassing of official absentee ballots and mail-in ballots

(a) The county boards of election, upon receipt of official absentee ballots in sealed official absentee ballot envelopes as provided under this article and mail-in ballots as in sealed official mail-in ballot envelopes as provided under Article XIII-D, shall safely keep the ballots in sealed or locked containers until they are to be canvassed by the county board of elections. An absentee ballot, whether issued to a civilian, military or other voter during the regular or emergency application period, shall be canvassed in accordance with subsection (g). A mail-in ballot shall be canvassed in accordance with subsection (g).

(b) Watchers shall be permitted to be present when the envelopes containing official absentee ballots and mail-in ballots are opened and when such ballots are counted and recorded.

(b.1) (Deleted by amendment).

(c) Deleted by 1968, Dec. 11, P.L. 1183, No. 375, § 8.

(d) Whenever it shall appear by due proof that any absentee elector or mail-in elector who has returned his ballot in accordance with the provisions of this act has died prior to the opening of the polls on the day of the primary or election, the ballot of such deceased elector shall be rejected by the canvassers but the counting of the ballot of an absentee elector or a mail-in elector thus deceased shall not of itself invalidate any nomination or election.

(e) (Deleted by amendment).

(f) Any person challenging an application for an absentee ballot, an absentee ballot, an application for a mail-in ballot or a mail-in ballot for any of the reasons provided in this act shall deposit the sum of ten dollars ($10.00) in cash with the county board, which sum shall only be refunded if the challenge is sustained or if the challenge is withdrawn within five (5) days after the primary or election. If the challenge is dismissed by any lawful order then the deposit shall be forfeited. The county board shall deposit all deposit money in the general fund of the county.

> Notice of the requirements of subsection (b) of section 1306 shall be printed on the envelope for the absentee ballot or mail-in ballot.

(g)

(1)

(i) An absentee ballot cast by any absentee elector as defined in section 1301(a), (b), (c), (d), (e), (f), (g) and (h) shall be canvassed in accordance with this subsection if the ballot is cast, submitted and received in accordance with the provisions of 25 Pa.C.S. Ch. 35 (relating to uniform military and overseas voters).

(ii) An absentee ballot cast by any absentee elector as defined in section 1301(i), (j), (k), (l), (m) and (n), an absentee ballot under section 1302(a.3) or a mail-in ballot cast by a mail-in elector shall be canvassed in accordance with this subsection if the absentee ballot or mail-in ballot is received in

Ronald Hicks

**EXHIBIT**
Marks 08/19/20 EX13

25 P.S. § 3146.8

the office of the county board of elections no later than eight o'clock P.M. on the day of the primary or election.

**(1.1)** The county board of elections shall meet no earlier than seven o'clock A.M. on election day to pre-canvass all ballots received prior to the meeting. A county board of elections shall provide at least forty-eight hours' notice of a pre-canvass meeting by publicly posting a notice of a pre-canvass meeting on its publicly accessible Internet website. One authorized representative of each candidate in an election and one representative from each political party shall be permitted to remain in the room in which the absentee ballots and mail-in ballots are pre-canvassed. No person observing, attending or participating in a pre-canvass meeting may disclose the results of any portion of any pre-canvass meeting prior to the close of the polls.

**(2)** The county board of elections shall meet no earlier than the close of polls on the day of the election and no later than the third day following the election to begin canvassing absentee ballots and mail-in ballots not included in the pre-canvass meeting. The meeting under this paragraph shall continue until all absentee ballots and mail-in ballots received prior to the close of the polls have been canvassed. The county board of elections shall not record or publish any votes reflected on the ballots prior to the close of the polls. The canvass process shall continue through the eighth day following the election for valid military-overseas ballots timely received under 25 Pa.C.S. § 3511 (relating to receipt of voted ballot). A county board of elections shall provide at least forty-eight hours' notice of a canvass meeting by publicly posting a notice on its publicly accessible Internet website. One authorized representative of each candidate in an election and one representative from each political party shall be permitted to remain in the room in which the absentee ballots and mail-in ballots are canvassed.

**(3)** When the county board meets to pre-canvass or canvass absentee ballots and mail-in ballots under paragraphs (1), (1.1) and (2), the board shall examine the declaration on the envelope of each ballot not set aside under subsection (d) and shall compare the information thereon with that contained in the "Registered Absentee and Mail-in Voters File," the absentee voters' list and/or the "Military Veterans and Emergency Civilians Absentee Voters File," whichever is applicable. If the county board has verified the proof of identification as required under this act and is satisfied that the declaration is sufficient and the information contained in the "Registered Absentee and Mail-in Voters File," the absentee voters' list and/or the "Military Veterans and Emergency Civilians Absentee Voters File" verifies his right to vote, the county board shall provide a list of the names of electors whose absentee ballots or mail-in ballots are to be pre-canvassed or canvassed.

**(4)** All absentee ballots which have not been challenged under section 1302.2(c) and all mail-in ballots which have not been challenged under section 1302.2-D(a)(2) and that have been verified under paragraph (3) shall be counted and included with the returns of the applicable election district as follows:

   **(i)** The county board shall open the envelope of every unchallenged absentee elector and mail-in elector in such manner as not to destroy the declaration executed thereon.

   **(ii)** If any of the envelopes on which are printed, stamped or endorsed the words "Official Election Ballot" contain any text, mark or symbol which reveals the identity of the elector, the elector's political affiliation or the elector's candidate preference, the envelopes and the ballots contained therein shall be set aside and declared void.

   **(iii)** The county board shall then break the seals of such envelopes, remove the ballots and count, compute and tally the votes.

   **(iv)** Following the close of the polls, the county board shall record and publish the votes reflected on the ballots.

**(5)** Ballots received whose applications have been challenged and ballots which have been challenged shall be placed unopened in a secure, safe and sealed container in the custody of the county board until it shall fix a time and place for a formal hearing of all such challenges, and notice shall be given where possible to all absentee electors and mail-in electors thus challenged and to every individual

who made a challenge. The time for the hearing shall not be later than seven (7) days after the deadline for all challenges to be filed. On the day fixed for said hearing, the county board shall proceed without delay to hear said challenges, and, in hearing the testimony, the county board shall not be bound by the Pennsylvania Rules of Evidence. The testimony presented shall be stenographically recorded and made part of the record of the hearing.

**(6)** The decision of the county board in upholding or dismissing any challenge may be reviewed by the court of common pleas of the county upon a petition filed by any person aggrieved by the decision of the county board. The appeal shall be taken, within two (2) days after the decision was made, whether the decision was reduced to writing or not, to the court of common pleas setting forth the objections to the county board's decision and praying for an order reversing the decision.

**(7)** Pending the final determination of all appeals, the county board shall suspend any action in canvassing and computing all challenged ballots received under this subsection irrespective of whether or not appeal was taken from the county board's decision. Upon completion of the computation of the returns of the county, the votes cast upon the challenged official absentee ballots that have been finally determined to be valid shall be added to the other votes cast within the county.

**(h)** For those absentee ballots or mail-in ballots for which proof of identification has not been received or could not be verified:

**(1)** (Deleted by amendment).

**(2)** If the proof of identification is received and verified prior to the sixth calendar day following the election, then the county board of elections shall canvass the absentee ballots and mail-in ballots under this subsection in accordance with subsection (g)(2).

**(3)** If an elector fails to provide proof of identification that can be verified by the county board of elections by the sixth calendar day following the election, then the absentee ballot or mail-in ballot shall not be counted.

**(i)** Notwithstanding the provisions of this section, a qualified absentee elector shall not be required to provide proof of identification if the elector is entitled to vote by absentee ballot under the Uniformed and Overseas Citizens Absentee Voting Act (Public Law 99-410, 100 Stat. 924) or by an alternative ballot under the Voting Accessibility for the Elderly and Handicapped Act (Public Law 98-435, 98 Stat. 1678).

## History

Act 1945-17, P.L. 29, § 10, approved Mar. 9, 1945, eff. immediately; Act 1951-1, P.L. 3, § 11, approved Mar. 6, 1951, eff. May 1, 1951; Act 1963-379, P.L. 707, § 24, approved Aug. 13, 1963, eff. Jan. 1, 1964; Act 1968-375 (H.B. 1908), P.L. 1183, § 8, approved Dec. 11, 1968, eff. immediately; Act 1980-128 (H.B. 382), P.L. 600, § 6, approved July 11, 1980, eff. immediately; _Act 1998-18_ (H.B. 1760), P.L. 72, § 16, approved Feb. 13, 1998, eff. immediately; _Act 2002-150_ (S.B. 824), P.L. 1246, § 16, approved Dec. 9, 2002, eff. in 60 days; _Act 2006-45_ (S.B. 999), P.L. 178, § 12, approved May 11, 2006, eff. July 1, 2006; _Act 2006-137_ (H.B. 469), P.L. 1330, § 3, approved Nov. 9, 2006, eff. immediately; _Act 2012-18_ (H.B. 934), P.L. 195, § 7, approved Mar. 14, 2012, eff. immediately; _Act 2019-77_ (S.B. 421), § 7, approved October 31, 2019, eff. October 31, 2019; _Act 2020-12_ (S.B. 422), § 11, approved March 27, 2020, eff. March 27, 2020.

Annotations

## LexisNexis® Notes

25 P.S. § 3146.8

## Notes

### Editor's Notes

Section 17(1) of *Act 2020-12* provides that, "[T]he amendment or addition of the following shall apply to elections occurring on or after June 2, 2020: (iii) Section 1308(g)."

Section 10 of *Act 2012-18* provides that, "[t]he following shall apply to elections held after January 1, 2012, and prior to September 17, 2012: (1) (i) Except as provided under subparagraph (ii) and notwithstanding any law, election officials at the polling place at an election held after January 1, 2012, shall request that every elector show proof of identification. (ii) Notwithstanding subparagraph (i), prior to September 17, 2012, if the elector does not provide proof of identification and the elector is otherwise qualified, the elector may cast a ballot that shall be counted without the necessity of presenting proof of identification and without the necessity of casting a provisional ballot, except as required by the act. (2) Beginning January 1, 2012, if any elector votes at a polling place at an election and does not provide proof of identification and will be required to provide proof of identification beginning September 17, 2012, the election official that requested the proof of identification shall provide to the elector written information prescribed by the secretary of the commonwealth briefly describing the voter identification requirement created by this act and inform the elector that he or she will be required to comply with that requirement when voting at future elections beginning September 17, 2012, unless an exemption applies." Section 11 of *Act 2012-18* provides that, "[t]he amendment of sections 102, 1210, 1302, 1302.2, 1305, 1308 and 1309 of the act shall apply to elections held after September 17, 2012." Section 5 of *Act 2006-137* provides that "[t]he amendment of sections 1302.1, 1306(a) and 1308(a) of the act shall apply to elections held on or after January 1, 2007."

### Amendment Notes

The 2020 amendment added (g)(1.1); and rewrote (g)(2) through (g)(5).

The 2019 amendment added "and Mail-in Ballots" in the section heading; rewrote (a); added "and mail-in ballots" in (b); deleted former (b.1); in (d), added "or mail-in elector" twice and "absentee"; deleted former (e); rewrote (g); added "or mail-in ballots" in the introductory language of (h); deleted former (h)(1); in (h)(2), deleted "after the absentee ballots have been distributed to the appropriate local election districts, but" following "verified", added "and mail-in ballots", and deleted "unless the elector appeared to vote at the proper polling place for the purpose of casting a ballot, then the absentee ballot cast by that elector shall be declared void" at the end; and added "or mail-in ballot" in (h)(3).

The 2012 amendment added "and subsection (h)(2)" in the first sentence of (g)(2); added "has verified the proof of identification as required under this act" in the second sentence of (g)(3); and added (h) and (i). The 2006 amendment, in the second paragraph of (a), added "Except as provided in section 1302.1(a.2)" in the first sentence and added "Except as provided in section 1302.1(a.2) and subsection (g)" in the last sentence and made stylistic changes. The 2006 amendment added "Except as provided in subsection (g)" in the last sentence of the second paragraph of (a); added (g); and made a stylistic change.

## Case Notes

**Governments: Local Governments: Elections**

**Governments: State & Territorial Governments: Elections**

Ronald Hicks

25 P.S. § 3146.8

### Governments: Local Governments: Elections

Trial court denied a candidate's petition to strike an absentee ballot because an error by an election official in misplacing the one absentee ballot, which changed the vote and caused a tie in a borough's council person election, did not call for the absentee ballot to be thrown out. The absentee ballot was found to have been cast in accordance with the Election Code, 25 P.S. § 3146.8(a) and (e), and there was no fraud or tampering involved, thus, the court declined to throw out the absentee ballot. *In re November 3, 2009 Election for Council of Borough, 2009 Pa. Dist. & Cnty. Dec. LEXIS 208 (Pa. County Ct. Dec. 9, 2009)*.

Board of elections' determination that two absentee ballots were void was proper because the failure of the judge of elections to write the words challenged on the face of the ballot envelopes as required by 25 P.S. § 3146.8(e) was a minor irregularity that did not affect the board of elections' decision; in addition, the challenged absentee ballots were void because the two voters were in the country and were physically able to have voted in person. *Appeal of Marcinek, 142 Pa. Commw. 600, 598 A.2d 323, 1991 Pa. Commw. LEXIS 539 (Pa. Commw. Ct.)*, aff'd, *528 Pa. 402, 598 A.2d 280, 1991 Pa. LEXIS 244 (Pa. 1991)*.

In a case involving a challenge to an absentee ballot, pursuant to 25 P.S. § 3146.8(e), responding party failed to raise issues involving the qualification of the challenger or the jurisdiction of the county board of elections, and therefore he could not properly raise these issues on appeal. *In re Zimmerman, 41 Pa. Commw. 575, 400 A.2d 895, 1979 Pa. Commw. LEXIS 1427 (Pa. Commw. Ct. 1979)*.

### Governments: State & Territorial Governments: Elections

Trial court denied a candidate's petition to strike an absentee ballot because an error by an election official in misplacing the one absentee ballot, which changed the vote and caused a tie in a borough's council person election, did not call for the absentee ballot to be thrown out. The absentee ballot was found to have been cast in accordance with the Election Code, 25 P.S. § 3146.8(a) and (e), and there was no fraud or tampering involved, thus, the court declined to throw out the absentee ballot. *In re November 3, 2009 Election for Council of Borough, 2009 Pa. Dist. & Cnty. Dec. LEXIS 208 (Pa. County Ct. Dec. 9, 2009)*.

Where specific reasons for challenging an absentee ballot are not known to a challenging watcher at the local election board canvass of absentee ballots, no challenge may be lodged by the watcher; guessing or citing all of the statutory reasons for a specific challenge, without knowledge of information, is against the spirit and letter of 25 P.S. § 3146.8(e), and will not be tolerated. *In re Second State Senatorial Election, 1994 Phila. Cty. Rptr. LEXIS 16 (Pa. C.P. Feb. 14, 1994)*.

Candidate's challenge to certain absentee ballots was not fatally defective although the envelopes containing the challenged ballots did not state the reasons for the challenge as required by 25 P.S. §§ 3146.8(a) and 3146.8(e), where the candidate had no authority to compel the local election board to write the challenged reason on the envelopes. *In re Second State Senatorial Election, 1994 Phila. Cty. Rptr. LEXIS 16 (Pa. C.P. Feb. 14, 1994)*.

Trial court committed harmless error at most by hearing a candidate's challenge to certain absentee ballots before requiring the candidate to exhaust his administrative remedies by going first to the city commissioners who were members of the county's board of elections, where 25 P.S. § 3146.8(e) gave the candidate an appeal by right to the court. *In re Second State Senatorial Election, 1994 Phila. Cty. Rptr. LEXIS 16 (Pa. C.P. Feb. 14, 1994)*.

Pursuant to 25 P.S. § 3146.8(e), where a challenge to an absentee ballot is denied, those ballots must be included in the official canvass of votes. *In re Second State Senatorial Election, 1994 Phila. Cty. Rptr. LEXIS 16 (Pa. C.P. Feb. 14, 1994)*.

25 P.S. § 3146.8

In a candidate's challenge to certain absentee ballots for the election of state senator, the court rejected a motion by the candidate that the court was sitting in place of the city commissioners who were members of the county's board of elections, and the court thereby rejected the candidate's argument that the technical rules of evidence did not apply to the court's hearing on the matter as specified in 25 P.S. § 3146.8(e). *In re Second State Senatorial Election, 1994 Phila. Cty. Rptr. LEXIS 16 (Pa. C.P. Feb. 14, 1994)*.

After a nominated candidate was charged and convicted of a crime, the candidate's petition to withdraw his name from the general election was denied because the election process had already started and could not be reversed without violating the strict timeframe provided for absentee ballots. *In re Petition of Dietterick, 136 Pa. Commw. 66, 583 A.2d 1258, 1990 Pa. Commw. LEXIS 673 (Pa. Commw. Ct. 1990)*.

In a case under the Pennsylvania Election Code (Code), 25 P.S. §§ 2600 to 3591, the trial court properly denied a petition for recount pursuant to § 1701 of the Code, 25 P.S. § 3261, because the county board of elections properly refused to count absentee ballots received after the deadline set forth in § 1308(a) of the Code, 25 P.S. § 3146.8(a); the court concluded that the term "shall" as used in § 1308(a) was intended to be mandatory in nature and that, even though absentee ballots received after the deadline could be counted in federal elections, the timeliness requirement was still mandatory in state contests. *In re April 10, 1984 Election of East Whiteland Township, 85 Pa. Commw. 594, 483 A.2d 1033, 1984 Pa. Commw. LEXIS 1990 (Pa. Commw. Ct. 1984)*.

## Opinion Notes

### OPINIONS OF ATTORNEY GENERAL

Any voting official depriving any person of any of the above rights secured by the Federal Voting Rights Act Amendments of 1970 is subject to being fined up to $ 5,000 or being imprisoned up to five (5) years, or both., OFFICIAL OPINION No. 148, *1972 Pa. AG LEXIS 54*; *1972 Pa. Op. Att'y Gen. 129*.

## Research References & Practice Aids

### LAW REVIEWS

*110 Penn. St. L. Rev. 449*, Comment: Refining the Vote: Suggested Amendments to the Help America Vote Act's Provisional Balloting Standards.

*68 Temp. L. Rev. 1473*.

### TREATISES AND ANALYTICAL MATERIALS

*22 P.L.E. ELECTIONS § 102*, Pennsylvania Law Encyclopedia, Returns and Canvasses, Copyright 2013, Matthew Bender & Company, Inc., a member of the LexisNexis Group.

Ronald Hicks

25 P.S. § 3146.8

Pennsylvania Statutes, Annotated by LexisNexis®
Copyright © 2020 All rights reserved.

---

**End of Document**

Ronald Hicks