# EXHIBIT A-16

DocuSign Envelope ID: 6DA15599-DF3D-4DDA-9B97-A1D50D4AAD3D

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC.; *et al.*, | ) ) ) | Civil Action |
| Plaintiffs, | ) ) ) | No.: 2-20-CV-966 |
| v. | ) ) | |
| KATHY BOOCKVAR; *et al.*, | ) ) | |
| Defendants. | ) | Judge J. Nicholas Ranjan |

**DEFENDANT COLUMBIA COUNTY BOARD OF ELECTION'S ANSWERS TO
PLAINTIFFS' SET OF WRITTEN INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS DIRECTED TO ALL
DEFENDANT COUNTY BOARDS OF ELECTIONS**

Defendant Columbia County Board of Elections, hereafter "Columbia County," by their

undersigned counsel and pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure

and the Court's July 17, 2020 Scheduling Order, serves the following Answers to Plaintiff's Set

of Written Interrogatories and Requests for Production of Documents Directed to All Defendant

County Boards of Elections.

**GENERAL OBJECTIONS**

1.  Columbia County objects to the interrogatories, document requests, and the definitions and instructions contained therein, to the extent they impose upon Columbia County any obligations greater than those imposed by the Federal Rules of Civil Procedure.

2.  Columbia County objects to producing any information protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, non-testifying expert privilege or any other applicable privilege.

3.  Columbia County objects to the interrogatories and document requests to the extent they seek disclosure of information that is not in Columbia County's possession, custody or control.

4.  A response to a document request or interrogatory stating that responsive documents will be produced shall not be deemed or construed to mean that there are, in fact, responsive

1

EXHIBIT

Marks 08/19/20 EX9

documents or that Columbia County acquiesces in the characterization of the activities or conduct contained in the document request, interrogatory, or definitions and/or instructions applicable to the document request or interrogatory.

5.  Columbia County expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

6.  These General Objections are incorporated by reference as if fully set forth in the response to each individual interrogatory and document request below. Columbia County reserves the right to include additional objections as they become apparent.

7.  Columbia County's investigation remains ongoing, and it reserves the right to supplement this Response.

## ANSWERS TO INTERROGATORIES

1.  Please identify all Procedures, Practices, Rules, Regulations, and/or Instructions You implemented, used, followed, and/or communicated in the June 2, 2020 Primary Election, and all Procedures, Practices, Rules, Regulations, and/or Instructions that You intend to implement, use, follow, and/or communicate in the November 3, 2020 General Election, concerning or relating to the processing, verification, acceptance, and/or rejection of applications for absentee and/or mail-in ballots, including without limitation whether You mail applications to all qualified electors within Your county and/or whether You frank or prepay the postage for any or all completed and returned applications, and if there are any differences, please identify the reasons why You are making a change in such Procedures, Practices, Rules, Regulations, and/or Instructions for the November 3, 2020 General Election.

**ANSWER:**

Columbia County objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks information regarding applications for absentee and/or mail-in ballots, the mailing of applications to qualified electors, and the prepayment of postage "for any and all completed and returned applications," none of which are

DocuSign Envelope ID: 6DA15599-DF3D-4DDA-9B97-A1D50D4AAD3D

the subject of Plaintiffs' allegations or the relief sought in their Amended Complaint, and because it seeks broad information not relevant to Plaintiffs' allegations.

Columbia County also objects to this Interrogatory because it seeks information that will be included in the report issued by the Pennsylvania Department of State (the "Department") pursuant to 71 P.S. § 279.6 (the "Act 35 Report") and thus is not required to be produced by Columbia County under the Court's July 17, 2020 Scheduling Order (ECF No. 124).

Columbia County further objects to this Interrogatory because the information sought is publicly available from the Counties, the Office of the Secretary of the Commonwealth (the "Secretary"), the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Columbia County also objects to this Interrogatory because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department.

Columbia County also objects to this Interrogatory because information relating to the "processing, verification, acceptance, and/or rejection of applications for absentee and/or mail-in ballots" falls outside the scope of the Court's July 17, 2020 Scheduling Order (ECF No. 124), and Plaintiffs have not sought an amendment to the Scheduling Order to expand or alter the scope of these July 24, 2020 discovery requests after filing their Amended Complaint on July 27, 2020 (ECF No. 234). This Interrogatory is untimely and should be deemed a late service of discovery.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Columbia County has performed a reasonable search and is producing the available nonprivileged responsive information as follows.

For the June 2, 2020 Primary Election:

- Columbia County processed, verified, accepted and/or rejected applications for absentee and/or mail in ballots in accordance with the applicable laws contained in the Pennsylvania Election Code, 25 Pa. Stat. Ann. §§ 2600 *et seq.* (the "Election Code"), Act 77 of 2019 and Act 12 of 2020, and guidance issued by the Secretary and the Department.

- Columbia County does not have its own written procedure, but follows the user guides provided by the Department of State.

- Columbia County intends to utilize the same procedures for the November 3, 2020 General Election, although Columbia County has not finalized all procedures for said election.

- Columbia County does not mail absentee and/or mail-in ballot applications to all qualified electors within our county. An application is only mailed to an elector if they call into the office and request an application be sent. An elector may also complete and submit an electronic mail-in ballot application on the county's website or the Pennsylvania Department of State's website.

- Columbia County does not prepay the postage for any completed or returned applications.

2.    Please identify all correspondence, memoranda, email messages, postings, or other communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (i) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any

4

DocuSign Envelope ID: 6DA15599-DF3D-4DDA-9B97-A1D50D4AAD3D

voter/elector in the Commonwealth of Pennsylvania; (iii) any other County Election Board; (iv) any District Election Board; (v) any of Your employees, agents, or other representatives acting on Your behalf; and/or (vi) Secretary Boockvar and/or the Elections Department; and (b) concern, relate to, describe, explain, or justify the Procedures, Practices, Rules, Regulations, and/or Instructions identified in Your answer to the preceding Interrogatory, including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**ANSWER:**

Columbia County objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks "all correspondence, memoranda, email messages, posting, or other communications," whether in writing or made orally" that "were made by, to, and or between You and any other person," concerning the information requested in Interrogatory No. 1, which as reflected in the associated objections seeks information that is not the subject of Plaintiffs' allegations or the relief sought in their Amended Complaint.

Columbia County also objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks the communications "whether in writing or made orally." Columbia County is a governmental body whose employees routinely answer oral questions about its processes and services, including absentee and mail-in ballot applications, without keeping any record of these communications. This Interrogatory, as written, seeks to have Columbia County memorialize all run-of-the-mill communications regarding Columbia County's routine business relating to applications for absentee and mail-in ballots, which is unreasonable and has no bearing on Plaintiffs' claims.

Columbia County also objects to this Interrogatory because it seeks information that will be included in the report issued by the Pennsylvania Department of State (the "Department") pursuant to 71 P.S. § 279.6 (the "Act 35 Report") and thus is not required to be produced by Columbia County under the Court's July 17, 2020 Scheduling Order (ECF No. 124).

Columbia County further objects to this Interrogatory because the information sought is publicly available from the Counties, the Office of the Secretary of the Commonwealth (the "Secretary"), the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Columbia County also objects to this Interrogatory because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department.

Columbia County also objects to this Interrogatory because information relating to the "processing, verification, acceptance, and/or rejection of applications for absentee and/or mail-in ballots" falls outside the scope of the Court's July 17, 2020 Scheduling Order (ECF No. 124), and Plaintiffs have not sought an amendment to the Scheduling Order to expand or alter the scope of these July 24, 2020 discovery requests after filing their Amended Complaint on July 27, 2020 (ECF No. 234). This Interrogatory is untimely and should be deemed a late service of discovery.

Columbia County also objects to this Interrogatory because it requests information that is protected by the attorney-client privilege, work product privilege, joint defense or common interest privilege, and/or other applicable privileges or protections from disclosure.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

DocuSign Envelope ID: 6DA15599-DF3D-4DDA-9B97-A1D50D4AAD3D

Subject to and without waiving these objections and the General Objections, Columbia County has performed a reasonable search and is producing the available nonprivileged responsive information as follows.

- Columbia County is currently unaware of any communications regarding any "incidents or complaints" relevant to applications for absentee and/or mail-in ballots, other than the unsupported and vague statements made in Plaintiffs' Amended Complaint.

- Pursuant to Fed. R. Civ. P. 33(a), Columbia County produces copies of the responsive, non-privileged documents it has located after a reasonable search regarding absentee and mail-in ballots related to the June 2, 2020 Primary Election and the November 3, 3030 General Election.

3.      Please identify all Procedures, Practices, Rules, Regulations, and/or Instructions You implemented, used, followed, and/or communicated in the June 2, 2020 Primary Election, and all Procedures, Practices, Rules, Regulations, and/or Instructions that You intend to implement, use, follow, and/or communicate in the November 3, 2020 General Election, concerning or relating to the return or delivery by electors of voted absentee and/or mail-in ballots, including without limitation whether You frank or prepay the postage for any or all absentee and/or mail-in ballots and/or whether third parties may deliver in-person absentee and/or mail-in ballots cast by non-disabled electors, and if there are any differences, please identify the reasons why You are making a change in such Procedures, Practices, Rules, Regulations, and/or Instructions for the November 3, 2020 General Election.

**ANSWER:**

DocuSign Envelope ID: 6DA15599-DF3D-4DDA-9B97-A1D50D4AAD3D

Columbia County objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks information regarding the prepayment of postage for the return of absentee and/or mail-in ballots, which is not a subject of Plaintiffs' allegations or the relief sought in their Amended Complaint.

Columbia County also objects to this Interrogatory because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Columbia County under the Court's July 17, 2020 Scheduling Order (ECF NO. 124).

Columbia County further objects to this Interrogatory because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Columbia County also objects to this Interrogatory because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Columbia County has performed a reasonable search and is producing the available nonprivileged responsive information as follows.

For the June 2, 2020 Primary Election:

- Columbia County followed the applicable laws contained in the Pennsylvania Election Code, 25 Pa. Stat. Ann. §§ 2600 et seq. (the "Election Code"), Act 77 of 2019 and Act 12

DocuSign Envelope ID: 6DA15599-DF3D-4DDA-9B97-A1D50D4AAD3D

of 2020, and guidance issued by the Secretary and the Department concerning the return or delivery of absentee and mail-in ballots for the June 2, 2020 Primary Election, including concerning whether third-parties were permitted to deliver absentee and/or mail-in ballots cast by non-disabled electors.

- Columbia County does not have its own written procedure, but follows the user guides provided by the Department of State.

- Except as otherwise stated in this answer, Columbia County intends to utilize the same procedures for the November 3, 2020 General Election, although Columbia County has not finalized all procedures for said election.

- Columbia County did not in the past prepay the postage for any absentee or mail-in ballots. However, based upon a July 31, 2020 communication and press release from the Department, Columbia County expects to provide pre-paid postage for the return of absentee and mail-in ballots for the November 3, 2020 General Election, as provided by the Department using funds appropriated from the federal government.

- In accordance with the Election Code and related law and guidance, Columbia County asks individuals that come to our counter whether they are delivering their own ballot. If the individual indicates that the ballot is not theirs, Columbia County directs them to the Bloomsburg Post office to mail the ballot.

4.      Please identify all correspondence, memoranda, email messages, postings, or other communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (i) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any

voter/elector in the Commonwealth of Pennsylvania; (iii) any other County Election Board; (iv) any District Election Board; (v) any of Your employees, agents, or other representatives acting on Your behalf; and/or (vi) Secretary Boockvar and/or the Elections Department; and (b) concern, relate to, describe, explain, or justify the Procedures, Practices, Rules, Regulations, and/or Instructions identified in Your answer to the preceding Interrogatory, including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**ANSWER:**

Columbia County objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks "all correspondence, memoranda, email messages, posting, or other communications," whether in writing or made orally" that "were made by, to, and or between You and any other person," concerning the information requested in Interrogatory No. 3, which as reflected in the associated objections seeks information that is not the subject of Plaintiffs' allegations or the relief sought in their Amended Complaint.

Columbia County also objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks the communications "whether in writing or made orally." Columbia County is a governmental body whose employees routinely answer oral questions about its processes and services, including absentee and mail-in ballot applications, without keeping any record of these communications. This Interrogatory, as written, seeks to have Columbia County memorialize all run-of-the-mill communications regarding Columbia County's routine business relating to the return of absentee and mail-in ballots, which is unreasonable and has no bearing on Plaintiffs' claims.

10

DocuSign Envelope ID: 6DA15599-DF3D-4DDA-9B97-A1D50D4AAD3D

Columbia County also objects to this Interrogatory because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Columbia County under the Court's July 17, 2020 Scheduling Order (ECF NO. 124).

Columbia County further objects to this Interrogatory because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Columbia County also objects to this Interrogatory because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department.

Columbia County also objects to this Interrogatory because it requests information that is protected by the attorney-client privilege, work product privilege, joint defense or common interest privilege, and/or other applicable privileges or protections from disclosure.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Columbia County has performed a reasonable search and is producing the available nonprivileged responsive information as follows.

- Columbia County is currently unaware of any communications regarding any "incidents or complaints" relevant to applications for absentee and/or mail-in ballots, other than the unsupported and vague statements made in Plaintiffs' Amended Complaint.

- Pursuant to Fed. R. Civ. P. 33(a), see the documents produced in response to Interrogatory No. 2.

5.      Please identify all Procedures, Practices, Rules, Regulations, and/or Instructions You implemented, used, followed, and/or communicated in the June 2, 2020 Primary Election, and all Procedures, Practices, Rules, Regulations, and/or Instructions that You intend to implement, use, follow, and/or communicate in the November 3, 2020 General Election, concerning or relating to the use, type, number, location, security, monitoring, advertisement, funding, and other factors or best practices for using drop boxes, mobile ballot collection centers, polling places, or other collection/drop-off locations for the return or delivery of voted absentee and/or mail-in ballots, including without limitation documenting security and chain of custody of such delivered ballots, and if there are any differences, please identify the reasons why You are making a change in such Procedures, Practices, Rules, Regulations, and/or Instructions for the November 3, 2020 General Election.

**ANSWER:**

Columbia County objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks broad information regarding absentee and mail-in ballot procedures, and Plaintiffs' allegations and the relief sought in their Amended Complaint allege only that the process is "unmonitored and insecure," not that there are issues with their number, advertisement, funding, or other unrelated factors.

Columbia County also objects to this Interrogatory because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Columbia County under the Court's July 17, 2020 Scheduling Order (ECF NO. 124).

DocuSign Envelope ID: 6DA15599-DF3D-4DDA-9B97-A1D50D4AAD3D

Columbia County further objects to this Interrogatory because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Columbia County also objects to this Interrogatory because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Columbia County has performed a reasonable search and is producing the available nonprivileged responsive information as follows.

For the June 2, 2020 Primary Election:

- Columbia County acted in accordance with the applicable laws contained in the Election Code, Act 77 of 2019 and Act 12 of 2020, and guidance issued by the Secretary and the Department relating to the use of drop boxes, mobile ballot collection centers, polling places, or other collection/drop-off locations for the return or delivery of voted absentee and/or mail-in ballots.

- Columbia County did not utilize any off-site drop boxes, mobile ballot collection centers, polling places or other collection/drop-off locations for the return or delivery of voted absentee and/or mail-in ballots.

- Columbia County utilized an on-site drop box. Due to COVID-19, the Columbia County Courthouse Annex building, in which the Voter Registration/Election Office is located,

13

was closed to the general public. As part of the Columbia County COVID-19 measures a drop box was placed inside the vestibule of the Main Street Annex Building at the front doors for visitors to place paperwork for the various offices located within the Main Street Annex Building. The drop box was visible by the County's surveillance system and the box was checked multiple times daily by elections staff for items placed in it.

- Columbia County does not have its own written procedure, but follows the user guides provided by the Department of State.

- Columbia County intends to utilize the same procedures for the November 3, 2020 General Election although Columbia County has not finalized all procedures for said election. Going forward, Columbia County only expects to utilize the on-site drop box if and when the Columbia County Courthouse Annex building is closed for COVID-19 measures.

6.      Please identify all correspondence, memoranda, email messages, postings, or other communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (i) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any other County Election Board; (iv) any District Election Board; (v) any of Your employees, agents, or other representatives acting on Your behalf; and/or (vi) Secretary Boockvar and/or the Elections Department; and (b) concern, relate to, describe, explain, or justify the Procedures, Practices, Rules, Regulations, and/or Instructions identified in Your answer to the preceding Interrogatory, including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

DocuSign Envelope ID: 6DA15599-DF3D-4DDA-9B97-A1D50D4AAD3D

**ANSWER:**

Columbia County objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks "all correspondence, memoranda, email messages, posting, or other communications," whether in writing or made orally" that "were made by, to, and or between You and any other person," concerning the information requested in Interrogatory No. 5, which as reflected in the associated objections seeks information that is not the subject of Plaintiffs' allegations or the relief sought in their Amended Complaint.

Columbia County also objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks the communications "whether in writing or made orally." Columbia County is a governmental body whose employees routinely answer oral questions about its processes and services, including absentee and mail-in ballot voting, without keeping any record of these communications. This Interrogatory, as written, seeks to have Columbia County memorialize all run-of-the-mill communications regarding Columbia County's routine business relating to the return of absentee and mail-in ballots, which is unreasonable and has no bearing on Plaintiffs' claims.

Columbia County also objects to this Interrogatory because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Columbia County under the Court's July 17, 2020 Scheduling Order (ECF NO. 124).

Columbia County further objects to this Interrogatory because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Columbia County also objects to this Interrogatory because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department.

Columbia County also objects to this Interrogatory because it requests information that is protected by the attorney-client privilege, work product privilege, joint defense or common interest privilege, and/or other applicable privileges or protections from disclosure.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Columbia County has performed a reasonable search and is producing the available nonprivileged responsive information as follows.

- Columbia County is currently unaware of any communications regarding any "incidents or complaints" relevant to using drop boxes, mobile ballot collection centers, polling places, or other collection/drop-off locations for the return or delivery of voted absentee and/or mail-in ballots, other than the unsupported and vague statements made in Plaintiffs' Amended Complaint.

- Pursuant to Fed. R. Civ. P. 33(a), see the documents produced in response to Interrogatory No. 2.

7.     Please identify all Procedures, Practices, Rules, Regulations, and/or Instructions You implemented, used, followed, and/or communicated in the June 2, 2020 Primary Election, and all Procedures, Practices, Rules, Regulations, and/or Instructions that You intend to

16

implement, use, follow, and/or communicate in the November 3, 2020 General Election, concerning or relating to the pre-canvassing, canvassing, counting, and/or tabulation of voted absentee and/or mail-in ballots, including without limitation (a) the timing of when such pre-canvassing, canvassing, and/or counting shall occur; (b) whether absentee and/or mail-in ballots that have been (i) cast either without inner secrecy envelopes, with inner secrecy envelopes with marks, text, or symbols, or without the outside envelope's declaration being filled out, dated, and signed, and/or (ii) delivered in-person by someone other than the electors who voted the ballots should be processed, handled, counted, or disallowed, and (c) whether poll watchers can be present during any such pre-canvassing, canvassing, and/or counting, and if there are any differences, please identify the reasons why You are making a change in such Procedures, Practices, Rules, Regulations, and/or Instructions for the November 3, 2020 General Election.

**ANSWER:**

Columbia County objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks broad information regarding absentee and mail-in ballot procedures, and Plaintiffs' allegations and the relief sought in their Amended Complaint allege only that the process is flawed related to treatment of ballots that contain irregularities relating to the inner security envelope or outside envelope.

Columbia County also objects to this Interrogatory because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Columbia County under the Court's July 17, 2020 Scheduling Order (ECF NO. 124).

Columbia County further objects to this Interrogatory because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Columbia County also objects to this Interrogatory because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Columbia County has performed a reasonable search and is producing the available nonprivileged responsive information as follows.

Subject to and without waiving the foregoing objections and Columbia County's General Objections, for the June 2, 2020 Primary Election:

- Columbia County acted in accordance with the applicable laws contained in the Election Code, Act 77 of 2019 and Act 12 of 2020, and guidance issued by the Secretary and the Department relating to pre-canvassing, canvassing, counting, and/or tabulation of voted absentee and/or mail-in ballots.

- If a ballot was cast without an inner secrecy envelope, consistent with its past practice Columbia County did count those votes. The Columbia County Canvass Board has always approved counting such ballots so as not to disenfranchise voters for the mistake of not using the second envelope. This is consistent with Department guidance that "there is no statutory requirement, nor is there any statutory authority, for setting aside an absentee or

DocuSign Envelope ID: 6DA15599-DF3D-4DDA-9B97-A1D50D4AAD3D

mail-in ballot solely because the voter forgot to properly insert it into the official election ballot envelope."

- Columbia County does not have its own written procedure, but follows the user guides provided by the Department of State.

- Columbia County intends to utilize the same procedures for the November 3, 2020 General Election, although Columbia County has not finalized all procedures for said election.

8.     Please identify all correspondence, memoranda, email messages, postings, or other communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (i) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any other County Election Board; (iv) any District Election Board; (v) any of Your employees, agents, or other representatives acting on Your behalf; and/or (vi) Secretary Boockvar and/or the Elections Department; and (b) concern, relate to, describe, explain, or justify the Procedures, Practices, Rules, Regulations, and/or Instructions identified in Your answer to the preceding Interrogatory, including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**ANSWER:**

Columbia County objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks "all correspondence, memoranda, email messages, posting, or other communications," whether in writing or made orally" that "were made by, to, and or between You and any other person," concerning the information requested in

DocuSign Envelope ID: 6DA15599-DF3D-4DDA-9B97-A1D50D4AAD3D

Interrogatory No. 7, which as reflected in the associated objections seeks information that is not the subject of Plaintiffs' allegations or the relief sought in their Amended Complaint.

Columbia County also objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks the communications "whether in writing or made orally." Columbia County is a governmental body whose employees routinely answer oral questions about its processes and services, including absentee and mail-in ballot voting, without keeping any record of these communications. This Interrogatory, as written, seeks to have Columbia County memorialize all run-of-the-mill communications regarding Columbia County's routine business relating to the counting and tabulation of absentee and mail-in ballots, which is unreasonable and has no bearing on Plaintiffs' claims.

Columbia County also objects to this Interrogatory because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Columbia County under the Court's July 17, 2020 Scheduling Order (ECF NO. 124).

Columbia County further objects to this Interrogatory because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Columbia County also objects to this Interrogatory because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department.

DocuSign Envelope ID: 6DA15599-DF3D-4DDA-9B97-A1D50D4AAD3D

Columbia County also objects to this Interrogatory because it requests information that is protected by the attorney-client privilege, work product privilege, joint defense or common interest privilege, and/or other applicable privileges or protections from disclosure.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Columbia County has performed a reasonable search and is producing the available nonprivileged responsive information as follows.

- Columbia County is currently unaware of any communications regarding any "incidents or complaints" relevant to pre-canvassing, canvassing, counting, and/or tabulation of voted absentee and/or mail-in ballots, other than the unsupported and vague statements made in Plaintiffs' Amended Complaint.

- Pursuant to Fed. R. Civ. P. 33(a), see the documents produced in response to Interrogatory No. 2.


9.      Please identify all Procedures, Practices, Rules, Regulations, and/or Instructions You implemented, used, followed, and/or communicated in the June 2, 2020 Primary Election, and all Procedures, Practices, Rules, Regulations, and/or Instructions that You intend to implement, use, follow, and/or communicate in the November 3, 2020 General Election, concerning or relating to ensuring that electors who voted via absentee or mail-in ballot do not vote again in-person on Election Day, or if they do, they do not have more than one of their votes counted, including without limitation notifying the District Election Boards which voters are entitled to vote on Election Day, either by way of a paper ballot, on a machine, or via a provisional

DocuSign Envelope ID: 6DA15599-DF3D-4DDA-9B97-A1D50D4AAD3D

ballot and  marking or supplementing the poll books that are delivered to the District Election Boards with such information, and if there are any differences, please identify the reasons why You are making a change in such Procedures, Practices, Rules, Regulations, and/or Instructions for the November 3, 2020 General Election.

**ANSWER:**

Columbia County objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks broad information regarding absentee and mail-in ballot procedures, and Plaintiffs' allegations and the relief sought in their Amended Complaint allege only that the mail-in and absentee ballot process is flawed, not that the voting process is generally subject to duplicate voting.

Columbia County also objects to this Interrogatory because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Columbia County under the Court's July 17, 2020 Scheduling Order (ECF NO. 124).

Columbia County further objects to this Interrogatory because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Columbia County also objects to this Interrogatory because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

DocuSign Envelope ID: 6DA15599-DF3D-4DDA-9B97-A1D50D4AAD3D

Subject to and without waiving these objections and the General Objections, Columbia County has performed a reasonable search and is producing the available nonprivileged responsive information as follows.

For the June 2, 2020 Primary Election:

- Columbia County acted in accordance with the applicable laws contained in the Election Code, Act 77 of 2019 and Act 12 of 2020, and guidance issued by the Secretary and the Department relating to ensuring that absentee or mail-in voters did not vote in-person on Election Day.

- Columbia County does not have its own written procedure, but follows the user guides provided by the Department of State.

- Columbia County utilized printed poll book pages, which clearly indicated which voters were eligible to vote in-person, and which were ineligible because they had already submitted a voted ballot by absentee or mail-in ballot. The poll book pages also clearly indicated which voters had applied for an absentee and/or mail-in ballot but had not yet returned one, indicating that the voter was only eligible to cast a provisional ballot.

- Columbia County intends to utilize the new procedures dictated by the applicable laws and Department guidance for the November 3, 2020 General Election, in which the poll book will be split into two sections. The main part of the poll book will list voters who have either not requested an absentee or mail-in ballot or who have not returned their ballot. The secondary section of the poll book will list only those voters who have been marked as having returned their issued mail-in ballot. On election day at the polling places, voters in the secondary section who are recorded as "already voted" will be informed by election

officials that they are not eligible to cast a regular ballot in the election, and if any voter disputes their poll book record, an official will issue the voter a provisional ballot.

10.     Please identify all correspondence, memoranda, email messages, postings, or other communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (i) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any other County Election Board; (iv) any District Election Board; (v) any of Your employees, agents, or other representatives acting on Your behalf; and/or (vi) Secretary Boockvar and/or the Elections Department; and (b) concern, relate to, describe, explain, or justify the Procedures, Practices, Rules, Regulations, and/or Instructions identified in Your answer to the preceding Interrogatory, including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**ANSWER:**

Columbia County objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks "all correspondence, memoranda, email messages, posting, or other communications," whether in writing or made orally" that "were made by, to, and or between You and any other person," concerning the information requested in Interrogatory No. 9, which as reflected in the associated objections seeks information that is not the subject of Plaintiffs' allegations or the relief sought in their Amended Complaint.

Columbia County also objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks the communications "whether in

24

writing or made orally." Columbia County is a governmental body whose employees routinely answer oral questions about its processes and services, including absentee and mail-in ballot voting, without keeping any record of these communications. This Interrogatory, as written, seeks to have Columbia County memorialize all run-of-the-mill communications regarding Columbia County's routine business relating to day-of voting procedures and the management of in-person and by-mail voting, which is unreasonable and has no bearing on Plaintiffs' claims.

Columbia County also objects to this Interrogatory because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Columbia County under the Court's July 17, 2020 Scheduling Order (ECF No. 124).

Columbia County further objects to this Interrogatory because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Columbia County also objects to this Interrogatory because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department.

Columbia County also objects to this Interrogatory because it requests information that is protected by the attorney-client privilege, work product privilege, joint defense or common interest privilege, and/or other applicable privileges or protections from disclosure.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

25

Subject to and without waiving these objections and the General Objections, Columbia County has performed a reasonable search and is producing the available nonprivileged responsive information as follows.

- Columbia County is currently unaware of any communications regarding any "incidents or complaints" relevant to ensuring that electors who voted via absentee or mail-in ballot do not vote again in-person on Election Day, other than the unsupported and vague statements made in Plaintiffs' Amended Complaint.

- Pursuant to Fed. R. Civ. P. 33(a), see the documents produced in response to Interrogatory No. 2.

11.     Please identify all incidents known or reported to You from the June 2, 2020 Primary Election of: (a) electors who applied for and/or voted an absentee or mail-in ballot and also voted in-person, either on a voting machine or via a paper or provisional ballot, on Election Day at a polling place; (b) electors who received and/or voted more than one absentee or mail-in ballot; (c) non-disabled electors whose absentee or mail-in ballots were mailed or delivered in-person by a person other the non-disabled electors who voted the absentee or mail-in ballots; and/or (d) electors who claimed that someone had impersonated them and/or cast either in-person, absentee, and/or mail-in ballots for them without their knowledge, consent, or authorization, and for each such incident, state what review or investigation was undertaken by You in response to the incident, including all determinations made on the incident, legal actions filed, and referrals to law enforcement.

**ANSWER:**

DocuSign Envelope ID: 6DA15599-DF3D-4DDA-9B97-A1D50D4AAD3D

Columbia County objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks broad information regarding "incidents" related to absentee and mail-in ballot votes whether or not relevant to their claims, and extends to voter impersonation, which is outside Plaintiffs' allegations and the relief sought in their Amended Complaint.

Columbia County also objects to this Interrogatory because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Columbia County under the Court's July 17, 2020 Scheduling Order (ECF No. 124).

Columbia County further objects to this Interrogatory because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Columbia County has performed a reasonable search and is producing the available nonprivileged responsive information as follows: Columbia County experienced no responsive "incidents."

12.    Please identify all Procedures, Practices, Rules, Regulations, and/or Instructions You implemented, used, followed, and/or communicated in the June 2, 2020 Primary Election, and all Procedures, Practices, Rules, Regulations, and/or Instructions that You intend to implement, use, follow, and/or communicate in the November 3, 2020 General Election, concerning or relating to the accreditation of poll watchers, the issuance and verification of poll

DocuSign Envelope ID: 6DA15599-DF3D-4DDA-9B97-A1D50D4AAD3D

watcher's certificates, and whether poll watchers are permitted to monitor the issuance, return, casting, and counting of all ballots, including without limitation absentee and/or mail-in ballots, and if there are any differences, please identify the reasons why You are making a change in such Procedures, Practices, Rules, Regulations, and/or Instructions for the November 3, 2020 General Election.

**ANSWER:**

Columbia County objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks broad information regarding poll watchers, and Plaintiffs' allegations and the relief sought in their Amended Complaint is very narrow: the ability for poll watchers to serve in counties outside their county of residence and to observe and participate in the pre-canvass of ballots.

Columbia County further objects to this Interrogatory because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Columbia County also objects to this Interrogatory because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Columbia County has performed a reasonable search and is producing the available nonprivileged responsive information as follows.

28

DocuSign Envelope ID: 6DA15599-DF3D-4DDA-9B97-A1D50D4AAD3D

For the June 2, 2020 Primary Election:

- Columbia County acted in accordance with the applicable laws contained in the Election Code, Act 77 of 2019 and Act 12 of 2020, and guidance issued by the Secretary and the Department relating poll watchers.

- Columbia County had no poll watchers at the June 2, 2020 primary election, as no one requested to serve as a poll watcher. Columbia County asks that any candidate/party wanting a poll watcher should make the request in writing or by email, with a one-week notice prior to the election to give time to issue the certificate. The certificate is issued by the board of election with their signatures on the certificate. The certificate is provided to the poll watcher along with the rules and regulations relating to poll watchers.

- Columbia County does not have its own written procedure, but follows the user guides provided by the Department of State.

- Columbia County intends to utilize the same procedures for the November 3, 2020 General Election, although Columbia County has not finalized all procedures for said election.


13.  Please identify all correspondence, memoranda, email messages, postings, or other communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (i) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any other County Election Board; (iv) any District Election Board; (v) any of Your employees, agents, or other representatives acting on Your behalf; and/or (vi) Secretary Boockvar and/or the Elections Department; and (b) concern, relate to, describe, explain, or justify the Procedures, Practices, Rules, Regulations, and/or

DocuSign Envelope ID: 6DA15599-DF3D-4DDA-9B97-A1D50D4AAD3D

Instructions identified in Your answer to the preceding Interrogatory, including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**ANSWER:**

Columbia County objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks "all correspondence, memoranda, email messages, posting, or other communications," whether in writing or made orally" that "were made by, to, and or between You and any other person," concerning the information requested in Interrogatory No. 12, which as reflected in the associated objections seeks information that is not the subject of Plaintiffs' allegations or the relief sought in their Amended Complaint.

Columbia County also objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks the communications "whether in writing or made orally." Columbia County is a governmental body whose employees routinely answer oral questions about its processes and services, including absentee and mail-in ballot voting, without keeping any record of these communications. This Interrogatory, as written, seeks to have Columbia County memorialize all run-of-the-mill communications regarding Columbia County's routine business relating to poll watchers, which is unreasonable and has no bearing on Plaintiffs' claims.

Columbia County also objects to this Interrogatory because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department.

DocuSign Envelope ID: 6DA15599-DF3D-4DDA-9B97-A1D50D4AAD3D

Columbia County also objects to this Interrogatory because it requests information that is protected by the attorney-client privilege, work product privilege, joint defense or common interest privilege, and/or other applicable privileges or protections from disclosure.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Columbia County has performed a reasonable search and is producing the available nonprivileged responsive information as follows.

- Columbia County is currently unaware of any communications regarding any "incidents or complaints" relevant to poll watchers, other than the unsupported and vague statements made in Plaintiffs' Amended Complaint. Further answering, Columbia County has provided information about its poll watchers in response to Interrogatory No. 12.

14.    Please identify from the June 2, 2020 Primary Election:

   (a)    The total number of absentee and mail-in ballots that were returned to You by mail and of this total, the number of mail-returned ballots that were: (i) pre-canvassed and counted; (ii) pre-canvassed and not counted; (iii) challenged and counted; (iv) challenged and not counted; (v) canvassed and counted; (vi) canvassed and not counted; and (vii) not canvassed and not counted;

   (b)    The total number of absentee and mail-in ballots that were returned to You in person at Your official registered office, and of this total, the number of in-person/office-returned ballots that were: (i) pre-canvassed and counted; (ii) pre-canvassed and not counted; (iii) challenged and counted; (iv) challenged and not counted; (v) canvassed and counted; (vi) canvassed and not counted; and (vii) not canvassed and not counted; and

   (c)    The total number of absentee and mail-in ballots that were returned to You in person to a drop-box, mobile ballot collection center, polling place, or other collection/drop-off location other than inside Your official registered office, and of this total, the number of in-person/office-returned ballots that were: (i) pre-canvassed and counted; (ii) pre-canvassed and not counted; (iii) challenged and counted; (iv) challenged and not counted; (v) canvassed

31

and counted; (vi) canvassed and not counted; and (vii) not canvassed and
not counted.

**ANSWER:**

Columbia County objects to this Interrogatory as overly broad, not narrowly tailored, and
disproportionate because it is not limited to the specific allegations and relief requested in
Plaintiffs' Complaint (or Amended Complaint), making the burden of producing this discovery
outweigh its potential benefits. Columbia County also objects to this Interrogatory because it seeks
information that will be included in the report issued by the Department pursuant to the Act 35
Report and thus is not required to be produced by Columbia County under the Court's July 17,
2020 Scheduling Order (ECF No. 124). Columbia County further objects to this Interrogatory
because the information sought is publicly available from the County, the Secretary, the
Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and
thus equally accessible to Plaintiffs. Columbia County also objects to this Interrogatory because
it should more properly be directed to the Secretary as it maintains the requested information in its
possession, custody and control as part of the SURE system, and any production by Columbia
County would be duplicative.

Subject to and without waiving these objections and the General Objections, Columbia
County has performed a reasonable search and is producing the available nonprivileged responsive
information as follows.

Columbia County had a total of 4,964 absentee and/or mail-in ballots returned either by
mail or in person. A breakdown of how those ballots were returned cannot be generated.

a. The total number of absentee and mail-in ballots that were returned to you by mail
   and of this total, the number of mail-returned ballots that were:

DocuSign Envelope ID: 6DA15599-DF3D-4DDA-9B97-A1D50D4AAD3D

     i.   Pre-canvassed and Counted: All ballots that were returned were pre-canvassed.

     ii.  Pre-canvassed and Not Counted: No ballots were pre-canvassed and not counted.

     iii. Challenged and Counted: No ballots were challenged.

     iv.  Challenged and Not Counted: No ballots were challenged.

     v.   Canvassed and Counted: All ballots that were returned were centrally scanned to be added to the election day totals.

     vi.  Canvassed and Not Counted: No ballots were canvassed and not counted.

     vii. Not Canvassed and Not Counted: No ballots were not canvassed and not counted.

b.  The total number of absentee and mail-in ballots that were returned to you in person at your local office and of this total, the number of mail-returned ballots that were:

     i.   Pre-canvassed and Counted: See above.

     ii.  Pre-canvassed and Not Counted: See above.

     iii. Challenged and Counted: See above.

     iv.  Challenged and Not Counted: See above.

     v.   Canvassed and Counted: See above.

     vi.  Canvassed and Not Counted: See above.

     vii. Not Canvassed and Not Counted: See above.

c.  The total number of absentee and mail-in ballots that were returned to you in person to a drop box, mobile ballot collection center, polling place, or other collection/drop

33

DocuSign Envelope ID: 6DA15599-DF3D-4DDA-9B97-A1D50D4AAD3D

off location: Columbia County did not utilize any off site drop boxes, collection centers, etc. No ballots were returned this way.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.     Please produce all documents You referenced, relied upon, reviewed, or consulted when answering the above Interrogatories.

**RESPONSE:**

Columbia County incorporates by reference its objections to the associated Interrogatories. In addition, Columbia County objects to this Request as overly broad, not narrowly tailored, and disproportionate because it is not limited to the specific allegations and relief requested in Plaintiffs' Complaint (or Amended Complaint), making the burden of producing this discovery outweigh its potential benefits.  Columbia County also objects to this Request because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Columbia County under the Court's July 17, 2020 Scheduling Order (ECF No. 124).

Columbia County further objects to this Request because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Columbia County also objects to this Request because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department, and any production by Columbia County would be duplicative.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections, Columbia County has performed a reasonable search and is producing any available responsive non-privileged information as identified below.

Columbia County identifies the following documents, which it will not produce because they are publicly available and accessible, or they are documents created and maintained by the Secretary, also a party to this litigation:

a.  The Election Code;

b.  Act 77 of 2019;

c.  Act 12 of 2020;

d.  The Department's Act 77 Absentee and Mail-in Guidance;

e.  The Department's Ballot Processing Guidance;

f.  The Department's Permanent Voters Guidance;

g.  The Department's Mail-In Application Processing User Guide;

h.  The Department's Absentee Application Processing User Guide;

i.  The Department's Provisional Ballots Guidance; and

j.  The Act 35 response submitted to the Department by Columbia County and the compiled report prepared by the Department in accordance with Act 35.

Also subject to and without waiving these objections and the General Objections, Columbia County produces the documents attached to these responses.

35

2.      Please produce all Procedures, Practices, Rules, Regulations, and/or Instructions You implemented, used, followed, and/or communicated in the June 2, 2020 Primary Election, and all Procedures, Practices, Rules, Regulations, and/or Instructions that You intend to implement, use, follow, and/or communicate in the November 3, 2020 General Election, concerning or relating to the receipt, storage, review, delivery, return, collection, and counting of paper ballots, including but not limited to absentee, mail-in, provisional, and alternative emergency ballots, and all correspondence, memoranda, email messages, postings, or other documents reflecting communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (i) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any other County Election Board; (iv) any District Election Board; (v) any of Your employees, agents, or other representatives acting on Your behalf; and/or (vi) Secretary Boockvar and/or the Elections Department; and (b) concern, relate to, describe, explain, or justify such Procedures, Practices, Rules, Regulations, and/or Instructions, including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**RESPONSE:**

Columbia County objects to this Request as overly broad, not narrowly tailored, and disproportionate because it calls for "all Procedures, Practices, Rules, Regulations, and/or Instructions" relating to "the pre-canvassing, canvassing, and/or counting of absentee and/or mail-in ballots" and "all correspondence... made by, to, and/or between Your and any other person," without limitation to the specific allegations and relief requested in Plaintiffs' Complaint and the

36

DocuSign Envelope ID: 6DA15599-DF3D-4DDA-9B97-A1D50D4AAD3D

scope of discovery provided in the Court's July 17, 2020 Scheduling Order (ECF NO. 124), making the burden of producing this discovery outweigh its potential benefits.

Columbia County also objects to this Request because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Columbia County under the Court's July 17, 2020 Scheduling Order (ECF NO. 124).

Columbia County further objects to this Request because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Columbia County also objects to this Request because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department, and any production by Columbia County would be duplicative.

Columbia County also objects to this Request because it requests information that is protected by the attorney-client privilege, work product privilege, joint defense or common interest privilege, and/or other applicable privileges or protections from disclosure.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Columbia County has performed a reasonable search and is producing any available responsive non-privileged information as identified in Response to Request No. 1.

3. Please produce all Procedures, Practices, Rules, Regulations, and/or Instructions You implemented, used, followed, and/or communicated in the June 2, 2020 Primary Election, and all Procedures, Practices, Rules, Regulations, and/or Instructions that You intend to implement, use, follow, and/or communicate in the November 3, 2020 General Election, concerning or relating to the pre-canvassing, canvassing, and/or counting of absentee and/or mail-in ballots, including without limitation (a) the timing of when such pre-canvassing, canvassing, and/or counting shall occur; (b) whether absentee and/or mail-in ballots that have been (i) cast either without inner secrecy envelopes, with inner secrecy envelopes with marks, text, or symbols, or without the outside envelope's declaration being filled out, dated, and signed, and/or (ii) delivered in-person by someone other than the electors who voted the ballots should be processed, handled, counted, or disallowed, and (c) whether poll watchers can be present during any such pre-canvassing, canvassing, and/or counting, and all correspondence, memoranda, email messages, postings, or other documents reflecting communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (i) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any other County Election Board; (iv) any District Election Board; (v) any of Your employees, agents, or other representatives acting on Your behalf; and/or (vi) Secretary Boockvar and/or the Elections Department; and (b) concern, relate to, describe, explain, or justify such Procedures, Practices, Rules, Regulations, and/or Instructions, including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**RESPONSE:**

38

DocuSign Envelope ID: 6DA15599-DF3D-4DDA-9B97-A1D50D4AAD3D

Columbia County objects to this Request as overly broad, not narrowly tailored, and disproportionate because it calls for "all Procedures, Practices, Rules, Regulations, and/or Instructions" relating to the pre-canvassing, canvassing, and/or counting of absentee and/or mail-in ballots" and "all correspondence… made by, to, and/or between Your and any other person," without limitation to the specific allegations and relief requested in Plaintiffs' Complaint and the scope of discovery provided in the Court's July 17, 2020 Scheduling Order (ECF NO. 124), making the burden of producing this discovery outweigh its potential benefits.

Columbia County also objects to this Request because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Columbia County under the Court's July 17, 2020 Scheduling Order (ECF NO. 124).

Columbia County further objects to this Request because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Columbia County also objects to this Request because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department, and any production by Columbia County would be duplicative.

Columbia County also objects to this Request because it requests information that is protected by the attorney-client privilege, work product privilege, joint defense or common interest privilege, and/or other applicable privileges or protections from disclosure.

39

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Columbia County has performed a reasonable search and is producing any available responsive non-privileged information as identified in Response to Request No. 1.

4.      Please produce all Procedures, Practices, Rules, Regulations, and/or Instructions You implemented, used, followed, and/or communicated in the June 2, 2020 Primary Election, and all Procedures, Practices, Rules, Regulations, and/or Instructions that You intend to implement, use, follow, and/or communicate in the November 3, 2020 General Election, concerning or relating to the use, type, number, location, security, monitoring, advertisement, funding, and other factors or best practices for using drop boxes, mobile ballot collection centers, polling places, or other collection/drop-off locations to receive voted absentee and/or mail-in ballots, including without limitation documenting security and chain of custody of such delivered ballots, and all correspondence, memoranda, email messages, postings, or other documents reflecting communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (i) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any other County Election Board; (iv) any District Election Board; (v) any of Your employees, agents, or other representatives acting on Your behalf; and/or (vi) Secretary Boockvar and/or the Elections Department; and (b) concern, relate to, describe, explain, or justify such Procedures, Practices, Rules, Regulations, and/or Instructions, including without limitation any incidents, complaints, concerns, changes,

DocuSign Envelope ID: 6DA15599-DF3D-4DDA-9B97-A1D50D4AAD3D

modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**RESPONSE:**

Columbia County objects to this Request as overly broad, not narrowly tailored, and disproportionate because it calls for "all Procedures, Practices, Rules, Regulations, and/or Instructions" relating to "the use, type, number, location, security, monitoring, advertisement, funding, and other factors or best practices for using drop boxes, mobile ballot collection centers, polling places, or other collection/drop-off locations to receive voted absentee and/or mail-in ballots" and "all correspondence… made by, to, and/or between Your and any other person," without limitation to the specific allegations and relief requested in Plaintiffs' Complaint and the scope of discovery provided in the Court's July 17, 2020 Scheduling Order (ECF No. 124), making the burden of producing this discovery outweigh its potential benefits.

Columbia County also objects to this Request because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Columbia County under the Court's July 17, 2020 Scheduling Order (ECF No. 124).

Columbia County further objects to this Request because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Columbia County also objects to this Request because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election

that have been or will be promulgated or established by the Secretary or the Department, and any production by Columbia County would be duplicative.

Columbia County also objects to this Request because it requests information that is protected by the attorney-client privilege, work product privilege, joint defense or common interest privilege, and/or other applicable privileges or protections from disclosure.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Columbia County has performed a reasonable search and is producing any available responsive non-privileged information as identified in Response to Request No. 1.

5.    Please produce all Procedures, Practices, Rules, Regulations, and/or Instructions You implemented, used, followed, and/or communicated in the June 2, 2020 Primary Election, and all Procedures, Practices, Rules, Regulations, and/or Instructions that You intend to implement, use, follow, and/or communicate in the November 3, 2020 General Election, concerning or relating to the circumstances under which a person other than the non-disabled elector may return or deliver an absentee or mail-in ballot for that non-disabled elector, and all correspondence, memoranda, email messages, postings, or other documents reflecting communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (i) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any other County Election Board; (iv) any District Election Board; (v) any of Your employees, agents, or other representatives acting on

DocuSign Envelope ID: 6DA15599-DF3D-4DDA-9B97-A1D50D4AAD3D

Your behalf; and/or (vi) Secretary Boockvar and/or the Elections Department; and (b) concern, relate to, describe, explain, or justify such Procedures, Practices, Rules, Regulations, and/or Instructions, including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**RESPONSE:**

Columbia County objects to this Request as overly broad, not narrowly tailored, and disproportionate because it calls for "all Procedures, Practices, Rules, Regulations, and/or Instructions" relating to "the circumstances under which a person other than the non-disabled elector may return or deliver an absentee or mail-in ballot for that non-disabled elector" and "all correspondence… made by, to, and/or between Your and any other person," without limitation to the specific allegations and relief requested in Plaintiffs' Complaint and the scope of discovery provided in the Court's July 17, 2020 Scheduling Order (ECF No. 124), making the burden of producing this discovery outweigh its potential benefits.

Columbia County also objects to this Request because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Columbia County under the Court's July 17, 2020 Scheduling Order (ECF No. 124).

Columbia County further objects to this Request because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Columbia County also objects to this Request because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or

43

Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department, and any production by Columbia County would be duplicative.

Columbia County also objects to this Request because it requests information that is protected by the attorney-client privilege, work product privilege, joint defense or common interest privilege, and/or other applicable privileges or protections from disclosure.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Columbia County has performed a reasonable search and is producing any available responsive non-privileged information as identified in Response to Request No. 1.

DocuSign Envelope ID: 6DA15599-DF3D-4DDA-9B97-A1D50D4AAD3D

6.      Please produce all Procedures, Practices, Rules, Regulations, and/or Instructions You implemented, used, followed, and/or communicated in the June 2, 2020 Primary Election, and all Procedures, Practices, Rules, Regulations, and/or Instructions that You intend to implement, use, follow, and/or communicate in the November 3, 2020 General Election, concerning or relating to the processing, verification, acceptance and/or rejection of applications for absentee and/or mail-in ballots, including without limitation whether to mail applications to all registered voters or qualified electors within Your county without a signed written request or application, and whether to frank or prepay the postage for any or all completed and returned applications, and all correspondence, memoranda, email messages, postings, or other documents reflecting communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (i) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any other County Election Board; (iv) any District Election Board; (v) any of Your employees, agents, or other representatives acting on Your behalf; and/or (vi) Secretary Boockvar and/or the Elections Department; and (b) concern, relate to, describe, explain, or justify such Procedures, Practices, Rules, Regulations, and/or Instructions, including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**RESPONSE:**

Columbia County objects to this Request as overly broad, not narrowly tailored, and disproportionate because it calls for "all Procedures, Practices, Rules, Regulations, and/or Instructions" relating to "the processing, verification, acceptance, and/or rejection of applications

45

for absentee and/or mail-in ballots, including without limitation whether to mail applications to all registered voters or qualified electors within Your county without a signed written request or application, and whether to frank or prepay the postage for any or all completed and returned applications" and "all correspondence… made by, to, and/or between Your and any other person," without limitation to the specific allegations and relief requested in Plaintiffs' Complaint and the scope of discovery provided in the Court's July 17, 2020 Scheduling Order (ECF No. 124), making the burden of producing this discovery outweigh its potential benefits.

Columbia County also objects to this Request because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Columbia County under the Court's July 17, 2020 Scheduling Order (ECF No. 124).

Columbia County further objects to this Request because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Columbia County also objects to this Request because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department, and any production by Columbia County would be duplicative.

Columbia County also objects to this Request because it requests information that is protected by the attorney-client privilege, work product privilege, joint defense or common interest privilege, and/or other applicable privileges or protections from disclosure.

DocuSign Envelope ID: 6DA15599-DF3D-4DDA-9B97-A1D50D4AAD3D

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Columbia County has performed a reasonable search and is producing any available responsive non-privileged information as identified in Response to Request No. 1.

7.      Please produce all Procedures, Practices, Rules, Regulations, and/or Instructions You implemented, used, followed, and/or communicated in the June 2, 2020 Primary Election, and all Procedures, Practices, Rules, Regulations, and/or Instructions that You intend to implement, use, follow, and/or communicate in the November 3, 2020 General Election, concerning or relating to the issuance of absentee and/or mail-in ballots to registered voters, including without limitation sending absentee or mail-in ballots to all registered voters or qualified electors in Your county without a signed written request or application from such voters or electors, and/or franking or pre-paying the postage for voted absentee and/or mail-in ballots, and all correspondence, memoranda, email messages, postings, or other documents reflecting communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (i) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any other County Election Board; (iv) any District Election Board; (v) any of Your employees, agents, or other representatives acting on Your behalf; and/or (vi) Secretary Boockvar and/or the Elections Department; and (b) concern, relate to, describe, explain, or justify such Procedures, Practices, Rules, Regulations, and/or Instructions, including without limitation any incidents, complaints, concerns, changes,

47

modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**RESPONSE:**

Columbia County objects to this Request as overly broad, not narrowly tailored, and disproportionate because it calls for "all Procedures, Practices, Rules, Regulations, and/or Instructions" relating to "to the issuance of absentee and/or mail-in ballots to registered voters" and "all correspondence... made by, to, and/or between Your and any other person," without limitation to the specific allegations and relief requested in Plaintiffs' Complaint and the scope of discovery provided in the Court's July 17, 2020 Scheduling Order (ECF No. 124), making the burden of producing this discovery outweigh its potential benefits.

Columbia County also objects to this Request because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Columbia County under the Court's July 17, 2020 Scheduling Order (ECF No. 124).

Columbia County further objects to this Request because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Columbia County also objects to this Request because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department, and any production by Columbia County would be duplicative.

48

DocuSign Envelope ID: 6DA15599-DF3D-4DDA-9B97-A1D50D4AAD3D

Columbia County also objects to this Request because it requests information that is protected by the attorney-client privilege, work product privilege, joint defense or common interest privilege, and/or other applicable privileges or protections from disclosure.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Columbia County has performed a reasonable search and is producing any available responsive non-privileged information as identified in Response to Request No. 1.

8.      Please produce all Procedures, Practices, Rules, Regulations, and/or Instructions You implemented, used, followed, and/or communicated in the June 2, 2020 Primary Election, and all Procedures, Practices, Rules, Regulations, and/or Instructions that You intend to implement, use, follow, and/or communicate in the November 3, 2020 General Election, concerning or relating to the accreditation of poll watchers, the issuance and verification of poll watcher's certificates, and whether poll watchers are permitted to monitor the issuance, return, casting, and counting of all ballots, including without limitation absentee and/or mail-in ballots, and all correspondence, memoranda, email messages, postings, or other documents reflecting communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (i) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any other County Election Board; (iv) any District Election Board; (v) any of Your employees, agents, or other representatives acting on Your behalf; and/or (vi) Secretary Boockvar and/or the Elections Department; and (b) concern, relate to, describe, explain, or justify such Procedures, Practices, Rules, Regulations, and/or Instructions, including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**RESPONSE:**

Columbia County objects to this Request as overly broad, not narrowly tailored, and disproportionate because it calls for "all Procedures, Practices, Rules, Regulations, and/or Instructions" relating to "to the accreditation of poll watchers, the issuance and verification of poll watcher's certificates, and whether poll watchers are permitted to monitor the issuance, return,

DocuSign Envelope ID: 6DA15599-DF3D-4DDA-9B97-A1D50D4AAD3D

casting, and counting of all ballots" and "all correspondence... made by, to, and/or between Your and any other person," without limitation to the specific allegations and relief requested in Plaintiffs' Complaint and the scope of discovery provided in the Court's July 17, 2020 Scheduling Order (ECF No. 124), making the burden of producing this discovery outweigh its potential benefits. Plaintiffs' Complaint requests very narrow relief concerning poll watchers – the ability to poll watchers to serve in counties outside their county of residence and to observe and participate in the pre-canvass of ballots.

Columbia County also objects to this Request because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Columbia County under the Court's July 17, 2020 Scheduling Order (ECF No. 124).

Columbia County further objects to this Request because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Columbia County also objects to this Request because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department, and any production by Columbia County would be duplicative.

Columbia County also objects to this Request because it requests information that is protected by the attorney-client privilege, work product privilege, joint defense or common interest privilege, and/or other applicable privileges or protections from disclosure.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Columbia County has performed a reasonable search and is producing any available responsive non-privileged information as identified in Response to Request No. 1.

9.      Please produce all Procedures, Practices, Rules, Regulations, and/or Instructions You implemented, used, followed, and/or communicated in the June 2, 2020 Primary Election, and all Procedures, Practices, Rules, Regulations, and/or Instructions that You intend to implement, use, follow, and/or communicate in the November 3, 2020 General Election, concerning or relating to how You ensure that electors who voted via absentee or mail-in ballot do not vote again in-person on Election Day, or if they do, they do not have more than one of their votes counted, including without limitation how You notify or inform the District Election Board which voters are entitled to vote on Election Day, either by way of a paper ballot, on a machine, or via a provisional ballot, and how You mark or supplement the poll books that are delivered to the District Election Boards with such information, and all correspondence, memoranda, email messages, postings, or other documents reflecting communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (i) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any other County Election Board; (iv) any District Election Board; (v) any of Your employees, agents, or other representatives acting on Your behalf; and/or (vi) Secretary Boockvar and/or the Elections Department; and (b) concern, relate to, describe, explain, or justify

52

DocuSign Envelope ID: 6DA15599-DF3D-4DDA-9B97-A1D50D4AAD3D

such Procedures, Practices, Rules, Regulations, and/or Instructions, including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**RESPONSE:**

Columbia County objects to this Request as overly broad, not narrowly tailored, and disproportionate because it calls for "all Procedures, Practices, Rules, Regulations, and/or Instructions" relating to "how You ensure the electors who voted via absentee or mail-in ballot do not vote again in-person on Election Day, or if they do, they do not have more than one of their votes counted," and "all correspondence... made by, to, and/or between Your and any other person," without limitation to the specific allegations and relief requested in Plaintiffs' Complaint and the scope of discovery provided in the Court's July 17, 2020 Scheduling Order (ECF No. 124), making the burden of producing this discovery outweigh its potential benefits. Plaintiffs' Complaint seeks no relief concerning the measures "ensuring that electors who vote via absentee or mail-in ballot do not vote again in-person on Election Day, or if they do, they do not have more than one of their votes counted." Instead, Plaintiffs' Complaint relates only to the collection of absentee and mail-in ballots and the counting of ballots received without secrecy envelopes, both of which do not involve preventing the casting or counting of two votes by a single voter.

Columbia County also objects to this Request because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Columbia County under the Court's July 17, 2020 Scheduling Order (ECF No. 124).

Columbia County further objects to this Request because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Columbia County also objects to this Request because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department, and any production by Columbia County would be duplicative.

Columbia County also objects to this Request because it requests information that is protected by the attorney-client privilege, work product privilege, joint defense or common interest privilege, and/or other applicable privileges or protections from disclosure.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Columbia County has performed a reasonable search and is producing any available responsive non-privileged information as identified in Response to Request No. 1.

10.    Please produce all documents concerning or relating to all incidents known or reported to You during the June 2, 2020 Primary Election and involving either:

    a.    Electors who applied for and/or voted an absentee or mail-in ballot and also voted in-person, either on a voting machine or via a paper or provisional ballot, on Election Day at a polling place;
    b.    Electors who received and/or voted more than one absentee or mail-in ballot;
    c.    Non-disabled electors whose absentee or mail-in ballots were mailed or delivered in-person by a person other the non-disabled electors who voted the absentee or mail-in ballots; and/or

DocuSign Envelope ID: 6DA15599-DF3D-4DDA-9B97-A1D50D4AAD3D

      d.     Electors who claimed that someone had impersonated them
and/or cast either in-person, absentee, and/or mail-in ballots for
them without their knowledge, consent, or authorization;

including without limitation all investigative or case files, law enforcement or other civil, criminal,

or administrative referrals or proceedings, notes, memoranda, correspondence, email messages,

and other documents reflecting communications, whether in writing or orally, that (a) were made

by, to, and/or between You and any other person, including without limitation: (i) any political

party or body, political committee, political action committee, non-profit organization, or other

body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any other

County Election Board; (iv) any District Election Board; (v) any of Your employees, agents, or

other representatives acting on Your behalf; and/or (vi) Secretary Boockvar and/or the Elections

Department; and (b) concern, relate to, describe, or explain such incidents and the determinations

made about such incidents.

**RESPONSE:**

      Columbia County objects to this Request as overly broad, not narrowly tailored, and

disproportionate because it calls for all documents" concerning "all incidents" involving the listed

matters and "all correspondence... made by, to, and/or between Your and any other person,"

without limitation to the specific allegations and relief requested in Plaintiffs' Complaint and the

scope of discovery provided in the Court's July 17, 2020 Scheduling Order (ECF No. 124), making

the burden of producing this discovery outweigh its potential benefits.  Plaintiffs' Complaint

contains no specific allegations about, and seeks no relief concerning, voter impersonation.  Nor

does Plaintiffs' Complaint seek any relief concerning electors who applied for absentee or mail-in

ballots but who instead of returning such ballots decided to vote in-person at their polling place by

casting a provisional ballot (as such electors were permitted to do).  Instead, Plaintiffs' Complaint

relates only to the collection of absentee and mail-in ballots and the counting of ballots received

without secrecy envelopes, both of which do not involve preventing the casting or counting of two votes by a single voter.

Columbia County also objects to this Request because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Columbia County under the Court's July 17, 2020 Scheduling Order (ECF No. 124).

Columbia County further objects to this Request because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Columbia County also objects to this Request because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department, and any production by Columbia County would be duplicative.

Columbia County also objects to this Request because it requests information that is protected by the attorney-client privilege, work product privilege, joint defense or common interest privilege, and/or other applicable privileges or protections from disclosure.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Columbia County has performed a reasonable search and is producing any available responsive non-privileged information as identified in Response to Request No. 1.

DocuSign Envelope ID: 6DA15599-DF3D-4DDA-9B97-A1D50D4AAD3D

11.    To the extent not produced by Secretary Boockvar and/or the Elections Department, please produce all data submitted by You to the Pennsylvania Department of State under 71 P.S. § 279.6(c).

**RESPONSE:**

Columbia County objects to this Request as overly broad, not narrowly tailored, and disproportionate because it calls for "all data" submitted by the Counties to the Department under 71 P.S. § 279.6(c), without limitation to the specific allegations and relief requested in Plaintiffs' Complaint and the scope of discovery provided in the Court's July 17, 2020 Scheduling Order (ECF No. 124), making the burden of producing this discovery outweigh its potential benefits. The data submitted to the Department includes data that are not connected to any of the allegations made or relief sought in Plaintiffs' Complaint, including data on incidents encountered with electronic voting systems, the number of election officers appointed, and the consolidation and location of polling places. Columbia County also objects to this Request because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Columbia County under the Court's July 17, 2020 Scheduling Order (ECF No. 124).

Columbia County further objects to this Request because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Columbia County has performed a reasonable search and is producing any available responsive non-privileged information as identified in Response to Request No. 1.

DocuSign Envelope ID: 6DA15599-DF3D-4DDA-9B97-A1D50D4AAD3D

12.    For all absentee and mail-in ballots identified in Answer to Interrogatory No. 14 that were not counted, please produce all documents which identify the reasons for why such ballots were not counted.

**RESPONSE:**

Columbia County objects to this Request as overly broad, not narrowly tailored, and disproportionate because it calls for "all documents which identify the reasons" for why "all absentee and mail-in ballots" identified in response to Interrogatory No. 14 were not counted, without limitation to the specific allegations and relief requested in Plaintiffs' Complaint and the scope of discovery provided in the Court's July 17, 2020 Scheduling Order (ECF No. 124), making the burden of producing this discovery outweigh its potential benefits. In addition, the over-broad nature of this request as written would arguably require Columbia County to produce all of the ballots from the election, which is unduly burdensome.

Columbia County also objects to this Request because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Columbia County under the Court's July 17, 2020 Scheduling Order (ECF No. 124).

Columbia County further objects to this Request because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Columbia County also objects to this Request because it requests information that is protected by the attorney-client privilege, work product privilege, joint defense or common interest privilege, and/or other applicable privileges or protections from disclosure.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Columbia County has performed a reasonable search and is producing any available responsive non-privileged information as identified in Response to Request No. 1.

BABST, CALLAND, CLEMENTS
and ZOMNIR, P.C.

*/s/ Molly E. Meacham*
Molly E. Meacham
PA I.D. No. 318272
mmeacham@babstcalland.com
Steven B. Silverman
PA I.D. No. 56829
ssilverman@babstcalland.com
Elizabeth A. Dupuis
PA I.D. No. 80149
bdupuis@babstcalland.com
Sean R. Keegan
PA I.D. No 316707
skeegan@babstcalland.com
Two Gateway Center, 6th Floor
Pittsburgh, PA  15222
412.394.5400
*Counsel for Defendant Columbia County Board of Elections*

DocuSign Envelope ID: 6DA15599-DF3D-4DDA-9B97-A1D50D4AAD3D

## CERTIFICATE OF SERVICE

I certify that on August 5, 2020 a copy of the foregoing was served via e-mail upon each

party, as follows:

| | |
|---|---|
| Ronald L. Hicks, Jr.<br>LEAD ATTORNEY; ATTORNEY TO BE NOTICED<br><br>Jeremy A. Mercer<br>ATTORNEY TO BE NOTICED<br><br>Russell D. Giancola<br>ATTORNEY TO BE NOTICED<br><br>Porter Wright Morris & Arthur LLP<br>6 PPG Place, Third Floor<br>Pittsburgh, PA 15222<br>Rhicks@porterwright.com<br>Jmercer@porterwright.com<br>Rgiancola@porterwright.com<br>*Counsel for Plaintiffs, Donald J. Trump For President, Inc.; Glenn Thompson; Mike Kelly; John Joyce; Guy Reschenthaler; Republican National Committee; Melanie Stringhill Patterson; Clayton David Show* | Justin R. Clark<br>PRO HAC VICE; ATTORNEY TO BE NOTICED<br><br>Matthew Earl Morgan<br>PRO HAC VICE; ATTORNEY TO BE NOTICED<br><br>Elections LLC<br>1000 Maine Avenue, SW<br>Suite 400<br>Washington, DC 20024<br>Justin.Clark@electionlawllc.com<br>Matthew.Morgan@electionlawllc.com<br>*Counsel for Plaintiffs, Donald J. Trump For President, Inc.; Glenn Thompson; Mike Kelly; John Joyce; Guy Reschenthaler; Republican National Committee; Melanie Stringhill Patterson; Clayton David Show* |

| | |
|---|---|
| **Howard G. Hopkirk**<br>LEAD ATTORNEY; ATTORNEY TO BE NOTICED | **Kathleen M. Kotula**<br>ATTORNEY TO BE NOTICED |
| **Karen Mascio Romano**<br>LEAD ATTORNEY; ATTORNEY TO BE NOTICED | **Timothy Gates**<br>ATTORNEY TO BE NOTICED |
| **Keli Marie Neary**<br>LEAD ATTORNEY; PRO HAC VICE; ATTORNEY TO BE NOTICED<br><br>**Nicole Boland**<br>LEAD ATTORNEY; PRO HAC VICE; ATTORNEY TO BE NOTICED<br><br>**Stephen Moniak**<br>LEAD ATTORNEY; ATTORNEY TO BE NOTICED<br><br>Pennsylvania Office of Attorney General<br>15th Floor, Strawberry Square<br>Harrisburg, PA 17120<br>Hhopkirk@attorneygeneral.Gov<br>Kromano@attorneygeneral.Gov<br>Kneary@attorneygeneral.Gov<br>nboland@attorneygeneral.Gov<br>Smoniak@attorneygeneral.Gov<br>*Counsel for Defendant, Kathy Boockvar in her capacity as Secretary of the Commonwealth of Pennsylvania* | Pennsylvania Department of State<br>Office of Chief Counsel<br>306 North Office Building<br>401 North Street<br>Harrisburg, PA 17220<br>Kkotula@pa.Gov<br>Tgages@pa.Gov<br>*Counsel for Defendant, Kathy Boockvar in her capacity as Secretary of the Commonwealth of Pennsylvania* |
| **Kenneth L. Joel**<br>ATTORNEY TO BE NOTICED<br><br>**M. Abbegael Giunta**<br>ATTORNEY TO BE NOTICED<br><br>Governor's Office of General Counsel<br>333 Market Street, 17th Floor<br>Harrisburg, PA 17101<br>kennjoel@pa.Gov<br>Magiunta@pa.Gov<br>*Counsel for Defendant, Kathy Boockvar in her capacity as Secretary of the Commonwealth of Pennsylvania* | |
| | |

DocuSign Envelope ID: 6DA15599-DF3D-4DDA-9B97-A1D50D4AAD3D

| | |
|---|---|
| Molly R. Mudd<br>LEAD ATTORNEY, PRO HAC VICE, ATTORNEY TO BE NOTICED<br><br>County of Adams<br>117 Baltimore Street<br>Gettysburg, PA 17325<br>Mmudd@adamscounty.Us<br>Samott@adamscounty.Us<br>*Counsel for Defendant, Adams County Board of Elections* | Andrew F. Szefi<br>LEAD ATTORNEY; ATTORNEY TO BE NOTICED<br><br>George M. Janocsko<br>ATTORNEY TO BE NOTICED<br><br>Allegheny County Law Department<br>445 Fort Pitt Boulevard, Suite 300<br>Pittsburgh, PA 15219<br>Aszefi@alleghenycounty.US<br>Gjanocsko@county.Allegheny.Pa.Us<br>*Counsel for Defendant, Allegheny County Board of Elections* |
| Allan J. Opsitnick<br>ATTORNEY TO BE NOTICED<br><br>Allan J. Opsitnick, Esquire<br>564 Forbes Avenue, Suite 1301<br>Pittsburgh, PA 15219<br>Aopsitnick@opsitnickslaw.com<br>*Counsel for Defendant, Allegheny County Board of Elections* | |
| Nathan A. Morgan<br>ATTORNEY TO BE NOTICED<br><br>Beaver County Courthouse<br>810 Third Street<br>Beaver, PA 15009<br>gfedeles@beavercountypa.gov<br>nmorgan@beavercountypa.gov<br>*Counsel for Defendant, Beaver County Board of Elections* | Christine D. Steere<br>LEAD ATTORNEY; ATTORNEY TO BE NOTICED<br><br>Deasey, Mahoney & Valentini, Ltd.<br>103 Chesley Drive, Suite 100<br>Media, PA 19063<br>Csteere@dmvlawfirm.com<br>*Counsel for Defendant, Berks County Board of Elections* |
| | |

| | |
|---|---|
| Nathan W. Karn Sr.<br>ATTORNEY TO BE NOTICED<br><br>Evey Black Attorneys LLC<br>401 Allegheny Street,<br>P. O. Box 415<br>Hollidaysburg, PA 16648<br>Nkarn@eveyblack.com<br>*Counsel for Defendant, Blair County Board of Elections* | **BRADFORD COUNTY BOARD OF ELECTIONS**<br>*No Attorney Appearance of Record* |
| Mark A. Aronchick<br>LEAD ATTORNEY; ATTORNEY TO BE NOTICED<br><br>Michele D. Hangley<br>PRO HAC VICE; ATTORNEY TO BE NOTICED<br><br>Hangley Aronchick Segal Pudlin & Schiller<br>One Logan Square, 27th Floor<br>Philadelphia, PA 19103<br>Maronchick@hangley.com<br>Mdh@hangley.com<br>*Counsel for Defendants, Bucks County Board of Elections; Chester County Board of Elections; Montgomery County Board of Elections; Philadelphia County Board of Elections* | **BUTLER COUNTY BOARD OF ELECTIONS**<br>*No Attorney Appearance of Record* |
| **CAMBRIA COUNTY BOARD OF ELECTIONS**<br>*No Attorney Appearance of Record* | **CAMERON COUNTY BOARD OF ELECTIONS**<br>*No Attorney Appearance of Record* |

| | |
|---|---|
| Gerard Joseph Geiger<br>PRO HAC VICE; ATTORNEY TO BE NOTICED<br><br>Newman Williams<br>712 Monroe Street<br>Stroudsburg, PA 18360<br>Ggeiger@newmanwilliams.com<br>*Counsel for Defendants, Carbon County Board of Elections; Monroe County Board of Elections; Pike County Board of Elections; Schuylkill County Board of Elections; Snyder County Board of Elections; Wayne County Board of Elections* | Christopher P. Gabriel<br>LEAD ATTORNEY; ATTORNEY TO BE NOTICED<br><br>Carfardi Ferguson Wyrick Weis & Gabriel<br>2605 Nicholson road, Suite 2201<br>Sewickley, PA 15143<br>Cgabriel@cfwwg.com<br>*Counsel for Defendant, Clarion County Board of Elections* |
| Frank A. Blum, III<br>ATTORNEY TO BE NOTICED<br><br>Frank A. Blum<br>1012 Lewis Run Road<br>Jefferson Hills, PA 15025<br>Heather@bozovichlaw.com<br>*Counsel for Defendant, Clearfield County Board of Elections* | CLINTON     COUNTY     BOARD     OF ELECTIONS<br>*No Attorney Appearance of Record* |
| Kathy A. Button<br>ATTORNEY TO BE NOTICED<br><br>Shafer Law Firm<br>890 Market Street<br>Meadville, PA 16335<br>kbutton@shaferlaw.com<br>*Counsel for Defendant, Crawford County Board of Elections* | CUMBERLAND  COUNTY  BOARD  OF ELECTIONS<br>*No Attorney Appearance of Record* |
| | |

| | |
|---|---|
| Joseph A. Curcillo, III<br>ATTORNEY TO BE NOTICED<br><br>Dauphin County Administration Building<br>2 South Second Street<br>Harrisburg, PA 17101<br>Jcurcillo@dauphinc.org<br>*Counsel for Defendant, Dauphin County Board of Elections* | Edward D. Rogers<br>LEAD ATTORNEY; PRO HAC VICE; ATTORNEY TO BE NOTICED<br><br>David S. Fryman<br>ATTORNEY TO BE NOTICED<br><br>Elizabeth Wingfield<br>PRO HAC VICE; ATTORNEY TO BE NOTICED<br><br>Terence Grugan<br>PRO HAC VICE; ATTORNEY TO BE NOTICED<br><br>Kahlil Williams<br>ATTORNEY TO BE NOTICED<br><br>Ballard Spahr, LLP<br>1735 Market Street, 51st Floor<br>Philadelphia, PA 19103<br>Rogerse@ballardspahr.com<br>Fryman@ballardspahr.com<br>Wingfielde@ballardspahr.com<br>Grugant@ballardspahr.com<br>Williamskc@ballardspahr.com<br>*Counsel for Defendant, Delaware County Board of Elections* |
| ELK COUNTY BOARD OF ELECTIONS<br>*No Attorney Appearance of Record* | Thomas S. Talarico<br>ATTORNEY TO BE NOTICED<br><br>Talarico & Niebauer<br>510 Cranberry Street, Suite 301<br>Erie, PA 16507<br>Ttalarico@nwpalawyers.com<br>*Counsel for Defendant, Erie County Board of Elections* |

| FOREST COUNTY BOARD OF ELECTIONS<br>*No Attorney Appearance of Record* | Andrew W. Norfleet<br>LEAD ATTORNEY; ATTORNEY TO BE NOTICED<br><br>Frank J. Lavery, Jr. LEAD ATTORNEY; ATTORNEY TO BE NOTICED<br><br>Stephen B. Edwards<br>LEAD ATTORNEY; ATTORNEY TO BE NOTICED<br><br>Lavery Law<br>225 Market Street, Suite304<br>P. O. Box 1245<br>Harrisburg, PA 17108-1245<br>Anorfleet@laverylaw.com<br>Flavery@laverylaw.com<br>Sedwards@laverylaw.com<br>*Counsel for Defendants, Franklin County Board of Elections and Perry County Board of Elections* |
| FULTON COUNTY BOARD OF ELECTIONS<br>*No Attorney Appearance of Record* | Robert Eugene Grimm<br>LEAD ATTORNEY; ATTORNEY TO BE NOTICED<br><br>Robert Eugene Grimm Attorney<br>P. O. Box 430<br>2698 Morgantown Road, Suite 200<br>Smithfield, PA 15478<br>Rgrimm@co.Greene.Pa.Us<br>*Counsel for Defendant, Greene County Board of Elections* |

| | |
|---|---|
| Peter M. McManamon<br>LEAD ATTORNEY; PRO HAC VICE; ATTORNEY TO BE NOTICED<br><br>Gill, McManamon & Ghaner<br>200 Penn Street<br>Huntingdon, PA 16652<br>Pmcmanamon@penn.com<br>*Counsel for Defendant, Huntingdon County Board of Elections* | C.J. Zwick<br>LEAD ATTORNEY; ATTORNEY TO BE NOTICED<br><br>Zwick & Zwick LLP<br>171 Beaver Drive<br>P. O. Box 1127<br>DuBois, PA 1580<br>Cjz@zwick-Law.com<br>*Counsel for Defendant, Jefferson County Board of Elections* |
| Gregory D. Sobol<br>ATTORNEY TO BE NOTICED<br><br>275 Main Street, Suite 2<br>Brookville, PA 15824<br>Gds@zwick-Law.com<br>*Counsel for Defendant, Jefferson County Board of Elections* | Donald Zagurskie<br>PRO HAC VICE; ATTORNEY TO BE NOTICED<br><br>Johnston & Zagurskie, PC<br>117 Main Street, P. O. Box 0<br>Mifflin, PA 17058<br>Jzmlawoffice@gmail.com<br>*Counsel for Defendant, Juniata County Board of Elections* |
| Christina L. Hausner<br>PRO HAC VICE; ATTORNEY TO BE NOTICED<br><br>County of Lancaster<br>150 N. Queen Street, Suite 714<br>Lancaster, PA 17603<br>Chausner@co.Lancaster.Pa.Us<br>*Counsel for Defendant, Lancaster County Board of Elections* | Thomas W. Leslie<br>LEAD ATTORNEY; ATTORNEY TO BE NOTICED<br><br>116 N. Mercer Street<br>New Castle, PA 16101<br>Twleslie@twlpc.com<br>*Counsel for Defendant, Lawrence County Board of Elections* |
| Thomas M. Caffrey<br>LEAD ATTORNEY; PRO HAC VICE; ATTORNEY TO BE NOTICED<br><br>P. O. Box A<br>Coplay, PA 18037-0200<br>Tcaffrey@rcn.com<br>*Counsel for Defendant, Lehigh County Board of Elections* | Sarah Mae Murray<br>PRO HAC VICE; ATTORNEY TO BE NOTICED<br><br>County of Lehigh<br>Lehigh County Government Center<br>17 S. 17th Street<br>Allentown, PA 18101<br>Sarahmurray@lehighcounty.Org |

| | Counsel for Defendant, Lehigh County Board of Elections |
|---|---|
| Lawrence J. Moran, Jr.<br>ATTORNEY TO BE NOTICED<br><br>Matthey J. Carmody<br>ATTORNEY TO BE NOTICED<br><br>Regina M. Blewitt<br>ATTORNEY TO BE NOTICED<br><br>Joyce, Carmody & Moran, PC<br>9 N. main Street, Suite 4<br>Pittston, PA 18640<br>Ljm@joycecarmody.com<br>Mjc@joycecarmody.com<br>Rmb@joycecarmody.com<br>Counsel for Defendant, Luzerne County Board of Elections | Joseph D. Smith<br>LEAD ATTORNEY; ATTORNEY TO BE NOTICED<br><br>McCormick Law Firm<br>835 West Fourth Street<br>P. O. Box 577<br>Williamsport, PA 17701<br>Dsmith@mcclaw.com<br>Counsel for Defendant, Lycoming County Board of Elections |
| Anthony V. Clarke<br>ATTORNEY TO BE NOTICED<br><br>The Clarke Firm<br>204 Bolivar Drive<br>Bradford, PA 16701<br>Thelarkefirm@yahoo.com<br>Counsel for Defendant, McKean County Board of Elections | MIFFLIN COUNTY BOARD OF ELECTIONS<br>No Attorney Appearance of Record |
| Maureen Calder<br>PRO HAC VICE; ATTORNEY TO BE NOTICED<br><br>Montgomery County Solicitor's Office<br>One Montgomery Plaza, Suite 800<br>Norristown, PA 19404<br>Mcaider@montcopa.Org<br>Counsel for Defendant, Montgomery Board of Elections | Brian Taylor<br>LEAD ATTORNEY; PRO HAC VICE; ATTORNEY TO BE NOTICED<br><br>Northampton County Courthouse<br>669 Washington Street<br>Office of the Solicitor<br>Easton, PA 18042<br>Eduddy@northamptoncounty.org<br>Counsel for Defendant, Northampton County Board of Elections |

69

| | |
|---|---|
| Zachary Strassburger<br>ATTORNEY TO BE NOTICED<br><br>City of Philadelphia Law Department<br>1515 Arch Street, 17th Floor<br>Philadelphia, PA 19102<br>Zachary.Strassburger@phila.gov<br>*Counsel for Defendant, Philadelphia County Board of Elections* | Thomas R. Shaffer<br>LEAD ATTORNEY; ATTORNEY TO BE NOTICED<br><br>Glassmire & Shaffer Law Offices<br>5 East Third Street<br>P.O. Box 509<br>Coudersport, PA 16915<br>Tomshaffer@verizon.net<br>*Counsel for Defendant, Potter County Board of Elections* |
| Michael P. Barbera<br>ATTORNEY TO BE NOTICED<br><br>Barbera, Melvin, Svonavec & Sperlazza LLP<br>146 West Main Street, P. O. Box 775<br>Somerset, PA 15501<br>Mpbarbera@barberalaw.com<br>*Counsel for Defendant, Somerset County Board of Elections* | Kenneth R. Levitzky<br>LEAD ATTORNEY; ATTORNEY TO BE NOTICED<br><br>Kenneth R. Levitzky, Esquire<br>125 Churchill Street<br>P. O. Box 489<br>Dushore, PA 18614<br>Krllaw@epix.Net<br>*Counsel for Defendants, Sullivan County Board of Elections; Wyoming County Board of Elections* |
| SUSQUEHANNA COUNTY BOARD OF ELECTIONS<br>*No Attorney Appearance of Record* | Raymond E. Ginn, Jr.<br>LEAD ATTORNEY; PRO HAC VICE; ATTORNEY TO BE NOTICED<br><br>Ginn & Vickery, P.C.<br>99 Main Street<br>Wellsboro, PA 16901<br>Amy@gv-Law.com<br>*Counsel for Defendant, Tioga County Board of Elections* |
| Allen P. Page<br>ATTORNEY TO BE NOTICED<br><br>McNerney, Page, Vanderlin & Hall<br>433 Market Street<br>Williamsport, PA 17701<br>Apage@mpvhlaw.com<br>*Counsel for Defendant, Union County Board of Elections* | Nathanial Justus Schmidt<br>ATTORNEY TO BE NOTICED<br><br>Schmidt Law Firm<br>315 Second Avenue, Suite 704<br>P.O. Box 746<br>Warren, PA 16365<br>Contact@theschmidtlawfirm.Com<br>*Counsel for Defendant, Warrant County Board of Elections* |

DocuSign Envelope ID: 6DA15599-DF3D-4DDA-9B97-A1D50D4AAD3D

| | |
|---|---|
| Robert J. Grimm<br>LEAD ATTORNEY; ATTORNEY TO BE NOTICED<br><br>Ryan Michael Joyce<br>ATTORNEY TO BE NOTICED<br><br>Swartz Campbell<br>Suite 4750, U.S. Steel Tower<br>600 Grant Street<br>Pittsburgh, PA 15219<br>Rgrimm@swartzcampbell.com<br>Rjoyce@swartzcampbell.com<br>*Counsel for Defendant, Washington County Board of Elections* | David A. Regoli<br>LEAD ATTORNEY; ATTORNEY TO BE NOTICED<br><br>333 Freeport Street, Suite 201<br>New Kensington, PA 15068<br>Regoli@regolilaw.com<br>*Counsel for Defendant, Westmoreland County Board of Elections* |
| Michelle Pokrifka<br>LEAD ATTORNEY; PRO HAC VICE; ATTORNEY TO BE NOTICED<br><br>York County Solicitor's Office<br>28 East Market Street, 2nd Floor<br>York, PA 17401<br>Apuleo@yorkcountypa.Gov<br>*Counsel for Defendant, York County Board of Elections* | Adriel I. Cepeda Derieux<br>PRO HAC VICE; ATTORNEY TO BE NOTICED<br><br>American Civil Liberties Union Foundation<br>125 Broad Street, 18th Floor<br>New York , NY 10004<br>Acepedaderieux@aclu.Org<br>*Counsel for Defendants, Naacp Pennsylvania State Conference; Common Cause Pennsylvania; Common Cause Pennsylvania; League of Women Voters of Pennsylvania; Patricia Demarco; Danielle Graham Robinson; Kathleen Wise* |

| Christopher R. Noyes<br>PRO HAC VICE; ATTORNEY TO BE NOTICED<br><br>Eleanor Davis<br>PRO HAC VICE; ATTORNEY TO BE NOTICED<br><br>Jared Vasconcellos Grubow<br>PRO HAC VICE; ATTORNEY TO BE NOTICED<br><br>Lori A. Martin<br>ATTORNEY TO BE NOTICED<br><br>Samantha Picans<br>PRO HAC VICE; ATTORNEY TO BE NOTICED<br><br>Wilmer Cutler Pickering Hale and Dorr LLP<br>7 World Trade Center 250 Greenwich Street<br>New York , NY 10007<br>Christopher.Noyes@wilmerhale.Com<br>Eleanor.Davis@wilmerhale.Com<br>Jared.Grubow@wilmerhale.Com<br>Lori.Martin@wilmerhale.com<br>Sam@Picans@wilmerhale.com<br>*Counsel for Defendants, Naacp Pennsylvania State Conference; Common Cause Pennsylvania; League of Women Voters of Pennsylvania; Patricia Demarco; Danielle Graham Robinson; Kathleen Wise* | Dale Ho<br>PRO HAC VICE; ATTORNEY TO BE NOTICED<br><br>Sophia Lin Lakin<br>PRO HAC VICE; ATTORNEY TO BE NOTICED<br><br>American Civil Liberties Union Foundation<br>125 Broad Street, 18th Floor<br>New York , NY 10004<br>Dale.Ho@aclu.Org<br>Slakin@aclu.Org<br>*Counsel for Defendants, Naacp Pennsylvania State Conference; Common Cause Pennsylvania; Common Cause Pennsylvania; League of Women Voters of Pennsylvania; Patricia Demarco; Danielle Graham Robinson; Kathleen Wise* |

| | |
|---|---|
| David P. Yin<br>PRO HAC VICE; ATTORNEY TO BE NOTICED<br>1875 Pennsylvania Avenue, NW<br>Washington , DC 20006<br>David.Yin@wilmerhale.Com<br>*Counsel for Defendants, Naacp Pennsylvania State Conference; Common Cause Pennsylvania; Common Cause Pennsylvania; League of Women Voters of Pennsylvania; Patricia Demarco; Danielle Graham Robinson; Kathleen Wise* | Jason H. Liss<br>PRO HAC VICE; ATTORNEY TO BE NOTICED<br>60 State Street<br>Boston , MA 02109<br>Jason.Liss@wilmerhale.Com<br>*Counsel for Defendants, Naacp Pennsylvania State Conference; Common Cause Pennsylvania; Common Cause Pennsylvania; League of Women Voters of Pennsylvania; Patricia Demarco; Danielle Graham Robinson; Kathleen Wise* |
| Sarah E. Brannon<br>PRO HAC VICE; ATTORNEY TO BE NOTICED<br><br>American Civil Liberties Union Foundation<br>915 15th Street, NW<br>Washington , DC 20005<br>Sbrannon@aclu.Org<br>*Counsel for Defendants, Naacp Pennsylvania State Conference; Common Cause Pennsylvania; Common Cause Pennsylvania; League of Women Voters of Pennsylvania; Patricia Demarco; Danielle Graham Robinson; Kathleen Wise* | Witold J. Walczak<br>ATTORNEY TO BE NOTICED<br><br>ACLF of PA<br>313 Atwood Street<br>Pittsburgh , PA 15213<br>Vwalczak@aclupa.Org<br>*Counsel for Defendants, Naacp Pennsylvania State Conference; Common Cause Pennsylvania; Common Cause Pennsylvania; League of Women Voters of Pennsylvania; Patricia Demarco; Danielle Graham Robinson; Kathleen Wise* |

| | |
|---|---|
| Justin T. Romano<br>ATTORNEY TO BE NOTICED<br><br>Attisano & Romano<br>429 Fourth Avenue, Suite 1705<br>Pittsburgh, PA 15219<br>Justin@arlawpitt.com<br>*Counsel for Intervenor Defendant, Michael Crossey* | A.  Michael Pratt<br>ATTORNEY TO BE NOTICED<br><br>Adam R. Roseman<br>PRO HAC VICE; ATTORNEY TO BE NOTICED<br><br>George J. Farrell<br>PRO HACE VICE; ATTORNEY TO BE NOTICED<br><br>Kevin Greenberg<br>PRO HACE VICE; ATTORNEY TO BE NOTICED<br>Greenberg Traurig, LLP<br>1717 Arch Street, Suite 400<br>Philadelphia, PA 19103<br>Prattam@gtlaw.com<br>Rosemana@gtlaw.com<br>Farrellg@gtlaw.com<br>Greenbergk@gtlaw.com<br>*Counsel for Intervenor, Jordan Harris; and Counsel for Movants, Pennsylvania State Democratic Party; Dwight Evans; Sharif Street; Vincent Hughes; Danillo Burgos; Morgan Cephas; Austin Davis; Isabella Fitzgerald; Edward Gainey; Mary Isaacson; Malcolm Kenyatta; Patty Kim; Stephen Kinsey; Peter Schweyer; Nina Ahmad; Anton Andrew; Janet Diaz; Manuel Guzman, Jr.; Rick Krajewski; Art Haywood; Anthony Williams* |
| | |

| | |
|---|---|
| Alex M. Lacey<br>ATTORNEY TO BE NOTICED<br><br>Clifford B. Levine<br>ATTORNEY TO BE NOTICED<br><br>Dentons Cohen & Grigsby, P.C.<br>625 Liberty Avenue<br>Pittsburgh, PA 15222<br>Alex.Lacey@dentons.com<br>Clifford.Levine@dentons.com<br>*Counsel for Intervenor, Jordan Harris; and Counsel for Movants, Pennsylvania State Democratic Party; Dwight Evans; Sharif Street; Vincent Hughes; Danillo Burgos; Morgan Cephas; Austin Davis; Isabella Fitzgerald; Edward Gainey; Mary Isaacson; Malcolm Kenyatta; Patty Kim; Stephen Kinsey; Peter Schweyer; Nina Ahmad; Anton Andrew; Janet Diaz; Manuel Guzman, Jr.; Rick Krajewski; Art Haywood; Anthony Williams* | A. Michael Pratt<br>ATTORNEY TO BE NOTICED<br><br>Greenberg Traurig, LLP<br>1717 Arch Street, Suite 400<br>Philadelphia, PA 19103<br>Prattam@gtlaw.com<br>*Counsel for Intervenor, Patty Kim* |
| Eliza Sweren-Becker<br>LEAD ATTORNEY; PRO HAC VICE;<br>ATTORNEY TO BE NOTICED<br><br>Myrna Perez<br>LEAD ATTORNEY; PRO HAC VICE;<br>ATTORNEY TO BE NOTICED<br><br>Brennan Center for Justice<br>120 Broadway, Suite 1750<br>New York, NY 10271<br>Eliza.Sweren-Becker@nyu.edu<br>Perezm@brennan.Law.Nyu.Edu<br>*Counsel for Movants, Citizens for Pennsylvania's Future; Sierra Club* | Charles A. Pascal, Jr.<br>ATTORNEY TO BE NOTICED<br><br>Law Office of Charles A. Pascal, Jr.<br>402 Grant Avenue<br>Leechburg, PA 15656<br>Attorney.Pascal@gmail.com<br>*Counsel for Movant, Citizens for Pennsylvania's Future; Sierra Club* |

/s/ Molly E. Meacham
Molly E. Meacham

## VERIFICATION

I do hereby state that I am authorized to make this Verification on behalf of Columbia County Board of Elections, subject to the penalties relating to unsworn falsification to authorities, and verify that the facts set forth in the foregoing Answers to Plaintiffs' Set of Written Interrogatories and Requests for Production of Documents are true and correct to the best of my knowledge, information, and belief.

Date: 8/5/2020

David Witchey
Chief Clerk

76