# EXHIBIT J

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 2:20-cv-00966-NR |
| KATHY BOOCKVAR, in her capacity as Secretary of the Commonwealth of Pennsylvania, *et al.*, | ) ) ) ) | Judge J. Nicholas Ranjan |
| Defendants. | ) ) | |

**SECRETARY OF THE COMMONWEALTH KATHY BOOCKVAR'S**
**OBJECTIONS AND RESPONSES TO PLAINTIFFS' INTERROGATORIES AND**
**REQUESTS FOR PRODUCTION OF DOCUMENTS**

Secretary of the Commonwealth Kathy Boockvar ("Secretary Boockvar"), by her undersigned attorneys, objects and responds to Plaintiffs' Interrogatories and Requests for Production of Documents (collectively, the "Discovery Requests") pursuant to Fed. R. Civ. P. 26, 33 and 34 and in accordance with this Honorable Court's Scheduling Order dated July 17, 2020.

**Specific Objections to the Definitions and Instructions**

Secretary Boockvar specifically objects to the following Definitions set forth in the Discovery Requests, as follows:

Definition No. 9.  Secretary Boockvar objects to Plaintiffs' definition of "You" and "Your" to include attorneys acting on Secretary Boockvar's behalf.  Secretary Boockvar objects to the extent that  information is sought protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.  Secretary Boockvar further objects to

Plaintiffs' definition of "You" and "Your" to the extent it purports to require the production of materials or information not in her possession and/or in possession of non-parties.  Any such request is unduly harassing and burdensome and exceeds the scope of permissible discovery under Fed. R. Civ. P. 33 and/or 34.

Definition No. 14.  Secretary Boockvar objects to Plaintiffs' definition of "Procedures, Practices, Rules, Regulations, and/or Instructions" to include any and all procedures, practices, rules, regulations, and/or instructions which are "intended" to be implemented, used, followed, and/or communicated as vague, ambiguous and speculative.  Secretary Boockvar further objects to the extent the definition applies to prior procedures, practices, rules, regulations and/or instructions on the grounds that guidance that may address, modify or supersede such prior guidance is forthcoming.

Instruction Nos. 3, 6, 7.  Secretary Boockvar objects to these instructions to the extent they purport to require the production of confidential, sensitive, trade secret and/or personal information without an appropriate protective order.  To the extent relevant responsive documents contain any such material, Secretary Boockvar will make the documents available upon entry of an appropriate protective order.

## RESPONSES TO INTERROGATORIES

1.     Please state whether the document attached as Exhibit 1 and titled "Pennsylvania Applications and Balloting Guidance: Mail-in and Absentee Ballots and Voter Registration Changes," with a date of January 10, 2020, and version number 1.0, sets forth the mail-in and absentee voting Procedures, Practices, Rules, Regulations, and/or Instructions that You have published and/or provided to the County Election Boards for use in the June 2, 2020 Primary Election and the November 3, 2020 General Election.

**ANSWER:**  OBJECTION.  Secretary Boockvar objects to Plaintiffs' definition of "Procedures, Practices, Rules, Regulations, and/or Instructions" to include any and all procedures, practices, rules, regulations, and/or instructions which are "intended" to be implemented, used, followed, and/or communicated as vague, ambiguous and speculative.  Further guidance is forthcoming that may address, modify or supersede prior guidance.  Secretary Boockvar further objects to the extent Plaintiffs intend or imply that the "Pennsylvania Applications and Balloting Guidance: Mail-in and Absentee Ballots and Voter Registration Changes," dated January 10, 2020, is the only guidance applicable to the June 2, 2020 Primary Election and the November 3, 2020 General Election. Secretary Boockvar further objects to this Interrogatory to the extent that it fails to take into account that the Election Code ultimately governs the rules and procedures regarding the Commonwealth's elections. Subject to and without waiving these objections, Secretary Boockvar responds:  The Department of State, Bureau of Election Security and Technology released the document on January 10, 2020 to serve as a guideline as to some provisions in Act 77 and some permissible actions under Act 77 or some other portion of the Election Code.  The written document speaks for itself.  By way of further response, the Election Code, as amended by Act 77, governs mail-in and absentee voting.  Other guidance was provided in addition to Exhibit 1, and additional guidance is forthcoming that may address, modify or supersede prior guidance in advance of the November 3, 2020 election.

      2.     Please identify all correspondence, memoranda, email messages, postings, or other communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (I) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter or elector in the Commonwealth of Pennsylvania; (iii) any County Election Board; (iv) any

District Election Board; and (v) any of Your employees, agents, or other representatives acting on Your behalf; and (b) concern, relate to, describe, explain, or justify the Procedures, Practices, Rules, Regulations, and/or Instructions attached as Exhibit 1, including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**ANSWER:**  OBJECTION.  Secretary Boockvar objects to this Interrogatory as vague, unduly burdensome, overbroad and seeking information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Secretary Boockvar further objects to this interrogatory because it is disproportionate to the needs of the litigation. Secretary Boockvar further objects to Plaintiffs' definition of "You" and "Your" as unreasonably burdensome and harassing.  Secretary Boockvar objects to the extent that the information sought is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Secretary Boockvar further objects to Plaintiffs' definition of "Procedures, Practices, Rules, Regulations, and/or Instructions" to include any and all procedures, practices, rules, regulations, and/or instructions which are "intended" to be implemented, used, followed, and/or communicated as vague, ambiguous and speculative.  Further guidance is forthcoming that may address, modify or supersede prior guidance.  Secretary Boockvar further objects to this request to the extent it purports to require the production of oral communications, internal communications and communications with persons other than election officials on the grounds that such a request is irrelevant and not proportional to the needs of the case or the time allotted for discovery.   Subject to and without waiving these objections, Secretary Boockvar responds that, pursuant to Fed. R. Civ. P. 33(d), documents issued to third-parties by Secretary Boockvar or at her direction relating

to Exhibit 1, if any, and from which the answer to this Interrogatory may be determined by review thereof, will be provided.

3.      Please identify all Procedures, Practices, Rules, Regulations, and/or Instructions that You published and/or provided to the County Election Boards for use in the June 2, 2020 Primary Election and the November 3, 2020 General Election concerning or relating to the use, type, number, location, security, monitoring, advertisement, funding, and other factors or best practices for using drop boxes, mobile ballot collection centers, polling places, or other collection/drop-off locations for in-person return of voted absentee and/or mail-in ballots, including without limitation the guidance mentioned in the two italicized notes on the last page of the document attached as Exhibit 1.

**ANSWER:** OBJECTION.  Secretary Boockvar objects to this Interrogatory as vague, unduly burdensome, overbroad and seeking information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Secretary Boockvar further objects to this interrogatory because it is disproportionate to the needs of the litigation. Secretary Boockvar further objects to Plaintiffs' definition of "You" and "Your" as unreasonably burdensome and harassing.   Secretary Boockvar objects to the extent that information sought is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Secretary Boockvar further objects to Plaintiffs' definition of "Procedures, Practices, Rules, Regulations, and/or Instructions" to include any and all procedures, practices, rules, regulations, and/or instructions which are "intended" to be implemented, used, followed, and/or communicated as vague, ambiguous and speculative.  Further guidance is forthcoming that may address, modify or supersede prior guidance.  Subject to and without waiving these objections, Secretary Boockvar responds that, pursuant to Fed. R. Civ. P. 33(d), documents issued to third-parties by Secretary

Boockvar or at her direction relating to the use of drop boxes, mobile ballot collection centers, polling places, or other collection/drop-off locations, if any, and from which the answer to this Interrogatory may be determined by review thereof, will be provided.

4.      Please identify all correspondence, memoranda, email messages, postings, or other communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (I) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any County Election Board; (iv) any District Election Board; and (v) any of Your employees, agents, or other representatives acting on Your behalf; and (b) concern, relate to, describe, explain, or justify the Procedures, Practices, Rules, Regulations, and/or Instructions identified in Your answer to the preceding Interrogatory, including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**ANSWER:** OBJECTION.  Secretary Boockvar objects to this Interrogatory as vague, unduly burdensome, overbroad and seeking information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Secretary Boockvar further objects to this interrogatory because it is disproportionate to the needs of the litigation.  Secretary Boockvar further objects to Plaintiffs' definition of "You" and "Your" as unreasonably burdensome and harassing.  Secretary Boockvar objects to the extent that information sought is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Secretary Boockvar further objects to Plaintiffs' definition of "Procedures, Practices, Rules, Regulations, and/or Instructions" to include any and all procedures, practices, rules, regulations, and/or instructions which are "intended" to be implemented, used, followed, and/or communicated

as vague, ambiguous and speculative.  Further guidance is forthcoming that may address, modify or supersede prior guidance.  Secretary Boockvar further objects to this Interrogatory to the extent it purports to require the production of oral communications, internal communications and communications with persons other than election officials on the grounds that such a request is irrelevant and not proportional to the needs of the case or the time allotted for discovery..  Subject to and without waiving these objections, Secretary Boockvar responds that, pursuant to Fed. R. Civ. P. 33(d), documents issued by Secretary Boockvar or at her direction relating to use of drop boxes, mobile ballot collection centers, polling places, or other collection/drop-off locations, if any, and from which the answer to this Interrogatory may be determined by review thereof, will be provided.  By way of further response, many of these documents were made publicly available via the Department of State, Election Administration Tools, website.

5.     Please state whether the document attached as Exhibit 2 and titled "Pennsylvania Balloting and Envelope Guidance," with a date of January 30, 2020, and version number 1.0, sets forth the mail-in and absentee balloting Procedures, Practices, Rules, Regulations, and/or Instructions that You published and/or provided to the County Election Boards for use in the June 2, 2020 Primary Election and the November 3, 2020 General Election.

**ANSWER:**  OBJECTION.  Secretary Boockvar objects to Plaintiffs' definition of "Procedures, Practices, Rules, Regulations, and/or Instructions" to include any and all procedures, practices, rules, regulations, and/or instructions which are "intended" to be implemented, used, followed, and/or communicated as vague, ambiguous and speculative.  Further guidance is forthcoming that may address, modify or supersede prior guidance.  Secretary Boockvar further objects to the extent Plaintiff intends or implies that the "Pennsylvania Balloting and Envelope Guidance dated January 30, 2020", is the only guidance applicable to the June 2, 2020 Primary Election and the November

3, 2020 General Election.  Secretary Boockvar further objects to this Interrogatory to the extent that it fails to take into account that the Election Code ultimately governs the rules and procedures regarding the Commonwealth's elections.  Subject to and without waiving these objections, Secretary Boockvar responds:  The Department of State, Bureau of Election Security and Technology released the document titled "Pennsylvania Balloting and Envelope Guidance" on January 30, 2020 to serve as guidelines as to some provisions in Act 77 and some permissible actions under Act 77 or some other portion of the Election Code.  The document, being in writing, speaks for itself.  By way of further response, the Election Code, as amended by Act 77, governs mail-in and absentee voting.  Other guidance was provided in addition to Exhibit 2, including the January 10, 2020 guidance at Exhibit 1, and additional guidance is forthcoming that may address, modify or supersede prior guidance in advance of the November 3, 2020 election.

6.     Please identify all correspondence, memoranda, email messages, postings, or other communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (I) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any County Election Board; (iv) any District Election Board; and (v) any of Your employees, agents, or other representatives acting on Your behalf; and (b) concern, relate to, describe, explain, or justify the Procedures, Practices, Rules, Regulations, and/or Instructions attached as Exhibit 2, including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**ANSWER:** OBJECTION.  Secretary Boockvar objects to this Interrogatory as vague, unduly burdensome, overbroad and seeking information which is not relevant or reasonably calculated to

lead to the discovery of admissible evidence.   Secretary Boockvar further objects to this interrogatory because it is disproportionate to the needs of the litigation. Secretary Boockvar further objects to Plaintiffs' definition of "You" and "Your" as unreasonably burdensome and harassing.  Secretary Boockvar objects to the extent that information sought is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Secretary Boockvar further objects to Plaintiffs' definition of "Procedures, Practices, Rules, Regulations, and/or Instructions" to include any and all procedures, practices, rules, regulations, and/or instructions which are "intended" to be implemented, used, followed, and/or communicated as vague, ambiguous and speculative.  Further guidance is forthcoming that may address, modify or supersede prior guidance.  Secretary Boockvar further objects to this Interrogatory to the extent it purports to require the production of oral communications, internal communications and communications with persons other than election officials on the grounds that such a request is irrelevant and not proportional to the needs of the case or the time allotted for discovery.  Subject to and without waiving these objections, Secretary Boockvar responds that, pursuant to Fed. R. Civ. P. 33(d), the documents issued by Secretary Boockvar or at her direction relating to Exhibit 2, if any, and from which the answer to this Interrogatory may be determined by review thereof, will be provided.  By way of further response, documents were made publicly available via the Department of State, Election Administration Tools,  website.

7.      Please identify all Procedures, Practices, Rules, Regulations, and/or Instructions that You published and/or provided to the County Election Boards for use in the June 2, 2020 Primary Election and/or the November 3, 2020 General Election concerning or relating to the franking or prepayment of postage for either the application for absentee and/or mail-in ballots or the voted absentee and/or mail-in ballots.

**ANSWER:** OBJECTION.  Secretary Boockvar objects to this Interrogatory as vague, unduly burdensome, overbroad and seeking information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Secretary Boockvar further objects to this interrogatory because it is disproportionate to the needs of the litigation. Secretary Boockvar further objects to Plaintiffs' definition of "You" and "Your" to include attorneys acting on Secretary Boockvar's behalf.  Secretary Boockvar objects to the extent that information sought is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Secretary Boockvar further objects to Plaintiffs' definition of "Procedures, Practices, Rules, Regulations, and/or Instructions" to include any and all procedures, practices, rules, regulations, and/or instructions which are "intended" to be implemented, used, followed, and/or communicated as vague, ambiguous and speculative.  Further guidance is forthcoming that may address, modify or supersede prior guidance.  Subject to and without waiving these objections, Secretary Boockvar responds that, pursuant to Fed. R. Civ. P. 33(d), guidance issued by Secretary Boockvar or at her direction relating to franking or prepayment of postage, if any, and from which the answer to this Interrogatory may be determined by review thereof, will be provided.

8.      Please identify all correspondence, memoranda, email messages, postings, or other communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (I) any political party or body, political

committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any County Election Board; (iv) any District Election Board; and (v) any of Your employees, agents, or other representatives acting on Your behalf; and (b) concern, relate to, describe, explain, or justify the Procedures, Practices, Rules, Regulations, and/or Instructions identified in Your answer to the preceding Interrogatory, including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**ANSWER:** OBJECTION.  Secretary Boockvar objects to this Interrogatory as vague, unduly burdensome, overbroad and seeking information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Secretary Boockvar further objects to this interrogatory because it is disproportionate to the needs of the litigation.  Secretary Boockvar further objects to Plaintiffs' definition of "You" and "Your" as unreasonably burdensome and harassing.  Secretary Boockvar objects to the extent that information sought is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Secretary Boockvar further objects to Plaintiffs' definition of "Procedures, Practices, Rules, Regulations, and/or Instructions" to include any and all procedures, practices, rules, regulations, and/or instructions which are "intended" to be implemented, used, followed, and/or communicated as vague, ambiguous and speculative.  Further guidance is forthcoming that may address, modify or supersede prior guidance.  Secretary Boockvar further objects to this request to the extent it purports to require the production of oral communications, internal communications and communications with persons other than election officials on the grounds that such a request is irrelevant and not proportional to the needs of the case or the time allotted for discovery.  Subject to and without waiving these objections, Secretary Boockvar responds that pursuant to Fed. R.

Civ. P. 33(d), guidance issued by Secretary Boockvar or at her direction relating to franking or prepayment of postage, if any, and from which the answer to this Interrogatory may be determined by review thereof, will be provided. By way of further response, many of these documents were made publicly available via the Department of State, Election Administration Tools, website.

9.      Please identify all Procedures, Practices, Rules, Regulations, and/or Instructions that You published and/or provided to the County Election Boards for use in the June 2, 2020 Primary Election and/or the November 3, 2020 General Election concerning or relating to the pre-canvassing, canvassing, counting, and/or tabulation of voted absentee and/or mail-in ballots, and state whether the document attached as Exhibit 3 and with a subject title of "Important DOS Email re: Absentee/Mail-in Ballot Canvass" and a date of May 28, 2020, constitutes part of those Procedures, Practices, Rules, Regulations, and/or Instructions.

**ANSWER:** OBJECTION.  Secretary Boockvar objects to this Interrogatory as vague, unduly burdensome, overbroad and seeking information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Secretary Boockvar further objects to this interrogatory because it is disproportionate to the needs of the litigation.  Secretary Boockvar further objects to Plaintiffs' definition of "You" and "Your" as unreasonably harassing and burdensome.  Secretary Boockvar objects to the extent that information sought is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Secretary Boockvar further objects to Plaintiffs' definition of "Procedures, Practices, Rules, Regulations, and/or Instructions" to include any and all procedures, practices, rules, regulations, and/or instructions which are "intended" to be implemented, used, followed, and/or communicated as vague, ambiguous and speculative.  Further guidance is forthcoming that may address, modify or supersede prior guidance prior.  Subject to and without waiving these objections, Secretary

Boockvar responds:  The document attached as Exhibit 3 and with a subject title of "Important DOS Email re: Absentee/Mail-in Ballot Canvass" and a date of May 28, 2020, was sent by Deputy Secretary for Elections and Commissions Jonathan Marks to the county boards of elections concerning the canvassing of absentee and mail-in ballots.  The written document speaks for itself. By way of further response, the Election Code, as amended by Act 77, governs the pre-canvassing, canvassing, counting, and/or tabulation of voted absentee and/or mail-in ballots.. Pursuant to Fed. R. Civ. P. 33(d), guidance issued by Secretary Boockvar or at her direction concerning or relating to the pre-canvassing, canvassing, counting, and/or tabulation of voted absentee and/or mail-in ballots, if any, and from which the answer to this Interrogatory may be determined by review thereof, will be provided.

10.    Please identify all correspondence, memoranda, email messages, postings, or other communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (I) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any County Election Board; (iv) any District Election Board; and (v) any of Your employees, agents, or other representatives acting on Your behalf; and (b) concern, relate to, describe, explain, or justify the Procedures, Practices, Rules, Regulations, and/or Instructions identified in Your answer to the preceding Interrogatory, including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**ANSWER:** OBJECTION.  Secretary Boockvar objects to this Interrogatory as vague, unduly burdensome, overbroad and seeking information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Secretary Boockvar further objects to this

Interrogatory because it is disproportionate to the needs of the litigation. Secretary Boockvar further objects to Plaintiffs' definition of "You" and "Your" as unreasonably burdensome and harassing. Secretary Boockvar objects to the extent that information sought is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Secretary Boockvar further objects to Plaintiffs' definition of "Procedures, Practices, Rules, Regulations, and/or Instructions" to include any and all procedures, practices, rules, regulations, and/or instructions which are "intended" to be implemented, used, followed, and/or communicated as vague, ambiguous and speculative. Further guidance is forthcoming that may address, modify or supersede prior guidance. Secretary Boockvar further objects to this request to the extent it purports to require the production of oral communications, internal communications and communications with persons other than election officials on the grounds that such a request is irrelevant and not proportional to the needs of the case or the time allotted for discovery. Subject to and without waiving these objections, Secretary Boockvar responds that, pursuant to Fed. R. Civ. P. 33(d), documents issued by Secretary Boockvar or at her direction relating the pre-canvassing, canvassing, counting, and/or tabulation of voted absentee and/or mail-in ballots, if any, and from which the answer to this Interrogatory may be determined by review thereof, will be provided.

11.     Please identify all incidents known or reported to You from the June 2, 2020 Primary Election of: (a) electors who applied for and/or voted an absentee or mail-in ballot and also voted in-person, either on a voting machine or via a paper or provisional ballot, on Election Day at a polling place; (b) electors who received and/or voted more than one absentee or mail-in ballot; (c) non-disabled electors whose absentee or mail-in ballots were mailed or delivered in-person by a person other the non-disabled electors who voted the absentee or mail-in ballots; and/or

(d) electors who claimed that someone had impersonated them and/or cast either in-person, absentee, and/or mail-in ballots for them without their knowledge, consent, or authorization, and for each such incident, state what review or investigation was undertaken by You or any County Election Board in response to the incident, including all determinations made on the incident, legal actions filed, and referrals to law enforcement.

**ANSWER:** OBJECTION.  Secretary Boockvar objects to this Interrogatory as vague, unduly burdensome, overbroad and seeking information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Secretary Boockvar further objects to Plaintiffs' definition of "You" and "Your" as unreasonably burdensome and harassing.  Secretary Boockvar objects to the extent that information sought is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Secretary Boockvar further objects to Plaintiffs' definition of "Procedures, Practices, Rules, Regulations, and/or Instructions" to include any and all procedures, practices, rules, regulations, and/or instructions which are "intended" to be implemented, used, followed, and/or communicated as vague, ambiguous and speculative.  Further guidance is forthcoming that may address, modify or supersede prior guidance.  Secretary Boockvar further objects to this Interrogatory to the extent that is seeks information in the custody, control, and possession of third parties. Subject to and without waiving these objections, Secretary Boockvar responds:  See "Pennsylvania 2020 Primary Election Act 35 of 2020 Report" dated August 1, 2020.

12.    Please state whether the document attached as Exhibit 4 and titled "Pennsylvania Provisional Voting Guidance," with a date of March 5, 2020, and version number 1.0, sets forth the provisional voting Procedures, Practices, Rules, Regulations, and/or Instructions that You

published and/or provided to the County Election Boards for use in the June 2, 2020 Primary Election and the November 3, 2020 General Election.

**ANSWER:** OBJECTION.   Secretary Boockvar objects to this Interrogatory as vague, unduly burdensome, overbroad and seeking information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence.   Secretary Boockvar further objects to Plaintiffs' definition of "You" and "Your" as unreasonably burdensome and harassing.   Secretary Boockvar objects to the extent that information sought is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Secretary Boockvar further objects to Plaintiffs' definition of "Procedures, Practices, Rules, Regulations, and/or Instructions" to include any and all procedures, practices, rules, regulations, and/or instructions which are "intended" to be implemented, used, followed, and/or communicated as vague, ambiguous and speculative.   Further guidance is forthcoming that may address, modify or supersede prior guidance.   Subject to and without waiving these objections, Secretary Boockvar responds:   The Department of State, Bureau of Election Security and Technology released the document on March 5, 2020 to serve as guidelines as to some provisions in  Act 77 and some permissible actions under Act 77 or some other portion of the Election Code.   The written document speaks for itself. Additional guidance is forthcoming that may further address, modify or supersede prior guidance in advance of the November 3, 2020 election.

13.     Please identify all correspondence, memoranda, email messages, postings, or other communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (I) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any County Election Board; (iv) any

District Election Board; and (v) any of Your employees, agents, or other representatives acting on Your behalf; and (b) concern, relate to, describe, explain, or justify the Procedures, Practices, Rules, Regulations, and/or Instructions attached as Exhibit 4, including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**ANSWER:** OBJECTION.  Secretary Boockvar objects to this Interrogatory as vague, unduly burdensome, overbroad and seeking information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Secretary Boockvar further objects to Plaintiffs' definition of "You" and "Your" as unreasonably burdensome and harassing.   Secretary Boockvar objects to the extent that information sought is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Secretary Boockvar further objects to Plaintiffs' definition of "Procedures, Practices, Rules, Regulations, and/or Instructions" to include any and all procedures, practices, rules, regulations, and/or instructions which are "intended" to be implemented, used, followed, and/or communicated as vague, ambiguous and speculative.   Further guidance is forthcoming that may address, modify or supersede prior guidance.  Secretary Boockvar further objects to this request to the extent it purports to require the production of oral communications, internal communications and communications with persons other than election officials on the grounds that such a request is irrelevant and not proportional to the needs of the case or the time allowed for discovery.  Subject to and without waiving these objections, Secretary Boockvar responds that, pursuant to Fed. R. Civ. P. 33(d), documents issued by Secretary Boockvar or at her direction relating to Exhibit 4, if any, and from which the answer to this Interrogatory may be determined by review thereof, will be provided.  By way of further

response, documents were made publicly available via the Department of State, Election Administration Tools, website.

14.     Please state whether the document attached as Exhibit 5 and titled "Rights of Watchers, Candidate & Attorneys," with a date of August, 2008, sets forth the poll watching Procedures, Practices, Rules, Regulations, and/or Instructions that You published and/or provided to the County Election Boards for use in the June 2, 2020 Primary Election and the November 3, 2020 General Election.

**ANSWER:** OBJECTION.  Secretary Boockvar objects to this Interrogatory as vague, unduly burdensome, overbroad and seeking information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Secretary Boockvar further objects to Plaintiffs' definition of "You" and "Your" as unreasonably burdensome and harassing.   Secretary Boockvar objects to the extent that information sought is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Secretary Boockvar further objects to Plaintiffs' definition of "Procedures, Practices, Rules, Regulations, and/or Instructions" to include any and all procedures, practices, rules, regulations, and/or instructions which are "intended" to be implemented, used, followed, and/or communicated as vague, ambiguous and speculative.   Further guidance is forthcoming that may address, modify or supersede prior guidance.  Secretary Boockvar further objects to the extent Plaintiff intends or implies that the "Rights of Watchers, Candidate & Attorneys," dated August 2008, is the only applicable guidance. Secretary Boockvar further objects to this interrogatory to the extent that it fails to take into account that the Election Code ultimately governs the rules and procedures regarding the Commonwealth's elections. Subject to and without waiving these objections, Secretary Boockvar responds:  The Department of State released the document in August 2008 to serve as guidance as to the rights of

watchers, candidates and attorneys.  The document was released prior to Secretary Boockvar's

appointment as Secretary of the Commonwealth.  The written document speaks for itself.

15.    Please identify all correspondence, memoranda, email messages, postings, or other

communications, whether in writing or made orally, that (a) were made by, to, and/or between You

and any other person, including without limitation: (I) any political party or body, political

committee, political action committee, non-profit organization, or other body of citizens; (ii) any

voter/elector in the Commonwealth of Pennsylvania; (iii) any County Election Board; (iv) any

District Election Board; and (v) any of Your employees, agents, or other representatives acting on

Your behalf; and (b) concern, relate to, describe, explain, or justify the Procedures, Practices,

Rules, Regulations, and/or Instructions attached as Exhibit 5, including without limitation any

incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures,

Practices, Rules, Regulations, and/or Instructions.

**ANSWER:** OBJECTION.  Secretary Boockvar objects to this Interrogatory as vague, unduly

burdensome, overbroad and seeking information which is not relevant or reasonably calculated to

lead to the discovery of admissible evidence.  Secretary Boockvar further objects to this

interrogatory as it is disproportionate to the needs of the case. Secretary Boockvar further objects

to Plaintiffs' definition of "You" and "Your" as unreasonably burdensome and harassing.

Secretary Boockvar objects to the extent that information sought is protected by the attorney-client

privilege, the attorney work product doctrine, or any other applicable privilege. Secretary

Boockvar further objects to Plaintiffs' definition of "Procedures, Practices, Rules, Regulations,

and/or Instructions" to include any and all procedures, practices, rules, regulations, and/or

instructions which are "intended" to be implemented, used, followed, and/or communicated as

vague, ambiguous and speculative.  Further guidance is forthcoming that may address, modify or

supersede prior guidance.  Secretary Boockvar further objects to this Interrogatory to the extent it purports to require the production of oral communications, internal communications and communications with persons other than election officials on the grounds that such a request is inconsistent with the understanding reached at the meet and confer session on July 23, 2020. Subject to and without waiving these objections, Secretary Boockvar responds that, pursuant to Fed. R. Civ. P. 33(d), documents issued by Secretary Boockvar or at her direction relating to Exhibit 5, if any, and from which the answer to this Interrogatory may be determined by review thereof, will be provided.

16.     From the June 2, 2020 Primary Election, please identify for each county and the sum for the Commonwealth of Pennsylvania:

(a)     The total number of absentee and mail-in ballots that were returned by mail and of this total, the number of mail-returned ballots that were: (I) pre-canvassed and counted; (ii) pre-canvassed and not counted; (iii) challenged and counted; (iv) challenged and not counted; (v) canvassed and counted; (vi) canvassed and not counted; and (vii) not canvassed and not counted;

(b)     The total number of absentee and mail-in ballots that were returned in person to the official registered offices of the county boards of elections, and of this total, the number of in-person/office-returned ballots that were: (I) pre-canvassed and counted; (ii) pre-canvassed and not counted; (iii) challenged and counted; (iv) challenged and not counted; (v) canvassed and counted; (vi) canvassed and not counted; and (vii) not canvassed and not counted; and

(c)     The total number of absentee and mail-in ballots that were returned in person to a drop-box, mobile ballot collection center, polling place, or other collection/drop-off location other than inside the official registered offices of the county boards of elections, and of this total, the number of in-person/office-returned ballots that were: (I) pre-canvassed and counted; (ii) pre-canvassed and not counted; (iii) challenged and counted; (iv) challenged and not counted; (v) canvassed and not counted; and (vii) not canvassed and not counted.

**ANSWER:** OBJECTION.  This Interrogatory exceeds the number of permissible interrogatories established pursuant to Judge Ranjan's July 17, 2020 Scheduling Order.  Secretary Boockvar objects to this Interrogatory as vague, unduly burdensome, overbroad and seeking information

which is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Secretary Boockvar further objects to this Interrogatory to the extent that is seeks information in the custody, control, and possession of third parties, including other Defendants in this case. Subject to and without waiving these objections, Secretary Boockvar responds: <u>See</u> "Pennsylvania 2020 Primary Election Act 35 of 2020 Report" dated August 1, 2020.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     Please produce all documents You referenced, relied upon, reviewed, or consulted when answering the above Interrogatories.

**RESPONSE:** OBJECTION.   Secretary Boockvar objects to this Request as vague, unduly burdensome, overbroad and seeking information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence.   Secretary Boockvar further objects to Plaintiffs' definition of "You" and "Your" as unreasonably burdensome and harassing.   Secretary Boockvar objects to the extent that information sought is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Subject to and without waiving these objections, Secretary Boockvar responds:   Documents referenced in the answers to Interrogatories will be provided.

2.     Please produce all Procedures, Practices, Rules, Regulations, and/or Instructions You implemented, used, followed, and/or communicated in the June 2, 2020 Primary Election, and all Procedures, Practices, Rules, Regulations, and/or Instructions that You intend to implement, use, follow, and/or communicate in the November 3, 2020 General Election, concerning or relating to the receipt, storage, review, delivery, return, collection, and counting of paper ballots, including but not limited to absentee, mail-in, provisional, and alternative emergency ballots, and all correspondence, memoranda, email messages, postings, or other documents reflecting communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (I) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any County Election Board; (iv) any District Election Board; and (v) any of Your employees, agents, or other representatives acting

on Your behalf; and (b) concern, relate to, describe, explain, or justify such Procedures, Practices, Rules, Regulations, and/or Instructions , including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**RESPONSE:** OBJECTION.   Secretary Boockvar objects to this Request as vague, unduly burdensome, overbroad and seeking information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence.   Secretary Boockvar further objects to Plaintiffs' definition of "You" and "Your" as unreasonably burdensome and harassing.   Secretary Boockvar objects to the extent that information sought is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Secretary Boockvar further objects to Plaintiffs' definition of "Procedures, Practices, Rules, Regulations, and/or Instructions" to include any and all procedures, practices, rules, regulations, and/or instructions which are "intended" to be implemented, used, followed, and/or communicated as vague, ambiguous and speculative.   Further guidance is forthcoming that may address, modify or supersede prior guidance.   Secretary Boockvar further objects to this Request to the extent it purports to require the production of oral communications, internal communications and communications with persons other than election officials on the grounds that such a request is not relevant and not proportional to the needs of the case or the time allotted for discovery.   Subject to and without waiving these objections, Secretary Boockvar responds:  Documents issued by Secretary Boockvar or at her direction concerning or relating to receipt, storage, review, delivery, return, collection, and counting of paper ballots, if any, will be provided.

3.     Please produce all Procedures, Practices, Rules, Regulations, and/or Instructions You implemented, used, followed, and/or communicated in the June 2, 2020 Primary Election,

and all Procedures, Practices, Rules, Regulations, and/or Instructions that You intend to implement, use, follow, and/or communicate in the November 3, 2020 General Election, concerning or relating to the pre-canvassing, canvassing, and/or counting of absentee and/or mail-in ballots, including without limitation (a) the timing of when such pre-canvassing, canvassing, and/or counting shall occur; (b) whether absentee and/or mail-in ballots that have been (I) cast either without inner secrecy envelopes, with inner secrecy envelopes with marks, text, or symbols, or without the outside envelope's declaration being filled out, dated, and signed, and/or (ii) delivered in-person by someone other than the electors who voted the ballots should be processed, handled, counted, or disallowed, and (c) whether poll watchers can be present during any such pre-canvassing, canvassing, and/or counting, and all correspondence, memoranda, email messages, postings, or other documents reflecting communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (I) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any County Election Board; (iv) any District Election Board; and (v) any of Your employees, agents, or other representatives acting on Your behalf; and (b) concern, relate to, describe, explain, or justify such Procedures, Practices, Rules, Regulations, and/or Instructions , including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**RESPONSE:** OBJECTION.  Secretary Boockvar objects to this Request as vague, unduly burdensome, overbroad and seeking information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Secretary Boockvar further objects to Plaintiffs' definition of "You" and "Your" as unreasonably burdensome and harassing.  Secretary Boockvar

objects to the extent that information sought is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Secretary Boockvar further objects to Plaintiffs' definition of "Procedures, Practices, Rules, Regulations, and/or Instructions" to include any and all procedures, practices, rules, regulations, and/or instructions which are "intended" to be implemented, used, followed, and/or communicated as vague, ambiguous and speculative. Further guidance is forthcoming that may address, modify or supersede prior guidance. Secretary Boockvar further objects to this Request to the extent it purports to require the production of oral communications, internal communications and communications with persons other than election officials on the grounds that such a request is not relevant and not proportional to the needs of the case or the time allotted for discovery. Subject to and without waiving these objections, Secretary Boockvar responds: Documents issued by Secretary Boockvar or at her direction concerning or relating to pre-canvassing, canvassing, and/or counting of absentee and/or mail-in ballots, if any, will be provided.

4.      Please produce all Procedures, Practices, Rules, Regulations, and/or Instructions You implemented, used, followed, and/or communicated in the June 2, 2020 Primary Election, and all Procedures, Practices, Rules, Regulations, and/or Instructions that You intend to implement, use, follow, and/or communicate in the November 3, 2020 General Election, concerning or relating to the use, type, number, location, security, monitoring, advertisement, funding, and other factors or best practices for using drop boxes, mobile ballot collection centers, polling places, or other collection/drop-off locations to receive voted absentee and/or mail-in ballots, including without limitation documenting security and chain of custody of such delivered ballots, and all correspondence, memoranda, email messages, postings, or other documents reflecting communications, whether in writing or made orally, that (a) were made by, to, and/or

between You and any other person, including without limitation: (I) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any County Election Board; (iv) any District Election Board; and (v) any of Your employees, agents, or other representatives acting on Your behalf; and (b) concern, relate to, describe, explain, or justify such Procedures, Practices, Rules, Regulations, and/or Instructions , including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**RESPONSE:** OBJECTION.  Secretary Boockvar objects to this Request as vague, unduly burdensome, overbroad and seeking information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Secretary Boockvar further objects to Plaintiffs' definition of "You" and "Your" as unreasonably burdensome and harassing.  Secretary Boockvar objects to the extent that information sought is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Secretary Boockvar further objects to Plaintiffs' definition of "Procedures, Practices, Rules, Regulations, and/or Instructions" to include any and all procedures, practices, rules, regulations, and/or instructions which are "intended" to be implemented, used, followed, and/or communicated as vague, ambiguous and speculative.  Further guidance is forthcoming that may address, modify or supersede prior guidance.  Secretary Boockvar further objects to this Request to the extent it purports to require the production of oral communications, internal communications and communications with persons other than election officials on the grounds that such a request is not relevant and not proportional to the needs of the case or the time allotted for discovery.  Subject to and without waiving these objections, Secretary Boockvar responds:  Documents issued by Secretary Boockvar

or at her direction concerning or relating to use of drop boxes, mobile ballot collection centers, polling places, or other collection/drop-off locations to receive voted absentee and/or mail-in ballots, if any, will be provided.

5.      Please produce all Procedures, Practices, Rules, Regulations, and/or Instructions You implemented, used, followed, and/or communicated in the June 2, 2020 Primary Election, and all Procedures, Practices, Rules, Regulations, and/or Instructions that You intend to implement, use, follow, and/or communicate in the November 3, 2020 General Election, concerning or relating to the circumstances under which a person other than the non-disabled elector may return or deliver an absentee or mail-in ballot for that non-disabled elector, and all correspondence, memoranda, email messages, postings, or other documents reflecting communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (I) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any County Election Board; (iv) any District Election Board; and (v) any of Your employees, agents, or other representatives acting on Your behalf; and (b) concern, relate to, describe, explain, or justify such Procedures, Practices, Rules, Regulations, and/or Instructions , including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**RESPONSE:** OBJECTION.  Secretary Boockvar objects to this Request as vague, unduly burdensome, overbroad and seeking information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Secretary Boockvar further objects to Plaintiffs' definition of "You" and "Your" as unreasonably burdensome and harassing.  Secretary Boockvar

objects to the extent that information sought is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Secretary Boockvar further objects to Plaintiffs' definition of "Procedures, Practices, Rules, Regulations, and/or Instructions" to include any and all procedures, practices, rules, regulations, and/or instructions which are "intended" to be implemented, used, followed, and/or communicated as vague, ambiguous and speculative. Further guidance is forthcoming that may further address, modify or supersede prior guidance prior to the November 3, 2020 election. Secretary Boockvar further objects to this Request to the extent it purports to require the production of oral communications, internal communications and communications with persons other than election officials on the grounds that such a request is not relevant and not proportional to the needs of the case or the time allotted for discovery. Subject to and without waiving these objections, Secretary Boockvar responds: Documents issued by Secretary Boockvar or at her direction concerning or relating to circumstances under which a person other than the non-disabled elector may return or deliver an absentee or mail-in ballot for that non-disabled elector, if any, will be provided.

6.      Please produce all Procedures, Practices, Rules, Regulations, and/or Instructions You implemented, used, followed, and/or communicated in the June 2, 2020 Primary Election, and all Procedures, Practices, Rules, Regulations, and/or Instructions that You intend to implement, use, follow, and/or communicate in the November 3, 2020 General Election, concerning or relating to the processing, verification, acceptance and/or rejection of applications for absentee and/or mail-in ballots, including without limitation whether County Election Boards should mail applications to all registered voters or qualified electors without a signed written request or application from such electors and whether to frank or prepay the postage for any or all completed and returned applications, and all correspondence, memoranda, email messages,

postings, or other documents reflecting communications, whether in writing or made orally, that
(a) were made by, to, and/or between You and any other person, including without limitation: (I)
any political party or body, political committee, political action committee, non-profit
organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of
Pennsylvania; (iii) any other County Election Board; (iv) any District Election Board; (v) any of
Your employees, agents, or other representatives acting on Your behalf; and/or (vi) Secretary
Boockvar and/or the Elections Department; and (b) concern, relate to, describe, explain, or justify
such Procedures, Practices, Rules, Regulations, and/or Instructions, including without limitation
any incidents, complaints, concerns, changes, modifications, or supplementation to such
Procedures, Practices, Rules, Regulations, and/or Instructions.

**RESPONSE:** OBJECTION.  Secretary Boockvar objects to this Request as vague, unduly
burdensome, overbroad and seeking information which is not relevant or reasonably calculated to
lead to the discovery of admissible evidence.  Secretary Boockvar further objects to Plaintiffs'
definition of "You" and "Your" as unreasonably burdensome and harassing.  Secretary Boockvar
objects to the extent that information sought is protected by the attorney-client privilege, the
attorney work product doctrine, or any other applicable privilege. Secretary Boockvar further
objects to Plaintiffs' definition of "Procedures, Practices, Rules, Regulations, and/or Instructions"
to include any and all procedures, practices, rules, regulations, and/or instructions which are
"intended" to be implemented, used, followed, and/or communicated as vague, ambiguous and
speculative.  Further guidance is forthcoming that may address, modify or supersede prior
guidance.  Secretary Boockvar further objects to this Request to the extent it purports to require
the production of oral communications, internal communications and communications with
persons other than election officials on the grounds that such a request is not relevant and not

proportional to the needs of the case or the time allotted for discovery.  Subject to and without waiving these objections, Secretary Boockvar responds:  Documents issued by Secretary Boockvar or at her direction concerning or relating to processing, verification, acceptance and/or rejection of applications for absentee and/or mail-in ballots, if any, will be provided.

       7.      Please produce all Procedures, Practices, Rules, Regulations, and/or Instructions You implemented, used, followed, and/or communicated in the June 2, 2020 Primary Election, and all Procedures, Practices, Rules, Regulations, and/or Instructions that You intend to implement, use, follow, and/or communicate in the November 3, 2020 General Election, concerning or relating to issuance of absentee and/or mail-in ballots, including without limitation whether County Election Boards should send absentee or mail-in ballots to all registered voters or qualified electors in their county without a signed written request or application from such voters or electors, and/or whether County Election Boards should frank or pre-pay the postage for voted absentee and/or mail-in ballots, and all correspondence, memoranda, email messages, postings, or other documents reflecting communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (I) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any County Election Board; (iv) any District Election Board; and (v) any of Your employees, agents, or other representatives acting on Your behalf; and (b) concern, relate to, describe, explain, or justify such Procedures, Practices, Rules, Regulations, and/or Instructions , including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**RESPONSE:** OBJECTION.   Secretary Boockvar objects to this Request as vague, unduly burdensome, overbroad and seeking information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence.   Secretary Boockvar further objects to Plaintiffs' definition of "You" and "Your" as unreasonably burdensome and harassing.   Secretary Boockvar objects to the extent that information sought is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Secretary Boockvar further objects to Plaintiffs' definition of "Procedures, Practices, Rules, Regulations, and/or Instructions" to include any and all procedures, practices, rules, regulations, and/or instructions which are "intended" to be implemented, used, followed, and/or communicated as vague, ambiguous and speculative.   Further guidance is forthcoming that may further address, modify or supersede prior guidance.   Secretary Boockvar further objects to this Request to the extent it purports to require the production of oral communications, internal communications and communications with persons other than election officials on the grounds that such a request is not relevant and not proportional to the needs of the case or the time allotted for discovery.   Subject to and without waiving these objections, Secretary Boockvar responds:  Documents issued by Secretary Boockvar or at her direction concerning or relating to issuance of absentee and/or mail-in ballots, if any, will be provided.

8.     Please produce all Procedures, Practices, Rules, Regulations, and/or Instructions You implemented, used, followed, and/or communicated in the June 2, 2020 Primary Election, and all Procedures, Practices, Rules, Regulations, and/or Instructions that You intend to implement, use, follow, and/or communicate in the November 3, 2020 General Election, concerning or relating to the accreditation of poll watchers, the issuance and verification of poll watcher's certificates, and whether poll watchers are permitted to monitor the issuance, return,

casting, and counting of all ballots, including without limitation absentee and/or mail-in ballots, and all correspondence, memoranda, email messages, postings, or other documents reflecting communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (I) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any County Election Board; (iv) any District Election Board; and (v) any of Your employees, agents, or other representatives acting on Your behalf; and (b) concern, relate to, describe, explain, or justify such Procedures, Practices, Rules, Regulations, and/or Instructions , including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**RESPONSE:** OBJECTION.   Secretary Boockvar objects to this Request as vague, unduly burdensome, overbroad and seeking information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Secretary Boockvar further objects to Plaintiffs' definition of "You" and "Your" as unreasonably burdensome and harassing.  Secretary Boockvar objects to the extent that information sought is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Secretary Boockvar further objects to Plaintiffs' definition of "Procedures, Practices, Rules, Regulations, and/or Instructions" to include any and all procedures, practices, rules, regulations, and/or instructions which are "intended" to be implemented, used, followed, and/or communicated as vague, ambiguous and speculative.  Further guidance is forthcoming that may further address, modify or supersede prior guidance.  Secretary Boockvar further objects to this Request to the extent it purports to require the production of oral communications, internal communications and communications with

persons other than election officials on the grounds that such a request is not relevant and not proportional to the needs of the case or the time allotted for discovery.  Subject to and without waiving these objections, Secretary Boockvar responds:  Documents issued by Secretary Boockvar or at her direction concerning or relating to the accreditation of poll watchers, the issuance and verification of poll watcher's certificates, and whether poll watchers are permitted to monitor the issuance, return, casting, and counting of all ballots, if any, will be provided.

9.      Please produce all Procedures, Practices, Rules, Regulations, and/or Instructions You implemented, used, followed, and/or communicated in the June 2, 2020 Primary Election, and all Procedures, Practices, Rules, Regulations, and/or Instructions that You intend to implement, use, follow, and/or communicate in the November 3, 2020 General Election, concerning or relating to how County Election Boards or District Election Boards ensure that electors who voted via absentee or mail-in ballot do not vote again in-person on Election Day, or if they do, they do not have more than one of their votes counted, including without limitation how County Election Boards should notify or inform the District Election Boards which voters are entitled to vote on Election Day, either by way of a paper ballot, on a machine, or via a provisional ballot, and  how County Election Boards are to mark or supplement the poll books that are delivered to the District Election Boards with such information, and all correspondence, memoranda, email messages, postings, or other documents reflecting communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (I) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any County Election Board; (iv) any District Election Board; and (v) any of Your employees, agents, or other representatives acting on Your behalf; and (b)

concern, relate to, describe, explain, or justify such Procedures, Practices, Rules, Regulations, and/or Instructions , including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**RESPONSE:** OBJECTION.  Secretary Boockvar objects to this Request as vague, unduly burdensome, overbroad and seeking information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Secretary Boockvar further objects to Plaintiffs' definition of "You" and "Your" as unreasonably burdensome and harassing. Secretary Boockvar objects to the extent that information sought is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Secretary Boockvar further objects to Plaintiffs' definition of "Procedures, Practices, Rules, Regulations, and/or Instructions" to include any and all procedures, practices, rules, regulations, and/or instructions which are "intended" to be implemented, used, followed, and/or communicated as vague, ambiguous and speculative.  Further guidance is forthcoming that may address, modify or supersede prior guidance.  Secretary Boockvar further objects to this Request to the extent it purports to require the production of oral communications, internal communications and communications with persons other than election officials on the grounds that such a request is not relevant and not proportional to the needs of the case or the time allotted for discovery.  Subject to and without waiving these objections, Secretary Boockvar responds:  Documents issued by Secretary Boockvar or at her direction concerning or relating to how County Election Boards or District Election Boards ensure that electors who voted via absentee or mail-in ballot do not vote again in-person on Election Day, or if they do, they do not have more than one of their votes counted, if any, will be provided.

10.     Please produce all documents concerning or relating to all incidents known or reported to You having occurred during the June 2, 2020 Primary Election and involving either:

    a.     Electors who applied for and/or voted an absentee or mail-in ballot and also voted in-person, either on a voting machine or via a paper or provisional ballot, on Election Day at a polling place;

    b.     Electors who received and/or voted more than one absentee or mail-in ballot;

    c.     Non-disabled electors whose absentee or mail-in ballots were mailed or delivered in-person by a person other the non-disabled electors who voted the absentee or mail-in ballots; and/or

    d.     Electors who claimed that someone had impersonated them and/or cast either in-person, absentee, and/or mail-in ballots for them without their knowledge, consent, or authorization;

including without limitation all investigative or case files, law enforcement or other civil, criminal, or administrative referrals or proceedings, notes, memoranda, correspondence, email messages, and other documents reflecting communications, whether in writing or orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (I) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any County Election Board; (iv) any District Election Board; and (v) any of Your employees, agents, or other representatives acting on Your behalf; and (b) concern, relate to, describe, or explain such incidents and the determinations made about such incidents.

**RESPONSE:** OBJECTION.   Secretary Boockvar objects to this Request as vague, unduly burdensome, overbroad and seeking information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence.   Secretary Boockvar further objects to Plaintiffs' definition of "You" and "Your" as unreasonably burdensome and harassing.   Secretary Boockvar objects to the extent that information sought is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, or any other applicable

privilege.  Secretary Boockvar further objects to this Request to the extent it purports to require the production of oral communications, internal communications and communications with persons other than election officials on the grounds that such a request is not relevant and not proportional to the needs of the case or the time allotted for discovery.  Secretary Boockvar further objects to Subject to and without waiving these objections, Secretary Boockvar responds:  <u>See</u> "Pennsylvania 2020 Primary Election Act 35 of 2020 Report" dated August 1, 2020.

Dated: August 10, 2020

Respectfully submitted,

PENNSYLVANIA OFFICE OFPENNSYLVANIA DEPARTMENT OF STATE
ATTORNEY GENERALOFFICE OF CHIEF COUNSEL

By: <u>*/s/ Karen M. Romano*</u>
    Karen M. Romano
    Keli M. Neary
    Howard G. Hopkirk
    Nicole Boland
    Stephen Moniak
    15th Floor, Strawberry Square
    Harrisburg, PA 17120
    (717) 787-2717 (telephone
    (717) 772-4526 (facsimile)
    kromano@attorneygeneral.gov
    kneary@attorneygeneral.gov
    hhopkirk@attorneygeneral.gov
    nboland@attorneygeneral.gov
    smoniak@attorneygeneral.gov

By: <u>*/s/ Timothy E. Gates*</u>
    Timothy E. Gates
    Kathleen M. Kotula
    306 North Office Building
    Harrisburg, PA 1712-
    (717) 783-0736 (telephone)
    (717) 214-9899 (facsimile)
    tgates@pa.gov
    kkotula@pa.gov

    Kenneth L. Joel
    M. Abbegael Giunta
    Governor's Office of General Counsel
    333 Market Street, 17th Floor
    Harrisburg, PA 17101
    (717) 787-9348 (telephone)
    (717) 787-1788 (facsimile)
    kennjoel@pa.gov
    magiunta@pa.gov

*Counsel for Kathy Boockvar*
*Secretary of the Commonwealth of Pennsylvania*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this 10th day of August 2020, she caused one copy of the foregoing Secretary of the Commonwealth Kathy Boockvar's Objections and Responses to Plaintiffs' Interrogatories and Requests for Production of Documents to be served via email upon the following:

POTTER WRIGHT MORRIS & ARTHUR LLP
Ronald L. Hicks, Jr.
Jeremy A. Mercer
Russel D. Giancola
rhicks@porterwright.com
jmercer@porterwright.com
rgiancola@porterwright.com

ELECTIONS LLC
Matthew E. Morgan
Justin Clark
matthew.morgan@electionlawllc.com
justin.clark@electionlawllc.com

*/s/ Karen M. Romano*
KAREN M. ROMANO

*Attorney for Secretary of the Commonwealth*
*Kathy Boockvar*