## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., *et al.*, Plaintiffs | No. 2:20-CV-00966-NR |
| v. | Judge J. Nicholas Ranjan |
| KATHY BOOCKVAR, *et al.*, Defendants | Electronically Filed Document |

## DEFENDANT NORTHAMPTON COUNTY BOARD OF ELECTION'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY STAY ORDER (ECF #410) AND MOTION FOR LIMITED <u>PRELIMINARY INJUNCTIVE RELIEF</u>

Answering Defendant Northampton County Board of Elections ("Northampton County) respectfully requests that this Court deny and dismiss Plaintiffs' Motion to Modify Stay Order and Motion for Limited Preliminary Injunctive Relief.  The Motions are premature as Pennsylvania's state courts have not had a reasonable opportunity to address the claims made in the state court litigation.  Plaintiffs failed to establish that they will suffer imminent and irreparable harm absent the stay or that they are likely to prevail on the merits of their claims.  Finally, Plaintiffs' request for an order requiring counties to preserve surveillance footage of drop boxes or county election offices is without legal basis, overly burdensome, and would override legitimate and important security and safety concerns.

1. **Plaintiffs' Request for Preliminary Injunctive Relief is Premature**

Before addressing whether Plaintiffs have met the standard for a preliminary injunction, their requests for relief should be dismissed as premature. The General Election is set to be held on November 3, 2020. Currently, county boards of election are permitted to "pre-canvass" absentee and mail-in ballots at 7:00 a.m. on Election Day allowing the boards of election to count absentee and mail-in ballots prior to the close of polls but prohibiting the boards of election from disclosing results until after the polls have closed. See 25 P.S. § 3146.8(g). Although Election Day is two months away, Plaintiffs are asking this Court to inject itself back into this dispute regarding interpretations of state law and issue a preliminary injunction based on speculated harm without a sufficient showing that Plaintiffs are likely to prevail on the merits.

The "primary purpose of a preliminary injunction is the maintenance of the status quo." *Republican Party of Pa. v. Cortés*, 218 F. Supp. 3d 396, 404 (E.D. Pa. 2016) (quoting *Acierno v. New Castle Cty.*, 40 F.3d 645, 647 (3d Cir. 1994)). When the preliminary injunction is not directed at preserving the status quo but instead seeks the imposition of mandatory relief, the burden on the moving party is particularly heavy. Id.

Whether a preliminary injunction is premature is essentially an evaluation of ripeness for disposition. When determining whether a matter is ripe for disposition, a court must "evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Tait v. City of Phila.*, 639 F. Supp. 2d 582, 592 (E.D. Pa. 2009) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967),

*overruled on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)).  Among the factors a court considers on the fitness issue includes whether the claim involves uncertain and contingent events that may not occur as anticipated or at all, the extent to which a claim is bound up in the facts, and whether the parties to the action are sufficiently averse. *Tait*, *supra* at 593 (quoting *Phila. Fed'n of Teachers v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998)).  With respect to the hardship prong, the court considers the hardship which may be entailed in denying judicial review and whether the challenged action creates a "direct and immediate" dilemma for the parties such that lack of adjudication will "put the plaintiffs to costly chance."  *Id*.

Plaintiffs' claims of harm are speculative and based on assumptions and contingences that may be resolved by the state courts or by the Pennsylvania General Assembly.  (*See* Shortell, Tom, *Republicans, Wolf in talks over voting*, The Morning Call, August 27, 2020, http://www.mcall.com/news/elections/mc-nws-pennsylvania-election-law-amendments-20200827-g2rd6mow4vaoljrn73z3tnfdjq-story.html).  This Honorable Court decided to abstain from a decision in this case pending resolution of the state court's interpretations of relevant provisions of the Pennsylvania Election Code.  On September 1, 2020, the Pennsylvania Supreme Court granted the Secretary of the Commonwealth's Application to Exercise Extraordinary Jurisdiction and directed the parties to file supplemental briefs or affidavits to support their positions by September 8, 2020.  (See Exhibit "A," Order of Court dated September 1, 2020). Pennsylvania's courts are moving expediently to adjudicate this dispute.  The election is two (2) months away.  Plaintiffs have failed to assert how there is a "direct and

immediate" dilemma requiring the extraordinary remedy of a preliminary injunction at this time.  Plaintiffs' request for a preliminary injunction and to modify the stay order is premature and not ripe.

Plaintiffs' reliance on *Pierce v. Allegheny County Bd. of Elections*, 324 F. Supp. 2d 684 (W.D. Pa. 2003), is misplaced.  The *Pierce* plaintiffs filed their motion for emergency temporary restraining order and for preliminary injunction on October 31, 2003, 5 days before the date of the election at issue, which resulted in 937 hand-delivered ballots being set aside.  *Id*. at 689.  After a hearing on the preliminary injunction motion on November 4, 2003, the *Pierce* Court issued an order continuing the temporary restraining order as a limited preliminary injunction whereby the 937 hand-delivered ballots were "'deemed challenged' under Pennsylvania law."  *Id*.  The challenge to the ballots would be adjudicated in accordance with the Pennsylvania Election Code.  The *Pierce* Court also ordered that plaintiffs or any challenger was required to post bond in the amount of $10.00 for each challenged vote in accordance with 25 Pa. C.S. § 3146.8(e).

Contrary to *Pierce*, *supra*, Plaintiffs' purported basis for the preliminary injunction request is based on speculation concerning the resolution of the dispute concerning Pennsylvania's Election Code provisions at issue in both this case and the state court case.  The motion for preliminary injunction in *Pierce*, *supra* was filed on Friday, October 31, 2003 – the deadline for the return of absentee ballots under then-existing state law.

Instead of following this Court's guidance and deferring to state law and state courts with regard to issues of interpretation of state election laws, Plaintiffs seek to

circumvent Pennsylvania's Election Code and move for a modification of the stay and preliminary injunction. Plaintiffs' requested relief is far from limited; it is overly broad and will impact an unknown number of voters. Voters who lawfully cast absentee ballots or mail-in ballots in accordance with the Pennsylvania Election Code are denied the right to have their vote counted in the same manner as those voters who vote in person on Election Day under Plaintiffs' proposed Order. There is no way to tell at this time how many ballots will need to be segregated or uncounted under Plaintiffs' proposed order.

As the *Pierce* Court recognized, a mechanism exists in Pennsylvania's Election Code to challenge ballots. Plaintiffs request for "limited preliminary injunctive relief" is in essence a prospective challenge to an unknown number of ballots that may be cast on Election Day. Plaintiffs have not indicated that they intend to comply with Pennsylvania's Election Code and post the bond required by 25 Pa. C.S. § 3146.8 or bond as contemplated by Federal Rule of Civil Procedure No. 65.

Plaintiffs' own actions have slowed down the disposition of the claims pending in state court. Instead of concurring in the Secretary of the Commonwealth's request that the Pennsylvania Supreme Court exercise extraordinary jurisdiction over the state-law issues that underly Plaintiffs' central claims, Plaintiffs opposed the request. (See Exhibit "B," Republican Committee Respondents' Answer). Plaintiffs cannot argue in this action that this Court must act immediately to prevent speculative and uncertain harms when Plaintiffs are attempting to slow down the state court's resolution of the state-law issues. The "balance of equities" does not tip in Plaintiffs' favor. *See Winter v.*

*NRDC, Inc.*, 555 U.S. 7, 20 (2008).  Plaintiffs have not set forth a sufficient basis to modify this Court's order staying proceedings until October 5, 2020, or to impose the restrictive preliminary injunction requests made by Plaintiffs in their Motion.

Northampton County respectfully requests that this Honorable Court deny Plaintiffs' Motion to Modify Stay Order and Motion for Limited Preliminary Injunctive Relief as they are premature and not ripe.

**2.      Plaintiffs Failed to Establish They Are Entitled to Preliminary Injunctive Relief**

Plaintiffs have failed to establish that they are entitled to any of their requests for "limited preliminary injunctive relief."  The Supreme Court noted that injunctive relief is "an extraordinary remedy," which the Court may grant only "upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Ctr.*, 555 U.S. 7, 22, (2008).  In order to obtain a preliminary injunction, a movant must establish that the movant is: "(1) likely to succeed on the merits; (2) likely to suffer irreparable harm in the absence of the preliminary injunction; (3) "that the balance of equities tips in [movant's] favor; and (4) that an injunction is in the public interest."  *Republican Party of Pa. v. Cortés*, 218 F. Supp. 3d 396, 404 (E.D. Pa. 2016) (citing *Winter v. Nat. Res. Def. Ctr.*, 555 U.S. 7, 20 (2008)).  Plaintiffs have not established any of those claims.

With respect to the requests to segregate and not count certain categories of absentee and mail-in ballots, Plaintiffs cannot establish that they are entitled to relief. This Court abstained from rendering a decision or moving forward with this case to permit Pennsylvania's state courts to interpret the relevant provisions of Pennsylvania's

Election Code.  This Court specifically did not address the merits of Plaintiffs' claims or defenses raised in response.  When deciding to abstain, this Court was required to view the facts in a light most favorable to Plaintiffs.  Plaintiffs' reliance on this Court's reference to the Plaintiffs' interpretations as "reasonable" have no bearing on a determination as to whether Plaintiffs are likely to succeed on the merits.

The United States Constitution delegates to the States primary responsibility for conducting elections.  *See* USCS Const. Art. I, §4; USCS Const. Art. II, §1.  Federal courts generally act cautiously when asked to interfere with state election matters.  *See Pileggi v. Aichele*, 843 F. Supp. 2d 584, 592 (E.D. Pa. 2012).  This Court has acted cautiously and abstained to permit Pennsylvania's courts to interpret Pennsylvania's election laws. Plaintiffs have not proffered any basis for this Court to change its cautious approach. Plaintiffs failed to establish that they are likely to succeed on the merits in its motion.

Plaintiffs have also not established that they will suffer irreparable harm absent the entry of the preliminary injunction.  Besides being premature, Plaintiffs' claim of irreparable harm is diminished by the fact that the Pennsylvania Supreme Court has exercised jurisdiction over the state law case and imposed an expedited deadline for supplemental filings.  Pennsylvania's counties recognize the importance of obtaining resolution of the disputes concerning Pennsylvania's Election Code in advance of the November 3, 2020 General Election to permit an orderly and fair election to be conducted.  Considering the speed with which the state court action is proceeding and the amount of time remaining before the November 3, 2020 General Election, Plaintiffs

failed to establish any irreparable harm which would result without the requested preliminary injunction.

The balance of equities and public interest factors both support denial of the Plaintiffs' request for preliminary injunction.  The requested relief would impose an additional burden on election officials.  Voters who use a drop box to deliver an absentee ballot or mail-in ballot will see their vote treated differently from a voter who hand-delivers a ballot to an election office or mails the ballot to the election office.  A drop box is a valid means to facilitate the delivery of absentee ballots and mail-in ballots under the current Pennsylvania Election Code.  The discriminatory treatment of voters who use a drop box as suggested by Plaintiffs is not in the public interest.

Additionally, without offering any legal basis or discussion for why they are requesting this relief, Plaintiffs request that they be granted:

> preliminary injunctive relief ordering Defendants to retain and make available for periodic review all digital images and video to the extent any video security surveillance system or internal camera is available and used to monitor drop-boxes or other sites and locations, including a county election office, used for the return and collection of cast absentee and mail-in ballots.

(Plaintiffs Motion to Modify Stay Order and Motion for Limited Preliminary Injunctive Relief, ¶47(c).  There is absolutely no discussion in Plaintiffs' Motion which provides a factual or legal basis to support this request for relief.

Plaintiffs did not make any formal discovery request to Northampton County (or any county for that matter) for video security surveillance system footage or internal camera footage in the Interrogatories or Request for Production of Documents.  (See Exhibit "C," Plaintiffs Interrogatories and Request for Production of Documents).  The

existence of, or lack of, video surveillance footage of drop boxes or county election offices was not raised in Plaintiffs' Complaint or Amended Complaint. Without explanation or citation to any legal authority, Plaintiffs now ask this Court to mandate "periodic review" of video surveillance of drop boxes and county election offices and mandate retention of video surveillance. This request is wholly improper in this litigation and without any legal or factual support.

As discussed in more detail, *infra*, there are legitimate security and safety concerns unique to Northampton County which justify the denial of Plaintiffs' request that Northampton County maintain and provide "periodic review" of video surveillance. Plaintiffs have not explained what they mean by "periodic review." Who gets to review video footage? How often would video footage be reviewed? How would those individuals be determined? Would there be any protection afforded to the privacy rights of members of the public or employees of Northampton County? How would such review be accomplished? What costs would counties incur in offering such review? Is such a review practically feasible given the nature of the counties video surveillance or internal camera equipment? Plaintiffs have not offered answers to any of these, or many other, questions. There are absolutely no facts of record which permit this Court to grant the relief Plaintiffs request with respect to the video surveillance footage and internal camera footage, to the extent they exist or will exist. Northampton County respectfully requests that this Court dismiss and deny Plaintiffs' request for an injunction mandating retention and "periodic review" of video surveillance footage or internal camera footage.

3.      **Plaintiffs Are Not Entitled to View or Obtain Video Surveillance Footage Via a Request for Preliminary Injunction**

Even if this Court were to entertain Plaintiffs' request for access to video security surveillance systems or internal cameras despite the fact that this request is not properly before the Court, such a request would harm and override the legitimate safety and security concerns of Northampton County and be impossible to perform.  Northampton County's Election Office is located at 669 Washington Street, Easton, PA 18042.  The building located at 669 Washington Street, Easton, PA 18042 houses offices for various departments of the County of Northampton as well as the Northampton County Court of Common Pleas.  The public entrance to the building is known as "the rotunda." Since "the rotunda" serves as the public entrance to multiple county government departments as well as the Northampton County Court of Common Pleas, it is part of the "court facility" as well as part of the government center.  *See* 18 Pa. C.S. 913(f).

At the time of the filing of this Motion, Northampton County intends to utilize a secure ballot return receptacle (referred to as a "drop box) in the rotunda of 669 Washington Street, Easton, PA 18042.  The placement, control, and monitoring of video surveillance at 669 Washington Street is the responsibility of the Northampton County Sheriff's Office.  Permitting a person to view video surveillance footage of 669 Washington Street poses a significant threat to the health, safety and welfare of judicial employees, Northampton County employees, members of the public, and a threat to the security of the building and its occupants.  (See Exhibit "D," Attestation of Christopher Zieger and January 19, 2011 Opinion and Order of Court, pp. 6-7, <u>Northampton County v.</u>

_Joseph Cap and Jeffrey J. Wood_, Northampton County Docket No. C-48-CV-2010-13666).[1]
The Opinion and Order of Court is offered to provide an example of the Sheriff's Office
issues regarding security and safety concerns being accepted by a court of competent
jurisdiction to restrict access to video surveillance footage at 669 Washington Street,
Easton, PA 18042.

As Chief Deputy Sheriff Christopher Zieger attested to in the _Northampton County_
_v. Joseph Cap and Jeffrey J. Wood_ Case, permitting views of video surveillance might
reveal the location of cameras or identify blind spots which would potentially permit a
person to circumvent the security system.  Additionally, Northampton County may be
required to spend thousands of dollars on repositioning or taking steps to camouflage
its security system subsequent to a view of footage by other unauthorized individuals.

The issue of access to video surveillance footage has not been properly raised
before this Court in any pleading or discovery request.  No motion for protective order
has been filed because Plaintiffs have not served a proper discovery request for any
purported video surveillance footage.  No Rule of Civil Procedure requires disclosure of
any video footage in this case as the existence or non-existence of video surveillance
footage was not properly raised in Plaintiffs' Complaint or Amended Complaint.

Even if this issue were properly raised and at issue before this Court, the
significant and unrebutted security and safety concerns posed by disclosure of

---

[1] Some of the trial court's conclusions of law (ex. Conclusion of Law No. 5) do not provide a full picture of
who owns, possesses, and controls video surveillance footage.  An evaluation of the ownership of video
surveillance footage requires analysis of the responsibilities of the Court of Common Pleas and County of
Northampton under Northampton County's Home Rule Charter and Administrative Code.  For purposes
of evaluation under Pennsylvania's Right-to-Know-Law, the trial court's analysis was appropriate.

surveillance footage vastly outweighs Plaintiffs' unsupported request for "periodic review" of that footage. Northampton County has demonstrated good cause exists to deny Plaintiff's request for injunctive relief for "periodic review" of video surveillance footage and retention of video through the Attestation of Chief Deputy Sheriff Christopher Zieger. Had Plaintiffs served a proper discovery request which necessitated a motion for protective order, a balancing of Plaintiffs' interests versus the security and safety issues raised by Northampton County would have resulted in a protective order. *See Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483-84 (34d Cir. 1995) (reciting the factors to consider when deciding to grant a protective order).

Additionally, Plaintiffs' proposed request regarding video surveillance footage implicates the rights of the Northampton County Court of Common Pleas, a separate branch of government in the County of Northampton, which is not a party to this case. Plaintiffs have not cited any legal basis justifying this extreme request for relief which would infringe on a non-party's security and safety interests. Since the rotunda is accessible to the public, there are less restrictive means for observation of the drop box rather than the vague and burdensome proposal made by Plaintiffs in their Motion.

Northampton County respectfully requests that this Court deny Plaintiffs' Motion for Preliminary Injunctive Relief to the extent Plaintiffs request that this Court order Northampton County "to retain and make available for periodic review all digital images and video to the extent any video security surveillance system or internal camera is available and used to monitor drop-boxes or other sites and locations,

including a county election office, used for the return and collection of cast absentee and mail-in ballots."

### 4.    Conclusion

Answering Defendant respectfully requests that this Court deny and dismiss Plaintiffs' Motion to Modify Stay Order and Motion for Limited Preliminary Injunctive Relief as it is premature, Plaintiffs failed to establish that they are legally entitled to preliminary injunctive relief, and Plaintiffs have not provided a legal or factual basis to support its request for "periodic review" and preservation of video which would override Northampton County's legitimate safety and security interests in restricting access to video surveillance footage 669 Washington Street, Easton, PA 18042.

Respectfully Submitted

COUNTY OF NORTHAMPTON

Date: September 2, 2020          By:     /s/ BRIAN J. TAYLOR
Brian J. Taylor, Assistant Solicitor
PA Attorney ID: 66601
btaylor@northamptoncounty.org

Timothy B. Brennan, Esquire
PA Attorney ID: 91798
tbrennan@northamptoncounty.org

Richard E. Santee, Esquire
PA Attorney ID: 30004
rsantee@northamptoncounty.org

County of Northampton
669 Washington Street
Easton, Pennsylvania 18042
Phone: (610) 829-6350
Facsimile: (610 559-3001

13

**Certificate of Service**

I hereby certify that on this date, a copy of this document was served upon all counsel of record via the Court's CM/ECF system, which will provide electronic notice to all parties of record.

COUNTY OF NORTHAMPTON

By: /s/ BRIAN J. TAYLOR
    Brian J. Taylor, Esq.
    Attorney ID: 66601

Date: September 2, 2020