# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC.; *et al.*, | Civil Action |
| Plaintiffs, | |
| v. | No.: 2-20-CV-966 |
| KATHY BOOCKVAR; *et al.*, | |
| Defendants. | Judge J. Nicholas Ranjan |

## NOTICE OF REMAINING VIABLE CLAIMS
## AND PROPOSED DISPOSITION PLAN

Pursuant to this Court's September 17, 2020 Order (ECF #447), Plaintiffs provide the following notice of: (i) what claims from their Verified Amended Complaint (ECF #234) remain viable following the Pennsylvania Supreme Court's September 17, 2020 decisions in *Pennsylvania Democratic Party v. Boockvar*, No. 133 MM 2020, 2020 Pa. LEXIS 4872 (Pa., Sept. 17, 2020), and *Crossey v. Boockvar*, No. 108 MM 2020, 2020 Pa. LEXIS 4868 (Pa., Sept. 17, 2020);[1] (ii) how the viable claims have been altered by the Pennsylvania Supreme Court's September 17, 2020, decisions; and (iii) Plaintiffs' specific proposal and timeline for presenting the remaining viable claims to the Court for disposition (*e.g.*, hearing or on papers; Rule 57 hearing; motion for injunction; cross-motions for summary judgment; *etc*.). Also, Plaintiffs will address the additional claims that arose between the stay of this case on August 23, 2020, and the September 17, 2020, lifting of that stay (*i.e.*, the Pennsylvania Department of State's September 11, 2020, guidance

---

[1] At the time this Court entered its September 17, 2020 Order, it was not provided with a copy of the Pennsylvania Supreme Court's decision in *Crossey v. Boockvar*. However, since that decision impacts some of the claims and defenses in this case, Plaintiffs also address that decision in this Notice.

which provides, *inter alia,* that county election boards are not authorized to set aside and challenge absentee or mail-in ballots that lack genuine signatures).

## I. PLAINTIFFS' CLAIMS FOLLOWING THE PENNSYLVANIA SUPREME COURT'S SEPTEMBER 17, 2020 DECISIONS.

In their Verified Amended Complaint, Plaintiffs stated various federal and state constitutional claims involving voter dilution, poll watching, and in-person voting. Those claims, as they remain following the Pennsylvania Supreme Court's September 17, 2020 decisions, are as follows:

### A. Voter Dilution Due To Drop Boxes And Other Satellite Ballot-Collection Sites (Counts I, II, III, VI, & VII).

In Counts I, II, III, VI, and VII of their Verified Amended Complaint, Plaintiffs raise several federal and state constitutional challenges to Defendants' use and implementation of drop boxes and other satellite ballot collection sites. These challenges include:

(1) The unconstitutional dilution of validly cast ballots in the November 3, 2020 General Election through Defendants' collection of absentee and mail-in ballots via drop boxes and other satellite ballot-collection sites which are not statutorily authorized by the Pennsylvania Election Code, thereby violating the Elections Clause and related Presidential Electors Clause of the United States Constitution, and the Free and Equal Elections Clause of the Pennsylvania Constitution (ECF #234, at ¶¶ 20-26, 33-39, 40-46, 99, 122-134, 162-163, 193-205 [Count I], & 216-222 [Count III]);

(2) The unconstitutional dilution of validly cast ballots in the November 3, 2020 General Election through Defendants' use of non-statutory, unmanned drop-boxes and other satellite ballot-collection sites which enable ballot harvesting, third-party delivery, and/or fraud or other illegal casting or tampering of absentee and mail-in ballots to occur and/or go undetected, thus violating the right to vote secured by the First and Fourteenth Amendments of the United States Constitution (ECF #234, at ¶¶ 126-128, & 201-205 [Count I]);

(3) The unconstitutional dilution of validly cast ballots in the November 3, 2020 General Election through Defendants' arbitrary, disparate, and/or uneven use and implementation of drop boxes and other ballot-collection sites, resulting in the treatment of voters across the state in an unequal fashion in violation of the Equal Protection

> clauses of the United States and Pennsylvania Constitutions (ECF #234, at ¶¶ 27-32, 126-128, 164, 206-215 [Count II], & 216-222 [Count III]); and
>
> (4) The unconstitutional dilution of validly cast ballots in the November 3, 2020 General Election through Defendants' failure to comply with the Pennsylvania Election Code's notice and site selection requirements when establishing drop boxes and other ballot-collection sites, thus violating the right to vote secured by the First and Fourteenth Amendments of the United States Constitution, and the Equal Protection and Free and Equal Elections Clauses of the Pennsylvania Constitution (ECF #234, at ¶¶ 126-134, 237-248 [Count VI], & 249-252 [Count VII]).

In *Pennsylvania Democratic Party v. Boockvar*, the Pennsylvania Supreme Court ruled that "the Election Code should be interpreted to allow county boards of election to accept hand-delivered mail-in ballots at locations other than their office addresses including drop-boxes." *Pennsylvania Democratic Party v. Boockvar*, 2020 Pa. LEXIS 4872, at *22. However, in making this decision, the Pennsylvania Supreme Court expressly declined to decide whether Defendants' uneven employment of a myriad of drop boxes and other systems to accept hand-delivered mail-in ballots violated Federal law including the Constitution's equal protection guarantee. *Id.* at *23-*24. Nor was the Pennsylvania Supreme Court asked to decide, and nor did it offer any opinion, on whether drop boxes and other ballot-collection sites must satisfy the Election Code's site and notice requirements applicable to "polling places." *Id.* at *2-*5. Further, although Chief Justice Saylor in dissent noted that "the legislative policy to restrain aggregated handling of mail-in ballots by third-parties is manifest … and the enforceability of this policy is weakened by the use of non-statutory, unmanned drop boxes," *id.* at *102, the Pennsylvania Supreme Court offered no opinion on the January 10, 2020, or August 19, 2020, guidance by Defendant Kathy Boockvar, Secretary of the Commonwealth of Pennsylvania, on the use of unmanned drop boxes, or the federal and state constitutional issues Plaintiffs have raised on whether unmanned drop boxes enable ballot harvesting, third-party delivery, and/or fraud or other illegal casting or tampering of absentee and

mail-in ballots to occur and/or go undetected in violation of federal law. *Id.* at *2-*5 & *22-*25. However, in *Crossey v. Boockvar*, the Pennsylvania Supreme Court reaffirmed that the Election Code, as amended by Act 77, prohibits ballot-harvesting and other third-party delivery of absentee and mail-in ballots cast by non-disabled voters. *Crossey v. Boockvar*, 2020 Pa. LEXIS 4868, at *4-*5.

Accordingly, given the Pennsylvania Supreme Court's September 17, 2020 decisions, Plaintiffs' federal and state constitutional claims of voter dilution solely on the basis that drop boxes and other collection sites are not statutorily authorized by the Pennsylvania Election Code is no longer viable. However, Plaintiffs' remaining federal and state constitutional claims of voter dilution on the basis that (a) Defendants' use of unmanned drop boxes or other ballot-collection sites enables ballot harvesting, third-party delivery, and/or fraud or other illegal casting or tampering of absentee and mail-in ballots to occur and/or go undetected, thus violating the right to vote secured by the First and Fourteenth Amendments of the United States Constitutions, (b) Defendants' arbitrary, disparate, and/or uneven use and implementation of drop boxes and other ballot-collection sites results in the treatment of voters across the state in an unequal fashion in violation of the Equal Protection clauses of the United States and Pennsylvania Constitutions, and (c) Defendants' failure to comply with the Pennsylvania Election Code's notice and site selection requirements when establishing drop boxes and other ballot-collection sites violates the right to vote secured by the First and Fourteenth Amendments of the United States Constitution, and the Equal Protection and Free and Equal Elections Clauses of the Pennsylvania Constitution, are all viable claims.

    **B.** **Voter Dilution Due To Third-Party In-Person Delivery Of Non-Disabled Voters' Absentee And Mail-In Ballots (Counts I, II, & III).**

Also in Counts I, II, and III of their Verified Amended Complaint, Plaintiffs raise several federal and state constitutional challenges to Defendants' allowance and counting of non-disabled

- 4 -

voters' absentee and mail-in ballots that are delivered in-person by third-parties. These challenges include:

> (1) The unconstitutional dilution of validly cast ballots in the November 3, 2020 General Election through Defendants' allowance and counting of non-disabled voters' absentee and mail-in ballots delivered in-person via ballot harvesting and/or other third-party delivery in contravention of the Pennsylvania Election Code, thereby violating the Elections Clause and related Presidential Electors Clause of the United States Constitution, and the Free and Equal Elections Clause of the Pennsylvania Constitution (ECF #234, at ¶¶ 20-26, 33-39, 40-46, 69, 73-79, 92, 122-134, 162-163, 193-205 [Count I], & 216-222 [Count III]);
>
> (2) The unconstitutional dilution of validly cast ballots in the November 3, 2020 General Election through Defendants' allowance and counting of non-disabled voters' absentee and mail-in ballots delivered in-person via ballot harvesting and/or other third-party delivery, thus violating the right to vote secured by the First and Fourteenth Amendments of the United States Constitution (ECF #234, at ¶¶ 126-128, & 201-205 [Count I]); and
>
> (3) The unconstitutional dilution of validly cast ballots in the November 3, 2020 General Election through Defendants' arbitrary, disparate, and/or uneven allowance and counting of non-disabled voters' absentee and mail-in ballots delivered in-person via ballot harvesting and/or other third-party delivery, resulting in the treatment of voters across the state in an unequal fashion in violation of the Equal Protection clauses of the United States and Pennsylvania Constitutions (ECF #234, at ¶¶ 27-32, 126-128, 164, 206-215 [Count II], & 216-222 [Count III]).

In *Pennsylvania Democratic Party v. Boockvar*, the parties in that case never asked the Pennsylvania Supreme Court to address the Election Code's prohibition against third-party in-person delivery of non-disabled voters' absentee and mail-in ballots. *Pennsylvania Democratic Party v. Boockvar*, 2020 Pa. LEXIS 4872, at *2-*5. But the parties in *Crossey v. Boockvar* did raise that issue, and in a unanimous ruling, the Pennsylvania Supreme Court reaffirmed that the Election Code, as amended by Act 77, prohibits ballot-harvesting and other third-party delivery of absentee and mail-in ballots cast by non-disabled voters. *Crossey v. Boockvar*, 2020 Pa. LEXIS 4868, at *4-*5. Accordingly, given the Pennsylvania Supreme Court's September 17, 2020

decisions, all of Plaintiffs' federal and state constitutional claims of voter dilution as they relate to third-party in-person delivery of non-disabled voters' absentee and mail-in ballots remain viable.

### C. Voter Dilution Due To The Counting of Non-Compliant Absentee And Mail-In Ballots (Counts I, II, & III).

As further stated in Counts I, II, and III of their Verified Amended Complaint, Plaintiffs raise several federal and state constitutional challenges to Defendants' counting of absentee and mail-in ballots that fail to comply with the Pennsylvania Election Code. Specifically, Plaintiffs challenge Defendants' counting of the ballots that: (i) lack an inner secrecy envelope; (ii) contain on the secrecy envelope text, marks, or symbols which reveal the elector's identity, political affiliation, or candidate preference; and/or (iii) do not include on the outside envelope a completed declaration that is signed and dated by the elector. These challenges include:

(1) The unconstitutional dilution of validly cast ballots in the November 3, 2020 General Election through Defendants' allowance and counting of non-compliant absentee and mail-in ballots in contravention of the Pennsylvania Election Code, thereby violating the Elections Clause and related Presidential Electors Clause of the United States Constitution, and the Free and Equal Elections Clause of the Pennsylvania Constitution (ECF #234, at ¶¶ 20-26, 33-39, 40-46, 69, 73-79, 92, 122-134, 153-161, 162-163, 193-205 [Count I], & 216-222 [Count III]);

(2) The unconstitutional dilution of validly cast ballots in the November 3, 2020 General Election through Defendants' allowance and counting of non-compliant absentee and mail-in ballots, thus violating the right to vote secured by the First and Fourteenth Amendments of the United States Constitution (ECF #234, at ¶¶ 126-128, 153-161, 162-163, & 201-205 [Count I]); and

(3) The unconstitutional dilution of validly cast ballots in the November 3, 2020 General Election through Defendants' arbitrary, disparate, and/or uneven allowance and counting of non-compliant absentee and mail-in ballots, resulting in the treatment of voters across the state in an unequal fashion in violation of the Equal Protection clauses of the United States and Pennsylvania Constitutions (ECF #234, at ¶¶ 27-32, 126-128, 153-161, 164, 206-215 [Count II], & 216-222 [Count III]).

In *Pennsylvania Democratic Party v. Boockvar*, the Pennsylvania Supreme Court made two rulings pertinent to Plaintiffs' claims as they relate to non-compliant absentee and mail-in ballots. First, relying upon its ruling in *In re Canvass of Absentee Ballots of Nov. 4, 2003 Gen. Election (Appeal of Pierce)*, 843 A.2d 1223 (Pa. 2004), the Pennsylvania Supreme Court found that "[w]hatever the wisdom of the requirement, the [Election Code's] command that the mail-in elector utilize the secrecy envelope and leave it unblemished by identifying information is neither ambiguous nor unreasonable," and that "[t]he clear thrust of *Appeal of Pierce* … is that, even absent an express sanction, where legislative intent is clear and supported by a weighty interest like fraud prevention, it would be unreasonable to render such a concrete provision ineffective for want of deterrent or enforcement mechanism … [and] that violations of the mandatory statutory provisions that pertain to integral aspects of the election process should not be invalidated *sub silento* for want of a detailed enumeration of consequence." *Pennsylvania Democratic Party v. Boockvar*, 2020 Pa. LEXIS 4872, at *68 & *72. Thus, the Supreme Court found that the use of the word "shall" in Election Code Sections 3150.16(a) and 3146.6(a) is mandatory, and that an "elector's failure to comply with such requisite [language] by enclosing the ballot in the secrecy envelope renders the ballot invalid." *Id.*, at *74.

Second, the Pennsylvania Supreme Court rejected the Pennsylvania Democratic Party's request to require county election boards to contact electors whose mail-in or absentee ballots are non-compliant and give them an opportunity to cure those defects. *Id.*, at *50-*57. According to the Supreme Court, there exists "no constitutional or statutory basis that would countenance imposing [such a] procedure …," and "[t]o the extent that a voter is at risk for having his or her ballot rejected due to minor errors made in contravention of those requirements, … the decision to provide a 'notice and opportunity to cure' procedure to alleviate that risk is one best suited for the Legislature." *Id.*, at *55-*56. Therefore, the Supreme Court found no judicial basis to relieve a

voter's failure to comply with the Election Code's absentee and mail-in voting mandatory provisions.

Given the Pennsylvania Supreme Court's September 17, 2020 decision, all of Plaintiffs' federal and state constitutional claims of voter dilution as they relate to non-compliant absentee and mail-in ballots remain viable.

### D. Voter Dilution Due To Failure To Verify Absentee And Mail-In Voter Qualifications (Counts I, II, & III).

The final voter dilution claim stated in Counts I, II, and III of Plaintiffs' Verified Amended Complaint concern Defendants' approval of in-person absentee and mail-in ballot applications without performing the requisite verification of the applicant's permanent voter registration record. These challenges include:

(1) The unconstitutional dilution of validly cast ballots in the November 3, 2020 General Election through Defendants' approval of in-person absentee and mail-in ballot applications without performing the requisite verification of the applicant's permanent voter registration record in contravention of the Pennsylvania Election Code, thereby violating the Elections Clause and related Presidential Electors Clause of the United States Constitution, and the Free and Equal Elections Clause of the Pennsylvania Constitution (ECF #234, at ¶¶ 20-26, 33-39, 40-46, 69, 73-79, 92, 122-134, 162-163, 193-205 [Count I], & 216-222 [Count III]);

(2) The unconstitutional dilution of validly cast ballots in the November 3, 2020 General Election through Defendants' approval of in-person absentee and mail-in ballot applications without performing the requisite verification of the applicant's permanent voter registration record, thus violating the right to vote secured by the First and Fourteenth Amendments of the United States Constitution (ECF #234, at ¶¶ 126-128, & 201-205 [Count I]); and

(3) The unconstitutional dilution of validly cast ballots in the November 3, 2020 General Election through Defendants' arbitrary, disparate, and/or uneven approval of in-person absentee and mail-in ballot applications without performing the requisite verification of the applicant's permanent voter registration record, resulting in the treatment of voters across the state in an unequal fashion in violation of the Equal Protection clauses of the United States and Pennsylvania

Constitutions (ECF #234, at ¶¶ 27-32, 126-128, 164, 206-215 [Count II], & 216-222 [Count III]).[2]

In *Pennsylvania Democratic Party v. Boockvar*, the parties in that case never asked the Pennsylvania Supreme Court to address the Election Code's provisions concerning the approval of in-person absentee and mail-in ballot applications or the Secretary's January 10, 2020 guidance related to that issue. *Pennsylvania Democratic Party v. Boockvar*, 2020 Pa. LEXIS 4872, at *2-*5. Nor did the Pennsylvania Supreme Court make any decision on such issues. Accordingly, all of Plaintiffs' federal and state constitutional claims of voter dilution as they relate to Defendants' approval of in-person absentee and mail-in ballot applications without performing the requisite verification of the applicant's permanent voter registration record remain viable.

### E. Poll Watching Claims (Counts IV & V).

In Counts IV and V of their Verified Amended Complaint, Plaintiffs raise several federal and state constitutional challenges to the constitutionality of the Election Code's poll watcher provisions. These challenges include:

(1) Both facial and as-applied challenges under the First and Fourteenth Amendments of the United States Constitution and the Equal Protection and Free and Equal Elections clauses of the Pennsylvania Constitution to the county residency requirement under 25 P.S. § 2687 (ECF #234, at ¶¶ 47-62, 165-189, 223-232 [Count IV], & 233-236 [Count V]); and

(2) Both facial and as-applied challenges under the First and Fourteenth Amendments of the United States Constitution and the Equal Protection and Free and Equal Elections clauses of the Pennsylvania

---

[2] As Plaintiffs discuss in Section II of this Notice, Secretary Boockvar and the Pennsylvania Department of State issued a guidance dated September 11, 2020, which unequally treats voters depending on how they vote (*i.e.*, in-person voters are subject to signature comparison and challenge under 25 P.S. § 3050(a.3)(1)-(2), whereas absentee and mail-in voters are not subject to any such signature comparison and challenge provisions). Although Plaintiffs believe Section 3146.8(g)(3)-(7) of the Election Code implements a signature comparison and challenge procedure for absentee and mail-in ballots, the Secretary's September 11, 2020 guidance stating otherwise creates additional federal and state constitutional concerns which Plaintiffs will seek to address via an amended/supplemental complaint. Plaintiffs reserve all rights to seek to amend their complaint in this action to protect their Federal rights.

> Constitution to the "polling place" requirement under 25 P.S. § 2687 (ECF #234, at ¶¶ 47-62, 165-189, 223-232 [Count IV], & 233-236 [Count V]).

In *Pennsylvania Democratic Party v. Boockvar*, the Pennsylvania Supreme Court declared that "the poll watcher residency requirement set forth in Section 2687(b) of the Election Code, 25 P.S. § 2687(b), to be constitutional" under both the Pennsylvania and United States Constitutions. *Pennsylvania Democratic Party v. Boockvar,* 2020 Pa. LEXIS 4872, at *88. Accordingly, Plaintiffs' facial challenge to the county residency requirement under 25 P.S. § 2687 is no longer a viable claim.

However, in *Pennsylvania Democratic Party v. Boockvar*, the Pennsylvania Supreme Court had no factual record before it to address as-applied challenges to the Election Code's county residency requirement. *Id.*, at *6, n. 10, & *7. *See Sixth Angel Shepherd Rescue Inc. v. Pa. SPCA, No. 10-3101, 2011 WL 605697, 2011 U.S. Dist. LEXIS 15438, at *17-*18 (E.D. Pa., Feb. 15, 2011)* ("An as-applied challenge requires the development of a factual record for the court to consider, addressing 'whether a statute is unconstitutional on the facts of a particular case or to a particular party.'") (quoting *Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1308 (11th Cir. 2009)). Nor did the parties ask the Supreme Court to address, and the Supreme Court offered no opinion on, the constitutionality of the "polling place" restriction in the Election Code's poll watching provisions. Hence, Plaintiffs' as-applied challenge to the Election Code's county residency requirement, and Plaintiffs' facial and as-applied challenges to the constitutionality of the "polling place" restriction in the Election Code's poll watching provisions, remain viable claims.

### F. In-Person Voting Claims (Counts VIII & IX).

In Counts VIII and IX of their Verified Amended Complaint, Plaintiffs raise federal and state constitutional challenges to Defendants' misadministration of absentee and mail-in voters who appear at their polling places on Election Day, both in terms of those who applied for but did not

vote their absentee or mail-in ballots and seek to vote a regular ballot upon the remission of their spoiled absentee or mail-in ballots, and those who applied for and did vote their absentee and mail-in ballot and then seek to vote either a regular or provisional ballot. (ECF #234, at ¶¶ 138-152, 162-164, 253-263 [Count VIII], & 264-267 [Count IX]). In *Pennsylvania Democratic Party v. Boockvar*, the parties in that case never asked the Pennsylvania Supreme Court to address the Election Code's provisions concerning whether absentee and mail-in voters can vote at their polling places on Election Day or the Secretary's January 30, 2020, and March 5, 2020, guidance related to that issue. *Pennsylvania Democratic Party v. Boockvar*, 2020 Pa. LEXIS 4872, at \*2-\*5. Nor did the Pennsylvania Supreme Court make any decision on such issues. Accordingly, all of Plaintiffs' federal and state constitutional claims as they relate to Defendants' misadministration of absentee and mail-in voters who appear at their polling places on Election Day remain viable.

## II. ANY ALTERATIONS OF PLAINTIFFS' CLAIMS FOLLOWING THE PENNSYLVANIA SUPREME COURT'S SEPTEMBER 17, 2020 DECISIONS.

As they have noted in Section I of this Notice, Plaintiffs' claims that drop boxes and other ballot-collection sites are not statutorily authorized under the Election Code and that the Election Code's county residency requirement for poll workers is facially unconstitutional are no longer viable claims. Accordingly, Plaintiffs withdraw those two claims from this case.

As for the remainder of Plaintiffs' claims, they have not been altered by the Pennsylvania Supreme Court's September 17, 2020 decisions. In fact, several of those claims have been strengthened by the Supreme Court's September 17, 2020 decisions. For example, as for Plaintiffs' claims concerning non-compliant absentee and mail-in ballots, the Pennsylvania Supreme Court rejected the position advocated by Secretary Boockvar and several of the County Election Boards and the Intervenor Defendants that ballots lacking an inner secrecy envelope should be counted. *Pennsylvania Democratic Party v. Boockvar*, 2020 Pa. LEXIS 4872, at \*57-\*74. Also, the Pennsylvania Supreme Court rejected the Intervenor Defendants' calls for cure periods and third-

party delivery of absentee and mail-in ballots. *Id.*, at *50-*57; *Crossey v. Boockvar*, 2020 Pa. LEXIS 4868, at *4-*5. Thus, the remainder of Plaintiffs' claims have not been altered by the Pennsylvania Supreme Court's September 17, 2020 decisions.

By examining the "Election Administration Tools" portion of the Pennsylvania Department of State's web site, Plaintiffs have learned that the Secretary's August 19, 2020 guidance on the counting of absentee and mail-in ballots that lack an inner secrecy envelope has been removed. Also removed is the Secretary's March 5, 2020 guidance titled "Pennsylvania Provisional Voting Guidance." What such removal means and whether the County Election Boards will follow suit remains an open question.

Additionally, as mentioned by Justice Wecht in his concurring opinion, Secretary Boockvar has issued a guidance dated September 11, 2020, and titled "Guidance Concerning Examination of Absentee and Mail-In Ballot Return Envelopes." *See Pennsylvania Democratic Party v. Boockvar, 2020 Pa. LEXIS 4872, at *98, n. 18* (citing *https://www.dos.pa.gov/VotingElections/OtherServicesEvents/Documents/Examination%20of%20Absentee%20and%20Mail-In%20Ballot%20Return%20Envelopes.pdf*. In this latest guidance, which seeks to provide "consistency across the 67 counties," Secretary Boockvar instructs election officials that "[t]he Pennsylvania Election Code does not authorize the county board of elections to set aside returned absentee or mail-in ballots based solely on signature analysis by the county board of elections." *Id.*, at p. 2. Combined with the January 10, 2020 guidance in which she states that in-person absentee and mail-in ballot applications must be accepted "unless there is a bona fide objection to the mail-in or absentee ballot application," the Secretary's latest guidance creates an unequal treatment of voters depending on how they vote (*i.e.*, in-person voters are subject to signature comparison and challenge under 25 P.S. § 3050(a.3), whereas absentee and mail-in voters are not subject to any such signature comparison and challenge). Although Plaintiffs believe Section

3146.8(g)(3)-(7) of the Election Code implements a signature comparison and challenge procedure for absentee and mail-in ballots, the Secretary's September 11, 2020 guidance stating otherwise creates additional federal and state constitutional concerns which Plaintiffs will seek to address via a supplemental complaint.

## III. PLAINTIFFS' PROPOSED DISPOSITION PLAN.

At the time this case was stayed on August 23, 2020, the following pending deadlines were in place:[3]

| Date | Deadline/Event |
|---|---|
| August 26, 2020 | Completion of all fact-witness depositions |
| August 26, 2020 | Production of all affirmative expert reports |
| September 2, 2020 | Production of all rebuttal expert reports |
| September 9, 2020 | Completion of all expert depositions |
| September 4, 2020 | Last day to file any summary judgment motion |
| September 11, 2020 | Last day to file any response to a filed summary judgment motion |
| September 10, 2020, at 3:00 PM | Pre-hearing telephone conference |
| September 15, 2020, by 5:00 PM | Submission of pre-hearing briefs; Exchange and submission of exhibits and witness lists; and Filing of witness declarations |
| September 15, 2020, by 5:00 PM | Filing of any motion *in limine* and *Daubert* motion |
| September 18, 2020, by 5:00 PM | Filing of any response to *in limine* and *Daubert* motions |
| September 22 and 23, 2020, at 9:30 AM – 6:00 PM each day | Evidentiary hearing |

---

[3] This list does not include the deadlines for those activities that were completed as of August 23, 2020, such as the filing and responses to Rule 12 motions and service of written discovery requests.

Before the stay was entered, Plaintiffs noticed and were prepared to take before August 26, 2020, the depositions of two employees of the Pennsylvania Department of State (*i.e.*, Michael Moser and Veronica Degraffenreid), and the Rule 30(b)(6) depositions of a third-party witness (i.e., Committee of Seventy) and the following County Election Boards: Allegheny; Philadelphia; Lawrence; Delaware; and Montgomery. However, these depositions did not proceed once the stay was entered. Plaintiffs intend to proceed with these noticed depositions and/or possibly other county BOE depositions and a supplemental deposition of Secretary Boockvar, all of which will be narrowly tailored (and the latter further narrowly tailored to address the events which have occurred since the taking of her August 21, 2020 deposition) to the Plaintiffs' remaining viable claims and the September 11, 2020 guidance.

Further, there are approximately 12 County Election Boards that have not responded at all to Plaintiffs' written discovery requests and are likely to require this Court's order to compel their compliance. Again, Plaintiffs were prepared to address this discovery issue with the Court but interpreted this Court's August 23, 2020 Order as staying all discovery.

Because the November 3, 2020 General Election is fast approaching, Plaintiffs believe an evidentiary hearing focused on Plaintiffs' remaining viable claims and their constitutional challenges to the Secretary's September 11, 2020 guidance must be held as soon as possible. In light of the Pennsylvania Supreme Court's September 17, 2020 decisions, Plaintiffs remain open to the possibility that some or all of their claims can be resolved through the entry of one or more stipulations and/or consent decrees with Secretary Boockvar and the County Election Boards. However, to the extent that is not possible, then Plaintiffs seek an evidentiary hearing as soon as possible.

In light of the above, Plaintiffs propose the following schedule:

| **Date** | **Deadline/Event** |

| | |
|---|---|
| September 28, 2020 | Completion of all fact-witness depositions |
| September 29, 2020 | Production of all affirmative expert reports |
| September 30, 2020 | Production of all rebuttal expert reports |
| October 2, 2020 | Pre-hearing telephone conference |
| October 2, 2020, by 5:00 PM | Submission of pre-hearing briefs; Exchange and submission of exhibits and witness lists; and Filing of witness declarations |
| October 5 and 6, 2020, at 9:30 AM – 6:00 PM each day | Evidentiary hearing |

Respectfully submitted,

PORTER WRIGHT MORRIS & ARTHUR LLP

Date: September 20, 2020    By:   */s/ Ronald L. Hicks, Jr.*
Ronald L. Hicks, Jr. (PA #49520)
Jeremy A. Mercer (PA #86480)
Russell D. Giancola (PA #200058)
Carolyn B. McGee (PA #208815)
Six PPG Place, Third Floor
Pittsburgh, PA 15222
(412) 235-4500 (Telephone)
(412) 235-4510 (Fax)
rhicks@porterwright.com
jmercer@porterwright.com
rgiancola@porterwright.com
cmcgee@porterwright.com

Matthew E. Morgan (DC #989591)
(admitted pro hac vice – ECF #10)
Justin Clark (DC #499621)
(admitted pro hac vice – ECF #31)
Elections, LLC
1000 Maine Ave., SW, 4th Floor
Washington, DC 20224
(202) 844-3812 (Telephone)
matthew.morgan@electionlawllc.com
justin.clark@electionlawllc.com

*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Notice to be filed on September 20, 2020, via ECF, which system will serve notice of same on all parties registered to receive same via the ECF system. For any party who has yet to enter an appearance, the undersigned certifies that a copy of the foregoing filing will be served on that party via First Class Mail and a copy sent to the County Solicitor, if known, via email or fax.

Respectfully submitted,

PORTER WRIGHT MORRIS & ARTHUR LLP

By: */s/ Ronald L. Hicks, Jr.*
Ronald L. Hicks, Jr. (PA #49520)
Jeremy A. Mercer (PA #86480)
Russell D. Giancola (PA #200058)
Carolyn B. McGee (PA #208815)
Six PPG Place, Third Floor
Pittsburgh, PA 15222
(412) 235-4500 (Telephone)
(412) 235-4510 (Fax)
rhicks@porterwright.com
jmercer@porterwright.com
rgiancola@porterwright.com
cmcgee@porterwright.com

Matthew E. Morgan (DC #989591)
(admitted pro hac vice – ECF #10)
Justin Clark (DC #499621)
(admitted pro hac vice – ECF #31)
Elections, LLC
1000 Maine Ave., SW, 4th Floor
Washington, DC 20224
(202) 844-3812 (Telephone)
matthew.morgan@electionlawllc.com
justin.clark@electionlawllc.com

*Counsel for Plaintiffs*

13751440v3