IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC.; *et al.*,  Plaintiffs,  v.  KATHY BOOCKVAR; *et al.*,  Defendants. | ) Civil Action No.: 2-20-CV-966 ) ) Judge J. Nicholas Ranjan ) |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED AND SUPPLEMENTAL COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a)(2) and (d)**

Plaintiffs respectfully submit this Motion for Leave to File An Amended and Supplemental Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) and (d). Plaintiffs' proposed Verified Second Amended and Supplemental Complaint, and a redline comparison of the same to the Verified Amended Complaint (ECF # 234), are attached hereto as **Exhibits A** and **B**, respectively. In support of this Motion, Plaintiffs aver as follows:

1. Plaintiffs commenced this action on June 29, 2020. *See* Verified Complaint (ECF # 4). On July 27, 2020, Plaintiffs filed their Verified Amended Complaint (ECF # 324) in response to certain of the Defendants' Rule 12 Motions to Dismiss. (*See* ECF ## 127, 179, 184, 187, 188, 190, 191, 192, 195, 197, 202, 204, 206, 208, 211, 213 and 215). As result of the same, the Court denied all Motions to Dismiss as moot through a text-only Order on July 28, 2020. (ECF # 240).

2. After this Court granted intervention to several non-parties, the Intervenors, Secretary Boockvar, and approximately 44 of the 67 County Election Boards moved to dismiss Plaintiffs' claims. See ECF ## 246; 260; 261; 263; 272; 274; 278; 280; 282; 283; 287; 288; 289; 294; 296; 298; & 321. As part of their motions, the Moving Defendants argued that this Court should

abstain from rendering a decision on the merits under the doctrine set forth in *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941). *Id.*

3. On August 23, 2020, this Court entered an Order granting the Moving Defendants' Rule 12 Motions but only to the extent that it would abstain from rendering a final decision under *Pullman*. *See* 08/23/2020 Order (ECF # 410), p. 1.

4. Prior to the entry of the Court's August 23, 2020 Order, the parties had been engaged in written discovery, document productions, and depositions in order to complete all discovery by the previously ordered fact discovery deadline of August 26, 2020. (ECF # 334).

5. Between the filing of Plaintiffs' Verified Amended Complaint (ECF # 324) on July 27, 2020 and the Court's entry of the stay on August 23, 2020, various facts were revealed in discovery and/or came to fruition through the issuance of new "guidance" by Secretary Bookvar on August 19, 2020, for the upcoming November 3, 2020, General Election concerning naked ballots and the County Board of Elections' plan for the use and/or implementation of drop boxes and other collection sites for the return of voted absentee and mail-in ballots.

6. Additionally since the issuance of the August 23rd stay, Secretary Boockvar issued another "guidance" on September 11, 2020, instructing the county election officials that they are not required to set aside returned absentee or mail-in ballots based solely on signature analysis by the county board of elections.

7. Importantly, on September 17, 2020 the Pennsylvania Supreme Court issued its decisions in *Pennsylvania Democratic Party v. Boockvar*, No. 133 MM 2020, 2020 Pa. LEXIS 4872 (Pa., Sept. 17, 2020), and *Crossey v. Boockvar*, No. 108 MM 2020, 2020 Pa. LEXIS 4868 (Pa., Sept. 17, 2020).

8. As stated in Plaintiffs' Notice (ECF # 448) filed yesterday, September 20, 2020, in accordance with the Court's September 17, 2020 text-only Order (ECF # 447), only two aspects of their claims, regarding the statutory authorization of using drop boxes and other ballot-collection sites for absentee and mail-in ballots, and the facial constitutionality of the Election Code's county residency requirement for poll watchers, are no longer viable in light of the Pennsylvania Supreme Court's September 17, 2020 decisions. However, the remainder of Plaintiffs' constitutional claims remain alive and in certain respects have been strengthened by the Pennsylvania Supreme Court's decisions.

9. Because additional facts have come to light and/or occurred in the first instance since the July 27, 2020 filing of the Verified Amended Complaint, and as a result of the September 17, 2020 decisions in the state court matters, Plaintiffs seek leave of Court to amend and supplement their complaint in order to (a) make certain corrections and additions to plead the factual events that have been revealed in discovery, (b) to expound upon their existing claims in light of the Department of State's recent August 19 and September 11, 2020 instructions to the counties, and (c) clarify and/or expound upon their existing claims based on the September 17, 2020 state court decisions.

10. These modifications, additions and corrections are reflected in the redline comparison of the proposed Verified Second Amended and Supplemental Complaint against the Verified Amended Complaint, included herewith as **Exhibit B**.

11. Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*

12. "[M]otions to amend pleadings should be liberally granted." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (citations omitted). "Leave to amend must generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility." *Id.* (citing *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993)).

13. "It is well-settled that prejudice to the non-moving party is the touchstone for the denial of [leave to file] an amendment." *Cornell & Co. v. Occupational Safety and Health Review Com'n*, 573 F.2d 820, 823 (3d Cir. 1978) (citations omitted). "As to prejudice, the Court of Appeals has 'considered whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories.'" *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 122 (W.D. Pa. 2010) (quoting *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001)). "Given the liberal standard under Rule 15(a), 'the burden is on the party opposing the amendment to show prejudice, bad faith, undue delay, or futility.'" *Id.* (quoting *Chancellor v. Pottsgrove Sch. Dist.*, 501 F.Supp.2d 695, 700 (E.D. Pa. 2007)).

14. The Court may also grant parties leave to amend their pleadings to conform to the evidence. Leave may be granted even as late as during or after trial. *See* FED. R. CIV. P. 15(b); *see also ScanSource, Inc. v. Datavision-Prologix, Inc.*, Civ. A. No. 04-cv-4271, 2009 U.S. Dist. LEXIS 30196, 2009 WL 973497 (E.D. Pa. Apr. 8, 2009) (amendment allowed pleading to conform to evidence produced in discovery); *N'Jai v. E.P.A. et. al*, Civ. A. No. 13-1212, 2014 U.S. Dist. LEXIS 162950, 2014 WL 6612899, at *4 n.7 (W.D. Pa. Nov. 20, 2014) (Fischer, J.) (pursuant

to FED. R. CIV. P. 15(b)(2), after the conclusion of discovery, party may be able to amend pleadings to conform to the evidence).

15. Similar to Rule 15(a)(2) motions, motions under Rule 15(d) to supplement a complaint should be granted "if it will promote the just disposition of the case, will not cause undue prejudice or delay and will not prejudice the rights of any parties." *Sky R. v. Haddonfield Friends Sch.*, Civ. A. No. 14-5730, 2016 U.S. Dist. LEXIS 43002, 2016 WL 1260061, at *2 (D.N.J. Mar. 31, 2016) (citing *Medeva Pharma Ltd. v. American Home Products Corp.*, 201 F.R.D. 103, 104 (D. Del. 2001)). Requests to supplement pleadings are left to the sound discretion of the court. *Glenside W. Corp. v. Exxon Co., U.S.A., A Div. of Exxon Corp.*, 761 F. Supp. 1118, 1133 (D.N.J. 1991).

16. Rule 15(d) states that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence or event that happened after the date of the pleading to be supplemented." FED. R. CIV. P. 15(d). "'The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed.'" *Coca-Cola Bottling Co. v. Coca-Cola Co.,* 668 F.Supp. 906, 922 (D. Del. 1987) (quoting *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.*, 668 F.2d 1014, 1057 (9th Cir. 1981)); *see also Planker v. Christie*, Civ. A. No. 13-cv-4464, 2018 U.S. Dist. LEXIS 166259, 2018 WL 4639197, at *7 (D. N. J. Sept. 27, 2018).

17. In applying these legal principles here, it cannot be said that Plaintiffs have unduly delayed in any respect in seeking to amend and supplement their claims. To the contrary, the Court lifted the stay on this matter on September 17, 2020 (ECF # 447) and Plaintiffs are filing this Motion only 4 days later. Plaintiffs are moving as expeditiously as is feasibly possible.

18. As for the prejudice factor, Defendants will not be prejudiced in any fashion by the filing of Plaintiffs' proposed Verified Second Amended and Supplemental Complaint. Less than 2 months have elapsed since the filing of Plaintiff's Verified Amended Complaints and discovery was still ongoing when the stay was entered on August 23, 2020. Further, Defendants have been well-aware of the additional facts at issue in the proposed Verified Second Amended and Supplemental Complaint.

19. Importantly, the proposed modifications and additions to Plaintiffs' operative complaint will not enlarge or alter any discovery, hearing and/or trial which was already set to occur under the Court's scheduling orders issued prior to the stay. In other words, the modified and/or new facts set forth in the proposed amended and supplemental pleading are so inextricably intertwined with the original facts that they do not require any meaningful alteration of the course of this action. *See also Hassoun v. Cimmino*, 126 F. Supp. 2d 353, 361 (D.N.J. 2000) (leave should be granted when the supplemental facts are connected to the original pleading).

20. Pursuant to Section II.f of this Court's Practices and Procedures (rev. 1/6/20), Plaintiffs sought the concurrence of the Defendants to this Motion. As of the filing of this Motion the Board of Elections for Greene and Susquehanna Counties consent to this Motion. The following Defendants advised that they do not consent: Secretary Kathy Boockvar; the Board of Elections for Allegheny, Armstrong, Bedford, Berks, Bucks, Blair, Carbon, Centre, Chester, Columbia, Crawford, Dauphin, Delaware, Fayette, Franklin, Huntington, Indiana, Lackawanna, Lawrence, Lebanon, Lehigh, Monroe, Montgomery, Montour, Northumberland, Perry, Philadelphia, Pike, Schuylkill, Venango, Washington, Wayne, and York Counties; the Crossey/Alliance Party Intervenors; the NAACP Party Intervenors; the Sierra Club/PennFuture Party Intervenors; and, the Democratic Party Intervenors.

21. For all of the foregoing reasons and authorities, in consideration of the liberal amendment and supplementation policy, Plaintiffs respectfully request the Court to grant this Motion. See *Grezak v. Ropes & Gray, LLP*, Civ. A. No. 15-cv-02111, 2016 U.S. Dist. LEXIS 167226, 2016 WL 7048992, at *24 (M.D. P. Dec. 5, 2016) (citing *Hassoun*, 126 F.Supp.2d at 361) (leave to supplement should be "freely permitted" in the absence of undue delay, bad faith, dilatory practices, undue prejudice to the defendant).

WHEREFORE, for all of the foregoing reasons and authorities, Plaintiffs respectfully request the Court to grant their Motion for Leave to File An Amended and Supplemental Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) and (d) permitting Plaintiffs to file their proposed Verified Second Amended and Supplemental Complaint.

A proposed Order is attached hereto.

Respectfully submitted,

PORTER WRIGHT MORRIS & ARTHUR LLP

Date: September 22, 2020      By: */s/ Ronald L. Hicks, Jr.*
　　　　　　　　　　　　　　　　　Ronald L. Hicks, Jr. (PA #49520)
　　　　　　　　　　　　　　　　　Jeremy A. Mercer (PA #86480)
　　　　　　　　　　　　　　　　　Russell D. Giancola (PA #200058)
　　　　　　　　　　　　　　　　　Carolyn B. McGee (PA #208815)
　　　　　　　　　　　　　　　　　Six PPG Place, Third Floor
　　　　　　　　　　　　　　　　　Pittsburgh, PA 15222
　　　　　　　　　　　　　　　　　(412) 235-4500 (Telephone)
　　　　　　　　　　　　　　　　　(412) 235-4510 (Fax)
　　　　　　　　　　　　　　　　　rhicks@porterwright.com
　　　　　　　　　　　　　　　　　jmercer@porterwright.com
　　　　　　　　　　　　　　　　　rgiancola@porterwright.com
　　　　　　　　　　　　　　　　　cmcgee@porterwright.com

　　　　　　　　　　　　　　　　　and

　　　　　　　　　　　　　　　　　Matthew E. Morgan (DC #989591)
　　　　　　　　　　　　　　　　　(admitted pro hac vice – ECF #10)
　　　　　　　　　　　　　　　　　Justin Clark (DC #499621)
　　　　　　　　　　　　　　　　　(admitted pro hac vice – ECF #31)

Elections, LLC
1000 Maine Ave., SW, 4th Floor
Washington, DC 20224
(202) 844-3812 (Telephone)
matthew.morgan@electionlawllc.com
justin.clark@electionlawllc.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing *Motion for Leave to File An Amended and Supplemental Complaint* to be filed on September 22, 2020, via ECF, which system will serve notice of same on all parties registered to receive same via the ECF system. For any party who has yet to enter an appearance, the undersigned certifies that a copy of the foregoing filing will be served on that party via First Class Mail and a copy sent to the County Solicitor, if known, via email or fax.

Respectfully submitted,

PORTER WRIGHT MORRIS & ARTHUR LLP

By: */s/ Ronald L. Hicks, Jr.*
Ronald L. Hicks, Jr. (PA #49520)
Jeremy A. Mercer (PA #86480)
Russell D. Giancola (PA #200058)
Carolyn B. McGee (PA #208815)
Six PPG Place, Third Floor
Pittsburgh, PA 15222
(412) 235-4500 (Telephone)
(412) 235-4510 (Fax)
rhicks@porterwright.com
jmercer@porterwright.com
rgiancola@porterwright.com
cmcgee@porterwright.com

and

Matthew E. Morgan (DC #989591)
(admitted pro hac vice – ECF #10)
Justin Clark (DC #499621)
(admitted pro hac vice – ECF #31)
Elections, LLC
1000 Maine Ave., SW, 4th Floor
Washington, DC 20224
(202) 844-3812 (Telephone)
matthew.morgan@electionlawllc.com
justin.clark@electionlawllc.com

*Counsel for Plaintiffs*