IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC.; *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>KATHY BOOCKVAR; *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.: 2-20-CV-966<br><br><br>Judge J. Nicholas Ranjan |

## [PROPOSED] ORDER OF COURT

AND NOW this _____ day of October, 2020, having considered Plaintiffs' Motion for Summary Judgment (ECF # ___) and the arguments made in Plaintiffs' legal memoranda in the support and reply of such Motion, together with all responses and cross-motions for summary judgment made by Defendants and Plaintiffs' responses thereto, and finding that there exists no genuine issue of material fact to Plaintiffs' remaining claims and that Plaintiffs are entitled to summary judgment in their favor, the Court hereby **GRANTS** Plaintiffs' Motion for Summary Judgment and **DENIES** Defendants' cross-summary judgment motions.

It is further ORDERED, ADJUDGED, and DECREED as follows:

1. The guidance published by Defendant Kathy Boockvar, Secretary of the Commonwealth, on September 11 and 28, 2020, to the effect that county boards of elections are not authorized or permitted to reject applications for absentee and mail-in ballots or set aside and/or challenge voted absentee or mail-in ballots based on an analysis that the signature on the application or voted ballot does not match the signature on the voter's permanent registration record is contrary to the Pennsylvania Election Code and results in an unconstitutional

infringement of Plaintiffs' fundamental right to vote and to a free and fair election. Accordingly, this Court orders, within no more than two (2) business days from the date of this Order, that:

    a.    Secretary Boockvar immediately withdraw her guidance and advise all Defendant county boards of elections that they are permitted, authorized, and required under the Pennsylvania Election Code to both reject absentee and mail-in ballot applications and to set aside and/or challenge voted absentee or mail-in ballots based on an analysis that the signature on the application or voted ballot does not match the signature on the voter's permanent registration record; and

    b.    All Defendant county boards of elections shall immediately comply with the procedures set forth in the Pennsylvania Election Code for both the approval and rejection of absentee and mail-in ballot applications, and the examination and verification of the voted absentee and mail-in ballots, as they relate to the comparison and analysis of the signatures on the applications or voted ballots to the voter's permanent registration record.

2.    The guidance published by Defendant Kathy Boockvar, Secretary of the Commonwealth, on August 19, 2020, to the effect that county boards of elections may use drop boxes or mobile collection sites for the return and collection of absentee and mail-in ballots results is an unconstitutional infringement of Plaintiffs' fundamental right to vote and to a free and fair election. Accordingly, this Court orders, within no more than two (2) business days from the date of this Order, that:

    a.    Secretary Boockvar immediately withdraw her guidance and advise all Defendant county boards of elections that, at a minimum, they are not permitted or authorized to use unstaffed drop boxes for the return and collection of absentee and mail-in ballots;

    b. All Defendant county boards of elections shall immediately cease using unstaffed drop boxes for the return and collection of absentee or mail-in ballots;

    c. To the extent any county board of elections collected any absentee and mail-in ballots vis unstaffed drop boxes prior to the entry of this Order, such county board of elections must segregate and not commingle or count those returned ballots with any other ballots cast in the upcoming November 3, 2020 General Election until further order of this Court; and

    d. Until the Defendant county boards of elections agree upon, or the General Assembly provides, consistent and specific site selection guidelines and all Defendant county boards of elections agree to use staffed and secured drop boxes in compliance with those guidelines, the use of drop boxes and/or mobile collection sites by the Defendant county boards of elections is hereby enjoined.

    3. The county residency restriction for watchers in Election Code Section 417, 25 P.S. § 2687(b), is unconstitutional as applied to the upcoming November 3, 2020 General Election.  Accordingly, this Court orders that, within no more than two (2) business days from the date of this Order, Defendants immediately permit and authorize Plaintiffs to appoint watchers without regard to their county of residence.  Also, Plaintiffs shall be permitted to have watchers present at all locations where voters are registering to vote, applying for absentee or mail-in ballots, voting absentee or mail-in ballots, and/or returning or collecting absentee or mail-in ballots, including without limitation any satellite or early voting sites established by any county board of elections.

    4. Any claim and bill of costs for recovery of attorneys' fees and costs shall be filed within ten (10) days from the entry of this Order.

BY THE COURT:

_____
J. Nicholas Ranjan, United States District Judge

13765461v1