# EXHIBIT 49

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC.; *et al.*, | ) ) ) | Civil Action |
| Plaintiffs, | ) ) | |
| | ) | No.: 2-20-CV-966 |
| v. | ) ) | |
| KATHY BOOCKVAR; *et al.*, | ) ) | |
| Defendants. | ) | Judge J. Nicholas Ranjan |

**DEFENDANT MONTOUR COUNTY BOARD OF ELECTION'S ANSWERS TO
PLAINTIFFS' SET OF WRITTEN INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS DIRECTED TO ALL
<u>DEFENDANT COUNTY BOARDS OF ELECTIONS</u>**

Defendant Montour County Board of Elections, hereafter "Montour County," by its undersigned counsel and pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure and the Court's July 17, 2020 Scheduling Order, serves the following Answers to Plaintiff's Set of Written Interrogatories and Requests for Production of Documents Directed to All Defendant County Boards of Elections.

**GENERAL OBJECTIONS**

1.      Montour County objects to the interrogatories, document requests, and the definitions and instructions contained therein, to the extent they impose upon Montour County any obligations greater than those imposed by the Federal Rules of Civil Procedure.

2.      Montour County objects to producing any information protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, non-testifying expert privilege or any other applicable privilege.

3.      Montour County objects to the interrogatories and document requests to the extent they seek disclosure of information that is not in Montour County's possession, custody or control.

4.      A response to a document request or interrogatory stating that responsive documents will be produced shall not be deemed or construed to mean that there are, in fact, responsive

EXHIBIT

Marks 08/19/20 EX7

DocuSign Envelope ID: AC38B800-9E90-4A5D-B78B-E642C266E303

documents or that Montour County acquiesces in the characterization of the activities or conduct contained in the document request, interrogatory, or definitions and/or instructions applicable to the document request or interrogatory.

5.    Montour County expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

6.    These General Objections are incorporated by reference as if fully set forth in the response to each individual interrogatory and document request below. Montour County reserves the right to include additional objections as they become apparent.

7.    Montour County's investigation remains ongoing, and it reserves the right to supplement this Response.

## ANSWERS TO INTERROGATORIES

1.    Please identify all Procedures, Practices, Rules, Regulations, and/or Instructions You implemented, used, followed, and/or communicated in the June 2, 2020 Primary Election, and all Procedures, Practices, Rules, Regulations, and/or Instructions that You intend to implement, use, follow, and/or communicate in the November 3, 2020 General Election, concerning or relating to the processing, verification, acceptance, and/or rejection of applications for absentee and/or mail-in ballots, including without limitation whether You mail applications to all qualified electors within Your county and/or whether You frank or prepay the postage for any or all completed and returned applications, and if there are any differences, please identify the reasons why You are making a change in such Procedures, Practices, Rules, Regulations, and/or Instructions for the November 3, 2020 General Election.

ANSWER:

Montour County objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks information regarding applications for absentee and/or mail-in ballots, the mailing of applications to qualified electors, and the prepayment of postage "for any and all completed and returned applications," none of which are

2

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

the subject of Plaintiffs' allegations or the relief sought in their Amended Complaint, and because it seeks broad information not relevant to Plaintiffs' allegations.

Montour County also objects to this Interrogatory because it seeks information that will be included in the report issued by the Pennsylvania Department of State (the "Department") pursuant to 71 P.S. § 279.6 (the "Act 35 Report") and thus is not required to be produced by Montour County under the Court's July 17, 2020 Scheduling Order (ECF No. 124).

Montour County further objects to this Interrogatory because the information sought is publicly available from the Counties, the Office of the Secretary of the Commonwealth (the "Secretary"), the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Montour County also objects to this Interrogatory because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department.

Montour County also objects to this Interrogatory because information relating to the "processing, verification, acceptance, and/or rejection of applications for absentee and/or mail-in ballots" falls outside the scope of the Court's July 17, 2020 Scheduling Order (ECF No. 124), and Plaintiffs have not sought an amendment to the Scheduling Order to expand or alter the scope of these July 24, 2020 discovery requests after filing their Amended Complaint on July 27, 2020 (ECF No. 234). This Interrogatory is untimely and should be deemed a late service of discovery.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

Subject to and without waiving these objections and the General Objections, Montour County has performed a reasonable search and is producing the available nonprivileged responsive information as follows.

For the June 2, 2020 Primary Election:

- Montour County processed, verified, accepted and/or rejected applications for absentee and/or mail in ballots in accordance with the applicable laws contained in the Pennsylvania Election Code, 25 Pa. Stat. Ann. §§ 2600 *et seq.* (the "Election Code"), Act 77 of 2019 and Act 12 of 2020, and guidance issued by the Secretary and the Department.

- Montour County does not have its own written procedure, but follows the user guides provided by the Department of State.

- Montour County intends to utilize the same procedures for the November 3, 2020 General Election, although Montour County has not finalized all procedures for said election.

- Montour County does not mail absentee and/or mail-in ballot applications to all qualified electors within our county. An application is only mailed to an elector if they call into the office and request an application be sent. An elector may also complete and submit an electronic mail-in ballot application on the county's website or the Pennsylvania Department of State's website.

- Montour County does not prepay the postage for any completed or returned applications.

2.      Please identify all correspondence, memoranda, email messages, postings, or other communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (i) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any

4

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

voter/elector in the Commonwealth of Pennsylvania; (iii) any other County Election Board; (iv) any District Election Board; (v) any of Your employees, agents, or other representatives acting on Your behalf; and/or (vi) Secretary Boockvar and/or the Elections Department; and (b) concern, relate to, describe, explain, or justify the Procedures, Practices, Rules, Regulations, and/or Instructions identified in Your answer to the preceding Interrogatory, including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**ANSWER:**

Montour County objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks "all correspondence, memoranda, email messages, posting, or other communications," whether in writing or made orally" that "were made by, to, and or between You and any other person," concerning the information requested in Interrogatory No. 1, which as reflected in the associated objections seeks information that is not the subject of Plaintiffs' allegations or the relief sought in their Amended Complaint.

Montour County also objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks the communications "whether in writing or made orally." Montour County is a governmental body whose employees routinely answer oral questions about its processes and services, including absentee and mail-in ballot applications, without keeping any record of these communications. This Interrogatory, as written, seeks to have Montour County memorialize all run-of-the-mill communications regarding Montour County's routine business relating to applications for absentee and mail-in ballots, which is unreasonable and has no bearing on Plaintiffs' claims.

Montour County also objects to this Interrogatory because it seeks information that will be included in the report issued by the Pennsylvania Department of State (the "Department") pursuant to 71 P.S. § 279.6 (the "Act 35 Report") and thus is not required to be produced by Montour County under the Court's July 17, 2020 Scheduling Order (ECF No. 124).

Montour County further objects to this Interrogatory because the information sought is publicly available from the Counties, the Office of the Secretary of the Commonwealth (the "Secretary"), the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Montour County also objects to this Interrogatory because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department.

Montour County also objects to this Interrogatory because information relating to the "processing, verification, acceptance, and/or rejection of applications for absentee and/or mail-in ballots" falls outside the scope of the Court's July 17, 2020 Scheduling Order (ECF No. 124), and Plaintiffs have not sought an amendment to the Scheduling Order to expand or alter the scope of these July 24, 2020 discovery requests after filing their Amended Complaint on July 27, 2020 (ECF No. 234). This Interrogatory is untimely and should be deemed a late service of discovery.

Montour County also objects to this Interrogatory because it requests information that is protected by the attorney-client privilege, work product privilege, joint defense or common interest privilege, and/or other applicable privileges or protections from disclosure.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

6

Subject to and without waiving these objections and the General Objections, Montour County has performed a reasonable search and is producing the available nonprivileged responsive information as follows.

- Montour County is currently unaware of any communications regarding any "incidents or complaints" relevant to applications for absentee and/or mail-in ballots, other than the unsupported and vague statements made in Plaintiffs' Amended Complaint.

- Pursuant to Fed. R. Civ. P. 33(a), Montour County produces copies of the responsive, non-privileged documents it has located after a reasonable search regarding absentee and mail-in ballots related to the June 2, 2020 Primary Election and the November 3, 2020 General Election.

3.      Please identify all Procedures, Practices, Rules, Regulations, and/or Instructions You implemented, used, followed, and/or communicated in the June 2, 2020 Primary Election, and all Procedures, Practices, Rules, Regulations, and/or Instructions that You intend to implement, use, follow, and/or communicate in the November 3, 2020 General Election, concerning or relating to the return or delivery by electors of voted absentee and/or mail-in ballots, including without limitation whether You frank or prepay the postage for any or all absentee and/or mail-in ballots and/or whether third parties may deliver in-person absentee and/or mail-in ballots cast by non-disabled electors, and if there are any differences, please identify the reasons why You are making a change in such Procedures, Practices, Rules, Regulations, and/or Instructions for the November 3, 2020 General Election.

ANSWER:

7

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

Montour County objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks information regarding the prepayment of postage for the return of absentee and/or mail-in ballots, which is not a subject of Plaintiffs' allegations or the relief sought in their Amended Complaint.

Montour County also objects to this Interrogatory because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Montour County under the Court's July 17, 2020 Scheduling Order (ECF No. 124).

Montour County further objects to this Interrogatory because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Montour County also objects to this Interrogatory because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Montour County has performed a reasonable search and is producing the available nonprivileged responsive information as follows.

For the June 2, 2020 Primary Election:

- Montour County followed the applicable laws contained in the Pennsylvania Election Code, 25 Pa. Stat. Ann. §§ 2600 et seq. (the "Election Code"), Act 77 of 2019 and Act 12

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

of 2020, and guidance issued by the Secretary and the Department concerning the return or delivery of absentee and mail-in ballots for the June 2, 2020 Primary Election, including concerning whether third-parties were permitted to deliver absentee and/or mail-in ballots cast by non-disabled electors.

- Montour County does not have its own written procedure, but follows the user guides provided by the Department of State.

- Montour County has in the past allowed a nursing home representative to both pick up applications and deliver voted ballots. Past practice has also been to allow a spouse to deliver a voted ballot back to Board of Elections. Montour County is considering whether to change this practice for the November 3, 2020 General Election.

- Except as otherwise stated in this answer, Montour County intends to utilize the same procedures for the November 3, 2020 General Election, although Montour County has not finalized all procedures for said election.

- Montour County did not in the past prepay the postage for any absentee or mail-in ballots. However, based upon a July 31, 2020 communication and press release from the Department, Montour County expects to provide pre-paid postage for the return of absentee and mail-in ballots for the November 3, 2020 General Election, as provided by the Department using funds appropriated from the federal government.

- In accordance with the Election Code and related law and guidance, Montour County does not check or investigate the identity of individuals delivering mail-in or absentee ballots, absent some evidence of irregularity requiring investigation.

DocuSign Envelope ID: AC3B5900-9E90-4A5D-B78B-E642C296E303

4.       Please identify all correspondence, memoranda, email messages, postings, or other communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (i) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any other County Election Board; (iv) any District Election Board; (v) any of Your employees, agents, or other representatives acting on Your behalf; and/or (vi) Secretary Boockvar and/or the Elections Department; and (b) concern, relate to, describe, explain, or justify the Procedures, Practices, Rules, Regulations, and/or Instructions identified in Your answer to the preceding Interrogatory, including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**ANSWER:**

Montour County objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks "all correspondence, memoranda, email messages, posting, or other communications," whether in writing or made orally" that "were made by, to, and or between You and any other person," concerning the information requested in Interrogatory No. 3, which as reflected in the associated objections seeks information that is not the subject of Plaintiffs' allegations or the relief sought in their Amended Complaint.

Montour County also objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks the communications "whether in writing or made orally." Montour County is a governmental body whose employees routinely answer oral questions about its processes and services, including absentee and mail-in ballot applications, without keeping any record of these communications. This Interrogatory, as written, seeks to have

10

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

Montour County memorialize all run-of-the-mill communications regarding Montour County's routine business relating to the return of absentee and mail-in ballots, which is unreasonable and has no bearing on Plaintiffs' claims.

Montour County also objects to this Interrogatory because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Montour County under the Court's July 17, 2020 Scheduling Order (ECF No. 124).

Montour County further objects to this Interrogatory because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Montour County also objects to this Interrogatory because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department.

Montour County also objects to this Interrogatory because it requests information that is protected by the attorney-client privilege, work product privilege, joint defense or common interest privilege, and/or other applicable privileges or protections from disclosure.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Montour County has performed a reasonable search and is producing the available nonprivileged responsive information as follows.

- Montour County received one telephone call from someone from the Pennsylvania Democratic Committee asking whether the County pays for postage of mail-in ballots. At the time, Montour County did not pay for postage.

- Montour County is currently unaware of any communications regarding any "incidents or complaints" relevant to applications for absentee and/or mail-in ballots, other than the unsupported and vague statements made in Plaintiffs' Amended Complaint.

- Pursuant to Fed. R. Civ. P. 33(a), see the documents produced in response to Interrogatory No. 2.

5.      Please identify all Procedures, Practices, Rules, Regulations, and/or Instructions You implemented, used, followed, and/or communicated in the June 2, 2020 Primary Election, and all Procedures, Practices, Rules, Regulations, and/or Instructions that You intend to implement, use, follow, and/or communicate in the November 3, 2020 General Election, concerning or relating to the use, type, number, location, security, monitoring, advertisement, funding, and other factors or best practices for using drop boxes, mobile ballot collection centers, polling places, or other collection/drop-off locations for the return or delivery of voted absentee and/or mail-in ballots, including without limitation documenting security and chain of custody of such delivered ballots, and if there are any differences, please identify the reasons why You are making a change in such Procedures, Practices, Rules, Regulations, and/or Instructions for the November 3, 2020 General Election.

**ANSWER:**

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

Montour County objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks broad information regarding absentee and mail-in ballot procedures, and Plaintiffs' allegations and the relief sought in their Amended Complaint allege only that the process is "unmonitored and insecure," not that there are issues with their number, advertisement, funding, or other unrelated factors.

Montour County also objects to this Interrogatory because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Montour County under the Court's July 17, 2020 Scheduling Order (ECF No. 124).

Montour County further objects to this Interrogatory because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Montour County also objects to this Interrogatory because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Montour County has performed a reasonable search and is producing the available nonprivileged responsive information as follows.

For the June 2, 2020 Primary Election:

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

- Montour County acted in accordance with the applicable laws contained in the Election Code, Act 77 of 2019 and Act 12 of 2020, and guidance issued by the Secretary and the Department relating to the use of drop boxes, mobile ballot collection centers, polling places, or other collection/drop-off locations for the return or delivery of voted absentee and/or mail-in ballots.

- Montour County did not utilize any drop boxes, mobile ballot collection centers, polling places or other collection/drop-off locations for the return or delivery of voted absentee and/or mail-in ballots.

- All Montour County polling places were open in June and it is Montour County's intention to have all polling places open in November.

- Montour County does not have its own written procedure, but follows the user guides provided by the Department of State.

- Montour County intends to utilize the same procedures for the November 3, 2020 General Election although Montour County has not finalized all procedures for said election.

6.      Please identify all correspondence, memoranda, email messages, postings, or other communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (i) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any other County Election Board; (iv) any District Election Board; (v) any of Your employees, agents, or other representatives acting on Your behalf; and/or (vi) Secretary Boockvar and/or the Elections Department; and (b) concern,

14

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

relate to, describe, explain, or justify the Procedures, Practices, Rules, Regulations, and/or Instructions identified in Your answer to the preceding Interrogatory, including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**ANSWER:**

Montour County objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks "all correspondence, memoranda, email messages, posting, or other communications," whether in writing or made orally" that "were made by, to, and or between You and any other person," concerning the information requested in Interrogatory No. 5, which as reflected in the associated objections seeks information that is not the subject of Plaintiffs' allegations or the relief sought in their Amended Complaint.

Montour County also objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks the communications "whether in writing or made orally." Montour County is a governmental body whose employees routinely answer oral questions about its processes and services, including absentee and mail-in ballot voting, without keeping any record of these communications. This Interrogatory, as written, seeks to have Montour County memorialize all run-of-the-mill communications regarding Montour County's routine business relating to the return of absentee and mail-in ballots, which is unreasonable and has no bearing on Plaintiffs' claims.

Montour County also objects to this Interrogatory because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Montour County under the Court's July 17, 2020 Scheduling Order (ECF No. 124).

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

Montour County further objects to this Interrogatory because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Montour County also objects to this Interrogatory because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department.

Montour County also objects to this Interrogatory because it requests information that is protected by the attorney-client privilege, work product privilege, joint defense or common interest privilege, and/or other applicable privileges or protections from disclosure.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Montour County has performed a reasonable search and is producing the available nonprivileged responsive information as follows.

- Montour County is currently unaware of any communications regarding any "incidents or complaints" relevant to using drop boxes, mobile ballot collection centers, polling places, or other collection/drop-off locations for the return or delivery of voted absentee and/or mail-in ballots, other than the unsupported and vague statements made in Plaintiffs' Amended Complaint.

- Pursuant to Fed. R. Civ. P. 33(a), see the documents produced in response to Interrogatory No. 2.

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

7.     Please identify all Procedures, Practices, Rules, Regulations, and/or Instructions You implemented, used, followed, and/or communicated in the June 2, 2020 Primary Election, and all Procedures, Practices, Rules, Regulations, and/or Instructions that You intend to implement, use, follow, and/or communicate in the November 3, 2020 General Election, concerning or relating to the pre-canvassing, canvassing, counting, and/or tabulation of voted absentee and/or mail-in ballots, including without limitation (a) the timing of when such pre-canvassing, canvassing, and/or counting shall occur; (b) whether absentee and/or mail-in ballots that have been (i) cast either without inner secrecy envelopes, with inner secrecy envelopes with marks, text, or symbols, or without the outside envelope's declaration being filled out, dated, and signed, and/or (ii) delivered in-person by someone other than the electors who voted the ballots should be processed, handled, counted, or disallowed, and (c) whether poll watchers can be present during any such pre-canvassing, canvassing, and/or counting, and if there are any differences, please identify the reasons why You are making a change in such Procedures, Practices, Rules, Regulations, and/or Instructions for the November 3, 2020 General Election.

**ANSWER:**

Montour County objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks broad information regarding absentee and mail-in ballot procedures, and Plaintiffs' allegations and the relief sought in their Amended Complaint allege only that the process is flawed related to treatment of ballots that contain irregularities relating to the inner security envelope or outside envelope.

Montour County also objects to this Interrogatory because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

required to be produced by Montour County under the Court's July 17, 2020 Scheduling Order (ECF No. 124).

Montour County further objects to this Interrogatory because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Montour County also objects to this Interrogatory because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Montour County has performed a reasonable search and is producing the available nonprivileged responsive information as follows.

Subject to and without waiving the foregoing objections and Montour County's General Objections, for the June 2, 2020 Primary Election:

- Montour County acted in accordance with the applicable laws contained in the Election Code, Act 77 of 2019 and Act 12 of 2020, and guidance issued by the Secretary and the Department relating to pre-canvassing, canvassing, counting, and/or tabulation of voted absentee and/or mail-in ballots.

- If, upon receipt of absentee balloting materials, a voter indicates that no secrecy envelope was enclosed, then Montour County would count the voted ballot upon receipt as it was an omission made by Montour County. This happened with two ballots in the June Primary

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

Election. The voters called and were told they could use a regular envelope in place of the missing secrecy envelope, or we would mail them the secrecy envelope. In both cases, the voters elected not to have the envelope sent and did not use another envelope in its stead. Because Montour County does not want to disenfranchise voters, we will continue this practice.

- Voters who failed to sign the declaration in the June Primary Election were contacted and the voter physically came into the Board of Elections Office to sign the declaration. Because of the large number of mail-in applications and the possibility the voter might not include a phone number on the application, Montour County intends to discontinue this practice in November to ensure equal treatment of all voters.

- Montour County did not pre-cavass ballots for the June Primary Election. Montour County does not plan to pre-canvass ballots for the November General Election. Canvassing will begin November 4, 2020. Canvassing and tabulation are open to the public, but for practical reasons it may be difficult to physically accommodate attendance depending upon the number of persons who want to attend.

- Montour County does not have its own written procedure, but follows the user guides provided by the Department of State.

- Except as otherwise stated in this answer, Montour County intends to utilize the same procedures for the November 3, 2020 General Election, although Montour County has not finalized all procedures for said election.

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

8.     Please identify all correspondence, memoranda, email messages, postings, or other communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (i) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any other County Election Board; (iv) any District Election Board; (v) any of Your employees, agents, or other representatives acting on Your behalf; and/or (vi) Secretary Boockvar and/or the Elections Department; and (b) concern, relate to, describe, explain, or justify the Procedures, Practices, Rules, Regulations, and/or Instructions identified in Your answer to the preceding Interrogatory, including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**ANSWER:**

Montour County objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks "all correspondence, memoranda, email messages, posting, or other communications," whether in writing or made orally" that "were made by, to, and or between You and any other person," concerning the information requested in Interrogatory No. 7, which as reflected in the associated objections seeks information that is not the subject of Plaintiffs' allegations or the relief sought in their Amended Complaint.

Montour County also objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks the communications "whether in writing or made orally." Montour County is a governmental body whose employees routinely answer oral questions about its processes and services, including absentee and mail-in ballot voting, without keeping any record of these communications. This Interrogatory, as written, seeks to have

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

Montour County memorialize all run-of-the-mill communications regarding Montour County's routine business relating to the counting and tabulation of absentee and mail-in ballots, which is unreasonable and has no bearing on Plaintiffs' claims.

Montour County also objects to this Interrogatory because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Montour County under the Court's July 17, 2020 Scheduling Order (ECF No. 124).

Montour County further objects to this Interrogatory because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Montour County also objects to this Interrogatory because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department.

Montour County also objects to this Interrogatory because it requests information that is protected by the attorney-client privilege, work product privilege, joint defense or common interest privilege, and/or other applicable privileges or protections from disclosure.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Montour County has performed a reasonable search and is producing the available nonprivileged responsive information as follows.

21

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

- Montour County is currently unaware of any communications regarding any "incidents or complaints" relevant to pre-canvassing, canvassing, counting, and/or tabulation of voted absentee and/or mail-in ballots, other than the unsupported and vague statements made in Plaintiffs' Amended Complaint.

- Pursuant to Fed. R. Civ. P. 33(a), see the documents produced in response to Interrogatory No. 2.

9.     Please identify all Procedures, Practices, Rules, Regulations, and/or Instructions You implemented, used, followed, and/or communicated in the June 2, 2020 Primary Election, and all Procedures, Practices, Rules, Regulations, and/or Instructions that You intend to implement, use, follow, and/or communicate in the November 3, 2020 General Election, concerning or relating to ensuring that electors who voted via absentee or mail-in ballot do not vote again in-person on Election Day, or if they do, they do not have more than one of their votes counted, including without limitation notifying the District Election Boards which voters are entitled to vote on Election Day, either by way of a paper ballot, on a machine, or via a provisional ballot and  marking or supplementing the poll books that are delivered to the District Election Boards with such information, and if there are any differences, please identify the reasons why You are making a change in such Procedures, Practices, Rules, Regulations, and/or Instructions for the November 3, 2020 General Election.

**ANSWER:**

Montour County objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks broad information regarding absentee and mail-in ballot procedures, and Plaintiffs' allegations and the relief sought in their Amended

DocuSign Envelope ID: AC38B900-9E90-4A5D-B76B-E642C296E303

Complaint allege only that the mail-in and absentee ballot process is flawed, not that the voting process is generally subject to duplicate voting.

Montour County also objects to this Interrogatory because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Montour County under the Court's July 17, 2020 Scheduling Order (ECF No. 124).

Montour County further objects to this Interrogatory because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Montour County also objects to this Interrogatory because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Montour County has performed a reasonable search and is producing the available nonprivileged responsive information as follows.

For the June 2, 2020 Primary Election:

- Montour County acted in accordance with the applicable laws contained in the Election Code, Act 77 of 2019 and Act 12 of 2020, and guidance issued by the Secretary and the Department relating to ensuring that absentee or mail-in voters did not vote in-person on Election Day.

23

- Montour County does not have its own written procedure, but follows the user guides provided by the Department of State.

- Montour County utilized printed poll book pages, which clearly indicated which voters were eligible to vote in-person, and which were ineligible because they had already submitted a voted ballot by absentee or mail-in ballot. The poll book pages also clearly indicated which voters had applied for an absentee and/or mail-in ballot but had not yet returned one, indicating that the voter was only eligible to cast a provisional ballot.

- Montour County intends to utilize the new procedures dictated by the applicable laws and Department guidance for the November 3, 2020 General Election, in which the poll book will be split into two sections. The main part of the poll book will list voters who have either not requested an absentee or mail-in ballot or who have not returned their ballot. The secondary section of the poll book will list only those voters who have been marked as having returned their issued mail-in ballot. On election day at the polling places, voters in the secondary section who are recorded as "already voted" will be informed by election officials that they are not eligible to cast a regular ballot in the election, and if any voter disputes their poll book record, an official will issue the voter a provisional ballot.


10.    Please identify all correspondence, memoranda, email messages, postings, or other communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (i) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any other County Election Board; (iv)

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

any District Election Board; (v) any of Your employees, agents, or other representatives acting on Your behalf; and/or (vi) Secretary Boockvar and/or the Elections Department; and (b) concern, relate to, describe, explain, or justify the Procedures, Practices, Rules, Regulations, and/or Instructions identified in Your answer to the preceding Interrogatory, including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**ANSWER:**

Montour County objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks "all correspondence, memoranda, email messages, posting, or other communications," whether in writing or made orally" that "were made by, to, and or between You and any other person," concerning the information requested in Interrogatory No. 9, which as reflected in the associated objections seeks information that is not the subject of Plaintiffs' allegations or the relief sought in their Amended Complaint.

Montour County also objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks the communications "whether in writing or made orally." Montour County is a governmental body whose employees routinely answer oral questions about its processes and services, including absentee and mail-in ballot voting, without keeping any record of these communications. This Interrogatory, as written, seeks to have Montour County memorialize all run-of-the-mill communications regarding Montour County's routine business relating to day-of voting procedures and the management of in-person and by-mail voting, which is unreasonable and has no bearing on Plaintiffs' claims.

Montour County also objects to this Interrogatory because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

required to be produced by Montour County under the Court's July 17, 2020 Scheduling Order (ECF No. 124).

Montour County further objects to this Interrogatory because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Montour County also objects to this Interrogatory because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department.

Montour County also objects to this Interrogatory because it requests information that is protected by the attorney-client privilege, work product privilege, joint defense or common interest privilege, and/or other applicable privileges or protections from disclosure.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Montour County has performed a reasonable search and is producing the available nonprivileged responsive information as follows.

- Montour County is currently unaware of any communications regarding any "incidents or complaints" relevant to ensuring that electors who voted via absentee or mail-in ballot do not vote again in-person on Election Day, other than the unsupported and vague statements made in Plaintiffs' Amended Complaint.

- Pursuant to Fed. R. Civ. P. 33(a), see the documents produced in response to Interrogatory No. 2.

26

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

11.    Please identify all incidents known or reported to You from the June 2, 2020 Primary Election of: (a) electors who applied for and/or voted an absentee or mail-in ballot and also voted in-person, either on a voting machine or via a paper or provisional ballot, on Election Day at a polling place; (b) electors who received and/or voted more than one absentee or mail-in ballot; (c) non-disabled electors whose absentee or mail-in ballots were mailed or delivered in-person by a person other the non-disabled electors who voted the absentee or mail-in ballots; and/or (d) electors who claimed that someone had impersonated them and/or cast either in-person, absentee, and/or mail-in ballots for them without their knowledge, consent, or authorization, and for each such incident, state what review or investigation was undertaken by You in response to the incident, including all determinations made on the incident, legal actions filed, and referrals to law enforcement.

**ANSWER:**

Montour County objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks broad information regarding "incidents" related to absentee and mail-in ballot votes whether or not relevant to their claims, and extends to voter impersonation, which is outside Plaintiffs' allegations and the relief sought in their Amended Complaint.

Montour County also objects to this Interrogatory because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Montour County under the Court's July 17, 2020 Scheduling Order (ECF No. 124).

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

Montour County further objects to this Interrogatory because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Montour County has performed a reasonable search and is producing the available nonprivileged responsive information as follows: Montour County experienced no responsive "incidents" that could be reasonably be categorized as (b), (c) or (d). As for (a), Montour County had 37 provisional ballots issued to mail-in voters who had not returned their voted mail-in ballot to the Board of Elections. Other than processing those provisional ballots pursuant to normal procedures, no further action was taken or required under the applicable law and guidance.

12.     Please identify all Procedures, Practices, Rules, Regulations, and/or Instructions You implemented, used, followed, and/or communicated in the June 2, 2020 Primary Election, and all Procedures, Practices, Rules, Regulations, and/or Instructions that You intend to implement, use, follow, and/or communicate in the November 3, 2020 General Election, concerning or relating to the accreditation of poll watchers, the issuance and verification of poll watcher's certificates, and whether poll watchers are permitted to monitor the issuance, return, casting, and counting of all ballots, including without limitation absentee and/or mail-in ballots, and if there are any differences, please identify the reasons why You are making a change in such Procedures, Practices, Rules, Regulations, and/or Instructions for the November 3, 2020 General Election.

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

**ANSWER:**

Montour County objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks broad information regarding poll watchers, and Plaintiffs' allegations and the relief sought in their Amended Complaint is very narrow: the ability for poll watchers to serve in counties outside their county of residence and to observe and participate in the pre-canvass of ballots.

Montour County further objects to this Interrogatory because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Montour County also objects to this Interrogatory because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Montour County has performed a reasonable search and is producing the available nonprivileged responsive information as follows.

For the June 2, 2020 Primary Election:

- Montour County acted in accordance with the applicable laws contained in the Election Code, Act 77 of 2019 and Act 12 of 2020, and guidance issued by the Secretary and the Department relating poll watchers.

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

- Montour County had no poll watchers at the June 2, 2020 primary election, as no one requested to serve as a poll watcher. Under Montour County practices, requests must be made no later than one week prior to the election. Requests must be made in writing with the name, address of watcher, who the watcher is serving as a watcher for and what precinct the watcher will be assigned to, with the provision that a watcher may go to any precinct. The certificates are printed on pink paper and signed by the Montour County Board of Elections. All watchers receive a copy of watcher's protocol developed by Montour County.

- Montour County intends to utilize the same procedures for the November 3, 2020 General Election, although Montour County has not finalized all procedures for said election.

13.     Please identify all correspondence, memoranda, email messages, postings, or other communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (i) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any other County Election Board; (iv) any District Election Board; (v) any of Your employees, agents, or other representatives acting on Your behalf; and/or (vi) Secretary Boockvar and/or the Elections Department; and (b) concern, relate to, describe, explain, or justify the Procedures, Practices, Rules, Regulations, and/or Instructions identified in Your answer to the preceding Interrogatory, including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

30

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

**ANSWER:**

Montour County objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks "all correspondence, memoranda, email messages, posting, or other communications," whether in writing or made orally" that "were made by, to, and or between You and any other person," concerning the information requested in Interrogatory No. 12, which as reflected in the associated objections seeks information that is not the subject of Plaintiffs' allegations or the relief sought in their Amended Complaint.

Montour County also objects to this Interrogatory as overly broad, unduly burdensome, not narrowly tailored, and disproportionate because it seeks the communications "whether in writing or made orally." Montour County is a governmental body whose employees routinely answer oral questions about its processes and services, including absentee and mail-in ballot voting, without keeping any record of these communications. This Interrogatory, as written, seeks to have Montour County memorialize all run-of-the-mill communications regarding Montour County's routine business relating to poll watchers, which is unreasonable and has no bearing on Plaintiffs' claims.

Montour County also objects to this Interrogatory because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department.

Montour County also objects to this Interrogatory because it requests information that is protected by the attorney-client privilege, work product privilege, joint defense or common interest privilege, and/or other applicable privileges or protections from disclosure.

31

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Montour County has performed a reasonable search and is producing the available nonprivileged responsive information as follows.

- Montour County is currently unaware of any communications regarding any "incidents or complaints" relevant to poll watchers, other than the unsupported and vague statements made in Plaintiffs' Amended Complaint.   Further answering, Montour County has provided information about its poll watchers in response to Interrogatory No. 12.

14.   Please identify from the June 2, 2020 Primary Election:

    (a)   The total number of absentee and mail-in ballots that were returned to You by mail and of this total, the number of mail-returned ballots that were: (i) pre-canvassed and counted; (ii) pre-canvassed and not counted; (iii) challenged and counted; (iv) challenged and not counted; (v) canvassed and counted; (vi) canvassed and not counted; and (vii) not canvassed and not counted;

    (b)   The total number of absentee and mail-in ballots that were returned to You in person at Your official registered office, and of this total, the number of in-person/office-returned ballots that were: (i) pre-canvassed and counted; (ii) pre-canvassed and not counted; (iii) challenged and counted; (iv) challenged and not counted; (v) canvassed and counted; (vi) canvassed and not counted; and (vii) not canvassed and not counted; and

    (c)   The total number of absentee and mail-in ballots that were returned to You in person to a drop-box, mobile ballot collection center, polling place, or other collection/drop-off location other than inside Your official registered office, and of this total, the number of in-person/office-returned ballots that were: (i) pre-canvassed and counted; (ii) pre-canvassed and not counted; (iii) challenged and counted; (iv) challenged and not counted; (v) canvassed and counted; (vi) canvassed and not counted; and (vii) not canvassed and not counted.

**ANSWER:**

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

Montour County objects to this Interrogatory as overly broad, not narrowly tailored, and disproportionate because it is not limited to the specific allegations and relief requested in Plaintiffs' Complaint (or Amended Complaint), making the burden of producing this discovery outweigh its potential benefits.  Montour County also objects to this Interrogatory because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Montour County under the Court's July 17, 2020 Scheduling Order (ECF No. 124).  Montour County further objects to this Interrogatory because the information sought is publicly available from the County, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.  Montour County also objects to this Interrogatory because it should more properly be directed to the Secretary as it maintains the requested information in its possession, custody and control as part of the SURE system, and any production by Montour County would be duplicative.

Subject to and without waiving these objections and the General Objections, Montour County has performed a reasonable search and is producing the available nonprivileged responsive information as follows.

Montour County had a total of 1,709 absentee and/or mail-in ballots returned either by mail or in person.  A breakdown of how those ballots were returned cannot be generated because Montour County does not track whether a ballot arrived by mail or in-person.  The responses in (a) relate to all returned absentee and mail-in ballots, returned both by mail and in-person.

a.  The total number of absentee and mail-in ballots that were returned to you by mail and of this total, the number of mail-returned ballots that were:

i.  Pre-canvassed and Counted: No ballots were pre-canvassed.

33

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

    ii.   Pre-canvassed and Not Counted: No ballots were pre-canvassed.

    iii.   Challenged and Counted: No ballots were challenged.

    iv.   Challenged and Not Counted: No ballots were challenged.

    v.   Canvassed and Counted: All ballots that were returned were counted.

    vi.   Canvassed and Not Counted: No ballots were canvassed and not counted.

    vii.   Not Canvassed and Not Counted: No ballots were not canvassed and not counted.

b.  The total number of absentee and mail-in ballots that were returned to you in person at your local office and of this total, the number of mail-returned ballots that were:

    i.   Pre-canvassed and Counted: See above.

    ii.   Pre-canvassed and Not Counted: See above.

    iii.   Challenged and Counted: See above.

    iv.   Challenged and Not Counted: See above.

    v.   Canvassed and Counted: See above.

    vi.   Canvassed and Not Counted: See above.

    vii.   Not Canvassed and Not Counted: See above.

c.  The total number of absentee and mail-in ballots that were returned to you in person to a drop box, mobile ballot collection center, polling place, or other collection/drop off location: Montour County did not utilize any drop boxes, collection centers, etc. No ballots were returned this way.

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Please produce all documents You referenced, relied upon, reviewed, or consulted when answering the above Interrogatories.

**RESPONSE:**

Montour County incorporates by reference its objections to the associated Interrogatories. In addition, Montour County objects to this Request as overly broad, not narrowly tailored, and disproportionate because it is not limited to the specific allegations and relief requested in Plaintiffs' Complaint (or Amended Complaint), making the burden of producing this discovery outweigh its potential benefits. Montour County also objects to this Request because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Montour County under the Court's July 17, 2020 Scheduling Order (ECF No. 124).

Montour County further objects to this Request because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Montour County also objects to this Request because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department, and any production by Montour County would be duplicative.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

Subject to and without waiving these objections, Montour County has performed a reasonable search and is producing any available responsive non-privileged information as identified below.

Montour County identifies the following documents, which it will not produce because they are publicly available and accessible, or they are documents created and maintained by the Secretary, also a party to this litigation:

a. The Election Code;

b. Act 77 of 2019;

c. Act 12 of 2020;

d. The Department's Act 77 Absentee and Mail-in Guidance;

e. The Department's Ballot Processing Guidance;

f. The Department's Permanent Voters Guidance;

g. The Department's Mail-In Application Processing User Guide;

h. The Department's Absentee Application Processing User Guide;

i. The Department's Provisional Ballots Guidance; and

j. The Act 35 response submitted to the Department by Montour County and the compiled report prepared by the Department in accordance with Act 35.

Also subject to and without waiving these objections and the General Objections, Montour County produces the documents attached to these responses.

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

2.      Please produce all Procedures, Practices, Rules, Regulations, and/or Instructions You implemented, used, followed, and/or communicated in the June 2, 2020 Primary Election, and all Procedures, Practices, Rules, Regulations, and/or Instructions that You intend to implement, use, follow, and/or communicate in the November 3, 2020 General Election, concerning or relating to the receipt, storage, review, delivery, return, collection, and counting of paper ballots, including but not limited to absentee, mail-in, provisional, and alternative emergency ballots, and all correspondence, memoranda, email messages, postings, or other documents reflecting communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (i) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any other County Election Board; (iv) any District Election Board; (v) any of Your employees, agents, or other representatives acting on Your behalf; and/or (vi) Secretary Boockvar and/or the Elections Department; and (b) concern, relate to, describe, explain, or justify such Procedures, Practices, Rules, Regulations, and/or Instructions, including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**RESPONSE:**

Montour County objects to this Request as overly broad, not narrowly tailored, and disproportionate because it calls for "all Procedures, Practices, Rules, Regulations, and/or Instructions" relating to "the pre-canvassing, canvassing, and/or counting of absentee and/or mail-in ballots" and "all correspondence… made by, to, and/or between Your and any other person," without limitation to the specific allegations and relief requested in Plaintiffs' Complaint and the

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

scope of discovery provided in the Court's July 17, 2020 Scheduling Order (ECF NO. 124), making the burden of producing this discovery outweigh its potential benefits.

Montour County also objects to this Request because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Montour County under the Court's July 17, 2020 Scheduling Order (ECF NO. 124).

Montour County further objects to this Request because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Montour County also objects to this Request because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department, and any production by Montour County would be duplicative.

Montour County also objects to this Request because it requests information that is protected by the attorney-client privilege, work product privilege, joint defense or common interest privilege, and/or other applicable privileges or protections from disclosure.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Montour County has performed a reasonable search and is producing any available responsive non-privileged information as identified in Response to Request No. 1.

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

3.   Please produce all Procedures, Practices, Rules, Regulations, and/or Instructions You implemented, used, followed, and/or communicated in the June 2, 2020 Primary Election, and all Procedures, Practices, Rules, Regulations, and/or Instructions that You intend to implement, use, follow, and/or communicate in the November 3, 2020 General Election, concerning or relating to the pre-canvassing, canvassing, and/or counting of absentee and/or mail-in ballots, including without limitation (a) the timing of when such pre-canvassing, canvassing, and/or counting shall occur; (b) whether absentee and/or mail-in ballots that have been (i) cast either without inner secrecy envelopes, with inner secrecy envelopes with marks, text, or symbols, or without the outside envelope's declaration being filled out, dated, and signed, and/or (ii) delivered in-person by someone other than the electors who voted the ballots should be processed, handled, counted, or disallowed, and (c) whether poll watchers can be present during any such pre-canvassing, canvassing, and/or counting, and all correspondence, memoranda, email messages, postings, or other documents reflecting communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (i) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any other County Election Board; (iv) any District Election Board; (v) any of Your employees, agents, or other representatives acting on Your behalf; and/or (vi) Secretary Boockvar and/or the Elections Department; and (b) concern, relate to, describe, explain, or justify such Procedures, Practices, Rules, Regulations, and/or Instructions, including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**RESPONSE:**

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

Montour County objects to this Request as overly broad, not narrowly tailored, and disproportionate because it calls for "all Procedures, Practices, Rules, Regulations, and/or Instructions" relating to the pre-canvassing, canvassing, and/or counting of absentee and/or mail-in ballots" and "all correspondence... made by, to, and/or between Your and any other person," without limitation to the specific allegations and relief requested in Plaintiffs' Complaint and the scope of discovery provided in the Court's July 17, 2020 Scheduling Order (ECF NO. 124), making the burden of producing this discovery outweigh its potential benefits.

Montour County also objects to this Request because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Montour County under the Court's July 17, 2020 Scheduling Order (ECF NO. 124).

Montour County further objects to this Request because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Montour County also objects to this Request because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department, and any production by Montour County would be duplicative.

Montour County also objects to this Request because it requests information that is protected by the attorney-client privilege, work product privilege, joint defense or common interest privilege, and/or other applicable privileges or protections from disclosure.

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Montour County has performed a reasonable search and is producing any available responsive non-privileged information as identified in Response to Request No. 1.


4.      Please produce all Procedures, Practices, Rules, Regulations, and/or Instructions You implemented, used, followed, and/or communicated in the June 2, 2020 Primary Election, and all Procedures, Practices, Rules, Regulations, and/or Instructions that You intend to implement, use, follow, and/or communicate in the November 3, 2020 General Election, concerning or relating to the use, type, number, location, security, monitoring, advertisement, funding, and other factors or best practices for using drop boxes, mobile ballot collection centers, polling places, or other collection/drop-off locations to receive voted absentee and/or mail-in ballots, including without limitation documenting security and chain of custody of such delivered ballots, and all correspondence, memoranda, email messages, postings, or other documents reflecting communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (i) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any other County Election Board; (iv) any District Election Board; (v) any of Your employees, agents, or other representatives acting on Your behalf; and/or (vi) Secretary Boockvar and/or the Elections Department; and (b) concern, relate to, describe, explain, or justify such Procedures, Practices, Rules, Regulations, and/or Instructions, including without limitation any incidents, complaints, concerns, changes,

41

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**RESPONSE:**

Montour County objects to this Request as overly broad, not narrowly tailored, and disproportionate because it calls for "all Procedures, Practices, Rules, Regulations, and/or Instructions" relating to "the use, type, number, location, security, monitoring, advertisement, funding, and other factors or best practices for using drop boxes, mobile ballot collection centers, polling places, or other collection/drop-off locations to receive voted absentee and/or mail-in ballots" and "all correspondence… made by, to, and/or between Your and any other person," without limitation to the specific allegations and relief requested in Plaintiffs' Complaint and the scope of discovery provided in the Court's July 17, 2020 Scheduling Order (ECF No. 124), making the burden of producing this discovery outweigh its potential benefits.

Montour County also objects to this Request because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Montour County under the Court's July 17, 2020 Scheduling Order (ECF No. 124).

Montour County further objects to this Request because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Montour County also objects to this Request because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

that have been or will be promulgated or established by the Secretary or the Department, and any production by Montour County would be duplicative.

Montour County also objects to this Request because it requests information that is protected by the attorney-client privilege, work product privilege, joint defense or common interest privilege, and/or other applicable privileges or protections from disclosure.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Montour County has performed a reasonable search and is producing any available responsive non-privileged information as identified in Response to Request No. 1.

5.      Please produce all Procedures, Practices, Rules, Regulations, and/or Instructions You implemented, used, followed, and/or communicated in the June 2, 2020 Primary Election, and all Procedures, Practices, Rules, Regulations, and/or Instructions that You intend to implement, use, follow, and/or communicate in the November 3, 2020 General Election, concerning or relating to the circumstances under which a person other than the non-disabled elector may return or deliver an absentee or mail-in ballot for that non-disabled elector, and all correspondence, memoranda, email messages, postings, or other documents reflecting communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (i) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any other County Election Board; (iv) any District Election Board; (v) any of Your employees, agents, or other representatives acting on

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

Your behalf; and/or (vi) Secretary Boockvar and/or the Elections Department; and (b) concern, relate to, describe, explain, or justify such Procedures, Practices, Rules, Regulations, and/or Instructions, including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**RESPONSE:**

Montour County objects to this Request as overly broad, not narrowly tailored, and disproportionate because it calls for "all Procedures, Practices, Rules, Regulations, and/or Instructions" relating to "the circumstances under which a person other than the non-disabled elector may return or deliver an absentee or mail-in ballot for that non-disabled elector" and "all correspondence... made by, to, and/or between Your and any other person," without limitation to the specific allegations and relief requested in Plaintiffs' Complaint and the scope of discovery provided in the Court's July 17, 2020 Scheduling Order (ECF No. 124), making the burden of producing this discovery outweigh its potential benefits.

Montour County also objects to this Request because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Montour County under the Court's July 17, 2020 Scheduling Order (ECF No. 124).

Montour County further objects to this Request because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Montour County also objects to this Request because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department, and any production by Montour County would be duplicative.

Montour County also objects to this Request because it requests information that is protected by the attorney-client privilege, work product privilege, joint defense or common interest privilege, and/or other applicable privileges or protections from disclosure.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Montour County has performed a reasonable search and is producing any available responsive non-privileged information as identified in Response to Request No. 1.

6.      Please produce all Procedures, Practices, Rules, Regulations, and/or Instructions You implemented, used, followed, and/or communicated in the June 2, 2020 Primary Election, and all Procedures, Practices, Rules, Regulations, and/or Instructions that You intend to implement, use, follow, and/or communicate in the November 3, 2020 General Election, concerning or relating to the processing, verification, acceptance and/or rejection of applications for absentee and/or mail-in ballots, including without limitation whether to mail applications to all registered voters or qualified electors within Your county without a signed written request or application, and whether to frank or prepay the postage for any or all completed and returned applications, and all correspondence, memoranda, email messages, postings, or other documents reflecting communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (i) any political party or body,

45

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any other County Election Board; (iv) any District Election Board; (v) any of Your employees, agents, or other representatives acting on Your behalf; and/or (vi) Secretary Boockvar and/or the Elections Department; and (b) concern, relate to, describe, explain, or justify such Procedures, Practices, Rules, Regulations, and/or Instructions, including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**RESPONSE:**

Montour County objects to this Request as overly broad, not narrowly tailored, and disproportionate because it calls for "all Procedures, Practices, Rules, Regulations, and/or Instructions" relating to "the processing, verification, acceptance, and/or rejection of applications for absentee and/or mail-in ballots, including without limitation whether to mail applications to all registered voters or qualified electors within Your county without a signed written request or application, and whether to frank or prepay the postage for any or all completed and returned applications" and "all correspondence… made by, to, and/or between Your and any other person," without limitation to the specific allegations and relief requested in Plaintiffs' Complaint and the scope of discovery provided in the Court's July 17, 2020 Scheduling Order (ECF No. 124), making the burden of producing this discovery outweigh its potential benefits.

Montour County also objects to this Request because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Montour County under the Court's July 17, 2020 Scheduling Order (ECF No. 124).

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

Montour County further objects to this Request because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Montour County also objects to this Request because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department, and any production by Montour County would be duplicative.

Montour County also objects to this Request because it requests information that is protected by the attorney-client privilege, work product privilege, joint defense or common interest privilege, and/or other applicable privileges or protections from disclosure.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Montour County has performed a reasonable search and is producing any available responsive non-privileged information as identified in Response to Request No. 1.

7.     Please produce all Procedures, Practices, Rules, Regulations, and/or Instructions You implemented, used, followed, and/or communicated in the June 2, 2020 Primary Election, and all Procedures, Practices, Rules, Regulations, and/or Instructions that You intend to implement, use, follow, and/or communicate in the November 3, 2020 General Election, concerning or relating to the issuance of absentee and/or mail-in ballots to registered voters, including without limitation sending absentee or mail-in ballots to all registered voters or qualified

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

electors in Your county without a signed written request or application from such voters or electors, and/or franking or pre-paying the postage for voted absentee and/or mail-in ballots, and all correspondence, memoranda, email messages, postings, or other documents reflecting communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (i) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any other County Election Board; (iv) any District Election Board; (v) any of Your employees, agents, or other representatives acting on Your behalf; and/or (vi) Secretary Boockvar and/or the Elections Department; and (b) concern, relate to, describe, explain, or justify such Procedures, Practices, Rules, Regulations, and/or Instructions, including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**RESPONSE:**

Montour County objects to this Request as overly broad, not narrowly tailored, and disproportionate because it calls for "all Procedures, Practices, Rules, Regulations, and/or Instructions" relating to "to the issuance of absentee and/or mail-in ballots to registered voters" and "all correspondence… made by, to, and/or between Your and any other person," without limitation to the specific allegations and relief requested in Plaintiffs' Complaint and the scope of discovery provided in the Court's July 17, 2020 Scheduling Order (ECF No. 124), making the burden of producing this discovery outweigh its potential benefits.

Montour County also objects to this Request because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

required to be produced by Montour County under the Court's July 17, 2020 Scheduling Order (ECF No. 124).

Montour County further objects to this Request because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Montour County also objects to this Request because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department, and any production by Montour County would be duplicative.

Montour County also objects to this Request because it requests information that is protected by the attorney-client privilege, work product privilege, joint defense or common interest privilege, and/or other applicable privileges or protections from disclosure.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Montour County has performed a reasonable search and is producing any available responsive non-privileged information as identified in Response to Request No. 1.

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

8.      Please produce all Procedures, Practices, Rules, Regulations, and/or Instructions You implemented, used, followed, and/or communicated in the June 2, 2020 Primary Election, and all Procedures, Practices, Rules, Regulations, and/or Instructions that You intend to implement, use, follow, and/or communicate in the November 3, 2020 General Election, concerning or relating to the accreditation of poll watchers, the issuance and verification of poll watcher's certificates, and whether poll watchers are permitted to monitor the issuance, return, casting, and counting of all ballots, including without limitation absentee and/or mail-in ballots, and all correspondence, memoranda, email messages, postings, or other documents reflecting communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (i) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any other County Election Board; (iv) any District Election Board; (v) any of Your employees, agents, or other representatives acting on Your behalf; and/or (vi) Secretary Boockvar and/or the Elections Department; and (b) concern, relate to, describe, explain, or justify such Procedures, Practices, Rules, Regulations, and/or Instructions, including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**RESPONSE:**

Montour County objects to this Request as overly broad, not narrowly tailored, and disproportionate because it calls for "all Procedures, Practices, Rules, Regulations, and/or Instructions" relating to "to the accreditation of poll watchers, the issuance and verification of poll watcher's certificates, and whether poll watchers are permitted to monitor the issuance, return,

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

casting, and counting of all ballots" and "all correspondence... made by, to, and/or between Your and any other person," without limitation to the specific allegations and relief requested in Plaintiffs' Complaint and the scope of discovery provided in the Court's July 17, 2020 Scheduling Order (ECF No. 124), making the burden of producing this discovery outweigh its potential benefits.  Plaintiffs' Complaint requests very narrow relief concerning poll watchers – the ability to poll watchers to serve in counties outside their county of residence and to observe and participate in the pre-canvass of ballots.

Montour County also objects to this Request because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Montour County under the Court's July 17, 2020 Scheduling Order (ECF No. 124).

Montour County further objects to this Request because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Montour County also objects to this Request because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department, and any production by Montour County would be duplicative.

Montour County also objects to this Request because it requests information that is protected by the attorney-client privilege, work product privilege, joint defense or common interest privilege, and/or other applicable privileges or protections from disclosure.

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Montour County has performed a reasonable search and is producing any available responsive non-privileged information as identified in Response to Request No. 1.

9.      Please produce all Procedures, Practices, Rules, Regulations, and/or Instructions You implemented, used, followed, and/or communicated in the June 2, 2020 Primary Election, and all Procedures, Practices, Rules, Regulations, and/or Instructions that You intend to implement, use, follow, and/or communicate in the November 3, 2020 General Election, concerning or relating to how You ensure that electors who voted via absentee or mail-in ballot do not vote again in-person on Election Day, or if they do, they do not have more than one of their votes counted, including without limitation how You notify or inform the District Election Board which voters are entitled to vote on Election Day, either by way of a paper ballot, on a machine, or via a provisional ballot, and how You mark or supplement the poll books that are delivered to the District Election Boards with such information, and all correspondence, memoranda, email messages, postings, or other documents reflecting communications, whether in writing or made orally, that (a) were made by, to, and/or between You and any other person, including without limitation: (i) any political party or body, political committee, political action committee, non-profit organization, or other body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any other County Election Board; (iv) any District Election Board; (v) any of Your employees, agents, or other representatives acting on Your behalf; and/or (vi) Secretary Boockvar and/or the Elections Department; and (b) concern, relate to, describe, explain, or justify

52

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

such Procedures, Practices, Rules, Regulations, and/or Instructions, including without limitation any incidents, complaints, concerns, changes, modifications, or supplementation to such Procedures, Practices, Rules, Regulations, and/or Instructions.

**RESPONSE:**

Montour County objects to this Request as overly broad, not narrowly tailored, and disproportionate because it calls for "all Procedures, Practices, Rules, Regulations, and/or Instructions" relating to "how You ensure the electors who voted via absentee or mail-in ballot do not vote again in-person on Election Day, or if they do, they do not have more than one of their votes counted," and "all correspondence... made by, to, and/or between Your and any other person," without limitation to the specific allegations and relief requested in Plaintiffs' Complaint and the scope of discovery provided in the Court's July 17, 2020 Scheduling Order (ECF No. 124), making the burden of producing this discovery outweigh its potential benefits. Plaintiffs' Complaint seeks no relief concerning the measures "ensuring that electors who vote via absentee or mail-in ballot do not vote again in-person on Election Day, or if they do, they do not have more than one of their votes counted." Instead, Plaintiffs' Complaint relates only to the collection of absentee and mail-in ballots and the counting of ballots received without secrecy envelopes, both of which do not involve preventing the casting or counting of two votes by a single voter.

Montour County also objects to this Request because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Montour County under the Court's July 17, 2020 Scheduling Order (ECF No. 124).

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

Montour County further objects to this Request because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Montour County also objects to this Request because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department, and any production by Montour County would be duplicative.

Montour County also objects to this Request because it requests information that is protected by the attorney-client privilege, work product privilege, joint defense or common interest privilege, and/or other applicable privileges or protections from disclosure.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Montour County has performed a reasonable search and is producing any available responsive non-privileged information as identified in Response to Request No. 1.


10.    Please produce all documents concerning or relating to all incidents known or reported to You during the June 2, 2020 Primary Election and involving either:

      a.    Electors who applied for and/or voted an absentee or mail-in ballot and also voted in-person, either on a voting machine or via a paper or provisional ballot, on Election Day at a polling place;
      b.    Electors who received and/or voted more than one absentee or mail-in ballot;
      c.    Non-disabled electors whose absentee or mail-in ballots were mailed or delivered in-person by a person other the non-disabled electors who voted the absentee or mail-in ballots; and/or

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

> d.     Electors who claimed that someone had impersonated them
> and/or cast either in-person, absentee, and/or mail-in ballots for
> them without their knowledge, consent, or authorization;

including without limitation all investigative or case files, law enforcement or other civil, criminal,

or administrative referrals or proceedings, notes, memoranda, correspondence, email messages,

and other documents reflecting communications, whether in writing or orally, that (a) were made

by, to, and/or between You and any other person, including without limitation: (i) any political

party or body, political committee, political action committee, non-profit organization, or other

body of citizens; (ii) any voter/elector in the Commonwealth of Pennsylvania; (iii) any other

County Election Board; (iv) any District Election Board; (v) any of Your employees, agents, or

other representatives acting on Your behalf; and/or (vi) Secretary Boockvar and/or the Elections

Department; and (b) concern, relate to, describe, or explain such incidents and the determinations

made about such incidents.

**RESPONSE:**

Montour County objects to this Request as overly broad, not narrowly tailored, and

disproportionate because it calls for all documents" concerning "all incidents" involving the listed

matters and "all correspondence… made by, to, and/or between Your and any other person,"

without limitation to the specific allegations and relief requested in Plaintiffs' Complaint and the

scope of discovery provided in the Court's July 17, 2020 Scheduling Order (ECF No. 124), making

the burden of producing this discovery outweigh its potential benefits.  Plaintiffs' Complaint

contains no specific allegations about, and seeks no relief concerning, voter impersonation.  Nor

does Plaintiffs' Complaint seek any relief concerning electors who applied for absentee or mail-in

ballots but who instead of returning such ballots decided to vote in-person at their polling place by

casting a provisional ballot (as such electors were permitted to do).  Instead, Plaintiffs' Complaint

relates only to the collection of absentee and mail-in ballots and the counting of ballots received

without secrecy envelopes, both of which do not involve preventing the casting or counting of two votes by a single voter.

Montour County also objects to this Request because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Montour County under the Court's July 17, 2020 Scheduling Order (ECF No. 124).

Montour County further objects to this Request because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Montour County also objects to this Request because it should more properly be directed to the Secretary to the extent it requests Procedures, Practices, Rules Regulations and/or Instructions concerning the June 2, 2020 Primary Election or November 3, 2020 General Election that have been or will be promulgated or established by the Secretary or the Department, and any production by Montour County would be duplicative.

Montour County also objects to this Request because it requests information that is protected by the attorney-client privilege, work product privilege, joint defense or common interest privilege, and/or other applicable privileges or protections from disclosure.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Montour County has performed a reasonable search and is producing any available responsive non-privileged information as identified in Response to Request No. 1.

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

11.     To the extent not produced by Secretary Boockvar and/or the Elections Department, please produce all data submitted by You to the Pennsylvania Department of State under 71 P.S. § 279.6(c).

**RESPONSE:**

Montour County objects to this Request as overly broad, not narrowly tailored, and disproportionate because it calls for "all data" submitted by the Counties to the Department under 71 P.S. § 279.6(c), without limitation to the specific allegations and relief requested in Plaintiffs' Complaint and the scope of discovery provided in the Court's July 17, 2020 Scheduling Order (ECF No. 124), making the burden of producing this discovery outweigh its potential benefits. The data submitted to the Department includes data that are not connected to any of the allegations made or relief sought in Plaintiffs' Complaint, including data on incidents encountered with electronic voting systems, the number of election officers appointed, and the consolidation and location of polling places. Montour County also objects to this Request because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Montour County under the Court's July 17, 2020 Scheduling Order (ECF No. 124).

Montour County further objects to this Request because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

Subject to and without waiving these objections and the General Objections, Montour County has performed a reasonable search and is producing any available responsive non-privileged information as identified in Response to Request No. 1.

12.     For all absentee and mail-in ballots identified in Answer to Interrogatory No. 14 that were not counted, please produce all documents which identify the reasons for why such ballots were not counted.

**RESPONSE:**

Montour County objects to this Request as overly broad, not narrowly tailored, and disproportionate because it calls for "all documents which identify the reasons" for why "all absentee and mail-in ballots" identified in response to Interrogatory No. 14 were not counted, without limitation to the specific allegations and relief requested in Plaintiffs' Complaint and the scope of discovery provided in the Court's July 17, 2020 Scheduling Order (ECF No. 124), making the burden of producing this discovery outweigh its potential benefits. In addition, the over-broad nature of this request as written would arguably require Montour County to produce all of the ballots from the election, which is unduly burdensome.

Montour County also objects to this Request because it seeks information that will be included in the report issued by the Department pursuant to the Act 35 Report and thus is not required to be produced by Montour County under the Court's July 17, 2020 Scheduling Order (ECF No. 124).

Montour County further objects to this Request because the information sought is publicly available from the Counties, the Secretary, the Department, and/or other agencies or instrumentalities of the Commonwealth of Pennsylvania, and thus equally accessible to Plaintiffs.

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

Montour County also objects to this Request because it requests information that is protected by the attorney-client privilege, work product privilege, joint defense or common interest privilege, and/or other applicable privileges or protections from disclosure.

Based upon all of these objections, the burden and expense of the discovery sought outweighs its likely benefits, especially on the expedited schedule requested by Plaintiffs.

Subject to and without waiving these objections and the General Objections, Montour County has performed a reasonable search and is producing any available responsive non-privileged information as identified in Response to Request No. 1.

BABST, CALLAND, CLEMENTS
and ZOMNIR, P.C.

*/s/ Molly E. Meacham*
Molly E. Meacham
PA I.D. No. 318272
mmeacham@babstcalland.com
Steven B. Silverman
PA I.D. No. 56829
ssilverman@babstcalland.com
Elizabeth A. Dupuis
PA I.D. No. 80149
bdupuis@babstcalland.com
Sean R. Keegan
PA I.D. No 316707
skeegan@babstcalland.com
Two Gateway Center, 6th Floor
Pittsburgh, PA  15222
412.394.5400
*Counsel for Defendant Montour County Board of Elections*

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

## CERTIFICATE OF SERVICE

I certify that on August 6, 2020 a copy of the foregoing was served via e-mail upon each

party, as follows:

| | |
|---|---|
| Ronald L. Hicks, Jr.<br>Jeremy A. Mercer<br>Russell D. Giancola<br>Porter Wright Morris & Arthur LLP<br>6 PPG Place, Third Floor<br>Pittsburgh, PA 15222<br>Rhicks@porterwright.com<br>Jmercer@porterwright.com<br>Rgiancola@porterwright.com<br>*Counsel for Plaintiffs, Donald J. Trump For President, Inc.; Glenn Thompson; Mike Kelly; John Joyce; Guy Reschenthaler; Republican National Committee; Melanie Stringhill Patterson; Clayton David Show* | Justin R. Clark<br>Matthew Earl Morgan<br>Elections LLC<br>1000 Maine Avenue, SW<br>Suite 400<br>Washington, DC 20024<br>Justin.Clark@electionlawllc.com<br>Matthew.Morgan@electionlawllc.com<br>*Counsel for Plaintiffs, Donald J. Trump For President, Inc.; Glenn Thompson; Mike Kelly; John Joyce; Guy Reschenthaler; Republican National Committee; Melanie Stringhill Patterson; Clayton David Show* |
| Howard G. Hopkirk<br>Karen Mascio Romano<br>Keli Marie Neary<br>Nicole Boland<br>Stephen Moniak<br>Pennsylvania Office of Attorney General<br>15th Floor, Strawberry Square<br>Harrisburg, PA 17120<br>Hhopkirk@attorneygeneral.Gov<br>Kromano@attorneygeneral.Gov<br>Kneary@attorneygeneral.Gov<br>nboland@attorneygeneral.Gov<br>Smoniak@attorneygeneral.Gov<br>*Counsel for Defendant, Kathy Boockvar in her capacity as Secretary of the Commonwealth of Pennsylvania* | Kathleen M. Kotula<br>Timothy Gates<br>Pennsylvania Department of State<br>Office of Chief Counsel<br>306 North Office Building<br>401 North Street<br>Harrisburg, PA 17220<br>Kkotula@pa.Gov<br>Tgages@pa.Gov<br>*Counsel for Defendant, Kathy Boockvar in her capacity as Secretary of the Commonwealth of Pennsylvania* |

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

| | |
|---|---|
| Kenneth L. Joel<br>M. Abbegael Giunta<br>Governor's Office of General Counsel<br>333 Market Street, 17th Floor<br>Harrisburg, PA 17101<br>kennjoel@pa.Gov<br>Magiunta@pa.Gov<br>*Counsel for Defendant, Kathy Boockvar in her capacity as Secretary of the Commonwealth of Pennsylvania* | Molly R. Mudd<br>County of Adams<br>117 Baltimore Street<br>Gettysburg, PA 17325<br>Mmudd@adamscounty.Us<br>Samott@adamscounty.Us<br>*Counsel for Defendant, Adams County Board of Elections* |
| Andrew F. Szefi<br>George M. Janocsko<br>Allegheny County Law Department<br>445 Fort Pitt Boulevard, Suite 300<br>Pittsburgh, PA 15219<br>Aszefi@alleghenycounty.US<br>Gjanocsko@county.Allegheny.Pa.Us<br>*Counsel for Defendant, Allegheny County Board of Elections* | Allan J. Opsitnick, Esquire<br>564 Forbes Avenue, Suite 1301<br>Pittsburgh, PA 15219<br>Aopsitnick@opsitnickslaw.com<br>*Counsel for Defendant, Allegheny County Board of Elections* |
| Nathan A. Morgan<br>Beaver County Courthouse<br>810 Third Street<br>Beaver, PA 15009<br>gfedeles@beavercountypa.gov<br>nmorgan@beavercountypa.gov<br>*Counsel for Defendant, Beaver County Board of Elections* | Christine D. Steere<br>Deasey, Mahoney & Valentini, Ltd.<br>103 Chesley Drive, Suite 100<br>Media, PA 19063<br>Csteere@dmvlawfirm.com<br>*Counsel for Defendant, Berks County Board of Elections* |
| Nathan W. Karn Sr.<br>Evey Black Attorneys LLC<br>401 Allegheny Street,<br>P. O. Box 415<br>Hollidaysburg, PA 16648<br>Nkarn@eveyblack.com<br>*Counsel for Defendant, Blair County Board of Elections* | BRADFORD COUNTY BOARD OF ELECTIONS<br>6 Court Street<br>Towanda, PA 18848<br><br>*No Attorney Appearance of Record* |

| | |
|---|---|
| Mark A. Aronchick<br>Michele D. Hangley<br>Hangley Aronchick Segal Pudlin & Schiller<br>One Logan Square, 27th Floor<br>Philadelphia, PA 19103<br>Maronchick@hangley.com<br>Mdh@hangley.com<br>*Counsel for Defendants, Bucks County Board of Elections; Chester County Board of Elections; Montgomery County Board of Elections; Philadelphia County Board of Elections* | BUTLER COUNTY BOARD OF ELECTIONS<br>124 W. Diamond Street<br>Butler, PA 16003<br><br>*No Attorney Appearance of Record* |
| CAMBRIA COUNTY BOARD OF ELECTIONS<br>200 S. Center Street<br>Ebensburg, PA 15931<br><br>*No Attorney Appearance of Record* | CAMERON COUNTY BOARD OF ELECTIONS<br>20 5th Street<br>Emporium, PA 15834<br><br>*No Attorney Appearance of Record* |
| Gerard Joseph Geiger<br>Newman Williams<br>712 Monroe Street<br>Stroudsburg, PA 18360<br>Ggeiger@newmanwilliams.com<br>*Counsel for Defendants, Carbon County Board of Elections; Monroe County Board of Elections; Pike County Board of Elections; Schuylkill County Board of Elections; Snyder County Board of Elections; Wayne County Board of Elections* | Christopher P. Gabriel<br>Carfardi Ferguson Wyrick Weis & Gabriel<br>2605 Nicholson road, Suite 2201<br>Sewickley, PA 15143<br>Cgabriel@cfwwg.com<br>*Counsel for Defendant, Clarion County Board of Elections* |
| Frank A. Blum, III<br>Frank A. Blum<br>1012 Lewis Run Road<br>Jefferson Hills, PA 15025<br>Heather@bozovichlaw.com<br>*Counsel for Defendant, Clearfield County Board of Elections* | CLINTON COUNTY BOARD OF ELECTIONS<br>2 Piper Way<br>Suite 309<br>Lockhaven, PA 17745<br>*No Attorney Appearance of Record* |

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

| | |
|---|---|
| Kathy A. Button<br>Shafer Law Firm<br>890 Market Street<br>Meadville, PA 16335<br>kbutton@shaferlaw.com<br>*Counsel for Defendant, Crawford County Board of Elections* | CUMBERLAND COUNTY BOARD OF ELECTIONS<br>1601 Ritner Highway<br>Carlisle, PA 17013<br><br>*No Attorney Appearance of Record* |
| Joseph A. Curcillo, III<br>Dauphin County Administration Building<br>2 South Second Street<br>Harrisburg, PA 17101<br>Jcurcillo@dauphinc.org<br>*Counsel for Defendant, Dauphin County Board of Elections* | Edward D. Rogers<br>David S. Fryman<br>Elizabeth Wingfield<br>Terence Grugan<br>Kahlil Williams<br>Ballard Spahr, LLP<br>1735 Market Street, 51st Floor<br>Philadelphia, PA 19103<br>Rogerse@ballardspahr.com<br>Fryman@ballardspahr.com<br>Wingfielde@ballardspahr.com<br>Grugant@ballardspahr.com<br>Williamskc@ballardspahr.com<br>*Counsel for Defendant, Delaware County Board of Elections* |
| ELK COUNTY BOARD OF ELECTIONS<br>300 Center Avenue<br>Ridgeway, PA 15853<br><br>*No Attorney Appearance of Record* | Thomas S. Talarico<br>Talarico & Niebauer<br>510 Cranberry Street, Suite 301<br>Erie, PA 16507<br>Ttalarico@nwpalawyers.com<br>*Counsel for Defendant, Erie County Board of Elections* |

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

| | |
|---|---|
| FOREST COUNTY BOARD OF ELECTIONS<br>526 Elm Street, Unit #2<br>Tionesta, PA 16353<br><br>*No Attorney Appearance of Record* | Andrew W. Norfleet<br>Frank J. Lavery, Jr.<br>Stephen B. Edwards<br>Lavery Law<br>225 Market Street, Suite304<br>P. O. Box 1245<br>Harrisburg, PA 17108-1245<br>Anorfleet@laverylaw.com<br>Flavery@laverylaw.com<br>Sedwards@laverylaw.com<br>*Counsel for Defendants, Franklin County Board of Elections and Perry County Board of Elections* |
| FULTON COUNTY BOARD OF ELECTIONS<br>116 West Market Street<br>Suite 205<br>McConnellsburg, PA 17233<br><br>*No Attorney Appearance of Record* | Robert Eugene Grimm<br>**Robert Eugene Grimm Attorney**<br>P. O. Box 430<br>2698 Morgantown Road, Suite 200<br>Smithfield, PA 15478<br>Rgrimm@co.Greene.Pa.Us<br>*Counsel for Defendant, Greene County Board of Elections* |
| Peter M. McManamon<br>Gill, McManamon & Ghaner<br>200 Penn Street<br>Huntingdon, PA 16652<br>Pmcmanamon@penn.com<br>*Counsel for Defendant, Huntingdon County Board of Elections* | Gregory D. Sobol<br>275 Main Street, Suite 2<br>Brookville, PA 15824<br>Gds@zwick-Law.com<br>*Counsel for Defendant, Jefferson County Board of Elections* |
| Donald Zagurskie<br>Johnston & Zagurskie, PC<br>117 Main Street, P. O. Box 0<br>Mifflin, PA 17058<br>Jzmlawoffice@gmail.com<br>*Counsel for Defendant, Juniata County Board of Elections* | Christina L. Hausner<br>County of Lancaster<br>150 N. Queen Street, Suite 714<br>Lancaster, PA 17603<br>Chausner@co.Lancaster.Pa.Us<br>*Counsel for Defendant, Lancaster County Board of Elections* |
| Thomas W. Leslie<br>116 N. Mercer Street<br>New Castle, PA 16101<br>Twleslie@twlpc.com<br>*Counsel for Defendant, Lawrence County Board of Elections* | Thomas M. Caffrey<br>P. O. Box A<br>Coplay, PA 18037-0200<br>Tcaffrey@rcn.com<br>*Counsel for Defendant, Lehigh County Board of Elections* |

| | |
|---|---|
| Sarah Mae Murray<br>County of Lehigh<br>Lehigh County Government Center<br>17 S. 17th Street<br>Allentown, PA 18101<br>Sarahmurray@lehighcounty.Org<br>*Counsel for Defendant, Lehigh County Board of Elections* | Lawrence J. Moran, Jr.<br>Matthey J. Carmody<br>Regina M. Blewitt<br>Joyce, Carmody & Moran, PC<br>9 N. Main Street, Suite 4<br>Pittston, PA 18640<br>Ljm@joycecarmody.com<br>Mjc@joycecarmody.com<br>Rmb@joycecarmody.com<br>*Counsel for Defendant, Luzerne County Board of Elections* |
| Joseph D. Smith<br>McCormick Law Firm<br>835 West Fourth Street<br>P. O. Box 577<br>Williamsport, PA 17701<br>Dsmith@mcclaw.com<br>*Counsel for Defendant, Lycoming County Board of Elections* | Anthony V. Clarke<br>The Clarke Firm<br>204 Bolivar Drive<br>Bradford, PA 16701<br>Thelarkefirm@yahoo.com<br>*Counsel for Defendant, McKean County Board of Elections* |
| **MIFFLIN COUNTY BOARD OF ELECTIONS**<br>20 N. Wayne Street<br>Lewistown, PA 17044<br><br>*No Attorney Appearance of Record* | Maureen Calder<br>Montgomery County Solicitor's Office<br>One Montgomery Plaza, Suite 800<br>Norristown, PA 19404<br>Mcaider@montcopa.Org<br>*Counsel for Defendant, Montgomery Board of Elections* |
| Brian Taylor<br>Northampton County Courthouse<br>669 Washington Street<br>Office of the Solicitor<br>Easton, PA 18042<br>Eduddy@northamptoncounty.org<br>*Counsel for Defendant, Northampton County Board of Elections* | Zachary Strassburger<br>City of Philadelphia Law Department<br>1515 Arch Street, 17th Floor<br>Philadelphia, PA 19102<br>Zachary.Strassburger@phila.gov<br>*Counsel for Defendant, Philadelphia County Board of Elections* |
| Thomas R. Shaffer<br>Glassmire & Shaffer Law Offices<br>5 East Third Street<br>P.O. Box 509<br>Coudersport, PA 16915<br>Tomshaffer@verizon.net<br>*Counsel for Defendant, Potter County Board of Elections* | Michael P. Barbera<br>Barbera, Melvin, Svonavec & Sperlazza LLP<br>146 West Main Street, P. O. Box 775<br>Somerset, PA 15501<br>Mpbarbera@barberalaw.com<br>*Counsel for Defendant, Somerset County Board of Elections* |

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

| | |
|---|---|
| Kenneth R. Levitzky, Esquire<br>125 Churchill Street<br>P. O. Box 489<br>Dushore, PA 18614<br>Krllaw@epix.Net<br>*Counsel for Defendants, Sullivan County*<br>*Board of Elections; Wyoming County Board*<br>*of Elections* | SUSQUEHANNA COUNTY BOARD OF<br>ELECTIONS<br>31 Lake Avenue<br>Montrose, PA 18801<br><br>*No Attorney Appearance of Record* |
| Raymond E. Ginn, Jr.<br>Ginn & Vickery, P.C.<br>99 Main Street<br>Wellsboro, PA 16901<br>Amy@gv-Law.com<br>*Counsel for Defendant, Tioga County Board*<br>*of Elections* | Allen P. Page<br>McNerney, Page, Vanderlin & Hall<br>433 Market Street<br>Williamsport, PA 17701<br>Apage@mpvhlaw.com<br>*Counsel for Defendant, Union County Board*<br>*of Elections* |
| Nathanial Justus Schmidt<br>Schmidt Law Firm<br>315 Second Avenue, Suite 704<br>P.O. Box 746<br>Warren, PA 16365<br>Contact@theschmidtlawfirm.Com<br>*Counsel for Defendant, Warren County Board*<br>*of Elections* | Robert J. Grimm<br>Ryan Michael Joyce<br>Swartz Campbell<br>Suite 4750, U.S. Steel Tower<br>600 Grant Street<br>Pittsburgh, PA 15219<br>Rgrimm@swartzcampbell.com<br>Rjoyce@swartzcampbell.com<br>*Counsel for Defendant, Washington County*<br>*Board of Elections* |
| David A. Regoli<br>333 Freeport Street, Suite 201<br>New Kensington, PA 15068<br>Regoli@regolilaw.com<br>*Counsel for Defendant, Westmoreland County*<br>*Board of Elections* | Michelle Pokrifka<br>York County Solicitor's Office<br>28 East Market Street, 2nd Floor<br>York, PA 17401<br>Apuleo@yorkcountypa.Gov<br>*Counsel for Defendant, York County Board of*<br>*Elections* |

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

| | |
|---|---|
| Adriel I. Cepeda Derieux<br>American Civil Liberties Union Foundation<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>Acepedaderieux@aclu.Org<br>*Counsel for Defendants, NAACP*<br>*Pennsylvania State Conference; Common*<br>*Cause Pennsylvania; Common Cause*<br>*Pennsylvania; League of Women Voters of*<br>*Pennsylvania; Patricia Demarco; Danielle*<br>*Graham Robinson; Kathleen Wise* | Christopher R. Noyes<br>Eleanor Davis<br>Jared Vasconcellos Grubow<br>Lori A. Martin<br>Samantha Picans<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>7 World Trade Center, 250 Greenwich Street<br>New York, NY 10007<br>Christopher.Noyes@wilmerhale.Com<br>Eleanor.Davis@wilmerhale.Com<br>Jared.Grubow@wilmerhale.Com<br>Lori.Martin@wilmerhale.com<br>Sam@Picans@wilmerhale.com<br>*Counsel for Defendants, NAACP*<br>*Pennsylvania State Conference; Common*<br>*Cause Pennsylvania; League of Women*<br>*Voters of Pennsylvania; Patricia Demarco;*<br>*Danielle Graham Robinson; Kathleen Wise* |
| Dale Ho<br>Sophia Lin Lakin<br>American Civil Liberties Union Foundation<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>Dale.Ho@aclu.Org<br>Slakin@aclu.Org<br>*Counsel for Defendants, NAACP*<br>*Pennsylvania State Conference; Common*<br>*Cause Pennsylvania; Common Cause*<br>*Pennsylvania; League of Women Voters of*<br>*Pennsylvania; Patricia Demarco; Danielle*<br>*Graham Robinson; Kathleen Wise* | David P. Yin<br>1875 Pennsylvania Avenue, NW<br>Washington, DC 20006<br>David.Yin@wilmerhale.Com<br>*Counsel for Defendants, NAACP*<br>*Pennsylvania State Conference; Common*<br>*Cause Pennsylvania; Common Cause*<br>*Pennsylvania; League of Women Voters of*<br>*Pennsylvania; Patricia Demarco; Danielle*<br>*Graham Robinson; Kathleen Wise* |
| Jason H. Liss<br>60 State Street<br>Boston, MA 02109<br>Jason.Liss@wilmerhale.Com<br>*Counsel for Defendants, NAACP*<br>*Pennsylvania State Conference; Common*<br>*Cause Pennsylvania; Common Cause*<br>*Pennsylvania; League of Women Voters of*<br>*Pennsylvania; Patricia Demarco; Danielle*<br>*Graham Robinson; Kathleen Wise* | Sarah E. Brannon<br>American Civil Liberties Union Foundation<br>915 15th Street, NW<br>Washington, DC 20005<br>Sbrannon@aclu.Org<br>*Counsel for Defendants, NAACP*<br>*Pennsylvania State Conference; Common*<br>*Cause Pennsylvania; Common Cause*<br>*Pennsylvania; League of Women Voters of*<br>*Pennsylvania; Patricia Demarco; Danielle*<br>*Graham Robinson; Kathleen Wise* |

| | |
|---|---|
| Witold J. Walczak<br>American Civil Liberties Union Foundation<br>313 Atwood Street<br>Pittsburgh, PA 15213<br>Vwalczak@aclupa.Org<br>*Counsel for Defendants, NAACP*<br>*Pennsylvania State Conference; Common*<br>*Cause Pennsylvania; Common Cause*<br>*Pennsylvania; League of Women Voters of*<br>*Pennsylvania; Patricia Demarco; Danielle*<br>*Graham Robinson; Kathleen Wise* | Elise Edlin<br>Marc Elias<br>Torryn Taylor Rodgers<br>Perkins Coie LLP<br>505 Howard Street Suite 1000<br>San Francisco, CA 94105<br>Eedlin@perkinscoie.com<br>Melias@perkinscoie.com<br>Trodgers@perkinscoie.com<br>*Counsel for Intervenor Defendants, Michael*<br>*Crossey, Dwayne Thomas, Irvin Weinrich,*<br>*Brenda Weinrich, and The Pennsylvania*<br>*Alliance for Retired Americans* |
| Justin T. Romano<br>Attisano & Romano<br>429 Fourth Avenue, Suite 1705<br>Pittsburgh, PA 15219<br>Justin@arlawpitt.com<br>*Counsel for Intervenor Defendants, Michael*<br>*Crossey, Dwayne Thomas, Irvin Weinrich,*<br>*Brenda Weinrich, and The Pennsylvania*<br>*Alliance for Retired Americans* | A. Michael Pratt<br>Adam R. Roseman<br>George J. Farrell<br>Kevin Greenberg<br>Greenberg Traurig, LLP<br>1717 Arch Street, Suite 400<br>Philadelphia, PA 19103<br>Prattam@gtlaw.com<br>Rosemana@gtlaw.com<br>Farrellg@gtlaw.com<br>Greenbergk@gtlaw.com<br>*Counsel for Intervenor, Jordan Harris; and*<br>*Counsel for Intervenor Defendants,*<br>*Pennsylvania State Democratic Party; Dwight*<br>*Evans; Sharif Street; Vincent Hughes; Danillo*<br>*Burgos; Morgan Cephas; Austin Davis;*<br>*Isabella Fitzgerald; Edward Gainey; Mary*<br>*Isaacson; Malcolm Kenyatta; Patty Kim;*<br>*Stephen Kinsey; Peter Schweyer; Nina*<br>*Ahmad; Anton Andrew; Janet Diaz; Manuel*<br>*Guzman, Jr.; Rick Krajewski; Art Haywood;*<br>*Anthony Williams* |

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

| | |
|---|---|
| Alex M. Lacey<br>Clifford B. Levine<br>Dentons Cohen & Grigsby, P.C.<br>625 Liberty Avenue<br>Pittsburgh, PA 15222<br>Alex.Lacey@dentons.com<br>Clifford.Levine@dentons.com<br>*Counsel for Intervenor, Jordan Harris; and*<br>*Counsel for Intervenor Defendants,*<br>*Pennsylvania State Democratic Party; Dwight*<br>*Evans; Sharif Street; Vincent Hughes; Danillo*<br>*Burgos; Morgan Cephas; Austin Davis;*<br>*Isabella Fitzgerald; Edward Gainey; Mary*<br>*Isaacson; Malcolm Kenyatta; Patty Kim;*<br>*Stephen Kinsey; Peter Schweyer; Nina*<br>*Ahmad; Anton Andrew; Janet Diaz; Manuel*<br>*Guzman, Jr.; Rick Krajewski; Art Haywood;*<br>*Anthony Williams* | A. Michael Pratt<br>Greenberg Traurig, LLP<br>1717 Arch Street, Suite 400<br>Philadelphia, PA 19103<br>Prattam@gtlaw.com<br>*Counsel for Intervenor Defendant, Patty Kim* |
| Eliza Sweren-Becker<br>Myrna Perez<br>Brennan Center for Justice<br>120 Broadway, Suite 1750<br>New York, NY 10271<br>Eliza.Sweren-Becker@nyu.edu<br>Perezm@brennan.Law.Nyu.Edu<br>*Counsel for Intervenor Defendants, Citizens*<br>*for Pennsylvania's Future; Sierra Club* | Charles A. Pascal, Jr.<br>Law Office of Charles A. Pascal, Jr.<br>402 Grant Avenue<br>Leechburg, PA 15656<br>Attorney.Pascal@gmail.com<br>*Counsel for Intervenor Defendant, Citizens*<br>*for Pennsylvania's Future; Sierra Club* |

/s/ *Molly E. Meacham*
Molly E. Meacham

DocuSign Envelope ID: AC38B900-9E90-4A5D-B78B-E642C296E303

## VERIFICATION

I do hereby state that I am authorized to make this Verification on behalf of Montour County Board of Elections, subject to the penalties relating to unsworn falsification to authorities, and verify that the facts set forth in the foregoing Answers to Plaintiffs' Set of Written Interrogatories and Requests for Production of Documents are true and correct to the best of my knowledge, information, and belief.

Date: 8/6/2020

Holly A. Brandon
Chief Clerk

70