# EXHIBIT 57

**Comments from Forrest Lehman**

1) Drop boxes. It would be nice to have clarity on the question of whether drop boxes are permitted. I would prefer clarity from the GA, but a court will do. However, the legality of drop boxes ignores some more troubling logistical problems posed by drop boxes. How is a county to supposed to keep a drop box secure but also accessible by voters? A ballot drop box could be a target for political sabotage or mean-spirited vandalism. What if someone pours water into a drop box and ruins the ballots inside? Bodily fluids? Gasoline and a lit match? Hardly matters if the box is monitored by a camera – even if you catch the crime on tape and prosecute the perpetrator, those ballots are gone. What about the problem of where to locate them, geographical/political/racial representation, urban vs. rural, etc.

2) Ballots lacking privacy envelopes. Section 1308(g)(4) of the Election Code states in part, "All absentee ballots which have not been challenged under section 1302.2(c) and all mail-in ballots which have not been challenged under section 1302.2-D(a)(2) and that have been verified under paragraph (3) shall be counted…"

Although Section 1306 directs that a voter "shall" make use of a privacy envelope, Sections 1302.2(c) and 1302.2-D(a)(2) state that an absentee or mail-in voter may only be challenged on the basis that the applicant was not a qualified elector (i.e. not a registered voter).

Section 1308(g)(4)(ii) is the only section that directs a county board of elections to set aside an unchallenged absentee ballot or mail-in ballot during the canvassing process, and then only if the privacy envelope contains identifying markings – not if the privacy envelope is missing. That is the reasoning behind the guidance PA Dept of State emailed to counties on 28 May stating, "there is no statutory requirement, nor is there any statutory authority, for setting aside an absentee or mail-in ballot solely because the voter forgot to properly insert it into the official election ballot envelope."

All that being said, it is difficult to explain from points A to B, and as with #1 above, it would be nice to have clarity on the issue. I would prefer clarity from the GA, and in this circumstance if the GA provided clarity to resolve the ambiguity it might render that entire portion of the complaint moot.

3) Poll watchers. The rules for watchers are clear and the counties are following them. The plaintiffs simply disagree with the rules and believe they are unconstitutional. That is fine, and they can argue with DOS in front of the court about that. I'm not sure counties have as much of a role to play here or that there is likely to be any consensus among counties as to the merit of that part of the complaint.

I would hope all counties would get behind the idea of demanding clarity from the GA or the court on items 1 and 2 and a decision about item 3 in a timely fashion. I doubt we are going to get anywhere trying to find consensus on the merits. It might be better to push the committee members to brainstorm additional details surrounding items 1-3 that we would like the GA or court to clarify – in other words, if CCAP can't find consensus to lobby the court on the merits we should be able to push the line that counties need to know what the rules are and we need to know them sooner rather than later. One example might be asking the court to rule on privacy envelopes with identifying markings, even though that is not currently part of the suit.

PADOS000235.000001