## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONALD J. TRUMP FOR PRESIDENT, INC.;** *et al.,* | ) | **Civil Action** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **No.: 2-20-CV-966** |
| **v.** | ) | |
| | ) | |
| **KATHY BOOCKVAR;** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | **Judge J. Nicholas Ranjan** |

## BRIEF OF DEFENDANT ALLEGHENY COUNTY BOARD OF ELECTIONS' IN SUPPORT OF ITS CROSS MOTION FOR SUMMARY JUDGMENT

AND NOW comes Defendant, the Allegheny County Board of Elections (hereinafter Allegheny County), by and through its undersigned attorneys, Andrew F. Szefi, Allegheny County Solicitor, George M. Janocsko, First Assistant County Solicitor, and Allan J. Opsitnick, Assistant County Solicitor, and respectfully files the following Brief in support of its Cross-Motion for Summary Judgment.

## I.    SUMMARY OF THE FACTS

The facts in this case are generally familiar and have been recited numerous times in other filings with this Honorable Court. Accordingly, Allegheny County will dispense with a repetition of the facts and instead adopts the statement of facts set forth in the briefs filed today by Defendant Secretary Boockvar and by Defendants Bucks County Board of Elections, Chester County Board of Elections, Montgomery County Board of Elections, and Philadelphia County Board of Elections.

Nevertheless, so that there is a complete and accurate statement of facts in the record in this case, Allegheny County wishes to bring to the attention of the Court additional facts adduced

during discovery that are specific to Allegheny County's elections processes and procedures dealing with two of the constitutional claims raised by the Plaintiffs. They are: 1) Allegheny County's use of "drop boxes" for the delivery of mail-in ballots; and 2) Allegheny County's processes and procedures to determine the sufficiency of the information contained on the voter's declarations that is on the envelope used to return a voted ballot.

1.      **Allegheny County is not using drop boxes to receive ballots cast during the November Election.**

David Voye is the manager of the Allegheny Elections Division. In that capacity, Mr. Voye is tasked to oversee all election matters within Allegheny County. *(Allegheny County Appendix – Exhibit A).*

During his deposition, Mr. Voye testified at length about whether Allegheny County will be using drop boxes for the receipt of mail-in ballots. Mr. Voye stated that Allegheny County is not using drop boxes in the conduct of the November 3, 2020. *(Allegheny County's Appendix – Exhibit B).* Instead, for the upcoming election, the County Elections Division will receive mail-in ballots at its offices in the Allegheny County Office Building as well as at other Elections Division offices located at County-owned buildings or leased facilities and operating on certain weekends pursuant to a schedule approved by an Allegheny County resolution on September 17, 2020. *(Allegheny County's Appendix – Exhibits B, C and D).* Each of these additional County Elections Division offices will have "access to the Statewide Uniform Registry of Electors (SURE) system and will be staffed by county employees. Each additional office shall be equipped to accommodate over-the counter voting and ballot return and will serve voters regardless of where they live in the County." *(Allegheny County's Appendix – Exhibits C and D).*

**2.     To determine the sufficiency of a mail-in ballot submitted by a voter, Allegheny County conducts a comparison of the information set forth on the voter's declaration on the return envelope with the voter's <u>information contained on the SURE system</u>**

In their recitation of the facts, the Plaintiffs state that it is uncertain or clear whether Allegheny County conducts a comparison of the signature on the mail-in ballot with the information set forth in the Commonwealth's electronic voter registration system known as SURE. *(Plaintiffs' Exhibit 1)*.  The evidence produced during discovery in this case is to the contrary to this statement.

During his deposition, Mr. Voye testified about the processes for reviewing applications for a mail-in ballot and reviewing a received mail-in ballot.  The process of voting by a mail-in ballot starts with the submission of an application for a mail-in ballot.  Upon receipt of the voter's application, Mr. Voye testified that Allegheny County inspects the application.  This inspection includes a verification of the name, address, date of birth and signature of the voter.   According to Mr. Voye, "we make sure that the application is signed." *(Allegheny County's Appendix - Exhibit E)*.

Upon return of the voted ballot, Mr. Voye testified that Allegheny County begins its process of determining the sufficiency of the information on the voter's declaration on the return envelope.  This process starts with the scanning of a bar code on the return envelope containing the voted ballot.[1]  This scanning records the date that Allegheny County received the ballot, the method by which the ballot was returned to Allegheny County and ballot status within the SURE system. *(Allegheny County's Appendix - Exhibit F)*.

---

[1] This return envelope generally is referred to as the "declaration envelope" because on the back of the envelope where the envelope is sealed for mailing or hand delivery a voter must sign his name to declaration.  As part of this declaration, the voter also must print his or her name, provide the date on which the voter signed the declaration and provide the voter's address.

Mr. Voye further testified that Allegheny County reviews the information on the voter's declaration on the return envelope for sufficiency. *(Allegheny County's Appendix – Exhibit G)*. This review includes an examination of the name, address and other information contained in the voter's declaration on the return envelope. *(Allegheny County's Appendix – Exhibit H)*. Asked specifically whether Allegheny County compares the voter's signature on the declaration envelope with the digitized signature of the voter in the SURE system,[2] Mr. Voye answered several times, "Yes." *(Allegheny County's Appendix – Exhibit I)*.

Mr. Voye also testified, "If the ballot is returned, and it is signed, we will accept it" and "if it is signed and looks like the voter's name, we will accept it and count the ballot." *(Allegheny County's Appendix - Exhibit J)*. Thus, a mail-in ballot will be counted if Allegheny County determines that the information contained on the declaration envelope, including the voter's signature, sufficiently matches the information contained in the SURE system. *(Allegheny County's Appendix - Exhibit K)*. If a declaration is not signed at all, the Elections Division would hold it aside and not count it. *(Allegheny County's Appendix – Exhibit L)*.

In those instances where an Elections Division worker, after comparing the information on the declaration envelope with the information contained in the SURE system, was unsure that the signature of the voter on the envelope was the signature of the voter, Mr. Voye testified that this ballot would be set aside and go to him for a final determination. *(Allegheny County's Appendix - Exhibit M)*.

---

[2] The voter's signature in the SURE system used during the comparison of a signature on a Mail-In Ballot declaration is the same signature that is included with the election materials provided and used by each local board of election in the district to compare the voter's signature if the voter were to vote at his/her polling place.

## II.    LEGAL ARGUMENT

Allegheny County adopts in their entirety all the well-stated legal arguments set forth in the briefs filed in this case by Defendant Secretary Boockvar, Defendants Bucks County Board of Elections, Chester County Board of Elections, Montgomery County Board of Elections, and Philadelphia County Board of Elections, by all other defendant county boards of elections, and by the Intervenor-Defendants as its legal position in this case.

## III.    CONCLUSION

For the reasons set forth herein, Defendant Allegheny County respectfully requests that its cross motion for summary judgment be granted.

Date: October 3, 2020                    Respectfully submitted,

_/s/ Andrew F. Szefi_
Andrew F. Szefi, Esq.
County Solicitor
PA I.D. No. 83747
Andrew.Szefi@alleghenycounty.us
412-350-1128

_/s/George M. Janocsko_
George M. Janocsko, Esq.
First Assistant County Solicitor
PA I.D. No. 26408
g.janocsko@alleghenycounty.us

_/s/ Allan J. Opsitnick_
Allan J. Opsitnick, Esq.
Assistant County Solicitor
Pa. I.D. #28126
aopsitnick@opsitnickslaw.com
Allegheny County Law Department
300 Fort Pitt Commons Building
445 Fort Pitt Boulevard
Pittsburgh, PA 15219
(412) 350-1120

Counsel for Defendant -- Allegheny County
Board of Elections

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system, pursuant to the Federal Rules of Civil Procedure.


Dated: October 3, 2020                           */s/ Andrew F. Szefi*
                                                 Andrew F. Szefi, Esq
                                                 County Solicitor
                                                 Allegheny County Law Department
                                                 300 Fort Pitt Commons Building
                                                 445 Fort Pitt Boulevard
                                                 Pittsburgh, PA 15219
                                                 (412) 350-1120