.Matthew J. Carmody
Regina M. Blewitt
Lawrence J. Moran, Jr.
**JOYCE, CARMODY & MORAN, P.C.**
9 N. Main Street, Suite 4
Pittston, PA 18640
Ph: (570) 602-3560                                          Attorneys for Defendant
Fax: (570) 602-3561                                         Luzerne County Board of Elections

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONALD J. TRUMP FOR PRESIDENT, INC., et al.,**<br><br>**Plaintiffs,**<br>**v.**<br><br>**KATHY BOOCKVAR, et al.,**<br><br>**Defendants.** | **Civil Action No. 2:20-cv-966-NR**<br><br><br>**JUDGE J. NICHOLAS RANJAN** |

## DEFENDANT LUZERNE COUNTY BOARD OF ELECTIONS' MEMORANDUM IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT AND RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

# **TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................. i

TABLE OF AUTHORITIES ............................................................ ii

I.    PROCEDURAL HISTORY and FACTUAL BACKGROUND ....................1

    A.    PROCEDURAL HISTORY..................................................1

    B.    FACTUAL BACKGROUND ...............................................1

        1.    General Factual Background.......................................1

        2.    Relevant facts relating to elections in Luzerne County ........2

          a.    Dropboxes ..............................................2

          b.    Spoliation of Ballots....................................5

II.    ARGUMENT .....................................................................5

    A.    Summary Judgment Standard .............................................5

    B.    Plaintiffs' Claims Regarding the Constitutionality of Drop Boxes are Moot and/or Unripe ........................................................7

    C.    This Court Lacks Article III Standing to Adjudicate Counts VIII and VIX(sic) Related to In-Person Voting................................10

    D.    Plaintiffs' Poll Watcher Claims Should be Dismissed ........................14

    E.    Joinder in Defendants' Motions to Dismiss and Motions for Summary Judgment....................................................................17

III.    CONCLUSION .................................................................18

# TABLE OF AUTHORITIES

**Cases**

A.W. v. Jersey City Pub. Schs., 486 F.3d 791 (3d Cir. 2007) ...................................6

Already, LLC v. Nike, Inc., 133 S. Ct. 721 (2013) ...................................................7

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202
   (1986) .............................................................................................................5

Battou v. Sec'y United States Dep't of State, 811 F. App'x 729 (3d Cir. 2020) ......14

Berckeley Inv. Grp. Ltd. v. Colkitt, 455 F.3d 195 (3d Cir. 2006) ............................6

Campbell–Ewald Co. v. Gomez, 136 S.Ct. 663 (2016) ............................................7

Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) .....6

Chafin v. Chafin, 133 S. Ct. 1017 (2013) ................................................................7

Citizens United v. Fed. Election Comm'n, 558 U.S. 310, 130 S. Ct. 876 (2010) ...15

Constitution Party of Pennsylvania v. Cortes, 824 F.3d 386 (3d Cir. 2016) ...........15

Cty. of Morris v. Nationalist Movement, 273 F.3d 527 (3d Cir. 2001). .................14

Donald J. Trump for President, Inc. v. Boockvar, No. 2:20-CV-966, 2020 WL
   5658392 (W.D. Pa. Sept. 23, 2020) ......................................................................14

Kengerski v. Allegheny Cty., 435 F. Supp. 3d 671 (W.D. Pa. 2020) ....................5, 6

Little v. Tube City Renaissance, No. 2:19-CV-00172-MJH, 2020 WL 436616
   (W.D. Pa. Jan. 28, 2020) ......................................................................................8

Merle v. U.S., 351 F.3d 92 (3d Cir. 2003) ...............................................................8

Murphy v. Hunt, 455 U.S. 478, 102 S. Ct. 1181 (1982) ............................................8

N.J. Tpk. Auth. v. Jersey Cent. Power & Light, 772 F.2d 25 (3d Cir. 1985) ...........8

Peachlum v. City of York, 333 F.3d 429 (3d Cir. 2003) ..........................................9

Pennsylvania Democratic Party v. Boockvar, No. 133 MM 2020, 2020 WL
    5554644 (Pa. Sept. 17, 2020)...............................................................8, 15

Presbytery of N.J. of Orthodox Presbyterian Church v. Florio, 40 F.3d 1454 (3d
    Cir. 1994) ..............................................................................................14

Republican Party of Pa. v. Cortes, 218 F. Supp. 3d 396 (E.D. Pa. 2016). .............16

Robinson v. Consol Pennsylvania Coal Co. LLC, 425 F. Supp. 3d 433 (W.D. Pa.
    2019) .......................................................................................................6

Shoemaker v. Handel, 795 F.2d 1136 (3d Cir. 1986), *cert. denied*, 479 U.S. 986,
    107 S.Ct. 577, 93 L.Ed.2d 580 (1986)....................................................9

**Statutes**
25 P.S. §§ 3146.6(b)(3) ...................................................................................10

25 P.S. §§3146.6(b)(2)....................................................................................10

25 P.S. §§3150.16(b)(2)..................................................................................10

25 P.S. §§3150.16(b)(3)..................................................................................10

Act 12 §§ 11, 14, 17(2)(iv), (vii) ...................................................................10

**Rules**
Fed. R. Civ. P. 56(a)........................................................................................5

**Constitutional Provisions**
U.S. CONST. art. III, § 2 ..................................................................................7

NOW COMES, Defendant, the Luzerne County Board of Elections ("Luzerne County), by and through its undersigned counsel and hereby files the following Brief in Support of its Motion for Summary Judgment, and states:

## I.   PROCEDURAL HISTORY and FACTUAL BACKGROUND

In order to be mindful of the Court's time and resources, and as the Court is aware of the underlying facts in this action, Luzerne County limits its factual background to those relevant and necessary for its Motion for Summary Judgment.

### A. PROCEDURAL HISTORY

Plaintiffs commenced this lawsuit against the Secretary of the Commonwealth of Pennsylvania and the Boards of Elections of Pennsylvania's 67 Counties, including the moving Defendant Luzerne County Board of Elections, alleging a number of claims that stem from the execution of elections by counties across the Commonwealth. Plaintiffs filed an Amended Complaint on July 27, 2020. Plaintiffs filed a Second Amended Complaint on September 23, 2020. Pursuant to this Honorable Court's September 23, 2020 Order (ECF #461), Luzerne County files this Motion for Summary Judgment.

### B. FACTUAL BACKGROUND

#### 1. General Factual Background

The facts in this case are generally familiar and have been recited numerous times in other filings with this Honorable Court. Accordingly, Luzerne County will

1

dispense with a repetition of the facts generally, adopt the statement of facts set forth in the brief filed by Defendant Secretary Boockvar, and proceed with the facts as related to Luzerne County specifically.

## 2. Relevant facts relating to elections in Luzerne County

Luzerne County has 144 voting precincts with approximately 214,000 currently registered voters and 186 polling places. See Appendix Exhibit 1, Deposition of Dave Parsnik, Luzerne County Director of Administrative Services, at 15:4-23. Luzerne County has not sent out mail-in or absentee ballots yet, but intends on doing so on October 5th. See id. at 18:7-15.

### a. Dropboxes

Luzerne County does not utilize "dropboxes" for the return of mail-in or absentee ballots. During the November general election, Luzerne County will utilize three drop off locations – the Wilkes-Barre post office, the Hazleton post office, and the Luzerne County Elections Office at Penn Place on North Pennsylvania Avenue. See App. Ex. 1, Dep. of Dave Parsnik at 21:20-25; at 22:1-10. Luzerne County voters can return their ballots in person at those three locations. See id. at 23:5-25; at 24:1-20. For the June 2, 2020 Primary election, returning the ballot to the Hazleton or Wilkes-Barre post office requires the elector to affix postage to the ballot, meaning it is being processed through the "mail." See id. at 23:5-13. However, rather than proceed through the normal sorting route of the United States Postal Service, the

ballots are processed and bar coded by the Post Office, and placed in a plastic mail bin for pick up by or delivery to the Luzerne County Board of Elections. See id. at 23:14-25; at 24:1-4. In addition to these two post office locations, there is no other location to drop off mail-in ballots other than the "main" county Elections Office. See id. at 50:10-22.

During the June 2, 2020 Primary Election, the "drop off" location at the Elections Office was at the security sheriff's desk at the entrance of the building because the public was not permitted to enter the building during the height of the COVID-19 pandemic and due to restrictions in place at that time. See id. at 24:9-23. The "drop off" at the Elections Office during the primary was not unmanned, in that it was maintained at the security desk by sheriffs and security personnel who monitored any persons or members of the public entering the building, again, because the building was closed to the public due to the COVID-19 pandemic. See id. The building is now open to the public, so for the November 3, 2020 General Election, the "drop off" location will be returned to the Elections Office directly in front of the counter. See id. at 24-25. Luzerne County is not contemplating use of any other drop-off locations for the November general election, nor is it adding any additional drop off locations. See id. at 62:1-12.

For the November 3, 2020 General Election, the drop off box in the Elections Office will be on the counter, in plain view of the counter, under the Elections

Office's video surveillance. See id. at 26:9-25; at 27:1-4. If elections personnel observe that the ballot box is getting full, it is emptied and the contents are placed into the Election Director's locked office. See id. at 30:4-15. Those ballots processed through the mail are delivered to the Elections Office from the mail room, where they are similarly placed in the Election Director's locked office until they are canvassed. See id. at 30:22-25; at 31:1-15. The ballot box may be emptied daily, or even multiple times per day, and all returned ballots are scanned into the SURE system daily. See id. at 32:3-14. All of the mail that is received daily in the Elections Office is time stamped. See id. at 33:4-11.

The ballot box will be removed from the Elections Office counter immediately after 8:00 p.m. on election night, the contents will be emptied and placed into the Election Director's locked office. See id. at 28:3-12. The ballots will be maintained in the Election Director's office until they are processed by elections personnel and scanned into the SURE system. See id. at 28:13-16.

Aside from the drop off location at the Luzerne County Elections Office at Penn Place, North Pennsylvania Avenue, Luzerne County is not utilizing or implementing any other types of mobile collection sites or satellite office locations for the collection of mail-in or absentee ballots. See id. at 33:12-16; at 50:18-22. Luzerne County is not utilizing off site ballot collection locations, and therefore Luzerne County did not need to submit a collection plan for off-site or mobile

4

collection. See id. at 35:10-20. Luzerne County did not consider adding additional drop off locations nor was there any discussion about doing so. See id. at 62:1-12. Moreover, Luzerne County is unaware of any "demand" by the electorate to add additional drop box locations. See id. at 62:14-17.

### b. Spoliation of Ballots

With respect to absentee and/or mail-in ballots which a voter applied for but did not vote their ballots and seek to vote in-person on Election Day, Luzerne County's process includes the following: the director of election would "spoil" that ballot, sign the proper paperwork and then the voter would be permitted to vote a the election machine in person. See id. at 50:24-25; at 51:1-10.

### II.   ARGUMENT

#### A. Summary Judgment Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Kengerski v. Allegheny Cty., 435 F. Supp. 3d 671, 675 (W.D. Pa. 2020) (citing Fed. R. Civ. P. 56(a)). At summary judgment, the inquiry is whether the evidence presents "a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Kengerski, 435 F. Supp. 3d at 675 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). In making this determination, a court must "consider

all evidence in the light most favorable to the party opposing the motion." Id. (citing A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007)).

If the moving party shows a lack of genuine issue of material fact, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Id. (citing Berckeley Inv. Grp. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006) (citations omitted)). If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is warranted. Id. (citing Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

"[S]ummary judgment is essentially 'put up or shut up' time for the non-moving party" and the non-moving party "must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Id. (citing Robinson v. Consol Pennsylvania Coal Co. LLC, 425 F. Supp. 3d 433, 440–41 (W.D. Pa. 2019) (citing Berckeley, 455 F.3d at 201 (citation omitted)). If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is warranted. Id. (citation omitted).

### B. Plaintiffs' Claims Regarding the Constitutionality of Drop Boxes are Moot and/or Unripe

To the extent that Plaintiffs claim that utilization of drop boxes by the Defendants during the June 2, 2020 Primary Election in Pennsylvania was unconstitutional, and that the November 3, 2020 General Election will be administered identically, this is false and such an argument fails as the claims are moot. To the extent that Plaintiffs claim that new drop box guidance documents issued by the Pennsylvania Department of State since the administration of the June 2, 2020 Primary election are unconstitutional, such claims would fail as they are unripe.

Article III of the United States Constitution specifies that the judicial power extends only to cases and controversies. Campbell–Ewald Co. v. Gomez, 136 S.Ct. 663, 669 (2016) (citing U.S. CONST. art. III, § 2). A case becomes moot when (1) "the issues presented are no longer 'live,'" or (2) "the parties lack a legally cognizable interest in the outcome." Chafin v. Chafin, 133 S. Ct. 1017 (2013) (quoting Already, LLC v. Nike, Inc., 133 S. Ct. 721 (2013)).

While the Third Circuit has recognized that there are exceptions to the mootness doctrine, no such exception applies here. The "capable of repetition yet evading review" exception to the mootness doctrine requires plaintiffs to satisfy a two prong test: "(1) the challenged action is, in its duration, too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." Merle v. U.S., 351 F.3d

7

92, 95 (3d Cir. 2003). "Regarding repetition, the United States Supreme Court has said that there must be a 'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the same complaining party." <u>Little v. Tube City Renaissance,</u> No. 2:19-CV-00172-MJH, 2020 WL 436616, at *1 (W.D. Pa. Jan. 28, 2020) (citing <u>Murphy v. Hunt</u>, 455 U.S. 478, 482, 102 S. Ct. 1181, 1184 (1982)). Plaintiffs carry the burden of establishing that a contested issue is 'capable of repetition yet evading review.' <u>N.J. Tpk. Auth. v. Jersey Cent. Power & Light</u>, 772 F.2d 25, 33 (3d Cir. 1985). "Capable of repetition" is a "substantive term on which [plaintiffs] must provide a reasonable quantity of proof – perhaps even by the preponderance of the evidence." <u>Id.</u>. Plaintiffs fail to meet this burden.

At the time of the June 2, 2020 Primary Election in Pennsylvania, there was no formal guidance as established by the Department of State as it related to drop boxes and their use. Since the June 2, 2020 Primary Election, numerous events of significance have transpired.

Since the June 2, 2020 Primary Election, the Pennsylvania Supreme Court has determined that the Pennsylvania election Code "should be interpreted to allow county boards of election to accept hand-delivered mail-in ballots at locations other than their office addresses including drop-boxes." <u>Pennsylvania Democratic Party v. Boockvar</u>, No. 133 MM 2020, 2020 WL 5554644, at *9 (Pa. Sept. 17, 2020).

Additionally, the Department of State's issuance of new guidance documents since the time of the June 2, 2020 Primary Election invalidates any attempt by Plaintiffs to overcome a mootness argument via the 'capable of repetition yet evading review' mootness exception.   Secretary Boockvar has issued guidance documents of August 19, 2020 regarding Pennsylvania Absentee and Mail-in Ballot Return Guidance (ECF #504.23) and Guidance Concerning Civilian Absentee and Mail-in Ballot Procedures September 28, 2020 (ECF #504.25).   The upcoming November 3, 2020 General Election will be the first for which these guidance documents are in place.   Thus, any claim attacking the Constitutionality of these guidance documents as it relates to drop boxes is not yet ripe for review.

"The function of the ripeness doctrine is to determine whether a party has brought an action prematurely." Peachlum v. City of York, 333 F.3d 429, 433 (3d Cir. 2003).   To the extent that Plaintiffs' claims are based on guidance documents issued by the Secretary of State or policies resulting from the Pennsylvania Supreme Court's recent ruling on drop boxes, Plaintiffs' claims are fundamentally unripe. Shoemaker v. Handel, 795 F.2d 1136, 1144 (3d Cir. 1986), *cert. denied*, 479 U.S. 986, 107 S.Ct. 577, 93 L.Ed.2d 580 (1986) (holding that jockeys' constitutional privacy challenge to state regulation permitting urine and breathalizer tests was not ripe for review where regulation had not yet been enforced and proposed amendments addressed to privacy concerns had been adopted).

9

### C. This Court Lacks Article III Standing to Adjudicate Counts VIII and VIX(sic) Related to In-Person Voting

Plaintiffs allege that the Defendant County Boards of Elections do not intend to provide an additional 'surrender' option to electors who have applied for an absentee or mail in ballot, but did not vote it, as required by the Pennsylvania Election Code.  For the June 2020 Primary Election, electors who applied for but did not vote an absentee or mail in ballot, it, could only vote in person by means of provisional ballot.  25 P.S. §§3146.6(b)(2), 3150.16(b)(2). According to the Election Code, the surrender option, whereby such voters, as an alternative to the provisional voting option, can have their unvoted ballot spoiled at the polling place and vote by regular ballot, will first take effect at the November 2020 General Election. 25 P.S. §§ 3146.6(b)(3), 3150.16(b)(3); Act 12 §§ 11, 14, 17(2)(iv), (vii) (providing that the portions of Act 12 codified at 25 Pa. Cons. Stat. §§ 3146.6(b) & 3150.16(b) "shall apply to elections occurring on or after November 2, 2020").

Plaintiffs Second Amended Complaint claims that Defendants do not intend to follow the law during the November 2020 General Election. (Second Amended Complaint ECF #461, Counts VIII and VIX(sic), generally.) In support of Plaintiffs' baseless allegation that Defendants do not intend to provide the additional surrender option to voters who applied for, but did not vote, an absentee or mail in ballot, Plaintiffs cite guidance documents issued by the Pennsylvania Department of State issued in January 2020 in advance of the June 2020 Primary Election which provided

accurate guidance based upon the provisions of the election code that would be in effect during the June 2020 Primary Election. (ECF #461 at ℙℙ 166-171, ℙ285).  As the 'surrender' option was not available to such voters during the June 2020 primary election pursuant to the election Code, the guidance documents in place during the June 2020 primary did not identify the 'surrender' option was not available.

Plaintiffs' Second Amended Complaint seeks a preliminary and permanent injunction requiring the "County Election Boards to permit those electors who have applied but not voted their absentee and mail-in ballots to vote regular ballots upon having the electors' non-voted absentee and mail-in ballots spoiled at their polling places, and that County Election Boards deny those electors who have voted their absentee and mail-in ballots from casting any ballot, regular or provisional." (Second Amended Complaint ECF #461, Wherefore clause, L.) Thus, Plaintiffs requested relief, more succinctly stated, is to have the County Election Boards follow the law.

Plaintiffs' Second Amended Complaint contains no allegations in support of their assumption that the now outdated January 2020 guidance documents would not be replaced with new updated guidance accurately reflecting the newly effective provision regarding the additional 'surrender' option. (Second Amended Complaint ECF #461, ℙ218.) In fact, the Secretary has since issued new updated guidelines in advance of the November 2020 general election which, in accordance with he

11

Election Code, establish both the provisional voting and the 'surrender' options for in person voting now available to voters who had applied for but not voted an absentee or mail in ballot.  Indeed, the Pennsylvania Department of State has since issued updated guidance dated September 28, 2020 entitled Guidance concerning Civilian Absentee and Mail-in Ballot Procedures.  See September 28, 2020 Guidance Concerning Civilian Absentee and Mail-in Ballot Procedures, Pennsylvania Department of State (Appendix of Materials in Support of Plaintiffs' Motion for Summary Judgment ECF #504.25). The September 29, 2020 guidance states, in part, as follows:

> ### 4.3  SURRENDER PROCESS FOR VOTERS WHO REQUEST MAIL-IN OR ABSENTEE BALLOTS
> Once a voter requests a civilian absentee or mail-in ballot, they should vote and return that mail-in or absentee ballot by mail, or deliver it in person to a county elections office (CEO) or other designated drop-off location prior to 8:00 P.M. on Election Day.
>
> However, if a voter has not voted their mail-in or absentee ballot, they may take it to their polling place on election day to surrender it. (NOTE: This is a different procedure than was in place for the June 2020 primary. Act 12 of 2020 changed the procedures for voters who request mail-in or absentee ballots, but later appear at their polling place. These changes take effect for the first time in the November 2020 General Election.)
>
> Specifically, a voter who requests a mail-in or absentee ballot and who is not shown on the district register as having voted the ballot may vote at their polling place on Election Day if (1) the voter surrenders the original mail-in or absentee ballot and its outer envelope to the judge of elections to be spoiled,

and (2) the voter signs a statement subject to the penalties under 18 Pa. C.S. § 4904 in substantially the following form: …

If the voter turns in (surrenders) his or her ballot and outer envelope and signs the statement, the voter is permitted to vote by regular ballot at the polling place.

If a voter whose record in the district poll book indicates that the voter requested a mail-in or absentee ballot but the voter does not surrender their ballot and declaration envelope and sign the required statement, the voter should be provided a provisional ballot. Even if the voter asserts that they did not cast a mail-in or absentee ballot and is eligible to vote, the voter should only be provided a provisional ballot.

Id.

As is clear from the above quoted September 28, 2020 guidance, the Secretary's guidance to the County Boards of Election is compliant with the Pennsylvania Election Code's requirement of the 'surrender' option at the November 3, 2020 General Election. The January 2020 guidance documents are no longer active guidance documents and the September 28, 2020 guidance now reflects the most current guidance on the subject of in person voting options for voters who applied for, but did not vote an absentee or mail-in ballot. Intervening events have removed the alleged possibility of harm, and there is no reason to believe that Defendants plan to violate what they agree the law requires. As this Honorable Court previously noted in this action:

Whether couched in terms of ripeness, mootness, a lack of Article III injury-in-fact, or some other doctrine, "where intervening events remove the possibility of harm," the Court

13

"must not address the now-speculative controversy." <u>Presbytery of N.J. of Orthodox Presbyterian Church v. Florio</u>, 40 F.3d 1454, 1463 (3d Cir. 1994) (cleaned up). All that's left of these claims is the purely hypothetical possibility that state officials might violate undisputed state law. That's not enough to justify declaratory or injunctive relief. <u>See, e.g.</u>, <u>Battou v. Sec'y United States Dep't of State</u>, 811 F. App'x 729, 733 (3d Cir. 2020).

In other words, because there is no reason to believe Defendants plan to violate what they themselves now agree the law requires, Plaintiffs' claims are premature and speculative. … The Court will therefore DISMISS these claims as falling outside of its Article III power to adjudicate. <u>See</u> <u>Cty. of Morris v. Nationalist Movement</u>, 273 F.3d 527, 533 (3d Cir. 2001).

<u>Donald J. Trump for President, Inc. v. Boockvar</u>, No. 2:20-CV-966, 2020 WL 5658392, at *3–4 (W.D. Pa. Sept. 23, 2020) (ECF #409).

Accordingly, Plaintiffs' claims must be dismissed as falling outside of this Court's Article III power to adjudicate.  This Honorable Court should either Grant Defendant's Motion to Dismiss and dismiss Counts VIII and VIX(sic) of Plaintiffs' Second Amended Complaint or grant Defendant's Motion for Summary Judgment and enter judgment in favor of Defendants as to Counts VIII and VIX(sic).

### D. Plaintiffs' Poll Watcher Claims Should be Dismissed

In their brief in support of their Motion for Summary Judgment, Plaintiffs argue that the county residency restriction on poll watchers will result in uneven election observation and unequal voting challenges, violating equal protection "as-applied" in the 2020 General Election. <u>See</u> (ECF #505), Plaintiffs' Brief in Support at p. 58. Plaintiffs argument under the "as-applied" argument seeks to circumvent

14

the Pennsylvania Supreme Court's determination in <u>Pa. Democratic Party v. Boockvar</u>, No. 133 MM 2020, 2020 WL 5554644 (Pa. Sept. 17, 2020), which unequivocally held that the poll watcher residency restriction in the Election Code is not unconstitutional. <u>See</u> <u>Pa. Democratic Party</u>, No. 133 MM 2020, 2020 WL 5554644 at *31 ("Based on the foregoing, we conclude that the poll watcher residency requirement does not violate the state or federal constitutions.").

In order to avoid this clear proclamation by the Pennsylvania Supreme Court, Plaintiffs argue that the residency requirement of poll watchers declared constitutional by the Supreme Court "as-applied" in this case is unconstitutional in that it violates equal protection. Plaintiffs' argument fails.

Courts have long-recognized the difference between a facial and an as-applied challenge. "The distinction between facial and as-applied challenges ... goes to the breadth of the remedy employed by the Court." <u>Constitution Party of Pennsylvania v. Cortes</u>, 824 F.3d 386, 394 (3d Cir. 2016)(citing <u>Citizens United v. Fed. Election Comm'n</u>, 558 U.S. 310, 331, 130 S. Ct. 876 (2010)). An "as applied" claim is a claim that the "operation of a statute is unconstitutional in a particular case while a facial challenge indicates that the statute may rarely or never be constitutionally applied." <u>Cortes</u>, 824 F.3d at 394 (citations omitted).

Given the Pennsylvania Supreme Court's decision in <u>Pa. Democratic Party</u>, wherein the statute itself was held constitutional, as well as the Eastern District of

Pennsylvania's decision in <u>Republican Party of Pa. v. Cortes</u>, wherein the Eastern District concluded the  Plaintiffs now make broad and unsubstantiated claims to support their contention that the application of the otherwise constitutional poll watcher residency requirement violates equal protection. <u>See</u> 218 F. Supp. 3d 396, 415 (E.D. Pa. 2016). Plaintiffs fail to establish any factual support for their claims as they relate to Luzerne County specifically. For purposes of summary judgment, Plaintiffs must "put up or shut up," and here, not only have Plaintiffs failed to present sufficient evidence to establish that their motion for summary judgment should be granted, they have failed to present sufficient evidence to survive Defendant's Motion for Summary Judgment.

Plaintiffs have failed to put forth any evidence that the application of the poll watcher residency requirement by Luzerne County amounts to an equal protection violation.[1] The extraordinary relief sought by Plaintiffs is unsubstantiated by the record, and as such, Plaintiffs' motion should be denied. As such, it is respectfully submitted that Plaintiffs' Motion for Summary Judgment relating to the poll watcher claims under an "as-applied" theory should be denied, and Luzerne County's cross-motion for summary judgment should be granted.

---

[1]     Luzerne County also respectfully submits that Plaintiffs have failed to submit sufficient evidence to demonstrate that the application of the poll watcher residency requirement by any other Defendant amounts to an equal protection violation, and joins in the arguments set forth by Secretary Boockvar and the Commonwealth and all other counties in this matter.

### E. Joinder in Defendants' Motions to Dismiss and Motions for Summary Judgment

As provided by this Court's Order, the Luzerne County incorporates by reference all arguments made by other parties supporting their position that summary judgment should enter in the Counties' favor and against Plaintiffs. (ECF No. 462, p. 3, n. 5) (Unless specified, all Defendants and Intervenors will be deemed to join in the briefs of all other Defendants and Intervenors—there is no need for any Defendant to file a separate "Joinder" or "Motion for Joinder.").

## III.   CONCLUSION

Accordingly, for the reasons set forth herein, including Luzerne County's reasons set forth in support of its Motion to Dismiss Plaintiffs' claims, as well as all motions in which Luzerne County has joined, it is respectfully submitted that this Honorable grant Luzerne County's Motion for Summary Judgment, dismissing Plaintiffs' Second Amended Complaint with prejudice and entering judgment in favor of Luzerne County, and any other relief the Court deems necessary and appropriate.

Respectfully submitted:

_s/ Regina M. Blewitt_
Lawrence J. Moran, Jr. (PA ID No. 316253)
Regina M. Blewitt (PA ID No. 205644)
Matthew J. Carmody (PA ID No. 206781)
**JOYCE, CARMODY & MORAN, P.C.**
9 N. Main Street, Suite 4
Pittston, PA 18640
Phone:  570-602-3560
Fax:  570-602-3561
E-mail:  rmb@joycecarmody.com

Attorneys for Defendant
Luzerne County Board of Elections

DATED:    October 3, 2020

Matthew J. Carmody
Regina M. Blewitt
Lawrence J. Moran, Jr.
**JOYCE, CARMODY & MORAN, P.C.**
9 N. Main Street, Suite 4
Pittston, PA 18640
Ph: (570) 602-3560                                    Attorneys for Defendant
Fax: (570) 602-3561                                   Luzerne County Board of Elections

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONALD J. TRUMP FOR PRESIDENT, INC., et al.,** | |
| **Plaintiffs,** | **Civil Action No. 2:20-cv-966-NR** |
| **v.** | |
| **KATHY BOOCKVAR, et al.,** | **JUDGE J. NICHOLAS RANJAN** |
| **Defendants.** | |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this date a true and correct copy of the foregoing Memorandum in Support of its Motion for Summary Judgment was filed electronically and served via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

*s/ Regina M. Blewitt*
Regina M. Blewitt

DATED:   October 3, 2020