# EXHIBIT 12

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC.; *et al.*, | ) ) ) | Civil Action |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | No.: 2-20-CV-966-NR |
| KATHY BOOCKVAR; *et al.*, | ) ) ) | |
| Defendants. | ) | Judge J. Nicholas Ranjan |

**OBJECTIONS AND ANSWERS TO
DEFENDANT KATHY BOOCKVAR'S FIRST SET OF INTERROGATORIES
DIRECTED TO PLAINTIFFS DONALD J. TRUMP FOR PRESIDENT, INC.,
GLENN THOMPSON, MIKE KELLY, JOHN JOYCE,
GUY RESCHENTHALER AND REPUBLICAN NATIONAL COMMITTEE**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Local Rule 33, and the Court's July 17, 2020 Scheduling Order (ECF #124), as amended, Plaintiffs Donald J. Trump for President, Inc., Glenn Thompson, Mike Kelly, John Joyce, Guy Reschenthaler and the Republican National Committee, by and through their undersigned counsel, hereby provide the within Objections and Answers to the First Set of Interrogatories served by Defendant Kathy Boockvar, Secretary of the Commonwealth of Pennsylvania, by and through her undersigned counsel, to them.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.      Plaintiffs object to the Interrogatories' Definitions and Instructions to the extent that they can be construed to seek production or disclosure of any attorney-client privileged information, attorney work product, or other confidential/protected information. Any substantive answers provided are being made without disclosing or producing attorney-client privileged information, attorney work product, or other confidential/protected information.

2.      Plaintiffs object to the Interrogatories' Definition #1 to the extent it seeks answers from "affiliates, members, employees, agents, representatives, attorneys, and any and all persons or entities acting or purporting to act on behalf of any of them for any purpose." Federal Rule of Civil Procedure 33(a) permits written interrogatories to be directed only to a party. *See* FED.R.CIV.P. 33(a). *See also Wirtz v. I.C. Harris & Co.*, 36 F.R.D. 116, 117 (E.D. Mi. 1964) ("[I]nterrogatories may not be served upon a person who is not a party, nor may the party serving the interrogatories select a particular person and direct that the interrogatories be answered by such person where such person is not a party.") (citations omitted). Therefore, Plaintiffs interpret the terms "you," "your," or "yours" to mean only the Plaintiffs, as they are the only parties to whom the Interrogatories have been directed.

3.      Plaintiffs object to the Interrogatories' Instructions #2 and #4, which attempt to impose upon Plaintiffs a supplemental obligation that is not co-extensive with that provided in Rule 26(e)(1). *See* FED.R.CIV.P. 26(e)(1). Plaintiffs will comply with the provisions of Rule 26(e)(1), if necessary, not with the supplementation obligation contained in Instructions #2 and #4.

## OBJECTIONS AND ANSWERS TO INTERROGATORIES

1.      In relation to the 2020 Primary Election in Pennsylvania, identify each and every instance of actual or suspected voter fraud or any other impropriety with respect to absentee or mail-in ballots.

**ANSWER:**    Plaintiffs object to this Interrogatory on the ground that it seeks information on topics outside the limited scope of the expedited discovery ordered by the Court. In response to objections by myriad defendants to the timing and scope of permissible discovery, the Court entered an Order on July 17, 2020, (ECF #124) that allowed discovery on an expedited basis but only on a limited scope. Any discovery beyond the scope of the reports to the Secretary of the Commonwealth by the County Election Boards as contemplated by 71 P.S. § 279.6(c) "must (i) not be duplicative of materials received in connection with the report, and (ii) be narrowly tailored to the implementation of the mail-in and poll-watching procedures in the 2020 primary election,

and the procedures for the 2020 general election." ECF #124, p.4, ¶II.B.10. Thus, the scope of permissible discovery under the Scheduling Order must relate to the official implementation of the two noted procedures by the Secretary and/or the Counties.

This Interrogatory goes beyond the scope of the approved discovery in that it seeks information not about the "implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election," ECF #124, p.4, ¶II.B.10, but about one possible result of the decision by the Secretary of the Commonwealth and/or all or some of the County Election Boards to not enforce the procedures in the Election Code for valid voting to occur. Also, this Interrogatory appears to be duplicative of the reports that are to be provided by the County Boards of Election, in that those reports are to include reports of actual or suspected incidents of certain types of voter fraud. *See, e.g.,* 71 P.S. § 279.6(b)(9),(10),(19),(20),(23),(24). Therefore, this Interrogatory is improper.

Additionally, Plaintiffs object to this Interrogatory on the ground of relevance. In their Verified Amended Complaint (ECF #234), Plaintiffs are asking the Court to issue relief in the form of, among other things, a declaratory and injunctive judgment that the Secretary of the Commonwealth and all of the County Election Boards follow in a uniform manner the provisions of the Election Code and Act 77 concerning absentee and mail-in voting. As this Court noted years ago: "A state must impose uniform statewide standards in each county in order to protect the legality of a citizen's vote. Anything less implicates constitutional problems under the equal protection clause of the Fourteenth Amendment." *Pierce v. Allegheny County Bd. of Elections,* 324 F. Supp. 2d 684, 697 (W.D. Pa. 2003). Plaintiffs' claim is based upon the inconsistent enforcement of the Election Code requirements across the Commonwealth, which is a violation of Plaintiffs' constitutional rights. Similarly, Plaintiffs' claim also is based upon the failure of the Secretary and all of the County Election Boards to follow the requirements under the Election Code for properly administering Pennsylvania's absentee and mail-in voting scheme, which also violates their constitutional rights. The Pennsylvania General Assembly established the requirements that must be followed for ballots to be cast legally, requirements the Pennsylvania Supreme Court has recognized are designed to reduce fraud. Neither the Secretary of the Commonwealth nor the County Election Boards have the ability to ignore, modify, restrict, or expand upon those requirements. Even if the Secretary or a County Election Board were to view those legislatively-enacted requirements as mere "technicalities," they still have an obligation to enforce those requirements. As the Pennsylvania Supreme Court recently noted, "so-called technicalities of the Election Code are necessary for the preservation of secrecy and the sanctity of the ballot and must therefore be observed … ." *In re Canvass of Absentee Ballots of Nov. 4, 2003 Gen. Election,* 843 A.2d 1223, 1234 (Pa. 2004); *see also id.* at 1231-32 (noting that "shall" in the Election Code, including its use in Section 3146.6(a) concerning absentee voting, is mandatory). The same language that was interpreted in 2003 by the Pennsylvania Supreme Court was used and adopted by the General Assembly in Act 77. Accordingly, the issues raised by Plaintiffs' Amended Complaint are purely legal questions, the answers to which are not governed or controlled by the information sought by this Interrogatory. Therefore, this Interrogatory is beyond the scope of permissible discovery. *See* FED.R.CIV.P. 26(b)(1).

Further, Plaintiffs object to this Interrogatory on the ground that it is a contention interrogatory. Contention interrogatories this early in a litigation are disfavored, especially when the complaint is not facially infirm and the Defendants have control over much of the evidence of their misconduct. *See United States v. Educ. Mgmt. LLC,* 2013 U.S. Dist. LEXIS 104176, at *66 &

*71-*73 (W.D. Pa. May 14, 2013).

Moreover, Plaintiffs object on the grounds that much of the information needed to respond to this Interrogatory is in the possession/custody/control of propounding defendant or others.

Finally, Plaintiffs object to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or Federal Rule of Civil Procedure 26(b)(3) and (4).

Subject to the foregoing objections and without waiving them, Plaintiffs state that to the degree that evidence of voter fraud or any other election-related fraud or illegality is relevant to any questions before the Court, Plaintiffs will rely on, among other things, publicly available news reports and public records. Plaintiffs refer to and incorporate the documents being produced by them and others. *See* FED.R.CIV.P. 33(d). Plaintiffs also refer to and incorporate by reference their answers and responses to other written discovery served upon them. Plaintiffs retain the ability to introduce evidence regarding election-related fraud or illegality in the form of expert reports if necessary as this matter proceeds.

Furthermore, discovery is in its nascent stages. Accordingly, Plaintiffs reserve the right to amend and/or supplement this response if necessary and/or to the extent the information requested is relevant and authorized by the Court.

2.      In relation to the 2020 Primary Election in Pennsylvania, identify each and every instance of "ballot harvesting" (as you use that term in Paragraph 1 and other parts of the Complaint) with respect to absentee or mail-in ballots, including the identification of any person involved in any "ballot harvesting."

**ANSWER:**   Plaintiffs object to this Interrogatory on the ground that it seeks information on topics outside the limited scope of the expedited discovery ordered by the Court. In response to objections by myriad defendants to the timing and scope of permissible discovery, the Court entered an Order on July 17, 2020, (ECF #124) that allowed discovery on an expedited basis but only on a limited scope. Any discovery beyond the scope of the reports to the Secretary of the Commonwealth by the County Boards of Election as contemplated by 71 P.S. § 279.6(c) "must (i) not be duplicative of materials received in connection with the report, and (ii) be narrowly tailored to the implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election." ECF #124, p.4, ¶II.B.10. Thus, the scope of permissible discovery under the Scheduling Order must relate to the official implementation of the two noted procedures by the Secretary and/or the Counties.

This Interrogatory goes beyond the scope of the approved discovery in that it seeks information not about the "implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election," ECF #124, p.4, ¶II.B.10, but about Plaintiffs' contentions regarding the opportunities that fraudsters may engage in as a result of Defendants' inconsistent administration during the 2020 Primary Election. Also, this Interrogatory appears to be duplicative of the reports that are to be provided by the County Boards of Election, in that those reports are to include reports of actual or suspected incidents of certain types of voter

fraud. *See, e.g.,* 71 P.S. § 279.6(b)(9),(10),(19),(20),(23),(24). Therefore, this Interrogatory is improper.

Additionally, Plaintiffs object to this Interrogatory on the ground of relevance. Plaintiffs' Amended Complaint raises purely legal questions, the answers to which are not governed or controlled by the information sought by this Interrogatory. *See* Plaintiffs' Answer to Interrogatory #1. Therefore, this Interrogatory is beyond the scope of permissible discovery. *See* FED.R.CIV.P. 26(b)(1).

Further, Plaintiffs object to this Interrogatory on the ground that it is a contention interrogatory. Contention interrogatories this early in a litigation are disfavored, especially when the complaint is not facially infirm and the Defendants have control over much of the evidence of their misconduct. *See United States v. Educ. Mgmt. LLC,* 2013 U.S. Dist. LEXIS 104176, at *66 & *71-*73 (W.D. Pa. May 14, 2013).

Moreover, Plaintiffs object on the grounds that much of the information needed to respond to this Interrogatory is in the possession/custody/control of propounding defendant or others.

Finally, Plaintiffs object to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or Federal Rule of Civil Procedure 26(b)(3) and (4).

Subject to the foregoing objections and without waiving them, Plaintiffs state that to the degree that evidence of voter fraud or any other election-related fraud or illegality is relevant to any questions before the Court, Plaintiffs will rely on, among other things, publicly available news reports and public records. Plaintiffs refer to and incorporate the documents being produced by them and others. *See* FED.R.CIV.P. 33(d). Plaintiffs also refer to and incorporate by reference their answers and responses to other written discovery served upon them. Plaintiffs retain the ability to introduce evidence regarding election-related fraud or illegality in the form of expert reports if necessary as this matter proceeds.

Furthermore, discovery is in its nascent stages. Accordingly, Plaintiffs reserve the right to amend and/or supplement this response if necessary and/or to the extent the information requested is relevant and authorized by the Court.

3.      In relation to the 2020 Primary Election in Pennsylvania, identify each and every

instance of "double voting" (as you use that term in Paragraphs 111-12 of the Complaint) with

respect to absentee or mail-in ballots, including the identification of any person who engaged in

"double voting."

**ANSWER:** Plaintiffs object to this Interrogatory on the ground that it seeks information on topics outside the limited scope of the expedited discovery ordered by the Court. In response to objections by myriad defendants to the timing and scope of permissible discovery, the Court entered an Order on July 17, 2020, (ECF #124) that allowed discovery on an expedited basis but only on a limited basis. Any discovery beyond the scope of the reports to the Secretary of the Commonwealth by the County Boards of Election as contemplated by 71 P.S. § 279.6(c) "must (i) not be duplicative of materials received in connection with the report, and (ii) be narrowly tailored

to the implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election." ECF #124, p.4, ¶II.B.10. Thus, the scope of permissible discovery under the Scheduling Order must relate to the official implementation of the two noted procedures by the Secretary and/or the Counties.

This Interrogatory goes beyond the scope of the approved discovery in that it seeks information not about the "implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election," ECF #124, p.4, ¶II.B.10, but about one possible result of the decision by the Secretary of the Commonwealth and/or all or some of the County Election Boards to not enforce the procedures in the Election Code for valid voting to occur. Also, this Interrogatory appears to be duplicative of the reports that are to be provided by the County Boards of Election, in that those reports are to include reports of actual or suspected incidents of certain types of voter fraud. *See, e.g.,* 71 P.S. § 279.6(b)(9),(10),(19),(20),(23),(24). Therefore, this Interrogatory is improper.

Additionally, Plaintiffs object to this Interrogatory on the ground of relevance. Plaintiffs' Amended Complaint raises purely legal questions, the answers to which are not governed or controlled by the information sought by this Interrogatory. *See* Plaintiffs' Answer to Interrogatory #1. Therefore, this Interrogatory is beyond the scope of permissible discovery. *See* FED.R.CIV.P. 26(b)(1).

Further, Plaintiffs object to this Interrogatory on the ground that it is a contention interrogatory. Contention interrogatories this early in a litigation are disfavored, especially when the complaint is not facially infirm and the Defendants have control over much of the evidence of their misconduct. *See United States v. Educ. Mgmt. LLC,* 2013 U.S. Dist. LEXIS 104176, at *66 & *71-*73 (W.D. Pa. May 14, 2013).

Moreover, Plaintiffs object on the grounds that much of the information needed to respond to this Interrogatory is in the possession/custody/control of propounding defendant or others.

Finally, Plaintiffs object to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or Federal Rule of Civil Procedure 26(b)(3) and (4).

Subject to the foregoing objections and without waiving them, Plaintiffs state that to the degree that evidence of voter fraud or any other election-related fraud or illegality is relevant to any questions before the Court, Plaintiffs will rely on, among other things, publicly available news reports and public records. Plaintiffs refer to and incorporate the documents being produced by them and others. *See* FED.R.CIV.P. 33(d). Plaintiffs also refer to and incorporate by reference their answers and responses to other written discovery served upon them. Plaintiffs retain the ability to introduce evidence regarding election-related fraud or illegality in the form of expert reports if necessary as this matter proceeds.

Furthermore discovery is in its nascent stages. Accordingly, Plaintiffs reserve the right to amend and/or supplement this response if necessary and/or to the extent the information requested is relevant and authorized by the Court.

4.    In relation to the 2020 Primary Election in Pennsylvania, identify each and every

instance of "vote buying" (as you use that term in Paragraph 69 of the Complaint) with respect to

absentee or mail-in ballots, including the identification of any person who engaged in "vote

buying."

**ANSWER:** Plaintiffs object to this Interrogatory on the ground that it seeks information on topics outside the limited scope of the expedited discovery ordered by the Court. In response to objections by myriad defendants to the timing and scope of permissible discovery, the Court entered an Order on July 17, 2020, (ECF #124) that allowed discovery on an expedited basis but only on a limited scope. Any discovery beyond the scope of the reports to the Secretary of the Commonwealth by the County Boards of Election as contemplated by 71 P.S. § 279.6(c) "must (i) not be duplicative of materials received in connection with the report, and (ii) be narrowly tailored to the implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election." ECF #124, p.4, ¶II.B.10. Thus, the scope of permissible discovery under the Scheduling Order must relate to the official implementation of the two noted procedures by the Secretary and/or the Counties.

This Interrogatory goes beyond the scope of the approved discovery in that it seeks information not about the "implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election," ECF #124, p.4, ¶II.B.10, but one of the findings made in the Carter-Baker Report discussed in Paragraph 69 of the original complaint. Also, this Interrogatory appears to be duplicative of the reports that are to be provided by the County Boards of Election, in that those reports are to include reports of actual or suspected incidents of certain types of voter fraud. *See, e.g.,* 71 P.S. § 279.6(b)(9),(10),(19),(20),(23),(24). Therefore, this Interrogatory is improper.

Additionally, Plaintiffs object to this Interrogatory on the ground of relevance. Plaintiffs' Amended Complaint raises purely legal questions, the answers to which are not governed or controlled by the information sought by this Interrogatory. *See* Plaintiffs' Answer to Interrogatory #1. Therefore, this Interrogatory is beyond the scope of permissible discovery. *See* Fed.R.Civ.P. 26(b)(1).

Further, Plaintiffs object to this Interrogatory on the ground that it is a contention interrogatory. Contention interrogatories this early in a litigation are disfavored, especially when the complaint is not facially infirm and the Defendants have control over much of the evidence of their misconduct. *See United States v. Educ. Mgmt. LLC*, 2013 U.S. Dist. LEXIS 104176, at *66 & *71-*73 (W.D. Pa. May 14, 2013).

Moreover, Plaintiffs object on the grounds that much of the information needed to respond to this Interrogatory is in the possession/custody/control of propounding defendant or others.

Finally, Plaintiffs object to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or Federal Rule of Civil Procedure 26(b)(3) and (4).

Subject to the foregoing objections and without waiving them, Plaintiffs state that to the degree that evidence of voter fraud or any other election-related fraud or illegality is relevant to any questions before the Court, Plaintiffs will rely on, among other things, publicly available news reports and public records. Plaintiffs refer to and incorporate the documents being produced by them and others. *See* Fed.R.Civ.P. 33(d). Plaintiffs also refer to and incorporate by reference their answers

and responses to other written discovery served upon them.  Plaintiffs retain the ability to introduce evidence regarding election-related fraud or illegality in the form of expert reports if necessary as this matter proceeds.

Furthermore, discovery is in its nascent stages.  Accordingly, Plaintiffs reserve the right to amend and/or supplement this response if necessary and/or to the extent the information requested is relevant and authorized by the Court.

     5.      In relation to the 2020 Primary Election in Pennsylvania, identify each and every

instance of "manipulate[d] or destroy[ed] ballots" (as you use that term in Paragraph 1 of the

Complaint) with respect to absentee or mail-in ballots, including the identification of any and all

person who participated or engaged in "manipulate[ing] or destroy[ing] ballots."

**ANSWER:**  Plaintiffs object to this Interrogatory on the ground that it seeks information on topics outside the limited scope of the expedited discovery ordered by the Court.  In response to objections by myriad defendants to the timing and scope of permissible discovery, the Court entered an Order on July 17, 2020, (ECF #124) that allowed discovery on an expedited basis but only on a limited scope.  Any discovery beyond the scope of the reports to the Secretary of the Commonwealth by the County Boards of Election as contemplated by 71 P.S. § 279.6(c) "must (i) not be duplicative of materials received in connection with the report, and (ii) be narrowly tailored to the implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election." ECF #124, p.4, ¶II.B.10.  Thus, the scope of permissible discovery under the Scheduling Order must relate to the official implementation of the two noted procedures by the Secretary and/or the Counties.

This Interrogatory goes beyond the scope of the approved discovery in that it seeks information not about the "implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election," ECF #124, p.4, ¶II.B.10, but about Plaintiffs' contentions regarding the opportunities that fraudsters may engage in as a result of Defendants' inconsistent administration during the 2020 Primary Election.  Also, this Interrogatory appears to be duplicative of the reports that are to be provided by the County Boards of Election, in that those reports are to include reports of actual or suspected incidents of certain types of voter fraud.  *See, e.g.,* 71 P.S. § 279.6(b)(9),(10),(19),(20),(23),(24).  Therefore, this Interrogatory is improper.

Additionally, Plaintiffs object to this Interrogatory on the ground of relevance.  Plaintiffs' Amended Complaint raises purely legal questions, the answers to which are not governed or controlled by the information sought by this Interrogatory.  *See* Plaintiffs' Answer to Interrogatory #1.  Therefore, this Interrogatory is beyond the scope of permissible discovery.  *See* FED.R.CIV.P. 26(b)(1).

Further, Plaintiffs object to this Interrogatory on the ground that it is a contention interrogatory.  Contention interrogatories this early in a litigation are disfavored, especially when the complaint is not facially infirm and the Defendants have control over much of the evidence of their misconduct.  *See United States v. Educ. Mgmt. LLC,* 2013 U.S. Dist. LEXIS 104176, at *66 &

*71-*73 (W.D. Pa. May 14, 2013).

Moreover, Plaintiffs object on the grounds that much of the information needed to respond to this Interrogatory is in the possession/custody/control of propounding defendant or others.

Finally, Plaintiffs object to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or Federal Rule of Civil Procedure 26(b)(3) and (4).

Subject to the foregoing objections and without waiving them, Plaintiffs state that to the degree that evidence of voter fraud or any other election-related fraud or illegality is relevant to any questions before the Court, Plaintiffs will rely on, among other things, publicly available news reports and public records. Plaintiffs refer to and incorporate the documents being produced by them and others. *See* FED.R.CIV.P. 33(d). Plaintiffs also refer to and incorporate by reference their answers and responses to other written discovery served upon them. Plaintiffs retain the ability to introduce evidence regarding election-related fraud or illegality in the form of expert reports if necessary as this matter proceeds.

Furthermore, discovery is in its nascent stages. Accordingly, Plaintiffs reserve the right to amend and/or supplement this response if necessary and/or to the extent the information requested is relevant and authorized by the Court.

      6.    Identify each and every elector whom you contend was disenfranchised as a result of the administration of Act 77 during the 2020 Primary Election and describe with particularity the factual basis for your contention.

**ANSWER:** Plaintiffs object to this Interrogatory on the ground that it seeks information on topics outside the limited scope of the expedited discovery ordered by the Court. In response to objections by myriad defendants to the timing and scope of permissible discovery, the Court entered an Order on July 17, 2020, (ECF #124) that allowed discovery on an expedited basis but only on a limited scope. Any discovery beyond the scope of the reports to the Secretary of the Commonwealth by the County Boards of Election as contemplated by 71 P.S. § 279.6(c) "must (i) not be duplicative of materials received in connection with the report, and (ii) be narrowly tailored to the implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election." ECF #124, p.4, ¶II.B.10. Thus, the scope of permissible discovery under the Scheduling Order must relate to the official implementation of the two noted procedures by the Secretary and/or the Counties.

This Interrogatory goes beyond the scope of the approved discovery in that it seeks information not about the "implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election," ECF #124, p.4, ¶II.B.10, but about Plaintiffs' contentions concerning the result of the decision by the Secretary of the Commonwealth and/or all or some of the County Election Boards to not enforce the procedures in the Election Code for valid voting to occur. Also, this Interrogatory appears to be duplicative of the reports that are to be provided by the County Boards of Election, in that those reports are to include reports of actual or suspected incidents of certain types of voter disenfranchisement. *See, e.g.,* 71 P.S. § 279.6(b)(9),(10),(19),(20),(23),(24). Therefore, this Interrogatory is improper.

Additionally, Plaintiffs object to this Interrogatory on the ground of relevance. Plaintiffs' Amended Complaint raises purely legal questions, the answers to which are not governed or controlled by the information sought by this Interrogatory. *See* Plaintiffs' Answer to Interrogatory #1. Therefore, this Interrogatory is beyond the scope of permissible discovery. *See* FED.R.CIV.P. 26(b)(1).

Further, Plaintiffs object to this Interrogatory on the ground that it is a contention interrogatory. Contention interrogatories this early in a litigation are disfavored, especially when the complaint is not facially infirm and the Defendants have control over much of the evidence of their misconduct. *See United States v. Educ. Mgmt. LLC*, 2013 U.S. Dist. LEXIS 104176, at *66 & *71-*73 (W.D. Pa. May 14, 2013).

Moreover, Plaintiffs object on the grounds that much of the information needed to respond to this Interrogatory is in the possession/custody/control of propounding defendant or others.

Finally, Plaintiffs object to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or Federal Rule of Civil Procedure 26(b)(3) and (4).

Subject to the foregoing objections and without waiving them, it is Plaintiffs' contention that absentee and mail-in ballots provided to, cast, and/or counted in contravention of the Election Code's mandatory provisions results in a disenfranchisement of those qualified electors whose in-person or absentee and mail-in votes were properly cast but diluted by such illegally cast votes. Moreover, that disenfranchisement occurs when the state fails to ensure that all County Election Boards impose uniform statewide standards in each county in order to protect the legality of a citizen's vote.

Additionally, Plaintiffs refer to and incorporate the documents being produced by them and others. *See* FED.R.CIV.P. 33(d). Plaintiffs also refer to and incorporate by reference their answers and responses to other written discovery served upon them. Plaintiffs retain the ability to introduce evidence regarding election maladministration in the form of expert reports if necessary as this matter proceeds.

Finally, discovery is in its nascent stages. Accordingly, Plaintiffs reserve the right to amend and/or supplement this response if necessary and/or to the extent the information requested is relevant and authorized by the Court.

7.     State each and every fact and identify each and every document that you contend

support the allegation in Paragraph 101 of the Complaint that "Defendants failed to take adequate

measures to ensure that the provisions of the Election Code concerning absentee or mail in ballots

. . . were followed" during the 2020 Primary Election.

**ANSWER:** Plaintiffs object to this Interrogatory on the ground that it seeks information on topics outside the limited scope of the expedited discovery ordered by the Court. In response to objections by myriad defendants to the timing and scope of permissible discovery, the Court entered an Order on July 17, 2020, (ECF #124) that allowed discovery on an expedited basis but

only on a limited scope.  Any discovery beyond the scope of the reports to the Secretary of the Commonwealth by the County Boards of Election as contemplated by 71 P.S. § 279.6(c) "must (i) not be duplicative of materials received in connection with the report, and (ii) be narrowly tailored to the implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election." ECF #124, p.4, ¶II.B.10.  Thus, the scope of permissible discovery under the Scheduling Order must relate to the official implementation of the two noted procedures by the Secretary and/or the Counties.

This Interrogatory goes beyond the scope of the approved discovery in that it seeks information not about the "implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election," ECF #124, p.4, ¶II.B.10, but about Plaintiffs' contentions concerning absentee and mail-in balloting during the 2020 Primary Election.  Also, this Interrogatory appears to be duplicative of the reports that are to be provided by the County Boards of Election, in that those reports are to include reports of actual or suspected incidents of certain types of voter fraud.  *See, e.g.,* 71 P.S. § 279.6(b)(9),(10),(19),(20),(23),(24). Therefore, this Interrogatory is improper.

Further, Plaintiffs object to this Interrogatory on the ground that it is a contention interrogatory. Contention interrogatories this early in a litigation are disfavored, especially when the complaint is not facially infirm and the Defendants have control over much of the evidence of their misconduct.  *See United States v. Educ. Mgmt. LLC, 2013 U.S. Dist. LEXIS 104176, at \*66 & \*71-\*73 (W.D. Pa. May 14, 2013).*

Moreover, Plaintiffs object on the grounds that much of the information needed to respond to this Interrogatory is in the possession/custody/control of propounding defendant or others.

Finally, Plaintiffs object to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or Federal Rule of Civil Procedure 26(b)(3) and (4).

Subject to the foregoing objections and without waiving them, Plaintiffs refer to and incorporate by reference Paragraphs 103 through 164 of Plaintiffs' Verified Amended Complaint (ECF #234).

Additionally, Plaintiffs refer to and incorporate the documents being produced by them and others.  *See* FED.R.CIV.P. 33(d).  Plaintiffs also refer to and incorporate by reference their answers and responses to other written discovery served upon them.  Plaintiffs retain the ability to introduce evidence regarding election maladministration in the form of expert reports if necessary as this matter proceeds.

Furthermore, discovery is in its nascent stages.  Accordingly, Plaintiffs reserve the right to amend and/or supplement this response if necessary and/or to the extent the information requested is relevant and authorized by the Court.

      8.     Identify and describe with particularity the "adequate procedural safeguards to deter fraud" that you contend are required under either the U.S. or Pennsylvania Constitution for mail-in voting to "be a legitimate feature of a state's election process," as alleged in Paragraph 77 of the Complaint.

**ANSWER:** Plaintiffs object to this Interrogatory on the ground that it seeks information on topics outside the limited scope of the expedited discovery ordered by the Court. In response to objections by myriad defendants to the timing and scope of permissible discovery, the Court entered an Order on July 17, 2020, (ECF #124) that allowed discovery on an expedited basis but only on a limited scope. Any discovery beyond the scope of the reports to the Secretary of the Commonwealth by the County Boards of Election as contemplated by 71 P.S. § 279.6(c) "must (i) not be duplicative of materials received in connection with the report, and (ii) be narrowly tailored to the implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election." ECF #124, p.4, ¶II.B.10. Thus, the scope of permissible discovery under the Scheduling Order must relate to the official implementation of the two noted procedures by the Secretary and/or the Counties.

This Interrogatory goes beyond the scope of the approved discovery in that it seeks information not about the "implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election," ECF #124, p.4, ¶II.B.10, but about Plaintiffs' contentions concerning absentee and mail-in voting as a voting method. Also, this Interrogatory appears to be duplicative of the reports that are to be provided by the County Boards of Election, in that those reports are to include reports of actual or suspected incidents of certain types of voter fraud. *See, e.g.,* 71 P.S. § 279.6(b)(9),(10),(19),(20),(23),(24). Moreover, it is the Secretary and the Counties who will bear the burden of demonstrating the procedures they implement and enforce are constitutional. Therefore, this Interrogatory is improper.

Additionally, Plaintiffs object to this Interrogatory on the ground of relevance. Plaintiffs' Amended Complaint raises purely legal questions, the answers to which are not governed or controlled by the information sought by this Interrogatory. *See* Plaintiffs' Answer to Interrogatory #1. Therefore, this Interrogatory is beyond the scope of permissible discovery. *See* FED.R.CIV.P. 26(b)(1).

Further, Plaintiffs object to this Interrogatory on the ground that it is a contention interrogatory. Contention interrogatories this early in a litigation are disfavored, especially when the complaint is not facially infirm and the Defendants have control over much of the evidence of their misconduct. *See United States v. Educ. Mgmt. LLC,* 2013 U.S. Dist. LEXIS 104176, at *66 & *71-*73 (W.D. Pa. May 14, 2013).

Moreover, Plaintiffs object on the grounds that much of the information needed to respond to this Interrogatory is in the possession/custody/control of propounding defendant or others.

Finally, Plaintiffs object to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or Federal Rule of Civil Procedure 26(b)(3) and (4).

Subject to these objections and without waiving, Plaintiffs state that the Pennsylvania General Assembly has provided the procedures for a non-disabled voter to properly apply for and cast a valid absentee and mail-in ballots. *See* 25 P.S. §§ 3146.2, 3146.2a & 3146.2b; 25 P.S. §3146.6; 25 P.S. §§ 3150.12, 3150.12a & 3146.2b; 25 P.S. §3150.16. Those procedures include, among other things, the requirement that each non-disabled absentee and mail-in voter submit to the County Election Board an appropriate ballot application in which his or her identity and qualifications are verified. *See* 25 P.S. §§ 3146.2, 3146.2a & 3146.2b; 25 P.S. §§ 3150.12, 3150.12a & 3146.2b.

Also, these procedures include that the non-disabled voter place his or her ballot inside the "Official Election Ballot" secrecy envelope, and then complete, date, and sign the declaration on the outside envelope. *See* 25 P.S. § 3146.6(a) ("the elector *shall*, in secret, proceed to mark the ballot only in black lead pencil, indelible pencil or blue, black or blue-black ink, in fountain pen or ball point pen, and then fold the ballot, enclose and securely seal the same in the envelope on which is printed, stamped or endorsed 'Official Election Ballot.' *This envelope shall* then be placed in the second one, on which is printed the form of declaration of the elector, and the address of the elector's county board of election and the local election district of the elector.  The elector shall then fill out, date and sign the declaration printed on such envelope.") (emphasis added); 25 P.S. § 3150.16 ("the mail-in elector *shall*, in secret, proceed to mark the ballot only in black lead pencil, indelible pencil or blue, black or blue-black ink, in fountain pen or ball point pen, and then fold the ballot, enclose and securely seal the same in the envelope on which is printed, stamped or endorsed 'Official Election Ballot.' *This envelope shall* then be placed in the second one, on which is printed the form of declaration of the elector, and the address of the elector's county board of election and the local election district of the elector.  The elector shall then fill out, date and sign the declaration printed on such envelope.") (emphasis added);

The Election Code further provides that only those ballots contained in "Official Election Ballot" secrecy envelopes without any marks, texts or symbols, within the outer mailing envelop, shall be counted.  *See* 25 PS. § 3146.8(g)(4)(ii)&(iii).  Moreover, a ballot that is returned without an "Official Election Ballot" secrecy envelope is a ballot that is capable of identification. *See* 25 P.S. § 3063(a) ("No ballot which is so marked as to be capable of identification shall be counted."); *see also* 25 P.S. § 3146.8(g)(4)(ii).

Additionally, the Election Code provides a voted absentee or mail-in ballot of a non-disabled voter must be delivered to the County Election Board in only one of two ways: "by mail, postage pre-paid, except where franked, or deliver it in person to said county board of election." *See* 25 P.S. § 3146.6(a) & 25 P.S. § 3150.16.  Further, the "said county board of election" refers to the "address of the elector's county board of election" which is printed on the outside envelope of the voted ballot.  *Id.*  Voted ballots that are delivered by third-parties for non-disabled voters and/or dropped off to a location other than the election board's address are cast in violation of the Election Code's mandatory provisions and thus void.  *In re Canvass of Absentee Ballots of Nov. 4, 2003 Gen. Election,* 843 A.2d at 1231-32 & 1234.

In 2003, the Pennsylvania Supreme Court explained, "so-called technicalities of the Election Code are necessary for the preservation of secrecy and the sanctity of the ballot and must therefore be observed … ." *In re Canvass of Absentee Ballots of Nov. 4, 2003 Gen. Election,* 843 A.2d at 1234. The same language that was interpreted in 2003 by the Pennsylvania Supreme Court was used and adopted by the General Assembly in Act 77.

Thus, it is Plaintiffs' contentions that the Election Code's mandatory provisions for receiving, casting, and counting an absentee or mail-in ballot represent the "adequate procedural safeguards to deter fraud" that are required under both the U.S. and Pennsylvania Constitution for mail-in voting to "be a legitimate feature of a state's election process,"

By way of further answer, Plaintiffs refer to and incorporate by reference Paragraphs 63 through

102, and 165 through 189 of their Verified Amended Complaint (ECF #234). Additionally, Plaintiffs refer to and incorporate the documents being produced by them and others. *See* FED.R.CIV.P. 33(d). Plaintiffs also refer to and incorporate by reference their answers and responses to other written discovery served upon them. Plaintiffs retain the ability to introduce evidence regarding election maladministration in the form of expert reports if necessary as this matter proceeds.

Furthermore, discovery is in its nascent stages. Accordingly, Plaintiffs reserve the right to amend and/or supplement this response if necessary and/or to the extent the information requested is relevant and authorized by the Court.

> 9.     Describe with particularity each and every effort you have made to identify and/or
>
> secure poll watchers for each of the 67 counties in Pennsylvania for the November 3, 2020 General
>
> Election and the basis for your assertion that you will be unable to secure adequate poll watchers
>
> for that election.

**ANSWER:** Plaintiffs object to this Interrogatory on the ground that it seeks information on topics outside the limited scope of the expedited discovery ordered by the Court. In response to objections by myriad defendants to the timing and scope of permissible discovery, the Court entered an Order on July 17, 2020, (ECF #124) that allowed discovery on an expedited basis but only on a limited scope. Any discovery beyond the scope of the reports to the Secretary of the Commonwealth by the County Boards of Election as contemplated by 71 P.S. § 279.6(c) "must (i) not be duplicative of materials received in connection with the report, and (ii) be narrowly tailored to the implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election." ECF #124, p.4, ¶II.B.10.

This Interrogatory goes beyond the scope of the approved discovery in that it seeks information not about the "implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election." ECF #124, p.4, ¶II.B.10. Plaintiffs read the scope of permissible discovery as relating to the official implementation of the two noted procedures by the Secretary and/or the Counties. It is only the Counties who implement the mail-in procedures for the elections. Thus, the use of the conjunctive "and" can only mean that the poll-watching procedures referenced also are the official procedures implemented by the County. Moreover, it is the Secretary and the Counties who will bear the burden of demonstrating the procedures they implement and enforce are constitutional.

Additionally, Plaintiff objects to this Interrogatory on the grounds of relevance. Plaintiffs' Amended Complaint is asking the Court to issue relief in the form of, among other things, a declaratory and injunctive judgment that the Election Code's county residency and polling place restrictions for poll watchers is unconstitutional. This issue is purely a legal question, the answer to which is not governed or controlled by the information sought by this Interrogatory. Therefore, this Interrogatory is beyond the scope of permissible discovery. *See* FED.R.CIV.P. 26(b)(1).

Further, Plaintiffs object to this Interrogatory on the ground that it is a contention interrogatory. Contention interrogatories this early in a litigation are disfavored, especially when the complaint is not facially infirm and the Defendants have control over much of the evidence of their

misconduct. *See United States v. Educ. Mgmt. LLC, 2013 U.S. Dist. LEXIS 104176, at \*66 & \*71-\*73 (W.D. Pa. May 14, 2013)*.

Finally, Plaintiffs object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the associational privilege, or by Federal Rule of Civil Procedure 26(b)(3) and (4).

In light of above objections, on which Plaintiffs stand, no substantive response will be provided.

10.     State each and every fact and identify each and every document that you contend

support the allegation in Paragraph 194 of the Complaint that "Defendants failed to comply with

either the Election Code's notice requirements or these site selection requirements when

establishing drop boxes and mobile drop boxes for absentee and mail-in ballots in connection with

the June 2, 2020 primary election."

**ANSWER:** Plaintiffs object to this Interrogatory on the ground that it seeks information on topics outside the limited scope of the expedited discovery ordered by the Court.  In response to objections by myriad defendants to the timing and scope of permissible discovery, the Court entered an Order on July 17, 2020, (ECF #124) that allowed discovery on an expedited basis but only on a limited scope. Any discovery beyond the scope of the reports to the Secretary of the Commonwealth by the County Boards of Election as contemplated by 71 P.S. § 279.6(c) "must (i) not be duplicative of materials received in connection with the report, and (ii) be narrowly tailored to the implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election." ECF #124, p.4, ¶II.B.10. Thus, the scope of permissible discovery under the Scheduling Order must relate to the official implementation of the two noted procedures by the Secretary and/or the Counties.

This Interrogatory goes beyond the scope of the approved discovery in that it seeks information not about the "implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election," ECF #124, p.4, ¶II.B.10, but about Plaintiffs' contentions concerning absentee and mail-in voting under the Election Code. Also, this Interrogatory appears to be duplicative of the reports that are to be provided by the County Boards of Election, in that those reports are to include reports of actual or suspected incidents of certain types of voter fraud. *See, e.g.,* 71 P.S. § 279.6(b)(9),(10),(19),(20),(23),(24). Moreover, it is the Secretary and the Counties who will bear the burden of demonstrating the procedures they implement and enforce are constitutional. Therefore, this Interrogatory is improper.

Further, Plaintiffs object to this Interrogatory on the ground that it is a contention interrogatory. Contention interrogatories this early in a litigation are disfavored, especially when the complaint is not facially infirm and the Defendants have control over much of the evidence of their misconduct. *See United States v. Educ. Mgmt. LLC, 2013 U.S. Dist. LEXIS 104176, at \*66 & \*71-\*73 (W.D. Pa. May 14, 2013)*.

Moreover, Plaintiffs object on the grounds that much of the information needed to respond to this Interrogatory is in the possession/custody/control of propounding defendant or others.

Finally, Plaintiffs object to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or Federal Rule of Civil Procedure 26(b)(3) and (4).

Subject to the foregoing objections and without waiving them, Plaintiffs state that candidates and political parties need time to plan how they will deploy their limited resources on election day. The Election Code requires that the actual polling locations be set at least twenty (20) days in advance of the election. 25 P.S. §2726(a). Not only does that allow voters to have time to identify where their polling location is, it also allows the candidates and political parties know how many places they will need to staff if they plan to employ their rights to have poll watchers at various polling locations. The illegal late notice of new polling places, beyond being a violation of the Election Code itself, then causes ripple effects among voters, candidates, and political parties. For the voter, the question can become whether the original polling location remains open in light of the new notice and/or how to find out about the availability of a new polling place. It is possible that some voters would not look for information about new polling locations after the 20 day cut-off period has run. As for candidates and political parties, the questions become whether they can staff the new polling locations, if not from where do they pull resources, do they challenge the late notice, do they challenge the location as being an illegal polling place, etc.

Plus, the use of unmonitored "drop-boxes"—secured or otherwise—is a situation rife with fraud, unreliability, and illegality. As noted above, "drop-boxes" are not authorized by the Election Code. *See* Answer to Interrogatory #8. Thus, any ballots collected from those "drop-boxes" are invalid ballots.

Moreover, the "security" at some of these drop-box or drop-off locations is lax to say the least. For example, a photo depicting a remote drop-off location in Philadelphia for the primary election shows that the ballots are being kept in an open top bin on a public sidewalk.



Compare that to the Election Code's requirement that ballots *inside a Board of Elections' office* must be kept "in sealed or locked containers until they are canvassed by the county board of elections." 25 P.S. § 3146.8(a); *see also* 25 P.S. § 3146.8(g)(5) ("Ballots received whose applications have been challenged and ballots which have been challenged shall be placed unopened in a secure, safe and sealed container in the custody of the county board until" the formal hearing occurs).

Further, the unmonitored drop-boxes and other similar collection locations that were used during the June 2, 2020 Primary Election utilize no means to prohibit third-parties from delivering the voted ballots of non-disabled voters. Also, many of the locations where these devices were placed were not the "address of the elector's county board of election" that was printed on the voted ballot's outside envelope, but instead were polling places and other locations such as shopping centers, parking lots, fairgrounds, parks, retirement homes, college campuses, fire halls, municipal government buildings, and elected officials' offices. These latter locations violate Election Code Section 529.1, 25 P.S. § 2729.1, in that they are prohibited from serving as a polling location.

By way of further answer, Plaintiffs refer to and incorporate by reference Paragraphs 122 through 134 of their Verified Amended Complaint (ECF #234). Additionally, Plaintiffs refer to and incorporate the documents being produced by them and others. *See* FED.R.CIV.P. 33(d). Plaintiffs also refer to and incorporate by reference their answers and responses to other written discovery

served upon them.   Plaintiffs retain the ability to introduce evidence regarding election maladministration in the form of expert reports if necessary as this matter proceeds.

Furthermore, discovery is in its nascent stages.   Accordingly, Plaintiffs reserve the right to amend and/or supplement this response if necessary and/or to the extent the information requested is relevant and authorized by the Court.

11.   Identify each and every location to which mail-in ballots and absentee ballots were returned for the June 2, 2020 Primary Election for which you contend that adequate notice was not provided and/or for which you contend adequate notice will not be provided for the November 3, 2020 General Election.

**ANSWER:**  Plaintiffs refer to and incorporate by reference their Answer to Interrogatory #10.

12.   With respect to the June 2, 2020 Pennsylvania Primary Election, identify each and every act by Secretary Boockvar that you contend violates a right secured by the United States and/or Pennsylvania Constitutions

**ANSWER:**    Plaintiffs object to this Interrogatory on the ground that it seeks information on topics outside the limited scope of the expedited discovery ordered by the Court.   In response to objections by myriad defendants to the timing and scope of permissible discovery, the Court entered an Order on July 17, 2020, (ECF #124) that allowed discovery on an expedited basis but only on a limited scope.   Any discovery beyond the scope of the reports to the Secretary of the Commonwealth by the County Boards of Election as contemplated by 71 P.S. § 279.6(c) "must (i) not be duplicative of materials received in connection with the report, and (ii) be narrowly tailored to the implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election."   ECF #124, p.4, ¶II.B.10.   Thus, the scope of permissible discovery under the Scheduling Order must relate to the official implementation of the two noted procedures by the Secretary and/or the Counties.

This Interrogatory goes beyond the scope of the approved discovery in that it seeks information not about the "implementation of the mail-in and poll-watching procedures in the 2020 primary election, and the procedures for the 2020 general election," ECF #124, p.4, ¶II.B.10, but about Plaintiffs' contentions concerning Secretary Boockvar's infringement of their federal and state constitutional rights.   Moreover, it is the Secretary and the Counties who will bear the burden of demonstrating the procedures they implement and enforce are constitutional.   Therefore, this Interrogatory is improper.

Further, Plaintiffs object to this Interrogatory on the ground that it is a contention interrogatory. Contention interrogatories this early in a litigation are disfavored, especially when the complaint is not facially infirm and the Defendants have control over much of the evidence of their misconduct.   *See United States v. Educ. Mgmt. LLC*, 2013 U.S. Dist. LEXIS 104176, at *66 &

*71-*73 (W.D. Pa. May 14, 2013).

Moreover, Plaintiffs object on the grounds that much of the information needed to respond to this Interrogatory is in the possession/custody/control of propounding defendant or others.

Finally, Plaintiffs object to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or Federal Rule of Civil Procedure 26(b)(3) and (4).

Subject to the above objections and without waiving them, Plaintiffs identify the following information about how the Defendants' inconsistent administration of the Election Code has violated Plaintiffs' rights and will violate their rights in the November 2020 General Election:

- Some, but not all, County Election Boards (with the Secretary's knowledge and consent) did not verify the identification and qualification of each absentee or mail-in ballot applicant as required by the Election Code.
- Some, but not all, County Election Boards (with the Secretary's knowledge and consent) utilized drop-boxes for the return of absentee or mail-in ballots or allowed the return of absentee or mail-in ballots to locations other than the Board of Elections office, despite the Election Code's requirement that absentee or mail-in ballots be returned to the Board of Elections' office only.
- Moreover, of those County Election Boards which utilized drop-boxes or other collection locations, several of the boxes were unmonitored and/or unsecured and failed to prevent the third-party delivery of non-disabled voters' absentee and mail-in ballots
- Some, but not all, County Election Boards (with the Secretary's knowledge and consent) allowed ballot harvesting of non-disabled voters' absentee and mail-in ballots to occur in their Counties, despite the Election Code's prohibition of such conduct.
- Some, but not all, County Election Boards (with the Secretary's knowledge and consent) treated as valid absentee or mail-in ballots that were returned either (i) without the Official Election Ballot secrecy envelope, (ii) with markings on the Official Election Ballot secrecy envelope that contained text, mark(s), or symbol(s) that revealed the elector's identity, political affiliation, or candidate preference, or (iii) without the outer envelope declaration being fully completed, dated, and signed, despite the Election Code's prohibition of such conduct.
- At least one County Election Board (with the Secretary's knowledge and consent) permitted absent and mail-ballots to delivered on Election Day to any polling place within its county and by third-persons even though the voters were not disabled, despite the Election's prohibition of such conduct.
- Some, but not all, County Election Boards (with the Secretary's knowledge and consent) refused to allow absentee or mail-in voters who appeared at their regular polling place with their absentee or mail-in ballot to spoil to vote a regular ballot and forced them to vote by way of provisional ballot, in direct violation of the Election Code.
- The Secretary issued numerous guidance documents to the County Boards of Education that directly contradict or are contradicted by the Election Code.
- Several County Election Boards waited until shortly before the primary election to advertise the location of a drop-box which, even if it were an acceptable way of receiving ballots, violated the Election Code's requirement of advance notice of all polling locations.

By way of further answer, Plaintiffs refer to and incorporate by reference Paragraphs 103 through 189 and 193 through 267 of their Verified Amended Complaint (ECF #234).   Additionally, Plaintiffs refer to and incorporate the documents being produced by them and others.   *See* FED.R.CIV.P. 33(d).   Plaintiffs also refer to and incorporate by reference their answers and responses to other written discovery served upon them.   Plaintiffs retain the ability to introduce evidence regarding election maladministration in the form of expert reports if necessary as this matter proceeds.

Furthermore, discovery is in its nascent stages.   Accordingly, Plaintiffs reserve the right to amend and/or supplement this response if necessary and/or to the extent the information requested is relevant and authorized by the Court.

13.     With respect to the November 3, 2020 Pennsylvania General Election, identify each and every act by Secretary Boockvar that you contend will violate a right secured by the United States and/or Pennsylvania Constitutions?

**ANSWER:**  Plaintiffs refer to and incorporate by reference their Answer to Interrogatory #12.

14.     Describe with particularity any and all relief sought from Secretary Boockvar in this action.

**ANSWER:**  Plaintiffs are seeking a Final Order/Judgment from the Court that requires Secretary Boockvar and all County Election Boards to protect the legality of each citizen's vote in the upcoming General Election and all future federal and statewide elections by complying with the First and Fourteenth Amendments of the United States Constitution, including without limitation the Equal Protection Clause, through (a) the imposition in each county of uniform statewide standards that comport in all respects with the Election Code's mandatory provisions for absentee and mail-in ballots, including without limitation ensuring that any guidances, rules, regulations, instructions, and/or practices that are issued, implemented, and/or followed by the Secretary and the County Election Boards are in conformity with, and not contrary to or inconsistent with, the Election Code and Act 77; and (b) the allowance of poll watchers to engage in their activities throughout the Commonwealth, regardless of the resident county, and/or where all voting (whether in-person, provisionally, and by mail) is occurring. Plaintiffs incorporate by reference pages 71-73 of their Verified Amended Complaint (ECF #234).

15.     Identify each and every person whom you plan to call as a witness at any hearing or at the trial of this matter and, for each person identified, describe the facts as to which each person is expected to testify.

**ANSWER:**  At this time, given that discovery is on-going, Plaintiffs have not determined what witnesses will testify at the hearing scheduled for September 22-23, 2020 in this case.   Plaintiffs

will provide that information as required by the Court. *See* ECF #124, ¶¶21-22. Given the requirement that the parties file witness declarations by September 15, 2020, that is the mechanism by which Plaintiffs will provide the "facts as to which each person is expected to testify." Plaintiffs have not identified the witnesses it will call at the trial in this matter, which trial is not scheduled yet. Plaintiffs will provide that information as required by the Court.

Respectfully submitted,

PORTER WRIGHT MORRIS & ARTHUR LLP

Date: August 10, 2020          By: */s/ Ronald L. Hicks, Jr.*
                               Ronald L. Hicks, Jr. (PA #49520)
                               Jeremy A. Mercer (PA #86480)
                               Russell D. Giancola (PA #200058)
                               Six PPG Place, Third Floor
                               Pittsburgh, PA 15222
                               (412) 235-4500 (Telephone)
                               (412) 235-4510 (Fax)
                               rhicks@porterwright.com
                               jmercer@porterwright.com
                               rgiancola@porterwright.com

                               and

                               Matthew E. Morgan (DC #989591)
                               Justin Clark (DC #499621)
                               (both admitted pro hac vice)
                               Elections, LLC
                               1000 Maine Ave., SW, 4th Floor
                               Washington, DC 20224
                               (202) 844-3812 (Telephone)
                               matthew.morgan@electionlawllc.com
                               justin.clark@electionlawllc.com

                               *Counsel for Plaintiffs*

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that I have reviewed the

foregoing written answers and that the factual allegations are true and correct.

Date: August 10, 2020                              */s/ James J. Fitzpatrick*
                                                   James J. Fitzpatrick, PA EDO Director
                                                   Donald J. Trump for President, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a true and correct copy of the foregoing Objections and Answers to Interrogatories to be served this 10th day of August, 2020, via email upon all counsel of all parties who have entered an appearance in this matter. For any party who has yet to enter an appearance, the undersigned certifies that a copy of the foregoing has been sent to the County Solicitor, if known, via email.

Respectfully submitted,

PORTER WRIGHT MORRIS & ARTHUR LLP

By:   */s/ Ronald L. Hicks, Jr.*
      Ronald L. Hicks, Jr. (PA #49520)
      Jeremy A. Mercer (PA #86480)
      Russell D. Giancola (PA #200058)
      Six PPG Place, Third Floor
      Pittsburgh, PA 15222
      (412) 235-4500 (Telephone)
      (412) 235-4510 (Fax)
      rhicks@porterwright.com
      jmercer@porterwright.com
      rgiancola@porterwright.com

      and

      Matthew E. Morgan (DC #989591)
      Justin Clark (DC #499621)
      (both admitted pro hac vice)
      Elections, LLC
      1000 Maine Ave., SW, 4th Floor
      Washington, DC 20224
      (202) 844-3812 (Telephone)
      matthew.morgan@electionlawllc.com
      justin.clark@electionlawllc.com

      *Counsel for Plaintiffs*