Matthew J. Carmody
Regina M. Blewitt
Lawrence J. Moran, Jr.
**JOYCE, CARMODY & MORAN, P.C.**
9 N. Main Street, Suite 4
Pittston, PA 18640
Ph: (570) 602-3560                                   Attorneys for Defendant
Fax: (570) 602-3561                                  Luzerne County Board of Elections

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONALD J. TRUMP FOR PRESIDENT, INC., et al.,** | |
| **Plaintiffs,** | **Civil Action No. 2:20-cv-966-NR** |
| **v.** | |
| **KATHY BOOCKVAR, et al.,** | **JUDGE J. NICHOLAS RANJAN** |
| **Defendants.** | |

## REPLY OF DEFENDANT LUZERNE COUNTY BOARD OF ELECTIONS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

NOW COMES, Defendant, the Luzerne County Board of Elections ("Luzerne County), by and through its undersigned counsel and hereby files the following Reply in Support of its Motion for Summary Judgment and Response to Plaintiffs' Motion for Summary Judgment.

### Plaintiffs Drop-Box Claims are Either Moot or Unripe.

Plaintiffs claim that the 'capable of repetition yet evading review' exception to the mootness doctrine applies to their claims challenging the constitutionality of the Secretary's guidance on drop-boxes. This is incorrect as the guidance documentation on drop-boxes that was in place during the June 2, 2020 Primary

Election is no longer active and a new, much more detailed and extensive set of guidelines has since been issued in advance of the November 3, 2020 General Election.

Plaintiffs have failed to demonstrate that Defendants' utilization of drop-boxes caused any specific proven harm or injury during the June 2, 2020 Primary Election. Notwithstanding, Plaintiffs certainly cannot demonstrate that they will suffer the same injury or be subject to the same state action in the November 3, 2020 General Election as they were in the June 2, 2020 Primary Election, when the guidance in place during the Primary Election is no longer active and the November General Election will be the first election since the Department of State has issued their extensive guidelines on drop-boxes.

The substantive issues of a claim are only justiciable to the extent that Plaintiffs demonstrate a likelihood that "the acts complained of will be repeated." See N.J. Tpk. Auth. v. Jersey Cent. Power & Light, 772 F.2d 25, 32 (3d Cir. 1985). ('Capable of repetition' is not a synonym for 'mere speculation.'). "Regarding repetition, the United States Supreme court has said that there must be a 'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the same complaining party." Little v. Tube City Renaissance, No. 2:19-CV-00172-MJH, 2020 WL 436616, at *1 (W.D. Pa. Jan. 28, 2020) (citing Murphy v. Hunt, 455 U.S. 478, 482, (1982)).

At the time of the June 2, 2020 Primary Election, the only Department of State guidance on drop-boxes took up approximately one half of a page in the January 10, 2020 Guidance as follows:

**Collection of Mail-in and Absentee Ballots**

- In addition to CEOs, counties may provide for other secure ballot collection locations that the county deems appropriate to accommodate in-person return of voted mail-in and absentee ballots.
- If a county decides to provide for other ballot collection locations, the county should consider the following best practices:
    - The county board of elections should pass a resolution to determine the number and locations of ballot collection locations within the county and provide public notification of the locations.
    - Ensure and document to the Department the security and chain of custody of mail-in and absentee ballots retrieved from ballot collection locations. NOTE: Please contact the Department for guidance on how to document security and chain of custody.
    - Utilize a secure ballot collection receptacle that is designed for this specific purpose. NOTE: Please contact the Department for guidance on factors, best practices, and examples for these receptacles.
    - Officially designate county election personnel who are sworn and authorized to remove mail-in and absentee ballots from ballot collection receptacles.
    - Process mail-in and absentee ballots collected from ballot collection locations in the same manner as ballots personally delivered or mailed to the county board of elections.
    - Hours of access to and collection from the ballot collection locations do not have to be limited to weekdays nor to typical business hours.
    - Public notification should be provided as to the location of collection locations, and clear signage should designate the locations and explain their proper use.

See ECF #504.21, pp. 5-6.

Since the June 2, 2020 Primary Election, the Department of State has issued an 8-page guidance document devoted entirely to ballot return receptacles commonly referred to as "drop-boxes" which include guidance on the following topics: Establishing a Ballot Return and Collection Plan (Ballot Return Sites, Location of Ballot Return Sites, Hours of Operation); Ballot Return Site Design and Requirements (Types of Ballot Return sites, Secure Receptacles ("Drop-Boxes"); Signage, Accessibility of Ballot Return Sites, Security); Ballot Collection and Chain of Custody Procedures (Ballot Collection at Ballot Return Sites, Transport and Receipt of retrieved Ballots to the Board of Elections, Election Day and Post-Election Procedures); and Processing of Collected Ballots.  <u>See</u> ECF #504.23.

The guidance contained in the August 19, 2020 document was not available to Defendants during the June 2, 2020 Primary Election.  The upcoming November 3, 2020 General Election will be the first election since the Department of State issued the August 19, 2020 'drop-box' guidance.

Plaintiffs have failed to demonstrate any specific or concrete harm resulting from the use of drop-boxes during the June 2020 Primary Election when the January 10, 2020 guidelines were in place.  Nonetheless, given the significant direction given to the County boards of Election in the 8-page August 19, 2020 guidance document, Plaintiffs have failed to demonstrate that the same plaintiffs will be subject to the any harm in the upcoming November, 3, 2020 General Election (let alone the same

injury as was suffered during the June 2, 2020 Primary election).  The 'capable of repetition yet evading review' exception to mootness simply does not apply here.

To the extent that Plaintiffs argue that their drop-box claims are justiciable because the January 10, 2020 guidelines in place during the June 2, 2020 Primary Election will remain in place for the November 3, 2020 General Election, such that Plaintiffs satisfy the 'capable of repetition yet evading review' exception to the mootness doctrine, Plaintiffs are wrong.  This argument fails for several reasons.  First, Plaintiffs have not demonstrated that the January 10, 2020 guidelines are still in place.  In fact, they are not.  Second, this argument fails to account for the newly issued and much more extensive Department of State guidelines dated August 19, 2020 containing 8 pages of guidance to the Counties on utilization of secure ballot return receptacles or drop-boxes.   Third, Plaintiffs have failed to demonstrate that they will be subjected to the same state action or suffer the same injury in the upcoming November 3, 2020 General Election as they are alleged to have in the June 2, 2020 Primary Election.

Alternatively, to the extent that Plaintiffs argue that their drop-box claims are justiciable based upon the extensive August 19, 2020 guidance which will be in place during the November 3, 2020 General Election, such claims are unripe because no election has taken place in which those guidelines were active and Plaintiffs' claims, as well as any perceived anticipated injuries, are baseless and speculative.

### **Plaintiffs' Signature Comparison Claims are Unripe.**

Plaintiffs admit that the guidance in place during the June 2, 2020 Primary Election made no mention of a signature comparison requirement.  See ECF #461 ⊮ 172. ("In the January 10, 2020 Guidelines, Secretary Boockvar makes no mention of the County Election Boards' duty to verify an in-person applicant's qualifications or identification by comparison to the applicant's permanent registration card. Nor in the January 10 and 30, 2020 Guidelines did Secretary Boockvar provide any guidance on what procedures the County Election Boards should follow concerning the examination of declaration envelopes at or before the time of any pre-canvass or canvass of absentee and mail-in ballots.")  It follows that Plaintiffs have not plead and have not demonstrated that any Department of State guidance documents resulted in a Plaintiff experiencing a constitutional violation arising from the June 2, 2020 Primary Election in this regard. Rather, Plaintiffs' claims related to signature comparison are based on the premise that the Secretary's September 11, 2020 guidance violates the constitution.  See ECF #461 ⊮ 173-4. Plaintiffs' claims are unripe because no election has taken place in which those guidelines were active and Plaintiffs' claims, as well as any perceived anticipated injuries, are baseless and speculative.

**<u>Plaintiffs' In-person Voting Claims are Moot.</u>**

Plaintiffs' claims related to in-person voting are based upon guidance documents from January 2010 which were in place during the June 2, 2020 Primary Election and provided that voters who had applied for, but not voted, an absentee or mail-in ballot, could only vote in-person on Election Day via provisional ballot.

To the extent that Plaintiffs argue that their in-person voting claims are justiciable because the January 2020 guidelines in place during the June 2, 2020 Primary Election will remain in place for the November 3, 2020 General Election, such that Plaintiffs satisfy the 'capable of repetition yet evading review' exception to the mootness doctrine, Plaintiffs are wrong.

This argument fails for several reasons. First, Plaintiffs have not demonstrated that the January 10, 2020 guidelines are still in place.  In fact, they are not.  Second, this argument fails to account for the newly issued Department of State guidelines dated September 28, 2020 which provides, in accordance with the Election Code, such voters the additional option of spoiling their absentee or mail-in ballot and voting a regular ballot. <u>See</u> ECF #504.25. Third, Plaintiffs do not allege that they suffered any injury in the June 2, 2020 Primary Election because the guidelines in place then were an accurate reflection of the Election Code at that time. Thus Plaintiffs cannot allege that the 'capable of repetition yet evading review' exception to the mootness doctrine applies to Plaintiffs' in-person voting claims.

Respectfully submitted:

*s/ Regina M. Blewitt*
Lawrence J. Moran, Jr. (PA ID No. 316253)
Regina M. Blewitt (PA ID No. 205644)
Matthew J. Carmody (PA ID No. 206781)
**JOYCE, CARMODY & MORAN, P.C.**
9 N. Main Street, Suite 4
Pittston, PA 18640
Phone:  570-602-3560
Fax:  570-602-3561
E-mail:  rmb@joycecarmody.com

Attorneys for Defendant
Luzerne County Board of Elections

DATED:   October 5, 2020

Matthew J. Carmody
Regina M. Blewitt
Lawrence J. Moran, Jr.
**JOYCE, CARMODY & MORAN, P.C.**
9 N. Main Street, Suite 4
Pittston, PA 18640
Ph: (570) 602-3560                              Attorneys for Defendant
Fax: (570) 602-3561                             Luzerne County Board of Elections

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONALD J. TRUMP FOR PRESIDENT, INC., et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**KATHY BOOCKVAR, et al.,**<br><br>**Defendants.** | **Civil Action No. 2:20-cv-966-NR**<br><br><br>**JUDGE J. NICHOLAS RANJAN** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a true and correct copy of the foregoing Reply of Defendant Luzerne County Board of Elections in support of its Motion for Summary Judgment and Response to Plaintiffs' Motion for Summary Judgment was filed electronically and served via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

*s/ Regina M. Blewitt*
Regina M. Blewitt

DATED:   October 5, 2020