IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC.; *et al.*, | Civil Action No.: 2-20-CV-966-NR |
| Plaintiffs, | |
| v. | Judge J. Nicholas Ranjan |
| KATHY BOOCKVAR; *et al.*, | |
| Defendants. | |

## PLAINTIFFS' NOTICE OF ADDITIONAL ACTIVITY

As the Court is aware, on October 4, 2020, Secretary Boockvar filed an "Application for Invocation of King's Bench Power To Declare Proper Construction of Election Code" with the Pennsylvania Supreme Court and the matter was assigned docket number 149 MM 2020. (*See also* Sec. Boockvar's Supp. App. Ex. 38, ECF # 557-1) (the "Secretary's Application"). The Secretary's Application seeks yet another judicial re-writing of the Election Code by eliminating the requirement that absentee and mail-in ballot applications and voted ballots be verified according to the voter's signature.

Today, proposed Intervenor-Respondents Elizabeth Radcliffe, Donald J. Trump for President, Inc., Republican Party of Pennsylvania, Republican National Committee, and the National Republican Congressional Committee (the "Republican Intervenors") filed an Application for Leave to Intervene and their proposed Answer to the Secretary's Application (attached as Exhibit 1 to the Republican Intervenors' Application), seeking to intervene and oppose the Secretary's Application on behalf of themselves, their candidates, and their member voters. A true and correct copy of the as-filed Application for Leave to Intervene and proposed Answer is

attached hereto as **Exhibit 1**. The Pennsylvania Supreme Court Prothonotary has directed that an Answer or No Answer Letter, if any, to the Republican Intervenors' Application for Leave to Intervene is due by Thursday, October 8, 2020 at noon. *See* **Exhibit 2**, a true and correct copy of the Prothonotary's 10/07/2020, 2:06 p.m. e-mail to counsel in *In Re: November 3, 2020 General Election*, Docket No. 149 MM 2020.

In their proposed Answer, the Republican Intervenors address the Secretary's September 11, 2020 and September 28, 2020 guidance memos regarding the illegal directive to all 67 Counties that they are not permitted to set aside any voted absentee or mail-in ballots solely based on an analysis of the voter's signature on the declaration envelope. (*See* the Republican Intervenors' proposed Answer attached in **Exhibit 1** at pp. 56-68.) Because the Secretary relies upon her October 4, 2020 Application to support her abstention argument (*see* Secretary's Reply in Support of Cross-Motion for Summary Judgment (ECF # 556), pp. 11-13), and that application was not filed until at or about the same time Plaintiffs filed their summary judgment Response/Reply with this Court and, thus, Plaintiffs had no opportunity to address the application in that filing, Plaintiffs provide this Court with a copy of the Republican Intervenors' state-court filing and ask this Court to consider those arguments as having been made by the Plaintiffs in response to the Secretary's abstention argument.

Additionally, the Republican Intervenors' proposed Answer addresses a **new guidance** issued by Secretary Boockvar ***just yesterday*** on October 6, 2020 which directly pertains to Plaintiffs' as-applied challenge concerning their watching rights. (*See* the Republican Intervenors' proposed Answer attached in **Exhibit 1** at pp. 67-68). The Secretary's latest guidance memo, titled "Guidance Concerning Poll Watchers and Authorized Representatives," suggests two things: (1) watchers and/or representatives of candidates and parties are not authorized to challenge absentee

and mail-in ballots during any pre-canvass and/or canvass of ballots; and (2) polling locations, at which watchers are not permitted to be present, may be created at county elections offices and satellite elections offices for early voting.  (*See* Exhibit E to Republican Intervenors' proposed Answer to the Secretary's Application attached in **Exhibit 1** at pp. 134-138, 10/06/2020 "Guidance Concerning Poll Watchers and Authorized Representatives", Sections 4 & 5, pp. 4-5).

*First*, as to the Secretary's directive that "[a]uthorized representatives (which includes poll watchers …) … may not challenge an absentee or mail-in ballot during the pre-canvass or canvass of the ballots", this directly contravenes the Election Code and the Pennsylvania Supreme Court's September 17, 2020 decisions in *Pennsylvania Democratic Party v. Boockvar*, No. 133 MM 2020, 2020 Pa. LEXIS 4872 (Pa., Sept. 17, 2020), and *Crossey v. Boockvar*, No. 108 MM 2020, 2020 Pa. LEXIS 4868 (Pa., Sept. 17, 2020). The Pennsylvania Supreme Court made clear that an "elector's failure to comply with such requisite [language] by enclosing the ballot in the secrecy envelope renders the ballot invalid." *Pennsylvania Democratic Party v. Boockvar,* 2020 Pa. LEXIS 4872, at *74.  Also, the court further ruled that a ballot should be invalidated if the secrecy envelope contains text, marks, or symbols which reveal the elector's identity, political affiliation, or candidate preference.  *Id.*, at *68 & *72.  In its September 23, 2020 Memorandum Order, this Court found that the Pennsylvania Supreme Court's September 17, 2020 decisions represent the law which the Secretary and all county boards of elections must follow.  (09/23/2020 Mem. Op. (ECF # 459), p. 6.)  Therefore, if a watcher or a representative witness during the pre-canvass or canvass a county board of elections which is counting absentee or mail-in ballots that lack inner secrecy envelopes, contain text, marks or other symbols on the inner secrecy envelope, or lack a complete declaration or non-genuine signature, then that watcher or representative can assert that type of challenge at the

pre-canvass or canvass, and there is no language in codified Election Code Section 3146.8(g) which provides otherwise.  *See* 25 P.S. § 3146.8(g)(1)-(7).

*Second*, the Secretary continues to encourage the expansion of where voting may occur without any consideration on the impact to the rights of Plaintiffs and other candidates and parties to have watchers observing such voting.  The October 6, 2020 guidance memo endorses the creation of additional polling sites by telling the county boards of elections they may convert their offices to permit not just the in-person delivery of absentee and mail-in ballots, but also the actual voting of those ballots.  Codified Election Code Section 3146.5(b)(2) commands only that the voter "receive the voter's absentee or mail-in ballot while the voter is at the office" and says nothing about providing the voter with a place within the county elections board's office to vote that ballot.  *See*  25 P.S. § 3146.5(b)(2).  Consequently, when a county board of elections decides to permit its office and/or satellite locations to be used for "voting," that office or location becomes a "polling place" at which watchers are permitted.  *See*  25 P.S. § 2502(q) (defining a "polling place" as "the room provided in each election district for voting at a primary or election.").  The Secretary's October 6, 2020 guidance suggesting otherwise further supports Plaintiffs' claims that their rights to be and/or appoint watchers are being unconstitutionally violated in this November 3, 2020 General Election.

Plaintiffs submit this Notice of Additional Activity to apprise the Court of the Secretary's October 6, 2020 guidance memo and Republican Intervenors' filings submitted with the Pennsylvania Supreme Court today, as they are not only relevant, but also critical to the Court's evaluation of the parties' cross-motions for summary judgment in this matter.  *See also Drake v. Schuylkill*, Civ. A. No. 15-cv-00866, 2016 U.S. Dist. LEXIS 53158, *5, 2016 WL 1595345 (M.D. Pa. Apr. 21, 2016) ("A district court may take judicial notice of proceedings in another court.")

(citing *United States v. Wilson,* 631 F.2d 118, 119 (9th Cir. 1980); *Hayes v. Woodford,* 444 F.Supp.2d 1127, 1132 (S.D. Cal. 2006) ("[F]ederal courts may take judicial notice of other courts' proceedings, within the federal judiciary and without, if the proceedings directly relate to the matter before the court").)

                                        Respectfully submitted,

                                        PORTER WRIGHT MORRIS & ARTHUR LLP

Date:  October 7, 2020        By:  */s/ Ronald L. Hicks, Jr.*
                                        Ronald L. Hicks, Jr. (PA #49520)
                                        Jeremy A. Mercer (PA #86480)
                                        Carolyn B. McGee (PA #208815)
                                        Six PPG Place, Third Floor
                                        Pittsburgh, PA 15222
                                        (412) 235-4500 (Telephone)
                                        (412) 235-4510 (Fax)
                                        rhicks@porterwright.com
                                        jmercer@porterwright.com
                                        cmcgee@porterwright.com

                                        and

                                        Matthew E. Morgan (DC #989591)
                                        (admitted pro hac vice – ECF #10)
                                        Justin Clark (DC #499621)
                                        (admitted pro hac vice – ECF #31)
                                        Elections, LLC
                                        1000 Maine Ave., SW, 4th Floor
                                        Washington, DC 20224
                                        (202) 844-3812 (Telephone)
                                        matthew.morgan@electionlawllc.com
                                        justin.clark@electionlawllc.com

                                        *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing *Plaintiffs' Notice of Additional Activity* to be filed on October 7, 2020, via ECF, which system will serve notice of same on all parties registered to receive same via the ECF system. For any party who has yet to enter an appearance, the undersigned certifies that a copy of the foregoing filing will be served on that party via First Class Mail and a copy sent to the County Solicitor, if known, via email or fax.

    Respectfully submitted,

    PORTER WRIGHT MORRIS & ARTHUR LLP

By: */s/ Ronald L. Hicks, Jr.*
    Ronald L. Hicks, Jr. (PA #49520)
    Jeremy A. Mercer (PA #86480)
    Carolyn B. McGee (PA #208815)
    Six PPG Place, Third Floor
    Pittsburgh, PA 15222
    (412) 235-4500 (Telephone)
    (412) 235-4510 (Fax)
    rhicks@porterwright.com
    jmercer@porterwright.com
    cmcgee@porterwright.com

    and

    Matthew E. Morgan (DC #989591)
    (admitted pro hac vice – ECF #10)
    Justin Clark (DC #499621)
    (admitted pro hac vice – ECF #31)
    Elections, LLC
    1000 Maine Ave., SW, 4th Floor
    Washington, DC 20224
    (202) 844-3812 (Telephone)
    matthew.morgan@electionlawllc.com
    justin.clark@electionlawllc.com

    *Counsel for Plaintiffs*